## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,                                     §
                                                §
Plaintiff,                                      §
                                                §
v.                                              §        Civ. No. 1:23-cv-00899-GBW-JMR
                                                §
ALBUQUERQUE PUBLIC SCHOOLS                       §
and NEW MEXICO DEPARTMENT                         §
OF PUBLIC EDUCATION,                             §
                                                §
Defendants.                                     §


**AMENDED COMPLAINT FOR DAMAGES**


Plaintiff Tatia Lipe, LCSW, by her attorney Boglarka Foghi, complains against the

Defendants, Albuquerque Public Schools, and the New Mexico Public Education Department,

and in support of her complaint, the Plaintiff states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. The Plaintiff is an individual, a licensed clinical social worker, who resides in

   Albuquerque, New Mexico. The Plaintiff was employed by the Defendant Albuquerque

   Public Schools for approximately eight years working with children with disabilities.

2. The Defendant New Mexico Department of Public Education is a governmental

   subdivision of the State of New Mexico. Through its Special Education Department, the

   Defendant administers educational programs for children with disabilities in New

   Mexico.

1

3. This Court has subject matter Jurisdiction over the Plaintiff's claims under the Americans with Disabilities Act 42 USC 12111 *et seq* ("the ADA") pursuant to 28 USC Section 1331 (federal question). This Court retains pendent jurisdiction over all remaining claims.

4. In late 2021, the Plaintiff became aware of a series of conditions and program failures that were placing special education students generally and her students specifically at risk. These conditions and failures include, without limitation of the foregoing:

   (a) The Defendant failed to follow proper protocols and suspended children from classes arbitrarily;
   (b) The Defendant failed to develop individualized education programs for students as required by federal law;
   (c) The Defendant failed to perform necessary behavioral assessments;
   (d) The Defendant allowed students to skip classes and yet still participate in extracurricular activities such as sports;
   (e) The Defendant failed to provide reasonable accommodations and modifications for students and;
   (f) The Defendant failed to assist students with their transition needs.

Sub-paragraphs (a)-(f) will hereafter be referred to "the Defendant's Harmful Policies."

5. The Plaintiff began painstakingly documenting the Defendant's Harmful Policies in September of 2021. The Plaintiff repeatedly brought the Defendant's Harmful Policies to the attention of her superiors and her colleagues and was rebuffed. One colleague colorfully advised the Plaintiff that she was "an ant going up against a lion."

6. In February of 2022, the Plaintiff elevated the matter with a formal complaint to Defendant Department of Public Education, case number 2122-14.

7. On April 14, 2022, the Defendant (Department) confirmed the accuracy of the Plaintiff's allegations about the Defendant's Harmful Practices. A true and correct copy of the Complaint Resolution Report ("the Report") filed on that date is attached hereto as Exhibit "A." The Report provides a wealth of detail about specific instances that support the Plaintiff's allegations against Defendant Albuquerque Public Schools.

8. The Plaintiff's superiors were embarrassed by the Report; felt inconvenienced by the required progress audits; and embarked on a campaign of retaliations and harassment against the Plaintiff. The acts of harassment and retaliation which occurred throughout the rest of 2022 through March of 2023 include, without limitation of the foregoing:

    (a) Isolating the Plaintiff from her colleagues and co-workers and preventing her from professionally collaborating with colleagues;

    (b) Opposing the Plaintiff's efforts to obtain medical leave to which she was entitled for military service-related disabilities including chronic hip back and neck pain, inflammation, and fibromyalgia. The Plaintiff was diagnosed as requiring surgery.

    (c) Forcing the Plaintiff to come into work while she was suffering from the condition;

    (d)  Being unfairly berated and castigated for not filling out notes; not seeing students; not making progress toward goals despite having been directed that she should not work because she was on leave;

    (e) Being professionally defamed as irresponsible and nonfeasant by Bernadette Lucero Turner, Director of Related Services, in recorded meetings taking place during March of 2023 in front of HR, senior union reps, and other senior staff, and in emails sent contemporaneously to all her professional colleagues;

    (f) Offering the Plaintiff no accommodation for her pain and discomfort while she was on the job. Specifically, this included not allowing the Plaintiff to adjust the temperature of her working environment which left her vulnerable to excruciating inflammation.

