## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

     Plaintiff,

v.                                                               Civ. No. 23-899 GBW/JMR

ALBUQUERQUE PUBLIC SCHOOLS
and NEW MEXICO DEPARTMENT
OF PUBLIC EDUCATION,

     Defendants.

### ORDER DENYING MOTION TO VACATE DISMISSAL

THIS MATTER is before the Court on Plaintiff's Motion to Vacate Dismissal with

Prejudice. *Doc. 49*. Defendant New Mexico Public Education Department's

("NMPED") Response was filed on September 23, 2024 (*doc. 51*) and no reply was filed

by Plaintiff. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within

fourteen (14) calendar days after service of the response."). Consequently, the Motion is

fully briefed and the Court, having considered the briefing, has determined that no

hearing is necessary. As the Motion is not well-taken, it will be DENIED.

On August 27, 2024, the Court filed an Order Granting Defendant New Mexico

Public Education Department's Motion to Dismiss (*doc. 36*) dismissing without

prejudice Plaintiff's Americans with Disabilities Act ("ADA") claim against Defendant

NMPED.[1]  *See doc. 46* at 5-11.  The Order stated:

> Plaintiff is granted **seven (7) days from the entry of this Order** to file a <u>motion to amend</u> in accordance with the guidelines described above.  If Plaintiff chooses to file a motion to amend and the motion is opposed, the motion will be subject to futility analysis.  <u>If no motion to amend is timely filed</u>, the dismissal of the American with Disabilities Act claim (Count I) against Defendant [NM]PED will be converted to a dismissal WITH PREJUDICE.

*Id*. at 11 (underlined emphasis added).  On September 3, 2024, which was the seventh

day from the date of the Order, Plaintiff filed an Amended Complaint for Damages

("Amended Complaint").  *See doc. 47*.  The Amended Complaint was not accompanied

by a motion nor in any other way did Plaintiff seek the Court's leave to file it.  *See*

*generally id*.  Because the filing violated the federal rules and this Court's local rules, the

Court struck it.  *See doc. 48* at 2 (citing Fed. R. Civ. P. 15(a) and D.N.M.LR-Civ. 15.1).

Moreover, because Plaintiff had failed to file a motion to amend within the time

allotted, the Court converted the dismissal of the ADA claim against Defendant

NMPED to a dismissal with prejudice.  *Id*. at 2-3.  Plaintiff now seeks to undo that

conversion and requests additional time to submit a motion to amend.  *Doc. 49* at 3.

Plaintiff seeks such relief pursuant to Fed. R. Civ. P. 60(a) and (b).  *Id*. at 1.

However, Defendant NMPED is correct in its Response that the standards applicable to

Rule 60 do not justify the relief.

---

[1] The order also dismissed Plaintiff's New Mexico Whistleblower Protection Act claim against Defendant NMPED with prejudice.  *Doc. 46* at 11.

Rule 60(a) is entirely inapposite.  It allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Here, the document Plaintiff seeks to change is the Court's September 5, 2024, Order.  The touchstone of a correction under Rule 60(a) is the original intent of the Court.  *See Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992).  Because the Order reflects the original intent of the Court, no correction under Rule 60(a) is permitted.  *Id*.

Plaintiff does not identify any particular subsection of Rule 60(b) under which she seeks relief.  Reviewing its subsections, the Court concludes that Plaintiff must be seeking relief pursuant to Rule 60(b)(1) which allows, on "just terms," the Court to "relieve a party or its legal representative from a[n] order. . .for. . .mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1).[2]  A Rule 60(b)(1) movant has the burden to plead and prove entitlement to relief.  *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).  Generally speaking, "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."  *Id*.  Nonetheless, what constitutes a basis for relief under Rule 60(b)(1) is an "equitable [determination, which takes] into account the totality of the circumstances surrounding the party's omission."  *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007); *see*

---

[2] Subsections (2)-(5) are obviously inapplicable.  Subsection (6) is also inapplicable because, as a catch-all, it is mutually exclusive from circumstances specified in other subsections.  *See Lijeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988).

