IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

     Plaintiff,

v.                                                                                    1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

     Defendants.

## ORDER DENYING MOTION TO RAISE POTENTIAL CONFLICT OF INTEREST

THIS MATTER comes before the Court on plaintiff's Motion to Raise Potential Conflict of Interest. Doc. 77. Defendant Albuquerque Public Schools (APS) filed a response. Doc. 86. Plaintiff did not reply. Having reviewed the briefing and the relevant law, the Court hereby DENIES plaintiff's motion without prejudice.

In the motion, plaintiff states that she has "a significant concern regarding Defendant APS's legal representation by the firm Cuddy & McCarthy, which previously represented the New Mexico Department of Public Education (PED) in this same matter." Doc. 77 at 1. Plaintiff argues that the representation "raises a potential conflict of interest that warrants the Court's review and appropriate action." *Id.*

As background, APS first appeared in this action through then-counsel Renni Zifferblat of Robles, Rael and Anaya, P.C. on November 29, 2023. Doc. 4. On March 1, 2024, PED first appeared through Scott P. Hatcher and Emma D.B. Weber of Cuddy and McCarthy, LLP. Doc. 13. On September 5, 2024, the Court involuntarily dismissed PED from this action. Doc. 48. Then, on December 9, 2024, Ms. Zifferblat filed an Unopposed Motion for Withdrawal and Substitution of Counsel for Defendant Albuquerque Public Schools. Doc. 62. The Court granted

the motion allowing Karen Kilgore and Laura M. Castille of Cuddy and McCarthy, LLP to substitute in as counsel for APS. Doc. 63.

The United States District Court for the District of New Mexico has adopted the New Mexico Rules of Professional Conduct. D.N.M.LR-Civ. 83.9. There are two New Mexico Rules of Professional Conduct that are relevant here. First, Rule 16-110 instructs:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 16-107 or 16-109 NMRA of the Rules of Professional Conduct . . . .

N.M. R. Pro. Conduct 16-110. Second, Rule 16-109(A) requires:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

N.M. R. Pro. Conduct 16-109(A). Accordingly, a lawyer at a law firm may not represent a client if another lawyer in the same firm has represented a different client in the same case and the two clients' interests are "materially adverse," to one another—unless the former client consents in writing.

In this case, the briefing is insufficient for the Court to determine whether a conflict of interest exists.

As a threshold matter, it is unclear whether plaintiff has standing to assert a conflict of interest on PED's behalf. "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 89 (5th Cir. 1976) (string citation omitted). Neither party addresses whether plaintiff has standing to bring this motion.

Assuming that plaintiff does have standing, neither party briefed the dispositive issue. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court

cannot take on the responsibility of serving as the litigant's attorney in constructing arguments. . . .". Undeniably, Cuddy and McCarthy, LLP represented both APS and PED in this case. The dispositive question, then, is whether APS's and PED's interests are "materially adverse." *See* N.M. R. Pro. Conduct 16-109(A). Or, alternatively, whether PED provided written, "informed consent," for Cuddy and McCarthy, LLP to represent APS in this case. *Id.* Neither party makes any argument or presents any evidence as to these points.

Instead, plaintiff declares: "The interests of PED and APS are not entirely aligned." Doc. 77 at 2; *see also Tapia v. City of Albuquerque*, 10 F. Supp. 3d 1171, 1205 (D.N.M. Mar. 31, 2014) ("[T]he mere assertion that differing interests may arise is not sufficient to require disqualification of counsel.") (citation omitted). But she does not explain in what way. Plaintiff writes that PED, "remains implicated in the underlying factual matrix, which raises concerns that privileged information from PED's defense may be used to benefit APS." *Id.* However, PED's involvement in the "underlying factual matrix" of this case does not in and of itself mean that PED and APS's interest are materially adverse.

APS, in turn, does not argue the merits of the motion at all. It does not clarify whether a conflict of interest exists. Rather, APS argues—without supporting citation—that plaintiff waived the opportunity to object to Cuddy and McCarthy, LLP representation by not opposing the Motion for Withdrawal and Substitution of Counsel for Defendant Albuquerque Public Schools (Doc. 62). However, if a conflict of interest does exist, defense counsel is not absolved of their ethical duties because opposing counsel failed to oppose the motion for substitution of counsel. Next, APS argues that plaintiff has not shown that the "firm was privy to confidential and privileged information." But that argument is irrelevant because neither party disputes that an attorney-client relationship existed between PED and Cuddy and McCarthy, LLP. *See Cole v.*

*Ruidoso Mun. Schools*, 43 F.3d 1373, 1384 (10th Cir. 1994) (using whether a party "submitted confidential information to a lawyer" as a factor in determining whether an attorney-client relationship exists). APS's briefing fails to provide the Court with sufficient information to determine whether there actually is a conflict of interest.

Because neither party briefed the dispositive issues, the Court hereby DENIES plaintiff's motion (Doc. 77) without prejudice. *See* FED. R. CIV. P. 7(b)(1)(B) (A motion must "state with particularity the grounds for seeking the order."); *see also Garrett*, 425 F.3d at 840.

The Court cautions plaintiff against refiling without a sufficient legal and factual basis for alleging that a conflict exists. *Funplex Partnership v. F.D.I.C.*, 19 F. Supp. 2d 1201, 1206 (D. Colo. Aug. 20, 1998) ("The party seeking disqualification under Rule 1.9 must provide the court with specific facts to show that disqualification is necessary[,] and he cannot rely on speculation or conjecture.") (citation omitted).

JENNIFER M. ROZZONI
United States Magistrate Judge

4