IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

    Plaintiff,

v.                                                                        1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
AND SETTING DEADLINE FOR DEFENDANT APS TO FILE A RESPONSE**

THIS MATTER comes before the Court on plaintiff's Motion to Strike Defendant's Notice (Doc. 93) and accompanying briefing (Doc. 93-1). Having reviewed the motion, the docket, and the relevant law, the Court hereby DENIES the motion (Doc. 93). The Court also authorizes defendant Albuquerque Public Schools ("APS") to file its response to plaintiff's Motion to Compel Discovery Responses, Request for Sanctions, and Request for Expedited Ruling (Doc. 88) ("Motion to Compel") on or before March 28, 2025.[1]

**I.    Background**

Plaintiff filed her Motion to Compel on March 11, 2025. Doc. 88. Three days later, plaintiff filed an erratum (Doc. 90) correcting an inadvertent omission of an exhibit to the Motion to Compel. Then, on March 25, 2025, APS filed a notice explaining that "[i]n light of Plaintiff's supplemented filing, Defendant APS understands that . . . its Response to Plaintiff's

---

[1] The parties may agree to extend this deadline, as described in Local Rule 7.4(a). *See* D.N.M.LR-Civ. 7.4(a) ("These time periods . . . may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed.").

Motion to Compel along with the supplement is due on March 28, 2025." Doc. 91. In other words, APS calculated its response deadline from the date the plaintiff's erratum was filed, as opposed to the initial motion. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). Plaintiff disagrees with this calculation. Doc. 93.

On March 26, 2025, plaintiff filed a Notice of Completion of Briefing for her Motion to Compel, Doc. 92, and plaintiff filed the instant Motion to Strike Defendant's Notice, Doc. 93. Plaintiff's Notice of Completion of Briefing contains supplemental argument—contending that the Motion to Compel "should be deemed unopposed" because APS missed the response deadline. Doc. 92. Plaintiff's Motion to Strike Defendant's Notice, in turn, argues that APS's notice should be stricken as "procedurally improper" and lacking "legal effect." Doc. 93-1 at 4.

## II.    APS may file its response to Plaintiff's Motion to Compel regardless of whether it is timely.

Regardless of which party correctly calculated the response deadline, the Court will accept APS's response, which it anticipates to file on or before March 28, 2025. *See* Doc. 91.

"Our justice system has a strong preference for resolving cases on their merits whenever possible." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011). "In keeping with that Tenth Circuit tenet, the Court can waive a local rule 'to avoid injustice,' i.e., decide a motion on the merits." *CalMat Co. v. Oldcastle Precast, Inc.*, No. 16-26 KG/JHR, 2018 WL 3031907 (D.N.M. June 18, 2018) (citing D.N.M.LR-Civ. 1.7). Local Rule 1.7 provides that the local rules "may be waived by a Judge to avoid injustice." D.N.M.LR-Civ. 1.7.

It would be unjust to deem plaintiff's Motion to Compel "unopposed" over a mere three-day deadline dispute. The relief request in plaintiff's Motion to Compel is substantial. Plaintiff requests that this Court:

2

> 1. Compel APS to immediately provide full and complete responses to all outstanding discovery requests within seven (7) days of the Court's order.
> 2. Deem Plaintiff's Requests for Admission admitted due to APS's failure to respond properly.
> 3. Award Plaintiff reasonable attorneys' fees and costs incurred in bringing this motion, pursuant to FRCP 37(a)(5).
> 4. Impose sanctions, including but not limited to:
>    - Precluding APS from introducing any withheld evidence at trial.
>    - Striking APS's objections to Plaintiff's discovery requests.
>    - Issuing an adverse inference sanction that withheld evidence is unfavorable to APS.
>    - Any further relief necessary to remedy APS's obstructive conduct.

Doc. 88 at 25–26. Extensions of time to file a response to a motion—even substantial extensions—are commonplace in federal court. Even if APS miscalculated the deadline to file a response, it would be a drastic penalty to deem plaintiff's Motion to Compel unopposed over a dispute of just three days. While plaintiff requests "an expedited ruling" on her Motion to Compel, the Court sees no reason why particular expedience is necessary. Doc. 88 at 1. To the extent the Local Rules required APS to respond to plaintiff's Motion to Compel by March 25, 2025, the Court hereby waives the rule. *See* D.N.M.LR-Civ. 1.7. APS may file its response on or before March 28, 2025.

### III.   Plaintiff's Motion to Strike Defendant's Notice is denied.

Plaintiff's Motion to Strike Defendant's Notice is denied both for failure to comply with procedural requirements and on the merits.

First, plaintiff's Motion to Strike Defendant's Notice fails to comply with Local Rule 7.1(a). Local Rule 7.1(a) requires a party to determine "whether a motion is opposed" before filing the motion. D.N.M.LR-Civ. 7.1(a). The same rule warns that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." *Id.* During a hearing just last month, the Court reminded plaintiff's counsel of this rule. Doc. 82 (Clerk's

3

Minutes) ("The Court reminded plaintiff's counsel to include a position statement in future motions, as required by Local Rule 7.1(a)."). The Court also denied plaintiff's previous motion to compel, in part, because plaintiff "fail[ed] to adequately explain her efforts to resolve the discovery disputes with APS." Doc. 78 at 2. As noted in the previous section, this Court is reticent to decide an issue based on procedural formalities. *See Lee*, 638 F.3d at 1319. However, the Court has warned plaintiff's counsel repeatedly that she must meaningfully confer with opposing counsel, and she has failed to do so yet again. As such, the Court will deny plaintiff's Motion to Strike Defendant's Notice (Doc. 93) for failure to comply with Local Rule 7.1(a).

Second, the Court disagrees that there is a legal basis for striking defendant's notice. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Here, APS's notice does not plead "an insufficient defense," nor does it contain "redundant, immaterial, impertinent, or scandalous matter." *Id.* To the contrary, APS's notice is quite material, as plaintiff seeks to foreclose APS from responding to plaintiff's Motion to Compel. APS's prescient notice provided the Court context for plaintiff's Notice of Completion of Briefing (Doc. 92). As such, the Court declines to strike APS's Notice of Filing Timely Response (Doc. 91).

In summary, the Court will accept APS's forthcoming response to plaintiff's Motion to Compel irrespective of whether it is timely. The Court expects the parties to meaningfully confer over all future motions, including granting one another reasonable extensions of time. The Court denies plaintiff's Motion to Strike Defendant's Notice (Doc. 93).

JENNIFER M. ROZZONI
United States Magistrate Judge