**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**TATIA LIPE,**

Plaintiff,

v.                                                                 1:23-cv-00899-GBW-JMR

**ALBUQUERQUE PUBLIC SCHOOLS**
**and NEW MEXICO DEPARTMENT**
**OF PUBLIC EDUCATION,**

Defendants.

**PLAINTIFF'S OBJECTION TO ORDER DENYING MOTION TO STRIKE [DOC. 94]**
**AND REQUEST FOR PROMPT RULING ON FULLY BRIEFED MOTION TO**
**COMPEL [DOC. 88]**

COMES NOW Plaintiff, Tatia Lipe ("Plaintiff"), by and through undersigned counsel,

Boglarka Foghi, Esq. (Foghi Law Firm, LLC), and respectfully submits this objection to

Magistrate Judge Rozzoni's Order Denying Plaintiff's Motion to Strike [Doc. 94] and

requests an immediate ruling on Plaintiff's unopposed Motion to Compel [Doc. 88],

pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

Judge Rozzoni's Order [Doc. 94] denying Plaintiff's Motion to Strike Defendant

Albuquerque Public Schools ("APS") Notice of Filing of Timely Response [Doc. 91] and

allowing APS to file an untimely response [Doc. 95] constitutes clear error and has

resulted in manifest injustice by prejudicing Plaintiff's ability to secure complete and timely discovery.

APS's failure to respond by the March 25, 2025, deadline under D.N.M.LR-Civ. 7.1(b) should have resulted in the Motion to Compel being deemed unopposed and granted. Magistrate Judge Rozzoni's decision to waive APS's failure under D.N.M.LR-Civ. 1.7 disregards clear procedural mandates and emboldens APS to continue obstructing discovery.

**COMPLIANCE WITH D.N.M.LR-CIV. 7.1(a)**

Plaintiff's counsel conferred in good faith with APS counsel via email on March 31, 2025, regarding the filing of this objection. On April 3, 2025, APS counsel responded and confirmed that APS opposes Plaintiff's objection and the relief requested.

## I.    PROCEDURAL BACKGROUND

1)  October 24, 2024: APS filed an Unopposed Motion to Vacate and Continue the Settlement Conference [Doc. 53], citing a need for additional time to complete discovery.

2)  November 20, 2024: Plaintiff served full and complete answers to "Defendant APS's First Set of Discovery Requests, Interrogatories, Requests for Production & Admissions". (**See Exhibit A, Plaintiffs Answers to Defendant Discovery Requests**); and concurrently served her own discovery requests "Plaintiff's First Set of Interrogatories, Request for Production & Admissions" upon APS.

3) December 9, 2024: former counsel for Defendant APS, Renni Zifferblatt, withdrew from the case [Doc. 62] after 19 days had already elapsed from Defendants 30-day deadline to respond. No responses had been provided.

4) January 14, 2025, Defendant requested and was granted its second extension to respond to discovery, with the Court setting a hard deadline of January 27, 2025 at 5:00 p.m.  Plaintiff withdrew her opposition on the condition that no further extensions would be allowed. This understanding was expressly acknowledged on the record, and the Clerk's Minutes confirm that Plaintiff emphasized she would not accept any more extensions for this discovery. The Court granted this extension (**See [Doc. 69] at 2.**).

5) On January 27, 2025: Defendant requested, and was granted, its third extension on January 29th by Judge Rozzoni, denying Plaintiff's Motion to Compel [Doc. 78].

6) February 3, 2025: Defendant served discovery responses that were incomplete, evasive, and materially deficient.  (**See Exhibit B, Defendant's Answers to Plaintiff's Discovery Requests**). APS failed to comply with the requirements of Fed. R. Civ. P. 26(e) by omitting critical information and failing to supplement where necessary. APS's discovery responses were evasive and non-responsive, particularly concerning Plaintiff's whistleblower complaint to the New Mexico Public Education Department (PED). Despite multiple references to the PED complaint in Plaintiff's filings—including the Joint Status Report and prior discovery communications—

APS objected: *"Defendant objects on the basis that it is vague and ambiguous as to what whistleblower complaint Plaintiff is referring to."* This objection is baseless. The PED complaint is the only whistleblower complaint identified in this case and has been consistently referenced throughout the record. By asserting confusion where none reasonably exists, APS avoided answering *the* question posed, instead offering a response to a reframed version of their own making. This tactic obstructs discovery and undermines the purpose of the Federal Rules. Defendant also unilaterally renumbered Plaintiff's Requests for Admission, leaving RFAs 25 through 31 entirely unanswered. Additionally, APS did not verify its interrogatory responses as required under Rule 33(b)(5). (**See Exhibit C, Defendant's Answers to Plaintiff's RFA's**).

7) February 5, 2025, telephonic status conference before Magistrate Judge Rozzoni the parties discussed Plaintiff's Motion for Extension of Time to Complete Discovery and other outstanding matters [Doc. 82]. The Court granted the extension and set tentative dates for a settlement conference. Plaintiff also raised the pending Motion to Clarify Potential Conflict of Interest [Doc. 77]. Defendant's counsel requested additional time to respond, which Plaintiff did not oppose. The Court extended the response deadline to February 18, 2025.

