Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-001 (Page 1 of 75)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**TATIA LIPE,**

      Plaintiff,

v.                                        1:23-cv-00899-GBW-JMR

**ALBUQUERQUE PUBLIC SCHOOLS
and NEW MEXICO DEPARTMENT
OF PUBLIC EDUCATION,**

      Defendants.

### DEFENDANT ALBUQUERQUE PUBLIC SCHOOLS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO PLAINTIFF TATIA LIPE

**TO:**    Tatia Lipe
        c/o Boglarka Foghi
        Foghi Law Firm, LLC
        4352 Jaeger Dr. NE, Suite K
        Rio Rancho, NM 87144
        foghilaw@yahoo.com

*Attorney for Plaintiff*

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Albuquerque Public Schools ("APS Defendant"), through its attorneys Robles, Rael & Anaya, P.C. (Renni Zifferblatt), request your responses to the following interrogatories and requests for production. You must submit full and complete responses, verified under oath, and in writing, withing thirty (30) days of the date of service on your attorney. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, you have a duty to supplement or correct or both your answers and responses to APS Defendant's First Set of Discovery Responses to Plaintiff Tatia Lipe. You are

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-002 (Page 2 of 75)

hereby instructed to serve your answers and responses and any written objections to Renni Zifferblatt, Robles, Rael & Anaya, P.C., 500 Marquette Ave., NW, Suite 700, Albuquerque, NM 87102, telephone no. (505) 242-2228.

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-003 (Page 3 of 75)

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Please state:

a)      Your full, legal name;

b)      Other name(s) used during your lifetime;

c)      Your current address;

d)      Social security number;

e)      Driver's license number;

f)      Date and place of birth;

g)      Number of marriages and date of each marriage and/or divorce, if any;

h)      Name(s) and date(s) of birth of each spouse, if any; and

i)      Names and dates of birth for each child, if any.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, irrelevant, invasive of Plaintiff's privacy, and not proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1). Information regarding Plaintiff's social security number, driver's license number, date and place of birth, marital history, spousal and children's information is unrelated to any claim or defense in this case and exceeds the permissible scope of discovery. Such information is not material to the issues at stake in this litigation, and requiring its disclosure constitutes an unwarranted invasion of privacy.

In accordance with FRCP 26(b), which limits discovery to information that is relevant and proportional, Plaintiff declines to provide personal details unrelated to this matter.

Without waiving this objection, Plaintiff provides the following limited information that is responsive to parts (a) through (c) of this request:

Exhibit A / Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-004 (Page 4 of 75)

- Full Legal Name: Tatia O. Harris-Lipe

- Other Names Used: Tatia Harris, Tatia Lipe

- Current Address: 6424 Avenida Seville NW, Albuquerque, NM 87114

- Current Residence Since: 2011

Plaintiff declines to provide additional information that is private, irrelevant to the claims in this matter, and not subject to discovery under FRCP 26(b).

**INTERROGATORY NO. 2:**    Please identify your residential address for the past five years, including number and street, city, state, and zip code, and the dates you resided at each, and identify by first and last name and relationship to you each person who has lived with you at each.

**ANSWER:**  Plaintiff objects to this interrogatory on the grounds that it is overly broad, irrelevant, invasive of Plaintiff's privacy, and not proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1). Information regarding the identity and relationship of individuals residing with Plaintiff is unrelated to any claim or defense in this case and is not material to the issues at stake in this litigation. Disclosure of this information constitutes an unwarranted invasion of privacy for both Plaintiff and any individuals residing with Plaintiff. Plaintiff further objects to providing any residential address history beyond the current address, as Plaintiff has resided at the same address for the entirety of the past five years.

Without waiving this objection, Plaintiff provides the following limited information responsive to this request:

- Residential Address for the Past Five Years: 6424 Avenida Seville NW, Albuquerque, NM 87114

4

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-005 (Page 5 of 75)

- Dates Resided: 2011 to present

No additional information regarding individuals residing with Plaintiff will be provided, as it is irrelevant, immaterial, and not subject to discovery under FRCP 26(b).

**INTERROGATORY NO. 3:** Please describe your educational background (whether vocational or otherwise), including the name and address of each and every school you have attended, the dates of attendance, the last grade completed, and the degree(s) received, if any.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, irrelevant, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Information regarding every school Plaintiff has attended, including non-degree institutions or primary and secondary education, is not relevant to Plaintiff's claims or qualifications and does not bear on any issue in dispute. Accordingly, Plaintiff limits the response to relevant post-secondary educational institutions that pertain to Plaintiff's professional qualifications.

Without waiving this objection, Plaintiff provides the following information regarding relevant educational background:

- Master of Social Work (MSW)

    o School: New Mexico Highlands University, Las Vegas, NM

    o Date of Completion: May 2008

    o Degree Received: Master of Social Work (MSW)

- Bachelor of Science in Psychology

    o School: Eastern New Mexico University, Portales, NM

    o Date of Completion: May 2006

Exhibit A — Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-006 (Page 6 of 75)

- o   Degree Received: Bachelor of Science in Psychology

- Associate of Arts in Psychology

    - o   School: Eastern New Mexico University, Portales, NM

    - o   Date of Completion: May 2005

    - o   Degree Received: Associate of Arts in Psychology

- Associate of Arts in University Studies

    - o   School: Eastern New Mexico University, Roswell, NM

    - o   Date of Completion: May 2005

    - o   Degree Received: Associate of Arts in University Studies

No additional information regarding non-degree or primary and secondary education is relevant to this matter and will not be provided.

**INTERROGATORY NO. 4**:        Please describe your employment or job history for the past 5 years including your current employer, setting forth the name and address of each employer, a brief description of your job duties, hours worked each week, rate of pay, the date you began working, the date you stopped working for each employer, and the reason for the end of your employment with each employer listed where applicable.

**ANSWER**:    Plaintiff objects to this interrogatory to the extent it seeks information regarding employment, income, or activities unrelated to Plaintiff's position with Albuquerque Public Schools (APS). Plaintiff's independent private practice is separate and unrelated to Plaintiff's APS employment and holds no relevance in calculating damages or evaluating claims connected to APS. The information sought concerning Plaintiff's private practice exceeds the

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-007 (Page 7 of 75)

permissible scope of discovery under Federal Rule of Civil Procedure 26(b)(1), as it is neither relevant to any party's claims or defenses nor proportional to the needs of the case. This request is overly broad, unduly burdensome, and seeks discovery beyond APS-related employment losses and damages.

Without waiving this objection, Plaintiff provides the following information concerning Plaintiff's employment with APS, as relevant to this matter:

- Employer Name and Address: Albuquerque Public Schools (APS), 6400 Uptown Blvd NE, Albuquerque, NM 87110.

- Job Title: School Social Worker.

- Brief Description of Duties: Provided social work services exclusively to students with IEPs, focusing on supporting IEP goals and assisting students with disabilities within the school setting. Duties included consulting on IEPs, facilitating support for special education needs, and implementing behavioral interventions aligned with students' educational plans.

- Hours Worked Each Week: Approximately 6.5 hours per day for 184 days per year.

- Rate of Pay: Approximately $80,000 annually.

- Date of Employment: August 2015.

- End Date: April 8, 2024.

- Reason for End of Employment: Resignation (constructive discharge) due to a hostile work environment created by APS's ongoing retaliation, denial of ADA accommodations, and repeated interference with Plaintiff's FMLA rights, which rendered continued employment untenable.

7

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-008 (Page 8 of 75)

Accordingly, Plaintiff declines to provide further details regarding employment or income from any independent private practice, as such information is irrelevant, immaterial, and does not mitigate or offset Plaintiff's claims for APS-related damages.

**INTERROGATORY NO. 5:**        Please identify and describe your service in the military, including the dates and locations of such service (entire term of service), the military occupation codes (MOS), specialty codes (AFSC), enlistment classifications (NEC) or similar descriptions, ratings or designators assigned to you during such military service, any combat duties to which you were assigned during your military service, any discipline you received under the Military Code of Justice during your military service, and the type of discharge you received when you separated from or completed your military service.

**ANSWER:**  Plaintiff objects to this interrogatory on the grounds that it is overly broad, irrelevant, and not proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1). Plaintiff's military service, which concluded more than 12 years prior to employment with Albuquerque Public Schools (APS), bears no relation to the claims or defenses in this litigation and does not pertain to any issue at stake in the current matter. Accordingly, extensive details of Plaintiff's military service are neither material nor necessary for determining the outcome of this case.

Without waiving this objection, Plaintiff provides the following limited information:

- Branch of Service: U.S. Army

- Military Occupational Specialty (MOS): 54(B) - Chemical Operations Specialist

- Discharge Status: Honorably discharged

8

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-009 (Page 9 of 75)

No further information regarding Plaintiff's military service is relevant to this matter, and therefore no additional details will be provided.

**INTERROGATORY NO. 6:**       Please state the amount of gross earnings you claimed on any United States income tax return for 2019, 2020, 2021, 2022, and 2023. If you did not file a United States income tax return for any of the years described above, please state the total amount of income you earned in each year.

**ANSWER:**  Plaintiff objects to this interrogatory on the grounds that it is overly broad, invasive of Plaintiff's financial privacy, and not proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1). Information regarding Plaintiff's gross earnings, including income from unrelated sources such as Plaintiff's independent private practice, is not relevant to any claim or defense in this litigation, as it does not bear on the specific losses or damages related to Plaintiff's employment with Albuquerque Public Schools (APS).

Plaintiff's private practice income is a separate source of income, established prior to employment with APS, and is wholly independent of any APS-related compensation. Accordingly, such information should not be subject to discovery as it has no bearing on the issues in this case.

Without waiving this objection, Plaintiff is willing to provide documentation or information solely related to APS earnings for each relevant year upon request, to the extent such information is proportional and necessary to this litigation.

**INTERROGATORY NO. 7:**       If you were a party to any previous civil lawsuit, claim not resulting in a lawsuit, or <u>any</u> other legal proceeding (other than a criminal matter),

9

Case 1:23-cv-00899-GBW-JMR    Document 97-1    Filed 04/04/25    Page 10 of 75
Exhibit A — Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. A-010 (Page 10 of 75)

including an eviction or debt collection, as either a plaintiff or a defendant, please provide the name and cause or case number of the case, the date when the complaint/charge/claim was filed, the names of the parties to the case, the name and location (city and state) of the court in which the complaint/charge/claim was filed, the attorney and law firms involved in the case, the subject matter of the case, and the outcome of the case.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, irrelevant, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Any prior civil lawsuits, claims, or legal proceedings to which Plaintiff was a party are irrelevant to the present matter unless they directly pertain to the claims or defenses in this case. Requiring Plaintiff to disclose unrelated legal matters constitutes an unwarranted invasion of privacy and exceeds the permissible scope of discovery.

To the extent that any prior legal matters bear no relationship to the claims, issues, or allegations involved in this litigation, they are irrelevant, immaterial, and not subject to discovery.

