Exhibit B — Defendant's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-001 (Page 1 of 19)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**TATIA LIPE,**

      **Plaintiff,**

**v.**                    **Case No. 1:23-cv-00899-GBW-JMR**

**ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT
OF PUBLIC EDUCATION,**

      **Defendants.**

**DEFENDANT ALBUQUERQUE PUBLIC SCHOOL'S
RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION**

      COMES NOW Defendant, Albuquerque Public Schools (APS), by and through its

attorneys of record (M. Karen Kilgore and Laura M. Castille), pursuant to Rules 26, 33 and 34 of

the Federal Rules of Civil Procedure, and responds to Plaintiff's First Set of Interrogatories and

Requests for Production as follows:

INTERROGATORIES

      INTERROGATORY NO. 1: Identify all persons who provided the knowledge, documents,

or information used, reviewed, or referenced in answering these interrogatories. For each person,

provide:

      (a) Full name and job title.

      (b) Role in providing the information.

      (c) A description of the information or documents the provided.

      **ANSWER:**
      **Melissa Sedillo**
      **Principal**

Exhibit B – Defendant's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-002 (Page 2 of 19)

**Volcano Vista High School**

**Justin Griego**
**Assistant Principal**
**Volcano Vista High school**

**Socorro Rodriguez**
**ADA Coordinator**
**Albuquerque Public Schools**

These individuals assisted in, and will continue to assist in, responding to these Interrogatories and Requests for Production.

INTERROGATORY NO. 2:  Identify all administrators of Volcano Vista High School from 2019 to the present. For each, provide:

(a) Full name, title, dates of employment.

(b) Whether any grievances, complaints, or disciplinary actions were filed against them.

(c) Description of each grievance, complaint or disciplinary action.

(d) The name of the complainant for each grievance or complaint.

(e) Date the grievance, complaint or disciplinary action was filed.

(f) Names of investigator(s) involved.

(g) Outcome of the investigation.

**ANSWER: Defendant APS objects to this Interrogatory as vague and overbroad to the extent it seeks information as to Volcano Vista High School administrators other than Principal Melissa Sedillo and Assistant Principal Justin Griego. Principal Sedillo has no grievances, complaints or disciplinary actions against her and other than Plaintiff's Complaint, Assistant Principal Griego has no disciplinary actions or complaints against him.**

2

Exhibit B – Defendant's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-003 (Page 3 of 19)

INTERROGATORY NO. 3:  Identify all APS District Administrators or personnel involved in the decision -making process regarding Plaintiff's ADA accommodation and FMLA leave requests, including the administrator responsible for overseeing related services (which includes social workers, speech therapists, ad occupational therapists) from 2019 to the present.

For each, identify all grievances, complaints, or disciplinary actions filed against them, as well as any grievances or complaints in which they were involved in any capacity. For each , provide:

    (a) Full name, title, dates of employment

    (b) Their specific role in the decision-making process

    (c) Whether any grievances, complaints, or disciplinary actions were filed against them

    (d) Name of the complainant for each grievance or complaint

    (e) Description and details of the complaint

    (f) Date the complaint was filed.

**ANSWER: Defendant APS objects to this Interrogatory as vague and overbroad to the extent it seeks information as to Volcano Vista High School administrators other than Principal Melissa Sedillo, Assistant Principal Justin Griego and ADA Coordinator Socorro Rodriguez. Principal Sedillo, Assistant Principal Griego and Coordinator Rodriguez have no grievances, complaints or disciplinary actions against them other than Plaintiff's Complaint.**

INTERROGATORY NO. 4:  Identify any individuals interviewed as witnesses or whose interviews were considered in any investigation findings related to Plaintiff's complaints. For each individual provide:

    (a) Full name, job title, dates of employment

    (b) Their specific role in the investigation

Case 1:23-cv-00899-GBW-JMR    Document 97-2    Filed 04/04/25    Page 4 of 19

Exhibit B-004 Defendant's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-004 (Page 4 of 19)

(c) Any grievances, complaints, or disciplinary actions filed against them, including a description of each complaint, the name of complainant, the date it was filed, and the outcome.

