Exhibit – Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. C-001 (Page 1 of 16)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**TATIA LIPE,**

     **Plaintiff,**

**v.**                         **Case No. 1:23-cv-00899-GBW-JMR**

**ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT
OF PUBLIC EDUCATION,**

     **Defendants.**

### DEFENDANT ALBUQUERQUE PUBLIC SCHOOL'S  RESPONSES
### TO PLAINTIFF'S REQUESTS FOR ADMISSION

COMES NOW Defendant, Albuquerque Public Schools (APS), by and through its

attorneys of record (M. Karen Kilgore and Laura M. Castille), pursuant to Rule 36 of the Federal

Rules of Civil Procedure, and responds to Plaintiff's First Requests for Admission as follows:

**REQUEST FOR ADMISSION NO. 1:**  Please admit that Plaintiff's ADA

accommodations were approved prior to her filing a whistleblower complaint.

ADMIT _____            DENY _____

**RESPONSE: Defendant is unable to admit or deny this Request for Admission (RFA)**

**because it is not clear which complaint is being referenced as a "whistleblower complaint"**

**(e.g. Complaint to NMPED, Complaint to EEOC or Revised Complaint Form). However,**

**Plaintiff's request for accommodations was initially approved.**

**REQUEST FOR ADMISSION NO. 2:**  Please admit that Plaintiff was granted an ADA

accommodation to work from home prior to her whistleblower complaint.

ADMIT _____            DENY _____

Case 1:23-cv-00899-GBW-JMR    Document 97-3    Filed 01/04/25    Page 2 of 16

Exhibit – Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. C-002 (Page 2 of 16)

**RESPONSE: Defendant is unable to admit or deny this RFA because it is not clear which complaint is being referenced as a "whistleblower complaint". Further, all APS employees and students were remote from March 2020 through April 2021, and additionally, APS granted permission to Plaintiff to work remotely until May 25, 2021, the end of the school year.**

**REQUEST FOR ADMISSION NO. 3:**  Please admit that APS communicated with the Public Education Department regarding Plaintiff's whistleblower complaint and allegations.

ADMIT _____          DENY _____

**RESPONSE: APS admits that it communicated with NMPED regarding the Plaintiff's complaint allegations and corrective action plan; however, APS did not communicate with NMPED about anything called a whistleblower complaint and is unable to admit or deny this RFA because it is not clear which complaint is being referenced as a**

**"whistleblower complaint".**

**REQUEST FOR ADMISSION NO. 4:**  Please admit that APS administrators, including Justin Griego, were aware of Plaintiff's concerns regarding student issues prior to Plaintiff filing of the PED complaint, which included those concerns.

**ADMIT _____          DENY __X__**

**REQUEST FOR ADMISSION NO. 5:**  Please admit that APS contacted or attempted to contact Plaintiff while she was on approved FMLA leave.

ADMIT _____          DENY _____

**RESPONSE: Defendant is unable to admit or deny this RFA because Plaintiff was on intermittent leave and Defendant does not have sufficient information to know exactly which**

Exhibit – Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. C-003 (Page 3 of 16)

period Plaintiff was on or off intermittent leave is referenced, and therefore, is not certain whether or not Plaintiff was contacted by APS at a time when she was on intermittent leave.

**REQUEST FOR ADMISSION NO. 6:** Please admit that Plaintiff informed APS administration on multiple occasions not to contact her during her FMLA leave.

ADMIT __X__              DENY _____

**RESPONSE: However, Plaintiff contacted the APS Social Worker liaison on multiple occasions in Fall 2022.**

**REQUEST FOR ADMISSION NO. 7:** Please admit that APS instructed investigators to continue the investigation of Plaintiff's complaint, despite being aware that Plaintiff was on leave and had not yet provided all necessary information and documentation.

Admit further that the investigation continued in Plaintiff's absence, which interfered in her ability without impacting her leave.

ADMIT __X__              DENY __X__

**RESPONSE PART 1: Defendant APS objects to the compound nature of this RFA; however, Defendant APS will respond to the separate requests within this RFA. Defendant APS admits that its investigators continued the investigation of Plaintiff's complaint while Plaintiff was on leave and admits that Plaintiff had not provided all necessary information and documentation.**

**RESPONSE PART 2: Defendant APS denies the remaining portions of RFA No. 7.**

**REQUEST FOR ADMISSION NO. 8:** Please admit that Plaintiff had previously raised whistleblower complaints or related concerns that led to administrative review or actions within APS.

