Exhibit D – Plaintiff's February 9, 2025 Conferral Email
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. D-001 (Page 1 of 3)

 **Gmail**

**Tatia Lipe <tatialipe@gmail.com>**

# 1:23-cv-00899-GBW-JMR Lipe v. Albuquerque Public Schools et al

1 message

---

**Boglarka Foghi** <Foghilaw@yahoo.com>                    Sun, Feb 9, 2025 at 11:33 AM
To: Yolanda Ortega <yortega@cuddymccarthy.com>, Karen Kilgore <kkilgore@cuddymccarthy.com>

Dear Mrs. Kilgore,

This correspondence serves as a formal notification of Plaintiff's intent to address the numerous deficiencies present in Albuquerque Public Schools' (APS) responses to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission. Despite being granted multiple extensions by the Court for the submission of complete and accurate responses, APS has failed to meet these deadlines in a willful manner. The Court has established clear deadlines for APS to provide full discovery responses, yet APS continues to demonstrate a pattern of delay, obstruction, and evasion regarding its discovery obligations.

The shortcomings in APS's responses are outlined below and include significant omissions, evasive answers, and contradictions with documented evidence available within APS's own record-keeping systems, including MaxCapture and Synergy. This continued non-compliance and the pattern of dilatory tactics necessitate immediate corrective measures.

First, APS has incorrectly included individuals such as Melissa Sedillo and Socorro Rodriguez—neither of whom were mentioned in Plaintiff's complaints—as contributors. This misrepresentation misguides the accuracy of APS's responses and undermines clarity regarding actual decision-makers involved in the pertinent events. Furthermore, the verification process executed by Lisa Oliphant, who was not identified as a contributor nor involved in the matters at hand, raises serious concerns. As per FRCP 33(b)(1)(B), every individual who provides substantive information for discovery must verify their own responses under oath. Lisa Oliphant's universal verification, despite her non-involvement, is inappropriate and insufficient. APS is required to submit individual sworn verifications from each contributor to ensure adherence to the Federal Rules of Civil Procedure, thus guaranteeing response accuracy and reliability.

Additionally, APS has completely disregarded any mention of the ADA meeting held on September 21, 2022, regarding accommodations for Plaintiff. Plaintiff possesses minutes from this meeting, naming attendees—Bernadette Lucero, Justin Griego, Jerry Thorn, Socorro Rodriguez, and Kelly Marvin—and detailing discussions about accommodations. APS's failure to recognize or produce related documents constitutes a substantial

Exhibit D — Plaintiff's February 9, 2025 Conferral Email
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. D-002 (Page 2 of 3)

omission, jeopardizing the integrity of its discovery responses.

APS has also neglected to disclose investigations led by Robert Caswell Investigations (RCI), including reports from Investigators Barreras and Tim Gonterman, despite the relevancy of these investigations to Plaintiff's complaints. Key materials such as interview summaries, audio recordings, and internal communications remain undisclosed. Moreover, any privilege claim over Barreras and Gonterman's investigation reports has been forfeited due to APS's voluntary release of these confidential documents to Plaintiff. Therefore, APS is precluded from withholding relevant materials, including audio recordings and interview notes, under any privilege claim.

It has come to Plaintiff's attention that APS's counsel and administration have attempted to intimidate Plaintiff into compliance by threatening disciplinary action concerning Plaintiff's utilization of FMLA leave. Although the promised interview never materialized due to Plaintiff's protected leave status, the mere threat constitutes an infringement upon Plaintiff's FMLA rights, demonstrating retaliatory tactics cultivated by APS. Such coercive measures are aligned with a broader trend of obstruction and harassment.

Moreover, APS's responses to several Requests for Admission (RFAs) reflect a consistent pattern of bad faith denials and evasive responses aimed at obstructing discovery. Notably, APS's repeated statement of ignorance regarding the "whistleblower complaint" referenced by Plaintiff in multiple discovery requests is unequivocally misleading, given the extensive documentation outlining Plaintiff's whistleblower complaints and related investigations.

For illustration, RFA No. 15 exemplifies inappropriate conduct, where APS incorrectly denied that the superintendent made statements regarding Plaintiff, a denial directly contradicting evidence from the investigator's report and audio recordings. Such erroneous denials in discovery responses signify a severe breach of APS's discovery obligations and further corroborate bad faith behavior.

Plaintiff has obtained responsive records regarding social worker caseloads from the New Mexico Public Education Department (PED) via an IPRA request. These records verify that APS routinely submits this information to PED at the beginning of every school year, including social worker caseloads and student meeting schedules, in accordance with APS policy. Furthermore, this information resides within APS's MaxCapture database, contradicting APS's claims of the nonexistence of responsive records related to Plaintiff's discovery requests.

In accordance with FRCP 26(e), APS retains an ongoing duty to supplement or correct its responses. Plaintiff therefore demands that APS submit complete supplemental responses within ten (10) days from the date of this letter. Specifically, APS must:

1. Identify and describe all responsive documents and individuals involved in the preparation of its responses, detailing their roles and contributions.
2. Conduct a thorough search of MaxCapture, Synergy, and other pertinent systems to locate and produce responsive documents, including but not limited to caseload records,

Exhibit D - Plaintiff's February 9, 2025 Conferral Email
Liang v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. D-003 (Page 3 of 3)

ADA and FMLA communications, and internal investigation reports.

3. Withdraw unfounded objections and respond comprehensively to all interrogatories and requests for production, addressing each subpart as mandated by the Federal Rules.

4. Provide a log of any documents that have been withheld or redacted under FERPA or additional confidentiality protections.

Pursuant to FRCP 37(a)(3)(B) and 37(b)(2)(A), Plaintiff will seek sanctions if APS does not comply with its discovery obligations within the stipulated timeframe. The Court has already granted multiple extensions to APS for the submission of complete discovery responses, yet APS continues to evade its obligations. Such delays, compounded by evasive and inaccurate responses, necessitate judicial intervention and appropriate sanctions, including:

- An order requiring full compliance and supplementation of all responses.
- Reimbursement of attorneys' fees and costs incurred due to APS's non-compliance.
- Sanctions related to APS's bad faith actions and failure to adhere to established court deadlines.

Should APS fail to provide complete responses within the ten (10) days allotted, Plaintiff will be compelled to file a motion for sanctions with the Court, which may hold APS accountable for its obstructionist behavior.

We trust that APS will take these matters seriously and take immediate action to rectify these deficiencies to avoid unnecessary motion practice. Please confirm your availability for a conference call to discuss these concerns further.

Sincerely,

Boglarka Foghi, JD, MBA
Foghi Law Firm, LLC
www.Familyandcriminallawfirm.com
www.Scottsdaleduiatty.com
CEO/Founder of Envie Skin
envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar