Gmail

**Tatia Lipe <tatialipe@gmail.com>**

## Fwd: Urgent: Demand for Compliance with Discovery Obligations
1 message

**Boglarka Foghi** <foghilaw@yahoo.com>                                      Tue, Feb 25, 2025 at 3:58 PM
To: Tatia Lipe <tatialipe@gmail.com>

Boglarka Foghi, JD, MBA
Foghi Law Firm, LLC
www.Familyandcriminallawfirm.com
www.Scottsdaleduiatty.com
CEO/Founder of Envie Skin
envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar

Begin forwarded message:


**From:** Boglarka Foghi <Foghilaw@yahoo.com>
**Date:** February 25, 2025 at 3:41:52 PM MST
**To:** Karen Kilgore <kkilgore@cuddymccarthy.com>
**Cc:** Yolanda Ortega <yortega@cuddymccarthy.com>
**Subject: Re: Urgent: Demand for Compliance with Discovery Obligations**


That sounds great. Thank you!
Boglarka Foghi, JD, MBA
Foghi Law Firm, LLC
www.Familyandcriminallawfirm.com
www.Scottsdaleduiatty.com
CEO/Founder of Envie Skin
envieskin.com





Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar


On Feb 25, 2025, at 3:40 PM, Karen Kilgore <kkilgore@cuddymccarthy.com> wrote:


Ms. Foghi:  Your email this morning seems to repeat your February 9, 2025 email to me.
The discovery issues are specifically the issues you and I discussed at length in our very
nice and very productive telephone conversation on Thursday afternoon, February 20th.


My understanding was that I would work on supplementing many of our discovery
responses by the end of this week and on an ongoing basis.

Exhibit E – February 25, 2025 Email from APS Counsel Confirming February 20 Agreement
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. E-001 (Page 1 of 4)

I am trying to do this and was hoping to give you an update on Friday.   If we need to schedule a call, please let me know and I can do that at your convenience.

M. Karen Kilgore, Esq.

Cuddy & McCarthy, LLP

1701 Old Pecos Trail

Santa Fe, New Mexico  87505

505-988-4476

1-888-977-3814  (facsimile)

kkilgore@cuddymccarthy.com

As a reminder to clients, you should not forward this email message.  Doing so may cause you to waive the attorney-client privilege

THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED, AND EXEMPT FROM DISCLOSURE.  IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DELETE IT FROM YOUR SYSTEM WITHOUT COPYING, PRINTING OR FORWARDING IT, AND NOTIFY US BY REPLY EMAIL OR BY CALLING (505) 988-4476.  THANK YOU.

-----Original Message-----

From: Boglarka Foghi <foghilaw@yahoo.com>

Sent: Tuesday, February 25, 2025 8:39 AM

To: Karen Kilgore <kkilgore@cuddymccarthy.com>; Yolanda Ortega <yortega@cuddymccarthy.com>

Subject: Urgent: Demand for Compliance with Discovery Obligations





Dear Ms. Kilgore,

I am writing to formally address an ongoing and critical issue regarding Albuquerque Public Schools' (APS) consistent obstruction of discovery,

Exhibit E – February 25, 2025 Email from APS Counsel Confirming February 20 Agreement
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. E-002 (Page 2 of 4)

specifically concerning the denial of records that we are confident are within their possession.

APS has stated, inaccurately, that there are no responsive records available. This assertion is unequivocally contradicted by our findings, which indicate that both Synergy and MaxCapture hold the very reports that APS claims do not exist. It is essential to clarify that this situation falls under the Federal Rules of Civil Procedure (FRCP) for discovery, which mandate the production of all information that is in APS's possession, custody, or control.

Evidence of APS's Obstruction:

1. We have obtained crucial information from the Public Education Department (PED) that APS has claimed is non-existent.

2. As the originating source for the data provided to PED, APS undeniably possesses access to these records.

3. APS's blanket denial cannot be interpreted as an oversight; it represents a calculated obstruction aimed at concealing documents detrimental to their case.

As outlined in my previous correspondence dated February 8th, APS has failed to meet several obligations, including:

- Providing complete responses

- Identifying key individuals relevant to the case

- Substantiating valid privilege claims

- Offering properly verified responses





It is apparent that these failures are not mere oversights; they are part of a deliberate strategy to obstruct discovery and evade accountability. Furthermore, rather than taking steps to identify individuals with direct knowledge pertinent to this matter, APS's counsel appears to be withholding this information as a means to assert later that they were unaware of whom to consult.

To ensure compliance with the FRCP, I demand that:

1. APS provide verified interrogatory responses from individuals with first-hand knowledge.

2. APS fully disclose its internal investigation findings and all contributors involved.

3. Any omitted or incomplete discovery responses are supplemented in accordance with FRCP 26(e).

4. We may need to move to compel and seek sanctions against APS if misrepresentations persist.

Exhibit E-1 February 25, 2025 Email from APS Counsel Confirming February 20 Agreement
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. E-003 (Page 3 of 4)

To reiterate, the following individuals must be involved in verifying discovery responses due to their direct involvement in the relevant matters:

- Annittra Atler (Associate Superintendent, Special Education)

- Bernadette Lucero-Turner (Director, Related Services)

- Justin Griego (Assistant Principal)

- Melissa Sedillo (Principal)

- Antoinette Romero (Social Worker)

- Socorro Rodriguez (ADA Office)

- Jessie McFarland (Former Social Work Liaison)

- Additional individuals include Meg Crist (Extended Leaves Office) and Vicki Price and Jen Hart (Counseling Department) with critical knowledge of crisis procedures.

APS's continued refusal to provide accurate, comprehensive information not only violates discovery rules but also demonstrates a blatant intention to obstruct access to evidence that is essential for evaluating the merits of the case.

Immediate corrective action is warranted, and I expect a prompt response to this matter.

Sincerely,

Boglarka Foghi, JD, MBA

Foghi Law Firm, LLC

www.Familyandcriminallawfirm.com

www.Scottsdaleduiatty.com

CEO/Founder of Envie Skin

envieskin.com




Tel: 505-220-5691

Fax: 505-213-0122

Licensed : Arizona, New Mexico and Pennsylvania Bar

Exhibit E – February 25, 2025 Email from APS Counsel Confirming February 20 Agreement
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. E-004 (Page 4 of 4)