THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED, AND EXEMPT FROM DISCLOSURE.  IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DELETE IT FROM YOUR SYSTEM WITHOUT COPYING, PRINTING OR FORWARDING IT, AND NOTIFY US BY REPLY EMAIL OR BY CALLING (505) 988-4476.  THANK YOU.


-----Original Message-----
From: Boglarka Foghi <foghilaw@yahoo.com>
Sent: Friday, February 28, 2025 3:36 PM
To: Karen Kilgore <kkilgore@cuddymccarthy.com>
Subject: Follow up LIPE

Good afternoon,

I'm following up with you to see when we might expect the supplemental answers as per our agreement.

Thank you so much,
Boglarka Foghi, JD, MBA
Foghi Law Firm, LLC
www.Familyandcriminallawfirm.com
www.Scottsdaleduiatty.com
CEO/Founder of Envie Skin
envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar

Exhibit F – APS's Draft Proposal
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. F-001 (Page 1 of 7)

 **Gmail**

Tatia Lipe <tatialipe@gmail.com>

# Fwd: Follow up LIPE

1 message

**Boglarka Foghi** <foghilaw@yahoo.com>      Fri, Feb 28, 2025 at 3:46 PM
To: Tatia Lipe <tatialipe@gmail.com>

Boglarka Foghi, JD, MBA
Foghi Law Firm, LLC
www.Familyandcriminallawfirm.com
www.Scottsdaleduiatty.com
CEO/Founder of Envie Skin
envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar

Begin forwarded message:

> **From:** Karen Kilgore <kkilgore@cuddymccarthy.com>
> **Date:** February 28, 2025 at 3:45:22 PM MST
> **To:** Boglarka Foghi <Foghilaw@yahoo.com>
> **Subject: RE: Follow up LIPE**

> Hi Ms. Foghi:  I sent you a proposed confidentiality order before I saw this email from you.  I am working on a supplemental production of documents to you as we discussed.  Let me know what you think about a confidentiality/protective order and thank you so much for your consideration.

> M. Karen Kilgore, Esq.
> Cuddy & McCarthy, LLP
> 1701 Old Pecos Trail
> Santa Fe, New Mexico  87505
> 505-988-4476
> 1-888-977-3814  (facsimile)
> kkilgore@cuddymccarthy.com

As a reminder to clients, you should not forward this email message.  Doing so may cause you to waive the attorney-client privilege

Exhibit F – APS's Draft Proposal
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. F-002 (Page 2 of 7)

https://mail.google.com/mail/u/0/?ik=61fb28ba4d&view=pt&search=all&permthid=thread-f:1825343063384462286%7Cmsg-f:1825343063384462286&simpl=msg-…    1/2

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**TATIA LIPE,**

     **Plaintiff,**

**v.**                                                    **Case No. 1:23-cv-00899-GBW-JMR**

**ALBUQUERQUE PUBLIC SCHOOLS
and NEW MEXICO DEPARTMENT
OF PUBLIC EDUCATION,**

     **Defendants.**

## STIPULATED CONFIDENTIALITY ORDER

The Parties have agreed that certain information that is or may be the subject of discovery and disclosures in this case is or may be confidential. Therefore, the Parties have requested that the Court enter this Stipulated Confidentiality Order to protect certain confidential materials from public disclosure.

Pursuant to this unopposed request and Fed. R. Civ. P. 26(c), the Court finds that this Stipulated Confidentiality Order is warranted, and makes and enters the following protective order. Being of the opinion that such an Order should be entered,

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that:

A.     The parties may designate as "Confidential" any information, documents and other materials, including, but not limited to information and documents voluntarily produced as or in connection with initial or supplemental disclosures, answers to interrogatories, responses to requests for production, responses to requests for admissions, documents produced pursuant to any other discovery order or rule, and deposition transcripts or recordings of depositions, produced, served or made in response to any discovery conducted by the Parties in the above-captioned matter, and this Order shall govern the treatment thereof.

Exhibit F – APS's Draft Proposal
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. F-004 (Page 3 of 7)

B.    As used in this Order, "Confidential Materials" shall refer to any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials, or any portion thereof, which is designated "Confidential" by any party to this lawsuit; provided, however, the Parties may not designate as "Confidential" a document or exhibit that is produced by a Party other than itself. The Parties may designate as "Confidential" any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials that counsel in good faith believes merits protection.

