# Fwd: Fw: Here are my approved changes

1 message

**Tatia Lipe** <tatialipe@gmail.com>                    Mon, Mar 10, 2025 at 10:04 PM
To: Tatia Lipe <tatialipe@gmail.com>

---------- Forwarded message ---------
From: **Boglarka Foghi** <foghilaw@yahoo.com>
Date: Mon, Mar 10, 2025 at 9:30 PM
Subject: Fw: Here are my approved changes
To: Tatia Lipe <tatialipe@gmail.com>

----- Forwarded Message -----
**From:** Boglarka Foghi <foghilaw@yahoo.com>
**To:** Karen Kilgore <kkilgore@cuddymccarthy.com>
**Sent:** Friday, February 28, 2025 at 04:58:24 PM MST
**Subject:** Here are my approved changes

Boglarka Foghi, JD, MBA
Foghi Law Firm, LLC
www.Familyandcriminallawfirm.com
www.Scottsdaleduiatty.com
CEO/Founder of Envie Skin
envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar

l.com>
**Date:** February 28,

On Fri, Feb 28, 2025 at 4:48 PM Boglarka Foghi <foghilaw@yahoo.com> wrote:
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,
Plaintiff,

v.
Case No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and NEW MEXICO DEPARTMENT OF PUBLIC EDUCATION,

Defendants.

Exhibit G – Plaintiff's Revisions
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR l Ex. G-002 (Page 1 of 6)

---

STIPULATED CONFIDENTIALITY ORDER

The Parties acknowledge that certain discovery materials may contain confidential or sensitive information. However, the application of confidentiality must be narrowly defined and shall not impede discovery, conceal relevant evidence, or improperly limit access to information pertinent to this litigation. Therefore, the Court issues the following Confidentiality Order:

1. Definition of "Confidential Materials"

A. Limited Scope of Confidentiality
- A Party may designate materials as "Confidential" only if they include personally identifiable student information (as protected under FERPA), private medical information, or legitimate trade secrets.
- Employment records, internal investigations, legal correspondence, and public policies may not be classified as "Confidential" unless they meet the aforementioned criteria.

B. No Blanket Designations
- A Party is prohibited from categorizing an entire set of documents as "Confidential" without conducting a document-specific review.
- Each confidentiality designation must be accompanied by a written justification at the time of production.

2. Use of Confidential Materials in Litigation

A. Permissible Use in Depositions, Filings, and Trial
- Confidential materials may be utilized in depositions, expert consultations, court filings, and at trial without restriction.
- Should a Party wish to limit the use of a document in court, a motion must be filed demonstrating a compelling justification for such restriction.

B. No Automatic Sealing of Court Records
- Confidentiality designations do not inherently seal court filings. Any Party intending to file a document under seal must seek court approval and establish a valid privacy interest.

3. Challenges to Confidentiality Designations

A. Burden of Proof on the Designating Party
- In the event a confidentiality designation is contested, the designating Party bears the burden to substantiate the need for confidentiality.
- Should the designating Party fail to provide adequate justification within 7 days, the designation shall be rendered void.

4. No Retroactive Designation of Confidentiality
- A Party is not permitted to retroactively classify documents as "Confidential" after their release unless they can demonstrate that the designation was inadvertently omitted and obtain court approval.
- Any document previously discussed in open court, depositions, or filings cannot subsequently be marked as confidential.

5. Retention and Use of Confidential Materials After Litigation
- No Party shall be compelled to destroy or return confidential materials post-litigation.
- The non-producing Party may retain confidential materials for use in appeals, future legal actions, or other lawful purposes.
- This Confidentiality Order does not extend to documents lawfully obtained through public records requests, other litigation, or independent sources.

6. No Restrictions on Use in Other Cases
- If confidential materials are sought in a different lawsuit, public investigation, or subpoena, the producing Party is not automatically authorized to prevent disclosure.

Exhibit G – Plaintiff's Revisions
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. G-002 (Page 2 of 6)

- The producing Party must request court involvement and demonstrate that disclosure would inflict harm prior to restricting access.

