IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

     Plaintiff,

v.                                                                    Civ. No. 23-899 GBW/JMR

ALBUQUERQUE PUBLIC SCHOOLS,

     Defendant.

## ORDER OVERRULING OBJECTIONS

THIS MATTER comes before the Court on Plaintiff's Objections to Order Denying Motion to Strike [Doc. 94] and Request for Prompt Ruling on Fully Briefed Motion to Compel [Doc. 88] and Notice of Filing Supplement to Plaintiff's Objections [Doc. 97] to Order Denying Motion to Strike [Doc. 94], Submitting Reply as Exhibit A Pursuant to Rule 72(a). *Docs. 97, 98*. Having reviewed Plaintiff's objections and being fully advised in the premises, the Court finds that Plaintiff's objections are without merit and are therefore OVERRULED.

### I.  BACKGROUND

On March 11, 2025, Plaintiff filed her Motion to Compel Discovery Responses, Request for Sanctions, and Request for Expedited Ruling ("Motion to Compel"). *Doc. 88*. Three (3) days later, on March 14, 2025, Plaintiff filed her Notice of Filing Supplement to Exhibit D, correcting an inadvertent omission of an exhibit to her Motion to Compel. *Doc. 90*. On March 25, 2025, Defendant Albuquerque Public Schools

("APS") filed a Notice of Filing of Timely Response, stating that, "[i]n light of Plaintiff's supplemental filing, Defendant APS understands that . . . its Response to Plaintiff's Motion to Compel along with the supplement is due March 28, 2025." *Doc. 91*. Thus, Defendant APS calculated its response deadline from the date of Plaintiff's supplemental filing, rather than from the date of the original Motion to Compel. The next day, on March 26, 2025, Plaintiff filed a Notice of Completion of Briefing on her Motion to Compel, *doc. 92*, and filed a Motion to Strike Defendant APS's Notice of Filing of Timely Response, arguing that Defendant APS's Notice should be stricken as "procedurally improper and without legal effect," *doc. 93*.

On March 28, 2025, the Honorable Jennifer M. Rozzoni filed an Order Denying Plaintiff's Motion to Strike and Setting Deadline for Defendant APS to File a Response. *Doc. 94*. In the Order, Judge Rozzoni denied Plaintiff's Motion to Strike on two grounds: first, for failure to comply with Local Rule 7.1(a), which requires a party to determine whether a motion is opposed before filing it; and second, on the merits, finding that APS's notice did not assert an insufficient defense or include any redundant, immaterial, impertinent, or scandalous matter as contemplated by Federal Rule of Civil Procedure 12(f). *See id*. at 3-4. Also in the Order, Judge Rozzoni held that she would accept Defendant APS's response by March 28, 2025, because "it would be unjust to deem [P]laintiff's Motion to Compel as 'unopposed' over a mere three-day deadline dispute." *Id*. at 2. In doing so, Judge Rozzoni waived the deadline set forth in

D.N.M.LR.Civ. 7.4(a), pursuant to D.N.M.LR-Civ. 1.7. *Id*. at 2-3; *see* D.N.M.LR-Civ.

7.4(a) ("A response must be served and filed within fourteen (14) calendar days after

service of a motion."); *see also* D.N.M.LR-Civ. 1.7 ("[The Local Rules] may be waived by

a Judge to avoid injustice.").  Accordingly, Defendant APS was permitted to file its

response to Plaintiff's Motion to Compel by March 28, 2025.  On March 28, 2025,

Defendant APS filed its Response to Plaintiff's Motion to Compel.  *Doc. 95*.

On April 4, 2025, Plaintiff filed her Objections to Order Denying Motion to Strike

[Doc. 94] and Request for Prompt Ruling on Fully Briefed Motion to Compel [Doc. 88],

arguing that Judge Rozzoni's March 28, 2025, Order "constitutes clear error and has

resulted in manifest injustice by prejudicing Plaintiff's ability to secure complete and

timely discovery." *See generally doc. 97*.  On April 7, 2025, Plaintiff filed her Notice of

Filing Supplement to Plaintiff's Objection [Doc. 97] to Order Denying Motion to Strike

[Doc. 94], Submitting Reply as Exhibit A Pursuant to Rule 72(a).  *Doc. 98*.

## II.    LEGAL STANDARDS

Because Plaintiff objects to a nondispositive matter, the undersigned will defer to

Judge Rozzoni's ruling unless it is "clearly erroneous or contrary to law."  *Allen v.*

*Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).  In other words, the ruling should be

affirmed unless the Court, "on the entire evidence is left with the definitive and firm

conviction that a mistake has been committed." *Id*. (internal quotation marks omitted).

More colorfully, a decision does not fail this standard "by being 'just maybe wrong; it

must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *In re Antrobus*, 563 F.3d 1092, 1098 n.2 (10th Cir. 2009) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

   III.   ANALYSIS

   Plaintiff's objections lack merit, as she has not established that Judge Rozzoni's ruling was clearly erroneous or contrary to law. Also, Plaintiff's claim of prejudice is unfounded, as her ability to obtain complete and timely discovery remains intact. Judge Rozzoni has not yet ruled on Plaintiff's Motion to Compel, and the matter is actively under consideration. In fact, Judge Rozzoni has already scheduled a hearing on the Motion to Compel, underscoring the Court's commitment to addressing the issue promptly and efficiently. *See doc. 96*. Moreover, the Court finds Plaintiff's position regarding the enforcement of strict deadlines to be inconsistent with her prior conduct before the undersigned. *See doc. 37* (the undersigned granting Plaintiff an additional ten (10) days to respond to Defendant New Mexico Public Education Department's Motion to Dismiss, after she failed to file a timely response or request an extension as required by D.N.M.LR-Civ. 7.4(a)). In conclusion, the undersigned detects no whiff of a 'five-week-old, unrefrigerated dead fish' in Judge Rozzoni's decision to permit APS to file its response to Plaintiff's Motion to Compel three days later than Plaintiff preferred. The ruling is neither clearly erroneous nor contrary to law.

**IV.     CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Objections to Order Denying

Motion to Strike [Doc. 94] and Request for Prompt Ruling on Fully Briefed Motion to

Compel [Doc. 88], *doc. 97*, are OVERRULED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**