IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

    Plaintiff,

v.                                          1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF
PUBLIC EDUCATION,

    Defendants.

## NOTICE OF ERRATA AND CORRECTION OF AUTHORITIES IN RESPONSE TO COURT ORDER [DOC. 104]

Plaintiff, Tatia Lipe ("Plaintiff"), by and through undersigned counsel, Boglarka Foghi, (Foghi Law Firm, LLC), respectfully submits this Notice of Errata and Correction of Authorities pursuant to the Court's May 7, 2025, Order [Doc. 104]. Upon review of that Order, Plaintiff's counsel identified clerical citation errors in prior filings and submits this correction to ensure the accuracy and integrity of the record.

Specifically, citation errors were discovered in Plaintiff's previously filed documents [Docs. 88 and 97]. These corrections do not alter the substance or legal merit of the arguments presented but rather clarify the controlling or persuasive authority intended to support them.

## I. CORRECTED AUTHORITIES AND EXPLANATIONS

A. Correction of **United States v. Jones, 260 F. App'x 13 (10th Cir. 2007)**

Purpose: To support that failure to meet procedural deadlines may justify sanctions.

Correct Authorities:

> Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994) ("Parties who ignore deadlines do so at their peril.") a binding Tenth Circuit precedent underscoring that litigants who flout procedural rules must suffer the consequences.
>
> **Johnson v. Mermis, 955 P.2d 826 (Wash. Ct. App. 1998)** which discusses sanctions for discovery abuses and procedural failures, cited here for its persuasive value regarding procedural discipline.

Explanation: The citation to "Jones" was the result of a clerical error. During the preparation of the relevant filings, the presence of a party named "Jones" in this case led to confusion with United States v. Jones, 260 F. App'x 13 (10th Cir. 2007). Additionally, an unrelated case involving the Osage Nation shares the same reporter citation, further contributing to the confusion. The intended support for the proposition that failure to meet procedural deadlines may justify sanctions is properly provided by the corrected authorities—Ogden and Johnson – which reinforce the necessity of adherence to procedural rules and the appropriateness of sanctions for noncompliance. This error reflects the complexities inherent in managing voluminous case materials and should

not detract from the underlying principle, affirmed by binding Tenth Circuit precedent, that strict compliance with procedural deadlines is essential. [1]

B. Correction of **Schultz v. Safeway, Inc., No. 13-cv-906 JAP/KBM, 2015 WL 13567117**

Purpose: To show that failure to respond to motions can constitute consent under local rules.

Correct Authorities:

> **Joy v. Safeway Stores, Inc., 755 S.W.2d 13 (Mo. Ct. App. 1988)** illustrating that untimely responses under the local rules specifically D.N.M.LR-Civ. 7.1(b)) can have significant procedural consequences.

> **Murray v. City of Tahlequah, 312 F.3d 1196, 1200 (10th Cir. 2002)** (enforcing strict adherence to local rules under Tenth Circuit precedent) a binding Tenth Circuit decision reinforcing that local procedural requirement, such as D.N.M.LRCiv. 7.1(b), must be strictly followed.

Explanation: The citation to "Schultz" was incorrectly retained from early-stage research involving Safeway due to overlapping case names. The corrected authorities accurately reflect the applicable local rules and Tenth Circuit context.

C. Correction and Confirmation: Original (Erroneous) Citation **Martinez v. Salazar, No. 16-cv-0217 MCA/KK, 2017 WL 4274799 (D.N.M. Mar. 20, 2017).**

3

Correct Case: **Martinez v. Salazar, Civ. No. 14-534 KG/WPL (D.N.M.)** Explanation: The original document misidentified the correct docket number. The corrected citation properly applies D.N.M.LR-Civ. 7.1(b) and reflects the applicable local procedural rules, reinforcing that the authority supports the strict compliance standards outlined by local practice.

D. Correction of **D. Duran V. Bravo / Kosmicki Investment Services LLC v. Duran.**

Original (Erroneous) Citation: **Duran v. Bravo, No. 10-cv-1265 JB/CG, 2012 WL 13081278 (D.N.M. Apr. 18, 2012).**

Correct Case: **Kosmicki Investment Services LLC v. Duran, Civil Action 1:21-cv-03488-DDD-SBP (D. Colo. 2023)**

Explanation: The citation to Duran v. Bravo was erroneously included due to a clerical error compiling multiple case citations under significant time constraints while managing voluminous discovery materials and motion documents. Preliminary research notes for both Kosmicki Investment Services LLC v. Duran and Duran v. Bravo—cases with similar party names—were inadvertently conflated, resulting in the mistaken inclusion of Duran v. Bravo. This miscitation was not strategic or intentional, but a genuine clerical error arising from the complexity and volume of work. The

4

intended case, **Kosmicki Investment Services LLC v. Duran**, is within the Tenth Circuit and directly supports Plaintiff's position regarding discovery compliance and sanctions. Plaintiff's counsel has acted diligently and in good faith throughout these proceedings.

## II. CLARIFICATION REGARDING IMPACT ON PRIOR FILINGS

The above corrections are clerical in nature and do not alter the substance or legal merit of Plaintiff's filings, including [Docs. 88 and 97]. Each legal proposition remains supported by relevant, controlling authority. The corrected citations reinforce Plaintiff's positions without modifying any legal argument presented to the Court.

Importantly, the legal arguments advanced in Plaintiff's prior filings are independently supported by numerous other authorities cited therein, and do not rely exclusively on the corrected citations identified above.

## III. CONCLUSION

Plaintiff submits these corrections in good faith to preserve the accuracy and integrity of the record and respectfully requests the Court recognize these amendments as purely clerical and non-substantive. Plaintiff maintains the strength and validity of all prior filings and legal arguments.

Respectfully submitted,

/s/ **Boglarka Foghi**
Boglarka Foghi, Attorney for Plaintiff
FOGHI LAW FIRM, LLC
5065 Corrales Rd., P.O. Box 944

Corrales, NM 87048 (505) 220-5691
foghilaw@yahoo.com

[1] Clerical confusion due to identical citations was not substantive; the corrected citations clarify the intended legal authorities

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, I filed the foregoing with the Clerk of the Court via CM/ECF, which will serve all counsel of record.

/s/ Boglarka Foghi
Boglarka Foghi, Attorney at Law

6

## NOTICE OF ERRATA AND CORRECTION OF AUTHORITIES

Table of Authorities

Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994) - Failure to comply with procedural deadlines

Johnson v. Mermis, 955 P.2d 826 (Wash. Ct. App. 1998) - Sanctions for procedural abuses (persuasive)

Joy v. Safeway Stores, Inc., 755 S.W.2d 13 (Mo. Ct. App. 1988) - Failure to respond under local rules (persuasive)

Murray v. City of Tahlequah, 312 F.3d 1196, 1200 (10th Cir. 2002) - Strict enforcement of local rules

Martinez v. Salazar, Civ. No. 14-534 KG/WPL (D.N.M.) - Enforcement of D.N.M.LR-Civ. 7.1(b)

Kosmicki Inv. Servs. LLC v. Duran, 1:21-cv-03488-DDD-SBP (D. Colo. 2023) - Discovery compliance and sanctions