IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

    Plaintiff,

v.                                                                          Civ. No. 23-899 GBW/JMR

ALBUQUERQUE PUBLIC SCHOOLS,

    Defendant.

## ORDER SETTING SHOW CAUSE HEARING

THIS MATTER comes before the Court on Plaintiff's Notice of Errata and Correction of Authorities in Response to Court Order [Doc. 104] ("Response"). *Doc. 106*. On May 7, 2025, the Court issued an Order for Copies of Authorities, directing Plaintiff to provide PDF copies of certain cases cited in her Objection to Order Denying Motion to Strike [Doc. 94] and Request for Prompt Ruling on Fully Briefed Motion to Compel [Doc. 88] ("Objection") (*doc. 97*), which the Court was unable locate using standard legal research tools. *See doc. 104* (requesting PDF copies of the following cases that Plaintiff cited to in her Objection: (1) *United States v. Jones*, 260 F. App'x 13 (10th Cir. 2007); (2) *Schultz v. Safeway, Inc.*, No. 13-cv-906 JAP/KBM, 2015 WL 13567117 (D.N.M. Mar. 10, 2015); (3) *Martinez v. Salazar*, No. 16-cv-0217, MCA/KK, 2017 WL 4274799 (D.N.M. Mar. 20, 2017); and (4) *Duran v. Bravo*, No. 10-cv-1265 JB/CG, 2012 WL 13081278 (D.N.M. Apr. 18, 2012)). On May 12, 2025, Plaintiff filed her Response, stating that she had "identified clerical citation errors in prior filings" and submitted a set of cases she

1

now claims she intended to cite in support of her Objection. *See generally doc. 106*. Apparently because the cases relied upon in the Response do not exist as cited, Plaintiff submitted copies of these newly identified cases to the Court's proposed text inbox. The cases Plaintiff provided are: (1) *Johnson v. Jones*, 955 P.2d 826 (Wash. Ct. App. May 18, 1998); (2) *Joy v. Safeway Stores, Inc.*, 755 S.W.2d 13 (Mo. Ct. App. Aug. 2, 1988); (3) Order on Motion for Sanctions, *Kosmicki Investment Services LLC v. Duran*, No. 1:21-cv-03488-DDD-SBP, doc. 96 (D. Colo. May 13, 2024); (4) *Martinez v. Salazar*, 2016 WL 9488862 (D.N.M. Dec. 14, 2016); (5) *Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196 (10th Cir. 2002); and (6) *Ogden v. San Juan Cnty.*, 32 F.3d 452 (10th Cir. 1994).

Having reviewed Plaintiff's Objection, her Response, and the authorities submitted to the Court, the Court has serious concerns regarding the accuracy and relevance of the citations and the representations made in Plaintiff's filings. While some of the submitted cases appear to share similar names with those originally cited, the discrepancies raise unresolved questions that warrant further explanation at a show cause hearing. The Court has the inherent power to sanction parties for litigation activities undertaken in bad faith in order to "maintain[ ] the authority and dignity of the court," including when a party cites fake or nonexistent opinions. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation and quotation omitted); *see also Morgan v. Cmty. Against Violence*, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023).

2

Accordingly, the Court will hold a show cause hearing **on June 26, 2025, at 1:30 p.m.**, in the **Organ Courtroom** at the **United States Courthouse, 100 N. Church Street, Las Cruces, New Mexico.** Counsel for Plaintiff shall appear in person, where she shall show cause as to why she or her client should not be sanctioned for the filings in this case. Counsel for Defendant are permitted to attend the hearing remotely via Zoom.gov videoconference. **By 5:00 p.m. MST on June 23, 2025**, counsel for Defendant must provide the preferred email address and mobile phone number for each individual who will participate in the hearing via Zoom.gov videoconference. Each individual will receive an electronic invitation and password for the Zoom.gov meeting by email. The mobile phone numbers will be used to communicate with the parties outside of the Zoom.gov platform in the event of problems. Counsel for Defendant shall send this information to wormuthproposedtext@nmd.uscourts.gov.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**