IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

    Plaintiff,

v.                                                                                  1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

    Defendants.

**AMENDED[1] ORDER STRIKING BRIEFING AND
NOTICE REGARDING SANCTIONABLE CONDUCT**

THIS MATTER comes before the Court *sua sponte*. As discussed *infra* § I, the Court hereby STRIKES Defendant Albuquerque Public Schools' supplement response (Doc. 105) and plaintiff's reply (Doc. 107) to Plaintiff's pending discovery motion (Doc. 88). Albuquerque Public Schools' amended response to the motion is due **June 27, 2025**. Plaintiff's amended reply is due **July 11, 2025**. As discussed *infra* § II, Plaintiff's counsel is on notice that her briefing practices may result in further sanctions and/or a referral to the State Bar of New Mexico.

**I.**     **Order Striking Both Parties' Briefing**

On March 11, 2025, Plaintiff filed a Motion to Compel Discovery Responses, Request for Sanctions, and Request for Expedited Ruling ("Motion to Compel"). Doc. 88. Defendant Albuquerque Public Schools ("APS") filed a response on March 28, 2025. Doc. 95. Therein, APS requested that the Court hold Plaintiff's motion "in abeyance to allow counsel the opportunity to confer on an extension for Defendant's supplemental responses," to discovery.

---

[1] Amended to correct typographical errors.

Doc. 95 at 3. The Court granted the request. Doc. 96. The Court held a status conference to discuss the parties' efforts at narrowing the discovery dispute on April 22, 2025. Doc. 101. APS stated that it had substantially supplemented its discovery responses. *Id.* at 1. Plaintiff explained that, despite the supplement, many of her discovery concerns remained uncured. *Id.*

At that status conference, "[t]he Court order[ed] APS to file a second response to Plaintiff's motion to compel (Doc. 88) by May 9, 2025." *Id.* The Court ordered: "[t]he second response must detail which disputes APS understands are still outstanding and which have been resolved." *Id.* The Court ordered Plaintiff to do the same in her reply. *Id.* at 2. APS filed a second response on May 9, 2025. Doc. 105. Plaintiff filed a reply on May 16, 2025. Doc. 107. Unfortunately, neither the response nor the reply detailed which disputes remained outstanding.

A Court may strike a filing as a sanction for failing to comply with a court order. FED. R. CIV. P. 16(f)(1)(C); FED. R. CIV. P. 37(b)(2)(A)(iii). "Both Rule 16(f) and Rule 37(b)(2) require the court to keep considerations of justice in mind when imposing sanctions for rule violations. The two rules provide a list of potential options for the court's consideration, including costs and fee shifting, but ultimately leave it to the court's discretion to 'make such orders . . . as are just.'" *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996) (citations omitted).

Here, both parties failed to comply with the Court's order. The parties were ordered to detail the outstanding discovery disputes in their response and reply, respectively. Neither party did so.

Instead, APS filed a 2-page response that did not address any arguments made in Plaintiff's original Motion to Compel. APS stated that it submitted: "Supplemental Responses to Plaintiff's First Interrogatories and Requests for Production including Supplemental Answers to Plaintiff's Interrogatory Nos. 1, 2, 3, 8, 9 and 11 . . . and Supplemental Responses to Requests

2

for Production No. 6 . . . and Request for Production No. 10 . . . as well as verification forms from Bonnie Anderson, Justin Griego, Melissa Sedillo and Socorro Rodriguez." Doc. 105 at 1. Aside from the verifications, APS failed to provide the Court any information on the contents of APS's supplemental responses, making it impossible for the Court to determine whether the supplement was sufficient.

As for Plaintiff, her reply does not contain any argument tailored to the individual discovery responses that she complained of in the original Motion to Compel. Exhibit A to Plaintiff's reply is a spreadsheet that does provide criticisms tied to specific discovery responses. However, this exhibit cannot be used as a substitute for formal briefing. Finally, to the extent Plaintiff intended to incorporate this exhibit into her reply briefing, the exhibit substantially expands the scope of the original Motion to Compel. The Court will not consider discovery disputes raised for the first time in reply briefing. *See Zacarias-Garcia v. Garland*, 852 F. App'x 387, 388 (10th Cir. 2021) ("[T]his court ordinarily will not consider arguments raised for the first time in a reply brief.") (quotation omitted).

Accordingly, the Court hereby strikes both APS's supplemental response (Doc. 105) and Plaintiff's reply (Doc. 107) for failure to comply with the Court's order. *See* FED. R. CIV. P. 16(f)(1)(C); FED. R. CIV. P. 37(b)(2)(A)(iii). In the interests of justice and deciding Plaintiff's Motion to Compel on the merits, the parties are ordered to file amended briefing. *See Olcott*, 76 F.3d at 1555.

APS is ordered to file a substantive response to Plaintiff's Motion to Compel by June 27, 2025. Specifically, APS's response must contain a numbered list describing which discovery instruments and corresponding responses APS no longer believes are at issue. APS's response must also contain a numbered list describing which discovery instruments and corresponding

3

responses are still at issue. Finally, APS must attach a copy of its supplemental responses to the relevant discovery.

Similarly, Plaintiff is ordered to file a substantive reply by July 11, 2025. Specifically, Plaintiff's reply must contain a numbered list describing which discovery instruments and corresponding responses are no longer at issue. Plaintiff's reply must also contain a numbered list describing which discovery instruments and corresponding responses are still at issue. If Plaintiff's lists differ with APS's lists, Plaintiff must explain why. In her reply, Plaintiff may *not* raise new discovery issues not raised in her original motion (Doc. 88).

