IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

      **Plaintiff,**

v.                                          **1:23-cv-00899-GBW-JMR**

**ALBUQUERQUE PUBLIC SCHOOLS**
**and NEW MEXICO DEPARTMENT**
**OF PUBLIC EDUCATION,**

      **Defendants.**

## NOTICE OF CLARIFICATION REGARDING INADVERTENT CITATION ERRORS AND PROFESSIONAL RESPONSIBILITY

Plaintiff, by and through undersigned counsel, respectfully submits this Notice to clarify and address concerns raised by the Court in its June 4, 2025 Order (Doc. 113), which struck the parties' briefing related to Plaintiff's Motion to Compel (Doc. 88) and raised potential Rule 11 implications concerning the accuracy and validity of case citations in Plaintiff's prior submissions.

### I. Purpose of This Clarification

Plaintiff and undersigned counsel reaffirm their commitment to candor with the Court, explain the circumstances that led to citation errors, confirm that no authority was knowingly misrepresented, and outline corrective measures implemented to prevent

recurrence. This clarification is submitted in furtherance of Rule 11(b) compliance and in preparation for the upcoming show-cause hearing. Plaintiff does not seek to reargue the merits of the Motion to Compel or reply brief.

## II. Background and Context of Citation Errors

The Court correctly noted that certain authorities cited in Plaintiff's briefing, particularly in Docs. 88 and 107, were inaccurately attributed, misquoted, or unsupported. Plaintiff previously filed a Notice of Errata and Clarification of Authorities (Doc. 106), which corrected the following:

• Misidentification of United States v. Jones instead of Johnson v. Jones;

• Citation to a non-existent version of Schultz v. Safeway;

• Transpositional and jurisdictional confusion involving Martinez v. Salazar and Montoya v. Safeway.

Each error has been corrected through accurate citation and submission of PDF copies of the appropriate authorities.

## III. Origin and Nature of the Errors

The citation errors in Docs. 88 and 97 were addressed in Doc. 106. Separately, the Court's June 4, 2025 Order (Doc. 113) struck Plaintiff's reply brief (Doc. 107) and identified additional deficiencies. Upon review, undersigned counsel determined that Doc. 107 was an internal draft containing incomplete citations, placeholder quotations, and unverified references filed inadvertently due to clerical oversight. The finalized

reply brief, which contained verified citations and a structured argument, was mistakenly omitted from the filing process. The error was not discovered until the Court's order, at which point immediate corrective actions were taken. Counsel was unaware of the error at the time of submission and accepts full responsibility for the oversight.

## IV. Corrective Measures and Professional Responsibility

Undersigned counsel has implemented the following remedial actions:

- Hired experienced legal support personnel trained in citation verification and court-compliant procedures;

- Instituted a dual-stage internal review process for all filings to ensure source accuracy and procedural compliance;

- Required exclusive use of primary legal research databases (e.g., Westlaw) for citation validation.

Counsel reaffirms the duty of candor under Rule 11(b) of the Federal Rules of Civil Procedure and Rule 3.3 of the ABA Model Rules of Professional Conduct, and assures the Court that these measures are designed to ensure future accuracy and compliance. At no time did Plaintiff or undersigned counsel intend to mislead the Court or opposing counsel.

## V. No Prejudice to Defendant or the Court

The citation errors did not materially prejudice the Defendant or mislead the Court on

the substantive merits of the Motion to Compel. Plaintiff's motion was based on factual

inadequacies in Defendant's discovery responses. Plaintiff has since corrected the

record to ensure full transparency.

**VI. Response to Additional Citations Identified in Doc. 113**

In Doc. 113, the Court identified additional problematic citations in Doc. 107. Plaintiff

acknowledges and clarifies the following:

- Zubulake v. UBS Warburg LLC: The quotation cited does not appear in that

  opinion. The intended source was Zubulake V, 229 F.R.D. 422 (S.D.N.Y. 2004).

- Qualcomm Inc. v. Broadcom Corp.: Cited generally for discovery misconduct,

  though the opinion focuses on patent disclosure. More appropriate authorities

  would include Bray & Gillespie Mgmt. LLC and Zubulake V.

- Dominion Video Satellite v. Echostar: Referenced in the context of discovery, but

  the case concerns injunctive relief and intervention.

- Gates Rubber Co. v. Bando Chem. Indus.: Focuses on spoliation rather than the

  duty to supplement discovery.

- Security Nat'l Bank of Sioux City v. Abbott Labs, In re Idaho Pub. Emps.' Ret.

  Sys., and United States v. Ziegler: These citations do not correspond to published

  decisions and were placeholder references retained from early research drafts

  that were not removed prior to filing.

These errors stemmed from unverified paraphrasing and the mistaken inclusion of draft materials. They were not relied upon in the argument or emphasized in the briefing and have since been withdrawn. The Court has stricken these citations from the record, ensuring they do not influence the proceedings.

## VII. Compliance with Amended Briefing Order

Pursuant to the Court's June 4, 2025 Order (Doc. 113), Plaintiff will file an amended reply by July 11, 2025. The amended reply will contain a numbered list describing which discovery instruments and corresponding responses are no longer at issue, and a numbered list describing which discovery instruments and corresponding responses remain at issue. If Plaintiff's lists differ from APS's, Plaintiff will provide an explanation as directed. No new discovery issues will be raised in the amended reply, in full compliance with the Court's instructions.

## VIII. Scope of Reply Briefing

Plaintiff's reply addressed new assertions raised for the first time in Defendant's response (Doc. 95), including claims of compliance and adequacy of supplemental disclosures. Plaintiff will ensure the amended reply clearly separates original content from rebuttal, as required.

## IX. Legal Basis for Avoiding Sanctions and Request for Leniency

Under Rule 11(b) of the Federal Rules of Civil Procedure, attorneys are required to ensure that submissions are factually and legally supported and not presented for

improper purpose. However, Rule 11 does not impose strict liability for clerical or drafting errors. The Tenth Circuit has consistently applied an objective reasonableness standard, emphasizing that Rule 11 should not chill legitimate advocacy. In Predator Int'l, Inc. v. Gamo Outdoor USA, Inc., 793 F.3d 1177 (10th Cir. 2015), the court noted the expectation of zealous representation and the high threshold for Rule 11 sanctions. Similarly, in White v. General Motors Corp., Inc., 908 F.2d 675 (10th Cir. 1990), the court emphasized that Rule 11 should not be used to discourage advocacy, including that which challenges existing law. The Supreme Court in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990), further recognized that sanctions should be proportionate and not punitive. Unlike the conduct found sanctionable in White, the errors at issue here were inadvertent, promptly corrected, and not the result of bad faith or improper purpose. Counsel acted promptly and in good faith to correct the citation errors as soon as they were discovered.

## X. Safe Harbor Provision and Prompt Correction

Plaintiff respectfully notes that the citation inaccuracies were addressed promptly through the filing of a Notice of Errata and Clarification of Authorities (Doc. 106) as soon as counsel became aware of them. These actions were taken in the spirit of the safe harbor provision under Rule 11(c)(2), which encourages prompt withdrawal or correction of challenged material. Counsel remains committed to compliance with Rule

11, the Court's procedural standards, and all applicable local rules and has taken steps to ensure future accuracy in all filings.

## XI. Conclusion

At no time did Plaintiff or undersigned counsel intend to mislead the Court or opposing counsel. Undersigned counsel accepts full responsibility for the citation and formatting errors and regrets any burden they placed on the Court's review. Counsel affirms that the errors were not intentional and that good faith corrective measures have been taken, including procedural safeguards, staff restructuring, and prompt filing of corrected authorities. Plaintiff respectfully submits that these mistakes were clerical in nature and not the result of sanctionable conduct under Rule 11(b). Counsel remains committed to professional integrity, candor, and procedural compliance. Plaintiff and counsel remain steadfast in their commitment to ensuring the highest standards of accuracy and candor in all future submissions.

Respectfully submitted,

/s/ Boglarka Foghi, Esq.
Boglarka Foghi, Attorney for Plaintiff
FOGHI LAW FIRM, LLC
5065 Corrales Road
Corrales, NM  87048
(505) 220-5691
foghilaw@yahoo.com

I hereby certify that a true and
correct copy of the foregoing
pleading has been served upon
Opposing Counsel of Record via
the CM/ECF e-file and serve
system this 23rd day of June 2025.

/s/ Boglarka Foghi, Esq.