IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

    Plaintiff,

v.                                                                                                       1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

    Defendants.

## ORDER GRANTING MOTION FOR EXTENSION OF TIME

THIS MATTER comes before the Court on Defendant Albuquerque Public Schools' Motion for Extension of Time to Supplement its Discovery Responses to Plaintiffs' Discovery to Defendant Albuquerque Public Schools. Doc. 150. Therein, Defendant requests a 10-day extension of time to produce the supplemental discovery responses it was compelled to produce by October 3, 2025. *Id.* Plaintiff opposes the motion but has not yet had the opportunity to file briefing. Having reviewed the motion and the relevant law, the Court hereby GRANTS the motion.

Plaintiff propounded her first set of discovery requests to the Defendant on November 18, 2024. Doc. 88 at 2. After being granted a series of extensions of time to respond, Defendant served its first responses to Plaintiff's discovery requests on February 3, 2025. *Id.* at 4. On March 11, 2025, Plaintiff filed a motion to compel the Defendant to more fully respond to the discovery requests. *See generally* Doc. 88. After that motion was filed, Defendant repeatedly represented that it would provide supplemental discovery responses to resolve Plaintiff's concerns. *See* Docs. 95, 101, 105, 135. On September 3, 2025, the Court held a hearing on two of Plaintiff's motions to compel discovery responses. *See* Doc. 146. The Court found that Defendant failed to fully

respond to a substantial number of discovery requests. *Id.* Accordingly, the Court compelled the Defendant to supplement its discovery responses by October 3, 2025. Doc. 147.

Despite Defendant having these discovery requests for almost eleven months, Defendant now requests even more time to gather the information required to respond. Doc. 150. No party should be required to wait nearly a year for discovery responses. Defense counsel states that the "law clerk working on this matter was called away and the required information and verifications have not been completed." *Id.* The Court notes that, as counsel of record, it is defense counsel's duty to supplement the discovery requests, not the law clerk's. However, because the requested length of extension is modest, the Court finds good cause to grant the extension of time.

Defendant's failure to thoroughly respond to Plaintiff's discovery requests has unnecessarily delayed this matter and has no doubt needlessly increased the costs of this litigation. Should there be any further unjustified delay, the Court will strongly consider sanctions.

Defendant's supplemental discovery responses are hereby due October 13, 2025.

JENNIFER M. ROZZONI
United States Magistrate Judge