IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TATIA LIPE,**

    Plaintiff,

v.                                                                                                  1:23-cv-00899-GBW-JMR

**ALBUQUERQUE PUBLIC SCHOOLS**
**and NEW MEXICO DEPARTMENT**
**OF PUBLIC EDUCATION,**

    Defendants.

### EXHIBIT A

PLAINTIFF'S UNFILED OPPOSITION
TO APS'S MOTION FOR EXTENSION OF TIME

Submitted as Exhibit A to Plaintiff's Notice of Preserved Objections and Request for

Appropriate Relief.

                                                       Dated: October 2, 2025

                                                       /s/ Boglarka Foghi, Esq.
                                                       Boglarka Foghi, Attorney for Plaintiff
                                                       FOGHI LAW FIRM, LLC
                                                       5065 Corrales Road
                                                       Corrales, NM 87048
                                                       (505) 220-5691
                                                       foghilaw@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

    Plaintiff,

v.                                                 1:23-cv-00899-GBW-JMR

**ALBUQUERQUE PUBLIC SCHOOLS
and NEW MEXICO DEPARTMENT
OF PUBLIC EDUCATION,**

    Defendants.

## PLAINTIFF'S OPPOSITION TO APS'S MOTION FOR EXTENSION OF TIME

COMES NOW Plaintiff, Tatia Lipe ("Plaintiff"), by and through undersigned counsel, and respectfully opposes Defendant Albuquerque Public Schools' ("APS") Motion for Extension of Time (Doc. 150) to comply with this Court's September 5, 2025 discovery Order (Doc. 147). APS has had ample time and notice to comply, has not shown good cause, and its continued delay prejudices Plaintiff and interferes with the orderly administration of this case. In the alternative, if any additional time is granted, the Court should impose stringent, enforcement-oriented conditions and fee-shifting under the Federal Rules of Civil Procedure and the Court's inherent authority.

BACKGROUND

On September 5, 2025, the Court granted in part and denied in part Plaintiff's motions to compel and directed APS to provide complete, unified, and verified supplemental discovery responses by October 3, 2025 (Doc. 147). The Order requires APS to respond to each interrogatory in the format propounded and to either produce responsive documents or provide verified, particularized explanations.

Despite months of notice that supplementation was overdue, including Plaintiff's second motion to compel filed on July 7, 2025 (Doc. 124) following incomplete responses served in February 2025 and prior enlargements, APS waited until October 1, 2025, two days before the deadline, to seek an additional 10 days, citing the unavailability of a law clerk due to a personal matter (Doc. 150). Plaintiff served her initial discovery in November 2024, and APS's pattern of delay has necessitated repeated motion practice and meet-and-confer efforts.

Critically, as of the date of APS's extension request, APS has not served any supplemental responses or produced any additional documents at all. APS knows which responses the Court found deficient, yet has elected to wait until the last minute rather than promptly produce the materials already in its possession, custody, or control, in contravention of its obligations to make timely, rolling production where feasible and to supplement without delay under the Federal Rules of Civil Procedure.

STANDARD

Under Fed. R. Civ. P. 6(b)(1)(A)-(B), extensions require a showing of good cause, and after a deadline expires, excusable neglect. Fed. R. Civ. P. 16(b)(4) likewise requires good cause to modify court-ordered deadlines, focusing primarily on the movant's diligence; carelessness or internal law-office problems do not constitute diligence. The excusable-neglect analysis is equitable and considers prejudice, the length and impact of the delay on proceedings, the reason for delay (including whether it was within the movant's control), and good faith. Where a party has been compelled to respond by a date certain, the burden to justify further delay is heightened, and Fed. R. Civ. P. 37(b) authorizes sanctions for failure to comply with discovery orders.

In addition, Fed. R. Civ. P. 26(e) imposes an affirmative duty to supplement responses in a timely manner when a party learns that a prior disclosure or response is incomplete or incorrect, and Fed. R. Civ. P. 34(b)(2)(B)-(C), (E) requires parties to state with specificity their production responses and produce responsive materials as they are kept in the usual course of business. A party may not withhold unquestionably responsive documents that are ready to be produced while seeking more time for other, outstanding items. Withholding responsive materials that are ready for production, while seeking additional time for other items, is itself sanctionable under Fed. R. Civ. P. 37(b).

ARGUMENT

I. APS Has Had Ample Time and Notice and Has Not Demonstrated Diligence

APS has been on notice since at least July 7, 2025, when Plaintiff filed her second motion to compel (Doc. 124), that full and verified responses were overdue. After the September 3 hearing, the Court afforded APS nearly a month, until October 3, 2025, to complete the compelled work in conformity with the Order. APS waited until October 1 to seek more time. This reflects a lack of diligence under Fed. R. Civ. P. 16(b)(4). Courts enforce scheduling orders to prevent disruption and gamesmanship; when the record shows inadequate diligence, modification is improper.

Moreover, APS's total failure to provide any supplemental responses or production to date underscores the lack of diligence. If APS possesses responsive materials ready for production, it should have produced them promptly rather than waiting until the deadline to seek relief. This last-minute strategy unnecessarily compresses the schedule and exacerbates prejudice to Plaintiff and the Court's docket.

II. Reliance on a Law Clerk Does Not Constitute Good Cause or Excusable Neglect

APS attributes its inability to meet a court-ordered deadline to the unavailability of a law clerk. However, counsel of record bear a nondelegable responsibility for compliance with court orders. Internal staffing decisions are within counsel's control and do not constitute good cause or excusable neglect under Fed. R. Civ. P. 6(b) or Fed. R. Civ. P. 16(b)(4). Moreover, withholding responsive materials that are ready for

production is itself sanctionable conduct under Fed. R. Civ. P. 37(b) . APS's failure to produce even the materials already collected further defeats any claim of diligence or good cause.

### III. Continued Delay Prejudices Plaintiff and Disrupts Case Management

APS's additional delay compounds prejudice to Plaintiff and impairs orderly case progression:

- Increased fees and costs due to repeated motion practice and meet-and-confer efforts necessitated by APS's incomplete and untimely responses.
- Disruption to the sequencing of depositions and expert work that depend on receipt of unified, verified supplementation and document production; compressing the schedule increases expense and risks unfair surprise.
- Heightened evidentiary risks as memories fade, witnesses become more difficult to coordinate, and ESI management becomes more burdensome the longer production is deferred.
- A litigation imbalance where a public entity with substantial resources leverages delay to Plaintiff's detriment.

These prejudicial effects align with factors courts consider when assessing good cause and sanctions under Fed. R. Civ. P. 37, including prejudice, interference with the judicial process, culpability, prior warnings, and the efficacy of lesser sanctions.

IV. APS's Pattern of Delay Warrants Enforcement Measures Under Rule 37 and the Court's Inherent Authority

APS's history, late and incomplete responses, a compel order with explicit directives, and an eleventh-hour extension request grounded in staffing, demonstrates fault and disregard of obligations requiring firm enforcement. Fed. R. Civ. P. 37(b) authorizes sanctions for failure to obey a discovery order, including fee-shifting and evidentiary remedies calibrated to cure prejudice and deter future noncompliance. The Supreme Court has affirmed the use of robust sanctions to deter discovery abuse, and courts possess inherent authority to address bad-faith delay tactics with fee-shifting and other appropriate remedies. If APS continues to withhold production until deadlines or extension rulings, the Court should consider targeted evidentiary consequences to prevent tactical advantage from noncompliance.

V. At Minimum, APS Should Immediately Produce All Materials Already in Its Possession and Any Verified Supplements Now; Any Extension, If Granted, Should Be Limited to Outstanding Items Only

Withholding responsive materials that are ready for production, while seeking additional time for other items, is itself sanctionable under Fed. R. Civ. P. 37(b). APS must immediately produce all materials currently in its possession, custody, or control, rather than waiting until the deadline or the Court's ruling on its extension request.

If APS possesses responsive materials now, it must produce them immediately rather than waiting. Should the Court grant any additional time, it should be strictly limited to outstanding items demonstrably requiring additional collection or review, not to materials already identified or gathered.

Accordingly, if the Court is inclined to grant any time at all, Plaintiff requests an order requiring immediate production of all responsive documents and verified responses currently in APS's possession, custody, or control, with a brief, final extension only for the discrete categories that APS identifies with specificity as still being collected or reviewed.

## VI. Conditions if Any Extension Is Granted

If the Court grants any additional time despite this record, conditions should ensure transparency, completeness, and accountability, and mitigate further prejudice:

- **Fixed, final deadline.** A firm date, with no further extensions absent truly extraordinary circumstances supported by sworn evidence.

- **Immediate partial production.** APS must produce all responsive documents/ESI and verified supplements currently in its possession, custody, or control; the extension applies only to specifically identified outstanding items.

- **Full, verified supplementation by final deadline.** Unified, sworn interrogatory answers and responses, with all remaining responsive documents/ESI produced or verified, particularized explanations where no documents exist.

7

- **Production transparency.** A certification, made under penalty of perjury, served three business days before the final deadline identifying: custodians; repositories/systems searched (e.g., email servers, shared drives); date ranges; search terms and methods; preservation steps; sources deemed not reasonably accessible and the basis.

- **Privilege log.** Concurrent service of a privilege log compliant with Fed. R. Civ. P. 26(b)(5)(A) , sufficient to assess each claim of privilege.

- **No rolling production after the final deadline.** Completion by the deadline absent prior written agreement or court order.

- **Compliance conference.** A brief post-deadline hearing, with an APS representative prepared to attest to diligence, methodology, and completeness under Fed. R. Civ. P. 26(g) .

- **Fee-shifting and remedial sanctions.** If APS fails to meet the interim or final dates or violates any condition, award Plaintiff her reasonable fees and costs occasioned by the noncompliance under Fed. R. Civ. P. 37(b) and consider evidentiary consequences, including preclusion under Fed. R. Civ. P. 37(c)(1) for documents or information withheld past the deadline.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny APS's Motion for Extension (Doc. 150) and require APS to comply with the September 5, 2025

Order by the original October 3 deadline. In the alternative, if any extension is granted, Plaintiff respectfully requests that the Court: (1) order immediate production of all responsive documents and verified responses currently in APS's possession, custody, or control; (2) limit any additional time to outstanding items only, identified with specificity; and (3) impose the compliance conditions set forth above and award Plaintiff her reasonable expenses pursuant to Fed. R. Civ. P. 37(b) and the Court's inherent authority, to deter continued delay and safeguard the orderly progression of this case.

Respectfully Submitted,

/s/ *Boglarka Foghi, Esq.*
Boglarka Foghi, Attorney for Plaintiff
FOGHI LAW FIRM, LLC
5065 Corrales Road
Corrales, NM. 87048
(505) 220-5691
foghilaw@yahoo.com

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed through the CM/ECF system on this 2nd day of October 2025 which causes service to the following:

Karen Kilgore, Esq.
Cuddy & McCarthy, LLP 1701 Old Pecos Trail
P.O. Box 4160 Santa Fe, NM 87502
kkilgore@cuddymccarthy.com

/s/ *Boglarka Foghi, Esq.*
Boglarka Foghi, Attorney at Law

9

EXHIBIT A – PLAINTIFF'S UNFILED OPPOSITION TO APS'S MOTION FOR EXTENSION OF TIME
Lipe v. APS, No. 1:23-cv-00899-GBW-JMR
Page 9 of 9