IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

    Plaintiff,

v.                                                                                        1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

    Defendants.

## AMENDED ORDER GRANTING MOTION FOR EXTENSION OF TIME

THIS MATTER comes before the Court on Defendant Albuquerque Public Schools' Motion for Extension of Time to Supplement its Discovery Responses to Plaintiffs' Discovery to Defendant Albuquerque Public Schools, filed October 1, 2025. Doc. 150. Therein, Defendant requested a 10-day extension of time to produce the supplemental discovery responses it was compelled to produce by October 3, 2025. *Id.* The Court granted the motion without granting Plaintiff an opportunity to respond on October 2, 2025. Doc. 151.

That same day, Plaintiff filed a document titled "Plaintiff's Notice of Preserved Objections and Request for Appropriate Relief." Doc. 152. In that filing, Plaintiff requested "that the Court deem all objections and arguments set forth in the attached unfiled opposition [to Defendant's motion for an extension of time] (Exhibit A) as preserved for the record." *Id.* at 2. Plaintiff's filing is procedurally irregular. Plaintiff could have filed a response before the Court issued its decision on the Defendant's motion, though the Court acknowledges there was a relatively short time frame to do so. Alternatively, Plaintiff could have objected to the Court's order granting the extension. *See* FED. R. CIV. P. 72(a). Both procedures would have preserved Plaintiff's argument for appeal. *See United States v. Bradley*, 97 F.4th 1214, 1221 n.8 (10th

Cir. 2024) ("[I]n order to preserve an issue for appeal, a party needs to alert the court to the issue and seek a ruling.") (quotation omitted). Instead, Plaintiff filed a preservation notice that likely does not actually preserve her arguments because it does not "seek a ruling."[1] *See id.* Nevertheless, because the Court issued its order prior to the deadline within which Plaintiff had to respond, the Court amends its decision to take into account Plaintiff's intended response (Doc. 152-1).

Having reviewed the motion, Plaintiff's response, and the relevant law, the Court does not alter its decision. *See* Doc. 151. Defendant's motion is GRANTED.

Federal Rule of Civil Procedure 6(b)(1) provides that the Court may extend a deadline for "good cause." FED. R. CIV. P. 6(b)(1)(A). If a motion to extend a deadline is filed "after the time has expired," then the moving party must also show excusable neglect. FED. R. CIV. P. 6(b)(1)(B). Rule 6(b)(1) must "be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). Indeed, "an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Wright & Miller, 4B FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed.).

Here, there is good cause to extend the deadline for Defendant's supplemental responses to discovery by a modest ten days. *See* FED. R. CIV. P. 6(b)(1)(A). The Court ordered Defendant to substantially supplement its discovery responses, which is inherently resource intensive.

---

[1] Plaintiff cites Federal Rule of Civil Procedure 46 as the legal basis for the notice. Doc. 152 at 2. However, Rule 46 is plainly inapplicable here. *See United States v. Williams*, No. 2:15-CV-00054-RJS-DBP, 2023 WL 11960837, at *17 (D. Utah Sept. 30, 2023) ("As is clear from the Rule's history and decades of settled Tenth Circuit precedent, Rule 46 applies to trial practice.").

Defense counsel stated that the "law clerk working on this matter was called away" due to a "tragedy." Doc. 150. While the Court agrees with Plaintiff that defense counsel, not her law clerk, bears the responsibility for timely compliance with Court orders, *see* Doc. 152-1 at 5 ("[C]ounsel of record bear a nondelegable responsibility for compliance with court orders."), it is also reasonable that defense counsel may have enlisted her law clerk for assistance with the formidable task of supplementing Defendant's discovery responses. There is no indication that Defendant's request was made in bad faith. And Plaintiff will not suffer meaningful prejudice because of a ten-day extension of time. Given the unexpected event in the law clerk's personal life, the short length of the proposed extension, and the burdensome nature of the task, the Court finds that Defendant has shown good cause for an extension of the deadline to supplement its discovery responses.

Now, the Court turns to Plaintiff's arguments. First, Plaintiff argues that "APS has had ample time and notice to comply" with the Court's order compelling APS to supplement its discovery responses. Doc. 152-1 at 2, 4. Plaintiff also argues that she has been prejudiced by Defendant's pattern of delay. *Id.* at 5. The Court agrees with Plaintiff and discussed both points in the original order granting Defendant's motion for an extension of time. *See, e.g.*, Doc. 151 at 2 ("No party should be required to wait nearly a year for discovery responses. . . . Defendant's failure to thoroughly respond to Plaintiff's discovery requests has unnecessarily delayed this matter and has no doubt needlessly increased the costs of this litigation."). However, even in light of these factors, it would be unreasonable to deny the Defendant such a short extension of time that was requested in good faith.

3

Plaintiff also argues that Defendant has not shown "excusable neglect." Doc. 152-1 at 4–5. But because Defendant requested an extension of time before the deadline expired,[2] "excusable neglect" is not the appropriate legal standard. *See* FED. R. CIV. P. 6(b)(1)(B).

Plaintiff also makes arguments related to sanctioning the Defendant. But again, a response to Defendant's motion is not the appropriate mechanism by which to request sanctions. *See* FED. R. CIV. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion. . . .").

Plaintiff also requests, without citation to any relevant legal authority, that the Court impose eight conditions on the extension of time. *See* Doc. 152-1 at 7–8. Some of these conditions are duplicative of existing orders. *See, e.g.*, *id.* (requesting a "[f]ull, verified supplementation by [the] final deadline" and "no rolling production after the final deadline"). Some of these conditions are unrelated to the extension request. *See, e.g.*, *id.* (requesting that Defendant provide a "[p]rivilege log," a "[p]roduction transparency" certification, and participate in a post-production "[c]ompliance conference"). And some are in plain contradiction with each other. For example, Plaintiff requests that the Court order Defendant to partially produce whatever responsive material it has immediately, *id.* at 7, but then requests that the Court order Defendant provide "[u]nified" responses to Plaintiff's discovery requests. *Id.* The Court does not see the need to impose any of Plaintiff's proposed conditions.

---

[2] Plaintiff also argues—referencing the October 3, 2025, production deadline: "APS waited until October 1 to seek more time. This reflects a lack of diligence under Fed. R. Civ. P. 16(b)(4)." Doc. 152-1 at 4. The Court disagrees. Requesting an extension of time two days in advance, particularly in light of an unforeseen emergency, is hardly an "eleventh-hour extension request." *See id.* at 7.

Finally, the Court is compelled to note that Plaintiff's briefing bears signs that counsel continues to neglect to properly review her filings and may be continuing to inappropriately use generative artificial intelligence ("AI") to draft her filings. Plaintiff's counsel has already been sanctioned once for the inappropriate use of AI. *See* Doc. 149. To be clear, the use of generative AI is not in and of itself problematic, but an attorney must diligently review AI-generated briefing to ensure its accuracy and compliance with Rule 11. *See* Formal Ethics Advisory Opinion No. 2024-004, STATE BAR OF NEW MEXICO (Sept. 24, 2024), https://www.sbnm.org/Portals/NMBAR/GenAI%20Formal%20Opinion%20-%20Sept_2024_FINAL.pdf (providing guidance on the ethical use of generative artificial intelligence in the legal practice).

While Plaintiff's briefing no longer contains fabricated citations, it does contain several "legal contentions" that are simply not "warranted by existing law." FED. R. CIV. P. 11(b)(2). For example, in the legal standard section of the brief, Plaintiff supplies the following rule statement: "Withholding responsive material that are ready for production, while seeking additional time for other items, is itself sanctionable under Fed. R. Civ. P. 37(b)." Doc. 152-1 at 4. Rule 37(b) makes no such statement. Nor is the Court aware of, and Plaintiff does not provide, any case law that supports this proposition.[3] Notably, throughout this litigation, Plaintiff's briefing has contained significant citations to case law. However, this most recent filing contains no case citations. Because of the syntactic similarity to Plaintiff's prior briefing, the Court is concerned that Plaintiff may have used the same generative AI to draft this response brief, but in lieu of

---

[3] Plaintiff provides several other unsupported or inaccurate rule statements. However, because the Court wishes to urge more diligent conduct, rather than further sanction counsel, the Court will not belabor the point.

verifying the legal contentions, just removed any citations to case law. Without reaching any conclusions as to counsel's behavior in this instance, the Court once again cautions Plaintiff's counsel to be more diligent with her briefing.

In summary, Defendant's Motion for Extension of Time to Supplement its Discovery Responses to Plaintiffs' Discovery to Defendant Albuquerque Public Schools (Doc. 150) is GRANTED. Defendant's supplemental discovery responses are due October 13, 2025.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge