IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

    Plaintiff,

v.                                                                            1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court *sua sponte*. Plaintiff Tatia Lipe filed her Motion to Disqualify Counsel (Doc. 183) under seal but failed to establish a sufficient privacy interest for filing the motion under seal.

It is well settled that federal courts recognize a common-law right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest." *Crystal Grower's Corp.*, 616 F.2d at 461. This public right of access, however, is not absolute. *Nixon*, 435 U.S. at 598. As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. *Crystal Grower's Corp.*, 616 F.2d at 461. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or some portion of the record. *Id.* Documents should be sealed "only on the basis of articulable facts known to the

court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

A party seeking to overcome the presumption of public access to judicial documents bears the burden of showing "some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009). The fact that information has "already been made public" will undermine a party's privacy concerns. *United States v. Pickard*, 733 F.3d 1297, 1305 (10th Cir. 2013) (citing *Mann*, 477 F.3d at 1149).

In keeping with the paramount right of public access, this Court requires a party to move for permission to file a particular document under seal and to demonstrate a private interest sufficient to justify the sealing of the document. That the parties have agreed a document should be filed under seal is not sufficient; the party seeking to file a document under seal must establish that his or her interest in keeping the document private outweighs the public's right of access to judicial records.

IT IS THEREFORE ORDERED that Plaintiff must file a motion requesting permission for the Motion to Disqualify Counsel (Doc. 183) to remain under seal by **March 2, 2026**. Alternatively, Plaintiff may re-file the motion on the public docket, and the Court will strike the sealed filing as "redundant." *See* FED. R. CIV. P. 12(f). Re-filing the motion will not reset the briefing deadlines.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge