IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TATIA LIPE,**

    Plaintiff,

vs.                                          Cause No. 1:23-cv-899 GBW/JMR

**ALBUQUERQUE PUBLIC SCHOOLS
and NEW MEXICO DEPARTMENT
OF PUBLIC EDUCATION,**

    Defendants.

## PLAINTIFF'S MOTION TO DISQUALIFY MODRALL SPERLING, ROEHL, HARRIS & SISK, P.A. AND TO STRIKE ENTRY OF APPEARANCE OF JENNIFER G. ANDERSON AND MEMORANDUM IN SUPPORT (RE-FILED PURSUANT TO COURT ORDER)

**I. INTRODUCTION**

COMES NOW Plaintiff Tatia Lipe ("Plaintiff"), by and through undersigned counsel, and respectfully moves this Court, pursuant to its supervisory authority over attorneys appearing before it, to disqualify Modrall Sperling, Roehl, Harris & Sisk, P.A. ("Modrall") from representing Defendant Albuquerque Public Schools ("APS") in this action and to strike the Entry of Appearance of Jennifer G. Anderson filed on January 28, 2026 (Doc. 180).

This motion arises from Modrall's prior attorney–client representation of Plaintiff in complex federal tax proceedings from approximately December 2022 through 2024 (the "Prior Matter"), during which Modrall—through its attorney Margaret M. Hickey—actually obtained Plaintiff's confidential and privileged financial, medical, and work-activity information.

Modrall has now entered an appearance adverse to its former client in a case where Plaintiff's damages, mitigation, credibility, and work capacity are central issues. The New Mexico Rules of Professional Conduct prohibit such representation absent informed consent, which Plaintiff has not given. See Rules 16-109, 16-110 NMRA.

Disqualification is required to protect former-client confidences and preserve the integrity of these proceedings. APS already has active counsel; removing conflicted additional counsel imposes no prejudice.

## II. RELEVANT BACKGROUND

1. Plaintiff Tatia Lipe is the plaintiff in this action against APS.

2. APS has been represented by active counsel in this matter, including attorney M. Karen Kilgore.

3. On January 28, 2026, Modrall entered an appearance on behalf of APS through attorney Jennifer G. Anderson. (Doc. 180.)

4. From approximately December 2022 through 2024, Modrall—through its attorney Margaret M. Hickey—represented Plaintiff in complex federal tax proceedings (the "Prior Matter").

5. The Prior Matter was an attorney-client relationship in which Plaintiff sought and received legal advice and advocacy in her individual capacity.

6. A central issue in the Prior Matter required counsel to develop an accurate understanding of Plaintiff's job duties and work activities, because those activities bore directly on the tax positions at issue. In furtherance of that representation, Modrall prepared and

      circulated written materials describing Plaintiff's work activities and qualifications for use in the tax proceedings.

7. In the course of the Prior Matter, Plaintiff provided Modrall and Ms. Hickey confidential and privileged information typical of complex tax representation, including private income and expense information, supporting documentation, work-activity narratives, and sensitive personal and health-related disclosures.

8. The contemporaneous communications from December 2022 through 2023 reflect Ms. Hickey's active participation in the representation, including coordination of IRS Appeals conferences, document requests, preparation for scheduled proceedings, and attorney–client communications in which Plaintiff disclosed sensitive medical and financial hardship information.

9. Modrall's representation of APS in this case is materially adverse to Plaintiff.

10. Plaintiff has not provided informed consent for Modrall, including Ms. Hickey, to represent APS against her in this litigation.

### III. LEGAL STANDARD

The control of attorneys' conduct in trial litigation is ordinarily within the supervisory powers of the trial judge. *Smith v. Whatcott*, 757 F.2d 1098, 1100 (10th Cir. 1985). Federal courts possess inherent authority to refuse conflicted representation in order to protect the integrity of proceedings and enforce ethical obligations. *Wheat v. United States*, 486 U.S. 153, 160 (1988). Attorneys appearing in this District are governed by the New Mexico Rules of Professional Conduct. D.N.M. LR-Civ. 83.9. Under Rule 16-109 NMRA, a lawyer who has formerly represented a client may not represent another person in the same or a substantially related matter

in which that person's interests are materially adverse to the former client, absent informed consent.

In the Tenth Circuit, former-client conflict analysis examines: (1) whether an attorney–client relationship existed; (2) whether the prior matter and the present litigation are the same or substantially related, including whether the lawyer obtained confidential information materially usable in the later adverse representation; and (3) whether the interests are materially adverse. *SLC Ltd. v. Bradford Grp. W., Inc.*, 999 F.2d 464, 466–67 (10th Cir. 1993).

New Mexico applies a substantial-relationship analysis that does not require the former client to disclose the specific contents of privileged communications. Disqualification is required where the relationship between the prior representation and the present litigation is patently clear and the court finds that confidential information was disclosed, creating an appearance of impropriety. *Leon, Ltd. v. Carver*, 1986-NMSC-015, ¶ 16, 104 N.M. 29, 715 P.2d 1080.

Where a lawyer is disqualified under Rule 16-109 NMRA, the conflict is imputed to the lawyer's firm under Rule 16-110 NMRA. Once the predicate for imputation is met, screening is not an adequate cure. *Roy D. Mercer, LLC v. Reynolds*, 2013-NMSC-002, ¶¶ 21–24, 292 P.3d 466.

## IV. ARGUMENT

### A. Prior Representation and Actual Acquisition of Confidential Information

Modrall through its attorney Margaret M. Hickey represented Plaintiff in the Prior Matter, an attorney–client relationship in which Plaintiff sought and received legal advice in her individual capacity.

During that representation, Ms. Hickey actually obtained confidential and privileged information from Plaintiff, including non-public financial records, detailed expense documentation,

descriptions of Plaintiff's work activities prepared for use in the tax proceedings, and contemporaneous disclosures regarding medical conditions and financial hardship. (See Ex. A (Hickey requesting client financial documents following in-person meeting); Ex. C (Hickey coordinating Appeals conference and call logistics).)

Plaintiff provided this information in reliance on the attorney–client relationship and with the expectation it would remain confidential. (See Ex. B (drafting work-activity narrative for use in tax proceedings); Ex. F (circulation of draft materials to Plaintiff for review in connection with tax proceedings).) These facts establish the first prong of the former-client conflict analysis.

**B. The Prior Matter and This Action Are Substantially Related**

The Prior Matter and this litigation are substantially related. In the Prior Matter, Modrall obtained confidential factual information that is materially relevant to issues presented here, including Plaintiff's earnings history, work capacity, mitigation, credibility, and health-related circumstances.

APS's defenses place Plaintiff's damages, mitigation, and credibility directly at issue. Confidential information exchanged in a tax controversy—returns, supporting documentation, income and expense narratives, and contemporaneous hardship disclosures—is the same category of information routinely used in civil litigation to challenge damages, propose alternative explanations for distress, and assess settlement posture. (See Ex. B (work-activity narrative); Ex. D (medical condition communications); Ex. E (financial hardship disclosure).) New Mexico law does not require Plaintiff to disclose the specific contents of privileged communications to establish a substantial relationship. The scope and nature of the Prior Matter

and the categories of confidential information actually obtained suffice. *Leon, Ltd.*, 1986-NMSC-015, ¶ 16. The relationship between the representations is patently clear.

**C. Imputation Requires Firm Disqualification; Screening Is Not an Adequate Cure**

Because Ms. Hickey is disqualified under Rule 16-109 NMRA, her conflict is imputed to Modrall under Rule 16-110 NMRA. Plaintiff has not provided informed consent to Modrall's adverse representation.

Under New Mexico law, screening is not an adequate remedy once the predicate for imputed disqualification is satisfied—particularly where, as here, the lawyer played a substantial role in the prior representation and had access to material confidential information. *Roy D. Mercer, LLC v. Reynolds*, 2013-NMSC-002, ¶¶ 21–24. Accordingly, Modrall must be disqualified from representing APS in this action, and the Entry of Appearance filed through the conflicted firm must be stricken.

**D. The Equities Favor Disqualification and the Relief Sought Is Narrow and Proportionate**

Plaintiff recognizes that disqualification is an extraordinary remedy and may be misused tactically. That is not the case here.

APS already has active counsel. Disqualifying Modrall will not deprive APS of representation; it will remove conflicted additional counsel. Plaintiff attempted to address the issue without motion practice by conferring with APS's existing counsel regarding withdrawal when Modrall entered, and counsel declined. Court intervention is therefore necessary to protect former-client confidences and the integrity of the proceedings.

The equities further favor disqualification because Plaintiff attempted to resolve this issue without motion practice by timely notifying counsel of the conflict and requesting withdrawal. Modrall's failure to respond to Plaintiff's written conflict notice and request for withdrawal left Plaintiff with no alternative but to seek the Court's intervention. (Ex. G.)

**V. D.N.M. LR-CIV. 7.1(a) CERTIFICATION**

Pursuant to D.N.M. LR-Civ. 7.1(a), Plaintiff certifies that she attempted in good faith to confer with counsel for APS regarding the relief requested in this motion. On February 5, 2026, Plaintiff's counsel emailed APS's existing counsel and newly appearing Modrall counsel to identify the former-client conflict and to request withdrawal before seeking Court intervention. See Email from B. Foghi to J. Anderson and M. K. Kilgore (Feb. 5, 2026) (Ex. G).

As of the time of filing, Modrall and Ms. Anderson have not responded, have not disputed the existence of the prior representation, and have not indicated any intent to withdraw. Court intervention is therefore required.

Disqualification is narrowly tailored and proportional. APS remains represented by active counsel, and the relief sought protects former-client confidences without impairing APS's ability to defend this case.

**VI. CONCLUSION AND REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order:

1. Disqualifying Modrall Sperling, Roehl, Harris & Sisk, P.A. from representing APS in this matter;
2. Striking Modrall's Entry of Appearance filed January 28, 2026 (Doc. 180) and any other Modrall appearance(s);

3. Prohibiting Modrall and its attorneys from accessing, receiving, reviewing, or using any materials or work product in this case going forward, and from using any confidential information obtained from Plaintiff in the prior representation in connection with this litigation; and

4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Boglarka Foghi, Esq.*

Boglarka Foghi
Attorney for Plaintiff
FOGHI LAW FIRM, LLC.
5065 Corrales Rd., P.O. Box 944
Corrales, NM 87048
(505) 220-6591
foghilaw@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of February, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing including:

M. Karen Kilgore
Cuddy McCarthy
1701 Old Pecos Trail
Santa Fe, NM 87505
Tel: (505) 988-4476
kkilgore@cmc.law
Attorneys for Albuquerque Public Schools

Jennifer G. Anderson
MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.
Post Office Box 2168
Albuquerque, NM 87103-2168
Tel: (505) 848-1800
jennifer.anderson@modrall.com
Attorneys for Albuquerque Public Schools


*/s/ Boglarka Foghi, Esq.*
Boglarka Foghi