IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

      Plaintiff,

v.                                                1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

      Defendants.

### ORDER GRANTING APS'S MOTION FOR SANCTIONS AND GRANTING IN PART PLAINTIFF'S MOTION

THIS MATTER comes before the Court on Defendant Albuquerque Public Schools' ("APS's") Motion for Sanctions, filed March 6, 2026. Doc. 218; *see also* Docs. 219–23 (APS's declarations in support of the motion). Plaintiff filed a response on March 8, 2026. Doc. 225. APS filed a reply on March 23, 2026. Doc. 237. Plaintiff then filed a Motion for Leave to File Surreply and Motion to Disregard Improper New Matter and Collateral Attacks in APS's Reply on March 26, 2026. Doc. 243. APS's motion is GRANTED. Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

APS's affidavit of expenses is due **May 1, 2026**. Plaintiff's objections, if any, are due 14 days after APS's affidavit is filed. Plaintiff may not file a sur-reply.

## I.    Defendant's Motion (Doc. 218)

APS requests that Plaintiff's counsel be sanctioned for "(1) failure to attend depositions she scheduled; and (2) for engaging in deceitful conduct." Doc. 218 at 1.

Plaintiff's counsel failed to attend five depositions that she noticed. In total, Plaintiff noticed eight depositions for March 3, 2026. *See* Doc. 190 (Notice of Deposition for Andy

Gutierrez); Doc. 191 (Notice of Deposition for Margaret Crist); Doc. 192 (Notice of Deposition for Bernadette Lucero-Turner); Doc. 193 (Notice of Deposition for Manuel Alzaga); Doc. 195 (Notice of Deposition for Jerry Thorn); Doc. 205 (Notice of Deposition for Linda Elliot); Doc. 206 (Notice of Deposition for Angelique Torres); Doc. 207 (Notice of Deposition for Stephanie Avila). APS filed, and the Court eventually granted, motions for protective orders for the latter three depositions. *See* Doc. 228. However, the remaining five depositions were not vacated, and APS did not file notices of non-appearances.

On March 3, 2026, defense counsel appeared for the scheduled depositions. Doc. 218 at 2. Plaintiff's counsel did not. The first witness of the day appeared. *Id.* Three other witnesses were prepared to appear as scheduled. *Id.* at 5. The fifth witness, Jerry Thorn, did not plan to appear because Plaintiff did not inform him about his deposition or subpoena him. *Id.*; *see also* Doc. 221.

In an email exchange, Plaintiff's counsel asserted that she called and left a message with defense counsel's office on February 27, 2026, to cancel the depositions. Doc. 218 at 3. Defense counsels' respective receptionists submitted sworn declarations explaining that their law firms did not receive any messages from Plaintiff's counsel on February 27, 2026. Docs. 220, 222. In the response briefing, Plaintiff's counsel did not defend herself against the accusation that she lied about cancelling the deposition. *See generally* Doc. 225.

Rule 30(g)(1), titled "Failure to Attend a Deposition or Serve a Subpoena; Expenses" states:

> A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:
>
> (1) attend and proceed with the deposition; or

(2) serve a subpoena on a nonparty deponent, who consequently did not attend.

FED. R. CIV. P. 30(g). "An award of expenses pursuant to Rule 30(g) is within the discretion of the trial court." *Renfro v. Spartan Computer Servs., Inc.*, No. 07-2050-CM, 2008 WL 650338, at *2 (D. Kan. Mar. 6, 2008).

The Court also "may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991) (quotations omitted). This sanction power is inherent to the Court, thus, is separate from the expressly granted power to impose fees under Rule 30(g). *See id.* at 42–43.

Here, APS is plainly entitled to "reasonable expenses for attending" the five depositions. FED. R. CIV. P. 30(g); *see also Long v. E. New Mexico Univ. Bd. of Regents*, No. CIV 13-380 RB/SMV, 2015 WL 13662875, at *3 (D.N.M. Apr. 29, 2015) (imposing fees when there was "a clear violation of Rule 30(g)(1)"). Plaintiff noticed five depositions, and she failed to "attend and proceed" with each deposition. FED. R. CIV. P. 30(g)(1). As to Mr. Thorn, she also failed to "serve a subpoena on a nonparty deponent, who consequently did not attend." FED. R. CIV. P. 30(g)(2). Defense counsel "expected a deposition to be taken" and "attend[ed] in person."[1] FED. R. CIV. P. 30(g). By the plain language of Rule 30(g), the Court may award APS expenses. As such, the Court orders Plaintiff to pay APS's reasonable expenses for attending the depositions and preparing this motion.

APS requests that Plaintiff be sanctioned for her alleged "willful misrepresentations." Doc. 237 at 9. APS argues that Plaintiff lied to defense counsel about cancelling the depositions.

---

[1] Had APS's counsel failed to attend, they themselves may have been open to sanctions under Rule 37(d)(1) ("Party's Failure to Attend Its Own Deposition").

3

Doc. 218 at 1, 3. APS further argues that Plaintiff lied by implying in her deposition notices that she was going to subpoena the witnesses. *See* Doc. 237 at 4; *see also* Doc. 192 ("Ms. Lucero-Turner is a former employee of Albuquerque Public Schools. Her appearance will be compelled by subpoena issued pursuant to Fed. R. Civ. P. 45. "); Doc. 193 (same as to Mr. Alzaga); Doc. 195 (same as to Mr. Thorn). However, "APS is not seeking punitive fees." *Id.* at 8. Besides reasonable expenses, APS only requests that, as a sanction, Plaintiff not be allowed to re-schedule the five depositions. In a discovery hearing held on March 25, 2026, the Court separately decided that Plaintiff may not set any further depositions in this case. *See* Doc. 246 ("The parties may not take any additional depositions in this matter."). Discovery in this matter is closed. Having already found that APS is entitled to fees under Rule 30(g) and that Plaintiff may not take any further depositions, the Court need not address the parties' argument regarding Plaintiff's alleged willful misrepresentations. The Court has already fully granted the relief APS requested based on these alleged misrepresentations.

Plaintiff provides lengthy arguments in her response briefing. *See* Doc. 225. However, they are almost entirely irrelevant. Plaintiff's briefing does not grapple with the relevant legal standard or facts. *E.g.* FED. R. CIV. P. 30(g). Plaintiff does not dispute that she noticed the five depositions, or that she failed to attend them. She does not defend herself against the accusation that she lied about canceling the depositions. Instead, Plaintiff argues that "APS must show bad faith." Doc. 225 at 7 (citing *Chambers*, 501 U.S. at 44–46). However, Rule 30(g) does not require a showing of bad faith. Plaintiff further argues that she should not be fined for failing to attend the depositions because she never subpoenaed the witnesses. Doc. 225 at 5, 6, 9–10. This argument bears no relation to the text of Rule 30(g) or its case law. Because Plaintiff's briefing does not engage with the correct legal standards or the legally relevant facts, the Court largely

does not address her response briefing.

For the reasons stated above, APS's motion is GRANTED. By **May 1, 2026**, APS must file an affidavit of expenses related to attending the depositions of Andy Gutierrez, Margaret Crist, Bernadette Lucero-Turner, Manuel Alzaga, and Jerry Thorn and preparing the sanctions motion. Plaintiff's objections to the reasonableness of the expenses, if any, are due 14 days after APS's affidavit is filed. Plaintiff may not argue against the imposition of fees.

## II.    Plaintiff's Motion (Doc. 243)

Plaintiff filed a Motion for Leave to File Surreply and Motion to Disregard Improper New Matter and Collateral Attacks in APS's Reply. Doc. 243. APS has not yet had the opportunity to respond to this motion.

In the reply briefing for APS's Motion for Sanctions (Doc. 218), APS cites a separate state case where Plaintiff's counsel was sanctioned. Doc. 237 at 3; Doc. 237-1 (sanctions order from the other matter). Plaintiff's counsel requests that the Court disregard this information. Plaintiff views APS's inclusion of this material as a "personal attack" and an improper attempt to "impeach counsel's credibility." Doc. 243 at 3. Plaintiff's proposed sur-reply directly responds to APS's inclusion of this other case where, according to APS's briefing, Plaintiff's counsel was sanctioned.

Per Plaintiff's request, the Court will disregard the information APS provided regarding Plaintiff's counsel's extraneous legal dispute. This information is inconsequential because the Court has found fully in APS's favor without considering the information. While it was not inherently improper for APS to reference another lawsuit, "[f]actual findings in one case ordinarily are not admissible for their truth in another case." *Nat'l Fair Hous. All. v. Brookdale Santa Fe*, 621 F. Supp. 3d 1271, 1280 (D.N.M. 2022) (citations omitted). Because the Court is

disregarding APS's arguments, the Court will not allow Plaintiff to file a sur-reply to address those arguments.

Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## III.  Conclusion

APS's Motion for Sanctions (Doc. 218) is GRANTED. By **May 1, 2026**, APS must file an affidavit of expenses related to attending the depositions of Andy Gutierrez, Margaret Crist, Bernadette Lucero-Turner, Manuel Alzaga, and Jerry Thorn and preparing the sanctions motion. Plaintiff's objections to the reasonableness of the expenses, if any, are due 14 days after APS's affidavit is filed.

Plaintiff's Motion for Leave to File Surreply and Motion to Disregard Improper New Matter and Collateral Attacks in APS's Reply (Doc. 243) is GRANTED IN PART and DENIED IN PART. The Court will disregard the requested information. Plaintiff may not file a sur-reply.

JENNIFER M. ROZZONI
United States Magistrate Judge

6