IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

     Plaintiff,

v.                                 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

     Defendants.

### APS' MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR DEFAMATION

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Albuquerque Public Schools ("APS") moves to dismiss Plaintiff's claims for defamation asserted in Count III of the Complaint [ECF 1]. There is no waiver of immunity for the tort of defamation in the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1- to -30 ("NMTCA").

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed" a "party may move for judgment on the pleadings." *Muller v. Valsack*, No. 13-cv-431, 2015 U.S. Dist. LEXIS 194088, at *7 (D.N.M. Mar. 30, 2015). A motion filed under Rule 12(c) is evaluated under the same standard applicable to motions filed under Rule 12(b)(6). *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure test the "legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Courts may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim if a complaint does not "contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic*

1

*v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a Rule 12(b)(6) motion, the Court must draw all inferences in favor of the plaintiff and must take all well-pleaded facts as true. *See Housing Auth. of the Kaw Tribe v. City of Ponca*, 952 F.2d 1183, 1187 (10th Cir. 1991). Still, surviving dismissal "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555-56.

Ascertaining state law under jurisdiction supplemental to a federal question implicates the same principles articulated following *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 (1938) ("*Erie*"). Under *Erie*, a federal district court sitting in diversity applies "state law with the objective of obtaining the result that would be reached in state court." *Butt v. Bank of Am., N.A.,* 477 F.3d 1171, 1179 (10th Cir. 2007). *Accord Mem. Hosp. v. Healthcare Realty Trust Inc.*, 509 F.3d 1225, 1229 (10th Cir. 2007), *Corman v. JWS of New Mexico, Inc.*, 356 F. Supp. 3d 1148, 1172 (D.N.M. 2018). "Just as a court engaging in statutory interpretation must always begin with the statute's text, a court formulating an Erie prediction should look first to the words of the state supreme court." *Peña v. Greffet*, 110 F. Supp. 3d 1103, 1132 (D.N.M. 2015) (Browning, J.).

## II.    POINTS AND AUTHORITIES

### A. APS is Entitled to Summary Judgment on Plaintiff's Claim for Defamation (Count III) as a Matter of Law as there is No Waiver of Immunity.

The New Mexico Legislature has "declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act and in accordance with the principles established in that Act." NMTCA § 41-4-2A. New Mexico courts have held that *the NMTCA is the exclusive remedy against a governmental entity* or public employee for any tort for which immunity has been waived under the NMTCA and no other claim, civil action or proceeding for damages, by reason of the same occurrence, may be brought against a governmental entity or against the public employee or his estate whose act or

omission gave rise to the suit or claim. *Id*. § 41-4-17A (emphasis added). In other words, a plaintiff may not sue a governmental entity of New Mexico, like APS, or its employees or agents, unless the plaintiff's cause of action fits within one of the exceptions to immunity granted in the NMTCA. *See Begay v. State*, 1985-NMCA-117, ¶ 10, 104 N.M. 483, 723 P.2d 252 (Consent to be sued may not be implied, but must come within one of the exceptions to immunity under the NMTCA.), *rev'd on other grounds by Smialek v. Begay*, 1986-NMCA-049, 104 N.M. 375, 721 P.2d 1306. New Mexico courts have held that, "[t]he right to sue and *any recovery* under the New Mexico Tort Claims is limited to the rights, procedures, limitations and conditions prescribed in that Act". *Methola v. Eddy Cnty.*, 1980-NMSC-145, ¶ 25, 95 N.M. 329, 622 P.2d 234 (emphasis added).

Even assuming *arguendo* that *APS'* actions constituted defamation, which APS explicitly denies, APS is immune under the NMTCA. There is no dispute that APS is a "governmental entity" within the meaning of the NMTCA. *See* § 41-4-3(B). Under the NMTCA, APS has statutory immunity from liability for negligent conduct unless the legislature has specifically waived immunity. *See* § 41-4-4. Immunity is waived in accordance with the provisions of Sections 5 through 12 of the NMTCA.

The only waiver of immunity for the tort of defamation under the NMTCA is for law enforcement officers. *See* § 41-4-4. It is well established in New Mexico, that unless a plaintiff alleges defamation against a law enforcement officer, immunity is not waived under the NMTCA. *Candelaria v. Robinson,* 93 N.M. 786, 790, 606 P.2d 196, 200 (Ct.App.1980). As a non-law enforcement governmental entity, APS is immune from any claims for defamation. As such, Plaintiff's claim for defamation is statutorily barred and must be dismissed as a matter of law.

**B. Should the Court find Plaintiff's Claims for Defamation (Count III) Actionable Under the NMTCA, Plaintiff Failed to Comply with the Notice Requirement of the NMTCA.**

The NMTCA expressly requires that claimants seeking damages against a governmental entity in New Mexico with notice of the claims prior to commencement of any civil suit. *See* NMSA 1978, § 41–4–16. More specifically, the NMTCA requires:

> Every person who claims damages from the state or any local public body under the Tort Claims Act shall cause to be presented to the risk management division for claims against the state, the mayor of the municipality for claims against the municipality, the superintendent of the school district for claims against the school district, the county clerk of a county for claims against the county, or to the administrative head of any other local public body for claims against such local public body, *within ninety days after an occurrence giving rise to a claim* for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury.

(emphasis added) NMSA 1978, § 41–4–16(A). If written notice of the occurrence has not been provided to the governmental entity, as required by the NMTCA, or if the governmental entity had no actual notice of the occurrence, then "no court shall have jurisdiction to consider any suit or action against the state or any local public body," and no action shall be maintained even if immunity has been waived under the NMTCA. *Id.* Here, it is unclear as to what the actual occurrence was that Plaintiff claims give rise to her claim of defamation. Assuming the defamation occurred on the date of her resignation, April 8, 2024, Plaintiff's notice to APS was required to have been provided no later than July 8, 2024. Plaintiff did not provide notice to APS by that date. Thus, dismissal of Plaintiff's claim of defamation (Count III) against APS for failure to provide notice pursuant to the NMTCA is proper.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's claim for defamation asserted in Count III of the Complaint fails as a matter of law. Plaintiff has not cited any waiver of immunity, because she cannot. The TCA waives immunity for defamation strictly in the context of law enforcement officers. There is no waiver of immunity for defamation against APS under the NMTCA. Further,

4

Plaintiff failed to comply with the NMTCA's notice requirement.  Plaintiff's claim for defamation fails and must be dismissed as a matter of law.

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically signed.*

By___*/s/ Natasha A. Martinez-Wesenberg*___
          Natasha A. Martinez-Wesenberg
          Patricia G. Williams
          Carol M. Cochran
*Attorneys for APS*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
nwesenberg@wwwlaw.us
pwilliams@wwwlaw.us
ccochran@wwwlaw.us

I HEREBY CERTIFY that on the 17th day of April, 2026,
I filed the foregoing electronically through the CM/ECF system,
which caused all parties or counsel of record to be served by electronic
means, as more fully reflected on the Notice of Electronic Filing:


By ____*/s/ Natasha A. Martinez-Wesenberg*_
          Natasha A. Martinez-Wesenberg