IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

     Plaintiff,

v.                                                                    1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS, and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION

     Defendants.

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIMS UNDER BREACH OF CONTRACT (COUNT IV)

Defendant Albuquerque Public Schools ("APS") moves for partial summary judgment on Plaintiff's claims against it pursuant to D.N.M.LR-Civ. 56.1(b) and Fed. R. Civ. P. 56. Plaintiff's claim of Breach of Contract (Count IV) in the Complaint for Damages filed October 13, 2023 (the "Complaint") fails as a matter of law because Plaintiff cannot establish the four essential elements required for a breach of contract. *See* ECF 1.

### III.    LEGAL STANDARD

A motion for summary judgment requires the movant to demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ P. 56(a). The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Herrera v. Santa Fe Pub. Schs.,* 956 F. Supp 2d 1191, 1221 (D.N.M. 2013). The movant satisfies this burden either by disproving "the existence of an element essential to that [the nonmoving] party's case," or by demonstrating that "a complete

1

failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265, 323-325 (1986). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence -- using any of the materials specified in Rule 56(c) -- that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331 (Brennan, J., dissenting).

Under D.N.M. LR – Civ 56.1(b), "the memorandum must set out a concise statement of all of the material facts as to which the movant contends no genuine issue exists." Only after the movant has satisfied her initial burden, must the nonmoving party "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *New Mexico ex rel. Balderas v. Real Est. L.Ctr., P.C.,* 401 F. Supp. 3d 1229 (D.N.M. 2019). The non-movant opposing a motion for summary judgment cannot "rest on mere allegations or denials of his pleadings." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990); *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980). Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006); Fed. R. Civ. P. 56(e)).

A motion for summary judgment can be denied solely if genuine factual issues exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250. Additionally, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. *Id.* at 251 (*quoting Schuylkill & Dauphin Improvement Co. v. Munson*, 81 U.S. 442, 448 (1871)). There is

no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). If the evidence is not probative or merely colorable, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249.

## II.  UNDISPUTED MATERIAL FACTS

1.  On July 25, 2022, Plaintiff executed a Certified (Licensed) School Employee Contract for the school year 2022 / 2023 ("2022 – 2023 Employment Contract") with APS based on 6.50 hours per day.  ECF 265-1 to Affidavit of Jessica Rivera filed concurrently with this Motion ("Rivera Affidavit").

2.  Plaintiff received employee benefits to include accrued sick leave under the Negotiated Agreement Between the Albuquerque Municipal School District Number 12 and the Albuquerque Teacher's Federation ("Union Agreement").   ECF 265-7 and ECF 265-9.

3.  As a result of Plaintiff's request for accommodations under the Americans with Disabilities Act ("ADA"), APS provided Plaintiff with an Employee Temporary Accommodation Plan on September 21, 2022.  ECF 265-2.

4.  On October 5, 2022, APS provided written authorization for Plaintiff to take intermittent Family Medical Leave Act ("FMLA") leave for the period August 15, 2022, through August 13, 2023 (the " 2022 – 2023 FMLA Plan"). ECF 265-3.

5.  Plaintiff's 2022 – 2023 FMLA Plan required recertification no later than July 15, 2023. *Id.*

6.  APS requires employees to substitute or use paid leave (including sick, personal, and annual leave) during their FMLA leave, as documented in Plaintiff's 2022 – 2023 FMLA Plan. *Id.*

7. During the period 8/15/2022 – 3/17/2023, Plaintiff exceeded the 390 hours allocated by APS for FLMA intermittent leave by 24 hours.  ECF 265-4; APS 10/13/2025 response to RFP 9.

8. Plaintiff initially requested and was granted an unpaid personal leave of absence from APS on January 27, 2023, from March 27, 2023, through May 25, 2023.  ECF 265-5 (dated March 27, 2023).

9. Plaintiff ultimately took a yearlong unpaid extended personal leave of absence with APS from March 27, 2023 to March 26, 2024.  ECF 265-5 (dated July 15, 2023).

10. Plaintiff did not have a contract of employment with APS for the school year 2023 / 2024. Rivera Affidavit, paragraphs 6 and 7.

11. On April 8, 2024, Plaintiff tendered her resignation to APS. ECF 265-6 and Rivera Affidavit, paragraph 9.

12. Plaintiff did not exercise the Grievance Procedures included in the Union Agreement. Rivera Affidavit, paragraph 10.

## VI.    POINTS AND AUTHORITIES

Plaintiff's Complaint raises four claims for damages against APS, which purportedly relate to events occurring during Plaintiff's employment with APS as a Licensed Clinical School Social Worker ("School Social Worker").  *See* Complaint [ECF 1].  Count IV pertains to Plaintiff's claim of Breach of Contract against APS, whereby Plaintiff alleges actual damages for non-payment of leave for Plaintiff's medical condition, and consequential damages relating to the alleged breach. *Id.*  This Motion addresses only Count IV of the Complaint.

Plaintiff fails to establish the four essential elements required for a Breach of Contract action under New Mexico law, namely, "(1) the existence of a contract; (2) breach of the contract;

4

(3) causation; (4) *and* damages." *Am. Mech. Sols., LL.C. v. Northland Process Piping, Inc.,* 184 F. Supp. 3d 1030, 1057 (D.N.M. 2016). *See also Tapia v. City of Albuquerque,* 10 F. Supp. 3d 1207, 1271 (D.N.M. 2014).

**A.    Plaintiff Fails to State a Claim for Breach of Contract, and no Breach of Plaintiff's 2022 – 2023 Employment Contract Occurred.**

Under Fed.R.Civ.P. 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Relief can only be granted if the "complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). When an employment contract exists, a material breach must occur that fails to do something "that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *KidsKare, P.C. v. Mann,* 2015 NMCA-064, 350 P. 3d 1228, 1234 (2015).

The Court should dismiss Count IV, Breach of Contract, as Plaintiff fails to "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). As with *Ridge at Red Hawk,* it is impossible to establish a valid claim for breach of contract based on the Complaint. *See Ridge at Red Hawk,* 493 F.3d at 1178. Plaintiff's Complaint fails to identify the specific contractual provisions in the 2022 - 2023 Employment Contract that were breached, solely indicating that "under the Plaintiff's contract of employment, she was unambiguously entitled to paid leave for her serious medical condition." ECF 1, UMF 1. This statement appears to relate to the paid sick leave and other paid leave options referenced in the Union Agreement to which Plaintiff was a third party, while a covered APS employee. ECF 265-7 and ECF 265-9. Plaintiff's Complaint further alleges that APS "breached the Plaintiff's contract by interfering with her leave and requiring her to come to work by attending on-line meetings and threatening disciplinary action if she failed to attend while she was suffering from her serious medical condition." This allegation

does not relate to any contractual provisions in Plaintiff's 2022 - 2023 Employment Contract whatsoever and is completely irrelevant as support for the Breach of Contract claim identified as Count IV in the Complaint. Plaintiff's vague statement about her entitlement to paid leave for her medical condition is the only allegation relating to her Breach of Contract claim, and lacks the specificity required to state a claim under Fed.R.Civ.P. 12(b)(6). Count IV, Breach of Contract in the Complaint should therefore be dismissed.

Under New Mexico law, for a breach of contract claim to succeed, Plaintiff must establish that APS materially breached her 2022 – 2023 Employment Contract by fundamentally failing to perform an obligation that is an essential purpose of the contract. *KidsKare,* 350 P. 3d at 1234. Plaintiff cannot meet this requirement, as APS fully paid all of Plaintiff's sick and paid leave, under Plaintiff's 2022 – 2023 FMLA Plan. Plaintiff's 2022 – 2023 Employment Contract only pertains to the contractual period of August 3, 2022, through March 26, 2023, as discussed previously. For that entire period, Plaintiff was covered by the 2022 – 2023 FMLA Plan which required "employees to substitute or use paid leave during the FMLA leave." UMF 6. The 2022 – 2023 FMLA Plan required full exhaustion of all balances of sick, personal, and annual leave first, with all remaining FMLA hours being unpaid. UMF 265-3. As indicated on the log that tracks Plaintiff's FMLA time under the 2022 – 2023 FMLA Plan, Plaintiff fully utilized the 390 FMLA hours allocated to her, and took an additional 24 hours of leave beyond the allotted amount. UMF 7. Plaintiff's claim of Breach of Contract must be denied, as Plaintiff cannot prove that a material breach occurred since Plaintiff was fully paid for all sick and personal leave accruing under her 2022 – 2023 Employment Contract and the Union Agreement.

6

**B.      The Contractual Period for Plaintiff's Complaint is Limited to the 2022 / 2023 School Year.**

Plaintiff's Complaint relating to Count IV – Breach of Contract indicates that "under the Plaintiff's contract of employment, she was unambiguously entitled to paid leave for her serious medical condition."  Plaintiff executed her contract for employment for the 2022 / 2023 school year, which covered the period of August 3, 2022 through May 25, 2023.  UMF 1.  The 2022 – 2023 Employment Contract clarifies that the contract is "subject to applicable laws of the state of New Mexico and the rules and regulations of the department and District as they may exist."  *Id.* Plaintiff received employee benefits under the Union Agreement, and the "paid leave" referenced in her Complaint is an employee benefit provided under this agreement.  UMF 2.  *Also See* 265-9 summarizing all leave available to Plaintiff while an active employee of APS.

Plaintiff's contentions regarding her alleged inability to take "paid leave for her serious medical condition" as described in paragraph 8 (and related subparagraphs (a) – (f)) of the Complaint solely relate to the 2022 / 2023 school year, and only for the period August 3, 2022 – March 25, 2023 (the initial date that Plaintiff requested for her extended personal leave of absence). UMF 1 and UMF 9.   During that period, Plaintiff was also on intermittent FMLA leave, which was approved for the period August 15, 2022 through August 15, 2023.  UMF 4.  Plaintiff fully exhausted the 390 hours of intermittent FMLA leave provided, and in fact exceeded the available amount by 24 hours on March 17, 2023.  UMF 7.

Plaintiff did not have a contract for the 2023 / 2024 school year, as she did not work at all during a year long unpaid extended personal leave of absence with APS during the period March 27, 2023, to March 26, 2024.  UMF 10.  Only the period of August 3, 2022, through March 26, 2023, satisfies Element #1 of a breach of contract claim (i.e. a contract), as this represents the

initial date of Plaintiff's 2022 – 2023 Employment Contract, and the final date before her yearlong extended personal leave of absence began.

**C.     Proximate Cause for Plaintiff's Breach of Contract Claim Does Not Exist, as There is no Injury or Breach of Contract.**

Proximate causation for purposes of a breach of contract claim under New Mexico law requires that "a plaintiff demonstrate that the act…actually aided in producing the injury." *AM. Mech. Sols., L.L.C. v. Northland Process Piping, Inc.,* 184 F. Supp. 3d 1030, 1039 (D.N.M. 2016). As discussed previously in Section A above, APS fully paid Plaintiff all of her accrued sick and personal leave. Because a material breach under Plaintiff's 2022 – 2023 Employment Contract did not occur, there is no proximate cause for the alleged injury under Count IV, Breach of Contract, and the claim must be denied.

**D.     Plaintiff Lacks Actual Damages for Count IV, Breach of Contract, as all Accrued Sick and Personal Leave was Fully Paid Out Under the 2022 – 2023 FMLA Plan.**

Restoration is the fundamental purpose of actual damages in a breach of contract claim, to place the plaintiff employee in the same economic position he (she) would have been under the contract. *O'Toole v. Northrop Grumman Corp.,* 305 F.3d 1222, 1227 (10th Cir. 2002). "The purpose of allowing damages in a breach of contract case is the restoration to the injured of what he [she] has lost by the breach, and what he [she] reasonably could have expected to gain if there had been no breach." *Salazar v. Albuquerque Bernalillo Cnty. Water Util. Auth.,* No. CV 16-00120 RB/KK, 2017 WL 3610539, 17 (D.N.M. Jan. 17, 2017).

Here, as with *Salazar,* Plaintiff fails to show a genuine issue of fact demonstrating any economic loss that she sustained as a result of APS's purported "breach." As discussed in depth in Section C previously, Plaintiff's 2022 – 2023 FMLA Plan required that all sick and personal

leave accrued by Plaintiff be fully taken (and paid out) before taking any unpaid FMLA leave. UMF 6.  Plaintiff took (and exceeded) all 390 FMLA hours allocated under the 2022 – 2023 FMLA Plan, so she was fully remunerated for all paid leave she references in her Complaint.  UMF 7. Again, Count IV, Breach of Contract, fails due to lack of actual damages.

**F.**     **Any Consequential Damages Alleged by Plaintiff Were Not Objectively Foreseeable to APS at the Time the Contract Was Executed and Must be Denied.**

Consequential damages such as those referenced in Count IV, Breach of Contract in Plaintiff's Complaint are only recoverable if they were objectively foreseeable to the employer at the time the contract was executed.  *Fava v. Liberty Mut. Ins. Corp.,* 338 F. supp. 3d 1217, 1223 (D.N.M. 2018).   In the employment context, consequential damages for the breach of an employment contract "may only be those that the employee had reason to believe at the time of contract making would occur if he breached the contract."  *Eckles v. Sharman,* 548 F. 2d 905, 910 (10th Cir. 1977).

Under New Mexico law, emotional distress damages such as the "pain, suffering, stress, anguish, and medical complications" claimed for breach of contract by Plaintiff in the Complaint are unavailable unless "the parties contemplated damages for emotional distress at the time the contract was made."  *Bourgeous v. Horizon Healthcare Corp.,* 1994-NMSC-038, 117 N.M. 434, 440 872 P.2d 952 (1994).  Liability for emotional distress damages is also indicated when "the contract implicitly or explicitly allocates the particular kind of loss to the defendant."  *Keller v. Bd. Of Educ. of City of Albuquerque, N.M.,* 182 F. Supp. 2d 1148, 1161 (D.N.M. 2001).

Under the objectively foreseeability standard, an employer providing paid medical leave in a Collective Bargaining Agreement ("CBA") such as the Union Agreement necessarily anticipates that employees such as the Plaintiff may require that leave to recover from medical

conditions.  APS did anticipate that Plaintiff might utilize her paid leave for medical purposes, and in fact provided payment for such leave under  Plaintiff's 2022 – 2023 employment contract and the related Union Agreement, as discussed previously in Section A.  Despite Plaintiff's allegation about "reduced income" included in her Complaint, Plaintiff was fully paid for all leave and time worked.  Any loss of APS income by the Plaintiff is solely due to days not worked either under her 2022 – 2023 FMLA Plan for intermittent FMLA leave 8/15/2022 through 8/15/2023), or under her yearlong extended personal leave of absence (3/27/2023 through 3/26/2024).

The Complaint alleges that "Plaintiff has incurred pain, suffering, stress, anguish, medical complications (including aggravation of preexisting military related symptoms) and reduced income," due to APS's "breach of contract."  Plaintiff's alleged damages for these items are consequential damages that were not reasonably foreseeable at the time Plaintiff's 2022 – 2023 Employment Contract was executed, nor were they implicitly or explicitly referenced in this contract.  *See Fava* 338 F. supp. 3d at 1223 and *Eckles* 548 F. 2d at 910.  Additionally, these damages for emotional distress are unavailable since both parties did not specifically contemplate these damages when Plaintiff's 2022 – 2023 Employment Contract was made.  *See Bourgeous* 117 N.M. at 440 and *Keller* 182 F. Supp. 2d at 1161.  Plaintiff's claim for Breach of Contract fails as a matter of law, because Plaintiff is precluded from claiming liability for both consequential damages and damages for emotional distress.

E.      **Plaintiff's Breach of Contract Claim Must be Dismissed Because she Failed to Exhaust her Collective Bargaining Agreement Contractual Remedies Before Filing Federal Suit.**

Employees covered by a CBA such as the Union Agreement applicable to Ms. Lipe, must exhaust their contractual remedies through the CBA grievance and arbitration procedures prior to bringing a federal suit.  *Vaca v. Sipes*, 386 U.S. 171, 185 87 S. Ct. 903, 17 L. Ed 2d 842 (1967).

10

Federal jurisdiction for lawsuits involving violations of employment contracts between employers and labor organizations is provided for under Section 301 of the Labor Management Relations Act ("LMRA").  29 U.S.C. § 185(c).  In the District of New Mexico breach of express employment contract claims are consistently preempted by the LMRA when such claims rely exclusively on alleged violations of the CBA.  *Tate v. City of Albuquerque,* 92 F. Supp. 3d 1152, 1154 (D.N.M. 2015).  Further, when resolution of a claim, such as Plaintiff's purported Breach of Contract for alleged nonpayment of leave substantially depends on the terms of a CBA, "that claim must either be treated as a § 301 claim…or dismissed as pre-empted by federal labor contract law."  *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202105 S. Ct. 1904, 1916 85 L. Ed. 2d 206 (1985).

In a case remarkably similar to the one at hand, the Tenth Circuit recognized that a teacher's failure to exhaust her contractual remedies as a third-party beneficiary to a CBA caused her breach of express contract claim to be preempted by the LMRA and dismissed.  *McCrary v. Aurora Pub. Schs.,* 57 F. App'x 362, 373 (10th Cir. 2023).  Most recently and directly on point, the District of New Mexico dismissed a breach of contract claim due to plaintiff's failure to exhaust administrative remedies available under the CBA or invoke Union Arbitration procedures.  *Deschamps v. New Mexico Dep't. of Health,* 750 F. Supp. 3d 1275, 1283 (D.N.M. 2024).  Only in extremely rare cases is exhaustion of administrative remedies (such as grievance procedures similar to those in the Union Agreement) excused.  Three narrowly drawn exceptions may excuse a failure to exhaust: (1) futility with no prospect of relief; (2) employer repudiation of the grievance process; or (3) the union breaches its duty of fair representation.  *Garvin v. Am. Tel. & Tel. Co.,* 174 F.3d 1087, 1093 (10th Cir. 1999).  Any exception excusing an employee's failure to exhaust their administrative remedies must be based on specific evidence and not be speculative.  *Id.,* at 1092.

11

Here, Plaintiff is clearly covered under the Union Agreement, and documents included with her pleadings confirm that she copied her union representative, Jerry Thorn, on correspondence with APS.  *See* ECF 231, Exhibit 11.  Nonetheless, Plaintiff failed to exercise her administrative and contractual remedies through the Grievance Procedures contained in the Union Agreement. UMF 13.  In the Complaint, Plaintiff also alleges that APS "breached the Plaintiff's contract by interfering with her leave," referring to the sick leave and other leave available under the Union Agreement. Despite the extensive union resources available to assist with Plaintiff's allegations of unpaid leave, Plaintiff did not utilize the grievance process or pursue arbitration under the CBA. UMF 12.  Plaintiff's failure to exhaust her administrative remedies under Section 301 of the LMRA bars Count IV – Breach of Contract in the Complaint from being pursed at trial.

## VII.    CONCLUSION

For the foregoing reasons and based on the facts, law, and analysis, APS respectfully asks that the Court grant this Motion for Summary Judgment on Count IV, Breach of Contract included in the Complaint in favor of APS.

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically Filed*

By _____ */s/ Carol M. Cochran* _____
        Carol M. Cochran
        Natasha A. Martinez-Wesenberg
        Patricia G. Williams
*Attorneys for Defendant*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
ccochran@wwwlaw.us
nwesenberg@wwwlaw.us
pwilliams@wwwlaw.us

I HEREBY CERTIFY that on the 17th day of April, 2026, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Carol M. Cochran
Carol M. Cochran