IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

    Plaintiff,

v.                                                                                   1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

    Defendants.

## ORDER DENYING MOTION

THIS MATTER comes before the Court on Plaintiff's Motion to Enforce Discovery

Orders, for Rule 37(b) Sanctions, and for Order to Show Cause, filed March 9, 2026. Doc. 226.

Defendant Albuquerque Public Schools ("APS") filed a response on March 23, 2026. Doc. 238.

Plaintiff filed a reply on March 25, 2026. Doc. 241. Having reviewed the briefing and the

relevant law, the Court hereby DENIES the motion.

In the motion, Plaintiff requests that the Court impose sanctions on APS for allegedly

violating the Court's discovery orders and deadlines. Doc. 226 at 1. APS argues that it has

complied with the Court's orders. Doc. 238. While the Court disagrees that APS fully complied,

*see* Doc. 246, the Court finds that it would nevertheless be unjust to sanction APS.

"[C]ourts have broad inherent power to sanction misconduct and abuse of the judicial

process." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (citations and quotations

omitted). "Determination of the correct sanction for a discovery violation is a fact-specific

inquiry that the district court is best qualified to make." *Ehrenhaus v. Reynolds*, 965 F.2d 916,

920 (10th Cir. 1992). "[A] sanction is limited in that the chosen sanction must be both 'just' and

'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Id.* (citation omitted).

As both parties recount in the briefing, discovery in this case has been extensively litigated. For efficiency's sake, the Court will not recount the entire history of discovery here, of which the parties are aware. Most recently, the discovery violations that Plaintiff complains of in her motion were discussed at an in-person hearing on March 25, 2026. *See* Doc. 245. At that hearing, the Court addressed APS's alleged noncompliance with the Court's order compelling APS to provide discovery. The Court subsequently found that APS failed to comply with the Court's prior orders in three specific ways. Doc. 246. First, APS failed to provide Plaintiff with the recorded interviews from the Robert Caswell Investigation. *Id.* at 3. Second, APS failed to adequately respond to Plaintiff's Interrogatory No. 8. *Id.* And third, APS failed to update its response to Plaintiff's Request for Production No. 14. Beyond that, the Court found that APS had fully complied with its orders. *Id.* The Court ordered APS to cure these three deficiencies. *Id.*

In this motion, Plaintiff now requests that the Court sanction APS for the above noncompliance and many additional alleged failures to produce discovery and meet deadlines. Save for the three deficiencies noted above, however, the Court disagrees with Plaintiff that APS has failed to provide outstanding discovery. *See* Doc. 246 at 1 ("The Court finds that APS has fully complied with its two orders compelling it to provide discovery with three exceptions."). The Court has already ordered APS to pay discovery fees for the initial failure to comply with court orders. *See* Doc. 175. The Court has also compelled APS to produce discovery that it may not have otherwise had to produce. *See, e.g.*, Doc. 246 at 2 (finding that APS waived any privilege claims over various recorded interviews). While APS's compliance with this Court's orders may not have been flawless, any outstanding noncompliance has not been so egregious as

to warrant sanctions. In the context of this unusually extensive discovery litigation, the Court

believes that it would be unjust to sanction APS beyond the consequences that have already been

imposed.

To be specific, in her motion, Plaintiff makes nine distinct requests for relief. However,

most of the requests were mooted by the Court's findings at the March 25, 2026, hearing.

Plaintiff's nine requests for relief ask the Court to:

1. Find that APS failed to obey Doc. 147, Doc. 151, the December 10, 2025 hearing directives reflected in Doc. 174, and Doc. 175, and that APS has not established full compliance sufficient to moot Rule 37(b) enforcement.

2. Find that APS violated the Court's February 20, 2026 deadline, that APS's own extension motion admitted noncompliance, and that the violation remains ongoing.

3. Award Plaintiff reasonable attorney's fees and expenses caused by APS's repeated noncompliance, the January 16, 2026 meet-and-review, the February 20 deadline violation, and the need for this motion.

4. Deem established, for purposes of this action, that:
   a. APS maintains district-level personnel, Synergy, and related-services information responsive to Plaintiff's discovery requests;
   b. APS's responses concerning the unavailability of broader social-worker and Synergy-related information were incomplete and not fully reliable; and
   c. APS had access to information sufficient to provide fuller responses than it served.

5. Preclude APS from relying on any evidence, witness testimony, document, policy explanation, search explanation, or factual contention that was withheld, incompletely disclosed, or supplied only after repeated court intervention in response to the requests at issue.

6. Deem RFAs 5, 25, 26, 27, and 31 admitted to the extent APS failed to serve rule-compliant amended answers after the Court's December 10 directives.

7. Order APS to immediately produce any remaining responsive materials already ordered but still withheld, including recordings, minutes, underlying investigation materials, and Synergy/MaxCapture outputs, together with one consolidated production index mapping each compelled request to Bates ranges and one consolidated verification identifying all persons involved, repositories searched, and steps taken.

8. Order APS and its counsel to show cause why additional sanctions, including striking defenses and default-related relief, should not be imposed in light of APS's missed Court-ordered deadline, its deadline-day extension motion, its attempt to use time the Court never granted, and its later assertion of supposed "full compliance" despite continuing deficiencies.

9. Impose such further sanctions as the Court deems just under Rule 37(b)(2)(A), including striking APS's defenses in whole or in part and entering default-related relief if the Court concludes the present record warrants it.

Doc. 226 at 13–14. Requests one, two, four, six, seven, and eight were mooted by the March 25, 2026, hearing where the Court addressed the outstanding noncompliance and the remedies. As discussed below, the Court declines to grant the relief requested in requests three, five, and nine.

In request for relief three, Plaintiff requests attorney's fees for bringing this motion. Because the Court is denying Plaintiff's motion, she is not entitled to fees.

Plaintiff's fifth request is for the Court to "[p]reclude APS from relying on any evidence . . . that was withheld, incompletely disclosed, or supplied only after repeated court intervention in response to the requests at issue." Doc. 226 at 13. However, in making her request Plaintiff failed to address the relevant legal standards for precluding evidence based on a party's failure to disclose. *See HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). This alone is a basis to deny the request. *See Banks v. Hickenlooper*, 702 F. App'x 771, 772 (10th Cir. 2017). Nevertheless, the Court also believes that APS has suffered sufficient consequences for any misconduct in this action, including an attorney fee award and this Court's order compelling APS to produce discovery it may not have otherwise produced. *See also* FED. R. CIV. P. 37(c)(1)(A) (authorizing payment of attorney's fees as an alternative to excluding evidence for failure to disclosure). At this point, APS has fully responded to discovery, except for the three outstanding deficiencies, which are still in the process of being

cured. Plaintiff fails to show why the Court should exclude any evidence as a sanction in this case.

In request for relief nine, Plaintiff requests that the Court enter default judgment or strike APS's defenses.[1] "[O]ur legal system strongly prefers to decide cases on their merits." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011). "The entry of default judgment . . . require[s] a showing of bad faith." *Jones v. Norton*, 809 F.3d 564, 580 (10th Cir. 2015) (citation omitted). The Court has now reviewed extensive briefing and has interacted at length with the parties during multiple discovery hearings in this case. With this background, the Court does not believe that APS has behaved in bad faith here and sees no basis for granting the extreme sanction of default judgment or striking APS's affirmative defenses.

Finally, Plaintiff failed to meet and confer to obtain APS's position on this motion. D.N.M.LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). Plaintiff included a section in her motion titled "Certification of Good-Faith Conferral." Doc. 226 at 3–4. Therein, Plaintiff states that she has met with APS regarding the underlying discovery dispute multiple times. However, discussing the underlying substance of a motion does not satisfy Local Rule 7.1(a). Under Local Rule 7.1(a), a movant must determine whether the motion *itself*, and thus the relief requested, is opposed. As an alternative basis, the Court denies Plaintiff's motion for omitting "recitation of a good-faith request for concurrence." *See* D.N.M.LR-Civ. 7.1(a).

---

[1] While generally requests for dispositive sanctions are handled by the presiding judge, the Court views this ruling as non-dispositive because the dispositive relief is being denied. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995) ("[T]he penalty to be imposed, rather than the penalty sought by the movant, controls the scope of the magistrate's authority.") (citation omitted). Thus, the assigned referral magistrate judge has authority to decide this motion.

Plaintiff's Motion to Enforce Discovery Orders, for Rule 37(b) Sanctions, and for Order to Show Cause (Doc. 226) is hereby DENIED.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge