IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

 Plaintiff,

v.            Civ. No. 23-899 GBW/JMR

ALBUQUERQUE PUBLIC
SCHOOLS,

 Defendant.

## <u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR DEFAMATION</u>

THIS MATTER comes before the Court on Defendant Albuquerque Public

Schools' ("APS") Motion to Dismiss Plaintiff's Claims for Defamation. *Doc. 266.* The

Court, being fully advised, finds the motion is well-taken and will GRANT IT.

### I. BACKGROUND

On October 13, 2023, Plaintiff Tatia Lipe filed her Complaint against

Albuquerque Public Schools for alleged violations of the Americans with Disabilities

Act ("ADA"), violations of the New Mexico Whistleblower Protection Act ("NMWPA"),

defamation, and breach of contract. *See generally doc. 1.* Plaintiff's claims arise from her

experiences as an APS employee. Plaintiff alleges that while employed by APS, she

became aware of "a series of conditions and program failures" that were placing

students at risk. *Id*. at ¶ 4. Plaintiff reported the deficiencies and asserts that her

superiors at APS subsequently "embarked on a campaign of retaliations and harassment" against her. *Id*. at ¶ 8. Plaintiff, a military veteran, alleges that the continuing harassment aggravated her pre-existing service-related disabilities, causing her physical and mental distress, pain, and humiliation. *Id*. at ¶ 9-10.

Specifically, regarding Plaintiff's defamation claim, Plaintiff alleges that APS published false allegations to third parties contending that Plaintiff had "neglected her duties and her students." *Id*. at ¶ 24. These allegations "exposed the Plaintiff to ridicule and contempt" and caused her to sustain "reputational injury, anguish, humiliation, and the loss of employment prospects." *Id*. at ¶ 27-28.

On April 17, 2026, Defendant APS filed the present motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Doc. 266*. In the Motion, APS moves to dismiss Plaintiff's claims for defamation asserted in Count III of her complaint. *Id*. at 1; *see also doc. 1* at ¶ 24-28. Plaintiff filed a response on April 24, 2026. *Doc. 271*. Defendant filed a reply on May 8, 2026. *Doc. 276*. Plaintiff sought leave to file a surreply on May 10, 2026, however, the motion was denied and the proposed surreply (*doc. 278*-1) is not considered. *Doc. 286*.

## II.    LEGAL STANDARDS

### a.  Fed. R. Civ. P. 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the

pleadings." A Rule 12(c) motion for judgment on the pleadings is treated like a motion to dismiss under Rule 12(b)(6). *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (stating that "[w]e use the same standard when evaluating 12(b)(6) and 12(c) motions"). For the purposes of a Rule 12(c) motion, the Court assumes that the well-pleaded allegations in the complaint are true and construes them in the light most favorable to the nonmoving party. *Realmonte v. Reeves*, 169 F.3d 1280, 1283 (10th Cir. 1999). In evaluating the legal sufficiency of the complaint under Rule 12(c), "[t]he court's function…is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

### b. Immunity Under the New Mexico Tort Claims Act ("NMTCA")

Under the NMTCA, "[a] governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by…Sections 41-4-5 through 41-4-12 NMSA 1978." NMSA § 41-4-4(A). These exceptions to the "general rule of immunity are strictly construed." *Sanders v. N.M. Corr. Dep't*, 562 P.3d 572, 578 (N.M. 2024) (quotation omitted). A public employee acts within their scope of duty when they perform "any duties that a public employee is

3

requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." NMSA § 41-4-3(G). Public school employees are "public employees" for the purposes of the NMTCA. *Henning v. Rounds*, 171 P.3d 317, 322 (N.M. Ct. App. 2007). The NMTCA is the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived. NMSA § 41-4-17(A). Accordingly, a plaintiff may not sue a governmental entity of New Mexico, or its employees or agents, unless the plaintiff can show that either (1) a defendant acted outside the scope of his or her duty, or (2) the NMTCA specifically waives immunity for the claim asserted.

### III.   ANALYSIS

There is no dispute between the parties that APS is a "governmental entity" within the meaning of the NMTCA. With respect to "scope of duty," Plaintiff makes one half-hearted and conclusory assertion that "all relevant conduct was [not] necessarily within the scope of duty as a matter of law." *Doc. 271* at 8. However, the only alleged facts supporting Plaintiff's defamation claim are that Plaintiff "was professionally defamed as irresponsible and nonfeasant by Bernadette Lucero Turner, Director of Related Services, in recorded meetings taking place during March of 2023 in front of HR, senior union reps, and other senior staff, and in emails sent contemporaneously to all her professional colleagues[]." *Doc. 1* ¶8(e); ¶24. Facially, these allegations relate to conduct within the scope of APS' employment of Plaintiff.

4

Accordingly, to succeed on her defamation claim, Plaintiff must demonstrate that immunity has been waived.

The only waiver for a defamation claim under the NMTCA is found in § 41-4-12 and is specifically tied to the actions of law enforcement officers.  NMSA § 41-4-12; *see also* NMSA § 41-4-3(D) (defining "law enforcement officer.").  There are no alleged facts which would establish that APS's actions somehow fall within this category.  APS is therefore immune from Plaintiff's claims for defamation.  *See Candelaria v. Robinson*, 606 P.2d 196, 200 (N.M. Ct. App. 1980) (finding defendants immune from defamation claims under the NMTCA because they were not law enforcement officers).

Plaintiff admits as much in her response, acknowledging that "NMTCA waivers are statutory and limited to those enumerated by the legislature," and that "the NMTCA's waiver for libel and slander is tied to the law-enforcement-officer waiver." *Doc. 271* at 7.  Nevertheless, Plaintiff contends that APS' Motion requests "more relief than it has earned" since APS has not "establish[ed] that no defamatory publication occurred, that APS lacked actual notice, that all potential defendants or theories are barred, or that Plaintiff should be denied leave to amend." *Id*. at 7-8.  However, these points are irrelevant for the purposes of the instant motion.  APS, the sole defendant, is immune from the defamation claim brought by Plaintiff as a matter of law.  As such, APS is entitled to dismissal of that claim with prejudice.  With respect to the possibility of a pleading amendment by Plaintiff, the Court need not, and does not, take any

5

position regarding the timeliness or futility of such an amendment, nor the strength of a defamation claim against any other potential party.

## IV.    CONCLUSION

For the foregoing reasons, APS' Motion to Dismiss Plaintiff's Claims for Defamation, *doc. 266*, is GRANTED.  Plaintiff's claim for defamation (Count III) is DISMISSED WITH PREJUDICE as to Defendant APS.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**