**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TATIA LIPE,

     Plaintiff,

v.                                                                No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

     Defendant.

**<u>PLAINTIFF'S MOTION IN LIMINE NO. 2 TO REQUIRE NATIVE OR SYSTEM-
GENERATED SYNERGY/MAXCAPTURE RECORDS WITH METADATA INTACT
AND TO EXCLUDE APS-CREATED SUMMARIES, RECONSTRUCTIONS, OR
MISLEADING PRINTED EXCERPTS ABSENT STRICT FOUNDATION</u>**

Pursuant to D.N.M.LR-Civ. 7.1(a), Plaintiff sought APS's position on this motion. As of the time
of filing, APS had not stated that it does not oppose the motion, and Plaintiff therefore treats the
motion as opposed.

Plaintiff Tatia Lipe moves in limine for an Order governing Defendant Albuquerque Public
Schools' anticipated use of Synergy and MaxCapture records, printouts, summaries, screenshots,
spreadsheets, excerpts, or other materials at trial.

Plaintiff does not seek categorical exclusion of properly authenticated Synergy or MaxCapture
records. Plaintiff seeks to prevent APS from using selective, litigation-created, manually
reconstructed, reformatted, screenshot-based, spreadsheet-based, or metadata-stripped materials
as though they are the actual records extracted directly from the underlying systems.

APS should not be permitted to strip system data from its native context, remove metadata,
repackage selected entries into trial exhibits, and then argue that APS's own reconstructed
exhibits are objective proof that Plaintiff was "behind," "not doing her work," failed to provide
services, failed to document, or failed to complete PTGs.

**I. RELIEF REQUESTED**

Plaintiff requests an Order that APS may not introduce, publish, summarize, or argue Synergy or MaxCapture information unless APS first establishes that the records are authentic, complete, reliable, and extracted directly from the original system in a native or system-generated form with available metadata intact.

APS may not introduce handwritten, manually created, reconstructed, reformatted, copied-and-pasted, spreadsheet-based, screenshot-based, selectively printed, or litigation-created Synergy/MaxCapture materials as if they are the actual system records.

APS may not offer Synergy/MaxCapture information unless the record was extracted directly from the original system with available metadata intact, including where available creation dates, entry dates, modification dates, user identifiers, source fields, audit-history information, export parameters, date ranges searched or exported, omitted fields, system-generated identifiers, and other metadata necessary to evaluate reliability and completeness.

APS must identify the custodian or qualified system witness capable of explaining how Synergy and MaxCapture records are created, stored, edited, modified, exported, and preserved; what metadata is maintained; whether the exhibit is native/system-generated or litigation-created; whether the exhibit is complete or selectively excerpted; whether any data, fields, timestamps, user information, audit trails, or metadata were omitted; whether the exhibit was altered, reformatted, summarized, or reconstructed after extraction; and what the entries mean in operational context.

APS may not use Synergy/MaxCapture materials to argue that Plaintiff was "behind," "not doing her work," failed to provide services, failed to document services, failed to complete PTGs, or otherwise failed to perform unless APS lays a non-misleading foundation explaining the meaning

and limits of the records, semester-based service-minute practices, leave status and FMLA/approved leave context, reassignment or transfer of duties, substitute coverage, who was responsible for entries during relevant periods, billing/documentation practices, system limitations, whether entries may be created or modified after service, and whether the record reflects service delivery, documentation timing, billing, administrative transfer, or some other function.

APS may not use Synergy/MaxCapture exhibits as a vehicle to introduce hearsay accusations, narrative comments, parent/student complaints, advocate statements, or staff accusations embedded in narrative fields unless each hearsay layer independently satisfies the Federal Rules of Evidence.

APS may not offer summaries, compilations, charts, tables, or demonstratives derived from Synergy/MaxCapture unless APS first establishes that the underlying records are admissible, were made available for inspection, are accurately summarized, and that the summary is not selective, misleading, or stripped of metadata or context necessary for fair evaluation.

In the alternative, APS must submit any proposed Synergy/MaxCapture exhibit outside the presence of the jury before use, together with a proffer identifying the source system, date and method of extraction, person who extracted the record, whether metadata was preserved, whether fields were omitted, whether the exhibit was altered, whether the exhibit is complete or selective, and the specific purpose for which APS seeks to offer it.

## II. ARGUMENT

### A. APS must offer actual system-generated records, not after-the-fact litigation reconstructions pretending to be records.

Rule 901 requires authentication sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901(a). Rule 803(6) requires a qualified witness to establish that the record was made and kept in the ordinary course of a regularly conducted activity, and the rule still permits exclusion where the source of information or method or circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 803(6).

That distinction matters here. Plaintiff does not object to properly authenticated Synergy or MaxCapture records extracted directly from the original systems with metadata intact. Plaintiff objects to APS using selective, litigation-created, manually reconstructed, screenshot-based, spreadsheet-based, reformatted, or metadata-stripped materials as though they are the actual records maintained by the systems.

APS may argue from competent evidence. APS may not manufacture the appearance of competent evidence by extracting pieces of system data, removing the metadata, reformatting the material, and then asking the jury to treat APS's reconstruction as the actual business record.

**B. Metadata and system context are essential to reliability.**

Synergy and MaxCapture records are not self-explanatory. The systems may contain timestamps, user information, modification history, source fields, audit trails, export parameters, system identifiers, and other metadata necessary to determine who entered information, when it was entered, whether it was modified, who modified it, whether the exhibit is complete, whether fields were omitted, whether data was selectively extracted, whether the entry reflects service delivery, documentation timing, billing, assignment transfer, or administrative status, and whether APS's interpretation is accurate.

Without that context, a printed excerpt or reconstructed table can mislead the jury by presenting APS's after-the-fact litigation narrative as though it were a neutral system record.

**C. APS should not be allowed to use selective printouts to create a "behind/not doing her work" narrative without competent foundation.**

This case involves disputed interpretations of student-service documentation, PTGs, MaxCapture entries, leave status, substitute coverage, reassignment of duties, and service-minute practices. APS may attempt to use Synergy/MaxCapture materials to argue that Plaintiff was "behind," "not doing her work," failed to provide services, failed to document, or failed to complete PTGs. Those are contested inferences. The records themselves do not automatically prove those conclusions. At minimum, APS must establish through a competent system witness what the fields mean, how entries are created and modified, whether the exhibit is complete, whether metadata was preserved, and whether the records account for operational context, including leave, reassignment, coverage, semester-based service minutes, billing practices, and documentation practices.

APS should not be permitted to show the jury a selective printout and then argue that the printout proves a conclusion the system itself does not establish.

**D. Rule 1006 does not permit APS to use summaries unless the underlying records are admissible and available.**

If APS attempts to use summaries, charts, tables, demonstratives, or compilations derived from Synergy/MaxCapture, Rule 1006 applies. Fed. R. Evid. 1006. APS must establish that the underlying materials are admissible, voluminous, accurately summarized, and available for examination.

A summary cannot cure inadmissibility. A summary cannot omit metadata necessary to test reliability. A summary cannot selectively extract unfavorable entries while excluding

surrounding context. And a summary cannot become a vehicle for APS's argument dressed up as a neutral record.

**E. Rule 403 requires exclusion or strict limitation of misleading excerpts.**

Even if some Synergy/MaxCapture excerpts are otherwise admissible, the Court should exclude or limit their use under Rule 403 if they are incomplete, selective, metadata-stripped, or presented in a manner that creates unfair prejudice or misleads the jury. Fed. R. Evid. 403. The danger is not theoretical. APS has repeatedly attempted to characterize Plaintiff as "behind" or "not doing her work." If APS is allowed to use stripped-down excerpts without system metadata and operational context, the jury may mistake APS's litigation reconstruction for objective proof. That would be unfairly prejudicial and misleading.

**III. CONCLUSION**

Plaintiff respectfully requests that the Court grant this Motion and require APS to use only properly authenticated native or system-generated Synergy/MaxCapture records extracted directly from the original systems with available metadata intact. Plaintiff further requests that the Court exclude APS-created summaries, reconstructions, screenshots, spreadsheets, selective printouts, or metadata-stripped excerpts absent strict foundation and a showing that the materials are complete, reliable, non-misleading, and admissible under the Federal Rules of Evidence.

Respectfully submitted,

By: /s/ *Boglarka A. Foghi, Esq.*
Boglarka A. Foghi
FOGHI LAW FIRM, LLC
4313 Corrales Rd., P.O. Box 944
Corrales, NM 87048
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com
*Attorney for Plaintiff Tatia Lipe*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of May, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing, including:

M. Karen Kilgore
Cuddy & McCarthy, LLP
1701 Old Pecos Trail
Santa Fe, NM 87505
Tel: (505) 988-4476
kkilgore@cmc.law
Attorneys for Albuquerque Public Schools

Natasha A. Martinez-Wesenberg
Patti Williams
Carol Cochran
Wiggins, Williams & Wesenberg PC
1803 Rio Grande Blvd. NW
Albuquerque, NM 87104
Tel: (505) 764-8400
nwesenberg@wwwlaw.us
pwilliams@wwwlaw.us
ccochran@wwwlaw.us
Attorneys for Albuquerque Public Schools

*/s/ Boglarka A. Foghi, Esq.*
Boglarka A. Foghi

7