IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

      Plaintiff,

v.                                               1:23-cv-00899 GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS,

      Defendant.

**DEFENDANT ALBUQUERQUE PUBLIC SCHOOL'S MOTION IN *LIMINE* TO PROHIBIT AND EXCLUDE PLAINTIFF'S MEDICAL DISABILITY <u>OR MAXIMUM MEDICAL IMPROVEMENT</u>**

COMES NOW Defendant Albuquerque Public Schools ("APS"), by and through its attorneys, Cuddy & McCarthy LLP, and Wiggins, Williams & Wesenberg, PC, and hereby respectfully submits its Motion in *Limine* to prohibit and exclude any issue, claim, or evidence of Plaintiff's medical disability or Maximum Medical Improvement ("MMI"). In support thereof, Defendant states as follows:

### I.    <u>BACKGROUND</u>

On October 13, 2023, Plaintiff filed a complaint that included mentions of Plaintiff's disability and records that allegedly had her pain and disability increase. However, no such records were submitted.

Plaintiff had submitted an ADA request to work remotely due to medical flare ups from low or high temperatures. APS made a plan to provide temperature controlled room or provide fans and heaters. This plan was rejected by Plaintiff and Plaintiff claimed this as part of the "Harassing Acts" of the Complaint [Doc. 1 at 4]. Plaintiff also claimed in the Complaint that APS did not provide accommodation for her pain and discomfort while she was on the job.

Outside of this ADA accommodations request mentioned in the Complaint, no other medical records were given to APS or counsel despite asking for them. In the July 10, 2025 Mediation Conference, it became apparent that through the switching of counsel, some documents have been lost or perhaps were not supplied from the beginning. Plaintiff had become aware of APS not having certain vital documents such as medical records and tax information that Plaintiff had that were important in trying to assess Plaintiff's damages. Plaintiff agreed in the mediation that they would later share information such as tax documents and medical billing to better help APS assess the alleged damages. Plaintiff only provided a list of the alleged damages totaling seven million dollars ($7,000,000.00) without concrete proof of the damages claimed.

On October 23, 2025, after deposing Plaintiff, APS yet again asked for records pertaining to tax information or medical information that could help assess damages. Plaintiff assured that APS would receive the documents at a later date.

On January 9, 2026, APS filed a Motion to Compel [Doc. 178] Plaintiff to provide certain missing information since discovery had been extended for APS to continue gathering documents for Plaintiff. The Court denied the Motion to Compel but noted that "it may be in Plaintiff's best interest to provide the requested information." Doc 182 at 2.

To date, Plaintiff has not supplemented any medical records requested and APS is not fully aware of Plaintiff's disability outside of what was submitted with the ADA accommodations request.

II.    **ARGUMENT**

A.    Preventing Non-Experts from Acting as Doctors

Under Fed. R. Evid. Rule 701, lay witnesses are prohibited from offering opinions based on scientific, technical, or other specialized knowledge, which falls within the scope of Rule 702.

Lay witnesses may only testify to opinions that are rationally based on their perception and do not require specialized knowledge. Fed. R. Evid. Rule 701. The Tenth Circuit had consistently held that lay witnesses cannot express opinions on matters requiring expertise, such as medical conditions or recovery timeline, as those are beyond the scope the realm of common experience and require the special skill of an expert witness. *United States v. Murry*, 31 F.4th 1274, 1294 (10th Cir. 2022). In *United States v. Murry*, the Court excluded lay testimony about a medical condition emphasizing that Rule 701 does not permit opinions requiring specialized knowledge. *Id.* Similarly, in *James River Ins. Co. v. Rapid Funding, LLC*, the Court reiterated that lay witnesses cannot provide opinions on matters that require expert knowledge. *James River Ins. Co. v. Rapid Funding, Ltd. Liab. Co.*, 648 F.3d 1134, 1141 (10th Cir. 2011).

### B.    Limiting Irrelevant History

The claim in the Complaint that mentions Plaintiff having a disability falls under the American with Disabilities Act but only brings forth discrimination against her ADA accommodations. Plaintiff only provides medical records attached to her ADA accommodation request and does not provide any other records. Limiting the specifics of Plaintiff's disability limits irrelevant testimony and history. Under Fed. R. Evid. Rules 401 and 402, evidence is admissible only if its relevant, meaning it has tendency to make a fact or consequence more or less probable. The Tenth Circuit has recognized that irrelevant evidence is inadmissible and that Courts have discretion to exclude evidence that does not directly pertain to the issues at hand, however in *United States v. Caraway*, owning a bomb book and testifying to it was deemed relevant to a bombing case. *United States v. Caraway,* 534 F.3d 1290, 1301 (10th Cir. 2008).

Plaintiff's mention of her disability will distract from the case and should be limited to only the records presented for her ADA accommodations in which she had "flare-ups" that prevented

3

her from working comfortably at the office without having control of the temperature. Also, no witness should act as a doctor when trying to address Plaintiff's medical conditions at the time of the ADA request for accommodations.

## III.    CONCLUSION

Defendant APS requests the Court grant its Motion *in Limine* and enter an Order to  prohibit and exclude any issue, claim, or evidence of Plaintiff's medical disability or Maximum Medical Improvement.

Respectfully submitted,

CUDDY & McCARTHY, LLP

By:    *M. Karen Kilgore*
   M. KAREN KILGORE
   Attorneys for Albuquerque Public Schools
   Post Office Box 4160
   Santa Fe, New Mexico 87502-4160
   (505) 988-4476
   kkilgore@cmc.law

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation
   Carol M. Cochran
   Natasha A. Martinez-Wesenberg
   Patricia g. Williams
   Attorneys for Albuquerque Public Schools
   1803 Rio Grande Blvd., N.W. (87104)
   P.O. Box 1308
   Albuquerque, New Mexico 87103-1308
   (505) 764-8400
   ccochran@wwwlaw.us
   nwesenberg@wwwlaw.us
   pwilliams@wwwlaw.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ M. Karen Kilgore
M. Karen Kilgore