IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

     Plaintiff,

v.                                 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

     Defendants.

### DEFENDANT'S MOTION IN LIMINE AND MEMORANDUM OF LAW TO EXCLUDE ALL EVIDENCE, EXHIBITS, OR REFERENCE TO UNVERIFIED DAMAGES

Pursuant to the scheduling order filed in this case and NMRA 11-401, 402, and 403, Defendant Albuquerque Public Schools ("APS") moves the Court for an Order excluding all arguments and inferences regarding damages she alleges are related to this case. Pursuant to D.N.M. LR-Civ. 7.1 (A), APS made a good-faith effort to determine whether this motion was opposed and was informed Plaintiff opposes.

A "motion in limine" is a term used to describe a written motion which is usually made before or after the beginning of a jury trial for a protective order against prejudicial questions and statements. Its purpose has been succinctly expressed in *Bridges v. City of Richardson*, 163 Tex. 292, 354 S.W.2d 366, 367 (1962):

> "The purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. It is the prejudicial effect of the questions asked or statements made in connection with the offer of the evidence, not the prejudicial effect of the evidence itself, which the motion in limine is intended to reach..."

Further, "A motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial

strategy." *New Mexico ex re. Balderas v. Real Est. L. Ctr. P.C.,* 409 F. Supp. 3d 1122, 1128 (D.N.M. 2019).

## I.    POINTS AND AUTHORITIES

In her Complaint, Plaintiff alleges pain, suffering, stress, anguish, and medical complications (including aggravation of preexisting military-related symptoms). Complaint ⁋ 32. The Court must issue an ordering prohibiting Plaintiff from seeking unsubstantiated, unverified, and/or unsupported damages.

Similar to the arguments set forth in Defendant's Motion in Limine to Prohibit and Exclude Plaintiff's Medical Disability or Maximum Medical Improvement [ECF 311], the instant motion seeks an order from the Court ordering that various medically related damages, claims, and/or arguments be excluded for failure to disclose any non-self-serving evidence.

Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Under Rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. *See United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989); *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006) (*quoting United States v. Sides*, 944 F.2d 1554, 1563 (10th Cir. 1991)). The decision to admit or exclude evidence pursuant to Rule 403 is within the trial court's discretion, se*e United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999), As the Supreme Court of the United States has noted:

> In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings. . . . This is particularly true with respect to Rule 403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

*Sprint/United Mgmt. Co. v. Mendelsohn,* 552 U.S. 379, 384 (2008).

As shown below, Plaintiff's conduct, gamesmanship, and hiding the ball is undeniably prejudicial to the Defendant and must be prohibited.

### a. Plaintiff Should be Prohibited from Introducing Evidence Pertaining to Her Damages, Not Previously Provided in Discovery

As has been briefed, through written discovery, APS attempted to obtain information from Plaintiff as to the alleged damages; namely medical damages.  Specifically, Interrogatory Nos. 10 & 11 sought information regarding "any physical or mental illness, conditions, disabilities, impairments, injuries, or surgeries.".  Plaintiff did not provide a response but rather stated the records "have already been documented and disclosed through subpoenaed medical records in Defendant's possession." APS previously argued, in its January 9, 2026, Motion to Compel, that vital records regarding damages had not yet been produced, despite having been represented as forthcoming since July 10, 2025. [ECF 178]. At that point, Defendant highlighted that APS was unable to adequately assess Plaintiff's alleged damages without the undisclosed documents. *Id.* While this Court denied the Motion to Compel as untimely, the Court did highlight the importance of these documents and stated that "it may be in Plaintiff's best interest to [produce the documents]. [Order Denying Motion to Compel Discovery Responses ("Order Denying MTC") ECF 182].  In the Order Denying MTC the Court stated that "should this case proceed to trial, at least some of the requested information will be necessary to prove up Plaintiff's claims." *Id.*  We are now at the very cross roads the Court contemplated, and Plaintiff has failed to follow the Court's suggestion and has failed to provide APS with any documentation pertaining to her medical damages. Plaintiff, in failing to provide the requested information should not now be permitted to offer up any documentation, records, diagnoses, or expert testimony regarding the same.

Plaintiff's request for damages as to "medical complications" is particularly concerning and prejudicial to APS in light of the fact that Plaintiff has not provided documentation to reflect the underlying condition, alleged complication, and causation to events at issue in the instant case. Plaintiff cannot be permitted to submit argument or evidence to the jury regarding medical complications that have not been properly disclosed ahead of trial.

**b. Plaintiff Should be Prohibited From Testifying Regarding Her Alleged Medical Diagnoses, Conditions, or Complications**

APS is not only not aware of the actual medical conditions and complications that Plaintiff alleges she may have experienced, APS is likewise not aware of any records documenting the same *or* an expert who can opine about the medical issues. In fact, in filing her Witness List on May 28, 2026 [ECF 304], Plaintiff still fails to disclose her medical providers. Plaintiff's Witness List simply lists "treating providers" who are anticipated to testify regarding "damages, emotional distress, medical limitations, accommodation support, and causation…" *Id.* It is patently unfair to allow Plaintiff to continue to hide the ball. To refuse to provide medical records necessary to evaluate and defend the claim and to intentionally failing to disclose the identities of the treating providers that Plaintiff contends may be called at trial to support her damages. This constitutes nothing more than trial by ambush.

In *Felkins v. City of Lakewood*, 774 F.3d 647, 651 (10th Cir. 2014) the 10th Circuit affirmed that Plaintiff's claim failed "because she presented no expert medical evidence that any of her major life activities have been substantially limited by [her condition]." The court noted that there was no medical evidence in the record to support Plaintiff's allegation of having the illness or how it affected her major life activities. The court noted that Plaintiff had provided an FMLA form and a return-to-work form, but there was "no mention of [the medical condition], much less a description of its effects on Plaintiff." *Id.* The court, finding that the only remaining source of

information was plaintiff's own declarations, stated that "such lay evidence, however, is inadmissible in court. . ." *Id.* As in *Felkins*, Ms. Lipe does not claim to be a medical expert, so her opinion testimony on a medical issue cannot be "based on scientific, technical, or other specialized knowledge." Fed.R.Evid. 701. *Felkins v. City of Lakewood,* 774 F.3d 647, 651 (10th Cir. 2014). Ms. Lipe must be prohibited from testifying regarding any diagnoses or complications thereof.

### c. Plaintiff Should be Prohibited from Calling Any Treating Providers

As argued above, Plaintiff continues to refuse to disclose her treating providers. This has significantly prejudiced APS in preparing the case for trial. Even should the testimony of providers be relevant to Plaintiff's claims,  it is undisputedly prejudicial considering the failure to disclose their identities. Plaintiff must not be permitted to keep her treating physicians a secret, even on the eve of trial, and then subsequently allow those same treating physicians to testify at trial.

### II.    CONCLUSION

Discovery has closed. Plaintiff has failed to disclose the necessary medical records to present or substantiate a claim for an underlying injury or condition, any preexisting conditions sustained as a veteran or the identities of any treating providers.  Plaintiff has failed to do so, even despite this Court having addressed the very issue that Plaintiff may run into should she not provide the information. Plaintiff must not be permitted to continue the tactic of trial by ambush.  For these reasons, and for those argued above, APS requests this Court prohibit Plaintiff from introducing any medical records or documentation not previously provided; any personal testimony regarding specific diagnoses or conditions; and presenting treating physicians.

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically Filed*

By: */s/Natasha A. Martinez-Wesenberg*
        Natasha A. Martinez-Wesenberg
        Carol M. Cochran
        Patricia G. Williams
*Attorneys for Albuquerque Public Schools*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
nwesenberg@wwwlaw.us
ccochran@wwwlaw.us
pwilliams@wwwlaw.us

We hereby certify that on this 28th day of May, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

WIGGINS, WILLIAMS & WESENBERG, P.C.

By       */s/ Natasha A. Martinez-Wesenberg*
        Natasha A. Martinez-Wesenberg