**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TATIA LIPE,

    Plaintiff,

v.                                     No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

    Defendant.

**<u>PLAINTIFF'S MOTION IN LIMINE NO. 6 TO PRECLUDE APS FROM ARGUING
THAT PLAINTIFF ABANDONED HER POSITION, VOLUNTARILY CAUSED HER
OWN DAMAGES, OR FAILED TO MITIGATE WITHOUT ADMITTING THE FULL
CONTEXT OF APS'S CONDUCT</u>**

Plaintiff Tatia Lipe moves in limine for an Order precluding Defendant Albuquerque

Public Schools ("APS"), its counsel, and its witnesses from arguing, suggesting, or implying that

Plaintiff "abandoned" her position, voluntarily caused her own damages, refused to return to

work, walked away from employment, or failed to mitigate damages unless APS is also required

to present that argument in the full factual context of Plaintiff's claims and the evidence the

Court allows the jury to hear.

This Motion does not ask the Court to decide constructive discharge, mitigation,

causation, or damages as a matter of law. Nor does Plaintiff seek to bar APS from presenting

admissible evidence concerning dates of leave, resignation, return-to-work communications,

earnings, employment searches, benefits, or damages. Plaintiff seeks a narrower and necessary

trial ruling: APS should not be permitted to isolate the end of the chronology, strip out the facts

Plaintiff contends caused that end, and then tell the jury that Plaintiff alone caused her damages.

APS should not be allowed to weaponize the end of the story while asking the Court to

exclude the beginning, middle, and cause of that story. If APS intends to argue that Plaintiff's

leave, non-return, or resignation defeats causation, damages, or mitigation, Plaintiff must be allowed to present the surrounding evidence of retaliation, denied accommodation, FMLA and leave pressure, caseload removal, professional isolation, reputational harm, and working conditions that Plaintiff contends made continued employment unsafe, intolerable, and professionally damaging.

Pursuant to D.N.M.LR-Civ. 7.1(a), Plaintiff sought APS's position on this motion. As of the time of filing, APS had not stated that it does not oppose the motion, and Plaintiff therefore treats the motion as opposed.

## I. RELIEF REQUESTED

Plaintiff requests an Order precluding APS, its counsel, and its witnesses from introducing, eliciting, publishing, or arguing the following before the jury unless APS first makes a specific proffer outside the jury's presence and the Court determines that the argument will not mislead the jury or unfairly prejudice Plaintiff:

1. that Plaintiff "abandoned" her position;

2. that Plaintiff "walked away" from APS;

3. that Plaintiff "refused" to return to work;

4. that Plaintiff voluntarily caused her own damages;

5. that Plaintiff's resignation or continued leave was an isolated, voluntary act unrelated to APS's conduct;

6. that Plaintiff failed to mitigate merely because she did not return to APS;

7. that Plaintiff's leave or resignation breaks causation or defeats damages without the jury hearing the factual context Plaintiff contends explains the leave, non-return, and resignation; or

8. that Plaintiff's decision not to return was unreasonable while APS simultaneously seeks to exclude evidence of the very conditions Plaintiff contends made return unsafe, intolerable, medically unsupported, professionally damaging, or futile.

Plaintiff further requests that APS be required to use neutral, evidence-based terminology such as "Plaintiff resigned," "Plaintiff remained on leave," or "Plaintiff did not return to work," instead of loaded and argumentative labels such as "abandoned," "walked away," "refused to work," "chose unemployment," or "caused her own damages."

In the alternative, if the Court permits APS to pursue any such argument, Plaintiff requests a ruling that APS may not do so unless Plaintiff is permitted to present the full surrounding context, including evidence of APS's alleged retaliation, denied accommodation, FMLA and leave pressure, caseload removal, professional isolation, reputational harm, working conditions, damages, and mitigation-related circumstances.

## II. BRIEF FACTUAL BASIS

Plaintiff expects APS to argue at trial that Plaintiff voluntarily remained away from work, voluntarily resigned, failed to return, failed to mitigate, or caused some or all of her own damages. That argument is not a neutral evidentiary point if APS is simultaneously allowed to remove the factual context that explains why Plaintiff contends she could not safely or reasonably return.

APS has already filed broad motions in limine attempting to exclude substantial categories of context. APS has sought to exclude evidence and argument regarding policies and procedures, RCI investigative materials, hearsay testimony and documents, evidence allegedly not previously produced, medical disability and maximum medical improvement evidence, employee disciplinary information, harassment evidence, and records APS contends were not

produced in discovery. See Docs. 295, 298, 299, 305, 311, 312, 313, 314. APS's motions, if granted broadly, would remove major portions of the factual context Plaintiff relies on to explain APS's decisions, Plaintiff's leave, the deterioration of the employment relationship, the reputational and professional harm, and Plaintiff's inability to return to the same workplace under the same conditions.

Plaintiff does not object to APS presenting admissible evidence that Plaintiff took leave, did not return, resigned, earned or did not earn income, sought or did not seek work, or otherwise bears on damages. But APS should not be permitted to tell the jury only the endpoint - "she left" - while suppressing the evidence Plaintiff contends explains why. That would create a false evidentiary vacuum and then invite APS to blame Plaintiff for standing in it.

III. ARGUMENT

**A. APS should not be permitted to present a misleading "voluntary resignation" narrative while excluding the circumstances surrounding Plaintiff's departure.**

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. Relevant evidence is generally admissible unless otherwise excluded. Fed. R. Evid. 402. But even relevant evidence and argument may be excluded or limited when its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. Fed. R. Evid. 403.

The danger here is straightforward. APS may ask the jury to treat Plaintiff's leave, non-return, or resignation as a clean voluntary break in causation. But voluntariness cannot be evaluated in a vacuum. The factual circumstances preceding an employee's resignation or continued leave are relevant to whether the separation was genuinely voluntary, whether the

employer's conduct caused or contributed to the damages, whether mitigation was reasonable, and whether the employer's asserted defenses are credible.

The Supreme Court recognizes that an employee's resignation may be treated as employer-caused where working conditions become so intolerable that a reasonable person would feel compelled to resign. Green v. Brennan, 578 U.S. 547, 555 (2016); Pa. State Police v. Suders, 542 U.S. 129, 141-43 (2004). Plaintiff does not ask the Court to decide that issue through this motion. The point is narrower: if APS intends to argue voluntariness, abandonment, failure to return, or mitigation, the jury must be allowed to hear the facts Plaintiff contends bear on voluntariness, causation, reasonableness, and damages.

A party may not use motions in limine to create a distorted version of the record. APS should not be permitted to argue that Plaintiff "abandoned" employment while excluding evidence of the retaliation, denied accommodation, leave pressure, caseload removal, professional isolation, reputational harm, and working conditions Plaintiff contends made continued employment untenable.

**B. APS may not convert mitigation into a loaded character attack or a presumption that Plaintiff acted unreasonably.**

Failure to mitigate is a damages defense. APS bears the burden to prove it. Spulak v. K Mart Corp., 894 F.2d 1150, 1158 (10th Cir. 1990); EEOC v. Sandia Corp., 639 F.2d 600, 627 (10th Cir. 1980). APS cannot satisfy that burden with labels. At minimum, APS must present competent evidence showing that Plaintiff failed to exercise reasonable diligence under the circumstances; Plaintiff was required to make a reasonable and good-faith effort to mitigate, not to meet the highest standard of diligence. Spulak, 894 F.2d at 1158; Sandia, 639 F.2d at 627.

5

APS should not be permitted to imply that Plaintiff failed to mitigate simply because she did not return to the same workplace she contends had already retaliated against her, denied accommodation, pressured or mishandled leave, removed or reassigned her caseload, circulated or relied on damaging accusations, and made continued employment professionally and medically untenable. The reasonableness of mitigation depends on context. APS may challenge Plaintiff's damages with competent evidence, but it should not be allowed to substitute inflammatory shorthand for proof.

Terms like "abandoned," "walked away," "refused to work," or "chose unemployment" are not neutral descriptions. They are argumentative conclusions designed to make Plaintiff appear irresponsible, unreasonable, or self-inflicting. Unless APS lays a proper evidentiary foundation and the Court permits the full context to be heard, those terms should be excluded under Rules 401, 403, and 611.

## C. APS cannot use its own exclusion strategy to manufacture prejudice against Plaintiff.

APS's trial strategy should not be allowed to work both ways. APS cannot ask the Court to exclude broad categories of Plaintiff's context and then argue to the jury that Plaintiff's conduct lacks explanation. If APS succeeds in excluding evidence of the conditions Plaintiff contends caused her continued leave and resignation, APS should not be permitted to exploit that exclusion by arguing that Plaintiff simply chose not to work.

That would be unfairly prejudicial, would confuse the issues, and would mislead the jury. Fed. R. Evid. 403. It would also create a false impression that the absence of evidence is Plaintiff's failure, when the absence may be the result of APS's own motions in limine. The Court should prevent that unfair asymmetry now.

6

The proper ruling is not to prohibit APS from defending itself. The proper ruling is to prohibit APS from presenting a half-story. If APS argues resignation, non-return, mitigation, or causation, Plaintiff must be permitted to present the admissible context bearing on why Plaintiff contends she remained on leave, did not return, and ultimately resigned.

**D. A neutral-language and proffer-first procedure is necessary to prevent prejudice before it occurs.**

Motions in limine exist to prevent prejudicial questions and statements before the jury hears them. Once APS tells the jury that Plaintiff "abandoned" her job, "walked away," or "caused her own damages," the prejudice may not be curable through an instruction. The Court should require APS to use neutral language unless and until APS establishes an admissible basis for a stronger characterization outside the jury's presence.

Federal Rule of Evidence 611(a) also authorizes the Court to exercise reasonable control over the mode and order of presenting evidence so as to make the presentation effective for determining the truth, avoid wasting time, and protect witnesses from harassment or undue embarrassment. Fed. R. Evid. 611(a). That authority supports precluding APS from using inflammatory shorthand that does not fairly describe the disputed evidence and would invite the jury to decide causation and damages based on rhetoric rather than proof.

A proffer-first procedure is appropriate. Before APS uses any abandonment, voluntary-causation, refusal-to-return, or failure-to-mitigate framing, APS should be required to identify the witness, testimony, exhibit, factual basis, and precise argument it intends to make. Plaintiff should then be permitted to identify the surrounding context necessary to prevent the argument from misleading the jury. The Court can then determine whether the argument is admissible, whether neutral language is required, and whether a limiting instruction is necessary.

7

## IV. REQUESTED PROCEDURE IF APS IS PERMITTED TO RAISE THE ISSUE

If the Court permits APS to argue that Plaintiff abandoned employment, voluntarily caused damages, refused to return, or failed to mitigate, Plaintiff requests that APS be required to make a proffer outside the presence of the jury identifying:

1. the precise phrase or argument APS intends to use;

2. the witness or exhibit supporting the argument;

3. the factual basis for the argument;

4. whether APS contends the argument bears on causation, damages, mitigation, credibility, or another issue;

5. whether APS intends to argue that Plaintiff's resignation or non-return was voluntary, unreasonable, or self-inflicted;

6. what evidence APS contends supports that characterization;

7. what evidence APS seeks to exclude that Plaintiff contends is necessary to explain the resignation, non-return, or mitigation issue; and

8. what limiting instruction, if any, APS proposes.

Plaintiff further requests that the Court prohibit APS from using argumentative labels unless the Court determines that the phrase is supported by admissible evidence and will not mislead the jury when considered with the full context.

## V. CONCLUSION

Plaintiff respectfully requests that the Court grant this Motion and preclude APS from arguing, suggesting, or implying that Plaintiff abandoned her position, walked away from employment, refused to return, voluntarily caused her own damages, or failed to mitigate merely because she remained on leave or resigned. APS should not be allowed to isolate Plaintiff's

8

resignation from the conduct that preceded it, especially while seeking to exclude the very evidence Plaintiff contends explains why return was not reasonable.

In the alternative, Plaintiff requests that APS be required to make a specific proffer outside the presence of the jury before any such argument, that APS be required to use neutral terminology unless the Court orders otherwise, and that Plaintiff be permitted to present the full factual context necessary to prevent APS's resignation, causation, and mitigation arguments from misleading the jury.

Respectfully submitted,

By: /s/ *Boglarka A. Foghi, Esq.*
Boglarka A. Foghi
FOGHI LAW FIRM, LLC
4313 Corrales Rd., P.O. Box 944
Corrales, NM 87048
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com
*Attorney for Plaintiff Tatia Lipe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of May, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing.

*/s/ Boglarka A. Foghi, Esq.*
Boglarka A. Foghi

9