IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

      Plaintiff,

v.                                                                                   No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

      Defendant.

**PLAINTIFF'S MOTION IN LIMINE NO. 7 TO PRECLUDE APS FROM USING DISMISSED OR EXCLUDED CLAIMS, DISCOVERY GAPS, OR COURT RULINGS AS A SWORD AGAINST PLAINTIFF**

Plaintiff Tatia Lipe moves in limine for an Order precluding Defendant Albuquerque Public Schools ("APS"), its counsel, and its witnesses from arguing, suggesting, or implying that dismissal of a claim, exclusion or limitation of evidence, discovery gaps, nonproduction of records, or prior Court rulings establish that Plaintiff's factual allegations are meritless, that APS's accusations were true, that APS acted lawfully, or that the jury should hear only APS's sanitized version of the events.

This Motion does not ask the Court to relitigate dismissed claims, reconsider prior rulings, admit evidence the Court has excluded, or permit argument outside the Federal Rules of Evidence. It asks for the opposite: APS should not be permitted to misuse rulings, evidentiary limitations, or APS-controlled record gaps as affirmative proof against Plaintiff. A ruling limiting a claim or item of evidence is not a jury finding that APS's version of the facts is true.

Pursuant to D.N.M.LR-Civ. 7.1(a), Plaintiff sought APS's position on this motion. As of the time of filing, APS had not stated that it does not oppose the motion, and Plaintiff therefore treats the motion as opposed.

## I. RELIEF REQUESTED

Plaintiff requests an Order precluding APS from introducing, eliciting, publishing, or arguing any of the following in the presence of the jury absent a specific proffer and ruling outside the jury's presence:

1. argument that dismissal of any claim means the underlying facts, statements, accusations, chronology, reputational harm, professional harm, motive evidence, pretext evidence, or damages evidence are false, irrelevant, inadmissible for all purposes, or judicially rejected;

2. argument that any Court ruling limiting or excluding evidence means Plaintiff's factual allegations lack merit or APS's factual accusations are true;

3. argument that Plaintiff has no evidence because APS did not produce, preserve, identify, disclose, or provide records that were within APS's possession, custody, control, systems, or superior access;

4. argument that gaps in APS-produced records prove the events did not occur, Plaintiff failed to perform, Plaintiff failed to document, Plaintiff failed to complete PTGs, Plaintiff failed to mitigate, or Plaintiff caused her own damages, unless APS first establishes a proper evidentiary foundation and the absence is not attributable to APS-controlled nonproduction, incomplete production, selective production, reconstruction, system limitations, or discovery conduct;

5. argument that the jury should infer from prior rulings, discovery limitations, evidentiary exclusions, or dismissed legal theories that APS personnel acted truthfully, lawfully, appropriately, or without retaliatory, discriminatory, or pretextual motive;

6. argument that Plaintiff may not present admissible background, context, motive, notice, state-of-mind, pretext, causation, adverse-action, damages, mitigation, or credibility evidence merely because that same evidence also relates to a dismissed or limited claim; and

7. loaded or misleading shorthand suggesting that the Court has already rejected Plaintiff's factual narrative or endorsed APS's version of events.

In the alternative, Plaintiff requests a proffer-first procedure requiring APS to identify the precise ruling, evidence gap, excluded matter, or dismissed claim it seeks to reference; the exact purpose for the reference; the rule of admissibility; and the limiting instruction APS proposes before the issue is raised before the jury.

## II. BRIEF FACTUAL BASIS

APS may attempt to exclude or limit broad categories of evidence and argument, including investigation-related materials, hearsay, policy/practice evidence, harassment evidence, medical/disability evidence, unproduced evidence, disciplinary information, character evidence, and other context. Plaintiff separately opposes any effort to strip the trial record of the chronology and context necessary for the jury to understand the surviving ADA, FMLA, WPA, and breach-of-contract claims.

The additional danger addressed by this Motion is that APS may attempt to use any ruling on evidentiary limitations, any prior dismissal, or any claimed gap in the trial record as a sword against Plaintiff. APS should not be permitted to argue, directly or indirectly, that because a claim was dismissed, evidence was limited, or a record is absent from production, Plaintiff's factual allegations are meritless, APS's accusations are true, or the jury should accept APS's narrowed narrative.

3

That tactic would be especially prejudicial where APS controlled many of the relevant records, systems, investigations, internal communications, leave records, student-service records, and personnel records. APS should not be permitted to benefit from any absence, incompleteness, reconstruction, or selective production of records by turning those gaps into substantive proof against Plaintiff.

This Motion therefore seeks a narrow trial-management order: APS may litigate admissibility and may present admissible evidence, but APS may not transform dismissed claims, excluded evidence, discovery gaps, or Court rulings into factual findings for the jury.

## III. ARGUMENT

**A. Court rulings and evidentiary exclusions are not evidence and may not be used to create false factual inferences.**

Court rulings, dismissed claims, and APS-controlled record gaps are not evidence of what occurred in the workplace and may not be used as a rhetorical substitute for admissible proof. The Court decides questions of law and admissibility; the jury decides disputed facts from the evidence admitted at trial. Accordingly, APS should be precluded from arguing or implying that (i) the Court's dismissal of any claim reflects a factual determination that Plaintiff's narrative is false or that APS's accusations are true; (ii) an evidentiary exclusion or limitation reflects judicial endorsement of APS's version of events; or (iii) the absence of a document from the trial record—particularly where APS had possession, custody, control, or superior access to the relevant systems and files—proves the event did not occur or that Plaintiff "has no evidence." Such tactics invite the jury to treat legal and procedural rulings (or the absence of materials never admitted into evidence) as substantive proof and to give those signals undue weight, creating a substantial risk of unfair prejudice, confusion of issues, and misleading the jury under Rule 403. See Fed. R. Evid. 403. They also improperly blur the division between the Court's role to

determine and instruct on the law and the jury's role to find facts from admissible evidence. The Tenth Circuit has condemned closely related efforts to place legal conclusions before the jury because doing so intrudes upon the respective roles of judge and jury. See *Specht v. Jensen*, 853 F.2d 805, 808–10 (10th Cir. 1988) (en banc).

**B. Dismissal or limitation of one claim does not erase otherwise admissible evidence relevant to surviving claims.**

Evidence may be relevant and admissible for one purpose even if it is not admissible for another purpose. Fed. R. Evid. 105. That principle matters here because the same facts may bear on several issues: motive, notice, pretext, causation, credibility, damages, mitigation, adverse action, and the reasonableness of the parties' conduct.

APS should not be allowed to argue that dismissal or limitation of one legal theory makes the underlying evidence categorically unavailable for surviving ADA, FMLA, WPA, breach-of-contract, causation, damages, mitigation, or credibility issues. Such an argument would collapse legal theories into facts and would mislead the jury about the limited effect of any prior ruling. Nor should APS be allowed to tell the jury that the Court's dismissal or evidentiary ruling means the underlying accusations against Plaintiff were true. A dismissal is not a witness. A ruling is not a business record. And neither is substantive evidence that Plaintiff failed to perform, failed to document, failed to complete PTGs, abandoned employment, or caused her own damages.

**C. APS should not be permitted to weaponize discovery gaps, record absences, or nonproduction where APS controlled the records and systems.**

APS may attempt to argue that the absence of a produced document or system record disproves Plaintiff's claims. That argument is unfair and misleading where the missing, incomplete, or unavailable material concerns records within APS's possession, custody, control, systems, or superior access.

APS controlled the relevant school-district systems, personnel files, investigation materials, leave records, emails, student-service records, Synergy/MaxCapture data, and other institutional records. If APS did not produce a record, produced an incomplete record, produced a reconstructed record, stripped metadata, omitted fields, or created gaps in the record, APS should not be permitted to argue from that absence as though Plaintiff caused it or as though the absence proves the event did not happen.

This is not a request for an adverse-inference instruction. It is a request to prevent an unfair inference. APS should not be permitted to say or imply that Plaintiff lacks evidence because APS did not produce the evidence, especially where Plaintiff has challenged the completeness, reliability, timing, or form of APS's production and where the records at issue were maintained by APS.

**D. Rule 403 independently requires exclusion of argument that would mislead the jury or create unfair prejudice.**

Even if APS could identify some marginal relevance for referencing a dismissed claim, excluded matter, discovery gap, or prior ruling, the Court should exclude or strictly limit such references under Rule 403. Fed. R. Evid. 403. The danger of unfair prejudice, confusing the issues, and misleading the jury substantially outweighs any legitimate probative value.

The prejudice is obvious. If APS tells the jury that certain evidence was excluded, that a claim was dismissed, that documents were not produced, or that the Court previously ruled against Plaintiff on a related issue, the jury may infer that the Court has already rejected Plaintiff's factual narrative or accepted APS's. That inference would be false and highly prejudicial.

The risk is amplified because APS's broader trial strategy is to narrow the record, remove context, and present a clean narrative in which Plaintiff's claims appear unsupported only

6

because APS has stripped away the surrounding chronology. Rule 403 does not allow APS to manufacture an evidentiary vacuum and then ask the jury to punish Plaintiff for standing in it.

**E. Rule 611(a) supports a proffer-first procedure and neutral presentation.**

Federal Rule of Evidence 611(a) authorizes the Court to exercise reasonable control over the mode and order of presenting evidence so as to make the presentation effective for determining the truth, avoid wasting time, and protect witnesses from harassment or undue embarrassment. Fed. R. Evid. 611(a). That authority supports precluding APS from using inflammatory or misleading shorthand that does not fairly describe the disputed evidence and would invite the jury to decide the case based on rulings, exclusions, or record gaps rather than admissible proof. If APS believes it has a proper reason to reference a dismissed claim, excluded matter, discovery gap, or Court ruling, APS should be required to raise the issue outside the presence of the jury and identify the precise purpose, evidentiary rule, and proposed limiting instruction. This procedure preserves APS's ability to raise legitimate evidentiary issues while preventing improper argument in front of the jury that cannot be unrung.

**IV. REQUESTED ORDER**

Plaintiff respectfully requests that the Court enter an Order precluding APS, its counsel, and its witnesses from arguing, suggesting, or implying before the jury that dismissal of a claim, exclusion or limitation of evidence, discovery gaps, nonproduction of records, or prior Court rulings establish that Plaintiff's factual allegations are meritless, that APS's accusations were true, that APS acted lawfully, or that the jury should hear only APS's sanitized version of the events.

Plaintiff further requests that APS be required to seek leave outside the presence of the jury before referencing any dismissed claim, excluded matter, discovery gap, record absence,

discovery ruling, evidentiary ruling, or other Court ruling for any purpose, and that any permitted reference be accompanied by appropriate redaction, neutral wording, and limiting instruction if necessary.

**V. CONCLUSION**

Plaintiff respectfully requests that the Court grant this Motion and preclude APS from using dismissed or excluded claims, discovery gaps, nonproduction, evidentiary limitations, or Court rulings as a sword against Plaintiff. APS may present admissible evidence. It may not use legal rulings or APS-controlled record gaps to create a false inference that Plaintiff's factual allegations lack merit, that APS's accusations are true, or that the jury should decide the case based on APS's sanitized version of events.

Respectfully submitted,

By: /s/ *Boglarka A. Foghi, Esq.*
Boglarka A. Foghi
FOGHI LAW FIRM, LLC
4313 Corrales Rd., P.O. Box 944
Corrales, NM 87048
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com
*Attorney for Plaintiff Tatia Lipe*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of May, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing.

*/s/ Boglarka A. Foghi, Esq.*
Boglarka A. Foghi