### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

      Plaintiff,

v.                                              Civ. No. 23-899 GBW/JMR

ALBUQUERQUE PUBLIC
SCHOOLS,

      Defendant.

## <u>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY</u>

THIS MATTER comes before the Court on Plaintiff's Motion For Leave to File a Limited Surreply to Correct APS's New Reply-Stage Misstatements, Defective Affidavit Evidence, and Mischaracterization of the Record. *Doc. 288*. Defendant filed a response in opposition. *Doc. 293*. The Court, being fully advised, finds that Plaintiff's Motion is well-taken and should be GRANTED.

Under Local Rule 7.4(b), "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ 7.4(b). A motion for leave to file a surreply should be granted where the moving party, in a reply brief, presents legal arguments or evidence not proffered in the original motion. *See Green v. New Mexico*, 420 F.3d 1189, 1196-97 (10th Cir. 2005).

Plaintiff asserts that a surreply is necessary because APS' replies "contain new factual assertions, new evidentiary attacks, and new affidavit evidence." *Doc. 288* at 1. Specifically, Plaintiff finds fault with (1) Defendant's reliance on the new affidavit of

Michelle Candelaria ("the Candelaria Affidavit") (*doc. 280*), which contains a "material date defect" upon which APS relied; (2) APS' assertions that Plaintiff's evidence is unauthenticated and inadmissible hearsay; (3) APS' "selective use of the record" concerning the ATF Negotiated Agreement; (4) APS' "mischaracterization" of Plaintiff's interrogatory responses; and (5) APS' reply-stage rhetoric. *Id.* at 4-10.

In response, Defendant states that (1) its brief did not set forth any new arguments; (2) the Candelaria Affidavit was "necessary to expand upon and clarify" Defendant's prior argument; (3) the "material date defect" was nothing more than a scrivener's error; (4) Defendant addressing Plaintiff's evidentiary deficiencies does not establish a basis for allowing a surreply; (5) the ATF Negotiated Agreement does not constitute an employment contract and was therefore irrelevant; (6) any misstatements regarding Plaintiff's interrogatory responses do not create grounds for a surreply; and (7) Plaintiff's offense and outrage regarding Defendant's reply-stage rhetoric does necessitate a surreply. *See generally doc. 293*.

The Court finds that the Candelaria Affidavit (*doc. 280*) and APS' new argument that it possesses "governmental immunity against implied contractual obligations" (*doc. 282* at 7-9) constitute grounds for a surreply.[1]  Accordingly, Plaintiff's request will be GRANTED.  The surreply attached as *doc. 288-1* will be considered when resolving Defendant's motions for summary judgment (*docs. 267, 268*).

---

[1] Plaintiff's motion did not address the governmental immunity argument.

Because the Court is granting Plaintiff's motion, Defendant's request for fees and

costs associated with responding is hereby DENIED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**