IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

    Plaintiff,

v.                                                          No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

    Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO APS'S MOTION IN LIMINE TO
EXCLUDE ALL ARGUMENTS THAT ANY VIOLATION OF DEFENDANT'S
POLICIES ARE VIOLATIONS OF THE LAW [DOC. 295]**

**INTRODUCTION**

APS's motion should be denied because it attacks an argument Plaintiff does not need to make,

while asking the Court to exclude evidence Plaintiff plainly may use for proper purposes.

Plaintiff does not contend that every APS policy violation automatically equals a statutory

violation. That strawman does not justify the sweeping relief APS seeks.

The problem is APS goes much further. APS asks the Court to exclude evidence and argument

concerning policies, procedures, and subsequent changes by declaring that such evidence is

irrelevant to Plaintiff's ADA, WPA, and contract claims. That is legally unsupported and

strategically misleading. Policies, procedures, negotiated-agreement provisions,

leave/accommodation practices, reporting requirements, student-service rules, and deviations

from normal procedure are relevant to notice, knowledge, reasonableness, the interactive

process, pretext, motive, causation, credibility, contract obligations, and damages. APS may ask

for an instruction that policy violations are not per se statutory violations. APS is not entitled to

erase the policy and procedure evidence that explains what APS knew, what APS was supposed

to do, how APS departed from its own rules, and why its stated reasons are unworthy of belief.

APS's own motion shows the overreach. It begins by seeking exclusion of any argument that policy violations are per se legal violations, but then asks the Court to exclude evidence and testimony that would allow any inference concerning alleged policy or procedure violations. Doc. 295 at 1, 4. That is not a limiting instruction. It is categorical exclusion of relevant trial evidence.

## I. APS SEEKS TO EXCLUDE A STRAWMAN, THEN USES THAT STRAWMAN TO DEMAND OVERBROAD RELIEF.

Plaintiff can agree with the narrow proposition that an internal policy violation is not, by itself, an automatic violation of the ADA, WPA, or Plaintiff's employment contract. But that limited proposition does not support APS's requested order. Evidence may be admissible for one purpose even if it does not prove another purpose. Fed. R. Evid. 105. The Court can instruct the jury on the proper legal standards without excluding evidence that bears on the parties' conduct, knowledge, notice, credibility, and motive.

APS's motion collapses two different issues. The first is whether Plaintiff may argue that a policy violation equals a statutory violation. The second is whether Plaintiff may introduce policy, procedure, practice, contract, or deviation evidence for other legally proper purposes. The answer to the first does not control the second. APS uses an uncontroversial limiting principle as a pretext to seek exclusion of evidence central to Plaintiff's surviving claims.

The Court should reject that maneuver. Plaintiff does not need a per se policy-violation theory to make APS's policies and procedures relevant. The evidence is relevant because APS's own rules, practices, and deviations from those rules help explain what APS knew, what APS expected of Plaintiff, what APS expected of its own administrators, whether APS followed the interactive

2

process, whether APS's reasons shifted or were pretextual, whether APS complied with leave and contract obligations, and whether APS treated Plaintiff differently after protected activity.

## II. POLICY AND PROCEDURE EVIDENCE IS RELEVANT TO ADA NOTICE, REASONABLENESS, AND THE INTERACTIVE PROCESS.

APS's claim that policies and procedures are not probative of the ADA claim is wrong. The ADA claim does not exist in a vacuum. The jury will have to evaluate what APS knew about Plaintiff's disability-related limitations, what Plaintiff requested, how APS responded, whether APS engaged in the interactive process, and whether APS's response was reasonable. See 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.2(o)(3). APS policies, procedures, practices, accommodation records, and departures from normal process are directly relevant to those questions.

APS cannot tell the jury that it acted reasonably while preventing Plaintiff from showing the rules, practices, and internal procedures that bear on reasonableness. If APS had policies or procedures governing accommodation requests, leave processing, temperature-control accommodations, documentation, supervisor responsibilities, student-service coverage, or HR communications, those materials may help the jury evaluate APS's knowledge, consistency, and credibility. They may also show whether APS's stated explanation was the real reason or a litigation position constructed after the fact.

This is not a request to substitute APS policy for the ADA. It is a request to allow the jury to hear evidence that bears on the ADA issues the jury must actually decide. APS's motion would prevent Plaintiff from proving context while preserving APS's ability to argue that it acted reasonably. That is not evidentiary fairness; it is a request for a sanitized record.

## III. POLICY, PROCEDURE, AND DEVIATION EVIDENCE IS CLASSIC PRETEXT AND RETALIATION EVIDENCE.

APS also ignores settled employment-law principles. In discrimination and retaliation cases, evidence that an employer deviated from its own policies, procedures, or normal practices may support an inference of pretext. The Tenth Circuit recognizes that pretext may be shown by weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's stated reasons, and by disturbing procedural irregularities or deviations from normal procedure. *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000); *Plotke v. White*, 405 F.3d 1092, 1104-05 (10th Cir. 2005).

That principle matters here. Plaintiff's surviving claims depend heavily on motive, causation, timing, notice, and credibility. APS's policies and departures from those policies may show whether APS's explanations are consistent with its own rules and practices; whether Plaintiff was treated differently after protected activity; whether APS's stated reasons are inconsistent with contemporaneous records; and whether APS's witnesses should be believed. APS's request would keep the jury from seeing the very deviations and inconsistencies that employment law permits Plaintiff to use as pretext evidence.

APS cannot reduce the case to bare statutory elements and then exclude the factual evidence that makes those elements provable. The jury cannot evaluate motive, pretext, retaliation, or causation without understanding the rules, practices, and departures that structured the workplace.

## IV. POLICY AND CONTRACT EVIDENCE IS RELEVANT TO PLAINTIFF'S BREACH-OF-CONTRACT THEORY.

APS's motion is also overbroad as to Count IV. Plaintiff's contract theory is not limited to abstract statutory standards. It concerns APS's contractual and employment obligations,

including the governing negotiated agreement, leave provisions, work conditions, documentation expectations, and APS's interference with leave-related rights and employment benefits. Policies, procedures, and negotiated-agreement provisions may be relevant to the content of the employment relationship and to whether APS breached contractual obligations.

New Mexico law recognizes that employment policies and manuals may bear on the terms and obligations of an employment relationship when they create reasonable expectations or contractual commitments. See *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 426-27, 773 P.2d 1231, 1233-34 (1989). APS therefore cannot obtain a blanket order excluding policy or procedure evidence from a contract claim simply by labeling it 'policy' evidence. The question is not whether the evidence independently creates a statute; the question is whether it bears on the obligations, expectations, practices, and breaches at issue.

At minimum, APS's requested order is too broad. It would risk excluding the negotiated agreement, leave provisions, accommodation-related documents, and internal procedures that bear on Plaintiff's contract theory. That is not a proper motion in limine.

## V. APS'S RELIANCE ON WHREN AND TANBERG IS MISLEADING AND OVEREXTENDED.

APS relies on *Whren v. United States*, 517 U.S. 806 (1996), and *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005), but those cases do not support the sweeping exclusion APS seeks. Whren and *Tanberg* involved attempts to use police policies or subjective standards to establish Fourth Amendment violations. They do not hold that workplace policies, negotiated-agreement provisions, ADA accommodation procedures, leave practices, or departures from normal procedure are irrelevant in employment-discrimination, retaliation, whistleblower, and contract litigation.

APS's motion overstates *Tanberg* almost beyond recognition. APS argues that ADA, WPA, and contract claims are 'substantially similar' to excessive-force claims. Doc. 295 at 3. They are not. This is not a Fourth Amendment police-conduct case. It is an employment case involving disability accommodation, whistleblower retaliation, leave interference, and contract obligations. In this context, policies and deviations from policy may be probative of notice, motive, pretext, reasonableness, and contractual expectations.

The point is simple: Plaintiff may not ask the jury to decide the ADA, WPA, or contract claims by applying APS policy as the legal standard. But Plaintiff may use policy and procedure evidence for the proper purposes the Federal Rules permit. APS's motion ignores that distinction.

## VI. RULE 403 DOES NOT JUSTIFY CATEGORICAL EXCLUSION.

APS's Rule 403 argument also fails. Rule 403 does not authorize categorical exclusion of an entire class of evidence simply because APS fears the jury may draw adverse inferences from it. The proper remedy for any concern about confusion is a limiting instruction, targeted objection, or specific ruling on a specific exhibit or testimony. Fed. R. Evid. 105; Fed. R. Evid. 611(a). APS identifies no specific exhibit, policy, procedure, witness, question, or statement that creates unfair prejudice substantially outweighing probative value. It instead asks for a broad pretrial order preventing Plaintiff from using policy evidence at all. That is not how Rule 403 works. Without a specific item and specific trial purpose, the Court cannot conduct the balancing APS requests.

If the Court believes clarification is necessary, the appropriate relief is narrow: Plaintiff may be prohibited from arguing that a policy violation automatically equals a statutory violation. But the Court should not exclude policy, procedure, negotiated-agreement, leave, accommodation,

student-service, or deviation evidence when offered for notice, reasonableness, pretext, motive, causation, credibility, contract obligations, or damages.

**CONCLUSION**

APS's motion should be denied. Plaintiff does not need a per se policy-violation theory to introduce policy and procedure evidence for proper purposes. APS's requested order is overbroad, rests on a strawman, and would improperly exclude evidence relevant to ADA notice and reasonableness, WPA retaliation and motive, breach-of-contract obligations, pretext, causation, credibility, and damages.

In the alternative, any order should be narrowly limited to prohibiting an argument that a policy violation automatically equals a statutory violation. The order should expressly preserve Plaintiff's right to use policy, procedure, negotiated-agreement, leave, accommodation, student-service, and deviation evidence for proper evidentiary purposes.

Respectfully submitted,

FOGHI LAW FIRM, LLC

By: /s/ *Boglarka Foghi, Esq.*
Boglarka Foghi
Attorney for Plaintiff
4313 Corrales Rd., P.O. Box 944
Corrales, NM 87048
(505) 220-5691
foghilaw@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of June, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka Foghi*
Boglarka Foghi

7