**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TATIA LIPE,

    Plaintiff,

v.                                  No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

    Defendants.

## <u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT APS'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EXHIBITS RELATED TO THE RCI INVESTIGATIVE REPORTS [DOC. 298]</u>

Plaintiff Tatia Lipe opposes Defendant Albuquerque Public Schools' Motion in Limine to Exclude Testimony and Exhibits Related to the RCI Investigative Reports. Doc. 298. APS's motion should be denied because it seeks sweeping, category-wide exclusion of central evidence without identifying the specific recording, statement, speaker, exhibit, witness, report excerpt, hearsay layer, foundation, or trial purpose at issue.

APS asks the Court to exclude all materials--including audio recordings, electronic materials, transcripts, written materials, testimony, and investigative reports--connected to the RCI investigations. Doc. 298 at 1. That is not a targeted evidentiary objection. It is an attempt to erase evidence relevant to notice, APS's knowledge, motive, pretext, retaliation chronology, credibility, impeachment, inconsistent statements, and damages before the Court evaluates the specific evidence or the purpose for which Plaintiff offers it.

APS's motion is legally unsupported and strategically misleading. APS groups entire forms of evidence under broad labels and asks for blanket exclusion, while ignoring that admissibility turns on the specific item, speaker, statement, purpose, foundation, and applicable rule. Plaintiff does not contend that every word in every investigative report, recording, email, interview

summary, or exhibit is admissible for every purpose. Plaintiff has separately moved to prevent APS from using investigative findings, embedded hearsay, "exonerated" labels, policy-compliance conclusions, and verdict-like determinations as substantive proof. See Doc. 306. But APS is not entitled to use that same concern as a one-sided weapon to exclude all investigation-related evidence Plaintiff may properly offer for impeachment, notice, APS knowledge, motive, pretext, inconsistent statements, credibility, timeline, and effect on listener.

## I. APS SEEKS A CATEGORICAL EXCLUSION ORDER, NOT A PROPER EVIDENTIARY RULING.

A motion in limine is not a vehicle to exclude broad evidentiary categories in the abstract. The Court must evaluate evidence based on the purpose for which it is offered, the applicable evidentiary rule, and the specific foundation. APS's motion does none of that. It asks the Court to exclude "all materials" and "all testimony" connected to the RCI investigations, including audio recordings, electronic materials, transcripts, written materials, and reports. Doc. 298 at 1. That request is facially overbroad. An audio recording is not a hearsay category. A deposition excerpt is not inadmissible because APS dislikes the testimony. An email or investigative record is not automatically inadmissible merely because it contains out-of-court statements. The Federal Rules of Evidence require a specific analysis of the statement, speaker, purpose, foundation, and any hearsay layer. APS's motion skips that analysis and asks for total exclusion by label. The Court should reject that approach. If APS has a specific objection to a specific recording, statement, witness question, report excerpt, or exhibit, APS may raise that objection in the context of the actual evidence. The proper remedy for legitimate concerns is a proffer, redaction, limiting instruction, or trial-specific ruling--not wholesale exclusion of an entire factual record.

## II. APS MISSTATES THE RELEVANCE OF THE RCI MATERIALS.

APS's relevance argument rests on a false premise. APS asserts that the RCI materials are irrelevant because the investigations involved OEOS/civil-rights matters and because Plaintiff supposedly "does not claim that APS violated her civil rights, nor does she assert a civil rights claim." Doc. 298 at 3. That statement is wrong.

APS's own motion identifies Plaintiff's ADA claim for failure to accommodate and disability discrimination. Doc. 298 at 2. APS also admits that RCI was instructed to investigate allegations of disability discrimination and retaliation involving Plaintiff, Justin Griego, and Bernadette Lucero-Turner. Id. at 2-3. APS cannot acknowledge that the investigations concerned disability discrimination and retaliation and then obtain exclusion by pretending those subjects have no connection to Plaintiff's surviving ADA, WPA, FMLA/leave-interference, causation, pretext, credibility, and damages issues.

The RCI materials are relevant for multiple proper purposes. They may show what APS knew, when APS knew it, what Plaintiff reported, how APS responded, what APS investigated, what it ignored, what explanations changed over time, what witnesses said before litigation positions hardened, and whether APS's later trial narrative is consistent with its contemporaneous conduct. That evidence bears directly on notice, knowledge, motive, pretext, causation, credibility, retaliation chronology, and damages. See Fed. R. Evid. 401, 402.

**III. PLAINTIFF DOES NOT SEEK TO USE INVESTIGATIVE FINDINGS AS VERDICT-LIKE PROOF; PLAINTIFF SEEKS TO PRESERVE PROPER EVIDENTIARY USES.**

APS's motion attempts to create a false choice: either all RCI-related materials are excluded, or all investigative material is admitted wholesale. That is not Plaintiff's position. Plaintiff's own Motion in Limine No. 1 draws the correct evidentiary line. Plaintiff has moved to exclude or

strictly limit investigative findings, "exonerated" determinations, credibility determinations, legal or policy-compliance conclusions, embedded hearsay, and third-party accusations when offered as substantive proof. Doc. 306 at 1-3.

But the fact that investigative conclusions and embedded accusations may require exclusion or redaction does not mean every investigation-related recording, communication, chronology, deposition excerpt, witness statement, or exhibit becomes inadmissible for every purpose. The same material may be inadmissible for one purpose and admissible for another. Fed. R. Evid. 105.

Plaintiff preserves the right to use investigation-related evidence for proper purposes, including impeachment, prior inconsistent statements, bias, motive, pretext, shifting explanations, notice, APS's knowledge, effect on listener, timeline, credibility, and the fact that certain statements were made to APS personnel and generated particular responses. See *Tennessee v. Street,* 471 U.S. 409, 414 (1985) (recognizing non-hearsay use of an out-of-court statement to show what was said rather than for its truth*); United States v. Abel*, 469 U.S. 45, 51-52 (1984) (recognizing admissibility of bias evidence).

APS may not use hearsay rules as a blunt instrument to keep the jury from hearing what APS personnel said, what APS knew, what Plaintiff contemporaneously reported, or how APS responded. Nor may APS prevent Plaintiff from confronting APS witnesses with inconsistent accounts, omissions, or investigation-related statements that bear on credibility and pretext.

**IV. APS HAS NOT SHOWN THAT RULE 403 JUSTIFIES BLANKET EXCLUSION.**

Rule 403 does not authorize exclusion by generalization. It allows exclusion only where the probative value of relevant evidence is substantially outweighed by unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needless cumulative presentation. Fed. R.

4

Evid. 403. APS has not performed that analysis for any specific recording, statement, excerpt, witness, or exhibit.

Instead, APS asserts that any probative value is minimal and that the prejudice cannot be cured by a limiting instruction. Doc. 298 at 1-2. That assertion is unsupported. It also ignores the central role these materials may play in proving Plaintiff's claims and rebutting APS's defenses. Evidence is not unfairly prejudicial merely because it is harmful to APS's litigation position. See *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) (emphasizing that relevance and prejudice determinations are fact-intensive and context-specific).

If a particular report excerpt contains legal conclusions, credibility determinations, or embedded hearsay, the Court can address that specific problem through redaction or a limiting instruction. If a particular recording contains statements admissible for one purpose but not another, the Court can limit the purpose. If a particular witness lacks personal knowledge, APS can object to that question. What APS cannot do is obtain a pretrial order excluding all RCI-related evidence before the actual evidentiary issue is presented.

## V. A PROFFER-FIRST AND REDACTION-FIRST PROCEDURE IS THE PROPER ALTERNATIVE IF THE COURT HAS CONCERNS.

If the Court determines that RCI-related materials require pretrial control, the proper remedy is not APS's requested blanket exclusion. The proper remedy is a proffer-first and redaction-first procedure consistent with Plaintiff's Motion in Limine No. 1.

Before either party refers to, publishes, or elicits testimony concerning a disputed RCI-related report excerpt, recording, interview summary, email, or investigative statement, the proponent should identify outside the presence of the jury: (1) the specific evidence; (2) the sponsoring witness; (3) the declarant or speaker; (4) the precise purpose for which the evidence is offered;

(5) the hearsay exception or non-hearsay theory for the record or recording itself; (6) the hearsay exception or non-hearsay theory for any embedded statement; (7) any necessary redaction; and (8) any proposed limiting instruction.

That approach protects both sides. It prevents APS from using investigative reports as verdict-like proof of non-liability while preserving Plaintiff's right to use investigation-related evidence for legitimate purposes. It also protects the jury from improper findings, legal conclusions, and hearsay while avoiding the unfair prejudice that would result if APS were allowed to erase the investigative chronology altogether.

## VI. APS SHOULD NOT BE REWARDED FOR FORCING PLAINTIFF TO LITIGATE REPEATEDLY TO OBTAIN THE SAME INVESTIGATION-RELATED MATERIALS APS NOW SEEKS TO EXCLUDE.

APS's request is especially improper because these materials have been the subject of repeated discovery disputes and Court intervention. Plaintiff did not casually obtain or surprise APS with the RCI/EOS materials. Plaintiff had to litigate repeatedly to obtain discovery APS was ordered to provide.

The Court's own chronology confirms the point. Plaintiff filed her first motion to compel on March 11, 2025. Doc. 291 at 2. Plaintiff filed her second motion to compel on July 7, 2025. Id. The Court compelled APS to provide significant discovery, with supplemental responses due October 3, 2025. Id. APS did not comply with that order. Id. Plaintiff then filed her Third Motion to Compel on November 10, 2025, and the Court again compelled APS to provide discovery it had already been ordered to provide. Id. at 2-3. The Court further noted that APS again did not fully comply, and that Plaintiff later filed a Fourth Motion to Compel seeking outstanding discovery, including RCI/EOS audio recordings and transcripts. Id. at 3-4.

6

That history matters. APS should not be permitted to force Plaintiff through repeated discovery litigation over these materials and then obtain a blanket trial exclusion of the same evidence. Such a ruling would reward APS for the very discovery conduct that required Court intervention. APS may object to a specific recording, transcript, exhibit, statement, or excerpt on a specific evidentiary basis. But APS is not entitled to convert its delayed, incomplete, or compelled production history into a trial advantage by excluding the entire category of RCI-related evidence.

The September 3, 2025 discovery hearing confirms the point as to recordings. Plaintiff specifically advised the Court that APS had not provided audio recordings and that the recordings existed. Doc. 146 at 6. The Court ordered APS to fully respond to Request for Production 3 and conduct a complete review of responsive documentation. Id. The written order likewise compelled APS to fully respond to Request for Production 3 and required APS, if unable to provide responsive documentation, to provide a detailed, verified explanation of its efforts to locate the documents and to state with particularity when documents do not exist. Doc. 147 at 2-3.

The Federal Rules of Evidence do not permit APS to create an evidentiary vacuum and then benefit from it. APS may demand that Plaintiff satisfy the Rules for any particular item of evidence. APS may not use a motion in limine to erase an entire category of evidence that Plaintiff was forced to litigate repeatedly to obtain and that bears directly on notice, knowledge, motive, pretext, credibility, causation, and damages.

## VII. PLAINTIFF'S PRODUCTION AND TRANSMISSION RECORDS DEFEAT ANY CLAIM OF SURPRISE OR NONDISCLOSURE REGARDING RCI/EOS-RELATED MATERIALS.

APS's exclusion request is also undermined by Plaintiff's production history. Plaintiff is filing contemporaneously a Notice of Filing Affidavit of Gerry Richardson Regarding Plaintiff's Discovery Productions, Audio Links, Releases, Certificates of Service, and Production Log. Ms. Richardson was the longtime paralegal to Plaintiff's counsel and had direct responsibility for transmitting productions, exhibits, Google Drive links, Word documents containing embedded live audio links, releases, certificates of service, and related materials to opposing counsel. That production record matters here because APS's motion targets RCI/EOS-related audio recordings, electronic materials, transcripts, written materials, testimony, and investigative records. APS cannot claim surprise or nondisclosure in the abstract where Plaintiff's production log, transmission records, embedded-link documents, and production-related affidavit show the method by which materials were transmitted to opposing counsel.

If APS contends that a particular RCI/EOS recording, transcript, link, exhibit, or written material was not accessible or not produced, APS must identify that specific item, the date of the alleged deficiency, the request at issue, the prejudice claimed, and why a timely conferral or motion to compel did not resolve the issue. APS cannot convert a generalized production complaint into categorical exclusion of an entire body of investigation-related evidence.

## VIII. APS SHOULD NOT BE PERMITTED TO EXCLUDE CONTEXT AND THEN ARGUE PLAINTIFF LACKS EVIDENCE.

APS's motion must also be viewed in context. APS has filed multiple motions seeking to exclude broad categories of Plaintiff's proof, including investigation materials, audio recordings, deposition testimony, hearsay, policy evidence, disability evidence, harassment evidence, and records APS claims were not produced. That strategy risks creating an evidentiary vacuum and

then inviting APS to argue that Plaintiff lacks evidence, lacks context, or cannot prove causation, pretext, damages, or retaliation.

The Court should not permit that one-sided structure. APS may challenge specific evidence under the Federal Rules of Evidence. APS may not strip the case of the very materials that explain Plaintiff's claims and then use the resulting sanitized record as a trial weapon.

## IX. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny APS's Motion in Limine to Exclude Testimony and Exhibits Related to the RCI Investigative Reports. Doc. 298. In the alternative, Plaintiff requests that the Court require a proffer-first and redaction-first procedure outside the presence of the jury before either party uses disputed RCI-related materials, and preserve Plaintiff's ability to use such materials for proper evidentiary purposes, including notice, APS knowledge, motive, pretext, impeachment, inconsistent statements, credibility, timeline, and effect on listener.

Respectfully submitted,

FOGHI LAW FIRM, LLC

*/s/ Boglarka A. Foghi, Esq.*
Boglarka A. Foghi
4313 Corrales Rd., P.O. Box 944
Corrales, NM 87048
(505) 220-5691
foghilaw@yahoo.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE
I HEREBY CERTIFY that on this 2nd day of June, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka Foghi*
Boglarka Foghi

9