IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

      Plaintiff,

v.                                                                Civ. No. 23-899 GBW/JMR

ALBUQUERQUE PUBLIC
SCHOOLS,

      Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN THE ALTERNATIVE, FOR RULE 56(G) FINDINGS

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment and in the Alternative, for Rule 56(g) Findings as to Material Facts Not Genuinely in Dispute.  *Doc. 231.*  Defendant filed a response in opposition.  *Doc. 257.*  Plaintiff filed a reply.  *Doc. 262.*  For the reasons explained below, the motion will be GRANTED IN PART and DENIED IN PART.

### I.    BACKGROUND

This action was filed on October 13, 2023.  *Doc. 1.*  All claims arise out of Plaintiff's experiences as an employee of Albuquerque Public Schools ("APS").  As relevant to this motion, Plaintiff alleges that APS discriminated against her by failing to make reasonable accommodations for her disability under the Americans with Disabilities Act ("ADA").  *Id.* at 5.

Plaintiff filed the present motion on March 16, 2026. *Doc. 231.* In it, she argues for the Court to grant summary judgment on her ADA failure to accommodate claim, or alternatively for the Court to enter an order that certain material facts relating to all her claims are not genuinely in dispute under Fed. R. Civ. P. 56(g). *Id*. at 2. Defendant filed a response on April 6, 2026, arguing, as relevant here, that (1) Plaintiff's exhibits should not be considered as they constitute inadmissible hearsay and several exhibits were not properly authenticated; (2) she failed to state a prima facie case under the ADA; (3) her motion included an implicit request to amend her complaint regarding a new "FMLA Interference Claim"; and (4) the material facts at the center of her Rule 56(g) claim were in dispute. *See generally doc. 257.* Plaintiff filed a reply on April 16. *Doc. 262.* For the purposes of judicial economy, the Court will only address the arguments necessary to resolve the present motion.

## II.    UNDISPUTED FACTS

Based on the parties' briefing and the record as a whole, the Court finds the following material facts are undisputed for the purposes of summary judgment:[1]

1.  Plaintiff was employed by APS as a licensed school social worker and assigned to Volcano Vista High School.  PUMF 1.

---

[1] "PUMF" refers to Plaintiff's Undisputed Material Facts. *Doc. 231* at 7-14. "UMF" refers to Defendant's Additional Undisputed Material Facts. *Doc. 257* at 12-13. Where the Court cites one of the parties' material facts, it does so pursuant to Rule 56(e)(2) because the fact in question was not specifically disputed. *See* Fed. R. Civ. P. 56(e)(2). Where the Court cites to evidence in the record, it does so pursuant to Rule 56(c)(3), which permits consideration of "other materials in the record." Fed. R. Civ. P. 56(c)(3).

2. As a school social worker, Plaintiff provided counseling and related services to students receiving special education services under individualized education programs ("IEPs").  PUMF 2.

3. As a school social worker, Plaintiff was also (1) responsible for adhering to the APS Suicide Prevention Protocol which specifically requires that a school social worker ensures that a student who has expressed suicidal ideations is never left alone; (2) required to monitor the student the entire time while the employee secures assistance; (3) responsible for ensuring parent participation in the student's educational placement through home visits; and (4) required to maintain accurate and complete documentation as required by law, state directives, district policy, and administrative regulations.  UMF 1-4.

4. Plaintiff's functions were to be performed indoors in a normal school or office environment and in students' homes.  UMF 5.

5. On February 7, 2022, Plaintiff filed a formal complaint with the New Mexico Public Education Department ("PED") regarding special education compliance at Volcano Vista High School.  *Doc. 231-18* at 1.

6. On April 14, 2022, PED issued findings and required corrective action relating to Plaintiff's complaint.  *Id.*

7.  In August 2022, Plaintiff requested an ADA accommodation to work remotely during medically supported flareups of her underlying medical condition.[2]  PUMF 12-13.

8.  On September 21, 2022, APS convened an ADA interactive-process meeting with Plaintiff and APS representatives regarding Plaintiff's accommodation request.  PUMF 14.

9.  That same day, APS provided Plaintiff with an Employee Temporary Accommodation Plan.  The Accommodation Plan did not allow Plaintiff to work remotely during flareups, but included measures related to temperature regulation and referred her to Intermittent Leave as provided by the Family Medical Leave Act ("FMLA") and the Sick Leave Bank.  *Doc. 257-1* at 12.

10. Plaintiff refused to sign the Accommodation Plan.  *Id*.

11. On September 25, 2022, after APS denied her preferred accommodation, Plaintiff filed a formal complaint with Equal Opportunity Services ("EOS").  *Doc. 127-2* at 1-2.

---

[2] Defendant objects to this fact as "inadmissible hearsay."  *Doc. 257* at 6.  This objection is without merit. While the specifics of what was said in the ADA accommodation request could constitute hearsay, the fact that Plaintiff requested an ADA accommodation is an act with independent legal significance. Further, Defendant does not dispute that a meeting was later held regarding Plaintiff's ADA accommodation request.  *Id*. at 7.  Since this fact was not properly objected to, the Court will consider it undisputed for purposes of this motion.

12. The EOS findings letter states that Plaintiff's allegations were unsubstantiated and describes the investigation steps and information relied upon.  *Id.;* PUMF 53.[3]

13. On October 5, 2022, APS provided written authorization for Plaintiff to take intermittent FMLA leave for the period of August 15, 2022, through August 13, 2023.  *Doc. 265-3.*

14. On February 28, 2023, Plaintiff reported to work and found that she had no students assigned to her caseload.[4]  PUMF 43.

15. APS retained an independent investigator / attorney on March 9, 2023, to review Plaintiff's use of intermittent leave during the 2022 and 2023 school years.  UMF 9.

16. Plaintiff took a year long unpaid leave from March 27, 2023, to March 26, 2024.  *Doc. 265-5* at 1.

17. Plaintiff resigned from APS on April 8, 2024.  UMF 10.

---

[3] Defendant objects to Plaintiff's statement as "inadmissible hearsay" but also states that the material fact is not disputed.  *Doc. 257* at 11.  The Court will therefore consider it undisputed for purposes of this motion.

[4] Although Defendant objects to Plaintiff's statement as hearsay and the exhibit as incomplete, Defendant does not object to the fact that students were removed from Plaintiff's caseload.  *Doc. 257* at 10.

### III.    LEGAL STANDARDS

#### a.  Summary Judgment

Under Federal Rule of Civil Procedure 56(a), the Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case."  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The non-moving party is then required to designate specific facts showing that "there are . . . genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Celotex*, 477 U.S. at 324.  "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.  An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."  *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citations omitted).

In applying this standard, the Court must draw all "reasonable inferences" in favor of the non-moving party.  *Penry v. Fed. Home Loan Bank*, 155 F.3d 1257, 1261 (10th Cir. 1998).  Summary judgment is appropriate only "where the record taken as a whole

could not lead a rational trier of fact to find for the non-moving party." *Id*. (quoting

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### b. Reasonable Accommodations Under the ADA

The ADA prohibits discrimination against "a qualified individual" with a

disability because of that disability.  42 U.S.C. § 12112(a).  Discrimination under the

ADA includes "not making reasonable accommodations to the known physical or

mental limitations of an otherwise qualified individual…unless such covered entity can

demonstrate that the accommodation would impose an undue hardship on the

operation of the business of such covered entity."  *Id*. § 12112(b)(5)(A).  Accordingly,

Plaintiff must show that (1) she is disabled, (2) she is "otherwise qualified," and (3) she

requested a plausibly reasonable accommodation.  *Punt v. Kelly Servs.*, 862 F.3d 1040,

1050 (10th Cir. 2017).  Once Plaintiff has established her prima facie case, an employer

must present evidence either "(1) conclusively rebutting one or more elements of

plaintiff's prima facie case or (2) establishing an affirmative defense, such as undue

hardship or one of the other affirmative defenses available to the employer."  *Punt*, 862

F.3d at 150 (quoting *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1179 (10th Cir. 1999).

To determine whether a person is a "qualified individual" under the ADA, the

Court must determine whether the individual can perform the essential functions of the

job.  *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1190 (10th Cir. 2003) (citation omitted).

If not, the Court determines whether any reasonable accommodation by the employer would enable the employee to perform those functions. *Id.* (citation omitted).

A reasonable accommodation "may include…job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations." 42 U.S.C. § 12111(9).

## IV.    ANALYSIS

### a.    Issues of Authentication and Hearsay

As a threshold matter, the Court notes APS' argument that Plaintiff's Motion relies on inadmissible hearsay and unauthenticated documents that cannot be considered at the summary judgment level. *Doc. 257* at 13-15. In resolving the motion, the Court only considers documents it concludes have been properly authenticated and that can be presented in an admissible form at trial. *See* Fed. R. Civ. P. 56(c)(2), (4).

### b.    Plaintiff Has Failed to Establish That There Are No Genuine Issues of Material Fact

The relevant evidence, viewed in the light most favorable to Defendant, does not demonstrate an absence of genuine issues of material fact.

### 1. There is a Genuine Issue of Material Fact Over Whether Plaintiff's Requested Accommodation was Reasonable

As part of her prima facie case, Plaintiff must show that she requested a plausibly reasonable accommodation. *Punt*, 862 F.3d at 1050. The phrase "reasonable accommodation" refers to accommodations that "presently, or in the near future, enable the employee to perform the essential functions of h[er] job." *Aubrey v. Koppes*, 975 F.3d 995, 1007 (10th Cir. 2020) (citation omitted). Whether an accommodation is reasonable is a mixed question of law and fact. *Osborne v. Baxter Healthcare Corp.*, 798 F.3d 1260, 1267 (10th Cir. 2015). To state a "plausibly reasonable" accommodation, a Plaintiff "need only show that an accommodation seems reasonable on its face," *id.* (citation omitted), however, a proposed accommodation is not reasonable on its face if it would not enable the employee to perform the essential functions of her job. *See* 29 C.F.R. § 1630.2(o)(1)(ii).

Plaintiff requested to work remotely during medically verified flareups and asserts that this accommodation is indisputably reasonable in part because "other related-services providers received remote-work accommodations during the same period." *Doc. 231* at 1. However, Defendant claims that "no social workers received ADA accommodations to work remotely during 2019 to the present," *doc. 257* at 8, and asserts that remote work was not a reasonable accommodation given the essential functions of Plaintiff's position. *Id.* at 17; *see doc. 257-1* at 1-5. For example, though not mentioned in Defendant's response brief, a rationale regarding the accommodation's

reasonableness that APS submitted to the Equal Employment Opportunity Commission ("EEOC") is persuasive: "[i]f the student's social worker was remote, the student would have to still be monitored by a staff person while they were in a private location at the school to meet with their social worker. It is not reasonable to have another staff person present with a student receiving social work services." *Doc. 231-4* at 2.

Because there is a clear dispute over whether Plaintiff could have performed the essential functions of her role while working remotely, there is a genuine issue of fact regarding the reasonableness of Plaintiff's requested accommodation. Consequently, summary judgment is precluded at this stage of the litigation. *Penry*, 155 F.3d at 1261 (summary judgment is appropriate only "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.").

### 2. There is a Genuine Issue of Material Fact Over Whether Plaintiff's Granted Accommodations Were Unreasonable

Similarly, Plaintiff has not demonstrated that there is no genuine issue of material fact regarding whether the accommodation offered to her by APS was inherently unreasonable. The ADA requires employers to provide qualified individuals with reasonable accommodations that enable the employee to do their "particular job." *West v. New Mexico Tax'n & Revenue Dep't,* 757 F. Supp. 2d 1065, 1118 (D.N.M. 2010) (quoting *Wilkerson v. Shinseki*, 606 F.3d 1256, 1265 (10th Cir. 2010)); *Aubrey*, 975 F.3d at 1007. The ADA does not require an employer to provide an employee's preferred accommodation. *Selenke v. Med. Imaging of Colorado*, 248 F.3d 1249, 1263 (10th Cir. 2001).

10

Plaintiff claims that APS' accommodation was not reasonable solely because "[d]irecting an employee toward leave is not equivalent to providing a reasonable accommodation that enables continued work where feasible." *Doc. 231* at 19. Plaintiff cites no case law in support of this assertion and overlooks the fact that courts in the Tenth Circuit have found that a request for leave may be considered a reasonable accommodation if the leave is for a sufficiently definite period of time. *See, e.g., Cisneros v. Wilson*, 226 F.3d 1113, 1129-30 (10th Cir. 2000). This argument also ignores the fact that the proposed temporary accommodation plan included additional accommodations regarding temperature control. *Doc. 257-1* at 12.

Complicating the Court's reasonableness analysis is that it is not clear what accommodations could be required for Plaintiff's disability, or what her disability is. It is evident from the record that Plaintiff's disability causes pain, impacts certain musculoskeletal functions, requires intermittent medical intervention, makes it difficult for Plaintiff to regulate her body temperature, and can "flare up" sporadically. *Doc. 231-15* at 2-3. However, without more evidence, the Court cannot say with certainty that Defendant's proposed accommodation plan was unreasonable as a matter of law. Accordingly, the Court finds that there is a genuine issue of material fact regarding the reasonableness of APS' granted accommodation that must be resolved by a factfinder.

11

### 3.   There are Genuine Issues of Material Fact Regarding Plaintiff's Retaliation Claims

Plaintiff's motion for summary judgment primarily focuses on her failure to accommodate claim, however, she also requests partial summary judgment on her "FMLA interference claim," Rule 56(g) findings pertaining to her "ADA retaliation claim," Rule 56(g) findings narrowing her defamation claim, and Rule 56(g) findings pertaining to her whistleblower claim. *Doc. 231* at 25-26.

Plaintiff did not plead an FMLA interference claim, *see generally doc. 1*, so the Court will not address it.  Further, Rule 56(g) findings are not appropriate for Plaintiff's claims regarding FMLA leave as there are genuine issues of material fact surrounding Plaintiff's use of FMLA leave and APS' accounting of said leave.  *See, e.g.*, PUMF 35-36; *doc. 257* at 9.  The Court will also not address Plaintiff's defamation claim as it has been dismissed.  *See doc. 290.*  Regarding claims for retaliation under the ADA[5] and the New Mexico Whistleblower Protection Act ("NMWPA"), the Court finds that Rule 56(g) findings are inappropriate for many of Plaintiff's material facts.  *See doc. 231* at 24-25; *doc. 262* at 16.  However, there are certain facts that the Court will deem as established for the purposes of this litigation.

---

[5] While Plaintiff does not use the term "retaliation" in her ADA claim, *see doc. 1* at 5-6, she does reference "Acts of Harassment" that the Court understands as alleged retaliation.

12

### i.    ADA Retaliation Claim

Plaintiff states that she "engaged in protected activity by requesting an ADA accommodation and opposing disability discrimination" and asks that the court issue "findings establishing protected activity and the objective chronology."  *Doc. 231* at 22.

It is unclear exactly what Plaintiff means by "objective chronology."  The Court may make reasonable inferences given Plaintiff's references to PUMFs 12–22 and 24–48, however, whether to grant a request to deem facts as established under Rule 56(g) falls within the sound discretion of the Court.  *See* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2737 (4th ed.).  Because it is not abundantly clear what Plaintiff means by "objective chronology," the Court will decline to find it established under Rule 56(g).  However, the Court will find as established that Plaintiff made an ADA accommodation request.

### ii.    Whistleblower Claim

Plaintiff does not include much information in the motion regarding her whistleblower claim.  *See generally*, *doc. 231*.  She only requests that the court find (1) that a PED report existed and required corrective action on the part of Volcano Vista High School; (2) APS' knowledge of the PED complaint; and (3) the sequence and timing of APS' accommodation denial, subsequent escalation, leave-related issues and investigation activity, and caseload removal.  *Id.* at 15-16.  The Court finds that there are issues of fact that preclude Rule 56(g) findings regarding all the requested relief except

13

for the facts that (1) Plaintiff submitted a report to PED and (2) her student caseload was removed.[6]

## V.    CONCLUSION

For the foregoing reasons the Court finds that there are genuine disputes of material fact that must be resolved by a factfinder.  *Penry*, 155 F.3d at 1261. Accordingly, Plaintiff's request for summary judgment is DENIED.  However, the Court finds that some material facts contained in the motion are not genuinely disputed. Accordingly, the Court finds the following facts undisputed and established in the case:

1) Plaintiff requested an ADA accommodation in August 2022 that included intermittent work from home during medically supported flareups.

2) APS issued a temporary accommodation plan in September 2022 that did not grant intermittent remote work, but included measures related to temperature regulation and referred her to Intermittent Leave as provided by the FMLA and the Sick Leave Bank.

3) On February 7, 2022, Plaintiff filed a formal complaint with the New Mexico PED regarding special education compliance at Volcano Vista High School.

4) Plaintiff's student caseload had been removed by February 28, 2023.

---

[6] There is a genuine issue of material fact as to *why* students were taken off Plaintiff's caseload, but not the fact that they were taken off her caseload.  *Doc. 257* at 10.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**