# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

## Before the Honorable Gregory B. Wormuth
## Chief United States Magistrate Judge

## Clerk's Minutes

## 23-cv-899 GBW/JMR

## *Lipe v. Albuquerque Public Schools*

## Date of Hearing: 6/2/2026
## *(not recorded)*

| | |
|---|---|
| **Attorney for Plaintiff:** | Boglarka Foghi |
| **Attorneys for Defendant:** | Natasha Wesenberg<br>Karen Kilgore |
| **Proceedings**: | Status Conference |
| *Start Time*: | 4:00 p.m. |
| *Stop Time*: | 4:41 p.m. |
| **Total Time:** | **41 minutes** |
| **Clerk**: | MLL |

**Notes**:

- The Court made introductions.
- The Court explained that it had set this status conference at the request of the parties. *See doc. 325*. However, the Court had not received any correspondence from the parties and did not know the details of what they wanted to discuss.
- Ms. Foghi explained that the parties had multiple occasions to get together and confer recently. She noted that there was some uncertainty regarding substantive motions to be ruled on by the Court. She also stated that the based on the length of witness lists, the number of exhibits, and the lack of

stipulations, the parties did not believe that the current trial setting of July 20-24 would be sufficient.

- Ms. Wesenberg apologized and said that she had sent the email to the CM/ECF general email by accident, which is why the Court did not receive it.
- Ms. Wesenberg explained that Plaintiff alone had 21 "will call" witnesses, several other authentication witnesses, and 168 exhibits. She affirmed Ms. Foghi's statement that the current trial setting would likely be insufficient.
- Ms. Wesenberg added that there was pressure on Defendant because they do not want to be prejudiced at trial because Plaintiff did not get through her whole argument at trial.
- Ms. Wesenberg stated that when the parties spoke, they agreed it was "more of a three-week trial." She also noted that many of the documents are emails; that Defendant had stipulated to authentication, not admissibility; and that in many of Plaintiff's Motions in Limine, she asks that any excluded evidence still be proffered.
- Ms. Wesenberg opined that this was going to be a "heavily objectionable trial" with the parties having to spend a lot of time at the bench.
- The Court noted that the dispositive motions were not fully briefed until recently.
- The Court said that the parties should expect rulings on the dispositive motions by next week at the latest. The Court explained that the first two motions it has reviewed will likely not materially change the scope of trial.
- The Court stated that it struggled to conceive of the trial lasting three weeks.
- The Court asked whether Defendant is requiring a bunch of authentication witnesses for emails exchanged amongst parties.
- Ms. Wesenberg stated that Defendant's position is that the sender or recipient of an email must provide testimony.
- Defendant's position is that Ms. Lipe cannot be the only person testifying about the emails.
- The Court suggested that the parties go forward with the pretrial conference on June 16 and then everyone can reevaluate what a realistic trial period may look like.
- The Court stated that it would not proffer every piece of excluded evidence.
- The Court said that the trial could potentially be extended for two weeks, but it would need to be reset.
- The Court suggested that the parties could keep the pretrial conference setting and then vacate the trial for another time if that would remove some pressure.
- Ms. Foghi stated that she thinks stipulations to evidence will solve many problems. She added that she is going to subpoena the Albuquerque

Custodian of Record, so she does not see why the emails cannot be used. Her request is for the Court to help solve the stipulation issue.

- The Court confirmed that Ms. Foghi was okay with going forward "as is" and then reevaluating after June 16.
- Ms. Wesenberg stated that she thinks the parties should look at the next possible trial setting. She said it was her understanding that Ms. Foghi's schedule does not allow her to add more days to the current trial setting. Accordingly, Ms. Wesenberg thinks the trial should be postponed.
- Ms. Wesenberg reiterated that even if Plaintiff authenticates documents, she still must show that they are admissible.
- Ms. Wesenberg posited that the parties may be able to do the trial in nine days.
- Ms. Foghi said that she could add the next week to the current trial setting (July 20-24).
- The Court stated that moving the trial to the next available time on the docket would be difficult given that the trial is in Albuquerque. The Court does not have an easy nine days to propose.
- The Court looked at the calendar and noted that the earliest possible date after the current trial setting would be in late October. Further, that would only be available if other judges were willing to cover Judge Wormuth's criminal docket duties.
- The Court noted that there are other trials between July and October that may settle. If that happens, this case could move to September.
- Ms. Wesenberg asked if there was a way to "lock in" the October dates with an understanding that the trial could be moved earlier?
- The Court reiterated that it could not commit to October today because of the issue of the criminal docket.
- Ms. Wesenberg asked if it would be easier to have the trial in Las Cruces.
- The Court stated that if the trial was held in Las Cruces the parties could keep the current trial setting but start earlier on July 17.
- Ms. Wesenberg said she would have to confirm with her client, but Defendant wants to be amenable.
- The Court turned to Ms. Foghi.
- The Court stated that a trial in Las Cruces would likely be difficult if the parties had many witnesses. The Court asked Ms. Foghi if she could commit to the 17-29 of July.
- Ms. Foghi said she is willing to come to Las Cruces and that she is ready to go. Her preference is to add to the current trial setting and talk about calling witnesses remotely.
- Ms. Wesenberg stated that her co-counsel is trying a case in Roswell in late October which may interfere with any October setting. Ms. Wesenberg

added that a Las Cruces setting may be difficult for Defendant.

- Ms. Wesenberg said she is fine with keeping the current trial setting if Ms. Foghi stops at 60% (of the total allotted trial time).
- The Court said that because there isn't a convenient fallback date the pretrial conference will go forward as planned.
- The Court said that it disagrees that it is a per se rule that emails need to have someone who wrote it talk about it.
- The Court stated that it will reevaluate after the pretrial conference and will see if the trial has to be moved.
- The Court asked if there was anything else to address.
- Ms. Foghi confirmed the date and time of the pretrial conference.
- Because there seems like there is a lot to discuss, the Court suggested moving it to 9:30 a.m. on June 16.
- Ms. Foghi and Ms. Wesenberg agreed.
- Hearing nothing further, the Court concluded proceedings.