IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

Defendants.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE IRRELEVANT COLLATERAL, PRIVATE-LIFE, FAMILY-RELATIONSHIP, AND CHARACTER-ATTACK EVIDENCE**

Defendant Albuquerque Public Schools ("APS") responds in opposition to Plaintiff's Motion in Limine No. 4 to Exclude Irrelevant Collateral, Private-Life, Family-Relationship, and Character-Attack Evidence. [Doc. 309] ("MIL No.4").

## I. POINTS AND AUTHORITIES.

### A. Plaintiff's Motion Lacks Sufficient Specificity.

When a motion *in limine* "lacks the necessary specificity with respect to the evidence to be excluded" the court may deny the motion. *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F.Supp.2d, 1078, 1082 (D. Kan. 2000). The court should grant a motion *in limine* only "where the evidence is clearly inadmissible for any purpose." *Equal Employment Opportunity Comm'n v. Bok Fin. Corp.,* 2014 WL 11730480, at *1 (D.N.M. 2014) (Brack, R.) (favorably citing *Jenkins v. Chrysler Motors Corp*., 316 F.3d 663, 664 (7th Cir. 2002). When the movant fails to "meet this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *First Sav. Bank,* 117 F.Supp.2d, 1082 (D.

Kan. 2000). In cases where "the admissibility of certain evidence turns upon what facts are developed at trial, it is the better practice to wait until trial to decide the objections." *Deghand v. Wal-Mart Stores, Inc.*, 980 F. Supp. 1176, 1179–80 (D. Kan. 1997).

Where the movant's motion is nonspecific, cursory and conclusory as to require the trial court speculate as to "fact-bound determinations" and "the character of the evidence introduced at trial" such issues cannot be properly decided at a pretrial hearing. *Black v. M & W Gear Co.*, 269 F.3d 1220, 1230 (10th Cir. 2001).

Given that the issues regarding the admissibility of evidence are fact-specific inquiries guided by Fed. R. Evid. 401, 403, 404(b) and 405, such rulings must be done in the context of trial when the Court is in a position to test the requirements of foundation, relevancy and potential prejudice *in situ*. Short on specifics, MIL No. 4 requests this Court prohibit APS from "introducing, eliciting, publishing, or arguing" the following broad categories: private family relationships, including IPRA requestor status; divorce, child-support, custody etc., collateral financial matters "unrelated to claimed damages, mitigation, back pay, benefits, front pay, earning capacity, or out-of-pocket losses; improper behavior by and through IPRA requests, or "generalized attacks on Plaintiff's personality, litigation conduct, emotionality, advocacy style, interpersonal conflict, or unrelated disputes"; evidence of specific instances of conduct to attack character, and additional arguments regarding family member's involvements with IPRA claims. [ECF 309 at p.2-3]. There are no specific arguments or specific examples of the evidence Plaintiff wants excluded. Plaintiff's motion must be denied.

**B. Plaintiff Improperly Seeks Exclusion of Admissible Character Evidence or "Collateral Attacks"**

Woven within MIL No. 4's arguments about IPRA, is a request that APS be prohibited from being able to "wander into family relationships, private disputes, personal finances, parenting

matters, relationship history, or other unrelated personal subjects." *Id.* at p.4. While APS maintains this does not rise to the level of specificity to grant the motion, APS further states that those issues may be relevant to the case at hand; particularly considering damages. In her Complaint, Plaintiff alleges that "as a proximate result of the Defendant's [conduct], the Plaintiff has incurred pain, suffering, stress, anguish, medical complications. . . and reduced income." [ECF 1 at ¶ 32]. Plaintiff alleges she "suffered pain, stress, and humiliation", that she had her "career shattered. . . and falsely branded a malingerer." *Id.* at ¶¶ 9-10. Plaintiff has put her physical health, mental health, and financial situation at issue through the claims she has brought in this lawsuit. She has opened the door to arguments regarding the same. APS is therefore entitled to present information to the jury indicating potential other causes of her pain, suffering, stress, anguish, medical, complications, and/or reduced income.

The 10th Circuit has held that "evidence relating to alternate sources of emotional distress suffered by plaintiff was admissible". *York v. Am. Tel. & Tel. Co.,* 95 F.3d 948 (10th Cir. 1996). In fact, the *York* case allowed evidence similar to what Plaintiff seeks excluded here. In *York*, Plaintiff sued Defendants under Title VII, alleging sex-based disparate treatment and disparate impact discrimination. *Id.* Plaintiff sought exclusion, specifically, of her bankruptcy proceeding and divorce proceeding. The *York* court held that, "Because York chose to raise a claim of emotional distress, it was entirely appropriate for the court to allow the defendants to introduce evidence of alternate or multiple causes of such distress. The jury must be permitted to consider such relevant evidence of causation where damages are claimed for emotional distress. *York v. Am. Tel. & Tel. Co.,* 95 F.3d 948, 957–58 (10th Cir. 1996). The court went further, highlighting that, "it would be inequitable to allow the plaintiff to introduce selected evidence on the matter but to disallow the defendants to present evidence supporting their theories of causation

[of the emotional stress]." *Id.* Like in *York*, APS, here, is entitled to an equitable exploration and presentation of alternative causes of Plaintiff's pain, suffering, stress, anguish, medical, complications, and/or reduced income.

**II. CONCLUSION**

The majority of the issues raised in MIL No. 4 go to the weight of the testimony/evidence rather than the admissibility. Raising them in an MIL is premature and not proper. These issues should be raised through cross-examination and are more properly raised at trial through objection in response to specific questions by counsel. Further, Plaintiff's request to prohibit APS from exploring and presenting information pertaining to potential alternative sources of stress or damages is improper and is antithetical to controlling case law. For these reasons, and those listed above, APS pray this Court deny Plaintiff's MIL No. 4.

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically Filed*

By: */s/Natasha A. Martinez-Wesenberg*
Natasha A. Martinez-Wesenberg
Carol M. Cochran
Patricia G. Williams
*Attorneys for APS*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
nwesenberg@wwwlaw.us
ccochran@wwwlaw.us
pwilliams@wwwlaw.us

We hereby certify that on this 4th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

WIGGINS, WILLIAMS & WESENBERG, P.C.

By *    /s/ Natasha A. Martinez-Wesenberg*
Natasha A. Martinez-Wesenberg