IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

     Plaintiff,

v.                                   1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

     Defendants.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 3
TO EXCLUDE THE WALSH GALLEGOS ATTORNEY MEMORANDUM/REPORT AS
INADMISSIBLE ATTORNEY OPINION, LEGAL ANALYSIS, POLICY-COMPLIANCE
CONCLUSIONS, EMBEDDED HEARSAY, AND UNFAIRLY PREJUDICIAL QUASI-
INVESTIGATIVE "FINDINGS"**

Defendant Albuquerque Public Schools ("APS") responds in opposition to Plaintiff's

Motion in Limine No. 3 to Exclude the Walsh Gallegos Attorney Memorandum/Report as

Inadmissible Attorney Opinion, Legal Analysis, Policy-Compliance Conclusions, Embedded

Hearsay, and Unfairly Prejudicial Quasi-Investigative "Findings" [Doc. 320] ("MIL No.3").

Defendant does not oppose Plaintiff's MIL No. 3, but highlights that Plaintiff's argument regarding

suppression/exclusion of the Walsh Gallegos Attorney Memorandum/Report ("Walsh Gallegos

Report") likewise must apply to all other investigative reports, including but not limited to the

Robert Casewell Investigations ("RCI") Report.

## I.     POINTS AND AUTHORITIES

Plaintiff's MIL No. 3 argues that the Walsh Gallegos Report should be excluded as "the

fundamental problem is evidentiary." [ECF 320 at p.1].  Indeed, motions in limine address

evidentiary issues pretrial.  Here, Plaintiff sets forth 5 arguments as to why the Walsh Gallegos

Report should be excluded: (1) it does not constitute a business record exception to the rule against

1

hearsay (2) the report's legal analysis, policy-compliance conclusions, and attorney findings invade the Court's and jury's roles (3) the report contains embedded hearsay and hearsay within hearsay (4) the report is unfairly prejudicial and misleading because it indicates the appearance of an official determination (5) it constitutes privilege or work product.

Ironically, Plaintiff opposed APS' Motion in Limine to Exclude Testimony and Exhibits Related to the RCI Investigative Reports ("RCI MIL") [ECF 298]. The RCI Reports, like the Walsh Gallegos Report (1) is inadmissible hearsay (2) contains analysis and compliance conclusions and usurps the role of the jury (3) contains embedded hearsay and hearsay within hearsay (4) is unfairly prejudicial and misleading as it indicates the appearance of an official determination, and (5) constitutes privilege or work product. *Id. See also* ECF 298-1.

Both investigative reports suffer from the same fatal flaws.  Plaintiff must not be permitted to cherry pick which investigations are proper for presentation to the jury, and which are not, based upon whether the report is prejudicial to the Plaintiff, and no one else.  APS does not oppose exclusion of the Walsh Gallegos Report, but emphasizes that Plaintiff's argument for suppression of the Walsh Gallegos Report, in turn warrants exclusion of the RCI Reports on the same grounds.

## II.    CONCLUSION

For the foregoing reasons, this Court should exclude both the Walsh Gallegos Report and the RCI Reports referenced in ECFs 298 and 320.

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically Filed*

By: */s/Natasha A. Martinez-Wesenberg*
       Natasha A. Martinez-Wesenberg
       Carol M. Cochran
       Patricia G. Williams
*Attorneys for APS*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
nwesenberg@wwwlaw.us
ccochran@wwwlaw.us
pwilliams@wwwlaw.us

We hereby certify that on this 4th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

WIGGINS, WILLIAMS & WESENBERG, P.C.

By    */s/ Natasha A. Martinez-Wesenberg*
       Natasha A. Martinez-Wesenberg