**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TATIA LIPE,

Plaintiff

v. Case No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO CHARGES, ARRESTS, OR CONVICTIONS [DOC. 300]**

Plaintiff Tatia Lipe opposes APS's Motion in Limine to Exclude All References to Any Charges, Arrests, or Convictions of Witnesses. Doc. 300. APS seeks a categorical ruling without identifying a single witness, charge, arrest, conviction, date, offense, purpose, or prejudice. That is not a focused evidentiary objection. It is a blanket order in search of facts.

Plaintiff does not seek to use unrelated charges or arrests for improper propensity purposes. But APS is not entitled to a sweeping order that precludes lawful impeachment, bias evidence, motive evidence, Rule 609 impeachment, Rule 608(b) inquiry where permitted, or evidence that becomes relevant because APS opens the door. APS asks for exclusion first and analysis never.

## I. APS'S MOTION IS OVERBROAD BECAUSE IT IDENTIFIES NO WITNESS, NO RECORD, NO OFFENSE, NO DATE, AND NO PURPOSE.

APS asks the Court to exclude "all references" to charges, arrests, or convictions of witnesses. Doc. 300 at 1, 5. But APS does not identify the witness at issue, the nature of the alleged charge or conviction, the date, the disposition, the proponent, the proposed purpose, or the specific prejudice. Without that information, the Court cannot perform the analysis APS itself recites under Rules 401, 403, 404, 608, or 609.

This defect matters. The admissibility of a conviction under Rule 609 depends on the type of offense, the date of conviction or release, the witness's status, and the purpose for which the evidence is offered. Rule 608(b), Rule 404(b), and bias impeachment involve different inquiries. APS collapses all of those distinct rules into one categorical request.

## II. APS MISSTATES THE ANALYSIS BY TREATING CHARGES, ARRESTS, AND CONVICTIONS AS THE SAME THING.

APS lumps charges, arrests, convictions, traffic citations, private life, and "bad acts" together as though they are one evidentiary category. They are not. A bare arrest is different from a conviction. A conviction covered by Rule 609 is different from a specific instance of conduct addressed under Rule 608(b). Evidence offered to show bias, motive, pressure, or leverage is different from evidence offered to prove character conformity under Rule 404(b).

APS's failure to separate these categories makes its motion legally unsupported and strategically misleading. The motion asks the Court to exclude evidence based on a label, not a rule.

## III. APS'S RULE 404(b) ARGUMENT DOES NOT BAR BIAS, MOTIVE, OR IMPEACHMENT EVIDENCE.

APS relies heavily on Rule 404(b), but Rule 404(b) is not a blanket witness-protection rule. Plaintiff preserves the right to use evidence for proper purposes, including bias, motive, credibility, impeachment, interest, pressure, inconsistent testimony, or other non-propensity purposes where permitted by the Federal Rules.

Bias is a proper and powerful form of impeachment. See *United States v. Abel*, 469 U.S. 45, 52 (1984); *Davis v. Alaska*, 415 U.S. 308, 316 (1974). APS's motion ignores that distinction. APS is not entitled to sanitize witness credibility by calling all unfavorable impeachment "private life."

## IV. RULE 609 AND RULE 608 REQUIRE A WITNESS-SPECIFIC, QUESTION-SPECIFIC ANALYSIS; APS HAS NOT MADE THAT SHOWING.

Rule 609 does not authorize the Court to exclude all convictions in the abstract. It requires a witness-specific and conviction-specific analysis, including whether the conviction involved a dishonest act or false statement, whether the conviction falls within Rule 609(a)(1) or Rule 609(a)(2), whether the timing provisions of Rule 609(b) apply, and whether the required balancing favors admission. Fed. R. Evid. 609. APS identifies none of those facts.

The same problem applies to Rule 608(b). Plaintiff does not contend that Rule 608(b) permits proof of specific instances through extrinsic evidence merely to attack character for truthfulness. But Rule 608(b) permits inquiry on cross-examination, in the Court's discretion, when specific conduct is probative of a witness's character for truthfulness or untruthfulness. APS cannot obtain a blanket order eliminating that trial-specific inquiry before identifying the witness, conduct, question, or purpose.

Nor can APS use this motion to preclude impeachment that is independently relevant to bias, interest, motive, pressure, leverage, inconsistent testimony, or a witness's relationship to APS or the events at issue. Evidence that may be inadmissible as propensity evidence may still be admissible for impeachment or non-propensity purposes. If a disputed issue arises at trial, the appropriate procedure is a proffer outside the presence of the jury, followed by a ruling on the specific witness, question, purpose, rule, and prejudice.

## V. PLAINTIFF DOES NOT OPPOSE A NARROW ORDER BARRING IMPROPER PROPENSITY USE, BUT APS IS NOT ENTITLED TO A CATEGORICAL GAG ORDER.

Plaintiff does not oppose a narrow order prohibiting either party from referring to unrelated arrests or charges solely to suggest that a witness is a bad person or acted in conformity with bad character. That is not the dispute. The dispute is APS's attempt to go further and preclude all

references "in any way, in any form, at any time," before APS identifies the evidence or the purpose.

Any order should preserve lawful impeachment under Rules 607, 608, and 609; bias and motive evidence; evidence offered for a non-propensity purpose; evidence responsive to testimony elicited by APS; and evidence that becomes admissible if a witness opens the door.

**VI. CONCLUSION**

APS's motion should be denied. APS identifies no witness, no offense, no conviction, no date, no proposed question, and no specific prejudice. If the Court enters any order, it should be limited to prohibiting improper propensity references to unrelated charges or arrests, while preserving lawful impeachment, bias, motive, Rule 609, Rule 608(b), opening-the-door, and trial-specific objections. Any disputed issue should be resolved only after a proffer identifying the witness, the record or conduct, the precise purpose, the governing rule, and the specific prejudice claimed.

Respectfully submitted,

**FOGHI LAW FIRM, LLC**

By: /s/ Boglarka A. Foghi
Boglarka A. Foghi
Attorney for Plaintiff Tatia Lipe
P.O. Box 944
Corrales, NM 87048
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Boglarka A. Foghi
Boglarka A. Foghi