IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

      Plaintiff,

v.                                        1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

      Defendants.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSED CONSOLIDATED MOTION IN LIMINE NO. 1 TO EXCLUDE OR STRICTLY LIMIT APS'S USE OF INVESTIGATIVE REPORTS AND INVESTIGATIVE "FINDINGS" AS SUBSTANTIVE EVIDENCE; TO EXCLUDE LEGAL/POLICY CONCLUSIONS, VERDICT-LIKE DETERMINATIONS, AND EMBEDDED HEARSAY/THIRD-PARTY ACCUSATIONS; AND TO PREVENT "NOTICE/STATE-OF-MIND" END-RUNS**

Defendant Albuquerque Public Schools ("APS") responds in opposition to Plaintiff's Motion in Limine No. 1 to Plaintiff's Opposed Consolidated Motion in Limine No. 1 to Exclude or Strictly Limit APS's Use of Investigative Reports and Investigative "Findings" as Substantive Evidence; to Exclude Legal/Policy Conclusions, Verdict-Like Determinations, and Embedded Hearsay/Third-Party Accusations; and to Prevent "Notice/State-of-Mind End Runs" [ECF No. 306] ("MIL No. 1"). Plaintiff's MIL No.1 contains arguments reiterated in Motion in Limine ("MIL") No. 7, so APS incorporates by reference its responses to this MIL.

## I.      INTRODUCTION

MIL No. 1 is a quintessential example of Plaintiff wishing to "have her cake and eat it too." Plaintiff simultaneously argues in her Motion in Limine No. 3 ("MIL No. 3") to Exclude the Walsh Gallegos Attorney Memorandum/Report as Inadmissible Attorney Opinion, Legal Analysis, Policy-Compliance Conclusions, Embedded Hearsay, and Unfairly Prejudicial Quasi-Investigative "Findings," [ECF 320], (the "Walsh Gallegos Report"), while then arguing that other

1

similar reports *are* admissible and *should not* be excluded.   Plaintiff contends that the Walsh Gallegos Report should be excluded in its entirety because:  (1) it does not meet the business record exception to the rule against hearsay; (2) the report's legal opinions, policy and compliance analysis involves finding of law and fact to be addressed by the Court and jury; (3) the report contains inadmissible hearsay, hearsay within hearsay, and out of court statements ; (4) the report is potentially prejudicial and misleading; and (5) it constitutes privilege or work product. Then, in MIL No. 1, Plaintiff asks that virtually all information potentially favorable to APS be excluded from the Robert Caswell Investigations ("RCI") investigations and report ("RCI Reports"), despite petitioning the Court to fully exclude the Walsh Gallegos Report, which involves another internal APS investigation.

## II.    POINTS AND AUTHORITIES

### A.    Plaintiff Cannot Selectively Exclude Information from the RCI Reports That is Beneficial to Plaintiff, and Fully Exclude the Walsh Gallegos Report

Plaintiff asks in MIL No. 1 that the following information from the RCI Reports be excluded:  (1)  investigative reports/summaries offered as business records; (2) statements confirming that APS's actions with respect to this matter were not retaliatory, discriminatory, defamatory, or violations of policy; (2) statements that APS did not violate Plaintiff's rights or breach her employment contract with APS; (3) third party statements regarding Plaintiff's job performance; and (4) hearsay within hearsay.  It is no accident that the information Plaintiff requests be excluded is generally favorable to APS.  In her response to Defendant's Motion in Limine to Exclude Testimony and Exhibits Related to the RCI Investigative Reports [ECF 298], ("RCI MIL"), Plaintiff argues that APS's request for full exclusion of all RCI related materials is impermissibly broad and that item-specific evidentiary analysis is required under the Federal Rules of Evidence [ECF 328], ("RCI Response").  Ironically, this contention is in direct opposition to

her request for complete exclusion of the Walsh Gallegos Report in MIL No. 3 and permits Plaintiff to cherry pick which evidentiary material and investigation is most favorable for presentation to the jury.  Plaintiff further argues that Fed. R. Evid. 403 "independently requires exclusion or strict limitation" (MIL No. 1, p. 8, ¶E).  Furthermore, given Plaintiff's only remaining claims of failure to make reasonable accommodations to the Plaintiff under Title I of the Americans with Disabilities Act [ 42 USC 12112(b)(5)(A); or "ADA"]; purported acts of harassment and retaliation protected under the New Mexico Whistleblower Protection Act [NMSA 10-16C-3(A) and (B); or "WPA"]; and breached Plaintiff's employment contract by purportedly interfering with her leave, the RCI reports have limited relevance, particularly for Plaintiff.  Arguably, both RCI reports could be most relevant to the Defendant's defense, as to Plaintiff's claims regarding discriminatory actions and violation of her rights under her employment contract, for the breach of contract claim.

> **B.      Full Exclusion of the RCI Reports and Materials is Appropriate, as This Information Shares Common Evidentiary and Foundational Issues That Would Unfairly Prejudice the Jury under Fed. R. Evid. 403**

Just as Plaintiff argued in MIL No. 3 that the Walsh Gallegos investigative reports be excluded in their entirety, APS requests in the RCI MIL that the RCI Reports also be fully excluded because they are not relevant to the matters to be addressed by the jury, and admission of this information would unfairly prejudice the jury under Fed. R. Evid. 403's balancing test, and the danger of that prejudice must substantially outweigh the evidence's probative value."  *See US v. Cerno,* 529 F.3d 926, 935 (10th Cir. 2008).  Further, exclusion of the RCI Reports is not a "sweeping, category-wide exclusion of central evidence," as argued by Plaintiff [ECF 328, p. 1], but rather a request that the Court exclude a discrete, identifiable category of evidence that shares the common evidentiary problems and foundational defects identified by Plaintiff in MIL No. 1.

The RCI Reports and materials from the investigations (including audio recordings, electronic, transcribed, written, and testimony) all contain the embedded hearsay, investigative conclusions, outsider accusations, and "exonerated" language that Plaintiff decries in MIL No. 1.  Because the RCI Reports and materials were produced as an integrated investigative record, these foundational concerns necessarily invade all aspects of these internal investigations.

Additionally, numerous independent evidentiary grounds exist to support full exclusion of the RCI Report and materials, to include:   inadmissible hearsay, hearsay within hearsay, impermissible legal conclusions, and unfair prejudice that substantially outweighs any probative value under Federal Rules of Evidence 403.  By their nature, internal investigations involve multiple layers of hearsay (at times hearsay within hearsay within hearsay), through the statements of witnesses, employees, or other sources recorded by the investigator.  Each level of hearsay must independently satisfy a hearsay exception under Fed. R. Evid. 805, and the underlying statements from sources embedded in the report are not made in the ordinary course of business and therefore not admissible under the business records exception.  Fed R. Evid. 806(6); *United States v. DeLeon,* 316 F.Supp. 3d 1303, 1306 - 1307 (D.N.M. 2018).  In MIL No. 1, Plaintiff also contends that the hearsay exception under Fed. R. Evid. 803 for present sense impression, excited utterance, or then-existing mental, emotional, or physical condition does not pertain to the evidence that *she* asks to be excluded from the RCI Reports, as it is a "backdoor method to prove past conduct" (MIL No. 1, p. 8).  The same is true here with the information that *APS* seeks to be excluded in the RCI Reports.  APS also notes that while Plaintiff might argue the "party opponent" hearsay exception under Fed. R. Evid. 801(d)(2) allows inclusion of the remaining information in the RCI Reports that she petitions be admissible, this exception does not apply, as all parties interviewed

4

in the RCI investigations are not parties to this action.  The hearsay and hearsay within hearsay prohibitions therefore exclude the information in the RCI Reports from being admitted.

**C.      RCI's Reports and Materials Contain Legal Conclusions and Determinations That are Inadmissible**

APS also agrees with Plaintiff that "it is the Court's role to instruct the jury on the law, and it is the jury's role to decide disputed facts" (MIL No. 1, p. 6).  Investigation reports routinely include terms that have specialized legal meaning and constitute legal conclusions that are impermissible when offered to the jury.  "A court should avoid admitting internal information on the "investigation at hand, *United States v. Garcia,* 793 F.3d at 1213, because it conveys factual information to the jury and is indistinguishable from other inadmissible hearsay or evidence…" *DeLeon,* 316 F.Supp. 3d 1210, 1241 (D.N.M. 2019).  As Plaintiff indicates in her brief relating to the Walsh Gallegos Report, "the Tenth Circuit prohibits testimony that states legal conclusions, applies legal standards to disputed facts, or effectively instructs the jury how to decide the case." (MIL No. 3, p. 4).  APS agrees with Plaintiff that, "such material does not assist the jury in understanding evidence; it risks supplanting the jury's independent factfinding role." *Id.*  The legal conclusions and determinations contained in the RCI Reports are inadmissible and must be excluded.

Even if the Court finds that some information contained in the RCI Reports and materials satisfy a hearsay exception and does not contain an impermissible legal conclusion, the probative value of the RCI Reports is still substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 703. Internal investigation reports in particular, pose a high risk of unfair prejudice and present the risk that the jury may defer to the investigator's conclusions.  As Plaintiff notes in MIL No. 1, "that risk would unfairly prejudice Plaintiff, confuse the issues, mislead the jury, and waste trial time by requiring mini-trials over

5

each embedded accusation, interview summary, investigative assumption, and conclusion" (MIL No. 1, p. 9). *See also* MIL No. 3, p. 6.

### III.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's MIL No. 1, and fully exclude the RCI Reports referenced in ECF 298. Alternatively, should the Court be inclined to grant Plaintiff's MIL No. 1, Defendant respectfully requests this Court allow use of the full RCI report for *both* parties, or in the alternative allow additional briefing as to portions of the RCI report favorable to Defendant.

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically signed.*

By     */s/ Carol M. Cochran*
            Carol M. Cochran
            Natasha A. Martinez-Wesenberg
            Patricia G. Williams
*Attorneys for APS*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
ccochran@wwwlaw.us
nwesenberg@wwwlaw.us
pwilliams@wwwlaw.us

We hereby certify that on this 4th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

WIGGINS, WILLIAMS & WESENBERG, P.C.

By     */s/ Carol M. Cochran*
            Carol M. Cochran

6