IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

Defendants.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 6 TO PRECLUDE APS FROM ARGUING THAT PLAINTIFF ABANDONED HER POSITION, VOLUNTARILY CAUSED HER OWN DAMAGES, OR FAILED TO MITIGATE WITHOUT ADMITTING THE FULL CONTEXT OF APS'S CONDUCT**

Defendant Albuquerque Public Schools ("APS") responds in opposition to Plaintiff's Motion in Limine No.5 to Preclude APS from arguing, suggesting, or implying that Plaintiff "abandoned" her position, voluntarily caused her own damages, refused to return to work, walked away from employment, or failed to mitigate damages unless APS is also required to present that argument in the full factual context of Plaintiff's claims and the evidence the Court allows the jury to hear [Doc. 319]. ("MIL No. 6").

First, Plaintiff did not assert a constructive discharge claim in the Complaint [ECF 1]. Plaintiff never moved to amend the Complaint and the deadline to do so was initially June 17, 2024 [ECF 27]. On August 27, 2024, the Court filed an Order granting Defendant New Mexico Public Education Department's ("PED") Motion to Dismiss [ECF 36] dismissing with prejudice Plaintiff's New Mexico Whistleblower Protection Act claim against Defendant PED and dismissing without prejudice Plaintiff's Americans with Disabilities Act claim against Defendant PED. [ECF 46 at 11]. The Court gave Plaintiff until September 3, 2024 to file a motion to amend the complaint. Rather than file the required motion to amend the complaint, Plaintiff just filed an

Amended Complaint for Damages on September 3, 2024. [ECF 47]. On September 5, 2024, the Court sua sponte filed an order striking the amended complaint from the record [ECF 48]. Notably even the failed amended complaint did not attempt to add a constructive discharge claim. [ECF 47]. APS strenuously objects to the attempt to add a new cause of action for constructive discharge that has never been pled on the eve of trial.

Second, this motion is not addressed to evidence; it addresses trial strategy. MIL No, 6 seeks to have the Court dictate trial strategy and rule pretrial and without context on theories of the case and defenses in hamstring the defense of the case. Plaintiff keeps demanding APS must be neutral in its advocacy and defense of Plaintiff's claims. That is not the proper use of a motion in limine. The jury is required to be neutral, not the parties. Plaintiff fails to appreciate the nature of trial. The legal framework in the United States in the adversarial process. The adversarial process is a highly structured and competitive system where skilled advocacy, rigorous discovery, and impartial adjudication work together to determine the outcome of a case. The parties abide by strict rules of evidence, discovery, and courtroom conduct, ensuring due process and fairness. In civil cases, the parties each control how their case is built and presented and are responsible for determining what admissible evidence supports the theories, claims or defenses the parties are advancing. The request for relief requires the Court to strip APS of its defense that Plaintiff's resignation was not an adverse employment action. APS is committed to the proposition that context for the parties' actions can be presented via relevant admissible evidence in a trial. The categories of evidence Plaintiff seeks rulings on in MIL No. 6 are contested, such as the reasons for caseload reassignments, are subject to APS's motions in limine on independent and identifiable grounds and APS is prepared to lay foundations for the evidence that supports its position. Indeed,

this Court noted in footnote 6 of ECF 329 that, "there is a genuine issue of material fact as to why students were taken off Plaintiff's caseload."

Third, MIL No. 6 does not address particular evidence but seeks to bar arguments, not evidence.

Fourth, MIL No. 6 actually is an attempt to impose a one-sided, unfair and burdensome process on APS to give Plaintiff a tactical advantage.

Fifth, MIL No. 6 repeats and reiterates arguments made in Plaintiff's six other motions in limine. Therefore, APS incorporates by reference its responses to Plaintiff's other motions in limine into this response.

## I. LAW ON THE ADMISSION AND EXCLUSION OF EVIDENCE.

When a motion in limine "lacks the necessary specificity with respect to the evidence to be excluded" the court may deny the motion. First Sav. Bank, F.S.B. v. U.S. Bancorp, 117 F.Supp.2d, 1078, 1082 (D. Kan. 2000). The court should grant a motion in limine only "where the evidence is clearly inadmissible for any purpose." Equal Employment Opportunity Comm'n v. Bok Fin. Corp., 2014 WL 11730480, at *1 (D.N.M. 2014) (Brack, R.) (favorably citing Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002). When the movant fails to "meet this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." First Sav. Bank, 117 F.Supp.2d, 1082 (D. Kan. 2000). In cases where "the admissibility of certain evidence turns upon what facts are developed at trial, it is the better practice to wait until trial to decide the objections." Deghand v.

Wal-Mart Stores, Inc., 980 F. Supp. 1176, 1179–80 (D. Kan. 1997). MIL No. 5 lacks sufficient Specificity.

In United States v. Begay, 497 F. Supp. 1025, 1082 (D. NM 2020), the Court held that unless a movant identifies with particularity the evidence it wishes to exclude and articulates with specificity the arguments supporting the position that the particular evidence at issue is inadmissible on any relevant ground, the court is well within its discretion to deny such a motion in limine.

Where the movant's motion is nonspecific, cursory and conclusory as to require the trial court speculate as to "fact-bound determinations" and "the character of the evidence introduced at trial" such issues cannot be properly decided at a pretrial hearing. Black v. M & W Gear Co., 269 F.3d 1220, 1230 (10th Cir. 2001). MIL No. 6 is nonspecific, cursory and conclusory and Plaintiff fails to identify the particular evidence she wishes to exclude and she fails to specifically articulate the arguments or law supporting the position that any particular evidence at issue is inadmissible on any relevant ground. MIL No. 6 does not address specific evidence and should be denied.

## II. POINTS AND AUTHORITIES.

Given that the issues regarding the admissibility of evidence are fact-specific inquiries guided by Fed. R. Evid. 401, 403, 404(b) and 405, such rulings must be done in the context of trial when the Court is in a position to test the requirements of foundation, relevancy and potential prejudice in situ. Short on specifics, MIL No. 5 states that Plaintiff: moves for an order precluding APS, its counsel, and its witnesses "from arguing the "dismissal of Count III means the underlying statements, accusations, investigations, or performance-related allegations are true, irrelevant or inadmissible" without disclosing even by a single example what underlying statements, accusations, investigations, or performance-related allegations she is referring to or might seek to admit for another purpose.

The Federal Rules of Evidence "contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence." *Train v. City of Albuquerque*, 629 F. Supp. 2d 1243, 1247 (D.N.M. 2009) (Browning, J.) (citing Fed. R. Evid. 401, 402, 403). "Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Gutierrez-Castro*, 2011 U.S. Dist. LEXIS 88440, at *3 (D.N.M. 2011) (Browning, J.) (citing Fed. R. Evid. 401)("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). "The standard for relevancy is particularly loose under rule 401, because '[a]ny more stringent requirement is unworkable and unrealistic.'" *United States v. Ganadonegro*, 854 F. Supp. 2d 1088, 1127 (D.N.M. 2012) (Browning, J.) (quoting Fed. R. Evid. 401 advisory committee's note). Irrelevant evidence, or that evidence which does not make a fact of consequence more or less probable, however, is inadmissible. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

**A. Plaintiff's Novel and One-sided Requested Procedure is Untenable and Patently Unfair.**

Plaintiff's proposed procedural requirement that APS be required to seek leave outside the presence of the jury to present evidence on any topic identified by her is absolutely unworkable in this short trial. It is an extraordinary request with no basis in the Federal Rules of Evidence or any Tenth Circuit precedence. It is not the practice in our jurisdiction to require a defendant to allow a plaintiff to preview its arguments outside the presence of the jury. This proposal gives Plaintiff an unfair tactical advantage. Her proposal is notably one sided. The Court has its own inherent power to manage trial proceedings and the authority vested in it pursuant to FRE 611(a) to address any specific improper evidentiary issues when they arise upon proper objection. The Court is fully

capable of ruling on evidence and issuing curative instructions if necessary contemporaneously without imposing the requested and unprecedented restriction on APS's ability to present its defenses.

**B. Plaintiff has the Burden to Create her Preferred Narrative Using Evidence.**

As Plaintiff has the burden of proof on her claims the jury will hear her admissible evidence first. The expressed danger of a narrative distorted by APS is not real. Plaintiff mischaracterizes the litigation posture of APS. APS does not intend to create a false narrative, but to present pertinent, relevant and admissible evidence to support its defenses and dismantle Plaintiff's narrative to the extent it is inaccurate.

It is outside the purview of the Court to stack the deck against a party as Plaintiff requests in MIL No. 6. Plaintiff has realized that the fact she resigned her position is problematic for her existing claims. She is seeking to have the Court intervene in advance of trial to help her characterize her statutory claims as constructive discharge rather than a voluntary resignation. The evidentiary bar for a constructive discharge claim is very high and should not be the subject of jury instructions or an issue for the jury, as the claim was never asserted in a pleading filed in this case.

FRE 611(a) is not a tool to preemptively dictate word choice in argument or questioning. Plaintiff's request that the Court make a pretrial ruling to police the language that APS counsel uses to develop its defenses is an improper attempt to chill legitimate and expected advocacy. Stating that Plaintiff resigned or walked away from her job, or abandoned her position, or refused to return to work are all true and factual statements the jury is entitled to hear. These are not inflammatory statements or overreaching rhetoric that are subject to pretrial exclusion in their face

**C. APS has the Burden of Proving the Failure to Mitigate Defense.**

"Mitigation of damages is an affirmative defense, and the burden is on the defendant to show that the plaintiff, by the exercise of reasonable diligence, could have minimized damages." *Acme Cigarette Serv's, Inc. v. Gallegos*, 577 P.2d 885, 891, 91 N.M. 577, 583 (Ct. App. 1978); *Spulak v. K Mart*., 894 F.2d 1150, 1156 (10th Cir. 1990). This burden does not translate into a pretrial prohibition of how APS frames its arguments to the jury. APS is allowed to present evidence to the jury that Plaintiff was given ADA accommodations, was given intermittent leave as an accommodation and was given a full year of leave before she resigned her employment with APS and ask the jury to make reasonable inferences from the evidence presented. Whether Plaintiff failed to mitigate her damages by not returning to work or finding or continuing other employment after she resigned is exactly the kind of factual question a jury must decide after weighing the facts presented by the parties through admissible evidence. Mitigation evidence is not subject to a pretrial prohibition based on the record presented in MIL No. 6.

## III. CONCLUSION

For the foregoing reasons, this Court should deny MIL No.6 and decline to enter an order precluding APS from arguing, suggesting, or implying that Plaintiff abandoned her position, voluntarily caused her own damages, refused to return to work, walked away from employment, or failed to mitigate damages unless APS is also required to present that argument in the full factual context of Plaintiff's claims and the evidence the Court allows the jury to hear.

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically Filed*

By: */s/Patricia G. Williams*
Patricia G. Williams
Carol M. Cochran
Natasha A. Martinez-Wesenberg
*Attorneys for APS*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
pwilliams@wwwlaw.us
ccochran@wwwlaw.us
nwesenberg@wwwlaw.us

We hereby certify that on this 4th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

WIGGINS, WILLIAMS & WESENBERG, P.C.

By */s/ Patricia G. Williams*
Patricia G. Williams