IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

Defendants.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 7 TO PRECLUDE APS FROM USING DISMISSED OR EXCLUDED CLAIMS, DISCOVERY GAPS, OR COURT RULINGS AS A SWORD AGAINST PLAINTIFF**

Defendant Albuquerque Public Schools ("APS") responds in opposition to Plaintiff's Motion in Limine No. 7 to Preclude APS from Using Dismissed or Excluded Claims, Discovery Gaps, or Court Rulings as a Sword against Plaintiff [Doc. 321] ("MIL No.7").

## I. RELEVANT LAW ON THE ADMISSION AND EXCLUSION OF EVIDENCE.

### A. MIL No. 7 Lacks Sufficient Specificity.

When a motion *in limine* "lacks the necessary specificity with respect to the evidence to be excluded" the court may deny the motion. *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F.Supp.2d, 1078, 1082 (D. Kan. 2000). The court should grant a motion *in limine* only "where the evidence is clearly inadmissible for any purpose." *Equal Employment Opportunity Comm'n v. Bok Fin. Corp.,* 2014 WL 11730480, at *1 (D.N.M. 2014) (Brack, R.) (favorably citing *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). When the movant fails to "meet this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *First Sav. Bank,* 117 F.Supp.2d, 1082 (D.

Kan. 2000). In cases where "the admissibility of certain evidence turns upon what facts are developed at trial, it is the better practice to wait until trial to decide the objections." *Deghand v. Wal-Mart Stores, Inc*., 980 F. Supp. 1176, 1179–80 (D. Kan. 1997).

In *United States v. Begay*, 497 F. Supp. 1025, 1082 (D. NM 2020), the Court held that unless a movant identifies with particularity the evidence it wishes to exclude and articulates with specificity the arguments supporting the position that the particular evidence at issue is inadmissible on any relevant ground, the court is well within its discretion to deny such a motion in limine.

Where the movant's motion is nonspecific, cursory and conclusory as to require the trial court speculate as to "fact-bound determinations" and "the character of the evidence introduced at trial" such issues cannot be properly decided at a pretrial hearing. *Black v. M & W Gear Co*., 269 F.3d 1220, 1230 (10th Cir. 2001). MIL No. 7 is nonspecific, cursory and conclusory and Plaintiff fails to identify the particular evidence she wishes to exclude and she fails to specifically articulate the arguments or law supporting the position that any particular evidence at issue is inadmissible on any relevant ground. MIL No. 7 should be denied.

## II. POINTS AND AUTHORITIES.

Given that the issues regarding the admissibility of evidence are fact-specific inquiries guided by Fed. R. Evid. 401, 403, 404(b) and 405, such rulings must be done in the context of trial when the Court is in a position to test the requirements of foundation, relevancy and potential prejudice *in situ*. Short on specifics, MIL No. 7 merely states that Plaintiff: moves for an order precluding APS, its counsel, and its witnesses "from using dismissed or excluded claims, discovery gaps, nonproduction, evidentiary limitations, or Court rulings as a sword against Plaintiff."

MIL No. 7 demonstrates that Plaintiff misapprehends the nature of litigation and the burden of proof required of her in this litigation. At its core, litigation is a battle. While a war of words and admissible evidence, litigation can be likened to a sword fight; Plaintiff wants the Court to rule that APS must enter the ring without a sword. APS should not be deprived of the use of relevant admissible evidence, it's sword if you will, to defend itself against Plaintiff's claims.

The Federal Rules of Evidence "contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence." *Train v. City of Albuquerque*, 629 F. Supp. 2d 1243, 1247 (D.N.M. 2009) (Browning, J.) (citing Fed. R. Evid. 401, 402, 403). "Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Gutierrez-Castro*, 2011 U.S. Dist. LEXIS 88440, at *3 (D.N.M. 2011) (Browning, J.) (citing Fed. R. Evid. 401)("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). "The standard for relevancy is particularly loose under rule 401, because '[a]ny more stringent requirement is unworkable and unrealistic.'" *United States v. Ganadonegro*, 854 F. Supp. 2d 1088, 1127 (D.N.M. 2012) (Browning, J.) (quoting Fed. R. Evid. 401 advisory committee's note). Irrelevant evidence, or that evidence which does not make a fact of consequence more or less probable, however, is inadmissible. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

**A. Any Spoliation Inference is Inappropriate.**

Plaintiff argues without proof that APS did not produce, preserve, identify or provide records during discovery and that there was nonproduction, incomplete production, selective production, reconstruction, system limitations and discovery gaps. She provides no examples of

any of these unfounded allegations. She fails to note after extensive discovery motions and hearings, that the Court determined APS had complied with its discovery obligations. [ECF xx]. While she gives lip service to the argument that she is not requesting an adverse inference instruction based on spoliation, functionally she is doing exactly that. She attempts to shift the burden of proof. To be clear, APS fully intends to argue at trial, like every defendant is entitled to do, that Plaintiff cannot and did not produce admissible evidence to support her allegations and her claims fail because she has not met her burden of proof. The fact she lacks sufficient evidence to support her claims on the eve of trial is not APS's fault. Plaintiff repeatedly challenged APS's discovery responses in the discovery process and filed multiple motions to compel which here addresses by the Court. She cannot now file a motion in limine that will effectively and impermissively shift the burden of proof from Plaintiff to Defendant. A motion in limine is not an appropriate vehicle for bringing what is essentially a dispositive motion after the deadline for filing such motions. *New Mexico ex. rel. Balderas v. Real Estate Law Center, PC*, 409 F. Supp. 3d 1122 (D. NM 2019)

APS has not threatened to and has no intention of "weaponizing" alleged amorphous missing evidence; APS will certainly defend itself by putting Plaintiff to the required test of presenting admissible evidence to meet her burden of proof. That is neither misleading nor unfair. Any remaining allegations concerning the integrity of any trial exhibits are not pretrial matters but should be properly addressed through the presentation of evidence at trial. Vague implications of discovery misconduct by Plaintiff are not allowed in the presence of the jury and could result in mistrial.

**B. The Dismissal of Claims is Not a Judicial Endorsement or a Factual Determination, but a Legal Ruling.**

Plaintiff's Rule 403 argument is currently based entirely on speculation regarding APS's trial strategy. Her statements in MIL No. 7 that APS has a "sanitized version of the events" and APS is trying to "manufacture an evidentiary vacuum" are unsupported by facts and are dramatic mischaracterizations. In accordance with the rules and the reality of a certain number of trial days, APS is entitled to streamline the narrative to the operative facts and present its defenses on the admissible evidence that will find its way into the record during trial in the six days allotted. APS does not intend to suggest to the jury that the dismissal of the defamation claim made in Count xx of the Complaint because there is no waiver of immunity for such a claim is a factual finding**.** APS will also be vigilant that Plaintiff does not try to revive a defamation claim. Plaintiff has never described the statements she claims were defamatory or who made those statements to whom. MIL No. 7 lacks the specificity to allow APS to dispute this portion of the motion with particularity in a pretrial context. APS recognizes that it is possible that some evidence that may have supported the defamation claim may remain relevant to the surviving claims. Those unknown evidentiary issues cannot be addressed before trial and a blanket prohibition against any relevant evidence on the subject unless the balancing test under Rule 403 is made the probative values of the evidence is found by the Court to outweigh its risk of prejudice. Plain to evaluate the evidence tiff has not given APS or the Court adequate information to determine of a particular witness or exhibit is admissible and related to the remaining claims. APS agrees that the dismissal of a claim is not a judicial endorsement of any fact or evidence. APS intends to try the case on admissible relevant evidence, not hints and innuendos. APS recognizes that a limiting instruction may become necessary, depending on how the evidence comes in and the jurty has the capacity to evaluate the competing narratives that develop in the course of the trial without a blanket pretrial prohibition.

**C. Prior Court Rulings are the Law of the Case.**

APS recognizes that pretrial and in-trial rulings have been and will be made and the jury is usually instructed on how those rulings effect its charge. Plaintiff's proposed procedural requirement that APS be required to seek leave outside the presence of the jury to present evidence on any topic identified by her is absolutely unworkable in this six day trial. It is an extraordinary request with no basis in the Federal Rules of Evidence or any Tenth Circuit precedence. It is not the practice in our jurisdiction to require a defendant to allow a plaintiff to preview its argumets outside the presence of the jury. This proposal gives Plaintiff an unfair tactical advantage. Her proposal is notably one sided. The Court has its own inherent power to manage trial proceedings and the authority vested in it pursuant to FRE 611(a) to address any specific improper evidentiary issues when they arise upon proper objection. The Court is fully capable of ruling on evidence and issuing curative instructions if necessary contemporaneously without imposing the requested and unprecedented restriction on APS's ability to present its defenses.

## III. CONCLUSION

For the foregoing reasons, this Court should deny MIL No. 7 and decline to enter an order precluding APS, its counsel, and its witnesses from arguing, suggesting, or implying that dismissal of a claim, exclusion or limitation of evidence, discovery gaps, nonproduction of records, or prior Court rulings establish that Plaintiff's s factual allegations are meritless, that APS's accusations were true, that APS acted lawfully, or that the jury should hear only APSU s sanitized version of the events.

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically Filed*

By: */s/Patricia G. Williams*

Patricia G. Williams
Carol M. Cochran
Natasha A. Martinez-Wesenberg
*Attorneys for APS*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
pwilliams@wwwlaw.us
ccochran@wwwlaw.us
nwesenberg@wwwlaw.us

We hereby certify that on this 4th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

WIGGINS, WILLIAMS & WESENBERG, P.C.

By */s/ Patricia G. Williams*
Patricia G. Williams