IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

Defendants.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO PRECLUDE APS FROM MISUSING THE DISMISSAL OF COUNT III TO EXCLUDE OTHERWISE ADMISSIBLE EVIDENCE RELEVANT TO PLAINTIFF' S SURVIVING CLAIMS**

Defendant Albuquerque Public Schools ("APS") responds in opposition to Plaintiff's Motion in Limine No.5 to Preclude APS from Misusing the Dismissal of Count III to Exclude Otherwise Admissible Evidence Relevant to Plaintiff's Surviving Claims [Doc. 308] ("MIL No.5"). Plaintiff moves the Court to enter an order "precluding APS from arguing, suggesting, or implying that the Court's dismissal of Count III of the Complaint means that the underlying statements, accusations, investigations, conduct, alleged reputational/professional harm evidence, or related context are irrelevant, inadmissible, true, or unavailable for Plaintiff's surviving ADA, FMLA, WPA, breach of contract, causation, pretext, credibility, damages, and mitigation issues." Id.

Plaintiff did not assert an FMLA claim in the Complaint [ECF 1]. Plaintiff never moved to amend the Complaint and the deadline to do so was initially June 17, 2024 [ECF 27]. On August 27, 2024, the Court filed an Order granting Defendant New Mexico Public Education Department's ("PED") Motion to Dismiss [ECF 36] dismissing with prejudice Plaintiff's New Mexico Whistleblower Protection Act claim against Defendant PED and dismissing without

prejudice Plaintiff's Americans with Disabilities Act claim against Defendant PED. [ECF 46 at 11]. The Court gave Plaintiff until September 3, 2024 to file a motion to amend the complaint. Rather than file the required motion to amend the complaint, Plaintiff just filed an Amended Complaint for Damages on September 3, 2024. [ECF 47]. On September 5, 2024, the Court sua sponte filed an order striking the amended complaint from the record [ECF 48]. Notably the amended complaint did not even attempt to add an FMLA claim. [ECF 47]. APS strenuously objects to the attempt to add a new cause of action that has never been pled on the eve of trial.

## I. LAW ON THE ADMISSION AND EXCLUSION OF EVIDENCE.

When a motion *in limine* "lacks the necessary specificity with respect to the evidence to be excluded" the court may deny the motion. *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F.Supp.2d, 1078, 1082 (D. Kan. 2000). The court should grant a motion *in limine* only "where the evidence is clearly inadmissible for any purpose." *Equal Employment Opportunity Comm'n v. Bok Fin. Corp.,* 2014 WL 11730480, at *1 (D.N.M. 2014) (Brack, R.) (favorably citing *Jenkins v. Chrysler Motors Corp*., 316 F.3d 663, 664 (7th Cir. 2002). When the movant fails to "meet this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *First Sav. Bank,* 117 F.Supp.2d, 1082 (D. Kan. 2000). In cases where "the admissibility of certain evidence turns upon what facts are developed at trial, it is the better practice to wait until trial to decide the objections." *Deghand v. Wal-Mart Stores, Inc*., 980 F. Supp. 1176, 1179–80 (D. Kan. 1997). MIL No. 5 lacks sufficient Specificity**.**

In *United States v. Begay*, 497 F. Supp. 1025, 1082 (D. NM 2020), the Court held that unless a movant identifies with particularity the evidence it wishes to exclude and articulates with specificity the arguments supporting the position that the particular evidence at issue is

inadmissible on any relevant ground, the court is well within its discretion to deny such a motion in limine.

Where the movant's motion is nonspecific, cursory and conclusory as to require the trial court speculate as to "fact-bound determinations" and "the character of the evidence introduced at trial" such issues cannot be properly decided at a pretrial hearing. *Black v. M & W Gear Co*., 269 F.3d 1220, 1230 (10th Cir. 2001). MIL No. 5 is nonspecific, cursory and conclusory and Plaintiff fails to identify the particular evidence she wishes to exclude and she fails to specifically articulate the arguments or law supporting the position that any particular evidence at issue is inadmissible on any relevant ground. MIL No. 5 should be denied.

## II. POINTS AND AUTHORITIES.

Given that the issues regarding the admissibility of evidence are fact-specific inquiries guided by Fed. R. Evid. 401, 403, 404(b) and 405, such rulings must be done in the context of trial when the Court is in a position to test the requirements of foundation, relevancy and potential prejudice *in situ*. Short on specifics, MIL No. 5 states that Plaintiff: moves for an order precluding APS, its counsel, and its witnesses "from arguing the "dismissal of Count III means the underlying statements, accusations, investigations, or performance-related allegations are true, irrelevant or inadmissible" without disclosing even by a single example what underlying statements, accusations, investigations, or performance-related allegations she is referring to or might seek to admit for another purpose.

The Federal Rules of Evidence "contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence." *Train v. City of Albuquerque*, 629 F. Supp. 2d 1243, 1247 (D.N.M. 2009) (Browning, J.) (citing Fed. R. Evid. 401, 402, 403). "Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence

to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Gutierrez-Castro*, 2011 U.S. Dist. LEXIS 88440, at *3 (D.N.M. 2011) (Browning, J.) (citing Fed. R. Evid. 401)("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). "The standard for relevancy is particularly loose under rule 401, because '[a]ny more stringent requirement is unworkable and unrealistic.'" *United States v. Ganadonegro*, 854 F. Supp. 2d 1088, 1127 (D.N.M. 2012) (Browning, J.) (quoting Fed. R. Evid. 401 advisory committee's note). Irrelevant evidence, or that evidence which does not make a fact of consequence more or less probable, however, is inadmissible. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

APS does not intend to suggest to the jury that the dismissal of the defamation claim made in Count III of the Complaint because there is no waiver of immunity for such a claim is a factual finding**.** APS will also be vigilant that Plaintiff does not try to revive a defamation claim. There are limitations established in this district regarding evidence of dismissed claims. *Sec. & Exch. Comm'n v. Goldstone*, No. CIV 12-0257 JB/GBW, 2016 WL 3625405 (D.N.M. June 13, 2016). The Court held the parties could use relevant evidence supporting dismissed claims to support surviving claims, but the parties were "not allowed to argue or attempt to resurrect the dismissed claims in any way." *Id.* at

Plaintiff has never described the statements she claims were defamatory or who made those statements to whom. To the extent Plaintiff seeks to resurrect the dismissed claim through the backdoor, it should not be allowed under the guise of motive or pretext. The specific, and currently unknown by APS, statements, accusations, investigations, conduct, alleged reputational/professional harm evidence must be evaluated on a piece by piece basis rather

than as part of an broad excluded category. Not all statements, accusations, investigations, conduct, alleged reputational/professional harm evidence are relevant to pretext, motive or retaliation because Plaintiff sees them as such. Plaintiff must meet her burden to identify with specificity which particular evidence is tied to which element of a surviving claim. She must also demonstrate how each piece of evidence is more probative than prejudicial under FRE 403. She has not done so in MIL No. 5 and Plaintiff is not entitled to a ruling admitting all underlying statements, conduct or investigations that Plaintiff feels supports the remaining claims at this time. She must be put to the proof for the content and admissibility of her evidence at issue. Perkins v. Silver Mountain Sports Club and Spa, LLC, 557 F. 3d 1141 (10th Cir. 2009).

The case cited by Plaintiff, Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379 (2008), actually supports APS's position. Because the analysis is so fact intensive and context specific, the Court should require plaintiff to demonstrate how each piece of evidence is tied to a surviving claim rather than the dismissed defamation claim. Id. 386-87. The Court must protect the jury from the admission of misleading evidence whose primary relevance is to a claim that no longer exists.

MIL No. 5 lacks the specificity to allow APS to dispute it with particularity in a pretrial context. APS recognizes that it is possible that some evidence that may have supported the defamation claim may remain relevant to the surviving claims. Those unknown evidentiary issues cannot be addressed before trial and a blanket prohibition against any relevant evidence on the subject unless the balancing test under Rule 403 is made the probative values of the evidence is found by the Court to outweigh its risk of prejudice. Plaintiff has not given APS or the Court adequate information to evaluate the evidence or determine of a particular witness or exhibit is admissible and related to the remaining claims. APS agrees that the dismissal of a claim is not a judicial endorsement of any fact or evidence. APS intends to try the case on admissible relevant

evidence, not hints and innuendos. APS recognizes that a limiting instruction may become necessary, depending on how the evidence comes in and the jury has the capacity to evaluate the competing narratives that develop in the course of the trial without a blanket pretrial prohibition.

This Court could consider the "sanitized narrative" approach, once the statements, accusations, investigations, conduct, alleged reputational/professional harm evidence are identified by Plaintiff. This approach allows evidence that was primarily relevant to a dismissed claim to be discussed without high risk of unfair prejudice under FRE 403. statements, accusations, investigations, conduct, alleged reputational/professional harm evidence. *Walton v. New Mexico State Land Office*, 259 F. Supp. 3d 1242 (D. NM 2016). This approach can preserve probative value while minimizing prejudicial effect. *Id.*

Plaintiff's proposed procedural requirement that APS be required to seek leave outside the presence of the jury to present evidence on any topic identified by her is absolutely unworkable in this short trial. It is an extraordinary request with no basis in the Federal Rules of Evidence or any Tenth Circuit precedence. It is not the practice in our jurisdiction to require a defendant to allow a plaintiff to preview its arguments outside the presence of the jury. This proposal gives Plaintiff an unfair tactical advantage. Her proposal is notably one sided. The Court has its own inherent power to manage trial proceedings and the authority vested in it pursuant to FRE 611(a) to address any specific improper evidentiary issues when they arise upon proper objection. The Court is fully capable of ruling on evidence and issuing curative instructions if necessary contemporaneously without imposing the requested and unprecedented restriction on APS's ability to present its defenses.

## III. CONCLUSION

For the foregoing reasons, this Court should deny MIL No.5 and decline to enter an order precluding APS, its counsel, and its witnesses from arguing, suggesting, or implying that the Court's dismissal of Count III of the Complaint means that the underlying statements, accusations, investigations, conduct, alleged reputational/professional harm evidence, or related context are irrelevant, inadmissible, true, or unavailable for Plaintiff s surviving claims, causation, pretext, credibility, damages, and mitigation issues.

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically Filed*

By: */s/Patricia G. Williams*
Patricia G. Williams
Carol M. Cochran
Natasha A. Martinez-Wesenberg
*Attorneys for APS*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
pwilliams@wwwlaw.us
ccochran@wwwlaw.us
nwesenberg@wwwlaw.us

We hereby certify that on this 4th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

WIGGINS, WILLIAMS & WESENBERG, P.C.

By */s/ Patricia G. Williams*
Patricia G. Williams