IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899 GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS,

Defendant.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S FINAL WITNESS LIST**

Defendant, Albuquerque Public Schools ("APS"), by and through its attorneys Cuddy and McCarthy, LLP hereby submits their objections to Plaintiff's Final Witness List [Doc 304] filed on May 28, 2026:

**Plaintiff's Final Witness List**

| Witness | Objection | Rule | Stipulation |
|---|---|---|---|
| Tatia Lipe | | | X |
| Socorro Rodriguez | | | X |
| Justin Griego | | | X |
| Stephanie Avila | | | X |
| Angelique Torres | | | X |
| Linda Elliot | | | X |
| Annitra Atler | | | X |
| Melissa Sedillo | | | X |
| Jessica Rivera | | | X |
| Meg Crist | | | X |

| | | | |
|---|---|---|---|
| Delano Encinias | **X** | The maltreatment from another teacher is not relevant to the claim. APS objects on relevance under Rule 402. Fed. R. Evid. Rule 402. | |
| Ms. Delaney | **X** | If this refers to Carrie Leigh Delaney and not the special education teacher Ms. Delaney, we object as to relevance under Rule 402. Fed. R. Evid. Rule 402. | |
| Michael Gromsky | **X** | As the attorney and PED Complaint Investigator, he has no personal knowledge of facts or defenses asserted herein. Rule 602 requires that a witness may testify to a matter only if there is evidence that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. | |
| Bernadette Lucero-Turner | | | **X** |
| Rosita Moya Herrera | | | **X** |
| Michael Webster | **X** | This is a teacher who worked with Plaintiff at a previous school and has no personal knowledge of any of the claims from the Complaint. Rule 602 explicitly requires that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. Also, knowledge of previous matters related to a different school is not generally relevant to the case matter. Fed. R. Evid. Rule 401. | |
| Mario Guillen | **X** | This is a teacher who worked with Plaintiff at a previous school and has no personal knowledge of any of the claims from the Complaint. Rule 602 explicitly requires that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. Also, knowledge of previous matters related to a different | |

| | | | |
|---|---|---|---|
| | | school is not generally relevant to the case matter. Fed. R. Evid. Rule 401. | |
| Lisa Oliphant | | | **X** |
| Gail Stewart | **X** | Attorney who represents plaintiffs in claims and suits against schools and has no personal knowledge of the facts or defenses asserted herein. Rule 602 requires that a witness may testify to a matter only if there is evidence that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. | |
| Manuel Alzaga | | | **X** |
| Vickie Bannerman | | | **X** |
| Todd Torgenson | **X** | Chief of Human Resources, APS. Mr. Torgerson has no personal knowledge of facts or defenses asserted herein. Rule 602 requires that a witness may testify to a matter only if there is evidence that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. | |
| Gabriella Blakely | **X** | Superintendent, APS. Dr. Blakely has no personal knowledge of facts or defenses asserted herein. Rule 602 requires that a witness may testify to a matter only if there is evidence that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. | |
| Tim Gonterman | **X** | This person merely conducted interviews for APS of which the recordings and report were considered work product but APS provided due to untimely filing. The reports contents will be brought in through witnesses interviewed for the report. Therefore, bringing in this witness would be duplicative and a waste of time. Rule 403 provides: “The court may exclude relevant evidence if its probative value is substantially outweighed by a danger | |

| | | | |
|---|---|---|---|
| | | of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. Rule 403 | |
| MG Barreras | **X** | This person merely conducted interviews for APS of which the recordings and report were considered work product but APS provided due to untimely filing. The reports contents will be brought in through witnesses interviewed for the report. Therefore, bringing in this witness would be duplicative and a waste of time. Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. Rule 403 | |
| Jerry Thorn | | | **X** |
| Ellen Bernstein | | | **X** |
| Sarah Smith | **X** | We do not have any records pertaining to this person and would appreciate a better summary or any records pertaining to this person as they were not previously disclosed as a person of interest. Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative | |

| | | | |
|---|---|---|---|
| | | evidence." Fed. R. Evid. Rule 403. Under Rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. *See United States v. Record,* 873 F.2d 1363, 1375 (10th Cir. 1989); *United States v. Pettigrew,* 468 F.3d 626, 638 (10th Cir. 2006) (*quoting United States v. Sides,* 944 F.2d 1554, 1563 (10th Cir. 1991)). If evidence was not produced in the course of the litigation, it cannot be disclosed for the first time in an exhibit list for trial. The law traditionally does not reward ambush trial tactics. *See Alfred v. Caterpillar, Inc.,* 262 F.3d 1083, 1087 (2001). | |
| Antoinette Romero | **X** | This witness is listed as being for the use of making defamatory statements. Defamation is a claim that was dismissed by the Court on May 20, 2026 [Doc. 290]. Also, the contentious relationship between Ms. Romero and Plaintiff would serve to only bring confusion and evidence of character that will prejudice Ms. Romero who is not listed in the Complaint. Under Rule 403, this witness should be excluded. Fed. R. Evid. Rule 403. | |
| Yvonne Garcia | **X** | This witness was not involved in Ms. Lipe's work and supervised other social workers. Other witnesses can speak to the MaxCapture usage and review of documents. Under Fed. R. Evid. Rule 403, APS asks the court to exclude this witness for wasting time that can be better addressed with other witnesses like Bonnie Anderson for MaxCapture or Jerry Thorn for union context. | |
| Amari Lipe | | | **X** |
| APS Records Custodian | **X** | Under Rule 26, a name needs to be provided for a witness. | |

| | | | |
|---|---|---|---|
| | | Fed. R. Civ. P. Rule 26(a)(3)(A)(i) | |
| MaxCapture/Synergy Custodian | **X** | Under Rule 26, a name needs to be provided for a witness.<br>Fed. R. Civ. P. Rule 26(a)(3)(A)(i) | |
| APS HR records Custodian | **X** | Under Rule 26, a name needs to be provided for a witness.<br>Fed. R. Civ. P. Rule 26(a)(3)(A)(i) | |
| APS Payroll/ Benefits Custodian | **X** | Under Rule 26, a name needs to be provided for a witness.<br>Fed. R. Civ. P. Rule 26(a)(3)(A)(i). List of APS payroll staff is readily available, but Plaintiff failed to provide the name. | |
| Bonnie Anderson | | | **X** |
| Christina Thomas /CT | **X** | This witness merely responded to IPRA requests through the Custodian of Records Department and has no personal knowledge of case. Rule 602 explicitly requires that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. Also responding to IPRA requests is not generally relevant to the case matter. Fed. R. Evid. Rule 401. | |
| Kathy Davis | **X** | This witness merely responded to IPRA requests through the Custodian of Records Department and has no personal knowledge of case. Rule 602 explicitly requires that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. Also responding to IPRA requests is not generally relevant to the case matter. Fed. R. Evid. Rule 401. | |
| AA, full name presently unknown | **X** | Witness is not identified and APS does not know the identity of this witness. Under Rule 26, a name needs | |

| | | | |
|---|---|---|---|
| | | to be provided for a witness. Fed. R. Civ. P. Rule 26(a)(3)(A)(i) | |
| Isaiah Gonzales | **X** | Rule 602 explicitly requires that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. Also filing IPRA requests is not generally relevant to the case matter. Fed. R. Evid. Rule 401. | |
| Kyle Chavez | **X** | Rule 602 explicitly requires that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. Also filing IPRA requests is not generally relevant to the case matter. Fed. R. Evid. Rule 401. | |
| Ruth Romero | **X** | Rule 602 explicitly requires that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. Also filing IPRA requests is not generally relevant to the case matter. Fed. R. Evid. Rule 401. | |
| Jason Rullo | **X** | Rule 602 explicitly requires that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. Rule 602. Also filing IPRA requests is not generally relevant to the case matter. Fed. R. Evid. Rule 401. | |
| Any APS, PED, or Public agency records custodian involved in IPRA/ public-records Production | **X** | Under Rule 26, a name needs to be provided for a witness. Fed. R. Civ. P. Rule 26(a)(3)(A)(i) | |
| Treating Providers | **X** | Rule 37(c)(1) states that failure to disclose information required by Rule | |

| | | | |
|---|---|---|---|
| | | 26(a) should not be permitted to use unless if such failure is harmless "at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. Rule 37(c). The following factors should guide the Court's discretion: 1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) | |
| Vocational/ economic damages witness | **X** | Rule 37(c)(1) states that failure to disclose information required by Rule 26(a) should not be permitted to use unless if such failure is harmless "at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. Rule 37(c). The following factors should guide the Court's discretion: 1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) | |
| Lay damages witness | **X** | Rule 37(c)(1) states that failure to disclose information required by Rule 26(a) should not be permitted to use unless if such failure is harmless "at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. Rule 37(c). The following factors should guide the Court's discretion: 1) the prejudice or surprise to the party | |

| | | | |
|---|---|---|---|
| | | against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) | |
| Any declarant or affiant whose statement APS affirmatively offers at trial | | | **X** |
| Any truly unanticipated rebuttal witness permitted by the court | | | **X** |

Respectfully submitted,

CUDDY & McCARTHY, LLP

By: *M. Karen Kilgore*
M. KAREN KILGORE
Attorneys for Albuquerque Public Schools
Post Office Box 4160
Santa Fe, New Mexico 87502-4160
(505) 988-4476
kkilgore@cmc.law

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation
Carol M. Cochran
Natasha A. Martinez-Wesenberg
Patricia g. Williams
Attorneys for Albuquerque Public Schools
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
ccochran@wwwlaw.us
nwesenberg@wwwlaw.us
pwilliams@wwwlaw.us

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ M. Karen Kilgore*
M. Karen Kilgore