IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO APS'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE, EXHIBITS, OR REFERENCE TO UNVERIFIED DAMAGES [DOC. 316]**

Plaintiff Tatia Lipe ("Plaintiff") responds in opposition to Defendant Albuquerque Public Schools' ("APS") Motion in Limine to Exclude All Evidence, Exhibits, or Reference to Unverified Damages [Doc. 316]. The Motion should be denied.

## I. INTRODUCTION

APS's damages motion is not a proper motion in limine. It is a recycled discovery-sanctions request built on a false premise, a waived discovery dispute, and a distortion of the Court's prior order. APS asks the Court to exclude damages evidence central to Plaintiff's surviving claims by accusing Plaintiff of "gamesmanship," "hiding the ball," and "trial by ambush." Doc. 316 at 3–5. Those accusations are false, and the record already shows why.

APS already made this discovery argument and lost. In Doc. 182, the Court denied APS's motion to compel as untimely, held that APS's motion was "inexcusably late" and "more than a year overdue," and held that APS "waived any right to challenge Plaintiff's objections" under

D.N.M.LR-Civ. 26.6. Doc. 182 at 2. APS cannot repackage that loss as a motion in limine and obtain the exclusionary sanction it failed to obtain through proper discovery motion practice.

APS's factual premise is also false. APS tells the Court that Plaintiff failed to provide damages-related medical records and identifies this as "hiding the ball." Doc. 316 at 3–5. But Plaintiff provided signed releases and provider information, and defense counsel acknowledged on October 24, 2024 that APS had "just received some of Ms. Lipe's medical records." Docs. 179-1, 179-2. Plaintiff also previously advised the Court that she served verified discovery responses with a Bates-stamped production and executed authorizations on November 20, 2024. Doc. 179 at 2–3, 12–13. APS's rhetoric is not evidence. It is a trial-exclusion weapon built on a narrative the record contradicts.

The Motion is also internally defective. It begins by citing New Mexico Rules of Evidence in federal court, then seeks a Rule 37-style exclusion sanction while relying primarily on Rule 403 rhetoric. Doc. 316 at 1–3. APS does not identify the specific record, specific disclosure obligation, specific failure, specific prejudice, inability to cure, or trial disruption required for exclusion. It asks for categorical exclusion first and supplies the analysis later—if at all. That is not how motions in limine or Rule 37 sanctions work.

Plaintiff does not seek to offer undisclosed retained-expert opinions or to turn lay witnesses into medical experts. But APS is not entitled to exclude Plaintiff's own testimony about her symptoms, distress, limitations, accommodations, leave, economic losses, insurance costs, out-of-pocket costs, emotional distress, mitigation, and damages. Nor is APS entitled to exclude evidence from treating providers or records where APS had the provider information, releases, subpoenas, records, and the opportunity to pursue any timely discovery challenge. APS's Motion should be denied.

## II. APS ALREADY LOST THIS DISCOVERY ARGUMENT, AND IT CANNOT REVIVE IT THROUGH A DAMAGES MIL.

APS's Motion should be denied at the threshold because it seeks to relitigate the same medical/damages discovery dispute the Court already rejected. APS previously moved to compel Plaintiff to supplement medical, damages, employment, income, and theory-related discovery. Doc. 178. The Court denied that motion as untimely. Doc. 182 at 1–2.

The Court's ruling was explicit. Plaintiff served her responses to APS's First Set of Interrogatories and Requests for Production on November 20, 2024. APS did not formally request supplementation until December 29, 2025. APS did not file its motion to compel until January 9, 2026—more than one year after Plaintiff served her responses. Doc. 182 at 2. Applying D.N.M.LR-Civ. 26.6, the Court held APS's motion was "inexcusably late," "more than a year overdue," and that APS "waived any right to challenge Plaintiff's objections." Id.

APS now asks the Court to do indirectly what the Court already refused to do directly. APS did not obtain an order compelling additional medical/damages discovery. APS did not obtain a finding that Plaintiff violated Rule 26. APS did not obtain a Rule 37 sanction. APS obtained denial. Its present Motion is an improper attempt to convert that denial into a trial-exclusion order.

A motion in limine is not an appeal from a denied motion to compel. It is not a substitute for a timely discovery motion. It is not a vehicle to resurrect objections the Court already held were waived. APS cannot wait more than a year, lose the discovery dispute as untimely, and then claim "trial by ambush" because it failed to pursue the issue when the Local Rules required it to do so.

**III. APS MISUSES THE COURT'S PRIOR ORDER BY TURNING A NONBINDING PRACTICAL OBSERVATION INTO AN EXCLUSION SANCTION.**

APS relies heavily on the Court's statement in Doc. 182 that it "may be in Plaintiff's best interest" to voluntarily provide some requested information and that "at least some of the requested information will be necessary to prove up Plaintiff's claims" if the case proceeds to trial. Doc. 182 at 2–3; Doc. 316 at 3. APS's reliance is strategically misleading.

The Court did not order Plaintiff to produce additional records. The Court did not find a discovery violation. The Court did not impose a sanction. The Court did not hold that Plaintiff would be barred from presenting damages evidence. The Court denied APS's motion because APS waived its discovery challenge. Doc. 182 at 1–3. APS cannot strip the Court's practical observation from the ruling that actually controls and transform it into a pretrial exclusion order.

The distinction matters. Proving damages at trial is Plaintiff's burden. But that burden is not an evidentiary forfeiture. APS may object to specific damages evidence on a specific rule-based ground. APS may cross-examine Plaintiff and witnesses. APS may argue weight. What APS may not do is use the Court's "best interest" observation as a sanction order the Court never entered.

**IV. APS'S "HIDING THE BALL" NARRATIVE IS FALSE AND CONTRADICTED BY THE RECORD.**

APS repeatedly accuses Plaintiff of "gamesmanship," "hiding the ball," and "trial by ambush." Doc. 316 at 3–5. Those accusations are false. The record shows Plaintiff provided signed releases and provider information. Doc. 179-1. Defense counsel later acknowledged that APS had "just received some of Ms. Lipe's medical records" and intended to depose Plaintiff. Doc. 179-2. Plaintiff also previously advised the Court that she served complete, verified responses

with a Bates-numbered production log, Bates-stamped document production, and executed authorizations on November 20, 2024. Doc. 179 at 2–3.

Plaintiff further explained in the prior discovery briefing that she served substantive production, executed authorizations permitting APS to obtain records directly from third-party medical and pharmacy providers, and provided a Bates-stamped production identifying the materials produced. Doc. 179 at 12–13. APS's present Motion ignores that record and repeats the same disproven narrative.

APS cannot receive provider releases, subpoena records, acknowledge receiving medical records, fail to timely challenge Plaintiff's objections, lose its motion to compel as untimely, and then accuse Plaintiff of hiding evidence. That is not prejudice. That is APS attempting to manufacture prejudice from its own litigation choices and record-management failures.

**V. THE PRODUCTION RECORD AND GERRY RICHARDSON AFFIDAVIT FURTHER DEFEAT APS'S MANUFACTURED AMBUSH CLAIM.**

APS's accusation that Plaintiff hid damages materials is not only unsupported; it is contradicted by the production record. Plaintiff produced damages-related and leave-related materials through Bates-labeled production, executed releases, subpoena authorizations, production logs, certificates of service, and transmission communications. Plaintiff also filed damages- and leave-related evidence in this case, including a VA physician note/excuse from work, FMLA accounting comparison, March 6 leave-start email, ADA leave-hold email chain, March 2023 approved sick leave, resignation-related materials, and other records bearing on damages and causation.

Plaintiff has filed a Notice of Filing Affidavit of Gerry Richardson Regarding Plaintiff's Discovery Productions, Audio Links, Releases, Certificates of Service, and Production Log. Ms.

Richardson was the longtime paralegal to Plaintiff's counsel and had direct responsibility for transmitting productions, exhibits, Google Drive links, Word documents containing embedded live audio links, executed releases, certificates of service, and related materials to opposing counsel.

The production log specifically identifies categories APS now pretends are hidden or unsupported, including MaxCapture notes, Progress Towards Goals records, student-service records and notes, parent communications, Antoinette Romero text messages, staff sign-in/sign-out logs, the October 28, 2022 performance-accusation email, home-refinance damages records, FMLA/leave-interference materials, EOS/investigation materials, remote-service/teletherapy records, and a document with embedded digital links provided to Defendant. See Notice of Filing, Exs. 1-4.

APS's motion expects Plaintiff and the Court to do APS's record review for it. That is not prejudice. A party's failure to review, organize, locate, or understand materials already produced, transmitted, filed, subpoenaed, or available through its own records is not surprise, unfair prejudice, or trial by ambush. APS cannot make sweeping accusations about documents already provided and then demand exclusion because it did not do the work required to identify the specific record, disclosure obligation, prejudice, and cure.

**VI. APS SEEKS A RULE 37 EXCLUSION SANCTION WITHOUT SATISFYING RULE 37 OR WOODWORKER'S.**

Although APS frames its Motion as an evidentiary motion under Rule 403, the relief it seeks is a discovery sanction: exclusion of damages evidence based on an alleged failure to disclose. That request is governed by the civil-procedure framework, not by broad accusations. Fed. R. Civ. P.

37(c)(1); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co*., 170 F.3d 985, 993 (10th Cir. 1999).

The Tenth Circuit's *Woodworker's* factors require consideration of prejudice or surprise, ability to cure, trial disruption, and bad faith or willfulness. *Woodworker'*s, 170 F.3d at 993. APS does not do that analysis. APS does not identify a specific damages record. It does not identify a specific disclosure obligation. It does not identify a specific Rule 26 violation. It does not identify specific prejudice tied to a specific item of evidence. It does not explain why any alleged prejudice cannot be cured. It does not explain why targeted relief would be inadequate. Instead, APS asks for categorical exclusion.

That is procedurally improper. Exclusion is not automatic, casual, or available by accusation. It is especially improper where APS's underlying discovery challenge was already denied as untimely and waived under the Local Rules. Doc. 182 at 2. APS cannot bypass the Court's waiver ruling by relabeling the same dispute as "unverified damages."

## **VII. APS'S REQUEST IS OVERBROAD BECAUSE IT SEEKS TO EXCLUDE DAMAGES EVIDENCE BEYOND MEDICAL RECORDS.**

APS's requested order sweeps far beyond the issue it purports to address. The title asks to exclude "all evidence, exhibits, or reference to unverified damages." Doc. 316 at 1. The opening paragraph asks to exclude "all arguments and inferences regarding damages she alleges are related to this case." Id. That request would reach not only medical records, but emotional distress, pain and suffering, lost wages, benefits, insurance costs, out-of-pocket expenses, mitigation, professional harm, accommodation-related harm, leave-related harm, and the damages context for surviving claims.

APS offers no basis for that categorical relief. A plaintiff's damages evidence is not inadmissible because APS labels it "unverified." Evidence is admissible if it is relevant, supported by proper foundation, and not otherwise excluded by a specific rule. Fed. R. Evid. 401, 402, 403, 602, 701. APS may dispute weight. It may cross-examine. It may object to a specific record or opinion. It may not obtain an advance order excluding damages categories before the Court evaluates the specific item, witness, purpose, foundation, and rule.

## VIII. PLAINTIFF MAY TESTIFY ABOUT HER OWN SYMPTOMS, DISTRESS, LIMITATIONS, AND DAMAGES.

APS also asks the Court to prohibit Plaintiff from testifying about medical diagnoses, conditions, or complications. Doc. 316 at 4–5. Plaintiff does not seek to offer undisclosed expert medical causation opinions outside the Rules. But APS's proposed order is far broader than that. Plaintiff may testify from personal knowledge about what she experienced: pain, stress, emotional distress, anxiety, flareups, functional limitations, leave needs, the effect of workplace conditions, what she told APS, what APS said or did in response, out-of-pocket expenses, insurance costs, lost wages, mitigation efforts, and the effect of APS's conduct on her work and life. Fed. R. Evid. 602, 701. That is not expert testimony. It is basic fact testimony from the person who experienced the harm.

APS's reliance on *Felkins v. City of Lakewood,* 774 F.3d 647 (10th Cir. 2014), does not justify the sweeping relief APS seeks. *Felkins* addressed whether a plaintiff had sufficient competent evidence to establish a disability-related limitation from a medical condition where the record lacked medical evidence supporting the condition and its effects. Id. at 651. Felkins does not hold that a plaintiff in an employment case may not testify about her own symptoms, distress,

limitations, expenses, or damages. It does not authorize exclusion of all damages evidence. It does not convert every damages issue into retained-expert testimony.

APS again reduces the issue to a false choice: either Plaintiff offers expert medical opinions or she may say nothing about damages. That is not the law. The proper boundary is straightforward. Plaintiff may not offer undisclosed expert opinions requiring specialized medical knowledge. Plaintiff may testify about her own experiences, symptoms, limitations, distress, expenses, economic losses, and communications with APS. APS may cross-examine her and argue weight.

## IX. APS'S REQUEST TO BAR ALL TREATING PROVIDERS IS ANOTHER OVERBROAD EXCLUSION REQUEST.

APS asks the Court to prohibit Plaintiff from calling any treating providers because Plaintiff's witness list identifies "treating providers" and APS claims it does not know their identities. Doc. 316 at 5. That argument again ignores the record. Plaintiff provided provider information and signed releases. Doc. 179-1. APS obtained medical records through provider releases/subpoenas and defense counsel acknowledged receiving some records. Doc. 179-2. APS cannot claim complete surprise about providers while ignoring the very releases and records it received.

At most, any provider-identification concern should be addressed through clarification, supplementation, limitation to treatment/foundation matters, or a pretrial proffer identifying the specific provider, record or treatment, and limited purpose of the testimony—not categorical exclusion of all treating-provider testimony.

Plaintiff does not seek to use treating providers to introduce undisclosed retained-expert opinions. Any treating-provider testimony should be limited to matters permitted by the Federal Rules, including treatment, observations, foundation, records, and opinions formed during

treatment if properly disclosed and admitted. APS's categorical request is disproportionate and unsupported.

## X. APS'S MOTION IS LEGALLY UNSUPPORTED AND STRATEGICALLY MISLEADING.

APS's Motion should be denied because it is built on stacked mischaracterizations: it cites New Mexico evidentiary rules in a federal trial, invokes Rule 403 while seeking Rule 37-style sanctions, recycles a discovery dispute the Court already held was waived, ignores evidence that Plaintiff provided releases and that APS received records, and then asks to exclude broad categories of damages evidence central to Plaintiff's surviving claims.

The purpose of APS's Motion is not evidentiary precision. It is to create an evidentiary vacuum. APS wants the Court to exclude damages evidence, disability evidence, medical-context evidence, treating-provider evidence, and Plaintiff's own damages testimony, and then argue Plaintiff cannot prove damages. The Federal Rules do not permit APS to manufacture that vacuum.

Plaintiff does not ask to use undisclosed medical records in violation of the Rules. Plaintiff opposes APS's attempt to convert a waived discovery dispute into a categorical bar on damages evidence, records, releases, testimony, and provider-related evidence already disclosed, produced, subpoenaed, obtained, or otherwise available to APS. If APS has a specific objection to a specific record, witness, opinion, or damages item, APS may raise that objection outside the presence of the jury. What APS cannot obtain is wholesale exclusion based on a false narrative and a waived discovery dispute.

**XI. CONCLUSION**

APS's Motion should be denied. APS already lost the discovery dispute it now attempts to revive. The Court held APS's motion to compel was untimely, more than a year overdue, and waived under D.N.M.LR-Civ. 26.6. Doc. 182 at 2. APS's claim of ambush is further contradicted by the record showing Plaintiff provided releases, provider information, authorizations, Bates-stamped production, and that defense counsel acknowledged receiving medical records. Docs. 179, 179-1, 179-2.

Plaintiff does not seek to offer undisclosed retained-expert opinions or inadmissible medical causation testimony. But APS is not entitled to exclude Plaintiff's damages case, Plaintiff's own testimony, relevant damages documents, or treating-provider evidence through a categorical order untethered to any specific record, witness, disclosure obligation, prejudice, or inability to cure.

Plaintiff respectfully requests that the Court deny APS's Motion in Limine to Exclude All Evidence, Exhibits, or Reference to Unverified Damages [Doc. 316]. In the alternative, Plaintiff requests that the Court require APS to identify each specific challenged item of evidence, witness, opinion, disclosure obligation, and alleged prejudice outside the presence of the jury before any exclusionary ruling is made.

Respectfully submitted,

FOGHI LAW FIRM, LLC

/s/ Boglarka A. Foghi
Boglarka A. Foghi
Attorney for Plaintiff Tatia Lipe
P.O. Box 944
Corrales, NM 87048
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means.

*/s/ Boglarka A. Foghi*
Boglarka A. Foghi