IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and NEW MEXICO DEPARTMENT OF PUBLIC EDUCATION,

Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO APS'S MOTION IN LIMINE TO PROHIBIT AND EXCLUDE PLAINTIFF RECORDS WHICH WERE NOT PROVIDED IN DISCOVERY [DOC. 314]**

Plaintiff Tatia Lipe respectfully opposes Defendant Albuquerque Public Schools' Motion in Limine to Prohibit and Exclude Plaintiff Records Which Were Not Provided in Discovery [Doc. 314]. APS's motion should be denied. It is procedurally defective from the start: APS asks for exclusion based on 'Fed. R. Evid. Rule 37'--a rule that does not exist--while attempting to obtain a discovery sanction after the Court already denied APS's motion to compel as untimely and held APS waived its challenge to Plaintiff's objections.

APS asks the Court to exclude 'any record, especially medical records,' and any evidence, argument, or testimony concerning medical records or damages records APS claims were not produced. Doc. 314 at 1-3. That is not a proper motion in limine. It is an attempt to convert a waived and denied discovery dispute into a categorical trial-exclusion order.

The Court has already rejected APS's attempt to compel the same categories of medical and damages discovery. In Doc. 182, the Court denied APS's motion to compel as untimely, held APS's motion was 'inexcusably late' and 'more than a year overdue,' and held that APS 'waived

any right to challenge Plaintiff's objections' under D.N.M.LR-Civ. 26.6. Doc. 182 at 2. APS cannot now pretend that ruling does not exist.

APS's motion also rests on a false factual premise. APS asserts that Plaintiff failed to provide medical records. But Plaintiff provided signed releases and provider information; defense counsel acknowledged receiving some of Plaintiff's medical records; and Plaintiff already rebutted this narrative when APS raised it before. Docs. 179, 179-1, 179-2. APS cannot cite a nonexistent Federal Rule of Evidence, skip the Rule 37 sanction analysis, recycle a false record narrative, and obtain categorical exclusion of evidence central to Plaintiff's surviving claims.

**I. APS ALREADY LOST THIS DISCOVERY ARGUMENT, AND IT CANNOT REVIVE IT THROUGH A MOTION IN LIMINE.**

APS's motion should be denied because it asks this Court to do indirectly what the Court already refused to do directly. APS previously moved to compel Plaintiff to supplement the same categories of discovery, including Interrogatories 4, 6, 10, 11, 12, 14, 18, and 25, and Requests for Production 5, 6, and 16. Doc. 182 at 1. The Court described those requests as relating to Plaintiff's medical care, employment history and income, and theory of the case. Id.

The Court denied APS's motion as untimely. Id. at 1-2. The Court held that Plaintiff served her discovery responses on November 20, 2024; APS did not formally request supplementation until December 29, 2025; and APS did not file its motion to compel until January 9, 2026--more than a year after Plaintiff served her responses. Id. at 2.

The Court's ruling was not ambiguous. It held that APS's motion was 'inexcusably late,' 'more than a year overdue,' and that APS 'waived any right to challenge Plaintiff's objections' under D.N.M.LR-Civ. 26.6. Id. APS did not file a reply. APS did not show good cause. APS did not

obtain an order compelling Plaintiff to produce additional medical or damages records. APS obtained denial.

That should end this motion. A motion in limine is not an appeal from a denied motion to compel. It is not a substitute for a timely discovery motion. And it is not a vehicle to resurrect discovery objections the Court has already held were waived. APS's present request is legally unsupported and strategically misleading because it repackages a waived discovery dispute as a trial-exclusion motion.

**II. APS'S MEDICAL-RECORDS NARRATIVE IS FALSE AND CONTRADICTED BY THE RECORD.**

APS's motion also rests on a false factual premise. APS claims Plaintiff failed to provide the medical records at issue and suggests APS lacks the information necessary to understand Plaintiff's medical damages. Doc. 314 at 1-2. That is not the record.

Plaintiff provided signed releases and provider information. Doc. 179-1. Defense counsel later acknowledged on October 24, 2024 that APS had 'just received some of Ms. Lipe's medical records' and planned to depose Plaintiff. Doc. 179-2. APS therefore cannot accurately tell the Court that medical records were not provided to APS or counsel.

This issue has already been rebutted. In response to APS's prior motion to compel, Plaintiff explained that she served substantive responses, produced documents, provided authorizations for third-party collection, and that APS did not contend Plaintiff concealed medical conditions, misrepresented treatment, or failed to disclose providers. Doc. 179 at 10-11. Plaintiff also explained that APS had subpoenaed Plaintiff's medical and pharmacy records but claimed it could not locate records it obtained. Id. at 11.

A party's inability to locate records it subpoenaed and received does not become Plaintiff's discovery violation. APS cannot receive records directly from providers, fail to timely challenge Plaintiff's objections, lose its motion to compel as untimely, and then ask the Court to punish Plaintiff by excluding disability, medical, damages, leave, and mitigation evidence.

**III. PLAINTIFF'S PRODUCTION LOG, RELEASES, AND TRANSMISSION RECORDS FURTHER CONTRADICT APS'S NONPRODUCTION NARRATIVE.**

APS's nonproduction narrative is also contradicted by Plaintiff's actual production history. Plaintiff previously advised the Court that she served verified discovery responses with a Bates-stamped document production and executed authorizations on November 20, 2024. Doc. 179 at 2, 5. Plaintiff further explained that she served substantive production, executed authorizations permitting APS to obtain records directly from third-party medical and pharmacy providers, and provided a Bates-stamped production identifying the materials produced. Doc. 179 at 12-13. Plaintiff has filed a Notice of Filing Affidavit of Gerry Richardson Regarding Plaintiff's Discovery Productions, Audio Links, Releases, Certificates of Service, and Production Log. Ms. Richardson was the longtime paralegal to Plaintiff's counsel and had direct responsibility for transmitting productions, exhibits, Google Drive links, Word documents containing embedded live audio links, executed releases, certificates of service, and related materials to opposing counsel. The Notice includes Ms. Richardson's affidavit, the original production log, certificates of service/transmittal records, and production emails/Google Drive communications.

APS cannot turn its failure to review, locate, preserve, organize, or confront its own discovery file into prejudice. Nor can APS transform the method of production into nonproduction. Materials transmitted by email, Google Drive link, Bates-labeled production, certificate of service, or Word documents containing embedded live audio links were produced. If APS had a

genuine access issue, the remedy was a timely request, conferral, or motion to compel. APS cannot stay silent, wait past the Local Rule deadline, lose its motion to compel, and then use a motion in limine as a trial-exclusion weapon.

**IV. APS IDENTIFIES NO SPECIFIC RECORD, NO SPECIFIC DISCLOSURE VIOLATION, AND NO SPECIFIC PREJUDICE.**

Even if the Court reached the merits, APS's motion still fails. APS seeks exclusion of 'any record' and especially medical records allegedly not produced, but it does not identify the actual records it asks the Court to exclude. Doc. 314 at 1, 3. That omission is fatal. The Court cannot make a Rule 37(c)(1) exclusion ruling in the abstract.

Rule 37(c)(1) requires a predicate violation of Rule 26(a) or 26(e). Fed. R. Civ. P. 37(c)(1). APS does not identify the specific Rule 26(a) disclosure Plaintiff supposedly violated. It does not identify any prior response that later became materially incomplete or incorrect under Rule 26(e). It does not identify any specific record that Plaintiff withheld. It does not identify when APS learned of the alleged record. It does not identify why any issue could not have been cured. It simply asks for exclusion.

That is not enough. The Tenth Circuit requires courts evaluating Rule 37(c)(1) exclusion to consider prejudice or surprise, ability to cure, trial disruption, and bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). APS recites those factors but does not prove them. It cannot show surprise from records it had the ability to obtain directly, records it received through provider releases, records it waited more than a year to challenge, or discovery objections the Court held APS waived.

Nor can APS rely on generalized assertions about needing medical records for damages. The Court already recognized that at least some information may be useful for settlement or trial, but

it still denied APS's motion to compel as untimely. Doc. 182 at 2-3. The Court's observation that voluntary production might be in Plaintiff's interest did not impose a discovery obligation, did not reopen APS's waived objections, did not find a Rule 26 violation, and did not authorize trial exclusion.

**V. APS MISSTATES THE GOVERNING RULE AND ASKS FOR A DISCOVERY SANCTION WHILE PRETENDING THIS IS AN EVIDENTIARY MOTION.**

APS's motion does not merely overreach; it misstates the rule it invokes. APS cites 'Fed. R. Evid. Rule 37(a)(4)' and 'Fed. R. Evid. Rule 37(c)(1).' Doc. 314 at 2-3. There is no Federal Rule of Evidence 37. Rule 37 is a Federal Rule of Civil Procedure governing discovery sanctions.

That error is telling. APS is not making a proper evidentiary objection under Rules 401, 402, 403, or any other Federal Rule of Evidence. APS is asking for a discovery sanction--exclusion--while avoiding the procedural requirements that govern discovery sanctions. APS cannot mislabel a Rule 37 sanctions request as a motion in limine, cite a nonexistent Federal Rule of Evidence, and then ask the Court to exclude broad categories of Plaintiff's evidence without the required showing.

This matters because exclusion under Rule 37 is not automatic, casual, or available by accusation. APS must identify the specific record, the specific disclosure obligation allegedly violated, the specific failure, the specific prejudice, the ability or inability to cure, the likelihood of trial disruption, and any claimed bad faith or willfulness. APS does none of that. Instead, APS relies on a broad, already-waived discovery narrative and asks for the sanction first. The Court should reject that approach. APS already waited more than a year to challenge Plaintiff's discovery objections, already lost its motion to compel as untimely, and already waived the

discovery argument under D.N.M.LR-Civ. 26.6. APS cannot revive that waived dispute by citing a nonexistent evidentiary rule and calling it a motion in limine.

APS also cites *Stenson v. Edmonds*, 86 F.4th 870, 873 (10th Cir. 2023), for the general proposition that medical records may be discoverable when a plaintiff places medical condition at issue. That general discovery proposition does not save APS's motion. Discoverability is not admissibility, and APS already waived its challenge to Plaintiff's objections when it waited more than a year to move to compel. *Stenson* does not authorize APS to bypass Doc. 182, revive a waived discovery dispute, and obtain categorical exclusion without the required Rule 37 analysis.

**VI. APS CANNOT USE MEDIATION DISCUSSIONS OR COUNSEL TRANSITION TO CREATE AN EXCLUSION REMEDY.**

APS's background section relies on mediation discussions, counsel transition, and generalized assertions that documents were 'lost or perhaps were not supplied from the beginning.' Doc. 314 at 1. That framing does not establish a disclosure violation and does not justify exclusion. Discovery obligations arise from the Federal Rules, discovery requests, responses, objections, and court orders--not from vague references to mediation discussions. Plaintiff made this point in response to APS's prior motion to compel, explaining that mediation discussions do not create retroactive discovery obligations or bypass Rule 26(e)'s threshold requirements. Doc. 179 at 6-7. APS did not reply. The Court denied APS's motion as untimely. Doc. 182 at 1-2.

Nor does a change of counsel give APS a trial-exclusion remedy. If prior counsel received records, subpoenaed records, or possessed records APS now says current counsel cannot locate, that is an APS-side issue. It is not a basis to exclude Plaintiff's evidence. APS cannot shift the

consequences of its own internal handoff, document management, or record-location problems onto Plaintiff.

**VII. CATEGORICAL EXCLUSION WOULD IMPROPERLY STRIP PLAINTIFF'S TRIAL RECORD OF CORE CONTEXT.**

APS's requested order is not narrow. APS asks the Court to prohibit Plaintiff from offering 'any evidence, argument or testimony' regarding medical records or records necessary for damages that APS claims were not produced. Doc. 314 at 3. That request would threaten evidence central to Plaintiff's surviving ADA, FMLA, WPA, breach-of-contract, causation, damages, mitigation, and APS-knowledge issues.

Plaintiff does not seek blanket admission of every record for every purpose. But APS is not entitled to blanket exclusion either. Plaintiff may properly offer evidence of disability-related limitations, accommodation requests, FMLA/leave issues, symptoms, damages, mitigation, APS's knowledge, and the reasonableness of Plaintiff's actions. APS may object to specific records or testimony at trial if it has a valid rule-based objection. It may not erase entire categories of evidence based on a waived discovery dispute and a false factual narrative.

The danger is exactly what Plaintiff addressed in her own motions in limine. APS seeks to narrow the record, exclude the context that explains Plaintiff's claims, and then argue Plaintiff lacks proof, caused her own damages, or failed to mitigate. The Court should not permit APS to manufacture an evidentiary vacuum and then ask the jury to punish Plaintiff for standing in it. See Docs. 319, 321.

**VIII. ANY LEGITIMATE CONCERN SHOULD BE HANDLED BY SPECIFIC PROFFER, NOT WHOLESALE EXCLUSION.**

If APS believes Plaintiff seeks to offer a specific record that was not disclosed, APS should be required to identify that record outside the presence of the jury, identify the discovery request and disclosure obligation at issue, state when APS learned of the record, explain the prejudice, and address why any prejudice cannot be cured by redaction, limitation, continuance of a discrete issue, or ordinary trial objection.

That procedure preserves APS's ability to raise legitimate objections while preventing APS from obtaining broad exclusion of evidence it cannot identify and discovery sanctions it did not timely pursue. Wholesale exclusion is not warranted.

**CONCLUSION**

APS's motion should be denied. APS already lost this discovery argument. The Court denied APS's motion to compel as untimely, held the motion was more than a year overdue, and held APS waived any right to challenge Plaintiff's objections. APS cannot transform that loss into a trial-exclusion order by calling the same dispute a motion in limine.

The motion also rests on a false record narrative and a misstatement of the governing rule. Plaintiff provided signed releases and provider information, and defense counsel acknowledged receiving some of Plaintiff's medical records. Docs. 179-1, 179-2. APS then cites 'Fed. R. Evid. Rule 37'--a rule that does not exist--and asks for categorical exclusion without identifying the specific record, disclosure violation, prejudice, inability to cure, trial disruption, or bad faith required for any Rule 37 sanction.

Plaintiff respectfully requests that the Court deny APS's Motion in Limine to Prohibit and Exclude Plaintiff Records Which Were Not Provided in Discovery [Doc. 314]. In the alternative, Plaintiff requests that the Court require APS to identify any specific challenged record, the

specific discovery obligation allegedly violated, the specific prejudice claimed, and the precise Rule 37 basis for exclusion outside the presence of the jury before any ruling is made.

Respectfully submitted,

/s/ Boglarka A. Foghi, Esq.
Boglarka A. Foghi
FOGHI LAW FIRM, LLC
P.O. Box 944
Corrales, NM 87048
(505) 220-5691
foghilaw@yahoo.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of June, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka A. Foghi*
Boglarka A. Foghi