IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT APS'S MOTION IN LIMINE TO PROHIBIT AND EXCLUDE HARASSMENT [DOC. 313]**

Plaintiff Tatia Lipe opposes Defendant Albuquerque Public Schools' Motion in Limine to Prohibit and Exclude Harassment [Doc. 313]. APS's motion should be denied because it is not a proper motion in limine. APS does not identify a specific exhibit, witness, question, statement, deposition excerpt, or argument for exclusion. Instead, APS asks the Court to prohibit Plaintiff from offering "any evidence, argument or testimony at trial on the issue of harassment." Doc. 313 at 3. That is not an evidentiary ruling. It is a merits ruling dressed as a motion in limine. APS's motion is legally unsupported and strategically misleading. It tries to convert a four-page evidentiary motion into a late dispositive motion, while stripping Plaintiff's surviving ADA, FMLA, NMWPA, breach-of-contract, causation, pretext, mitigation, damages, and credibility theories of the factual context needed to try the case fairly. APS may not ask the Court to erase the workplace conduct, leave pressure, accommodation disputes, retaliatory sequence, professional isolation, performance accusations, and reputational harm Plaintiff contends made continued employment untenable, while preserving APS's ability to argue Plaintiff voluntarily remained away from work, resigned, caused her own damages, or failed to mitigate.

Plaintiff does not ask the Court to decide through this response whether the jury will receive a standalone "harassment" instruction. Nor does Plaintiff seek to admit irrelevant workplace gossip or improper character evidence. The question presented by Doc. 313 is narrower: whether APS may obtain a blanket pretrial order excluding an entire factual category because APS says Plaintiff cannot prove it. The answer is no.

## I. APS'S MOTION IS AN IMPROPER DISPOSITIVE MOTION DISGUISED AS A MOTION IN LIMINE.

A motion in limine is a trial-management device aimed at resolving evidentiary issues before prejudicial material reaches the jury. See *New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.,* 409 F. Supp. 3d 1122, 1128 (D.N.M. 2019). It is not a substitute for summary judgment, and it is not a vehicle to erase an entire factual theory by arguing that Plaintiff "failed to show evidence." APS does exactly that. APS asks to exclude "any issue, claim, or evidence of harassment," then argues that "[t]he harassment claimed did not stem from Plaintiff's disability and was not pervasive enough to create a hostile environment," and that Plaintiff "failed to show evidence" of adverse harassment. Doc. 313 at 1-3. Those are merits arguments. APS identifies no specific trial exhibit, no specific deposition designation, no specific witness testimony, no specific question, and no specific statement that should be excluded under a particular evidentiary rule.

That defect is fatal to the motion. The Federal Rules of Evidence require evidence-specific analysis. Relevance under Rules 401 and 402 turns on the fact of consequence to which the evidence is offered. Rule 403 requires a concrete balancing of probative value against unfair prejudice, confusion, delay, or waste. APS gives the Court none of that. It asks for categorical exclusion based on APS's characterization of the merits. That is not a record-based evidentiary objection.

If APS believed Plaintiff had no evidence sufficient to support a harassment theory, APS had to raise that issue through the proper dispositive-motion procedure, with the procedural protections that attach to summary judgment. APS cannot bypass that process through a motion in limine and ask the Court to remove the factual context of Plaintiff's surviving claims on the eve of trial.

## II. APS'S REQUEST IS OVERBROAD BECAUSE THE SAME EVIDENCE IS RELEVANT TO SURVIVING CLAIMS EVEN IF IT ALSO RELATES TO HARASSMENT.

APS's motion improperly assumes that evidence touching harassment is admissible only if Plaintiff proves a standalone hostile-work-environment claim. That is wrong. Evidence may be admissible for one purpose even if it is not admissible for another. Fed. R. Evid. 105. The same workplace conduct may bear on notice, motive, pretext, retaliation, adverse action, causation, damages, mitigation, credibility, and the reasonableness of Plaintiff's decisions regarding leave and resignation.

Here, APS seeks to exclude the very context that explains Plaintiff's remaining claims. Evidence of repeated scrutiny, pressure, intimidation, professional isolation, accommodation-related hostility, leave-related pressure, caseload removal, reliance on damaging performance accusations, and the deterioration of the working relationship is directly relevant to ADA and FMLA retaliation, WPA retaliation, breach-of-contract theories involving leave, pretext, causation, damages, mitigation, and the reasonableness of Plaintiff's decision not to return to the same workplace under the same conditions.

APS's own filing demonstrates why categorical exclusion is improper. APS admits that Plaintiff's Complaint included alleged harassment under the ADA and NMWPA, that Plaintiff submitted an ADA accommodation request, and that Plaintiff alleged failure to accommodate

pain and discomfort while working. Doc. 313 at 1-2. APS then asks the Court to eliminate all evidence on that subject because APS disputes whether the conduct was sufficiently severe, pervasive, disability-based, or materially adverse. That is a merits dispute, not a basis for pretrial categorical exclusion.

The Court should not permit APS to collapse legal theories into evidentiary categories. Even if the Court later limits how the jury is instructed, APS is not entitled to a ruling that evidence bearing on Plaintiff's workplace conditions, protected activity, leave, accommodation requests, retaliation sequence, professional harm, and damages is categorically unavailable because APS labels it "harassment."

## III. APS MISSTATES THE RETALIATION STANDARD BY ISOLATING EVENTS AND IGNORING CONTEXT.

APS relies on retaliation language from *Burlington Northern* and *Hiatt* while ignoring the central point of those cases: retaliation is evaluated in context. See *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68-69 (2006); *Hiatt v. Colo. Seminary*, 858 F.3d 1307, 1316 (10th Cir. 2017). The question is not whether APS can relabel each event as a petty slight when viewed in isolation. The question is whether the challenged conduct, in context, might dissuade a reasonable worker from making or supporting protected activity.

APS's motion does the opposite. It slices the case into isolated pieces, declares the pieces insufficient, and then asks the Court to exclude the surrounding context. That is the exact evidentiary distortion Plaintiff has moved to prevent. The jury cannot fairly evaluate retaliation, pretext, causation, mitigation, or damages if APS is allowed to strip away the cumulative sequence of events and then argue that no single event matters.

Nor does APS's citation to Aramburu justify blanket exclusion. APS quotes a hostile-work-environment standard and then treats that standard as a basis to exclude all evidence of workplace harassment or hostile conduct for every purpose. Doc. 313 at 2. But evidence of workplace hostility is not limited to a standalone hostile-work-environment instruction. It may also show retaliatory motive, discriminatory animus, pretext, professional harm, causation, damages, the reasonableness of Plaintiff's mitigation decisions, and why Plaintiff contends continued employment became unsafe, medically unsupported, professionally damaging, and untenable.

APS's motion therefore rests on a false all-or-nothing premise. The Court may control labels and instructions. It may prevent improper argument. It may require proffers, redactions, and limiting instructions. But APS is not entitled to a blanket order that removes admissible context from the trial record because APS disputes the ultimate merits of a harassment theory.

## IV. APS CANNOT EXCLUDE THE CONTEXT OF WORKPLACE CONDITIONS WHILE ARGUING PLAINTIFF VOLUNTARILY LEFT OR FAILED TO MITIGATE.

APS's motion must also be viewed alongside APS's broader trial strategy. APS has filed multiple motions seeking to exclude broad categories of context: policies and procedures, RCI investigation materials, hearsay testimony and documents, evidence allegedly not previously produced, medical disability and MMI evidence, employee disciplinary information, harassment evidence, and records APS contends were not produced in discovery. See Docs. 295, 298, 299, 305, 311, 312, 313, 314. Plaintiff has already addressed this problem in her Motion in Limine No. 6 and Motion in Limine No. 7. See Docs. 319, 321.

The problem is straightforward. APS wants to exclude the beginning, middle, and cause of the story while preserving its ability to argue the endpoint: that Plaintiff did not return, resigned,

failed to mitigate, or caused her own damages. That would mislead the jury. If APS intends to argue that Plaintiff's leave, non-return, or resignation was voluntary, unreasonable, or damages-breaking, Plaintiff must be allowed to present the admissible factual context she contends explains why she remained on leave and ultimately resigned.

The Supreme Court recognizes that an employee's resignation may be employer-caused where working conditions become so intolerable that a reasonable person would feel compelled to resign. *Green v. Brennan*, 578 U.S. 547, 555 (2016); *Pa. State Police v. Suders*, 542 U.S. 129, 141-43 (2004). Plaintiff does not ask the Court to decide constructive discharge in this response. The point is evidentiary: voluntariness, causation, mitigation, damages, and reasonableness cannot be evaluated in a vacuum.

APS should not be allowed to manufacture that vacuum. Rule 403 does not permit a party to remove context and then exploit the resulting silence. If APS argues that Plaintiff acted unreasonably by not returning to work, Plaintiff must be permitted to show the conduct, pressure, hostility, retaliation, accommodation failures, leave interference, professional harm, reputational damage, and working conditions that explain why return was not reasonable under the circumstances.

## V. APS'S MOTION IS ALSO IMPROPER BECAUSE IT FAILS TO IDENTIFY THE SPECIFIC EVIDENCE TO BE EXCLUDED.

APS asks to exclude "any issue, claim, or evidence of harassment" and all "evidence, argument or testimony at trial on the issue of harassment." Doc. 313 at 1, 3. That wording is not a limiting request. It is a blanket trial gag order on an entire factual category. The Court should reject it.

If APS believes a specific question, exhibit, statement, deposition excerpt, or argument is irrelevant, cumulative, unfairly prejudicial, or otherwise inadmissible, APS must identify the

specific item and the specific rule. APS has not done so. It instead asks the Court to assume that anything Plaintiff may call harassment is inadmissible for every purpose. That is not how Rules 401, 402, 403, 105, or 611(a) operate.

The proper remedy, if the Court has concerns, is not exclusion of the category. The proper remedy is a proffer-first procedure outside the jury's presence. APS should be required to identify the precise evidence it challenges, the rule it invokes, the reason the evidence is inadmissible for all purposes, and whether a limiting instruction or narrowed presentation would cure any legitimate concern. Until APS does that work, there is nothing for the Court to exclude.

## VI. CONCLUSION

APS's motion should be denied. APS asks for broad merits relief under the label of a motion in limine and seeks exclusion of an entire factual category without identifying the specific evidence, purpose, foundation, or rule of exclusion.

Plaintiff does not seek blanket admission of irrelevant harassment evidence or an improper invitation for the jury to decide claims not before it. But APS is not entitled to blanket exclusion either. Evidence concerning workplace hostility, retaliatory context, leave pressure, accommodation disputes, professional isolation, performance accusations, reputational harm, and working conditions remains admissible for proper purposes, including motive, pretext, causation, adverse action, damages, mitigation, credibility, and the reasonableness of Plaintiff's actions.

Plaintiff respectfully requests that the Court deny APS's Motion in Limine to Prohibit and Exclude Harassment [Doc. 313]. In the alternative, Plaintiff requests that APS be required to identify each specific challenged item of evidence, the purpose for which Plaintiff offers it, and the rule APS claims requires exclusion, outside the presence of the jury, before any exclusionary ruling is made.

Respectfully submitted,

*/s/ Boglarka A. Foghi, Esq.*

Boglarka A. Foghi
FOGHI LAW FIRM, LLC
P.O. Box 944
Corrales, NM 87048
(505) 220-5691
foghilaw@yahoo.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of June, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka A. Foghi*
Boglarka A. Foghi