**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1**

MEMBERS OF THE JURY:

Now that you have been sworn as the Jury to try this case, I will give you some preliminary instructions to guide you during this trial.

By your verdict you will decide the disputed issues of fact. At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But now, I simply want to generally explain how the trial will proceed.

The order of the trial's proceedings will be as follows. First, the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The attorneys may explain the issues in the case and summarize the facts they expect the evidence will show.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents, and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

Plaintiff will offer its evidence. After Plaintiff's "case in chief," Defendant may present evidence, but Defendant is not required to do so. Thereafter, Plaintiff may be permitted to introduce rebuttal evidence.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions whenever possible, but please be patient. Even if the trial seems to be moving slowly, conferences often save time in the end.

You are to consider all of the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject. You, and you alone, are judges of the facts. Now, as you know, I am the judge presiding over this trial. You'll notice that, when I come into the courtroom, everyone is asked to rise. Everyone rises when I enter and leave the courtroom, and that's a sign of respect for the judicial office. You, as judges of the facts, are accorded that same respect, and we will all rise as you come in and as you depart the courtroom.

You should pay close attention to the testimony. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared for your use during your deliberations. On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

When the evidence portion of the trial is completed, the lawyers will be given another opportunity to address you. Prior to their closing arguments, I will instruct you on the applicable law. After the closing arguments, you will retire to deliberate upon your verdict.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and

evidence, the lawyers' closing arguments, and my instructions to you concerning the applicable law.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes. If you do decide to take notes, please be careful not to get so involved in note-taking that you become distracted; and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, please leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner, with anyone - even among yourselves. This means that during the trial you must not hear or read about the case in the media, and you must not conduct any independent research about this case, the matters in the case, or the individuals involved in the case. In other words, you must not attempt to gather any information on your own from any source outside this courtroom that you think might be helpful in deciding the case. Don't engage in any outside reading, don't attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom. Don't consult dictionaries or reference materials, search the internet, or use any electronic tools or print reference materials to obtain information about this case or to help you decide the case. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

I hope that for all of you this case is interesting and noteworthy; however, certain developments in technology compel me to point out that some common, daily activities many of you may enjoy are strictly forbidden in your role as jurors. I know that many of you use cell phones, social media, the internet, and other tools of technology. You must not use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, any blogs or websites, or social media, including but not limited to Twitter, Facebook, Snapchat, Instagram, TikTok, and YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

What you may do is advise anyone who needs to know, such as family members, employers, employees, schools, teachers, or daycare providers, that you are a juror in a case and the judge has ordered you not to discuss it until you've reached a verdict and have been discharged. Once you've been discharged as jurors, you will be free to discuss this case or investigate anything about it as you wish.

Now, we will begin by affording the lawyers an opportunity to make their opening arguments. I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So, I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

*Source:10th Cir. PATTERN JURY INSTRUCTIONS (Criminal) § 1.01 (2011) Preliminary Instructions before Trial*
*10th Cir. PATTERN JURY INSTRUCTIONS (Criminal) § 1.02 (2011) Note-Taking by Jurors 11th Cir. PATTERN JURY INSTRUCTION*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2**

It is the job of a lawyer to object to questions, testimony or exhibits the lawyer believes may not be proper. I will sustain objections if the question or evidence sought is improper for you to consider. When I "sustain" an objection, the question or evidence is not allowed. You must not consider such evidence nor may you consider any evidence I have told you to disregard. By itself, a question is not evidence. You must not speculate about what would be the answer to a question that I rule cannot be answered. If I "overrule" an objection, then the question or evidence will be allowed.

*Source:* UJI 13-214

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3**

You, as jurors, are the judges of the facts. But in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own idea or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

*Source: 10th Cir. PATTERN JURY INSTRUCTIONS (Criminal) § 1.03 (2011) Introduction to Final Instructions [¶¶ 1-2]*
*10th Cir. PATTERN JURY INSTRUCTIONS (Criminal) § 1.04 (2011) Duty to Follow Instructions [¶ 3; fourth sentence ¶ 4, last phrase; third sentence ¶ 5; ¶ 7]*
*10th Cir. PATTERN JURY INSTRUCTIONS (Criminal) § 1.07 (2011) Evidence—Direct and Circumstantial—Inferences [third and fourth sentences ¶ 6]*
*7th Cir. FEDERAL JU URY INSTRUCTIONS (Civil) § 1.01 (2010) Functions of the Court and the Jury [¶¶ 3-5]*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

The Defendant in this case is a governmental entity. A governmental entity is entitled to the same fair and unprejudiced treatment as an individual and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

*Source:* *NM UJI 13-114*
*(modified)*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

*Source: 11th Cir. PATTERN JURY INSTRUCTIONS (Civil) BI § 2.3 (2005) Consideration of the Evidence; Duty to Follow Instructions; Governmental Entity or Agency Involved [excerpt] [version 2]*
*5th Circuit PATTERN JURY INSTRUCTIONS (Civil) § 2.13 (200*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

A governmental entity can act only through its officers and employees. Any act or omission of an officer or an employee of the governmental entity, within the scope or course of his or her employment, is the act or omission of the governmental entity.

*Source: N.M. RULES ANN., CIV. UJI 13-409 (West 2013) Corporation acts through employees(modified).*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

A party seeking a recovery [or a party relying upon a defense] has the burden of proving every essential element of the claim [or defense] by the preponderance of the evidence. To prove by the preponderance of the evidence means to establish that something is more likely true than not true.

When I say, in these instructions, that the party has the burden of proof on __________ (theory(ies) of recovery by name), I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient.

*Source: NM UJI 13-304, substituting "preponderance" for "greater weight" and omitting clear and convincing standard*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8**

The production of evidence in court is governed by rules of law. From time to time it has been my duty, as judge, to rule on the evidence. You must not concern yourselves with the reasons for these rulings. You should not consider what would or would not have been the answers to the questions which the court ruled could not be answered.

*Source: NM UJI 13-307 (first paragraph omitted here, but included in Stock Instruction 14)*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9**

As stated earlier, it is your duty to determine the facts and in so doing you must consider only the evidence I have admitted in the case. The evidence consists of the testimony of the witnesses and the exhibits admitted into evidence by the court [and any facts admitted or agreed to by counsel] [and any facts which the court instructs you to accept as true].

You may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

*Source: First paragraph—First paragraph of NM UJI 13-307, with first sentence added Second and third paragraphs—First and Second paragraphs of 5th Circuit Pattern Instruction 2.18. Fourth paragraph—9th Circuit Pattern Instruction 3.5, with last sentence omitted*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10**

You may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

*Source: 9th Cir. MANUAL OF MODEL JURY INSTRUCTIONS (Civil) § 1.9 (2007) Direct and Circumstantial Evidence*
*8th Cir. MANUAL OF MODEL JURY INSTRUCTIONS (Civil) § 1.02 (2011) Evidence; Limitations [fourth sentence ¶ 1, final clause]*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11**

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You alone are the judges of the credibility or "believability" of the witnesses and of the weight to be given to the testimony of each of them. In determining the credit to be given to the testimony of any witness, you may take into account the witness's ability and opportunity to observe, the witness's memory, the witness's manner while testifying, any interest, bias or prejudice that the witness may have and the reasonableness of the testimony, considered in light of all the evidence in the case. You may, in short, accept or reject the testimony of any witness in whole or in part.

*Source: NM UJI 12-2003, with additions*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12**

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.

If you believe that any witness has been impeached or discredited, it is up to you to give the testimony of that witness only such credit as you may think it deserves.

*Source: NM UJI 13-2004, with "up to you" substituted for "your exclusive province"*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. Such charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

*Source:* 9th Cir. PATTERN JURY INSTRUCTIONS (Civil) §§ 2.14, 2.15

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14**

You will recall that during the course of this trial I instructed you that I admitted certain testimony [and certain exhibits] for a limited purpose and I instructed you that you may consider some testimony [and documents] as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted. [Specific limiting instructions may be repeated as appropriate.]

*Source:5th Circuit Pattern Instruction 2.15*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15**

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing. This testimony is entitled to the same consideration that you give any other testimony at this trial.

*Source: N.M. RULES ANN., CIV. UJI 13-203 (West 2013) Deposition testimony 5th Cir. PATTERN JURY INSTRUCTIONS (Civil) § 2.23, (2009) Deposition Testimony*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16**

Interrogatories are written questions asked by one party to another before trial and answered under oath. The questions and answers may be read at trial as evidence. The answers read to you are testimony under oath and are entitled to the same consideration that you give any other testimony.

*Source: N.M. RULES ANN., CIV. UJI 13-204 (West 2013) Interrogatories*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17**

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. Your notes are only to refresh your recollection. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

*Source: 5th Cir. PATTERN JURY INSTRUCTIONS (Civil) § 3.7 (2009) (excerpt)*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18**

An [act][or][omission][or][___________(condition)] is a "cause" of [injury][harm][___________(other)] if [, unbroken by an independent intervening cause,] it contributes to bringing about the [injury][harm][___________(other)] [, and if injury would not have occurred without it]. It need not be the only explanation for the [injury][harm] [___________(other)], nor the reason that is nearest in time or place. It is sufficient if it occurs in combination with some other cause to produce the result. To be a "cause," the [act][or][omission][or] [___________(condition)], nonetheless, must be reasonably connected as a significant link to the [injury][harm].

*SOURCES: N.M. RULES ANN., CIV. UJI 13-305 (West 2013) Causation*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19**

An independent intervening cause interrupts and turns aside a course of events and produces that which was not foreseeable as a result of an earlier act or omission.

*Source: N.M. RULES ANN., CIV. UJI 13-306 (West 2013) Independent intervening cause*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20**

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

*Source: N.M. RULES ANN., CIV. UJI 13-1801 (West 2013) Liability must be determined before damages*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21**

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole–that is, to compensate the plaintiff for the damage that the plaintiff has suffered. [Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his or her injury. If the plaintiff wins, he or she is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of the defendant's conduct.]

You may award compensatory damages only for injuries that the plaintiff proves were caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. [Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.] You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: [insert elements of damages]

Sources: *5th Circuit Pattern Instruction 15.2, omitting the third paragraph and the word "proximately" from first sentence in the second paragraph*
*Last sentence of NM UJI 13-1802*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22**

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award only those damages which will reasonably compensate the plaintiff for the injuries that the plaintiff has sustained as a result of defendant(s)' wrongful conduct.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

*Source: N.M. RULES ANN., CIV. UJI 13-1803 (West 2013) Measure of damages; general*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23**

You must not award compensatory damages more than once for the same injury. The plaintiff is only entitled to be made whole once, and may not recover more than the plaintiff has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all injuries.

Source: *First two paragraphs of 5th Circuit Pattern Instruction 15.14, omitting second sentence of first paragraph*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24**

If you find that Tatia Lipe has established a right to recover from APS but that Ms. Lipe suffered [no harm], [insignificant harm], [or] [damages that cannot be ascertained], you may award her nominal damages. Nominal damages are a trivial sum of money, usually one cent or one dollar, awarded to a party who has established a right to recover but has not established that she is entitled to compensatory damages.

Source: *NM UJI 13-1832*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25**

The law of this case is contained in these instructions and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction, or parts thereof, and disregarding others.

Faithful performance by you of your duties is vital to the administration of justice.

*Source: NM UJI 13-2001 & 13-2002*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he or she could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen the damages, you should deny a recovery for those damages which the plaintiff would have avoided had he or she taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce damages. However, the plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of a failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied the burden of proving that the plaintiff's conduct was not reasonable.

*Source: 5th Circuit Pattern Instruction 15.15, modified to be gender-neutral*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27**

MEMBERS OF THE JURY:

You have now heard all of the evidence in the case.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

*Source: 10th Cir. PATTERN JURY INSTRUCTIONS (Criminal) § 1.03 (2011) Introduction to Final Instructions [¶¶ 1-2]*
*10th Cir. PATTERN JURY INSTRUCTIONS (Criminal) § 1.04 (2011) Duty to Follow Instructions [¶ 3; fourth sentence ¶ 4, last phrase; third sentence ¶ 5; ¶ 7]*
*10th Cir. PATTERN JURY INSTRUCTIONS (Criminal) § 1.07 (2011) Evidence—Direct and Circumstantial—Inferences [third and fourth sentences ¶ 6]*
*7th Cir. FEDERAL JURY INSTRUCTIONS (Civil)*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28**

Faithful performance by you of your duties is vital to the administration of justice. Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Source: N.M. RULES ANN., CIV. UJI 13-2001, 13-2002 & 13-2006 (West 2013) Duties of Jurors*
*10th Cir. PATTERN JURY INSTRUCTIONS (Criminal) § 1.23 (2011) Duty to Deliberate*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, computer, the Internet, any text or instant messaging service, blog, or any website such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media may be wrong, incomplete, or inaccurate. You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors and the parties in this case. This would unfairly and adversely impact the judicial process.

*Source: 5th Cir. PATTERN JURY INSTRUCTIONS (Civil) § 1.1 (2011)*
*9th Cir. MANUAL OF MODEL CIVIL JURY INSTRUCTIONS § 3.3 (2017) Communication with Court*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30**

The jury acts as a body. Therefore, on every question which the jury must answer it is necessary that all jurors participate. Before a question can be answered, all of you must agree upon each answer. In other words, your verdict must be unanimous.

*Source: NM UJI 13-2006, modified to meet unanimity requirement and with added last sentence*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

*Source:5th Circuit Pattern Instruction 2.11*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32**

Upon retiring to the jury room you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign it and then return to the courtroom.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson, and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom. I caution you, however, with regard to any message or question you might send, that you should never state your numerical division.

*Source: MANUAL OF MODEL CIVIL JURY INSTRUCTIONS § 3.5 (2017) Return of Verdict*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33**

In this case the plaintiff Tatia Lipes seeks compensation from the defendant, Albuquerque Public Schools for damages that plaintiff(s) say(s) were caused by __________.

[Plaintiff's summary of theories for recovery must be individually tailored for each case.]

*Source: NM UJI 13-302A*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34**

The defendant APS denies what the plaintiff says and the defendant says that Defendant agrees the subject lawsuit arises out of Plaintiff's claims during her tenure while employed with Albuquerque Public Schools ("APS"), as a school social worker at Volcano Vista High School. Plaintiff was employed with APS from August 2015 until her voluntary resignation on April 8, 2024.

As an employee of APS, Plaintiff was not permitted to work from home except in infrequent, singular circumstances, authorized in advance. School Social Workers' job functions were primarily performed indoors in a normal school or office environment and in student's homes. Plaintiff's on-site responsibilities as a School Social Worker included direct services, development and delivery of in-service programs, frequent interactions with people in person, and travel from location to location, which did not accommodate remote work. Plaintiff's Job Function Description included physical job demands regarding crisis intervention, blocking, and the ability to physically run to respond to situations, including the potential necessity to run up/downstairs to assist in maintaining safety of students. Plaintiff was aware of the requirements and abided by the same.

In March of 2020, due to the global pandemic, APS went to online schooling. In November of 2020, Plaintiff asked to be considered for available remote- work assignments due to caring for her elderly father. At that time, Plaintiff did not disclose any disability or any requested ADA accommodation for any ailment or disability of her own. In fact, Plaintiff explicitly stated that she understood that remote work was not offered as an ADA accommodation for her position. After a yearlong government mandated quarantine, which resulted in fully remote learning, APS returned to in-person, on-campus instruction starting in spring of 2021. APS staff was informed that all

employees were expected to return to work effective March 29, 2021. Due to impending hysterectomy and the time required for recovery, Plaintiff asked for medical accommodation to work remotely for the period April 1, 2021 (the date of surgery) through the end of the 2020-2021 school year. APS held a meeting regarding the surgery and potential accommodation. The requested accommodation was granted on April 13, 2021 (effective April 1, 2021).

Nearly a year later, on February 7, 2022, Plaintiff filed a complaint with the New Mexico Public Education Department. PED issued its findings on April 14, 2022. Eight months later, Plaintiff requested ADA accommodation to work remotely during medically supported flareups of her underlying medical condition. In compliance with proper procedure under the ADA, APS convened an ADA interactive-process meeting with Plaintiff on September 21, 2022. APS did not grant Plaintiff's request for remote work but provided reasonable accommodations including measures related to temperature regulation and referred her to intermittent leave as an option.

As a result of being denied her preferred accommodation, but rather having been provided a reasonable accommodation, Plaintiff filed a claim with Equal Opportunity Services on September 25, 2022.The EOS findings letter states that Plaintiff's allegations were unsubstantiated.

On August 29, 2022, a Medical Inquiry Form was submitted by Audrey Bautista, CNP, to support Plaintiff's request for one year of Family Medical Leave due to personal illness. Plaintiff was granted intermittent leave for one year in response to her request, for the period August 15, 2022 – August 15, 2023. During which time, Plaintiff was provided with 390 hours of FMLA leave in the accommodation plan, to include Plaintiff's ability to attend appointments for 2 hours per appointment, 3 hours per week, and to accommodate episodic flareups of 24 – 48 hours for one time per week. During the intermittent leave, issues arose regarding Plaintiff's ability to

effectively perform the essential functions of her job. In order to guarantee student's had continuous services, Plaintiff's students were assigned to other school counselors in February 28, 2023. On March 9, 2023 APS hired an independent investigative firm to investigate Ms. Lipe's use of leave. Two weeks later she took a yearlong leave of absence, culminating in her voluntary resignation on April 8, 2024.

Defendant further contends that Plaintiff has failed to state a claim for any FMLA violations. Plaintiff has failed to state a claim for which relief may be granted. Plaintiff's claims are barred by laches, waiver, unclean hands, and estoppel doctrines. Plaintiff is barred, in whole or in part, because all of APS' actions or inactions concerning Plaintiff complied with all relevant and applicable laws and were based on legitimate, nondiscriminatory, and non-retaliatory reasons, and neither Plaintiff's alleged disability or alleged whistleblowing or any other protected characteristic was a motivating, determinative, or any factor in APS' actions and/or inactions with regard to Plaintiff. At all times relevant hereto, the actions of APS were reasonable, proper and legal. Plaintiff's request for an accommodation was not reasonable. Plaintiff was not denied a reasonable accommodation. Plaintiff suffered no adverse action under the ADA. Plaintiff suffered no adverse action under the NMWPA. Plaintiff's requested modifications would pose an undue burden on APS. Plaintiff's requested modifications would fundamentally alter the services provided by social workers at APS facilities. Plaintiff's ADA claim is barred to the extent that APS made good faith efforts to reasonably accommodate Plaintiff. Plaintiff's claims are barred, in whole or in part, by the fact that APS established procedures reasonably designed, implemented, and enforced to be effective in preventing and detecting unlawful conduct such as that alleged by Plaintiff. Plaintiff's claims are barred to the extent that Plaintiff was not subjected to harassment, retaliation, or discriminatory practices. Plaintiff's claims are barred to the extent that Plaintiff refused to accept

the accommodations offered by APS. APS acted lawfully, in good faith, and was fully compliant with ADA requirements and NMWPA standards as they relate to Plaintiff. Joint and several liability is barred as to a governmental entity and its employees. PS had legitimate, non-discriminatory and non-retaliatory reasons for having taken the actions it did (which were not adverse to Plaintiff), regarding Plaintiff's employment. APS took no discriminatory or adverse employment action against Plaintiff in the terms and conditions of her public employment. Plaintiff did not suffer any adverse employment action because of her alleged protected activity and cannot establish a causal connection between any alleged protected activity and any adverse employment action. No significant change in Plaintiff's employment occurred as a result of APS' actions or inactions. Plaintiff voluntarily took extended leave from APS.

Plaintiff's personal disagreements with legitimate managerial decisions and her communications regarding her personal personnel grievances were properly investigated and determined to be unfounded. Plaintiff's failure to comply with APS policies and failure to cooperate in an investigation regarding excessive use of leave is the cause of any injuries or damages Plaintiff claims, which are expressly denied. Plaintiff's neglect in relation to her work duties is the cause of any injuries or damages Plaintiff claims. Plaintiff's neglect in relation to her work duties is the cause of any injuries or damages Plaintiff claims. Plaintiff was not entitled to paid leave as alleged in the Complaint. To the extent that Plaintiff's "reputation" was damaged, (which is expressly denied), APS is not legally responsible and such damage. Plaintiff's conduct is the cause of damage, if any, to her reputation, and/or alleged loss of employment opportunities, both of which are expressly denied .

Plaintiff cannot recover damages for failure to accommodate her in violation of the ADA because APS consulted with Plaintiff in good faith to identify and make a reasonable

accommodation that would provide Plaintiff with an equally effective opportunity that would not cause an undue hardship on the operation of APS operations. Plaintiff cannot recover damages for alleged retaliatory conduct related to her alleged whistleblowing activity because APS took no employment actions that were adverse or that were motivated in any way, based on her alleged whistleblowing activity. Plaintiff cannot establish any temporal proximity between her alleged whistleblowing activity and the alleged unlawful retaliation she claims to have suffered. Plaintiff cannot meet her burden in establishing a prima facie case of disability discrimination or retaliatory conduct in violation of the NMWPA. Plaintiff cannot establish proximate cause or pretextual and illegal or improper conduct by APS as a result of her alleged whistleblower activity. APS took appropriate corrective action based on the New Mexico Publication Education Department's findings. Plaintiff cannot recover against APS (for any damages claimed which are expressly denied), to the extent that Plaintiff failed to make reasonable efforts to mitigate her alleged damages. Alternatively, to the extent that Plaintiff has mitigated her alleged damages, APS is entitled to offset those amounts from any alleged damages. The proximate cause of Plaintiffs damages, if any, was acts of individuals not under the direction, control or supervision of APS. Plaintiff's claims are barred, in whole or in part, because all employment decisions made with regard to Plaintiff were at all times motivated by legitimate, non-discriminatory and lawful factors, and APS at no time acted in an unlawful manner in connection with Plaintiff's employment. Plaintiff's punitive damages claims are barred because APS did not act with malice or with reckless indifference to the federally protected rights of Plaintiff. Plaintiff is not entitled to punitive damages because APS made good faith efforts to comply with the ADA and other applicable laws. Plaintiff is not entitled to punitive damages as to APS as it is a governmental agency.

*Source: NM UJI 13-302C*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35**

A "disability" is a [physical] [mental] impairment that substantially limits one or more major life activities.

In determining whether Plaintiff Lipe's impairment substantially limits [his/her] ability to [specify major life activity affected], you should compare her ability to [specify major life activity affected] with that of the average person. In doing so, you should also consider:

1. The nature and severity of the impairment;

2. How long the impairment will last or is expected to last; and

3. The permanent or long-term impact, or expected impact, of the impairment. (Temporary impairments with little or no long-term impact are not sufficient).

In determining whether an impairment substantially limits a major life activity, you must consider the impairment without regard to the effects of such measures as medication, therapies, or surgery. In doing so, you may consider evidence of the expected course of a particular disorder without medication, therapies, or surgery.

If an impairment is episodic or in remission, it is still a "disability" if it substantially limited a major life activity when it was active or if it would substantially limit a major life activity when active.

*Source:* 5th Circuit Stock Instruction 11.10.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36**

Essential functions are the fundamental job duties of the Plaintiff's job position. Essential functions do not include marginal duties.

In deciding whether a job function was essential, you may consider:

1. APS's judgment about which functions were essential;
2. Written job descriptions prepared to advertise a job or used to interview applicants;
3. The amount of time spent on the job performing the function in question;
4. The consequences of not requiring Plaintiff to perform the function;
5. The work experience of employees who held the same job; and
6. The current work experience of persons in similar jobs.

A temporary accommodation exempting an employee from certain job requirements does not demonstrate that those job functions are nonessential.

*Source*: 5th Circuit Stock Instruction 11.7(G); 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(n); *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1191-92 (10th Cir. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37**

When an employee requests an accommodation, the employer and employee must engage in an interactive process that begins with the employee providing notice to the employer of the employee's disability and any resulting limitations, and expressing a desire for reassignment to another job within the company.

The interactive process required good-faith communications between APS and Plaintiff regarding what other jobs existed within APS that were vacant, for which Plaintiff would be qualified to perform.

Even if APS failed to fulfill its interactive obligations to help secure a reassignment position for Plaintiff because she could no longer perform the essential duties of her job, Plaintiff cannot recover under the ADA unless she can also show that a reasonable accommodation was possible and would have led to a reassignment position.

*Source*: 5th Circuit Stock Instruction 11.7(G)42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.2(o)(3); *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1171-75 (10th Cir. 1999) (en banc); *Bartee v. Michelin N. Am., Inc.*, 374 F.3d 906, 916 (10th Cir. 2004).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38**

Plaintiff claims APS retaliated against her because she requested accommodation, asserted rights under the ADA, or opposed conduct she reasonably believed violated the ADA. APS denies Plaintiff's claim and asserts that APS accommodated Plaintiff's request as reasonably possible by modifying equipment and devices, and the in person counseling services to special needs children required of Plaintiff's job was an essential function that could not be reasonably accommodated by permitting Plaintiff to work remotely.

To prove ADA retaliation, Plaintiff must prove each of the following by a preponderance of the evidence:

1. Plaintiff engaged in protected ADA activity;
2. APS took an action that was materially adverse to Plaintiff; and
3. There was a causal connection between Plaintiff's protected ADA activity and APS's materially adverse action.

A materially adverse action is an action that might have dissuaded a reasonable employee from making or supporting a charge of discrimination.

Plaintiff does not have to prove that APS's action was an ultimate employment action, such as termination. Actions short of termination may be materially adverse if they would likely deter a reasonable employee from asserting ADA rights.

*Source*: 5th Circuit Stock Instruction 11.11(A), (B); 42 U.S.C. § 12203(a); *Foster v. Mountain Coal Co.*, 830 F.3d 1178, 1186-88 (10th Cir. 2016); *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208-09 (10th Cir. 2007); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 657 (5th Cir. 2012).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 39**

Plaintiff claims that APS breached a contract by fundamentally failing to perform an obligation that is an essential purpose of the contract. To prove breach of contract, Plaintiff must prove each of the following by a preponderance of the evidence:

1. A valid and binding contract existed between Plaintiff and APS;

2. Plaintiff complied with the contract and performed her obligations under it;

3. APS breached the contract;

4. APS proximately caused the alleged injury under the contract; and

5. APS's breach caused Plaintiff damages.

Plaintiff claims that APS breached her employment contract by not paying her for her accrued leave for her medical condition, interfering with her leave, and threatening disciplinary action. APS disputes these claims and contends that Plaintiff was fully paid for all accrued leave, and took all leave that she was entitled to while on extended intermittent and personal leave.

*Source*: UJI 13-801, 13-822 NMRA; *Collado v. City of Albuquerque*, 2002-NMCA-048, ¶ 15, 132 N.M. 133, 45 P.3d 73; *Abreu v. N.M. Children, Youth & Families Dep't*, 797 F. App'x 320, 326 (10th Cir. 2019).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40**

A contract is a legally enforceable promise or set of promises. In order for a promise to be legally enforceable, there must be an offer, acceptance, consideration, and mutual assent,. In this case, the parties agree that Plaintiff had an employment contract for the 2022 / 2023 school year. What is in dispute is whether Plaintiff had an employment contract for the 2023 / 2024 school year and whether the ATF Negotiated Agreement pertains to her breach of contract claims, since she failed to exhaust her administrative remedies.

You must decide whether Plaintiff has proven the existence of a contract or enforceable contractual obligation based on the evidence.

*Source*: UJI 13-801 NMRA; *Pope v. Gap, Inc.*, 1998-NMCA-103, ¶ 11, 125 N.M. 376, 961 P.2d 1283; *Hartbarger v. Frank Paxton Co.*, 1993-NMSC-029, ¶¶ 7-10, 115 N.M. 665, 857 P.2d 776.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 41**

Under New Mexico law, for a breach of contract to succeed, Plaintiff must establish that APS breached her employment contract by fundamentally failing to perform an obligation that is an essential purpose of the contract.

For you to find APS liable to Plaintiff, you must find that APS breached its contract with Plaintiff. A party may breach a contract by failing to perform a contractual obligation such as payment of accrued leave, facilitating Plaintiff's ability to take extended leave, return to employment, and continuation of Plaintiff's service with APS.

You must decide whether APS breached the contract based on the evidence and the contract terms you find apply.

*Source*: UJI 13-822, 13-823 NMRA; *Camino Real Mobile Home Park P'ship v. Wolfe*, 1995-NMSC-013, ¶ 18, 119 N.M. 436, 891 P.2d 1190; *KidsKare v. Mann*, 2015 NMCA-064, 350 P.3d 1228, 1234 (2015).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 42**

If you should decide in favor of Plaintiff on any of her claims of breach of contract, then you must fix the amount of money which will reasonably and fairly compensate Plaintiff for damages that resulted from APS's breach.

1. Plaintiff seeks direct damages for the following: (insert the proper elements of direct damages). Direct damages are damages that arise naturally and necessarily as the result of the breach. The direct damages you award for breach of contract must be the amount of money that will place Plaintiff in the position she would have been in if the contract had been performed.

2. In addition to direct damages, Plaintiff also seeks to recover damages for the following: (elements of other categories of damages which may be sought).

*Source:* UJI 13-843 NMRA

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 43**

Protected ADA activity includes requesting a reasonable accommodation, participating in an ADA accommodation process, engaging in activity protected by the ADA or asserting rights protected by the ADA. An individual is protected by the ADA if they have an impairment or a record of impairment, if the activities they allege are affected by the impairment are major life activities, and the impairment substantially limits major life activities. Major life activities include caring for oneself, performing manual tasks, walking seeing, hearing, speaking, breathing, learning, sleeping, sitting, standing, lifting, reaching, and working.

Plaintiff contends she engaged in protected ADA activity by requesting disability-related accommodation, participating in the accommodation process, and asserting rights connected to her disability and accommodation needs.

An inadequate request for an accommodation that does not trigger an employer's duty to provide a reasonable accommodation will never be protected activity under the ADA.

You must decide whether Plaintiff engaged in protected ADA activity based on the evidence.

*Source*: 42 U.S.C. § 12203(a); *Foster v. Mountain Coal Co.*, 830 F.3d 1178, 1187-88 (10th Cir. 2016); *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1264-65 (10th Cir. 2001); *Doyal v. Oklahoma Heart, Inc.*, 213 F.3d 492, 495-496 (10th Cir. 2000)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 44**

The law requires an employer to make reasonable accommodations for an employee's disability. To succeed in this case, Plaintiff Lipe must prove each of the following by a preponderance of the evidence:

1. Plaintiff Lipe could have performed the essential functions of the school counselor position when Defendant APS [specify adverse employment action] if Plaintiff Lipe had been provided with the ability to work from home beyond intermittent leave;

2. Plaintiff had [specify impairment];

3. Such [specify impairment] substantially limited Plaintiff Lipe's ability to [specify major life activity or activities affected];

4. Defendant APS knew of Plaintiff Lipe's [specify impairment];

5. Plaintiff Lipe requested an accommodation;

6. Providing an accommodation would have been reasonable; and

7. Defendant APS failed to provide a reasonable accommodation.

*Source:* 5th Circuit Stock Instruction 11.10 (Modified)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45**

To establish a discrimination claim under the ADA, Plaintiff must show that:

1. She is disabled;
2. She is "otherwise qualified"; **and**
3. She requested a reasonable accommodation.

*Source: Punt v. Kelly Servs., 862 F. 3d 1040, 1050 (10th Cir. 2017).*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 46**

To establish a claim for discrimination under the ADA, Plaintiff must prove APS did not demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

*Source:* 42 U.S.C. § 1212(b)(5)(a)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 47**

To determine whether a person is a "qualified individual" under the ADA, you must determine whether the individual can perform the essential functions of the job.

*Source: Davidson v. Am. Online, Inc.,* 337 F.3d 1179, 1190(10th Cir. 2003)(citations omitted).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 48**

The phrase "reasonable accommodation" refers to accommodations that presently, or in the near future, enable the employee to perform the essential functions of her job.

*Source: Aubrey v. Koppes,* 975 F. 3d 995, 1007(10th Cir. 20215).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 49**

A proposed accommodation is not reasonable on its face if it would not enable the employee to perform the essential functions of her job.

*Source:* 29 C.F.R. § 1630.2(o)(1)(ii).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 50**

The ADA does not require an employer to provide an employee's preferred accommodation.

*Source: Selenke v. Med. Imaging of Colorado,* 248 F. 3d 1249, 1263 (10th Cir. 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 51**

An adverse employment action is any action which constitutes a significant change in compensation, terms, conditions or privileges of employment.

To constitute an adverse employment action, the action a plaintiff alleges must amount to a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or causing a significant change in benefits. A change in a supervisor's manner attributable to an increase of predictable tension in a workplace after a discrimination charge is filed is not adverse employment action. An involuntary lateral transfer, without more, does not constitute an adverse employment action, if a plaintiff's salary, benefits and responsibilities were not altered.

*Source: Burlington Industries v. Ellerth, 524 U.S. 742, 761 (1998)*

*Ocana v. American Furniture Co., 2004-NMSC-18, 135 N.M. 539, 91 P.3d 58*

*Stover v. Martinez, 382 F.3d 1064, 1071 (10th Cir., 2004)*

*Heno v. Sprint, 208 F.3d 847, 857-58 (10th Cir., 2000)*

*Sanchez v. Denver Public Schools, 164 F.3d 527, 532 (10th Cir., 1998)*

*Cole v. Ruidoso Mun. Schools, 43 F.3d 1373, 1381 (10th Cir., 1994)*

*Fortner v. State of Kansas, 934 F. Supp. 1252, 1268 (D. Kan., 1996)*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 52**

If you find that Defendant APS's [specify adverse employment action] Plaintiff Tatia Lipe because of Plaintiff Lipe's [specify disability], then you must find for Plaintiff Lipe, unless Defendant APS proves by a preponderance of the evidence that requiring in-person work for school social workers was a business necessity. Business necessity is a defense to certain discrimination claims under the ADA. To establish this defense, Defendant APS must prove by a preponderance of the evidence that its application of ability to work from home as a school social worker was: 1. uniformly applied; 2. job-related for the position in question; 3. consistent with business necessity; and 4. cannot be met by a person with [specify disability] even with a reasonable accommodation.

*Source: 5th Circuit Stock Instruction 11.12*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 53**

For Plaintiff to prevail in her claim under the New Mexico Whistleblower Protection Act ("NMWPA"), she must prove that:

(1) Plaintiff is a public employee and Defendant APS is a public employer;

(2) Plaintiff engaged in activity protected by the NMWPA;

(3) Defendant APS took an adverse employment action against Plaintiff;

(4) A causal connection exists between the protected activity and the adverse employment claim; and

(5) Plaintiff suffered damages as a result of retaliatory action.

For purposes of this matter, it is undisputed that Plaintiff was a public employee and Defendant APS is a public employer.

*Sources:* NMSA §§ 10-16C-2 to 10-16C-4; *Deschamps v. New Mexico Department of Health*, 750 F. Supp. 3d. 1275, 1285 (D. NM 2024); *Walton v. New Mexico State Land Office,* 113 F. Supp. 3d 1178, 1199 (D.N.M. 2015)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 54**

An activity protected under the NMWPA includes:

(1) Communicating to the public employer or a third party information about an action or failure to act that the Plaintiff believes in good faith constitutes an unlawful or improper act;

(2) Providing information to, or testifying before, a public body as part of an investigation, hearing or inquiry into an unlawful or improper act; or

(3) Objecting to or refusing to participate in an activity, policy or practice that constitutes an unlawful or improper act.

Plaintiff alleges that her whistleblower complaint refers to the systemic complaint Plaintiff filed with the New Mexico Public Education Department ("PED") on February 7, 2022 under Case No. C2122-14.[1]

*Sources:* NMSA §§ 10-16C-3; *Walton v. New Mexico State Land Office,* 113 F. Supp. 3d 1178, 1199 (D.N.M. 2015)

[1] *See* Plaintiff's Supplemental Discovery Response filed March 9, 2025.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 55**

An adverse employment action would occur if Defendant APS took any discriminatory or adverse employment action against Plaintiff in the terms and conditions of her employment with APS. Whether something qualifies as an adverse employment action under the NMWPA must be determined in reference to an employee's terms and conditions of employment in the employment relationship that in fact existed between employer and employee.

Demotions, extreme pay cuts, transfer to unbearable working conditions, threats of termination, retaliation and unreasonable criticism have been recognized as qualifying adverse employment actions in New Mexico.

*Sources: NMSA §§ 10-16C-3; Walton v. New Mexico State Land Office, 113 F. Supp. 3d 1178, 1199 (D.N.M. 2015); Deschamps v. New Mexico Department of Health, 750 F. Supp. 3d. 1275, 1285 (D. NM 2024); Velasquez v. Regents of N. New Mexico Coll., 2021-NMCA-007, ¶ 63, 484 P.3d 970; Einess v. Tresco, Inc. 44 F. Supp.3d 1082, 1092 (D. NM 2014).*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 56**

There must be close temporal proximity between the protected activity under the NMWPA and the adverse employment action. Temporal proximity means that the adverse action must occur closely following the protected activity.

If a gap of more than three months occurs between the protected activity and the adverse action, Plaintiff must offer additional evidence to establish causation."

*Sources:* *Proctor v. United Parcel Serv., Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1209 (10th Cir. 2007); *Walton v. New Mexico State Land Office*, 113 F. Supp. 3d 1178, 1190 (D.N.M. 2015); *Gerald v. Locksle*y, 785 F. Supp. 2d 1074, 1099-1100; *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 57**

If you decide in favor of Tatia Lipe on [any of] Tatia Lipe's claim[s] under the Whistleblower Protection Act, then you must fix the amount of money damages that will reasonably and fairly compensate Tatia Lipe for any of the following elements of damages proved to have resulted from the wrongful conduct of __________ APS.

[(1) The wages __________ (*name of plaintiff*) would have earned during the period that __________ (*name of plaintiff*) would have remained employed by __________ (*defendant*) had there been no retaliatory action.]

[(2) The value of employment benefits, including __________ (*insert specific benefits at issue*).]

[(3) Compensation for any __________ (*insert any special damage*) sustained as a result of the violation.]

Whether any of these elements of damages has been proved by the evidence is for you to determine. Your verdict must be based on proof, and not on speculation, guess, or conjecture. Further, sympathy for a person, or prejudice against any party, should not affect your verdict and is not a proper basis for determining damages.

*Source:* NM UJI 13-2326

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 58**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. Please pay close attention to these instructions. I will read them only once, but the written instructions will be given to you to take to the jury room.

It is your duty to follow the law as I give it to you. On the other hand, you the jurors are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

*Sources:First two paragraphs of 5th Circuit Pattern Instruction 3.1*

*Portion of NM UJI 13-301 (last two sentences of first paragraph).*

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 59**

Upon retiring to the jury room, and before commencing your deliberations, you will first elect a foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

You will be given the Court's instructions and [a special] verdict form[s]. [In this case it will be necessary for you to answer the preliminary questions presented to you on the verdict form.]

If you recess during your deliberations, follow all of the instructions that I have given you about your conduct during the trial.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing on one of the forms that my court staff will provide to you. Your note should be signed by the foreperson and then passed to the court security officer who will bring it to my attention. Never attempt to communicate with me except by a written note signed by your foreperson. I will respond as promptly as possible, either in writing or by having you returned to the courtroom. I will always first disclose to the attorneys your question and my response before I answer your question. If I reply to you in writing, please leave both the message and the reply in the jury room. These documents should not be thrown away, even at the conclusion of your deliberations.

Bear in mind always that you are not to reveal to me or to any person how you stand, numerically or otherwise, until you have reached a unanimous verdict. Do not disclose any vote count in any communications with the Court.

After you have reached your unanimous verdict, your foreperson is to fill in the answers to the questions on the verdict form and date and sign the form. The completed, signed verdict form should then be placed in the envelope that will be provided to you. After completing the verdict

form, please also send a note to the court security officer indicating that you have reached a verdict and are ready to return to the courtroom. Again, any notes you pass to the court security officer should not state what your verdict is or how you have voted.

DATED this _____ day of _____________, 2026.

Gregory B. Wormuth
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

vs. Case No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION

Defendants.

**APS'S ANNOTATED SPECIAL VERDICT FORM**

On the questions submitted, the jury finds as follows:

**Question No. 1:** On Ms. Lipe's claim under the Americans with Disabilities Act ("**ADA")** against APS, we the jury find in favor of ____________________ (Ms. Lipe or APS).

*Please Note: If you found in favor of APS on Question No. 1, you do not answer Question No.2 and go to Question No. 3*

**Question No. 2:** In accordance with the damages instructions given by the Court, we the jury find the total amount of compensatory damages suffered by Ms. Lipe on her **ADA** claims on which we found in her favor to be $ __________________.

*Please Note: Go to Question No. 3.*

**Question No. 3:** On Ms. Lipe's **Whistleblower Protections Act** ("**WPA**") claim against APS, we the jury find in favor of _________________________________ (Ms. Lipe or APS).

*Please Note: If you found in favor of APS on Question No. 3, you do not answer Question No.4 and go to Question No. 5 .*

**Question No.4:** In accordance with the damages instructions given by the Court, we the jury find the total amount of compensatory damages suffered by Ms. Lipe on her **WPA** claims on which we found in her favor to be $ ________________.

*Please Note: Go to Question No. 5.*

**Question No. 5:** On Plaintiff's **Breach of Contract** Claim against Defendant APS, we the jury find in favor of ________________________(Ms. Lipe or APS).

*Please Note: If you found in favor of APS on Question No. 5, you do not answer Question No. 6 and go to Question No.7.*

**Question No. 6:** In accordance with the damages instructions given by the Court, we the jury find the total amount of compensatory damages suffered by the Plaintiff on her **Breach of Contract** claims on which we found in her favor to be $ ___________________.

*Please note: If you awarded damages in answer to Question Nos. 2, 4 or 6, you must answer Question No. 7. If you did not award damages in answer to Question Nos. 2, 4 and 6, you must skip Question No. 7, have the foreperson sign this form and return to the Courtroom.*

**Question No. 7:** In considering Ms. Lipe's damages, we the jury find that Ms. Lipe's damages Did ______ or Did Not _______ arise from the same injuries. (Check one)

*Please note: If you found that Ms. Lipe's damages* ***did*** *arise from the same injuries, you must answer Question No. 8. If you found that Ms. Lipe's damages* ***did not*** *arise from the same injuries, skip Question No. 8, have the foreperson sign this form and return to the Courtroom.*

**Question No. 8:** Considering the damages to Ms. Lipe arose from the same injuries, and the Court's instruction that a plaintiff may not recover more than once for the same injuries, despite different theories of claims, we the jury find the total amount of damages to be _____________________.

*Your deliberations are complete. Have the foreperson sign this form and return to the Courtroom.*

_________________________________
Foreperson's signature

*Source: UJI Ch. 22 Introduction (recommending that special verdict forms be tailored to the number of parties and the types of claims involved).*