IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO APS'S MOTION IN LIMINE TO EXCLUDE ADMISSION OF AND ALL REFERENCES TO EVIDENCE THAT WAS NOT PREVIOUSLY PRODUCED [DOC. 305]**

Plaintiff Tatia Lipe respectfully submits this Response in Opposition to Albuquerque Public Schools' Motion in Limine to Exclude Admission of and All References to Evidence That Was Not Previously Produced [Doc. 305]. APS' motion should be denied.

APS asks for a sweeping exclusion order while admitting that, when it filed the motion, it had not seen Plaintiff's trial exhibit list. Doc. 305 at 2. That admission should end the motion. APS cannot obtain a blanket pretrial ruling excluding unidentified evidence, unidentified exhibits, unidentified recordings, unidentified emails, unidentified tax or medical records, and unidentified testimony based on speculation about what Plaintiff might offer at trial.

This motion is legally unsupported and strategically misleading. APS cites Rules 401, 402, 403, and 404(b), but the relief it seeks is not a relevance ruling, not a Rule 403 ruling, and not a Rule 404(b) ruling. It is a discovery-sanctions request in disguise. APS does not identify a specific item of evidence, a specific disclosure obligation, a specific violation, a specific prejudice, or any

inability to cure. APS instead asks for exclusion first and analysis later. The Federal Rules do not permit that shortcut.

## I. APS ADMITS IT CANNOT IDENTIFY THE SPECIFIC EVIDENCE IT SEEKS TO EXCLUDE.

APS states that it had not seen Plaintiff's trial exhibit list when it filed Doc. 305, but nevertheless asks the Court to exclude "evidence that was not previously produced," including emails, tax returns, medical records, and audio recordings. Doc. 305 at 2. That is not an evidentiary objection. It is a speculative request for an advisory exclusion order.

A motion in limine must be tied to identifiable evidence and an identifiable ground for exclusion. APS has not identified the exhibit, the witness, the document, the recording, the disclosure obligation, the alleged violation, or the prejudice. The Court should not enter a sweeping exclusion order based on APS' prediction that Plaintiff may offer evidence APS dislikes.

APS's own motion confirms the problem. It does not say which emails were supposedly not produced. It does not identify which tax records it claims were withheld. It does not identify which medical record was undisclosed. It does not identify which recording it claims was not produced. It does not identify which trial exhibit is at issue. A categorical exclusion order on that record would be premature and improper.

## II. APS CANNOT USE A MOTION IN LIMINE TO OBTAIN A DISCOVERY SANCTION WITHOUT SATISFYING RULE 37.

APS dresses its motion in Rules 401, 402, 403, and 404(b), but the substance of the request is exclusion for an alleged discovery failure. That relief is governed by the civil discovery rules, including Fed. R. Civ. P. 26 and 37, and the Tenth Circuit's Rule 37(c)(1) framework.

Under Rule 37(c)(1), exclusion is not automatic simply because APS says something was not produced. The Court considers the Woodworker's factors: (1) prejudice or surprise; (2) ability to

cure; (3) disruption of trial; and (4) bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). APS does not meaningfully address those factors because it has not identified the evidence. It is impossible to evaluate prejudice, cure, disruption, or willfulness in the abstract.

That defect is fatal. APS cannot bypass the required Rule 37 analysis by calling its sanctions request a motion in limine. If APS contends a specific item was not disclosed, it must identify the specific item and make the required showing. It may not obtain categorical exclusion of broad categories of Plaintiff's proof based on a generic accusation.

**III. APS ALREADY LOST AND WAIVED RELATED DISCOVERY ARGUMENTS CONCERNING MEDICAL, DAMAGES, AND TAX MATERIALS.**

APS's examples also expose another defect. APS references tax returns and medical records as examples of evidence it wants excluded. Doc. 305 at 2. But APS already litigated related discovery complaints concerning Plaintiff's medical records, income, tax records, and damages materials. The Court denied APS's motion to compel as untimely. Doc. 182 at 1-2.

The Court's ruling was explicit: Plaintiff served her discovery responses on November 20, 2024; APS did not formally request supplementation until December 29, 2025; APS did not file its motion to compel until January 9, 2026; APS's motion was "inexcusably late" and "more than a year overdue"; and APS "waived any right to challenge Plaintiff's objections" under D.N.M.LR-Civ. 26.6. Doc. 182 at 2; see *Miller v. Auto. Club of N.M., Inc.*, 420 F.3d 1098, 1119-20 (10th Cir. 2005).

APS cannot now repackage that waived discovery dispute as a motion in limine. A motion in limine is not an appeal from a denied motion to compel. It is not a substitute for timely discovery

motion practice. And it is not a vehicle to obtain the exclusion sanction APS failed to earn under Rule 37.

**IV. PLAINTIFF'S PRODUCTION LOG AND TRANSMISSION RECORDS FURTHER DEFEAT APS'S SPECULATIVE NONPRODUCTION CLAIMS.**

APS's premise is further undermined by the existing production record. Plaintiff previously advised the Court that she served verified discovery responses with a Bates-stamped document production and executed authorizations on November 20, 2024. Doc. 179 at 2, 5. Plaintiff also explained that she served substantive production, executed authorizations permitting APS to obtain records directly from third-party medical and pharmacy providers, and provided a Bates-stamped production identifying the materials produced. Doc. 179 at 12-13. APS did not timely challenge those responses, and the Court later held APS's motion to compel was 'inexcusably late,' 'more than a year overdue,' and waived under D.N.M.LR-Civ. 26.6. Doc. 182 at 2.

Plaintiff has filed the Notice of Filing Affidavit of Gerry Richardson Regarding Plaintiff's Discovery Productions, Audio Links, Releases, Certificates of Service, and Production Log. That filing includes numbered exhibits, including Ms. Richardson's affidavit, Plaintiff's original production log, the certificates of service and transmittal records for the productions, and the production emails/Google Drive communications as available. Ms. Richardson was the longtime paralegal to Plaintiff's counsel and had direct responsibility for transmitting productions, exhibits, Google Drive links, Word documents containing embedded live audio links, releases, and related materials to opposing counsel.

Those materials matter because APS's motion is built on an unverified accusation that Plaintiff may attempt to use evidence that was not previously produced. Plaintiff's production log identifies Bates-labeled categories of records, including MaxCapture notes, Progress Towards Goals records, student-service records, parent communications, Antoinette Romero text

messages, sign-in/sign-out logs, performance-accusation communications, damages/refinance records, FMLA/leave materials, EOS/investigation materials, teletherapy/remote-service records, and a document with embedded digital links provided to Defendant. See Notice of Filing, Exs. 1-4.

APS cannot transform the method of transmission into nonproduction. Materials transmitted by email, Google Drive link, Bates-labeled production, certificate of service, or Word documents containing embedded live audio links were produced. If APS had a genuine access issue, the remedy was a timely request, conferral, or motion to compel-not a blanket motion in limine filed after the fact. APS cannot remain silent, fail to timely object, fail to timely move, and then claim trial prejudice from materials reflected in Plaintiff's production history.

**V. APS'S MEDICAL-RECORDS PREMISE IS FALSE AND HAS ALREADY BEEN REBUTTED.**

To the extent APS again suggests that Plaintiff failed to provide medical records, that narrative is false. Plaintiff provided signed releases and provider information. On August 21, 2024, Plaintiff's counsel sent defense counsel a list of providers and signed-release information. Doc. 179-1. Defense counsel later acknowledged on October 24, 2024 that APS had "just received some of Ms. Lipe's medical records" and planned to depose Plaintiff. Doc. 179-2.

APS should not be allowed to ignore records it received or had the ability to obtain directly, then invoke surprise as a trial-exclusion theory. Nor should APS be allowed to use vague references to medical records as a backdoor around Doc. 182 and the waiver ruling. If APS claims a specific medical record was not produced, it must identify that specific record and satisfy Rule 37. It has not done so.

## VI. APS'S "CLANDESTINELY MADE" RECORDING LANGUAGE IS RHETORIC, NOT AN EVIDENTIARY OBJECTION.

APS also refers to "audio recordings she clandestinely made during the course of her employment." Doc. 305 at 2. That phrase is inflammatory rhetoric, not a rule of exclusion. APS identifies no specific recording, no specific disclosure failure, no specific authenticity problem, and no specific prejudice. APS also ignores that Plaintiff was a participant in the relevant conversations and that multiple recordings have been disclosed, used, authenticated, discussed in depositions, or made part of motion practice in this case.

A recording is not inadmissible because APS attaches a pejorative label to it. A recording may be admissible for many proper purposes, including notice, knowledge, motive, pretext, impeachment, inconsistent statements, effect on listener, timeline, or party-opponent admissions. If APS has an objection to a specific recording, it may raise that objection with specificity. It may not obtain blanket exclusion of audio evidence by calling the recordings "clandestine."

## VII. APS'S RULE 404(b) CITATION DOES NOTHING.

APS cites Fed. R. Evid. 404(b), but it does not explain how Rule 404(b) applies to any specific evidence. Doc. 305 at 1. Rule 404(b) governs evidence of other crimes, wrongs, or acts offered for a propensity purpose. APS does not identify any specific other act, any specific proponent purpose, or any Rule 404(b) analysis. The citation is another example of APS asking for categorical exclusion without doing the required evidentiary work.

The Court should not exclude unidentified evidence under Rule 404(b) simply because APS cites the rule. If APS believes Plaintiff offers specific evidence for an improper propensity purpose, APS can make that objection when the evidence is identified and the purpose is known.

## VIII. THE PROPER REMEDY IS SPECIFIC OBJECTION, NOT CATEGORICAL EXCLUSION.

Plaintiff does not contend that every document, email, recording, tax record, medical record, or exhibit is automatically admissible. But APS is not entitled to the opposite presumption: automatic exclusion of broad categories of Plaintiff's proof.

If APS believes a specific item was not disclosed, was not produced, lacks foundation, constitutes hearsay, is irrelevant, is unfairly prejudicial, or violates a pretrial order, APS must identify the item and make the rule-specific argument. The Court can then evaluate the actual exhibit, purpose, disclosure history, prejudice, and available cure. That is the required process. Blanket exclusion is not.

APS's passing hearsay accusation fails for the same reason. Emails, records, and recordings are not categorically hearsay merely because APS says so; depending on the item and purpose, they may be offered for notice, knowledge, effect on the listener, impeachment, foundation, business-record purposes, or as statements of a party opponent. *Alfred v. Caterpillar, Inc.*, 262 F.3d 1083 (10th Cir. 2001), addressed a specific Rule 37(c)(1) nondisclosure problem; it does not authorize blanket exclusion of unidentified evidence without the required item-specific showing.

The Court should also consider the obvious prejudice to Plaintiff if APS's request is granted. APS's motion is broad enough to reach emails, medical evidence, damages evidence, audio recordings, internal APS records, IPRA-produced records, records obtained from APS itself, documents already filed in the record, impeachment material, deposition-related exhibits, and evidence central to ADA, FMLA, WPA, breach-of-contract, causation, pretext, credibility, and damages. APS cannot use a speculative motion in limine to gut Plaintiff's trial proof before the evidence is even identified.

**CONCLUSION**

APS's motion should be denied. APS admits it had not seen Plaintiff's exhibit list, fails to identify the evidence it seeks to exclude, cites evidentiary rules that do not supply the requested sanction, ignores the Rule 37 framework, and attempts to revive discovery disputes the Court already held were waived.

If APS has a specific objection to a specific exhibit or item of testimony, it may raise that objection with specificity outside the presence of the jury. But APS is not entitled to categorical exclusion of unidentified evidence based on speculation, rhetoric, and waived discovery complaints. Plaintiff respectfully requests that the Court deny APS's Motion in Limine to Exclude Admission of and All References to Evidence That Was Not Previously Produced [Doc. 305].

Respectfully submitted,

/s/ Boglarka Foghi, Esq.

Boglarka Foghi
FOGHI LAW FIRM, LLC
P.O. Box 944
Corrales, NM 87048
(505) 220-5691
foghilaw@yahoo.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of June, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka Foghi*
Boglarka Foghi