IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT APS'S MOTION IN LIMINE AND MEMORANDUM OF LAW TO EXCLUDE ALL EVIDENCE, EXHIBITS, OR REFERENCE TO FERPA-PROTECTED INFORMATION AND IDENTIFICATION [DOC. 302]**

Plaintiff Tatia Lipe responds in opposition to Defendant Albuquerque Public Schools' Motion in Limine and Memorandum of Law to Exclude All Evidence, Exhibits, or Reference to FERPA-Protected Information and Identification [Doc. 302]. The motion should be denied because it is internally incoherent, speculative, and overbroad. APS also invokes New Mexico evidentiary rules in a federal jury trial while seeking a federal evidentiary ruling, which further confirms that the motion is not tied to a valid, evidence-specific federal rule of exclusion.

APS captions the motion as a FERPA motion, opens by asking to exclude policy/procedure-violation arguments, admits it cannot identify the specific documents, items, or information it seeks to exclude, and concludes by asking the Court to exclude 'all hearsay testimony and documents.' Doc. 302 at 1-3. The Court should not enter a sweeping pretrial exclusion order based on a motion that cannot keep straight whether it seeks FERPA protection, policy-evidence exclusion, or hearsay exclusion.

Plaintiff does not oppose protecting student privacy. Plaintiff opposes APS's attempt to use FERPA as a litigation eraser. APS's motion is especially dangerous because it is framed broadly enough to reach not only student names, but Plaintiff's notes, records, service documentation,

advocacy communications, PED complaint materials, parent/student witness testimony, and the student-service context that explains Plaintiff's protected activity. FERPA protects student privacy. It does not protect APS's trial narrative, erase Plaintiff's records and notes, or bar the jury from hearing why Plaintiff advocated for students with disabilities.

**I. APS'S MOTION IS INTERNALLY INCOHERENT AND CANNOT SUPPORT BLANKET EXCLUSION.**

APS's motion fails at the threshold because it is not a targeted FERPA motion. It is internally incoherent. It is titled as a FERPA motion, but the first paragraph asks the Court to exclude 'all arguments and inferences that any alleged policy or procedure violations can be equated to or are per se violations of the state or federal law or the standard of care.' Doc. 302 at 1. That language belongs, if anywhere, in a policy-evidence motion, not a FERPA motion.

The motion then shifts to FERPA, but admits APS had not yet received Plaintiff's exhibit list and 'cannot identify specific documents, items, or information Plaintiff may seek to introduce.' Doc. 302 at 2. That admission should end the motion. A party cannot obtain categorical pretrial exclusion of unidentified documents, unidentified exhibits, unidentified testimony, and unidentified witness evidence based on speculation.

The motion then concludes by requesting exclusion of 'all hearsay testimony and documents.' Doc. 302 at 3. That is a different motion entirely. The Court should not grant a broad exclusion order from a motion that moves between policy violations, student privacy, unidentified exhibits, and hearsay without identifying the actual evidence at issue or the applicable rule-based objection.

APS's hearsay request fails for the same reason. FERPA is not a hearsay rule, and hearsay objections require the Court to know the specific statement, declarant, purpose, and exception or exclusion at issue. APS identifies none of those things.

This incoherence matters. APS is not asking for a targeted FERPA protocol. It is asking for a broad order that could suppress student-advocacy evidence, parent testimony, adult-former-student testimony, protected-activity evidence, and evidence concerning Justin Griego's conduct. APS's lack of precision is not harmless; it is the mechanism by which APS seeks overbroad exclusion.

**II. THE COURT ALREADY HAS A CONFIDENTIALITY FRAMEWORK; APS IGNORES THAT TARGETED PROTECTION IS AVAILABLE.**

APS's requested blanket exclusion ignores the existing confidentiality framework in this case. At the September 3, 2025 discovery hearing, the Court already recognized that confidential information could be handled through targeted measures, ordering that information be provided 'with either redactions or pursuant to a stipulated protective order.' Doc. 146 at 3-4.

The docket confirms the same point. APS and Plaintiff later filed a Joint Motion for Protective Order, and the Court granted that motion. Docs. 258, 259. APS therefore cannot plausibly argue that exclusion is the only available mechanism to protect sensitive information.

APS's own filing confirms that targeted protection works. APS filed deposition excerpts as Exhibit A with student names redacted, demonstrating that initials, redactions, and controlled presentation are available alternatives to exclusion. See Doc. 302-1 at 2-6.

The Court already has the tools needed to protect student privacy: initials, redactions, protective-order treatment, sealing where appropriate, proffers outside the jury's presence, limiting instructions, and targeted rulings on specific exhibits or testimony. APS skips those tools and

asks for categorical exclusion instead. That is not FERPA compliance. It is an attempt to use FERPA as an exclusion device to suppress evidence central to Plaintiff's claims.

**III. FERPA IS NOT A WITNESS-EXCLUSION RULE AND DOES NOT BAR TESTIMONY FROM A PARENT OR AN ADULT FORMER STUDENT WITH PERSONAL KNOWLEDGE.**

APS's motion is also overbroad because it could be read to exclude or chill testimony from witnesses with direct personal knowledge, including a parent of a student and a former student who is now an adult. FERPA protects student privacy in educational records. It does not create a categorical bar preventing a parent or an adult former student from testifying about their own experiences, communications, observations, or knowledge relevant to this case.

This distinction is critical. Plaintiff has identified a parent witness and a former student who is now an adult. Their testimony is not offered to invade student privacy. It is offered because the facts underlying Plaintiff's advocacy, APS's knowledge, and the conduct of APS personnel - including Justin Griego - are directly relevant to protected activity, notice, motive, pretext, causation, credibility, and damages. APS cannot convert FERPA into a witness-exclusion rule.

APS's Exhibit A confirms the point: the excerpt identifies one former student witness as an adult in his twenties, while redacting the name. Doc. 302-1 at 2. FERPA does not give APS a categorical right to prevent an adult former student from testifying about his own experiences or observations.

If any testimony or exhibit risks unnecessary disclosure of personally identifiable student information, the remedy is not categorical exclusion. The remedy is redaction, initials, sealing where appropriate, a limiting instruction, or a proffer outside the jury's presence. FERPA

protects students; it does not give APS a veto over testimony from witnesses with personal knowledge.

**IV. APS'S FERPA FRAMING MISCHARACTERIZES PLAINTIFF'S PROFESSIONAL ROLE AS A LICENSED CLINICAL SOCIAL WORKER AND SCHOOL SOCIAL WORKER.**

APS's motion also mischaracterizes the professional context in which the student-related evidence arises. Plaintiff was not a random employee discussing students for no legitimate purpose. Plaintiff was a licensed clinical social worker serving as a school social worker. Her role necessarily involved student-service advocacy, special-education concerns, communication with parents and staff, documentation of services, and efforts to address barriers affecting students with disabilities.

That professional context matters. New Mexico's social-work code of conduct states that a social worker's primary responsibility is to promote the well-being of clients. N.M. Admin. Code § 16.63.16.8(A). The NASW Code of Ethics likewise recognizes advocacy and social justice as core features of social-work practice. Plaintiff's student-related testimony and exhibits therefore do not arise from gratuitous disclosure; they arise from the professional role and protected advocacy APS now seeks to sanitize from the case.

APS cannot use FERPA to recast protected student advocacy as improper disclosure and then exclude the very evidence that explains why Plaintiff acted. The evidence is relevant because it explains Plaintiff's protected advocacy, APS's knowledge, the factual basis for Plaintiff's PED complaint, APS's motive, the retaliation timeline, Justin Griego's conduct, pretext, causation, credibility, and damages. FERPA protects student privacy. It does not permit APS to convert

Plaintiff's professional advocacy obligations into a basis for suppressing protected-activity evidence.

**V. FERPA IS NOT AN EVIDENTIARY PRIVILEGE AND DOES NOT REQUIRE BLANKET EXCLUSION.**

FERPA does not create an automatic evidentiary privilege barring all education-related information from federal civil litigation. FERPA is a federal funding statute that protects the privacy of education records and generally conditions disclosure of student records on consent, notice, subpoena/court-order procedures, or other statutory exceptions. See 20 U.S.C. § 1232g; Gonzaga Univ. v. Doe, 536 U.S. 273, 287-90 (2002); Rios v. Read, 73 F.R.D. 589, 597-99 (E.D.N.Y. 1977). FERPA's implementing regulations likewise contemplate disclosure in response to a judicial order or lawfully issued subpoena with appropriate notice procedures, confirming that FERPA is managed through controlled disclosure rather than automatic trial exclusion. See 34 C.F.R. § 99.31(a)(9).

That distinction is dispositive. FERPA may require protection, notice, redaction, sealing, or a court-controlled disclosure procedure. It does not require the Court to erase otherwise relevant evidence from trial. Courts routinely manage FERPA concerns through targeted confidentiality protections rather than categorical exclusion. APS's requested order is broader than FERPA requires and broader than the record permits.

If APS believes a particular exhibit contains protected student information, APS must identify the specific exhibit, the specific information, the specific privacy concern, and the specific protection requested. APS has not done that. APS instead seeks an unidentified, category-wide exclusion order, despite admitting it could not identify the documents or information Plaintiff may seek to introduce. Doc. 302 at 2.

**VI. APS CANNOT USE FERPA TO ERASE PLAINTIFF'S STUDENT-SERVICE RECORDS, NOTES, ADVOCACY EVIDENCE, OR OFFICIAL COMPLAINT HISTORY.**

APS's motion is not limited to protecting student names. APS seeks to preclude 'inference, argument of counsel, questioning, and/or exhibits' that disclose student educational information. Doc. 302 at 2. Read broadly, that request would reach Plaintiff's student-service notes, contemporaneous records, advocacy communications, service documentation, IEP/PTG-related context, parent communications, PED complaint materials, and other evidence explaining why Plaintiff acted, what she reported, what APS knew, and why APS's later conduct was retaliatory and pretextual.

That is not a proper FERPA ruling. FERPA protects student privacy; it does not authorize APS to suppress every record, note, communication, or witness account that involves students. Plaintiff's work as a school social worker necessarily involved students with disabilities, service delivery, parent/staff communications, documentation, advocacy, and concerns about whether students were receiving required supports. Those records and notes are not collateral. They are part of the factual foundation for Plaintiff's protected activity, APS's notice, motive, pretext, causation, credibility, and damages.

The PED complaint is one example. Plaintiff's protected activity included student-service advocacy and special-education concerns that predated and informed the PED complaint, and the complaint itself resulted in official administrative action. APS cannot use FERPA to strip the jury of the records and context necessary to understand that protected activity. Nor can APS ask the Court to exclude Plaintiff's notes and records wholesale while preserving APS's ability to

accuse Plaintiff of failing to document services, failing to complete PTGs, failing to serve students, or mismanaging her caseload.

If a specific record contains personally identifiable student information, the answer is targeted protection, not categorical exclusion. The Court can require initials, redactions, protective-order treatment, sealing where appropriate, proffers outside the jury's presence, or limiting instructions. But APS is not entitled to use FERPA as a litigation eraser to remove the very records, notes, and advocacy evidence that explain Plaintiff's surviving claims.

**VII. APS CANNOT USE PLAINTIFF'S DEPOSITION RESPONSES AS A BASIS FOR WHOLESALE EXCLUSION.**

APS relies on excerpts from Plaintiff's deposition and asserts that those excerpts evidence FERPA violations. Doc. 302 at 2-3. That argument is overblown and misleading. Plaintiff's deposition occurred in litigation, under questioning, and in the context of claims that directly involve student advocacy, special-education services, and APS's conduct. The fact that a student-related issue was discussed in deposition does not justify excluding all student-related evidence at trial.

The excerpts also undermine APS's requested remedy. APS questioned Plaintiff about these subjects in deposition, then filed the excerpts with student names redacted. Doc. 302-1 at 2-6. That is a redaction and trial-management issue, not a basis to exclude all student-related testimony, exhibits, advocacy evidence, or context.

Nor does deposition discussion mean Plaintiff cannot present the same subject matter through lawful, privacy-protective procedures at trial. Student names can be replaced with initials. Sensitive details can be redacted. Testimony can be limited to what is necessary. Exhibits can be

sealed or handled under the protective order where appropriate. The answer is controlled presentation, not wholesale exclusion.

APS's reliance on deposition examples also proves why a categorical order is dangerous. APS identifies a few excerpts, then asks the Court to prohibit 'any reference' to personally identifiable student information, diagnoses, treatment, or education records. Doc. 302 at 2-3. That requested relief is far broader than the examples APS identifies and would risk excluding evidence central to protected activity, notice, motive, pretext, causation, credibility, and damages.

## VIII. THE PROPER REMEDY IS A PROFFER-FIRST, REDACTION-FIRST PROCEDURE, NOT CATEGORICAL EXCLUSION.

If the Court has concerns about FERPA-protected information, the appropriate remedy is a controlled procedure, not blanket exclusion. Plaintiff proposes that any party seeking to use student-related materials or testimony identify the specific evidence, the purpose for which it is offered, the privacy concern, and the proposed protection before use before the jury.

That procedure can include initials, redactions, sealed filings where appropriate, use under the existing protective order, limiting instructions, and proffers outside the jury's presence. It protects legitimate student privacy without allowing APS to use FERPA as a sword to suppress evidence that explains Plaintiff's protected activity and APS's response.

APS's motion should be denied because it asks for the wrong remedy. The Court should not exclude unidentified categories of evidence based on a motion that is internally incoherent, speculative, and broader than FERPA requires.

## IX. CONCLUSION

Plaintiff does not oppose protecting student privacy. Plaintiff opposes APS's attempt to convert FERPA into a categorical exclusion device. FERPA protects students. It does not protect APS's

trial narrative, erase Plaintiff's student-service records and notes, bar competent parent or adult-former-student testimony, or allow APS to suppress evidence explaining Plaintiff's protected advocacy, APS's knowledge, Justin Griego's conduct, motive, pretext, causation, credibility, and damages.

For these reasons, Plaintiff respectfully requests that the Court deny APS's Motion in Limine re FERPA [Doc. 302]. In the alternative, Plaintiff requests that the Court require a proffer-first, redaction-first procedure before any student-related evidence is excluded, with any ruling limited to specific evidence, specific privacy concerns, and specific protective measures.

Respectfully submitted,

/s/ Boglarka A. Foghi, Esq.

Boglarka A. Foghi
FOGHI LAW FIRM, LLC
P.O. Box 944
Corrales, NM 87048
(505) 220-5691
foghilaw@yahoo.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of June, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Boglarka A. Foghi
Boglarka A. Foghi