    (g) Discriminating against the Plaintiff by singling her out for increases in workload during periods in which she was suffering most acutely from her service-related disability.

Sub-paragraphs (a)-(f) will hereafter be referred to as "the Defendant's Acts of Harassment."

9. The Plaintiff, as the Defendant's (School's) agents were at all times aware, is a military veteran with service-related disabilities. Foreseeably, indeed, almost inevitably, the Defendant's Acts of Harassment aggravated the Plaintiff's preexisting condition causing her further severe pain and suffering.

10. As a direct and proximate result of the Defendant's Acts of Harassment, the Plaintiff has suffered pain (physical and mental), stress, and humiliation. Her career has been shattered, and she has been rewarded for eight years of faithful service to the Defendant

and to her students by being rendered a pariah and falsely branded a malingerer despite dispositive evidence of her disabling medical condition.

## COUNT I – AMERICANS WITH DISABILITIES ACT

11. The Plaintiff realleges paragraphs 1-10 as if fully set out herein.

12. The Defendant (School) has violated Title I of the ADA [42 USC 12112 (b) (5) (A) by failing to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual (e.g. the Plaintiff) with a disability who is an applicant or employee unless such covered entity demonstrates that the accommodation will impose an undue hardship on the employer's operations. No such demonstration can be made by the Defendant in this case.

13. The Defendant has discriminated unlawfully against the Plaintiff through the Defendants' Acts of Harassment; the failure and refusal to accommodate the Plaintiff's service-related disability and the discriminatory increase in the Plaintiff's professional workload, designed to exacerbate her service-related symptoms.

14. The Defendant's acts of discrimination have deprived the Plaintiff of career opportunities and have inflicted anguish, pain, and suffering on the Plaintiff.

15. The Defendants have acted with malice and/or reckless indifference toward the Plaintiff's rights and in wanton violation of the ADA. Under the ADA this justifies punitive damages against the Defendant as well as the reasonable fees and costs of the Plaintiff incurred herein.

16. The Defendant Department of Education, during the course of the investigation of Case No. 2122-14, became aware of the discrimination and harassment by Defendant School against Plaintiff.  The Department of Education was effectively a co-employer of the Plaintiff for at least the following reasons:

   (a) Successive certification by the Department of Education was necessary to hiring, retention, salary, and advancement;

   (b) Contractually, teachers and social workers were initially employed under contract for less than a full year when a vacancy arose: this provision could be waived only by the Department of Education, and it was done so on an individualized case by case basis;

   (c) The Department of Education closely consulted with Albuquerque Public schools concerning ongoing supervision, retention and advancement of teachers and social workers.

   (d) Thus, the Department of Education controlled and/or co-controlled the hiring; advancement; salary; retention; tenure; and closely consulted on the day to day evaluation of all educational professionals in the Albuquerque Public Schools including Plaintiff. The Plaintiff could not have been hired, retained, or given any raise or advancement without the express approval and/or vetting of the Department of Education.

17. Defendant Department actively participated in and orchestrated the acts of discrimination, retaliation and willful refusal to reasonably accommodate the Plaintiff's service related disability.

18. The Defendants had actual notice of this claim pursuant to NMSA 41-4-16 (B).

5

## COUNT II – NEW MEXICO WHISTLEBLOWER PROTECTION ACT

18. The Plaintiff realleges paragraphs 1-10 as if fully set out herein.

19. The Defendant (School) has violated NMSA 10-16C-3 (A) & (B) by engaging in the Defendant's Acts of Harassment in direct retaliation for the Plaintiff's report of the Defendant's Harmful Policies, both to the Defendant and to third parties.

20. The Plaintiff has been damaged by the Defendant's unlawful retaliatory acts by sustaining damage to her career, physical pain, mental anguish, aggravation of pre-existing military-related disabilities and the loss of income and opportunities.

21. The Plaintiff is entitled to her actual damages; special damages; double her lost pay and payment of all reasonable fees and costs incurred by the Plaintiff herein.

22. The Defendant Department of Education, during the course of the investigation of Case No. 2122-14, became aware of the discrimination and harassment by Defendant School against Plaintiff.  As overseer of the Defendant Albuquerque Public Schools, the Defendant Department knew or should have known of the violations of the New Mexico Whistleblower Act but took no action to protect and defend Plaintiff or to correct the violations.

23. The Defendants (School and Department) had actual notice of this occurrence pursuant to NMSA 41-4-16 (B).

6

**COUNT III – DEFAMATION**

24. The Plaintiff realleges paragraphs 1-10 as if fully set out herein.

25. In the March 2023 meeting and contemporaneous emails, the Defendant (School) published allegations to third parties including all of the Plaintiff's colleagues and senior staff falsely contending that the Plaintiff had neglected her duties and her students.

26. The verbal allegations were slanderous, and the emails were libelous as a matter of New Mexico law.

27. The allegations were of and concerning the Plaintiff; they were false; and they were injurious to the Plaintiff.

28. The allegations were libelous and slanderous per se in that they facially exposed the Plaintiff to ridicule and contempt for the neglect of her duties and her students.

29. The Plaintiff has sustained reputational injury, anguish, humiliation, and the loss of employment prospects as a direct result of the Defendant's defamatory communications.

**COUNT IV – BREACH OF CONTRACT**

30. The Plaintiff realleges paragraphs 1-10 as if fully set out herein.

31. Under the Plaintiff's contract of employment, she was unambiguously entitled to paid leave for her serious medical condition.

32. The Defendant breached the Plaintiff's contract by interfering with her leave and requiring her to come to work by attending on-line meetings and threatening disciplinary action if she failed to attend while she was suffering from her serious medical condition.

7

33. As a proximate result of the Defendant's breach of contract, the Plaintiff has incurred pain, suffering, stress, anguish, medical complications (including aggravation of preexisting military-related symptoms) and reduced income.

## COUNT V – INTERFERENCE WITH CONTRACT

34. The Plaintiff realleges paragraphs 1-10 as if fully set out herein.

35. The Defendant Department of Education was aware of the Plaintiff's contract with the Albuquerque School District.

36. The performance of the Plaintiff's contract was refused by the Albuquerque School District;

37. The Defendant Department of Education played an active and substantial part in urging and persuading the Albuquerque School District to breach the Plaintiff's contract and in causing the Plaintiff to lose her contractual benefits.

38.  As a proximate result of the Defendant Department of Education's acts of  interference with the Plaintiff's contract, the Plaintiff has incurred pain, suffering, stress, anguish, medical complications (including aggravation of preexisting military-related symptoms) and reduced income.

WHEREFORE the Plaintiff prays:

8

(a) As to Count I for all damages flowing from the Defendants' breach of the ADA as well as for exemplary damages and reasonable attorney's fees and costs recoverable therein;

(b) As to Count II for all damages flowing from the Defendant's breach of the Whistleblower's Protection Act, as well as for reasonable attorney's fees and costs recoverable therein;

(c) As to Count III for all actual and consequential damages flowing from the Defendant's libelous and slanderous communications;

(d) As to Count IV for all actual and consequential damages flowing proximately from the Defendant's breach of contract;

(e) As to Count V for all actual and consequential damages flowing proximately from the Defendant's acts of interference with contract as well as for an award of exemplary damages sufficient to punish and deter the Defendant from engaging in acts of interference with contract in the future;

(f) For any other or further relief that this Court may deem just and proper.

Respectfully submitted,

FOGHI LAW FIRM, LLC

*/s/ Boglarka Foghi___*
Boglarka Foghi, Esq.
4351 Jaeger Dr. NE, Ste K
Rio Rancho, New Mexico 87144
(505) 220-5691
Fax: (505) 213-0122