*also Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (when determining excusable neglect "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)"); *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1251 (10th Cir. 2005) (denying relief to attorney with pattern of late responses noting that "[h]ad counsel's error been isolated, our decision might have been different[.]").  Considering the totality of the circumstances, Plaintiff cannot establish that her counsel's mistake/neglect was excusable within the meaning of Rule 60(b)(1).

Plaintiff's counsel explains that the "Court's decision and the Minutes of the August 19 Hearing suggested to Plaintiff's Counsel that she was being given seven days in which to amend the Complaint. . ." *Doc. 49* at 2.  In other words, counsel argues that she believed that, without a motion, the Court had given its "leave" to amend her pleading as required under Fed. R. Civ. P. 15(a)(2).  Assuming this misunderstanding, it is not excusable.

First, such an understanding would be contrary to the default requirement under Rule 15(a)(2) that the "court's leave" should be sought by motion.  *See, e.g., Calderon v. Kansas Dep't of Social and Rehabilitation Servs.*, 181 F.3d 1180, 1185 ("After a responsive pleading, a party must seek leave of the court to amend by filing a motion.").  Second, such an understanding would be contrary to the local rules requiring a motion to amend.  Indeed, the Tenth Circuit has expressly noted that the District of "New

4

Mexico's Local Rules require parties seeking leave to amend to (1) file a motion stating with particularity the grounds for amendment (Rule 7.1); (2) file a separate brief in support of the motion to amend (Rule 7.5); and (3) attach a proposed amended complaint to the motion to amend (Rule 15.1)." *Mercer-Smith v. New Mexico Children, Youth and Families Dep't*, 416 F. App'x 704, 713 (10th Cir. 2011) (unpublished) (citing *DeHaan v. United States*, 3 F. App'x 729, 731 (10th Cir. 2001) (unpublished)).

Of course, the existence of these requirements does not mean that a court could not somehow grant leave to file an amended complaint without a motion. However, this Court was repeatedly and explicitly clear that it was requiring a motion. This requirement was stated orally at the hearing on NMPED's Motion to Dismiss and was accurately reflected in the minutes. *Doc. 45* at 2 (Court "will also give Plaintiff a time period in which to file a motion to amend."). Indeed, this requirement was not simply a technicality. As the Court explained at the hearing, it doubted Plaintiff's ability "to provide sufficient facts to plead that Defendant [NM]PED was her joint employer." *Id*. at 3. Consequently, the Court warned that if "Plaintiff is unable to provide sufficient facts, the Court will deny Plaintiff's motion to amend as futile." *Id*. Perhaps, most importantly, the Court's written August 27, 2024, Order granted Plaintiff "**seven (7) days from the entry of this Order** to file a motion to amend[.]" *Doc. 46* at 11 (Notably, the order, in its directive section, referred to a "motion" four separate times.). Simply

5

put, the Court could not have been clearer that a motion to amend was required. Given this clarity, Plaintiff's contrary interpretation was not excusable mistake and/or neglect.

Finally, with respect to the broader equitable considerations, it must be recognized that counsel's failure on this point is not a single incident. It is a continuation of repeated failures to comply with deadlines and court orders. Already in this case, Plaintiff failed to timely serve Defendant NMPED (*see doc. 6*), failed to file the Joint Status Report as ordered (*see doc. 20*), failed to timely respond to Defendant NMPED's Motion to Dismiss (*see doc. 37*), failed to appear at a trial scheduling conference (*see doc. 39*), and failed to comply with a discovery dispute order (*see docs. 40, 42*). In fact, at the hearing on NMPED's Motion to Dismiss and prior to the failure at issue in this Order, the Court warned counsel that "any additional failures to comply with a Court order will almost certainly lead to the dismissal of all of Plaintiff's claims against both Defendants." *Doc. 45* at 3.

In conclusion, Plaintiff has not established a ground for relief under Rule 60. Therefore, Plaintiff's Motion to Vacate Dismissal with Prejudice (*doc. 49*) is DENIED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**