8) February 9, 2025, Plaintiff's counsel sent a formal conferral email to APS outlining extensive deficiencies in Defendant's discovery responses and demanding

supplementation, pursuant to Fed. R. Civ. P. 26(e) and 37. The correspondence detailed APS's failure to verify interrogatory answers properly, omissions of critical ADA and FMLA documentation, incomplete disclosure of investigation materials, and improper denials of Requests for Admission. Counsel further warned that failure to cure the deficiencies would result in a motion to compel and for sanctions. (**See Exhibit D, Plaintiff's February 9, 2025, Conferral Email**).

9) February 20, 2025, counsel for both parties held a telephonic conference during which APS's counsel acknowledged the outstanding discovery issues and agreed to begin supplementing responses by the end of that week. Plaintiff's counsel confirmed APS's commitment and expected supplementation within 7 days. Plaintiff's counsel sent a follow-up email on February 25, 2025, confirming the February 20th discussion. APS's counsel acknowledged the agreement and assured that supplementation would be provided by Friday, February 28, 2025, with additional supplementation to follow. (**See Exhibit E, February 25, 2025, Email from APS Counsel Confirming February 20 Agreement**).

10) February 28, 2025, Plaintiff's counsel followed up via email regarding the discovery supplementation APS had agreed to provide. Rather than producing the promised responses, APS's counsel replied solely with a proposed draft Confidentiality Order, failing to address the outstanding discovery obligations. (**See Exhibit F: APS's Draft Proposal**). Plaintiff's counsel did not agree to the proposed terms but responded

with reasonable revisions.  (**See Exhibit G: Draft Confidentiality Plaintiff's Revisions**).  APS failed to respond further, and no agreement was ever finalized. Despite APS's commitment, no documents were ever produced.

11) After waiting several additional days without any further response, Plaintiff filed a Motion to Compel on March 11, 2025 [Doc. 88], detailing APS's ongoing non-compliance and requesting sanctions. On March 14, 2025, Plaintiff filed a Notice of Filing Supplemental Exhibit D to correct a clerical omission—one page of supporting case law had been inadvertently excluded from the original three-page exhibit. The correction did not alter the motion or introduce new arguments and was properly filed in accordance with FRCP 5(d)(1) and D.N.M.LR-Civ. 5.1 to ensure completeness of the record (**See Exhibit D [Doc. 90]**).

12) March 25, 2025: APS missed its response deadline,  improperly filed a Notice of Filing of Timely Response [Doc. 91] claiming that Plaintiff's Supplemental Exhibit -D reset the response deadline.

13) March 26, 2025, Plaintiff filed a Notice of Completion of Briefing on her Motion to Compel [Doc. 92]. That same day, Plaintiff also filed a Motion to Strike APS's Notice [Doc. 93], as procedurally improper and without legal effect.

14) March 28, 2025, Judge Rozzoni denied Plaintiff's Motion to Strike [Doc. 93], notwithstanding APS's procedural failures, and permitted APS's untimely response. [Doc. 94].  APS then filed its untimely Response to Plaintiff's Motion to Compel

[Doc. 95], while simultaneously seeking an additional 14-day extension to supplement its long-overdue discovery responses.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), a magistrate judge's order may be modified or set aside if it is "clearly erroneous or contrary to law."

o   A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

— Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)

o   Judicial discretion is abused where the decision is arbitrary or results in a manifestly unreasonable judgment.

— Smith v. Ford Motor Co., 626 F.2d 784, 793 (10th Cir. 1980)

o   An order is "contrary to law" when it fails to apply or misapplies relevant statutes, case law, or procedural rules.

Although brought under Rule 72(a), Plaintiff respectfully requests the District Judge consider de novo review, as the ruling directly impacts Plaintiff's ability to prosecute her claims through discovery.

7

### III.  ARGUMENT

**A. APS's Response Was Untimely and Violated Local Rule 7.4(a)**

Doc. 91, styled as a 'Notice of Filing of Timely Response,' is not itself a response to Plaintiff's Motion to Compel, nor does it constitute a proper motion or filing that triggers or alters any deadlines. APS filed this 'notice' on March 25, 2025—the very day its response was due under D.N.M.LR-Civ. 7.4(a)—but falsely claimed the deadline extended to March 28, 2025, due to Plaintiff's filing of a purely clerical supplement (Doc. 90). This interpretation is unsupported by law, as Doc. 90 did not alter, amend, or expand any argument in the original motion.

**B. Waiver of Local Rules Was Improper**

Under D.N.M.LR-Civ. 7.4(a), APS's response to Plaintiff's Motion to Compel was due March 25, 2025. APS did not seek an extension under Fed. R. Civ. P. 6(b) or move for leave of Court. Instead, APS unilaterally filed a Notice of Filing of Timely Response [Doc. 91] claiming that Plaintiff's Supplemental Exhibit D [Doc. 90] reset the response deadline, which is procedurally incorrect.

**C. Judicial Discretion in Deadline Enforcement Prejudiced Plaintiff**

In rejecting Plaintiff's Motion to Strike, Judge Rozzoni referred to APS's delay as "a mere three-day dispute," implying that such minimal delay did not warrant strict enforcement of D.N.M.LR-Civ. 7.4(a). This characterization improperly minimizes a clear procedural violation. The rule sets a firm 14-day deadline for responses and

8

contains no exception for short or "inconsequential" delays. Courts in this District routinely deem motions unopposed when no timely response is filed, regardless of whether the delay is one day or ten.

1) As the Tenth Circuit has made clear, "[l]itigants must follow rules. ... When they flout them, they—like anyone else—must suffer the consequences." *United States v. Jones*, 260 F. App'x 13, 17 (10th Cir. 2007). A subjective assessment of the harm caused by a short delay does not override the mandatory language of the rule. Accepting such minimizations would render procedural deadlines meaningless.

2) U.S. v. Williams, 469 F.3d 963, 967 (10th Cir. 2006) holds that failure to comply with filing deadlines results in waiver, regardless of the length of the delay. Similarly, Schultz v. Safeway, Inc., No. 13-cv-906 JAP/KBM, 2015 WL 13567117 (D.N.M. Mar. 10, 2015), reinforces that failure to timely respond results in the motion being deemed unopposed.

3) Moreover, in Howard v. Segway, Inc., No. 11-cv-688 JAP/KBM, 2013 WL 869955 (D.N.M. Mar. 6, 2013), the court held that failure to timely respond to discovery requests results in waiver of objections and subjects the responding party to sanctions. Guidry v. Am. Pub. Life Ins. Co., 512 F.3d 177 (5th Cir. 2007) further supports that untimely responses should be disregarded unless a showing of excusable neglect is made.

**D.N.M.LR-Civ. 1.7 permits waiving local rules "to avoid injustice," but it does not permit waiving deadlines without just cause.**

1) In M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987), the 10th Circuit held that post-deadline extensions require a showing of excusable neglect under FRCP 6(b).

2) Martinez v. Salazar, No. 16-cv-0217 MCA/KK, 2017 WL 4274799 (D.N.M. Mar. 20, 2017), a decision by the District of New Mexico, reinforces that D.N.M.LR-Civ. 1.7 should not be waived to excuse untimely filings absent a showing of extraordinary circumstances, underscoring that deadlines must be treated with procedural integrity.

In Duran v. Bravo, No. 10-cv-1265 JB/CG, 2012 WL 13081278 (D.N.M. Apr. 18, 2012), the District of New Mexico held that a party cannot evade its discovery obligations merely due to changes in counsel or logistical difficulties. The court emphasized that discovery compliance is mandatory and excuses based on vague or informal internal issues are insufficient to justify noncompliance.

Allowing APS to file an untimely response without justification undermines the integrity of the judicial process and emboldens APS to continue engaging in obstructive tactics.

**D. APS's Discovery Violations Warrant Sanctions**

APS has engaged in a pattern of delay, false assurances, and non-compliance with its discovery obligations, resulting in substantial prejudice to Plaintiff.

- o Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) authorizes sanctions where a party's misconduct and delay impair the resolution of the case on its merits.

- o Similarly, in Procter & Gamble Co. v. Haugen, 427 F.3d 727, 738 (10th Cir. 2005), the 10th Circuit affirmed sanctions where a party's conduct resulted in evasive and incomplete discovery.

Permitting APS to manipulate procedural timelines through mischaracterization of non-substantive filings would incentivize similar conduct from other litigants, eroding judicial economy and undermining the uniform application of this District's Local Rules. Such leniency burdens the Court and contravenes Fed. R. Civ. P. 1's mandate to secure the just, speedy, and inexpensive determination of every action.

## IV:  REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Modify or set aside Judge Rozzoni's Order [Doc. 94] pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) as clearly erroneous and contrary to law.

2. Deem APS's failure to respond by March 25, 2025, as consent to grant Plaintiff's Motion to Compel [Doc. 88] under D.N.M.LR-Civ. 7.1(b).

11

3. Impose corrective and cost-shifting sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) and (C), including:

   o Deeming Plaintiff's RFAs admitted under Fed. R. Civ. P. 36(a)(3).

   o Striking APS's objections and ordering immediate compliance with discovery obligations.

   o Precluding APS from using undisclosed documents or evidence;

   o Awarding Plaintiff her reasonable expenses, including attorney's fees and costs, caused by APS's obstruction and the resulting delays in scheduling depositions and preparing for trial.

4. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

**/s/ Boglarka Foghi, Esq.**_____
Boglarka Foghi, Esq.
FOGHI LAW FIRM, LLC
5065 Corrales Rd., P.O. Box 944
Corrales, NM 87048
(505) 220-5691
foghilaw@yahoo.com

*Attorney for Plaintiff*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2025, I filed the foregoing with the Clerk of the Court

using the CM/ECF system, which caused all counsel of record to be served

electronically.

**/s/ Boglarka Foghi**
Boglarka Foghi, Esq.

13