Without waiving this objection, Plaintiff states that no prior civil lawsuits, claims, or legal proceedings are relevant to the current litigation. Should Defendant provide a specific basis to establish the relevance of any particular prior legal matter, Plaintiff reserves the right to respond to such a specific inquiry in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 8:**        Please state whether you have ever been charged with or convicted of _any_ criminal offense, excluding traffic violations. If so, please state the date of the charge or conviction, the jurisdiction in which the charge or conviction occurred, the case

10

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-011 (Page 11 of 75)

caption and case number, and the current status of the charge or conviction. Please note this includes expunged convictions and cases/charges that have been resolved or otherwise discharged.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, irrelevant, invasive of Plaintiff's privacy, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Information regarding any criminal charges or convictions, including those that may have been expunged, is irrelevant to any claim or defense in this case and does not bear on the issues being litigated. Expunged records, in particular, are legally treated as though they did not occur and are generally inadmissible in civil proceedings, further reinforcing their irrelevance to this matter.

To the extent that this interrogatory seeks information on expunged records, Plaintiff further objects as this constitutes an unwarranted invasion of privacy and falls outside the permissible scope of discovery under FRCP 26(b).

Without waiving this objection, Plaintiff states that no criminal charges or convictions are relevant to the current litigation. Should Defendant establish a specific basis for the relevance of any criminal matter, Plaintiff reserves the right to respond accordingly and in compliance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9:**    With respect to all non-expert witnesses you may call at the trial of this case, please state their names, addresses, telephone numbers, relationship to you and/or any other party in this case, the subject matter on which each witness is expected to testify, a summary of the expected testimony, and identify any documents or other tangible items that support or otherwise relate to their testimony.

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-012 (Page 12 of 75)

**ANSWER:**  Plaintiff objects to this interrogatory to the extent it is overly broad, unduly burdensome, and premature. The request for detailed summaries of expected testimony and identification of supporting documents is outside the scope of discovery at this stage and is more appropriately addressed during pretrial disclosures or expert witness disclosures, as governed by Federal Rule of Civil Procedure 26(a)(3). Plaintiff reserves the right to supplement this response in accordance with the Court's scheduling order and relevant rules.

Without waiving this objection, Plaintiff states that the names, addresses, and contact information for potential non-expert witnesses were previously provided in Plaintiff's initial disclosures. Each witness is expected to testify regarding matters relevant to their direct observations, experiences, and knowledge pertinent to the claims and defenses in this case.

Plaintiff will supplement this response with summaries of expected testimony and any related documents or tangible items as required by the Federal Rules of Civil Procedure and the Court's orders in this matter.

**INTERROGATORY NO. 10:**      Did you have any physical or mental illness, conditions, disabilities, impairments, injuries, or surgeries of any kind for the five years preceding May 1, 2022?  If so, please state:

a)      The nature of each such illness, condition, disability, impairment, injury or surgery;

b)      When you were diagnosed with each illness, condition, disability, or impairment identified in subpart a); and

c)      Any health care provider including but not limited to, doctors, physician assistants, nurse practitioners, chiropractors, osteopaths, therapists, hospitals, psychiatrists or psychologists,

12

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-013 (Page 13 of 75)

who attended to you for such physical or mental illness, condition, disability, or impairment, giving the approximate dates of treatment and the nature of the injury or illness treated.

**ANSWER:** Plaintiff objects to this interrogatory as overly broad, duplicative, unduly invasive of Plaintiff's privacy, and not proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1). Plaintiff's detailed medical history and records, including information regarding service-connected disabilities relevant to Plaintiff's request for reasonable accommodations, have already been subpoenaed and provided to Defendant, making this interrogatory duplicative, burdensome, and unnecessary. Further, this request seeks information that is private and sensitive, extending beyond what is relevant to the claims or defenses in this litigation. Plaintiff objects to providing further medical information that is unrelated to the claims or defenses in this case, and provides the following clarifications:

a) Plaintiff's service-connected disabilities, which were the basis for requested workplace accommodations, have already been documented in medical records available to Defendant.

b) Plaintiff's service-connected disabilities were diagnosed prior to May 1, 2022, as reflected in the medical records already provided to Defendant.

c) Plaintiff's treatment records from the Department of Veterans Affairs, which document the disabilities relevant to this case, are already in Defendant's possession. Plaintiff asserts that no further information is warranted.

Without waiving these objections, Plaintiff refers Defendant to the medical records

13

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-014 (Page 14 of 75)

previously provided via subpoena, which contain information relevant to Plaintiff's service-connected disabilities and any conditions for which Plaintiff sought accommodations or leave in connection with APS employment.

**INTERROGATORY NO. 11:** Have you had any physical or mental illness, conditions, disabilities, impairments, injuries, or surgeries of any kind from March, 2023 to present? If so, please state:

a) The nature of each such illness, condition, disability, impairment, injury or surgery.

b) When you were diagnosed with each illness, condition, disability, or impairment identified in subpart a)

c) Any health care provider including but not limited to, doctors, physician assistants, nurse practitioners, chiropractors, osteopaths, therapists, hospitals, psychiatrists, psychologists or other mental health providers, who attended to you for such physical or mental illness, condition, disability, or impairment, giving the approximate dates of treatment and the nature of the injury or illness treated.

**ANSWER:** Plaintiff objects to this interrogatory as overly broad, invasive of Plaintiff's privacy, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This interrogatory seeks detailed and sensitive medical information that is private and unrelated to the claims or defenses in this litigation, as it extends beyond the conditions pertinent to Plaintiff's employment with Albuquerque Public Schools (APS).

Plaintiff's service-connected disabilities, which formed the basis for Plaintiff's requested workplace accommodations, have already been documented and disclosed through subpoenaed

14

Exhibit A-15 Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-015 (Page 15 of 75)

medical records in Defendant's possession. Any medical conditions or treatment unrelated to the claims in this matter, particularly those occurring after March 2023, are irrelevant and exceed the scope of permissible discovery.

Without waiving these objections, Plaintiff provides the following clarifications:

a) Plaintiff's service-connected disabilities, which were the basis for requested workplace accommodations, have been documented in records already provided to Defendant.

b) Plaintiff also notes that since leaving employment with APS, symptoms related to Plaintiff's medical conditions had significantly improved. However, since the initiation of this litigation and the need to relive the events associated with these claims, Plaintiff has experienced a resurgence of stress-related symptoms, including heart-related issues. These recent symptoms may be attributable to the stress of the ongoing litigation process.

Plaintiff therefore refers Defendant to the medical records previously provided via subpoena, which contain the relevant information concerning Plaintiff's service-connected disabilities and associated treatment.

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-016 (Page 16 of 75)

**INTERROGATORY NO. 12:**        For each provider you have identified above, please identify which providers, if any, provided care or treatment for each of the physical or mental illness, conditions, disabilities, impairments, injuries, or surgeries you, your attorneys, and/or your expert witnesses claim were caused by, exacerbated by, or otherwise connected to the events giving rise to this lawsuit. As part of your answer, please state:

a)        The name of the provider who provided care or treatment;

b)        What treatment you received;

c)        The date(s) that you received such treatment;

d)        The indication(s)/reason(s) for such treatment;

e)        The cost of such treatment; and

f)        Whether payment has been made, and if so, by whom.

**ANSWER: Plaintiff** objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and invasive of Plaintiff's privacy. Plaintiff further objects to the interrogatory as seeking information that is neither relevant nor proportional to the needs of this case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Specifically:

1. Financial Information Irrelevant Due to VA Coverage: Plaintiff's treatment costs are primarily covered by the Department of Veterans Affairs (VA) due to Plaintiff's service-connected disabilities. As a result, Plaintiff has incurred little to no out-of-pocket medical expenses related to the conditions at issue in this lawsuit. Consequently, the specific costs of treatment and payment history are not relevant to the claims or defenses in this case, as they do not affect the calculation of damages.

16

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-017 (Page 17 of 75)

2. Duplicative Information: Plaintiff has already provided Defendant with relevant medical records, which document the necessary treatments, providers, and medical indications related to Plaintiff's conditions. Further requests for cost and payment information are duplicative, unnecessary, and impose an undue burden.

3. Proportionality and Privacy Concerns: This request is not proportional to the needs of the case, as detailed financial information would provide little value in determining liability or damages under the circumstances. Plaintiff's VA coverage implicates privacy rights, and requiring disclosure of this information without a clear, specific need would constitute an undue invasion of privacy.

Without waiving these objections, Plaintiff responds as follows:

Relevant medical records, which document the treatments, providers, and medical indications for conditions connected to this case, have already been provided to Defendant. These records reflect treatment Plaintiff received in connection with the physical and mental health issues at issue, including symptoms allegedly resulting from a hostile work environment.

Response to Subparts:

a) The names of healthcare providers who treated Plaintiff are included in the medical records already provided.

b) The nature of treatments received is documented in the provided medical records.

c) The dates of each treatment are included in the medical records already in Defendant's possession.

d) The reasons for treatment, such as stress and anxiety linked to the alleged hostile work environment, are outlined in the medical records previously provided.

17

Case 1:23-cv-00899-GBW-JMR    Document 97-1    Filed 04/04/25    Page 18 of 75

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-018 (Page 18 of 75)

e) Plaintiff objects to providing detailed cost information as irrelevant to this case. Due to VA coverage of Plaintiff's medical expenses, Plaintiff has incurred minimal to no out-of-pocket costs, making specific financial details unnecessary and unduly invasive of Plaintiff's privacy.

f) Plaintiff objects to providing payment information on the grounds that it is irrelevant and not material to the claims or defenses in this case. Given VA coverage, this information does not impact any assessment of liability or damages.

Plaintiff reserves the right to supplement this response if required by the court or if additional relevant information becomes necessary.

**INTERROGATORY NO. 13:**    Please state whether any of the providers you have identified above provided care and/or treatment under a letter of protection from your attorneys.

**ANSWER:**  No providers identified above provided care and/or treatment under a letter of protection from my attorneys.

**INTERROGATORY NO. 14:**    Please state every prescription and non-prescription medication that you were taking for the five (5) years prior to May 1, 2022, up to the present. Include the name, dosage, frequency of use, and name and location of the pharmacies where your prescriptions were routinely filled.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is duplicative, unduly burdensome, overly broad, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendant has already obtained Plaintiff's medical and pharmacy records via subpoenas, which contain the information requested, including details on medications,

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-019 (Page 19 of 75)

dosages, frequencies, and pharmacy information. Requiring Plaintiff to restate or re-provide this information imposes an undue burden and serves no purpose beyond what has already been disclosed.

Without waiving these objections, Plaintiff refers Defendant to the medical and pharmacy records previously provided, which contain all pertinent information regarding medications relevant to Plaintiff's conditions and claims in this matter.

**INTERROGATORY NO. 15:**    Are you claiming past medical expenses as damages in this case? If so, please state:

a)    State the amount of past medical expenses you are claiming;

b)    State where you incurred the expenses you claim in subpart a) (i.e., the name of the hospital, clinic, medical group, etc.); and

c)    Describe how you calculated the amount stated in subpart a).

**ANSWER:**  Plaintiff objects to this interrogatory to the extent that it seeks detailed information about medical expenses covered by the Department of Veterans Affairs (VA) due to Plaintiff's service-connected disabilities. Plaintiff's VA coverage minimizes out-of-pocket expenses for direct medical treatments, as VA services do not require reimbursement for treatment expenses in this case. However, Plaintiff does seek damages for specific out-of-pocket costs related to maintaining health insurance coverage during a period of unpaid leave. Without waiving these objections, Plaintiff responds as follows:

a) Amount of Claimed Expenses: Plaintiff claims a total of approximately $3,084 for health insurance premiums. This amount reflects monthly out-of-pocket expenses of $257 paid over a 12-month period.

19

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-020 (Page 20 of 75)

b) Location of Incurred Expenses: These expenses were incurred through payments made directly to the APS Benefits office specifically to maintain health insurance coverage while on unpaid leave.

c) Calculation of Claimed Amount: The total claimed amount was calculated based on a monthly premium cost of $257. The total expense was determined by multiplying the monthly premium ($257) by the number of months I was on unpaid leave (12 months), resulting in a total of $3,084.

Plaintiff reserves the right to supplement this response if further periods of unpaid leave or additional out-of-pocket coverage costs arise.

**INTERROGATORY NO. 16:** Are you claiming lost wages or lost future earning capacity as damages in this case? If yes, please:

a) State the amount of lost wages or lost future earning capacity you are claiming;

b) Identify the name and address the employer or employers from which you claim you lost wages or lost future earning capacity; and

c) Describe how you calculated the amount stated in subpart a).

**ANSWER:** Plaintiff objects to this interrogatory to the extent that it seeks specific calculations that may require expert economic or vocational analysis. Plaintiff will disclose any necessary expert opinions in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure at the time designated by the court or as agreed upon by the parties.

Without waiving these objections, Plaintiff responds as follows:

a) Amount of Lost Wages, Lost Future Earning Capacity, and Other Career-Related Damages Claimed:

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. A-021 (Page 21 of 75)

1. Lost Wages:  Plaintiff claims lost wages due to unpaid leave, reduced hours, and the inability to earn additional income from credentials and stipends. Based on Plaintiff's salary as a Level 3 Social Worker with 18 years of experience, the approximate annual salary was $80,000 per school year. Additional lost income components include:

   o Credential Income: Approximately $10,000 per year that Plaintiff would have earned with additional credentials, which Plaintiff was unable to attain due to Defendant's actions.

   o Program Stipend: Approximately $1,300 per school year for participation in a district program.

The total estimated lost wages due to unpaid leave from March 2023 through April 8, 2024, a period of approximately 57 weeks, is calculated based on a weekly salary of approximately $2,173.90, totaling $123,609. Adding the lost credential income and program stipend over a projected 15-year period, the total estimated lost wages amount is $309,808.

2. Lost Future Earning Capacity and Career Advancement Opportunities:  Plaintiff claims lost future earning capacity due to Defendant's actions that prevented Plaintiff from advancing to administrative roles, earning additional credentials, and achieving expected salary increases and promotions. In addition to base salary loss, Plaintiff's blocked career advancement disrupted Plaintiff's career trajectory, limiting further opportunities for professional growth and promotion to higher-level roles such as Assistant Principal, Principal, and Associate Superintendent.

   o Administrative Salary Differential: Had Plaintiff progressed to an administrative role, the estimated average salary would have been approximately $105,000 per school year, based on public data for APS administrative positions. This

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-022 (Page 22 of 75)

represents a $25,000 per year difference from Plaintiff's current social work salary of $80,000.

- o Projected Career Duration with Inflation Adjustment: Over an estimated remaining work span of 15 years until retirement, adjusted for an average 3% annual inflation rate, the lost future earning capacity is approximately $584,250.

- o Additional Credential and Program Stipends: Plaintiff claims lost credential income of $10,000 per year and a program stipend of $1,300 per year, totaling $264,081 over 15 years with an inflation adjustment.

Therefore, the total estimated lost future earning capacity, including administrative salary differential, lost credential income, and program stipends, is approximately $848,331.

3. Lost Accumulated Leave:  Plaintiff also claims damages for lost accumulated leave. Based on the assumption of 1 day of accrued leave per month over 15 years, with an updated administrative salary of $105,000 per year for 184 days, the estimated value of lost accumulated leave is approximately $102,717.

The combined total estimated damages, including lost wages, lost future earning capacity, and lost accumulated leave, are approximately $1,074,657.

b) Employer(s) for Lost Wages and Future Earning Capacity: Plaintiff claims lost wages and lost future earning capacity related to Plaintiff's current and potential employment with Albuquerque Public Schools (APS), 6400 Uptown Blvd NE, Albuquerque, NM 87110. Plaintiff contends that Defendant's actions limited Plaintiff's advancement opportunities, salary growth, and access to additional credentials.

c) Calculation of Claimed Amounts:

22

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-023 (Page 23 of 75)

1. Lost Wages Calculation:

   o Unpaid Leave: Lost wages were calculated based on Plaintiff's social work salary of $80,000 per year. For the unpaid leave period from March 2023 through April 8, 2024 (57 weeks), the weekly salary of approximately $2,173.90 yields a total of $123,609.

   o Credential Income: Estimated at $10,000 per year over 15 years, adjusted for inflation, totaling $233,700.

   o Program Stipend: Estimated at $1,300 per school year over 15 years, adjusted for inflation, totaling $30,381.

The total estimated lost wages, including unpaid leave, credential income, and program stipend, is $309,808.

2. Lost Future Earning Capacity Calculation:

   o Administrative Salary Differential: Assuming an administrative role with an estimated salary of $105,000 per year, the difference from Plaintiff's social work salary of $80,000 is $25,000 annually.

   o Career Duration: Projected over 15 years with an inflation adjustment of 3% annually, this yields a total lost earning capacity of approximately $584,250.

   o Additional Income: Lost credential income and program stipend add a total of $264,081 over 15 years with inflation.

Therefore, the total estimated lost future earning capacity is approximately $848,331.

3. Lost Accumulated Leave Calculation:

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-024 (Page 24 of 75)

    o   Based on 1 day per month over 15 years (184 days) valued at $570.65 per day (based on the administrative salary rate), the total value of lost accumulated leave is approximately $104,999.60.

Additional Note: Plaintiff reserves the right to adjust these figures based on further discovery, updated data, or the input of an economic or vocational expert as required under FRCP 26(a)(2).

**INTERROGATORY NO. 17:**    Are you seeking future medical expenses as a portion of your damages in this case? If so, please state:

a)    The name, address, telephone number, and practice of each provider who has informed you of the need for such future medical treatment;

b)    What treatment each provider has informed you will need;

c)    The indication(s)/reason(s) for such treatment;

d)    The nature of such treatment;

e)    The cost of such treatment; and

f)    How you calculated the amounts provided.

**ANSWER:** Plaintiff objects to this interrogatory to the extent that it seeks detailed cost projections and expert medical opinions, which are premature and require specialized assessment. Plaintiff further objects on the grounds that the disclosure of specific future medical needs and associated costs would improperly compel expert analysis at this stage, contravening the intended timing of expert disclosures under Rule 26(a)(2) of the Federal Rules of Civil Procedure.

Additionally, Plaintiff asserts that this request is overly broad, unduly burdensome, and invades Plaintiff's privacy by seeking detailed financial and medical information that may not be

24

Exhibit A - Plaintiff Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-025 (Page 25 of 75)

directly relevant at this phase of litigation. Plaintiff has already provided comprehensive medical records, including information relevant to future health needs and disability-related conditions, thus rendering further requests for information duplicative.

Without waiving these objections, Plaintiff responds as follows: Plaintiff is not presently able to specify future medical expenses in the absence of expert assessment. Any claim for future medical damages will depend on a qualified expert's analysis of Plaintiff's ongoing medical needs, treatment recommendations, and cost projections. Plaintiff incurs approximately $95 every other week for massage therapy, which is an essential component of managing their ongoing health conditions. Plaintiff reserves the right to supplement this response with expert testimony regarding future treatment needs, costs, and calculations, in accordance with the applicable expert disclosure deadlines.

**INTERROGATORY NO. 18:** Please state the nature of the medical procedure you underwent on March 6, 2023, and the name, address and telephone number of the provider who performed the procedure.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it seeks information that is invasive of Plaintiff's privacy and is neither relevant nor proportional to the needs of this case, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. Plaintiff further objects on the grounds that the requested information is protected by the Family and Medical Leave Act (FMLA), which safeguards the confidentiality of medical information associated with approved leave taken for health-related purposes.

Plaintiff submitted a request for unpaid personal leave well in advance, on January 30, 2023, more than meeting the 30-day advance notice required by Defendant's policy. Plaintiff

25

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-026 (Page 26 of 75)

initially planned for this leave to begin after spring break on May 25, 2023, but later notified Defendant of a change in circumstances and adjusted the start date to March 6, 2023. This change was communicated promptly and in accordance with leave protocol. The nature of any medical procedure, if any, associated with this leave is private, sensitive, and not relevant to the issues in this case.

Without waiving these objections, Plaintiff responds as follows: Plaintiff began an approved leave period on or around March 6, 2023, in compliance with Defendant's leave policy. The specific nature of any medical treatment or provider information during this leave period is not relevant to this litigation and is protected by the confidentiality provisions of the FMLA and applicable privacy rights. Plaintiff reserves the right to assert additional objections should further inquiry into private medical information be pursued.

**INTERROGATORY NO. 19:**    Please state the names and addresses of any person, corporation, governmental agency or insurance company (including but not limited to Medicare or Medicaid) which has paid, or may be obligated to pay, any indemnity, medical, property, or related expenses incurred by you because of the allegations in your Complaint; the amount of such payments; and whether there is subrogation, assignment, lien or reimbursement because of such payments.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it seeks information that is private, irrelevant, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Specifically, whether third-party entities, such as governmental agencies or insurers, have made or may make payments on Plaintiff's behalf is irrelevant to the claims or

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-027 (Page 27 of 75)

defenses in this matter, as it does not impact the assessment of liability or damages in accordance with the collateral source rule. Plaintiff further objects on the grounds of privacy, as details regarding payments from third-party sources, including the Department of Veterans Affairs (VA) or any potential insurance providers, involve highly sensitive and protected information. Disclosing such information would serve no legitimate purpose within the scope of this litigation.

Additionally, Plaintiff notes that Defendant already possesses relevant medical records, which provide sufficient information regarding Plaintiff's treatment. Therefore, further disclosure of payment details or reimbursement obligations related to Plaintiff's medical expenses is unnecessary and duplicative.

Without waiving these objections, Plaintiff responds as follows:

- To the extent relevant and non-privileged, Plaintiff notes that medical expenses related to the allegations in the Complaint have been largely covered by the Department of Veterans Affairs (VA) due to Plaintiff's service-connected disabilities. To the best of Plaintiff's knowledge, no third-party payments have been made that would be subject to subrogation, assignment, lien, or reimbursement in connection with the damages sought in this case.

- Plaintiff has not received payments from any other third-party source, corporation, or insurance provider, including Medicare, Medicaid, or private insurance, in relation to the damages alleged in this Complaint. Should any claims, liens, or obligations arise in connection with this litigation, Plaintiff will promptly disclose them as required.

27

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-028 (Page 28 of 75)

Reservation of Rights: Plaintiff reserves the right to supplement or amend this response if additional information becomes available or if further payments or claims for reimbursement become relevant to the claims in this matter.

**INTERROGATORY NO. 20:**    Please provide a summary of the material facts which you contend show or support your claims in your Complaint at paragraph 8 (A-F). In your response, please include: a) specific dates for each incident referenced; b) who you contend was responsible for the conduct alleged; c) what accommodation(s) you specifically requested and when; d) what accommodations were denied; e) who denied the accommodations and on what date; and f) provide a description of each portion of the subparts contained in this paragraph of the complaint.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this case under Rule 26(b)(1). It requests an exhaustive narrative better suited for depositions or other discovery tools and duplicates prior disclosures. Additionally, this request is compound, combining multiple subparts and seeking cumulative information.

Without waiving these objections:

a) Dates: August 2022 through March 2023, including key events on January 11, 2023.

b) Individuals Responsible: Socorro Rodriguez, Justin Griego, Bernadette Lucero-Turner, and Annittra Atler.

28

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. A-029 (Page 29 of 75)

c) Accommodations Requested: Intermittent remote work, and flexible work hours, ability to control thermostat in office.

d) Accommodations Denied: APS denied these requests during meetings in August and September 2022.

e) Decision-Makers: Socorro Rodriguez and other APS Administrators rejected accommodations in September 2022.

f) Detailed Description: APS issued superficial plans ignoring ADA requirements, forced work-related meetings during FMLA leave, and exacerbated Plaintiff's conditions.

**INTERROGATORY NO. 21**:    Please provide a summary of the disabilities referenced in paragraph 9 of the Complaint and explain how each underlying condition was allegedly "exacerbated". In your response, please include a) date each disability was diagnosed; b) on what date or dates you informed APS of each disability; c) and provide a summary of all material facts that you believe supports your claim that your underlying conditions were exacerbated.

**ANSWER:** Plaintiff objects to this interrogatory as duplicative, unduly burdensome, vague, and ambiguous. Plaintiff has already provided Defendant with comprehensive medical records, ADA and FMLA filings, and related documentation regarding Plaintiff's medical conditions, diagnoses, and accommodations, making further summarization unnecessary and disproportionate under FRCP 26(b)(1). Additionally, terms such as "exacerbated" and "explain how each underlying condition was allegedly exacerbated" are overly broad and unclear,

29

Exhibit A: Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. A-030 (Page 30 of 75)

potentially requiring speculation or medical interpretations beyond Plaintiff's knowledge. Plaintiff also objects to this request as seeking premature disclosure and reserves the right to amend or supplement responses in accordance with FRCP 26(e) as discovery progresses. The previously provided records contain all relevant medical information, accommodations requested, and disclosures to APS, and are sufficient for Defendant's purposes.

Without waiving these objections and pursuant to FRCP 33(b)(3), Plaintiff provides the following limited response:

**a)** Plaintiff directs Defendant to the medical records previously produced, which contain detailed diagnostic information, specific dates of diagnosis, and all relevant medical documentation. These records have been made available to Defendant, and further reiteration here is unnecessary.

**b)** Plaintiff initially disclosed these conditions to APS in 2021 and has provided updates as necessary, particularly through formal ADA accommodation requests, FMLA applications, and direct communications with APS's Human Resources and administrative staff. Defendant already possesses documentation of these communications, including ADA and FMLA filings, detailing Plaintiff's disclosures over time.

**c)** Plaintiff's medical conditions worsened as a direct result of APS's refusal to provide reasonable accommodations, interference with FMLA leave, and the creation of a hostile work environment. This exacerbation is evidenced by an increase in Plaintiff's VA disability rating, which rose from 30% to 90%—a clear, objective measure of the impact APS's conduct has had on Plaintiff's health. This substantial increase in VA rating directly

30

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-031 (Page 31 of 75)

reflects the worsening of Plaintiff's service-connected and related conditions due to ongoing stressors and lack of necessary accommodations in the workplace. Plaintiff reserves the right to supplement this response with additional records as the case progresses. The information provided is sufficient and any additional summarization would be irrelevant to the needs of the case, as set forth in FRCP 26(b)(1).

**INTERROGATORY NO. 22:**        Please provide a summary of the material facts which you believe shows or supports your claim that Defendant APS violated the ADA as set forth in your Complaint at paragraphs 12 and 13.  In your response, please provide: a) each date that you alleged Defendant APS violated your ADA rights; b) describe the nature of each alleged violation; c) the name of the person or persons who violated the ADA on each date specified; "forced" you to come to work, why you believe that you were not required to come to work on each date provided, the name of the person responsible for directing you to come to work, and the reason given requiring you to come to work.

**ANSWER:**   Plaintiff objects to this interrogatory as duplicative, unduly burdensome, and disproportionate to the needs of the case under FRCP 26(b)(1), as Defendant already possesses extensive documentation and internal reports regarding Plaintiff's medical conditions, ADA accommodation requests, and APS's responses, making further summarization unnecessary. Plaintiff also objects on the grounds that this interrogatory is compound and improperly combines multiple questions within a single interrogatory, in violation of FRCP 33(a)(1), which limits interrogatories to discrete subparts. Additionally, Plaintiff objects to the terms "violated," "forced," and "required" as vague and ambiguous, potentially requiring

31

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-032 (Page 32 of 75)

speculative responses or interpretations beyond Plaintiff's firsthand knowledge. Plaintiff further reserves the right to amend or supplement this response pursuant to FRCP 26(e) as discovery progresses.

Without waiving these objections and pursuant to FRCP 33(b)(3), Plaintiff provides the following limited response:

a) Late August to September 21, 2022, January 11, 2023 and Additional Dates While on FMLA Leave (2022-2023):

b) Before the formal ADA meeting, Socorro Rodriguez (ADA Coordinator) preemptively denied the request for remote work. During the formal ADA meeting, both Justin Griego and Bernadette Lucero-Turner further denied the request, resulting in a superficial "temporary accommodation plan" that did not address Plaintiff's medical needs.  Remote work request was denied, and APS issued only a superficial "temporary accommodation plan" without an interactive process that did not address Plaintiff's needs.  APS required Plaintiff's attendance at meetings during her FMLA leave, disregarding her objections and exacerbating her condition. New students were assigned to Plaintiff's caseload, increasing her workload and contributing to a hostile environment. Inconsistencies in internal interviews later showed a lack of accountability, with Griego and Turner attributing the denial to Annittra Atler.

c) APS administrative staff Socorro Rodriguez, Justin Griego, and Bernadette Lucero-Turner. Later conflicting statements attributed decisions to Annittra Atler.

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-033 (Page 33 of 75)

**INTERROGATORY NO. 23:**    Please provide a summary of the material facts which you believe show or support your claim in your Complaint that you were subjected to retaliation as set forth in your Complaint at paragraphs 19-20. In your response, please include: a) dates for each event listed; b) person or persons you claim retaliated against you; c) each adverse action you allege Defendant took regarding your employment; d) identify each person who took each adverse action listed in c).

**ANSWER:** Plaintiff objects to this interrogatory as improper and compound under FRCP 33(a)(1), as it combines multiple subparts into a single interrogatory. Plaintiff further objects to this interrogatory as unduly burdensome, duplicative, and disproportionate to the needs of the case under FRCP 26(b)(1), as Defendant already possesses extensive documentation and internal reports regarding Plaintiff's claims, ADA accommodation requests, and APS's responses. Plaintiff also objects to this interrogatory to the extent it seeks information protected under the attorney work product doctrine under FRCP 26(b)(3), as it requests impressions, legal theories, or strategies regarding Plaintiff's claims.

Subject to and without waiving these objections, Plaintiff responds as follows:

a) Dates for each event listed:

- February 2022: Plaintiff filed a complaint with the New Mexico Public Education Department (PED).

- April 2022: PED issued findings requiring APS to implement corrective actions.

- August 2022: APS denied Plaintiff's ADA accommodation request for remote work.

33

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-034 (Page 34 of 75)

- September 2022: APS issued a "temporary accommodation plan" that failed to address Plaintiff's medical needs.

- October 2022–January 2023: APS administrators made disparaging remarks about Plaintiff's competency.

- January 11, 2023: Plaintiff was required to attend a meeting during FMLA leave.

- February 28, 2023: Plaintiff returned to work to find all students removed from her caseload.

b) Person or persons you claim retaliated against you:  APS administrators

- Annittra Atler (Associate Superintendent)

- Bernadette Lucero-Turner (Executive Director of SPED)

- Justin Griego (Assistant Principal)

- Melissa Sedillo (Principal)

- Socorro Rodriguez (ADA Coordinator)

- Jessica Rivera (HR)

c) Each adverse action you allege Defendant took regarding your employment:

- Denial of Plaintiff's ADA accommodation request for remote work.

- Issuance of an inadequate "temporary accommodation plan."

34

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. A-035 (Page 35 of 75)

- Exclusion from professional opportunities and mentorship.

- Disparaging remarks about Plaintiff's competency.

- Compelled attendance at a meeting during FMLA leave.

- Continued caseload assignments during FMLA leave.

- Complete removal of all students from Plaintiff's caseload upon return to work.

d) Identify each person who took each adverse action listed in c:

1.  Denial of ADA Accommodation Request: Socorro Rodriguez, Bernadette Lucero-Turner, Justin Griego, and Melissa Sedillo.

2.  Issuance of Temporary Accommodation Plan: Socorro Rodriguez, Justin Griego, and Melissa Sedillo, under the oversight of Annittra Atler.

3.  Exclusion from Opportunities and Mentorship: Justin Griego, Melissa Sedillo, Annittra Atler.

4.  Disparaging Remarks: Justin Griego, Bernadette Lucero-Turner, and Melissa Sedillo, Annittra Atler.

5.  Compelled Meeting Attendance: Annittra Atler, Bernadette Lucero-Turner, and Justin Griego, Jessica Rivera.

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-036 (Page 36 of 75)

6.  Caseload Assignments During FMLA Leave: Justin Griego, Bernadette Lucero-Turner, Annittra Atler.

7.  Removal of Students from Caseload: Justin Griego, with likely involvement from Melissa Sedillo, Bernadette Lucero-Turner, and Annittra Atler.

For additional details, Plaintiff refers Defendant to documents and correspondence already in Defendant's possession and produced during discovery. This response is based on the information currently known and reasonably available to Plaintiff at this time. Plaintiff reserves the right to amend or supplement this response pursuant to FRCP 26(e) if additional facts, evidence, or documentation become available during the course of discovery or as further investigation is conducted. Nothing in this response should be construed as a waiver of Plaintiff's objections or rights under the Federal Rules of Civil Procedure

**INTERROGATORY NO. 24:**    Please provide a summary of the material facts which you believe show and/or support your claim in your Complaint at Count III paragraph 28 describing the nature of the reputational damage and loss of employment prospects claimed.

**ANSWER:** Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and compound under FRCP 33(a)(1) because it seeks multiple distinct pieces of information within a single interrogatory. Plaintiff also objects on the grounds that the information sought is disproportionate to the needs of the case under FRCP 26(b)(1), as Defendant possesses sufficient documentation and communications relevant to Plaintiff's claim. Plaintiff further objects to the extent that this interrogatory seeks attorney work product or legal theories under FRCP 26(b)(3).

36

Exhibit A-Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-037 (Page 37 of 75)

Subject to and without waiving these objections, Plaintiff responds as follows: Defendant's actions, including defamatory remarks and unsubstantiated critiques, have caused significant reputational harm and adversely affected Plaintiff's ability to advance within APS and the broader educational community. Specifically:

- o Annittra Atler, Associate Superintendent, made defamatory remarks during an internal investigation to the assigned investigator, questioning Plaintiff's "stability." These comments were baseless, unsubstantiated, and made in a formal context, further amplifying their damaging impact. Atler's statements implied that Plaintiff was mentally or emotionally unfit to perform her role, undermining her professional credibility. The remarks were shared with others involved in the investigative process and contributed to a hostile work environment that harmed Plaintiff's reputation among her colleagues and superiors.

- o Unsubstantiated Critiques by APS Administrators: Melissa Sedillo, Bernadette Lucero-Turner, Justin Griego made false statements regarding Plaintiff's job performance, including baseless allegations of failure to complete work tasks while Plaintiff was on protected FMLA leave. These statements were shared in administrative meetings and written correspondence, further damaging Plaintiff's professional standing.

- o The false and damaging narrative created by Defendant's actions directly impacted Plaintiff's ability to advance into administrative roles within APS and pursue external employment prospects in education. This perpetuated a false perception of incompetence and instability, causing Plaintiff significant emotional

37

Exhibit A – Plaintiff Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-038 (Page 38 of 75)

distress, professional isolation, and financial harm. As a result, Plaintiff has missed opportunities for career advancement into roles with substantially higher earning potential, both within APS and beyond.

Plaintiff refers Defendant to documents and communications already in its possession, including records of the internal investigation, email correspondence, and witness statements, which document the defamatory remarks and their impact on Plaintiff's career.  Plaintiff reserves the right to amend or supplement this response pursuant to FRCP 26(e) if additional facts, evidence, or documentation become available during the course of discovery or as further investigation is conducted. Nothing in this response should be construed as a waiver of Plaintiff's objections or rights under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 25:**      Please provide a summary of the material facts which show and/your which you contend support your claim in your Complaint at Count IV paragraphs 30-31 alleging that Defendant APS breached the terms of your employment contract. In your response, please include: a) the section of your employment contract that you contend was violated; b) each date that you claim your leave was interfered with; c) the name of the person who allegedly interfered with your leave and/or that threatened you with disciplinary action; d) the dates that you were allegedly required to attend on-line meetings while on leave; e) who attended the on-line meetings referenced in your complaint.

**ANSWER:** Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and improper under FRCP 33(a)(1), as it combines multiple distinct subparts into a single

Exhibit A-25 Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-039 (Page 39 of 75)

interrogatory. Plaintiff also objects to the interrogatory as disproportionate to the needs of the case under FRCP 26(b)(1), as Defendant already possesses documentation and internal records concerning Plaintiff's leave and accommodations. In addition to being an improper compound interrogatory, Plaintiff further objects to Interrogatory No. 25 as seeking materials protected as attorney work product under FRCP 26(b)(3). Specifically, this interrogatory seeks to discover the impressions, legal theories, and legal opinions of counsel with respect to the acts constituting breach of contract and the specific contractual provisions allegedly breached, and to co-opt counsel into assisting Defendant with legal research.

Subject to and without waiving these objections, Plaintiff responds as follows:

Defendant APS breached the terms of Plaintiff's employment contract by interfering with Plaintiff's FMLA leave, failing to honor the negotiated agreement, and retaliating against Plaintiff, in violation of Plaintiff's contractual and legal rights. Specifically, as alleged in paragraphs 30 and 31 of Plaintiff's Complaint:

1. Defendant interfered with Plaintiff's approved leave by compelling Plaintiff to attend meetings during leave periods and delaying the processing of leave requests, contrary to Article 18 of the APS Negotiated Agreement, which guarantees protections for extended and FMLA leave.

2. Defendant engaged in retaliatory conduct by falsely accusing Plaintiff of abusing FMLA leave, issuing baseless performance critiques, and creating a hostile work environment,

39

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-040 (Page 40 of 75)

violating Article 4 of the APS Negotiated Agreement, which prohibits retaliation and guarantees equal rights.

3. Defendant failed to engage in the interactive process required under ADA guidelines, issuing superficial accommodations that disregarded Plaintiff's documented medical needs

Relevant sections of APS policies and agreements breached include:

- APS Negotiated Agreement, Article 18: Governing leave policies and FMLA protections

- APS Negotiated Agreement, Article 4: Guaranteeing non-discrimination and protection against retaliation.

- Employee Handbook Leave and ADA Guidelines: Outlining APS's responsibilities for timely processing of leave and accommodations

Plaintiff reserves the right to amend or supplement this response pursuant to FRCP 26(e) if additional facts, evidence, or documentation become available during the course of discovery or as further investigation is conducted. Nothing in this response should be construed as a waiver of Plaintiff's objections or rights under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 26:**    Are you claiming you are entitled to punitive damages in this case? If so, please:

a)    Identify the specific conduct you allege was willful, wanton, reckless, malicious, fraudulent or in bad faith;

Exhibit A-25 Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. A-041 (Page 41 of 75)

b)      Identify, by name and title, the person or persons who you allege committed the specific conduct you identified in subpart a); and

c)      Identify which causes of action cited in your complaint entitle you to punitive damages.

**ANSWER:**  Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, in violation of Federal Rule of Civil Procedure 26(b)(1). The interrogatory is vague and ambiguous in its request to identify "specific conduct" and uses undefined terms such as "willful," "wanton," "reckless," "malicious," "fraudulent," or "bad faith." Plaintiff further objects to the interrogatory to the extent it seeks premature disclosure of work-product protected information, including legal theories, mental impressions, and trial strategy, contrary to FRCP 26(b)(3). Specifically, this interrogatory seeks to co-opt counsel into assisting Defendant with legal research and analysis of alleged conduct constituting a breach of contract and supporting claims for punitive damages, which violates the provisions of FRCP 33(a)(1).

Specific Objections to Subparts:

1.  Subpart (a): Plaintiff objects to subpart (a) as overly broad and vague because it seeks an exhaustive and detailed analysis of alleged conduct, which is premature and reserved for expert testimony and trial. This request exceeds the permissible scope of discovery under FRCP 26(b)(1).

41

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-042 (Page 42 of 75)

2. Subpart (b): Plaintiff objects to subpart (b) as unduly burdensome and vague, requiring speculation about individuals' roles and motivations based on disputed allegations. It improperly seeks to identify individuals tied to specific conduct without sufficient factual foundation and invades the work-product privilege by compelling disclosure of potential trial strategy.

3. Subpart (c): Plaintiff objects to subpart (c) on the grounds that it improperly seeks legal conclusions regarding causes of action, which are reserved for the trier of fact and legal argument, contrary to FRCP 33(a)(2).

Subject to and Without Waiving Objections:

(a) Specific Conduct Identified:

Plaintiff alleges entitlement to punitive damages based on the following willful, wanton, reckless, malicious, fraudulent, and bad faith conduct by Albuquerque Public Schools (APS) and its employees:

1. Interference with FMLA Leave:

    a. Jessica Rivera deliberately placed Plaintiff's FMLA leave on hold without justification, despite Plaintiff's compliance with all legal requirements. This interference was a coercive tactic intended to compel Plaintiff to attend unnecessary meetings, including one scheduled with attorney Reni Zifferblatt regarding alleged "misuse of leave." The meeting was never held because Plaintiff began unpaid leave

42

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-043 (Page 43 of 75)

early on March 6, 2023, due to the lack of guidance on her responsibilities after her caseload was removed on February 28, 2023.

2. Harassment Regarding PTGs:

a. APS falsely claimed that Progress Toward Goals (PTGs) were Plaintiff's responsibility while she was on FMLA leave, even though they had been completed by substitutes covering her duties. Plaintiff was compelled to attend a meeting on January 11, 2023, where this false claim was reiterated, serving only to pressure and intimidate her.

3. Retaliation for Whistleblowing:

a. Following Plaintiff's whistleblower complaint to the New Mexico Public Education Department (PED), APS engaged in retaliatory actions. These included increased scrutiny of her work, assigning additional students to her caseload during her leave, and falsely accusing her of failing to fulfill professional obligations.

4. Defamation and Character Attacks:

a. Superintendent Annitra Atler made defamatory statements questioning Plaintiff's "stability" during an internal investigation, knowing Plaintiff was on FMLA leave and unable to adequately respond. These statements were malicious and intended to harm Plaintiff's professional reputation.

5. Denial of Career Advancement Opportunities:

a. Plaintiff was working toward obtaining an administrative license but was denied necessary mentorship opportunities by APS administration. Specifically, Annitra

Exhibit A-5 Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-044 (Page 44 of 75)

Atler refused to sign off on Plaintiff's required internship hours, effectively blocking her ability to advance professionally.

6. Witness Manipulation and Conspiracy:

   a. Witnesses interviewed during APS's internal investigations, including Bernadette Lucero Turner, Melissa Sedillo, Justin Griego, Socorro Rodriguez and Antoinette Romero, provided inconsistent statements and misrepresented their relationships with Plaintiff. These inconsistencies suggest coordination among APS employees to fabricate or exaggerate claims against Plaintiff.

7. Investigation Conducted While on Leave:

   a. APS retained attorney Renni Zifferblatt to investigate alleged "misuse of leave" and attempted to coerce Plaintiff into attending a meeting during her FMLA leave. Plaintiff ultimately avoided the meeting by starting unpaid leave early, but the attempt to compel her participation violated her federally protected rights and demonstrated bad faith.

8. Work-from-Home Denial and Non-Responsiveness:

   a. Before any meeting was scheduled, Socorro Rodriguez informed Plaintiff that she would not be permitted to work from home, denying a reasonable accommodation without justification. APS failed to respond to Plaintiff's inquiries about her responsibilities after all students were removed from her caseload, leaving her in professional limbo.

44

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-045 (Page 45 of 75)

9. Removal of Students from Caseload:

   a. APS removed all students from Plaintiff's caseload without explanation. Upon returning, Plaintiff received no guidance on her work responsibilities. Despite multiple requests, her supervisor did not meet with her to provide necessary direction, hindering her ability to perform her job.

10. Denied Meetings to Staff Students with Colleagues:

   a. Plaintiff requested meetings to staff her students with colleagues to ensure continuity of care during her leave. These meetings were never held, and her students were left without proper handover, negatively impacting their support and Plaintiff's professional obligations.

11. Ignored Requests for Meetings with Supervisor:

   a. Plaintiff repeatedly asked for meetings with her then-supervisor, Mr. Griego, to discuss student concerns, her caseload and work responsibilities, but these requests were ignored. This lack of communication prevented Plaintiff from effectively performing her duties and contributed to a hostile work environment.

(b) Persons Involved in the Conduct Identified in (a):

- Jessica Rivera (HR): For interfering with Plaintiff's FMLA leave and placing it on hold.

- Mr. Griego (Assistant Principal, Supervisor): For adding students to Plaintiff's caseload during leave, ignoring her requests for meetings, and participating in retaliatory actions.

- Annittra Atler (Associate Superintendent): For making defamatory comments, refusing to sign Plaintiff's internship hours, and participating in retaliatory actions.

Exhibit A-5 Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-046 (Page 46 of 75)

- Bernadette Lucero Turner (Director of Related Services, Supervisor): For providing inconsistent and misleading statements during the investigation. Bernadette falsely claimed that Plaintiff failed to complete her professional responsibilities, including Progress Toward Goals (PTGs), despite evidence showing these tasks were completed by substitutes while Plaintiff was on FMLA leave. Bernadette's statements directly contradicted other testimony and documentation, further highlighting a coordinated effort among APS employees to fabricate or exaggerate claims against Plaintiff. These actions demonstrate a willful and malicious attempt to damage Plaintiff's reputation and credibility.

- Antoinette Romero (Colleague): For making false and misleading statements during the investigation, misrepresenting her relationship with Plaintiff.

- Melissa Sedillo (Principal, Supervisor): For offering conflicting testimony during the investigation and participating in actions that harmed Plaintiff.

- Socorro Rodriguez (APS Employee): For denying Plaintiff the ability to work from home and failing to provide guidance after removal of her caseload.

- Reni Zifferblat (Attorney): For being retained to investigate alleged "misuse of leave" during Plaintiff's FMLA leave and attempting to compel her participation despite her protected leave status.

(c) Causes of Action Entitling Plaintiff to Punitive Damages:

1. Retaliation under the Family and Medical Leave Act (FMLA): APS repeatedly interfered with Plaintiff's FMLA leave through a series of unjustified actions, including:

46

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-047 (Page 47 of 75)

   a. APS interfered with Plaintiff's FMLA rights by placing her leave on hold without justification, attempting to compel her participation in meetings during leave, and retaliating against her for taking protected leave.  Harassing Plaintiff through ongoing investigations and unnecessary meetings during her leave periods.

2. Discrimination and Failure to Accommodate under the Americans with Disabilities Act (ADA):

   a. APS denied reasonable accommodation requests, including the ability to work from home, and failed to engage in the interactive process required under the ADA.

3. Defamation and Slander:

   a. APS employees made false and defamatory statements about Plaintiff's professionalism and stability, causing harm to her reputation and career.

4. Retaliation for Whistleblowing:

   a. After Plaintiff reported concerns to the PED, APS engaged in retaliatory actions, including harassment, false accusations, and undermining her professional responsibilities.

Plaintiff reserves the right to amend or supplement this response as additional facts and evidence are uncovered during discovery.

   **INTERROGATORY NO. 27:**      Has any person, agency, or other party filed a complaint against you in your capacity as a social worker while you were employed at APS or thereafter? If yes, please state:

   a)      Name of the person who filed each complaint;

47

Exhibit A. Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-048 (Page 48 of 75)

b)        Basis of the complaint including the allegations made in each complaint;

c)        Who you were employed with at the time that each complaint was filed;

d)        Who investigated each complaint if it was investigated; and

e)        Outcome of each complaint.

ANSWER: Plaintiff objects to this interrogatory as overly broad and unduly burdensome, seeking information that is not proportional to the needs of the case, in violation of Federal Rule of Civil Procedure 26(b)(1). The interrogatory is vague and ambiguous in its request to identify "complaints" without specifying the types of complaints or narrowing the scope of time. Plaintiff further objects to the extent that the interrogatory seeks information about unrelated, confidential, or irrelevant matters, including complaints that are not material to the claims or defenses in this case.

**Specific Objections:**

1.  Plaintiff objects to subpart (b) of this interrogatory to the extent it seeks confidential information protected under the *Health Insurance Portability and Accountability Act (HIPAA)* or the confidentiality provisions of the National Association of Social Workers (NASW) Code of Ethics. Any disclosure of confidential client information is limited to what is necessary and permissible under applicable laws and professional ethics.

2.  Plaintiff objects to subpart (d) as vague and overbroad in requesting the identification of "who investigated each complaint" without distinguishing between formal investigations and informal reviews.

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-049 (Page 49 of 75)

3.  Plaintiff objects to subpart (e) as it seeks information regarding the "outcome" of complaints in a manner that may mischaracterize or oversimplify the resolution process, particularly where no formal findings were made or disciplinary actions taken.

Subject to and Without Waiving Objections: Yes, a complaint was filed against me in my capacity as a social worker while employed by Albuquerque Public Schools (APS). I believe the complaint was retaliatory in nature, filed as a response to my advocacy on behalf of students with disabilities and my efforts to notify parents about critical health and safety concerns regarding their children. Specific information regarding the complaint is provided below:

(a) Name of the Person Who Filed the Complaint:

- The complaint originated with Michelle Tregembo-Allen, who previously held the position of Assistant Principal of Special Education at Volcano Vista High School and directly supervised me. She later became the State Ombudsman for Special Education.

- The complaint was forwarded by Justin Griego, the Assistant Principal of Special Education and Principal, Melissa Sedillo, a supervisor overseeing Mr. Griego.

(b) Basis of the Complaint, Including Allegations Made in the Complaint:

The complaint alleged that I violated confidentiality protocols by disclosing sensitive student information, accusing me of "outing" a certain student in a manner that breached confidentiality. Specifically, it was claimed that I acted unprofessionally, suggesting that I disclosed information to parents inappropriately.

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-050 (Page 50 of 75)

These allegations misrepresented my professional obligations and duties as a licensed social worker. My actions, which included notifying parents about significant health and safety concerns involving their children, were consistent with the professional limits of confidentiality in social work.

Limits to Confidentiality in the Profession:

As a social worker, my confidentiality obligations are governed by both the National Association of Social Workers (NASW) Code of Ethics and applicable laws. The NASW Code of Ethics provides specific exceptions to confidentiality when necessary to protect the health, safety, and welfare of clients (students) or to inform parents of critical issues involving their children. Disclosures must be limited to the minimum amount necessary to achieve these purposes, and my actions adhered to this professional standard.

During her time as Assistant Principal, Ms. Tregembo-Allen supervised my work as I advocated for students JC, SC, and JP. I worked closely with their families to address critical concerns related to their education, health, and safety. Throughout this period, Ms. Tregembo-Allen discouraged my communication with these families and expressed disapproval of my efforts to address these students' needs. I believe the complaint was retaliatory, rooted in my continued commitment to advocacy for these students, despite her opposition while in that role.

(c) At the time the complaint was filed, I was employed by Albuquerque Public Schools (APS) as a licensed social worker at Volcano Vista High School.

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-051 (Page 51 of 75)

(d) The investigation was conducted by an external investigator retained by APS. I was on FMLA leave at the time of my interview with the investigator. The investigation lacked objectivity and impartiality due to the involvement of individuals with retaliatory motives, including Michelle Tregembo-Allen, who had previously supervised me and opposed my advocacy efforts.

**(e)** The investigator's report concluded that I acted unprofessionally, but this finding was inconsistent with the evidence, which demonstrated my adherence to professional and ethical standards as a social worker. The report inaccurately portrayed my actions and ignored the limits of confidentiality recognized within the profession.  As a licensed social worker, I am legally and ethically obligated to disclose information when necessary to protect the health, safety, and welfare of my clients (students). My actions were consistent with these ethical responsibilities and fell within the permissible limits of confidentiality as outlined by the NASW Code of Ethics. Records of my interactions with families and professional guidelines on confidentiality demonstrate that my actions were appropriate and within ethical standards.

Plaintiff reserves the right to supplement or amend this response as further information becomes available.

  **INTERROGATORY NO. 28:**  Has any parent of an APS student requested that their child be removed from your caseload? If yes, please state:

  a)  Name of the person who filed each request;

  b)  Basis of the request including the allegations made in each request;

  c)  Which school you were employed with at the time that each request was filed;

Exhibit A: Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-052 (Page 52 of 75)

> d)      Who investigated each request if it was investigated; and

> e)      Outcome of each request.

**ANSWER:** Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, in violation of Federal Rule of Civil Procedure 26(b)(1). The interrogatory is vague and ambiguous in its request to identify "requests" without defining the scope of what constitutes a "request" or narrowing the time frame for the inquiry.

Plaintiff further objects to this interrogatory to the extent it seeks information that is protected by the *Health Insurance Portability and Accountability Act (HIPAA)*, state confidentiality laws, and the National Association of Social Workers (NASW) Code of Ethics. Any disclosure of client-related information, including parent requests regarding their children, is limited to the minimum necessary to comply with applicable confidentiality obligations. Providing the names of individuals or specific details about requests would violate these confidentiality protections.

Plaintiff also objects to subparts (a) through (e) as cumulative, compound, and unduly burdensome, particularly in their request for an exhaustive list of individuals and allegations without regard for the relevance of such information to the claims or defenses in this case. Subparts (d) and (e) are additionally objectionable because they seek information about "investigations" and "outcomes" where no formal investigation was conducted, making the subparts vague, misleading, and speculative.

Specific Objections to Subparts:

52

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-053 (Page 53 of 75)

1. Plaintiff objects to providing the names of individuals under *HIPAA*, state confidentiality laws, and professional ethics, as disclosing such information could reveal protected health information or sensitive details about minor students.

2. Plaintiff objects to subpart (b) as overly broad and unduly burdensome in requesting the "basis" of any and all requests, without defining the scope or relevance of such information to the claims or defenses in this case.

3. Plaintiff objects to subpart (d) because no formal investigations were conducted regarding parent requests for changes to caseloads. The term "investigated" is vague and ambiguous in this context.

4. Plaintiff objects to subpart (e) because it seeks details about "outcomes" that are speculative or outside the knowledge of Plaintiff, particularly where no formal process was followed, or requests were handled unilaterally by administration.

Subject to and Without Waiving Objections:  To the best of my knowledge and recollection:

(a) I am not aware of any specific parent of an APS student formally filing a written or documented request to have their child removed from my caseload. However, I am aware of instances where Mr. Justin Griego, Assistant Principal at Volcano Vista High School, suggested to parents that their students be moved to another social worker. These actions appear to have been initiated by Mr. Griego rather than directly requested by parents.

(b) In 2021, one parent expressed anger toward me after I filed a CYFD report concerning the parent. This report was required under my professional and legal obligations as a licensed social worker. The student in question was also included in my complaint to the New Mexico

53

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-054 (Page 54 of 75)

Public Education Department (PED) regarding concerns that the administration at Volcano Vista High School, including Mr. Griego, was not complying with the student's Individualized Education Plan (IEP) or NMAA rules.

Specifically, this student was failing every class, not attending school, and therefore ineligible for extracurricular activities, including cheerleading. Despite these facts, the administration continued to allow the student to participate in cheerleading, even after I raised these concerns. My advocacy for the student's educational needs and adherence to NMAA eligibility rules appears to have contributed to the parent's frustration and subsequent communication with Mr. Griego.

(c) Assigned to Volcano Vista High School since 2019.

(d) No formal investigation was conducted regarding parent requests to change caseload assignments. Any changes to caseloads were handled informally and at the discretion of administration, primarily Mr. Griego, without my involvement.

(e) The student mentioned above was reassigned to another social worker's caseload without discussions with me and merely stated in an email initiated by Mr. Griego. Despite the reassignment, the student did not return to school and remained disengaged from educational services.

Other students have been removed from my caseload and reassigned by Mr. Griego's since his arrival in August 2021.  In my nine years with APS, I do not recall any prior instances of parents requesting changes to my caseload. Moreover, it has not been customary or allowed within APS for parents to dictate social worker caseload assignments.

54

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-055 (Page 55 of 75)

The reassignment of students appears to be part of a broader effort by Mr. Griego to undermine my role as a social worker at Volcano Vista High School, particularly following my whistleblower complaint to the PED. These actions were not standard practice within APS and were inconsistent with the norms I experienced during my tenure with the district.

Plaintiff reserves the right to supplement or amend this response as further information becomes available.

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-056 (Page 56 of 75)

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all documents and materials, including but not limited to writings, recordings (audio and video), electronic communications, and any other materials referenced, relied upon, or consulted in responding to the interrogatories.

**ANSWER:**  Plaintiff will produce responsive, non-privileged documents within Plaintiff's possession, custody, or control that are relevant to the claims, injuries, or damages alleged in this lawsuit. Specifically, Plaintiff will produce relevant portions of diaries, notes, journals, or other records that directly pertain to the events, injuries, and damages related to the assertions in the Complaint.

Plaintiff reserves the right to supplement or amend this response as additional relevant documents are identified or if privilege review identifies any documents inadvertently omitted from this response.

**REQUEST FOR PRODUCTION NO. 2:**  Please produce a copy of all diaries, notes, journals, calendars, letters (other than those to and from your attorney), memorandums, complaints, recordings (audio and video), authored or recorded by you that reflect or refer to any of the events, the injuries, and the damages which are involved in this lawsuit or which are related to your assertions in the Complaint.

**RESPONSE:**  Plaintiff will produce responsive, non-privileged documents within Plaintiff's possession, custody, or control that are relevant to the claims, injuries, or damages alleged in this lawsuit. Specifically, Plaintiff will produce relevant portions of diaries, notes,

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-057 (Page 57 of 75)

journals, or other records that directly pertain to the events, injuries, and damages related to the assertions in the Complaint.

Plaintiff reserves the right to supplement or amend this response as additional relevant documents are identified or if privilege review identifies any documents inadvertently omitted from this response.

**REQUEST FOR PRODUCTION NO. 3:** Please produce a copy of all text messages, emails, Facebook messages or postings, YouTube postings, Myspace postings, blog entries, tweets, or other electronic communications, including recordings of electronic communications (audio and video), that reflect or refer to any of the events, injuries, and/ or damages you seek in this case.

**RESPONSE:** Plaintiff will produce responsive, non-privileged documents within Plaintiff's possession, custody, or control that are relevant to the claims, injuries, or damages alleged in this lawsuit. Specifically, Plaintiff will produce relevant portions of diaries, notes, journals, or other records that directly pertain to the events, injuries, and damages related to the assertions in the Complaint.

Plaintiff reserves the right to supplement or amend this response as additional relevant documents are identified or if privilege review identifies any documents inadvertently omitted from this response.

**REQUEST FOR PRODUCTION NO. 4:** Please produce a copy of every written or recorded statement (audio and video), made by any party or witness who may have, or claims to have, knowledge or information related to the facts alleged in the Complaint regarding the alleged actions of Defendant APS or its agents, excluding those your attorney may have created or drafted.

57

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. A-058 (Page 58 of 75)

**RESPONSE:**    Plaintiff will produce responsive, non-privileged documents within Plaintiff's possession, custody, or control that are relevant to the claims, injuries, or damages alleged in this lawsuit. Specifically, Plaintiff will produce relevant portions of diaries, notes, journals, or other records that directly pertain to the events, injuries, and damages related to the assertions in the Complaint.

Plaintiff reserves the right to supplement or amend this response as additional relevant documents are identified or if privilege review identifies any documents inadvertently omitted from this response.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a complete copy of all medical and mental health records (whether physical, psychological, emotional, or other), in your possession, that reflect any treatment for conditions you allege occurred or were exacerbated by the matters alleged in the Complaint.

**RESPONSE:**  Plaintiff objects to this request as duplicative and overly broad. Relevant medical records and documents have already been provided. Without waiving this objection, Plaintiff will supplement this production if additional relevant documents are identified.

**REQUEST FOR PRODUCTION NO. 6:** Please produce any bills for expenses incurred by you as a result of the injuries alleged in the Complaint, including, but not limited to, any and all medical, counseling, and psychiatric therapy bills, along with any other expenses for which you seek reimbursement in this case.

**RESPONSE:** Plaintiff objects to this request as duplicative and overly broad. Relevant medical records and documents have already been provided. Without waiving this objection, Plaintiff will supplement this production if additional relevant documents are identified.

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. A-059 (Page 59 of 75)

**REQUEST FOR PRODUCTION NO. 7:** Please produce a copy of each and every statement, transcript of recording, or deposition given by you, regarding any of the events or occurrences referred to in the Complaint.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, and duplicative, as Defendant already possesses copies of all statements, transcripts, and recordings related to investigations concerning the events referenced in the Complaint. Plaintiff further objects to the extent this request seeks materials protected by the attorney-client privilege or work-product doctrine under FRCP 26(b)(3), as it improperly attempts to compel disclosure of legal theories, mental impressions, or trial strategy. This request is disproportionate to the needs of the case under FRCP 26(b)(1), given that Defendant, as the investigating party, is in possession of the requested materials.

**REQUEST FOR PRODUCTION NO. 8:** Please produce any and all documents or other tangible items including any recordings (audio and video), electronic materials, and any other materials that relate to any allegation, event, injury or damage related to the Complaint, and/or that you may use or intend to use as exhibits or otherwise introduce at the trial of this matter.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case under FRCP 26(b)(1). Plaintiff also objects to producing materials already in Defendant's possession or control, as well as privileged documents protected by the attorney-client privilege and work-product doctrine under FRCP 26(b)(3).

Subject to and Without Waiving the Above Objections: Plaintiff has identified non-privileged, relevant documents and materials that will be produced. Plaintiff reserves the right to

59

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-060 (Page 60 of 75)

supplement this response pursuant to FRCP 26(e) as additional materials are reviewed or identified.

**REQUEST FOR PRODUCTION NO. 9:**  To the extent not addressed by the foregoing Requests for Production, please produce a copy of all documents, recordings (audio and video), photographs, diagrams, drawings, and other tangible items that concern, refer to, or otherwise relate to:

a)      The allegations in the Complaint;

b)      Plaintiff's alleged injuries; and

c)      Plaintiff's claims for damages.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks "all documents, recordings (audio and video), photographs, diagrams, drawings, and other tangible items" relating to broad and vaguely defined categories, making compliance excessively burdensome and speculative.

Plaintiff further objects to this request to the extent it seeks:

(a) Duplicative materials already in Defendant's possession or control, rendering the request unnecessary.

(b) Materials protected under the attorney-client privilege, work-product doctrine, or other applicable privileges under FRCP 26(b)(3), including legal theories, trial strategies, and materials prepared in anticipation of litigation.

60

Case 1:23-cv-00899-GBW-JMR    Document 97-1    Filed 04/04/25    Page 61 of 75

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-061 (Page 61 of 75)

(c) Documents subject to ambiguous terms such as "concern, refer to, or otherwise relate to," which lack clear definition and create an undue burden by requiring Plaintiff to speculate as to what might fall within the scope of the request.

Subject to and Without Waiving the Above Objections:

(a) Plaintiff will produce relevant, non-privileged materials in Plaintiff's possession, custody, or control that are directly responsive to this request, subject to a reasonable interpretation of the scope.

(b) Plaintiff reserves the right to supplement this response in accordance with FRCP 26(e), should additional materials become available or identified during the course of discovery.

(c) Plaintiff will not reproduce materials already in Defendant's possession or control and will not produce privileged documents protected under FRCP 26(b)(3).

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents and other materials, including but not limited to all recordings, (audio and video), electronic communications and other materials that Plaintiff or anyone acting on her behalf provided to or received from any employee of Defendant APS that relate in any way to your claims, injuries, or damages asserted in this lawsuit.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks "all documents and other materials" related to Plaintiff's claims, injuries, or damages without reasonable limitation in scope, time, or subject matter, making the request excessively burdensome and speculative.

61

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-062 (Page 62 of 75)

Plaintiff further objects to this request to the extent it seeks:

(a) Materials already in Defendant's possession or control, including electronic communications or documents originating from Defendant or its employees.

(b) Documents protected by attorney-client privilege or work-product doctrine under FRCP 26(b)(3), including communications, notes, or analyses prepared in anticipation of litigation.

(c) Materials subject to vague and ambiguous terms such as "relate in any way," which lack clear definition and impose an undue burden by requiring Plaintiff to speculate as to what might fall within the scope of the request.

Subject to and Without Waiving the Above Objections:

(a) Plaintiff will produce relevant, non-privileged materials in Plaintiff's possession, custody, or control that are directly responsive to this request, subject to a reasonable interpretation of its scope.

(b) Plaintiff reserves the right to supplement this response in accordance with FRCP 26(e), should additional materials become available or identified during the course of discovery.

(c) Plaintiff will not produce duplicative materials already in Defendant's possession or control or privileged documents protected under FRCP 26(b)(3).

**REQUEST FOR PRODUCTION NO. 11:** Please produce any investigation reports, accident/incident reports, complaints or grievances submitted regarding the allegations set forth in your Complaint, aside from the letter attached to the Complaint as Exhibit A.

62

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-063 (Page 63 of 75)

**RESPONSE:**  Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks "any investigation reports, accident/incident reports, complaints, or grievances" without reasonable limitation as to scope, time, or relevance, making it overly burdensome and speculative.  Plaintiff further objects to this request to the extent it seeks:

(a) Materials already in Defendant's possession or control, including investigation reports or complaints initiated or maintained by Defendant.

(b) Documents protected by the attorney-client privilege, work-product doctrine, or other applicable protections under FRCP 26(b)(3), including internal notes or communications prepared in anticipation of litigation.

(c) Privileged materials relating to confidential complaints or grievances unrelated to the specific allegations in Plaintiff's Complaint, as these are neither relevant nor proportional to the issues in this matter.

Subject to and Without Waiving the Above Objections:

(a) Plaintiff has already provided the letter attached to the Complaint as Exhibit A, which forms part of the factual basis for Plaintiff's claims.

(b) Plaintiff will produce additional relevant, non-privileged materials in Plaintiff's possession, custody, or control that are directly responsive to this request, subject to a reasonable interpretation of its scope and limitations.

(c) Plaintiff will not produce duplicative materials already in Defendant's possession or privileged documents protected under FRCP 26(b)(3). Plaintiff reserves the right to supplement this response as necessary under FRCP 26(e).

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. A-064 (Page 64 of 75)

**REQUEST FOR PRODUCTION NO. 12**: Please produce a copy of the curriculum vitae of any expert witness you will call to testify at trial along with a copy of all documents you sent to or received from any expert witness you will call to testify at trial.

**RESPONSE:** Plaintiff does not have any responsive documents to produce at this time. Plaintiff reserves the right to supplement or amend this response should Plaintiff identify or designate an expert witness in the future in accordance with the court's scheduling order or applicable rules.

**REQUEST FOR PRODUCTION NO. 14:** Please produce any documents, photographs, drawings, memorandums, writings, recordings (audio and video), or other tangible items that support your contention that APS failed to provide you with any requested accommodation in violation of the ADA, as alleged in your complaint.

**ANSWER:** Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks "any documents, photographs, drawings, memorandums, writings, recordings (audio and video), or other tangible items" without reasonable limitation as to scope, time, or relevance. Such an expansive request imposes an undue burden and fails to specify the documents sought with sufficient particularity. Plaintiff further objects to this request to the extent it seeks:

**(a)** Duplicative materials already in Defendant's possession, including correspondence or documents originating from APS or its employees regarding Plaintiff's accommodation requests.

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-065 (Page 65 of 75)

**(b)** Materials protected by the attorney-client privilege, work-product doctrine, or other applicable protections under FRCP 26(b)(3), including communications or notes prepared in anticipation of litigation.

**(c)** Vague and ambiguous terms such as "support your contention" and "violation of the ADA," which lack clarity and require Plaintiff to speculate about the scope of the documents being requested.

Subject to and Without Waiving the Above Objections:

**(a)** Plaintiff will produce relevant, non-privileged materials in Plaintiff's possession, custody, or control that are responsive to this request and support Plaintiff's claims under the ADA, subject to reasonable limitations.

**(b)** Plaintiff reserves the right to supplement this response in accordance with FRCP 26(e), should additional materials become available or identified during the course of discovery.

**(c)** Plaintiff will not produce duplicative materials already in Defendant's possession or privileged documents protected under FRCP 26(b)(3).

**REQUEST FOR PRODUCTION NO. 15:** Please produce a copy of your discharge papers from the military branch that you served in.

**ANSWER**: Plaintiff objects to this request on the grounds that it seeks information that is irrelevant to the claims, defenses, injuries, or damages at issue in this lawsuit. Plaintiff's military discharge papers pertain to service that concluded more than twelve years prior to Plaintiff's

65

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-066 (Page 66 of 75)

employment with Albuquerque Public Schools (APS), and thus have no bearing on the events, allegations, or claims raised in the Complaint. Given the significant time gap and lack of any connection to Plaintiff's employment or claims in this case, this request is not proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1).

Additionally, Plaintiff objects on the grounds of privacy, as the requested documents contain personal and sensitive information that is not relevant to any issue in this litigation.

Accordingly, Plaintiff declines to produce the requested documents.

**REQUEST FOR PRODUCTION NO. 16:** If you are claiming lost wages or future lost earning capacity, please execute the attached IRS Form 4506 "Request for Copy of Tax Return."

**RESPONSE:** Plaintiff objects to this request on the grounds that it seeks irrelevant, overbroad, and private information. Production of full tax returns would unnecessarily disclose personal financial information unrelated to Plaintiff's claims in this lawsuit. Tax returns contain sensitive information, much of which has no bearing on the calculation of lost wages or future lost earning capacity.

Furthermore, Defendant is already in possession of Plaintiff's earnings records from Plaintiff's employment with APS, which are directly relevant to any lost wage calculation. Any additional income earned by Plaintiff through separate, independent contractor work was supplemental and unrelated to Plaintiff's employment with APS. As such, it has no bearing on the calculation of lost wages attributable to APS.

Without waiving these objections, Plaintiff will produce relevant portions of earnings records or other financial documentation sufficient to demonstrate income related to Plaintiff's

66

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-067 (Page 67 of 75)

claims for lost wages or future lost earning capacity in connection with APS. Plaintiff declines to execute IRS Form 4506 for the blanket disclosure of full tax returns.

Plaintiff reserves the right to supplement or amend this response should additional relevant financial information become necessary to substantiate any claims in this lawsuit.

**REQUEST FOR PRODUCTION NO. 17:** Please execute the attached mental health release.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). Defendant is already in possession of Plaintiff's medical records relevant to the claims, injuries, and damages alleged in this lawsuit. A blanket release for additional mental health records would unnecessarily invade Plaintiff's privacy and disclose sensitive information unrelated to the matters at issue.

Without waiving these objections, Plaintiff will not execute the attached mental health release. Plaintiff's prior disclosures and the medical records already provided are sufficient to address any relevant claims of emotional distress, if applicable, in this case.

Plaintiff reserves the right to supplement or amend this response should additional relevant information become necessary for the claims in this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:** Please execute the attached educational release.

Exhibit A-25 Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-068 (Page 68 of 75)

**RESPONSE:**  Plaintiff objects to this request on the grounds that it seeks information that is irrelevant to the claims, defenses, injuries, or damages at issue in this lawsuit and is not proportional to the needs of the case as required by *Federal Rule of Civil Procedure 26(b)(1).* Plaintiff's educational records have no bearing on the events, allegations, or claims raised in the Complaint and are therefore not reasonably calculated to lead to the discovery of admissible evidence.

Additionally, Plaintiff objects to this request on the grounds of privacy, as Plaintiff's educational records contain personal and sensitive information with no demonstrated relevance to the issues in this litigation.

Accordingly, Plaintiff declines to execute the attached educational release.

**REQUEST FOR PRODUCTION NO. 19:** Please  execute  the  attached  employment release.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). Plaintiff's prior employment records, unrelated to the claims, injuries, or damages alleged in this lawsuit, have no bearing on the events or allegations in the Complaint and are therefore not reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, Plaintiff objects on the grounds of privacy, as the requested employment release would disclose sensitive and personal information unrelated to Plaintiff's employment with Albuquerque Public Schools (APS), which is the focus of the claims in this case. Defendant already

68

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-069 (Page 69 of 75)

possesses the relevant employment records from Plaintiff's time with APS, which are sufficient

for the purposes of addressing any claims or defenses related to this litigation.

Accordingly, Plaintiff declines to execute the attached employment release.

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-070 (Page 70 of 75)

## REQUESTS FOR ADMISSION

Pursuant to Rule 26(b)(1) FED. R. CIV. P, Defendant APS asks Plaintiff Harris-Lipe (LIPE) to admit, for the purposes of this action only, the truth of each matter set forth below.

The truth of each such matter shall be admitted unless LIPE timely serves upon Paul Hunt a written answer or objection addressed to the matter. If objection is made, LIPE's reasons therefore shall be stated. The objection shall specifically deny the matter or set forth in detail the reasons why LIPE cannot truthfully admit or deny the matter.

A denial, if any, shall fairly meet the substance of the requested admission, and when good faith requires that LIPE qualify its answer or deny only a part of the matter of which an admission is requested, LIPE shall specify so much of it as is true and qualify or deny the remainder.

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-071 (Page 71 of 75)

**REQUEST FOR ADMISSION NO. 1:**    Please admit that you did not file a grievance with APS pertaining to any ADA accommodation sought while employed at APS.

**ADMIT** _____                **DENY** _____

Plaintiff objects to this request as vague and ambiguous in its use of the term "grievance," which is undefined and may not accurately reflect the terminology or processes used by APS for internal complaints. **Subject to and Without Waiving the Objection:** Plaintiff clarifies that she did file an internal complaint related to request for ADA accommodations while employed at APS.

**REQUEST FOR ADMISSION NO. 2:**    Please Admit that on March 4, 2023, you notified the APS leave office that you wanted to move your requested leave of absence from March 25, 2023 to March 6, 2023.

**ADMIT  X_**                **DENY** _____

**REQUEST FOR ADMISSION NO. 3:**    Please admit that one of your job responsibilities as a social worker for APS was to be available to provide crisis intervention on the school campus when needed.

**ADMIT** _____                **DENY** _____

Plaintiff objects to this request as it is vague and potentially misleading. While the general job description for social workers at APS may list crisis intervention as a potential responsibility, APS's procedural directives specifically designate primary responsibility for crisis intervention to other staff, such as school counselors and nurses. According to APS policy, social workers, as ancillary staff, may only assist with crisis intervention in limited situations and typically as

71

Exhibit A-25 Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-072 (Page 72 of 75)

outlined in a student's Individualized Education Program (IEP) or Behavioral Intervention Plan (BIP).

When ancillary staff, including social workers, participate in crisis intervention, it is generally in a supporting role focused on maintaining the student's Least Restrictive Environment (LRE) as mandated by the student's IEP or BIP, rather than as a primary or standalone responsibility. Accordingly, Plaintiff cannot admit this request as written, as it does not accurately reflect the specific directives and limitations set forth by APS policies regarding the role of ancillary staff in crisis intervention.

**REQUEST FOR ADMISSION NO. 4:**    Please admit that you are required to comply with the National Association of Social Worker's Code of Ethics.

**ADMIT** __X__         **DENY** _____

**REQUEST FOR ADMISSION NO. 5:**    Please admit that you are required to comply with all provisions of the New Mexico Administrative Code Section 16.63.16.8 Social Workers' Ethical Responsibilities to Clinets.

**ADMIT** __X__         **DENY** _____

**REQUEST FOR ADMISSION NO. 6:**    Please admit that you are required to comply with all provisions of the New Mexico Administrative Code Section 16.63.16.11 Social Workers' Ethical Responsibilities as Professionals.

**ADMIT** __X__         **DENY** _____

72

Exhibit A – Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-073 (Page 73 of 75)

**REQUEST FOR ADMISSION NO. 7:**    Please admit that you are required to comply with all provisions of the New Mexico Administrative Code Section 16.63.16.12 Social Workers' Ethical Responsibilities to the Social Work Profession.

**ADMIT**__X__         **DENY**_____

Please admit that you are required to comply with all provisions of the New Mexico Administrative Code Section **6.62.2.10**

**ADMIT**_____         **DENY** __X__

Plaintiff denies that she is required to comply with **NMAC 6.62.2.10**, as this section pertains to licensure requirements for educational administrators. Plaintiff does not hold an administrative license and, therefore, is not subject to the provisions outlined in this section.

**REQUEST FOR ADMISSION NO. 8:**    Please admit that you are required to comply with all provisions of the New Mexico administrative code section 16.63.16 et. seq. Social Workers' Code of Conduct.

**ADMIT** _X__         **DENY**_____

73

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. A-074 (Page 74 of 75)

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**


By:     /s/ Renni Zifferblatt
        Renni Zifferblatt
        Attorney for APS Defendant
        500 Marquette Ave., NW, Suite 700
        Albuquerque, NM 87102
        (505) 242-2228
        (505) 242-1106 (facsimile)
        renni@roblesrael.com

Case 1:23-cv-00899-GBW-JMR    Document 97-1    Filed 04/04/25    Page 75 of 75

Exhibit A - Plaintiff's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. A-075 (Page 75 of 75)

**VERIFICATION**

**STATE OF NEW MEXICO**            )
                                  ) ss
**COUNTY OF**                      )


I, Tatia O. Harris-Lipe, being first duly sworn upon oath deposes and states:

That I have reviewed Defendant's First Set of Interrogatories to Plaintiff Tatia Lipe and have answered each fully and completely and that the answers contained herein are true and correct to the best of my knowledge and belief.

SUBSCRIBED, AND SWORN TO before me this   18th   day of Novemb,er 2024, by Tatia O. Harris-Lipe
            _____        _____


_Tatia O Harris-Lipe_
Tatia O. Harris-Lipe

Notary Public


My commission expires:
  09/30/2026



**Daniel Grimaldo**

ID NUMBER
133993204
COMMISSION EXPIRES
**September 30, 2026**

Electronically signed and notarized online using the Proof platform.