**ANSWER: Defendant APS objects to this Interrogatory as vague and overbroad. Without waiving these objections, Defendant APS states that other than Plaintiff's complaints, Ms. Sedillo, Mr. Griego and Ms. Rodriguez have not had any grievances, complaints or disciplinary actions filed against them.**

INTERROGATORY NO. 5: For each individual identified in Interrogatory No. 1-4, state if they were a party to any previous civil lawsuit, claim not resulting in a lawsuit, or any other legal proceeding (other than a criminal matter), including an eviction or debt collection, as either ra plaintiff or a defendant, please provide the name and cause or case number of the case, the date when the complaint/charge/claim was filed, the names of the parties to the case, the name and location (city and state) of the court in which the complaint/charge/claim was filed, the attorney and law firms involved in the case, the subject matter of the case, and the outcome of the case.

**ANSWER: Defendant APS objects to this Interrogatory as vague and overbroad. Without waiving these objections, Defendant APS states that other than Plaintiff's complaints, Ms. Sedillo, Mr. Griego and Ms. Rodriguez have not had any grievances, complaints or disciplinary actions filed against them.**

INTERROGATORY NO. 6.: For each individual identified in Interrogatory No. 1-4 state whether they have ever been charged with or convicted of any criminal offense, excluding traffic violations. If so, please state the date of the charge or conviction, the jurisdiction in which the charge or conviction occurred, the case caption and case number, and the current status of the

4

Exhibit B – Defendant's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-005 (Page 5 of 19)

charge or conviction. Please note that this includes expunged convictions and cases/charges that have been resolved or otherwise discharged.

**ANSWER: Defendant APS objects to this Interrogatory as vague and overbroad. Without waiving these objections, Defendant APS states that other than Plaintiff's complaints, Ms. Sedillo, Mr. Griego and Ms. Rodriguez have not been charged or convicted of any criminal offenses as described.**

INTERROGATORY NO. 7:  Identify all meetings requested by Plaintiff to discuss student concerns, ADA and FMLA matters, and other related issues. For each request, provide:

(a)  Date of the meeting requested

(b)  The date the meeting occurred (if held)

(c)  Attendees of the meeting

(d)  The topics discussed during the meeting; and

(e)  The outcome of the meeting.

**ANSWER: See Defendant APS's Initial Disclosures produced previously.**

INTERROGATORY NO. 8:  Identify all APS employees granted accommodations to work from an offsite location from 2019 to the present. For each employee, provide:

(a)  Full name and job title

(b)  The specific accommodation granted, and

(c)  The approved location(s).

Defendant may redact confidential medical information where appropriate; however, such redactions should not affect understanding of the accommodation granted.

**ANSWER:  Defendant APS objects to this Interrogatory as overbroad and burdensome and as seeking confidential personnel information.**

5

Exhibit B-4 Defendant's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. B-006 (Page 6 of 19)

INTERROGATORY NO. 9:  Describe the order of personnel responsible for responding to threat assessments, suicide protocols, and other crisis interventions according to APS policies. For each role listed, indicate their level of involvement and specific responsibilities as outlined by APS.

**ANSWER: Defendant APS objects to this Interrogatory as vague and overbroad and not reasonably calculated to lead to admissible evidence.**

INTERROGATORY NO. 10:  For each month during which Plaintiff was approved for FMLA leave, provide:

(a) Plaintiff's daily scheduled work hours

(b) The exact days on which the Plaintiff was at work and the total number of hours worked on each of those

(c) The exact days on which the Plaintiff took FMLA leave, specifying whether the leave was paid or unpaid.

(d) The exact days on which the Plaintiff took other types of leave, identifying the type of leave and whether it was paid or unpaid.

**ANSWER: See documents attached in response to Request for Production No. 9.**

INTERROGATORY NO. 11:  For the 2022-2023 school year, identify all social worker positions within APS and provide the caseload details for each social worker. For each social worker provide:

(a) The number of active students assigned to them at the beginning of the school year

(b) The schools(s) they were assigned to; and

(c) The scheduled service minutes for each active student on their caseload, as documented in their IEP and Maxcapture.

6

Exhibit B – Defendant's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-007 (Page 7 of 19)

In compliance with FERPA, APS may redact personally identifiable information (PII) of students while providing sufficient detail to identify service minutes and caseload distribution.

**ANSWER: Defendant APS objects to this Interrogatory as vague and overbroad and as seeking confidential and sensitive information as to students and any assignments to social workers. Without waiving these objections, APS Social Workers positions are listed on the APS website. The redactions suggested by Plaintiff do not provide sufficient protection to students.**

INTERROGATORY NO. 12: Provide the current salary information for a Level 3 licensed clinical social worker with 18 years of experience, including the method and criteria by which this pay is calculated.

**ANSWER: In response to Interrogatory No. 12, Defendant APS cites to its website for general information. Further, Defendant APS is in the process of gathering this information and will provide it as soon as possible.**

INTERROGATORY NO. 13: Describe any additional compensation, including differential pay, provided to ancillary staff working in district programs each school year, specifying the amount and criteria for eligibility.

**ANSWER: Defendant APS objects to this Interrogatory as vague and overbroad; however, APS is in the process of attempting to gather this information as to the current school year.**

INTERROGATORY NO. 14: Identify all instances when the Superintendent made statements regarding Plaintiff's "stability" or ability to work with students. Include the date, content, and individuals present.

Exhibit B-4 Defendant's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-008 (Page 8 of 19)

**ANSWER: Defendant APS objects to this Interrogatory as based on false assumptions. To the extent it is able to respond, APS states there is no such information about any such statements.**

INTERROGATORY NO. 15: Identify all APS policies or procedures in place from 2019 to present governing the assignment of students to a staff member's caseload while on approved FMLA leave. Explain whether these policies were followed in Plaintiff's case, and if not, identify who authorized any deviations.

**ANSWER: Defendant APS objects to this Interrogatory as vague and overbroad; however, with a limit on the time frame, Defendant APS will be able to respond to this Interrogatory.**

INTERROGATORY NO. 16: Identify all witnesses who were aware of Plaintiff's semester-based scheduling of student service minutes and provide details of any statements they made regarding Plaintiff's alleged failure to meet service requirements.

**ANSWER: Lila Ramirez and Justin Griego were generally aware of Plaintiff's scheduling service minutes. Defendant APS has no information regarding statements made. Defendant APS objects to the remainder of the Interrogatory as vague and ambiguous and asserting facts not in evidence.**

REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTIO NO. 1: Produce all email, chat, text message, audio, video, and any other forms of communication among APS personnel involved in any aspect of this case, including administrators, decision-makers, and witnesses interviewed or consulted regarding

8

Exhibit B – Defendant's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-009 (Page 9 of 19)

Plaintiff's ADA, FMLA, and retaliation claims. This request encompasses communications directly or indirectly related to plaintiff, including discussions regarding her ADA and FMLA accommodations, complaints, and any internal or external discussions or actions taken regarding her complaints. To the extent necessary, Defendant may redact confidential information such as personally identifiable information (PII) under FERPA or protected health information (PHI), provided sufficient detail is preserved to fulfill the request.

**RESPONSE: See attached documents.**

**REQUEST FOR PRODUCTION NO. 2:** Produce all email, chat, text, and other communications between APS staff and any students or parents who requested a change in social workers. This request includes all records documenting the request, APS staff responses, and any actions taken as a result. Defendant may redact FERPA-protected information where necessary.

**RESPONSE: See attached documents.**

**REQUEST FOR PRODUCTION NO. 3:** Produce all investigation reports, internal communications, and related documents (emails, texts, chats, memos, audio, video recordings) concerning Plaintiff's complaints, including those filed with the Public Education Department or within APS. This request also includes documentation of the dates and attendees of all meetings or investigative actions related to Plaintiff's complaints.

**RESPONSE: See attached documents.**

**REQUEST FOR PRODUCTION NO. 4:** Produce copies of all training materials provided to APS personnel on ADA compliance, FMLA compliance, and whistleblower protections from 2019 to the present. This request includes, but is not limited to:

- Training materials (e.g., manuals, PowerPoint presentations, handouts);

9

Exhibit B-4 Defendant APS Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-010 (Page 10 of 19)

- Attendance records

- Sign-in sheets

- Audio recordings; and

- Video recordings of the training sessions, if available.

**RESPONSE: Defendant APS objects to this Request for Production as overbroad. Defendant does not know if any responsive documents still exist; however, Defendant is in the process of determining of current documents exist and, if so, will produce them.**

REQUEST FOR PRODUCTION NO. 5:  Produce records for all administrators who participated in the Administrative Leadership Development Program from 2020 to the present, for whom Albuquerque Public Schools (APS) Associate Superintendent of Special Education signed off on hours required for licensure. Include documentation of intern hours, any relevant evaluations, and supporting materials.

**RESPONSE: Defendant APS does not know of any responsive documents.**

REQUEST FOR PRODUCTION NO. 6:  Produce caseload details for all social workers within APS, while maintaining compliance with FERPA. This request should include the name of each social worker, school(s) assigned, number of students assigned, and respective service minutes required for each student without including student names or personally identifiable information.

**RESPONSE: Defendant APS does not know of any responsive documents.**

REQUEST FOR PRODUCTION NO. 7:  Produce documents or records detailing the amounts of additional funds (differential pay) available to ancillary staff working in district programs each school year, including any policies, guidelines, or criteria for these differentials.

**RESPONSE: Defendant APS does not know of any responsive documents.**

10

Case 1:23-cv-00899-GBW-JMR    Document 97-2    Filed 04/04/25    Page 11 of 19

Exhibit B-4 Defendant Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-011 (Page 11 of 19)

REQUEST FOR PRODUCTION NO. 8: Produce records detailing the number of service minutes provided by each of the three social workers who filled in providing services for students on Plaintiff's caseload, broken down by student name and by semester, from August 2022 to March 2023. In compliance with FERPA, APS may redact any student PII; however, detailed service minutes by student and semester should still be provided.

**RESPONSE: See attached documents.**

REQUEST FOR PRODUCTION NO. 9: Produce all records documenting Plaintiff's scheduled work hours, actual hours worked, FMLA leave, and other leave for each month of her approved FMLA period, including:

(a) Plaintiff's scheduled work hours per day

(b) Days and hours worked

(c) Days of FMLA eave with a breakdown of paid and unpaid hours; and

(d) Days on other leave, specifying the type of leave and whether it was paid or unpaid.

**RESPONSE: See attached documents.**

REQUEST FOR PRODUCTION NO. 10: Produce records from the 2022-2023 school year documenting the caseloads for all social workers within APS, including:

(a) The name and assigned school(s) for each social worker;

(b) The number of active students on each social worker's caseload; and

(c) The scheduled service minutes and the actual documented service minutes in MaxCapture for each active student assigned.

Defendant may redact FERPA-protected information where necessary.

**RESPONSE: Defendant APS does not know of any responsive documents.**

11

Exhibit B-4 Defendant Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-012 (Page 12 of 19)

REQUEST FOR PRODUCTION NO. 11:    Produce all APS policies, training materials, or manuals related to the ethical and professional standards mandated by NMAC Section 6.60.9, 6.62.2.10, and 6.60.8, which apply to administrators and educators.

**RESPONSE: See attached documents.**

REQUEST FOR PRODUCTION NO. 12:  Produce any and all documents or records that reference the implementation, enforcement, or monitoring of NMAC Section 6.60.9 standards within APS, including records of internal evaluations, audits, or reports.

**RESPONSE: See attached documents.**

REQUEST FOR PRODUCTION NO. 13:  Produce copies of any complaints, grievances, or disciplinary records involving alleged violations of NMAC Sections 6.60.9 or 6.62.2.10 by APS administrators or other employees in supervisory positions over Plaintiff.

**RESPONSE: See attached documents.**

REQUEST FOR PRODUCTION NO. 14:  Produce all training records, attendance sheets, or certificates demonstrating that APS administrators, principals, and assistant principals received training on compliance with NMAC Section 6.60.9 and 6.62.2.10.

**RESPONSE: Defendant APS objects to this Request for Production as overbroad; however without waiving that objection, APS does not know of any responsive documents.**

REQUEST FOR PRODUCTION NO. 15:  Produce all documents regarding APS investigations into complaints made by Plaintiff or other employees regarding non-Compliance with ethical standards in NMAC Sections 60.6.9 and 6.62.2.10, including findings and any corrective actions taken.

Exhibit B-4 Defendant's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-013 (Page 13 of 19)

**RESPONSE: See attached documents.**

REQUEST FOR PRODUCTION NO. 16: Produce any internal communications or emails among APS administrators discussing compliance with NMAC Sections 6.60.9 and 6.62.2.10, including discussions of how these standards apply to Plaintiff's situation.

**RESPONSE: Defendant APS objects to this Request for Production as vague and overbroad; however, without waiving these objections, APS does not know of any responsive documents.**

REQUEST FOR PRODUCTION NO. 17: Produce any APS documentation showing that administrators received and acknowledged their duty to comply with NMAC Sections 6.60.9, 6.62.2.10, and 6.60.8, including signed acknowledgements or related training logs.

**RESPONSE: Defendant APS objects to this Request for Production as vague and overbroad; however, without waiving these objections, APS does not know of any responsive documents.**

REQUEST FOR PRODUCTION NO. 18: Produce all disciplinary records or notes from performance evaluations of administrators in Plaintiff's supervisory chain that reference ethical standards or complaints related to NMAC Section 6.60.9 compliance.

**RESPONSE: Defendant APS objects to this Request for Production as vague and overbroad; however, without waiving these objections, APS does not know of any responsive documents.**

Submitted:

CUDDY & McCARTHY, LLP

By:  *M. Karen Kilgore*
      M. KAREN KILGORE
      LAURA M. CASTILLE
      Attorneys for Defendant Albuquerque Public
        Schools
      Post Office Box 4160
      Santa Fe, New Mexico 87502-4160

13

Exhibit B-4 Defendant's Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-014 (Page 14 of 19)

(505) 988-4476

Exhibit B-4 Defendant Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-015 (Page 15 of 19)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

      Plaintiff,

v.                                                    **Case No. 1:23-cv-00899-GBW-JMR**

ALBUQUERQUE PUBLIC SCHOOLS
and NEW MEXICO DEPARTMENT  OF
PUBLIC EDUCATION,

      Defendants.

## DEFENDANT ALBUQUERQUE PUBLIC SCHOOL'S
## RESPONSES TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES <u>AND</u>
## <u>REQUESTS FOR PRODUCTION</u>

COMES NOW Defendant, Albuquerque Public Schools (APS), by and through its attorneys of record (M. Karen Kilgore and Laura M. Castille), pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and responds to Plaintiff's Supplemental Interrogatories and Requests for Production as follows:

SUPPLEMENTAL INTERROGATORIES

INTERROGATORY NO. 17: Identify all individuals at APS, including their names, titles, and roles, who were involved in responding to the Corrective Action Plan (CAP) or any directives issued by PED concerning Plaintiff's whistleblower complaint.

**ANSWER: Defendant APS objects to this Interrogatory to the extent it seeks information over and above the information adequately set forth in Exhibit A to Plaintiff's Complaint for Damages [Doc. 1]. See, the New Mexico Public Education Department Special**

Exhibit B-Defendant Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-016 (Page 16 of 19)

**Education Division on Complaint Resolution Report, which includes corrective action at pages 24 – 29 [Doc. 1, 32 – 37]. Without waiving these objections, Defendant APS states that Annitra Atler, Assistant Superintendent and Eulalia Gonzales, Compliance were involved in responding to the CAP.**

INTERROGATORY NO. 18: Describe any discussions, written or verbal, between APS and Cuddy & McCarthy concerning the transition of legal representation to Cuddy & McCarthy, and any potential conflicts of interest arising from the firm's prior representation of PED.

**ANSWER: Defendant APS objects to this Interrogatory as vague and overly broad as it inevitably seeks attorney client privileged material to the extent any requested "communications" even exist. Moreover, Defendant APS objects to this Interrogatory as inquiring into an issue of legal representation to which Plaintiff's counsel has agreed. *See* Unopposed Motion for Withdrawal and Substitution of Counsel for Defendant Albuquerque Public Schools [Doc. 62] and Order on Unopposed Motion for Withdrawal and Substitution of Counsel for Defendant Albuquerque Public Schools [Doc. 63].**

SUPPLEMENTAL REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 19:     Produce all communications between APS and Cuddy & McCarthy related to the transition of legal representation, including but not limited to emails, letters, memoranda, or other electronic or written formats, and any discussions about potential conflicts of interest arising from the firm's prior representation of PED.

2

Exhibit B-4 Defendant Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-017 (Page 17 of 19)

**RESPONSE: Defendant APS objects to this Request for Production as vague and overly broad as it inevitably seeks attorney client privileged material to the extent any requested "communications" or documents even exist. Moreover, Defendant APS objects to this Request for Production as inquiring into an issue of legal representation to which Plaintiff's counsel has agreed.** *See* **Unopposed Motion for Withdrawal and Substitution of**

**Counsel for Defendant Albuquerque Public Schools [Doc. 62] and Order on Unopposed Motion for Withdrawal and Substitution of Counsel for Defendant Albuquerque Public Schools [Doc. 63].**

REQUEST FOR PRODUCTION NO. 20:  Produce all documents and communications between APS and PED related to the CAP, including implementation reports, objections, compliance reviews, and directives issued by PED from April 14, 2022, to present.

**RESPONSE: See attached documents.**

REQUEST FOR PRODUCTION NO. 21:  Produce all internal communications related to decisions to modify or reassign Plaintiff's caseload, including communications with parents or guardians of students previously assigned to Plaintiff.

**RESPONSE: Defendant APS does not know of any responsive documents.**

REQUEST FOR PRODUCTION NO. 22:  Produce all communications or documents involving Cuddy & McCarthy referencing Plaintiff, Plaintiff's whistleblower complaint, or any actions taken by APS in response to the PED investigation.

3

Exhibit B-4 Defendant Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-018 (Page 18 of 19)

**RESPONSE: Defendant APS objects to this Request for Production as vague and overly broad as it inevitably seeks attorney client privileged material to the extent any requested "communications" or documents even exist. Moreover, Defendant APS objects to this Request for Production as inquiring into an issue of legal representation to which Plaintiff's counsel has agreed.** *See* **Unopposed Motion for Withdrawal and Substitution of Counsel for Defendant Albuquerque Public Schools [Doc. 62] and Order on Unopposed Motion for Withdrawal and Substitution of Counsel for Defendant Albuquerque Public Schools [Doc. 63].**

REQUEST FOR PRODUCTION NO. 23:     Produce any conflict waivers or similar documents executed by APS or PED to address Cuddy & McCarthy's representation in this matter.

**RESPONSE: Defendant APS objects to this Request for Production as it seeks attorney-client privileged information as to any existence of such documents. Moreover, Defendant APS objects to this Request for Production as inquiring into an issue of legal representation to which Plaintiff's counsel has agreed.** *See* **Unopposed Motion for Withdrawal and Substitution of Counsel for Defendant Albuquerque Public Schools [Doc. 62] and Order on Unopposed Motion for Withdrawal and Substitution of Counsel for Defendant Albuquerque Public Schools [Doc. 63].**

REQUEST FOR PRODUCTION NO. 24:  Produce a privilege log compliant with Rule 26(b)(5), identifying any documents withheld as privileged that relate to communications between APS, PED, and Cuddy & McCarthy from February 4, 2022, to present.

4

Exhibit B – Defendant APS Discovery Responses
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. B-019 (Page 19 of 19)

**RESPONSE: Defendant APS objects to this Request for Production as it seeks attorney-client privileged information as to any existence of such documents. Moreover, Defendant APS objects to this Request for Production as inquiring into an issue of legal representation to which Plaintiff's counsel has agreed.** *See* **Unopposed Motion for Withdrawal and Substitution of Counsel for Defendant Albuquerque Public Schools [Doc. 62] and Order on Unopposed Motion for Withdrawal and Substitution of Counsel for Defendant Albuquerque Public Schools [Doc. 63].**

Submitted:

CUDDY & McCARTHY, LLP

By:      *M. Karen Kilgore*
            M. KAREN KILGORE
            LAURA M. CASTILLE
            Attorneys for Defendant Albuquerque Public
               Schools
            Post Office Box 4160
            Santa Fe, New Mexico 87502-4160
            (505) 988-4476

5