3

Exhibit – Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. C-004 (Page 4 of 16)

ADMIT __X__          DENY _____

**REQUEST FOR ADMISSION NO. 9:**  Please admit that Justin Griego was a new teacher in Special Education at a school where his father was, and continues to be, the Principal, at the time Plaintiff made her first whistleblower complaint.

Additionally, admit that Principals have administrative authority over all personnel within their schools, regardless of the employees' roles.

ADMIT __X__          DENY _____

**RESPONSE PART 1: APS admits the first part of RFP No. 9.**

**RESPONSE PART 2: APA admits the second part of RFP No. 9.**

**REQUEST FOR ADMISSION NO. 10:**  Please admit that APS has an obligation to comply with ADA and FMLA requirements in handling Plaintiff's accommodation and leave requests.

ADMIT __X__          DENY _____

**REQUEST FOR ADMISSION NO. 11:**   Please admit that the Associate Superintendent of Special Education, Annittra Atler, or another APS representative, refused to approve or sign off on Plaintiff's Administrative Internship hours, which were required for her advancement to an administrative role within APS or other educational systems.

ADMIT _____          **DENY __X__**

**REQUEST FOR ADMISSION NO. 12:**  Please admit that the Associate Superintendent of Special Education Annittra Atler, signed off on Administrative Internship hours for other educator interns in the Administrative Leadership Program, even though she did not directly supervise them and therefore could not verify the actual hours completed.

ADMIT _____          **DENY __X__**

4

Exhibit – Defendant's Answer to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. C-005 (Page 5 of 16)

**REQUEST FOR ADMISSION NO. 13:** Please admit that students were not removed from Plaintiff's caseload by administration prior to the filing of her PED complaint, and that after the whistleblower complaint, administrators, including Justin Griego, removed students from Plaintiff's caseload without prior discussions with her.

ADMIT _____          DENY _____

**RESPONSE PART 1:** Defendant APS denies that students were not removed from Plaintiff's caseload by administration prior to the filing of Plaintiff's Public Education Department Complaint.

**RESPONSE PART 2:** Defendant is unable to answer whether administration, including Justin Griego, removed students from Plaintiff's caseload before or after her "whistleblower complaint" because it is not clear which of Plaintiff's complaints is referenced as a "whistleblower complaint".

**RESPONSE PART 3:** Defendant admits that administrators, including Justin Griego, removed students from Plaintiff's caseload without prior discussions with Plaintiff in order to insure students in Plaintiff's caseload were covered when Plaintiff was on leave.

**REQUEST FOR ADMISSION NO. 14:** Please admit that any administrator, such as an assistant principal or principal, regardless of their length of time serving in their administrative role, can provide mentorship opportunities to interns seeking administrative licensure in the Administrative Leadership Development (ALD) program.

ADMIT __X__          DENY _____

**REQUEST FOR ADMISSION NO. 15:** Please admit that Volcano Vista High School

5

Exhibit – Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR l Ex. C-006 (Page 6 of 16)

has at least five administrators on-site, including the principal, and 4 assistant principals who were in positions to provide mentorship opportunities to Plaintiff, yet all declined to do so.

Further admit that the Director of Related Services, Bernadette Lucero-Turner also declined to provide mentorship.

ADMIT _____          **DENY __X__**

**RESPONSE PART 1: Defendant denies the first part of RFA No. 15.**

**RESPONSE PART 2: Defendant denies the second part of RFA No. 15**

**REQUEST FOR ADMISSION NO. 16:** Please admit that APS District has policies regarding threat assessments, suicide protocols, and crisis intervention procedures, none of which designate social workers as the first responsible party.

Admit further that the order of personnel responsible in each of these policies is, in order, the school counselor, the nurse and then the social worker.

ADMIT _____          **DENY __X__**

**RESPONSE PART 1: APS denies the first part of RFA No. 16 because if a student has social work services, the social worker is the first responsive party.**

**RESPONSE PART 2: APS denies the second part of RFA No. 16 because the order of personnel responsible is correct unless the student has social work services.**

**REQUEST FOR ADMISSION NO. 17:** Please admit that school counselors work with ALL students, while school social workers work directly and exclusively with students in special education whose IEPs specifically incorporate related services.

Additionally, admit that special education social workers in APS are not permitted to work with regular education students.

6

Exhibit – Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. C-007 (Page 7 of 16)

ADMIT _____          **DENY __X___**

**RESPONSE PART 1 and 2: APS denies the first and second parts of RFA 17 because social workers are permitted to work with non-special education students for purposes of limited crisis intervention.**

**REQUEST FOR ADMISSION NO. 18:** Please admit that APS is in violation of the Individuals with Disabilities Education Act (IDEA) if a student in special education is frequently in "crisis" and no appropriate plan has been developed to address the student's needs.

Specifically, admit that APS is obligated under IDEA to assess such students, create a Functional Behavior Assessment (FBA), and implement a Behavior Intervention Plan (BIP) or Crisis Plan to address behaviors that impede the student's learning and ensure support within the Least Restrictive Environment (LRE).

Additionally, admit that while social workers are not designated members of the crisis team, they are able to assist as needed, and their job descriptions allow for such flexibility in support.

Further admit that Crisis Plans, BIPs, and other related documents specifically outline the personnel responsible for responding to crises and detail how those individuals are to respond.

ADMIT __X__          DENY __X___

**RESPONSE PART 1: Defendant APS denies the first sentence in RFP No. 18.**

**RESPONSE PART 2: Defendant APS admits the second sentence in RFP No. 18.**

**RESPONSE PART 3: Defendant APS admits the third sentence in RFP No. 18.**

**RESPONSE PART 4: Defendant APS admits the fourth sentence in RFP No. 18.**

**REQUEST FOR ADMISSION NO. 19:** Please admit that each student's IEP year may

7

Exhibit – Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. C-008 (Page 8 of 16)

vary and does not follow a uniform schedule.

**ADMIT __X__**          DENY _____


**REQUEST FOR ADMISSION NO. 20:**  Please admit that ancillary staff are eligible to receive up to $10,000 per school year in additional compensation for certifications.

**ADMIT __X__**          DENY _____


**REQUEST FOR ADMISSION NO. 21:**  Please admit that Administrators involved in this complaint have stated that Plaintiff was deficient in her work, including in MaxCapture, Medicaid documentation, and/or that she had not completed any of her notes.

**ADMIT __X__**          DENY _____


**REQUEST FOR ADMISSION NO. 22:**  Please admit that parents do not have the authority to decide which teacher or ancillary service provider is assigned to their child, and it is not standard practice for students to be removed from a teacher's class or reassigned to a different provider based solely on a parent's request or dissatisfaction.

ADMIT _____          **DENY __X__**


**REQUEST FOR ADMISSION NO. 23:**  Please admit that APS administration continued assigning students to Plaintiff's caseload during periods when she was on FMLA leave or other approved leave, despite Plaintiff's specific request that no additional students be assigned to her during this time.

Further admit that APS later accused Plaintiff of failing to meet required service minutes for these students, even when those students had been assigned to another social worker.

ADMIT _____          **DENY __X__**

**RESPONSE PART 1: APS denies the first part of RFA No. 23.**

8

Exhibit – Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR l Ex. C-009 (Page 9 of 16)

**RESPONSE PART 2: APS denies the second part of RFA No. 23.**

**REQUEST FOR ADMISSION NO. 24:**  Admit that Plaintiff's student service minutes were scheduled and documented on a per-semester basis.

Further admit that less than two moths into the school year, APS administrators made statements to third parties claiming that Plaintiff was behind in her work, despite the service schedule being based on a full semester.

Admit further that such statements were defamatory or slanderous, as they could not have been accurate given that Plaintiff was still within the time allotted to meet the semester-based service requirements.

ADMIT _____                DENY __X___

**RESPONSE PART 1: APS denies the first part of RFA No. 24.**

**RESPONSE PART 2: APS denies the second part of RFA No. 24**

**RESPONSE PART 3: APS denies the third part of RFA No. 24**

**REQUEST FOR ADMISSION NO. 25:**  Admit that times when students are absent, late, or otherwise unavailable during scheduled sessions do not require make-up sessions under standard APS policies.

Further admit that service time may also be reduced due to:

1.  Conflicting Appointments: Students being occupied with other providers, assemblies, or mandatory activities such as fire rills and other school-wide events.

2.  Restricted Scheduling: School policies limiting times when students can be pulled from class for services, generally restricting direct service time to elective periods or study skills classes.

ADMIT _____                DENY _____

9

Exhibit C - Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. C-010 (Page 10 of 16)

**RESPONSE: Because Defendant APS has admitted or denied 35 individual RFAs and the Joint Status Report [Doc. 21], filed on April 25, 2024 in this matter, shows that the parties agreed to a maximum of 35 requests for admission by each party to any other party, APS has not answered the remaining RFAs: RFA No. 25 (which contains three parts); RFA No. 26 (which contains four parts); RFA No. 27 (which contains two parts) and RFA Nos. 28, 29, 30 and 31.**

**REQUEST FOR ADMISSION NO. 26:**  Admit that Plaintiff's original ADA request was for a short-term absence following surgery, with intermittent leave for appointments as needed.

Further admit that Plaintiff only requested to work from home during periods of flare-ups and not on a full-time basis.

Additionally, admit that the hostile work environment caused significant stress and a worsening decline in Plaintiff's health, which necessitated taking more time off than originally planned.

Finally, admit that Plaintiff was within her protected leave having been approved for 60 hours of FMLA leave to use as needed during the period from August 2022 to August 2023.

ADMIT _____            DENY _____

**RESPONSE: See Defendant APS's Response to RFA No. 25.**

**REQUEST FOR ADMISSION NO. 27:**  Please admit that Plaintiff and the Assistant Principal (Administrator) in charge of special education previously worked together at Valley High School, during which time Plaintiff served as a school social worker, and the Assistant Principal was a new special education teacher.

Admit further that Plaintiff and the Assistant Principal disagreed regarding the treatment of a shared student, identified by the initials D.E., and that, beginning in August 2021, the

10

Case 1:23-cv-00899-GBW-JMR    Document 97-3    Filed 04/04/25    Page 11 of 16

Exhibit C – Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. C-011 (Page 11 of 16)

Assistant Principal became Plaintiff's immediate supervisor while Plaintiff continued in her role as a school social worker.

ADMIT _____        DENY _____

**RESPONSE: See Defendant APS's Response to RFA No. 25.**

**REQUEST FOR ADMISSION NO. 28:** Please admit that Albuquerque Public Schools (APS) is required to comply with New Mexico Administrative Code (NMAC) Section 6.60.9, which outlines the Code of Ethical Responsibility of the Educator, requiring standards of honesty, integrity, and respect for students, parents, and colleagues.

ADMIT _____        DENY _____

**RESPONSE: See Defendant APS's Response to RFA No. 25.**

**REQUEST FOR ADMISSION NO. 29:** Please admit that APS is obligated under NMAC Section 6.60.9 and 6.62.2.10 to ensure that its administrators, including principals and assistant principals, adhere to the ethical and professional standards that protect student welfare and maintain an effective learning environment.

**ADMIT** _____        **DENY** _____

**RESPONSE: See Defendant APS's Response to RFA No. 25.**

**REQUEST FOR ADMISSION NO. 30:** Please admit that APS is obligated to follow the professional conduct standards in NMAC Section 6.60.8, which mandates accountability and periodic evaluations for all administrators to ensure compliance with ethical standards.

ADMIT _____        DENY _____

**RESPONSE: See Defendant APS's Response to RFA No. 25.**

11

Case 1:23-cv-00899-GBW-JMR   Document 97-3   Filed 04/04/25   Page 12 of 16

Exhibit C-4 Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. C-012 (Page 12 of 16)

**REQUEST FOR ADMISSION NO. 31:**  Please admit that APS administrators, including those in supervisory roles over Plaintiff, were made aware of their obligations under NMAC Sections 6.60.9 and 6.62.2.10 but failed to comply with these standards in handling Plaintiff's requests and complaints.

ADMIT _____          DENY _____

**RESPONSE: See Defendant APS's Response to RFA No. 25.**


Submitted:

CUDDY & McCARTHY, LLP

By:     *M. Karen Kilgore*
         M. KAREN KILGORE
         LAURA M. CASTILLE
         Attorneys for Defendant Albuquerque Public
            Schools
         Post Office Box 4160
         Santa Fe, New Mexico 87502-4160
         (505) 988-4476

Exhibit C 4 Defendant's Answer to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. C-013 (Page 13 of 16)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**TATIA LIPE,**

    **Plaintiff,**

**v.**                               **Case No. 1:23-cv-00899-GBW-JMR**

**ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT
OF PUBLIC EDUCATION,**

    **Defendants.**

### DEFENDANT ALBUQUERQUE PUBLIC SCHOOL'S
### <u>RESPONSES TO PLAINTIFF'S SUPPLEMENTAL REQUESTS FOR ADMISSION</u>

        COMES NOW Defendant, Albuquerque Public Schools (APS), by and through its

attorneys of record (M. Karen Kilgore and Laura M. Castille), pursuant to Rule 36 of the Federal

Rules of Civil Procedure, and responds to Plaintiff's Supplemental Requests for Admission as

follows:

        **REQUEST FOR ADMISSION NO. 32:**      Admit that Cuddy & McCarthy, during its

representation of PED, had access to privileged information regarding PED's investigation of

Plaintiff's whistleblower complaint.

        ADMIT_____          DENY_____

        **<u>RESPONSE</u>: Because Defendant APS has admitted or denied 35 individual RFAs in**

**Plaintiff's First Set of Requests for Admission, and the Joint Status Report [Doc. 21], filed**

**on April 25, 2024 in this matter, shows that the parties agreed to a maximum of 35 requests**

**for admission by each party to any other party, APS has not answered the RFAs contained**

**in Plaintiff's Supplemental Requests for Admission.**

Exhibit C-4 Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. C-014 (Page 14 of 16)

**REQUEST FOR ADMISSION NO. 33:**           Admit that APS relied on directives or

findings from the CAP issued by PED as part of its response to Plaintiff's whistleblower complaint.

ADMIT _____            DENY_____

**RESPONSE:  See Response to RFA No. 32.**


**REQUEST FOR ADMISSION NO. 34:**    Admit that APS did not obtain a conflict

waiver from PED or Plaintiff before engaging Cuddy & McCarthy as counsel in this matter.

ADMIT_____           DENY _____

**RESPONSE:  See Response to RFA No. 32.**


**REQUEST FOR ADMISSION NO. 35:**    Admit that APS administrators discussed

reassigning Plaintiff's caseload without providing Plaintiff with prior notification.

ADMIT_____         DENY_____

**RESPONSE:  See Response to RFA No. 32.**


Submitted:

CUDDY & McCARTHY, LLP

By:    *M. Karen Kilgore*
       M. KAREN KILGORE
       LAURA M. CASTILLE
       Attorneys for Defendant Albuquerque Public
          Schools
       Post Office Box 4160
       Santa Fe, New Mexico 87502-4160
       (505) 988-4476

Exhibit C – Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR l Ex. C-015 (Page 15 of 16)

2

Exhibit C – Defendant's Answers to Plaintiff's RFAs
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. C-016 (Page 16 of 16)

## VERIFICATION

STATE OF NEW MEXICO   )
                                           )ss
COUNTY OF BERNALILLO )

     I, Lisa Oliphant, in my capacity as Executive Director of Preschool & Child FindEvaluation for the Albuquerque Public Schools, being first duly sworn upon oath depose and state that Defendant Albuquerque Public Schools's Responses to Plaintiffs First Set of Requests for Admission and Defendant Albuquerque Public Schools's Responses to Plaintiffs Supplemental Requests for Admission are true and correct to the best of my knowledge and belief.

_____
LISA OLIPHANT

SUBSCRIBED AND SWORN to before me on January          , 2025, by Lisa Oliphant, the Executive Director of Preschool & Child FindEvaluation of Albuquerque Public Schools

_____
Notary Public

JoAnn JL WRight
_____
Printed Name

My Commission Expires:  _____