C.    Upon producing any document or other discovery material, the producing Party may designate all or any portion or portions thereof as "Confidential." The Parties may designate any portion of any deposition transcript as "Confidential."

D.    This order does not compromise any party's ability to challenge the designation of any document or other discovery material as "Confidential" by bringing the designation to the attention of the Court by appropriate motion. The designated confidential status of such information shall be preserved pending disposition of the motion.

E.    Confidential Material shall be disclosed only to the Parties (or their officers, employees, agents or insurers to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named Parties in this action (including their legal staff), and outside expert witnesses employed by the Parties or their attorneys for this action. All such persons shall use such Confidential Materials solely in the preparation for or trial of this action and for no other purpose. All outside expert witnesses employed for this action shall sign a copy of this Order, which shall be retained by the attorney by whom they were employed. By signing a copy of this Order each such person agrees to be bound by the terms of the Order and to be subject to the jurisdiction of this Court.

Exhibit F – APS's Draft Proposal
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. F-004 (Page 4 of 7)

F.     Confidential Materials may be disclosed to deponents during the course of their depositions. However, the attorney disclosing such Confidential Materials must advise the deponent on the record that, pursuant to this Order, such person may not divulge such Confidential Materials to any other person. Upon receipt of such advice, the deponent will be under the same restrictions with respect to such Confidential Materials as the Parties hereto.

G.     In the event that any Confidential Materials are included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Materials shall be kept under seal by the Clerk until further order of this Court.

H.     Nothing contained in this Order, and no action taken pursuant to this Order or the agreement pursuant to which it is entered, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents sought or subject to this Order.

I.     All Confidential Materials produced by any party shall be returned within thirty (30) days of the conclusion of this lawsuit.  No copies thereof shall be retained by any person.  The parties agree to consult with each other regarding the disposition of any remaining Confidential Materials after the conclusion of this lawsuit, and to determine whether the non-producing party has a legitimate need to retain the Confidential Materials, or whether they should be returned to the producing party.  In the event that the parties determine that the Confidential Materials need to be retained by the non-producing party, then this Order shall remain in effect until such time as the attorney for the non-producing party returns such Confidential Materials to counsel for the producing party or certifies their destruction.

J.     If documents, answers or other discovery materials have been furnished, disclosed or produced prior to the entry of this Order but have been marked with the designation "Confidential," such documents, answers or other materials, including all copies thereof, shall be

3

Exhibit F – APS's Draft Proposal
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. F-005 (Page 5 of 7)

deemed to have been furnished as if this Order was in effect at the time such documents, answers or other discovery materials were furnished, filed or produced.

K.      Nothing contained in this Order shall preclude the producing Party from using, in any manner it sees fit, documents or information designated "Confidential" by the producing Party, or from revealing such "Confidential" documents or information to whomever it chooses, without prior consent of the nonproducing Party or of this Court.

L.      If a court or administrative body, other than those in which the litigation is pending, subpoenas or orders production of stamped "Confidential" documents, the Party to whom the subpoena or order is directed shall notify the Party who stamped the document as "Confidential" of the issuance of such subpoena or order in time to allow the Party who stamped the document as "Confidential" to contest the propriety of the subpoena or order.

M.      In the event of production or disclosure of any document or answer to interrogatory or request for admission which the producing Party believes should have been marked "Confidential" which is produced without that designation, the producing Party may, upon discovery of such production without designation, request the marking [and designation] of any such document or other materials as "Confidential" and thereafter such materials and all copies of it shall be subject to the provisions of this protective order respecting the treatment of materials so stamped.

N.      This Order shall continue in force until amended or superseded by express order of this Court and shall survive any Final Judgment entered herein.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge

4

Exhibit F – APS's Draft Proposal
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. F-006 (Page 6 of 7)

Respectfully submitted by:

CUDDY & McCARTHY, LLP

By:    *M. Karen Kilgore*
          M. KAREN KILGORE
          LAURA M. CASTILLE
          Attorneys for Defendant Albuquerque
              Public Schools
          Post Office Box 4160
          Santa Fe, New Mexico 87502-4160
          (505) 988-4476
          kkilgore@cuddymccarthy.com


Approved:

FOGHI LAW FIRM, LLC


BOGLARKA FOGHI
Attorney for Plaintiff
4351 Jaeger Dr. NE, Ste K
Rio Rancho, NM 87114
foghilaw@yahoo.com

5

Exhibit F – APS's Draft Proposal
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. F-007 (Page 7 of 7)