7. Duration and Modification of Order
- This Order applies solely to this case and shall terminate upon the final judgment.
- The Court reserves the right to amend or rescind this Order at any time pursuant to the request of any Party.
Boglarka Foghi, JD, MBA
Foghi Law Firm, LLC
www.Familyandcriminallawfirm.com
www.Scottsdaleduiatty.com
CEO/Founder of Envie Skin
envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar

Exhibit G – Plaintiff's Revisions
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR l Ex. G-003 (Page 3 of 6)

FOR THE DISTRICT OF NEW MEXICO

**TATIA LIPE,**
**Plaintiff,**

v. **Case No. 1:23-cv-00899-GBW-JMR**

**ALBUQUERQUE PUBLIC SCHOOLS** and **NEW MEXICO DEPARTMENT OF PUBLIC EDUCATION,**

**Defendants.**

**STIPULATED CONFIDENTIALITY ORDER**

The Parties recognize that some discovery materials may contain confidential or sensitive information. However, confidentiality must be narrowly tailored and cannot be used to obstruct discovery, conceal evidence, or improperly restrict access to information relevant to this litigation. Accordingly, the Court enters the following Confidentiality Order:

1. Definition of "Confidential Materials"

A. Limited Scope of Confidentiality

- A Party may designate materials as "Confidential" only if they contain personally identifiable student information (protected under FERPA), private medical information, or legitimate trade secrets.
- Employment records, internal investigations, correspondence regarding legal matters, and public policies cannot be designated "Confidential" unless they meet the above criteria.

Exhibit G – Plaintiff's Revisions
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR l Ex. G-004 (Page 4 of 6)

B. No Blanket Designations

- A Party may not designate an entire category of documents as "Confidential" without conducting a document-specific review.
- Each confidentiality designation must be justified with a written explanation at the time of production.

2. Use of Confidential Materials in Litigation

A. Permissible Use in Depositions, Filings, and Trial

- Confidential materials may be used freely in depositions, expert consultations, court filings, and trial.
- If a Party seeks to restrict the use of a document in court, they must file a motion proving a compelling need for such restriction.

B. No Automatic Sealing of Court Records

- Confidentiality designations do not automatically seal court filings. A Party seeking to file a document under seal must obtain court approval and demonstrate a legitimate privacy interest.

3. Challenges to Confidentiality Designations

A. Burden of Proof on the Designating Party

- If a Party challenges a confidentiality designation, the burden is on the designating Party to prove why confidentiality is necessary.
- If the designating Party fails to justify the claim within 7 days, the designation is void.

Exhibit G – Plaintiff's Revisions
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR I Ex. G-005 (Page 5 of 6)

## 4. No Retroactive Designation of Confidentiality

- A Party cannot retroactively designate documents as "Confidential" after they have been disclosed, unless they demonstrate that the designation was inadvertently omitted and obtain court approval.
- If a document was already discussed in open court, depositions, or filings, it cannot later be marked confidential.

## 5. Retention and Use of Confidential Materials After Litigation

- No Party is required to destroy or return confidential materials after the case.
- The non-producing Party may retain confidential materials for use in appeals, future legal actions, or other lawful purposes.
- The Confidentiality Order will not apply to documents lawfully obtained through public records requests, other litigation, or independent sources.

## 6. No Restrictions on Use in Other Cases

- If confidential materials are requested in a separate lawsuit, public investigation, or subpoena, the producing Party cannot automatically block disclosure.
- The producing Party must seek court intervention and prove why disclosure would cause harm before restricting access.

## 7. Duration and Modification of Order

- This Order applies only to this lawsuit and does not extend beyond the final judgment.
- The Court retains the authority to modify or terminate this Order at any time upon request of any Party.

Exhibit G – Plaintiff's Revisions
Lipe v. Albuquerque Public Schools et al.
Case No. 1:23-cv-00899-GBW-JMR | Ex. G-006 (Page 6 of 6)