## II.     Notice Regarding Sanctionable Conduct

Plaintiff's reply briefing (Doc. 107) is potentially sanctionable. *See* FED. R. CIV. P. 11(b) (Representations to the Court); N.M.R. Prof'l Cond. 16-301 (Meritorious claims and contentions); N.M.R. Prof'l Cond. 16-303 (Candor toward the tribunal). If Plaintiff's misconduct continues in future briefing, Plaintiff's counsel will be sanctioned and/or Plaintiff's counsel will be reported to the State Bar of New Mexico.[2] *See Seismic Int'l Rsch. Corp. v. S. Ranch Oil Co.*, 793 F.2d 227, 230 (10th Cir. 1986) ("Sanctions . . . should be entered only after a careful consideration of both the misleading activity by counsel and the severity of the punishment imposed by the sanctions.").

First, Plaintiff's reply is rife with conclusions and accusations that are not tied to any facts of this case. Plaintiff does not provide sufficient information for the Court to independently verify her accusations—including her serious accusations that APS has committed perjury, failed

---

[2] This warning does not foreclose the possibility that Chief Magistrate Judge Gregory B. Wormuth, presiding by consent, may sanction Plaintiff's counsel as he finds appropriate at the upcoming Show Cause Hearing. *See* Doc. 108 (Order Setting Show Cause Hearing).

to conduct a reasonable inquiry, and willfully evaded discovery. *See* Doc. 107. Because Plaintiff has not provided any facts to support these claims, the Court is concerned that Plaintiff's counsel is, at best, sensationalizing and, at worst, violating Rule 11(b).

  Second, Plaintiff's reply briefing contains several legal citations that do not support the stated propositions. *See* Doc. 107. To illustrate, Plaintiff contains a quoted parenthetical attributed to *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 322 (S.D.N.Y. 2003). Doc. 107 at 5. That quotation does not appear in that opinion. Next, Plaintiff cites *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1015–16 (Fed. Cir. 2008) for the proposition that "attorneys bear responsibility for ensuring clients conduct a comprehensive document search." Doc. 107 at 6. *Qualcomm* discusses a patent owner's duty to disclose its patents and related litigation misconduct, not an attorney's general duty in civil discovery. Plaintiff also cites *Qualcomm* for the proposition that "sanctions serve both remedial and deterrent purposes." Doc. 107 at 8. *Qualcomm* does not discuss discovery sanctions. Then, Plaintiff provides an explanatory parenthetical for *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256 (10th Cir. 2004): "(emphasizing the necessity of procedural compliance in litigation conduct)." *Dominion Video* is an opinion affirming, on the merits, a district court's grant of preliminary injunction and denial of a motion to intervene. *Dominion Video* was not a procedural decision and did not involve a discovery dispute. Next, Plaintiff describes *Gates Rubber Co. v. Bando Chemical Industries, Ltd.*, 167 F.R.D. 90 (D. Colorado 1996) as "imposing sanctions for failure to supplement discovery responses." Doc. 107 at 7. However, in *Gates Rubber Co.* sanctions were imposed for intentional destruction of evidence, not a failure to supplement discovery. This reply briefing is not the first that the Court has noticed that Plaintiff has misrepresented case law. *See, e.g.*, Doc. 97 (misattributed citations to *United States v. Williams*, 469 F.3d 963, 967 (10th

5

Cir. 2006) and *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987)).

Third, and perhaps most troubling, Plaintiff cites to cases that do not exist: *Security National Bank of Sioux City, Iowa v. Abbott Laboratories*, 176 F.R.D. 590 (N.D. Iowa 1997) (Doc. 107 at 6); *In re Idaho Public Employees' Retirement System*, 680 F. Supp. 2d 1085 (D. Idaho 2010) (Doc. 107 at 7); *United States v. Ziegler*, 747 F. Supp. 2d 1234 (D. Utah 2010) (Doc. 107 at 7). Judge Wormuth has already set an in-person Show Cause Hearing regarding Plaintiff's citations to non-existent cases in a previous filing. *See* Doc. 104 (Order for Copies of Authorities); Doc. 106 (Plaintiff's response admitting that the cited cases do not exist); Doc. 108 (Order Setting Show Cause Hearing). It is extremely concerning that Plaintiff's counsel continues to include fabricated citations in her briefing after the issue has already been called to her attention.

Turning to APS, APS may not use Plaintiff's problematic citations as an excuse not to respond to the merits of Plaintiff's filings, as it did in its supplemental response to Plaintiff's Motion to Compel. *See* Doc. 109. APS wrote:

> On May 7, 2025, the Court entered its Order for Copies of Authorities [Doc. 104] allowing Plaintiff until May 12, 2025 to provide caselaw to the Court's proposed text.
>
> APS requests the opportunity to supplement its Response upon receipt of Plaintiff's revised case law/authorities.

Doc. 109 at 1–2. The Court's Order for Copies of Authorities is unrelated to the merit's Plaintiff's Motion to Compel. Plaintiff's conduct does not absolve APS of its litigation duties. *See Murray v. Burt*, No. 09-CV-1150 WJ/RHS, 2012 WL 13005433, at *6 n.3 (D.N.M. June 7, 2012), *report and recommendation adopted*, No. CV 09-1150-WJ/RHS, 2012 WL 13005391 (D.N.M. Aug. 3, 2012) ("[I]mproper conduct can[not] be excused by another party's improper conduct. Two wrongs do not make a right.").

6

Plaintiff's Show Cause Hearing is currently scheduled for June 26, 2025. At that hearing, Judge Wormuth will consider whether Plaintiff's counsel should be sanctioned. Regardless of the outcome of the hearing, Plaintiff's counsel may be further sanctioned and/or Plaintiff's counsel reported to the State Bar of New Mexico if counsel continues to misrepresent case law, include irrelevant case law, or fabricate case citations.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge