IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT APS'S MOTION IN LIMINE TO PROHIBIT AND EXCLUDE TESTIMONY FROM DEPOSITION AND/OR WITNESS [DOC. 310]**

## INTRODUCTION

APS's motion should be denied because it is built on false minimization, distorted characterization, and categorical overreach. APS asks the Court to exclude testimony concerning Antoinette Romero and Rosita Moya-Herrera by pretending both witnesses are collateral, by misdescribing the testimony, and by recasting protected-activity, bias, credibility, and direct-observation evidence as improper character evidence. That is not a proper motion in limine.

Romero is not merely a coworker "who does not get along" with Plaintiff. Romero is tied to the protected-activity timeline. Plaintiff confided in Romero that Plaintiff was communicating with PED about a complaint, and Romero told administration that Plaintiff was talking to PED about a complaint. That evidence goes directly to APS's knowledge of protected activity, motive, timing, retaliation chronology, pretext, credibility, and witness bias. APS cannot sanitize Romero's role by calling it collateral.

Moya-Herrera is likewise not a gossip witness. She was another social worker at the school with direct knowledge of the social-work environment, Romero's conduct toward Plaintiff, the way Plaintiff was treated, and the workplace context surrounding Plaintiff's protected advocacy. She

also reported that Plaintiff was being maltreated. APS's statement that no complaints were made is false or, at minimum, materially misleading. APS cannot use its own failure to investigate or document a complaint as proof that the complaint did not matter, and it cannot use that failure as a basis to exclude testimony from the witness who reported the maltreatment.

APS's motion asks the Court to accept a sanitized version of the record before the jury ever hears the evidence. The Federal Rules do not permit that. If APS intends to use Romero-related narratives to attack Plaintiff's performance, credibility, work habits, student-service documentation, protected advocacy, or professional conduct, Plaintiff is entitled to show the bias, motive, credibility, protected-activity context, and direct-witness observations behind those narratives.

APS's motion is also internally incoherent. It purports to seek exclusion of testimony regarding Ms. Romero and Ms. Moya-Herrera, but its conclusion requests an order prohibiting evidence concerning "medical records or records necessary for damages not produced in discovery." Doc. 310 at 3. That relief has nothing to do with Romero or Moya-Herrera testimony and confirms the motion is not a focused evidentiary request. It should be denied.

**ARGUMENT**

**I. APS'S MOTION RESTS ON A DISTORTED AND INTERNALLY CONFUSED DESCRIPTION OF THE TESTIMONY.**

APS's factual framing is the first problem. APS states that Moya-Herrera referenced Romero being derogatory while talking about Plaintiff and then refers to "Ms. Lipe's smoking and arriving late." Doc. 310 at 2. But APS's own paragraph immediately describes testimony about Romero "always arriving late to work," delegating work, and allegedly being high at work. Id. APS's own description is internally confused about whose conduct is being discussed.

That matters. APS asks the Court to exclude testimony by first blurring the testimony's subject matter. It appears to shift conduct onto Plaintiff that the surrounding context connects to Romero. The Court should not grant exclusion based on APS's distorted summary. If APS contends a specific deposition answer is unfairly prejudicial, APS must identify the specific page and line and the specific evidentiary basis for exclusion. It cannot obtain blanket exclusion by offering a muddled characterization of the testimony.

This is not a record-based evidentiary objection. It is an attempt to convert a distorted factual description into a pretrial ruling barring testimony APS does not want the jury to hear. The record contradicts APS's characterization, and the Court should not rely on APS's summary as a substitute for the actual testimony and its proper trial uses.

## II. ROMERO IS A MATERIAL PROTECTED-ACTIVITY WITNESS, NOT A COLLATERAL CHARACTER WITNESS.

APS's effort to reduce Romero to a coworker "who does not get along" with Plaintiff is a false minimization. Romero is a material fact witness tied to Plaintiff's protected activity and APS's knowledge of that protected activity. Plaintiff confided in Romero that Plaintiff was communicating with PED about a complaint, and Romero told administration that Plaintiff was talking to PED about a complaint.

That evidence goes directly to APS's knowledge, motive, timing, retaliation chronology, and pretext. It also bears on Romero's bias, credibility, and motive to disparage Plaintiff. APS cannot recast Romero-related testimony as irrelevant character evidence while ignoring Romero's role in communicating Plaintiff's protected activity to administration.

This is not collateral. In a retaliation case, evidence showing how administration learned about protected activity is core liability evidence. Evidence showing the bias, hostility, credibility, and

motive of the person who disclosed that protected activity is likewise relevant. APS's motion should be denied because it asks the Court to exclude testimony without acknowledging the central role Romero played in the protected-activity timeline.

APS's request would create an evidentiary vacuum. APS wants to prevent Plaintiff from presenting testimony about Romero's conduct, bias, hostility, and credibility while leaving APS free to benefit from the consequences of Romero's communications to administration. The Federal Rules do not permit that one-sided trial structure.

## III. MOYA-HERRERA IS A DIRECT-KNOWLEDGE WITNESS, NOT A CHARACTER-SMEAR WITNESS.

APS's motion improperly treats Moya-Herrera's testimony as though she were offering collateral workplace gossip about Romero. That framing is false. Moya-Herrera was another social worker at the school. She had direct knowledge of the school social-work environment, the relationship between Plaintiff and Romero, Romero's conduct toward Plaintiff, and the way Plaintiff was being treated.

Moya-Herrera's testimony is relevant because she observed the workplace context and reported that Plaintiff was being maltreated. That testimony bears on notice, corroboration, workplace context, motive, bias, credibility, retaliation, and pretext. It also rebuts APS's sanitized narrative that the challenged conduct was either nonexistent, unreported, or irrelevant.

APS cannot protect its trial narrative by recasting a direct-knowledge witness as a character witness. If APS believes a specific question or answer crosses into improper propensity evidence, APS may object to that specific testimony at trial. But APS is not entitled to a categorical order excluding Moya-Herrera's testimony merely because it is unfavorable to APS or to Romero.

## IV. APS'S CLAIM THAT "NO COMPLAINTS WERE MADE" IS FALSE OR MATERIALLY MISLEADING.

APS states that "No APS supervisor ever noted this and no complaints were made to investigate this matter." Doc. 310 at 2. That assertion is false or, at minimum, materially misleading. It ignores Moya-Herrera's role and testimony. Moya-Herrera did not merely offer collateral commentary about Romero. She had direct knowledge as another social worker at the school, and she reported that Plaintiff was being maltreated.

APS cannot erase that report by stating that no complaints were made. Nor can APS transform its own failure to document, investigate, or credit a complaint into a basis for excluding the witness's testimony. If APS failed to investigate maltreatment reported by another social worker, that does not make the testimony irrelevant. It makes the testimony more relevant to notice, credibility, APS's response, workplace context, motive, pretext, and retaliation.

APS again asks the Court to accept APS's sanitized version of the record. The record contradicts APS's characterization. Moya-Herrera is a direct-knowledge witness who can testify about what she observed, what she reported, and how Plaintiff was treated. APS may cross-examine her. It may not preemptively erase her testimony by falsely labeling it unreported, uninvestigated gossip.

APS cannot use its own failure to investigate a complaint as proof that no complaint matters, and it cannot use that failure as a basis to exclude testimony from the witness who reported the maltreatment.

## V. ROMERO-RELATED AND MOYA-HERRERA TESTIMONY IS ADMISSIBLE FOR BIAS, MOTIVE, CREDIBILITY, IMPEACHMENT, NOTICE, AND PROTECTED-ACTIVITY CONTEXT.

APS invokes Rule 404 as if any unfavorable testimony about Romero must be improper character evidence. That is wrong. Evidence offered to show a witness's bias, motive, hostility, credibility, reason to testify a certain way, role in communicating protected activity, or direct observations of workplace treatment is not offered to prove action in conformity with character. Bias evidence is classic impeachment evidence.

The Supreme Court has recognized that bias is a permissible and important form of impeachment. See *United States v. Abel*, 469 U.S. 45, 51-52 (1984). Federal Rule of Evidence 607 allows any party to attack a witness's credibility. Federal Rule of Evidence 613 permits use of prior statements for impeachment when the Rule's requirements are met. APS's motion ignores these routes entirely.

APS's cited Rule 404 cases do not change the analysis. *Cuch* and *Joe* require a clear non-propensity purpose, relevance to a fact of consequence, Rule 403 balancing, and a limiting instruction if requested. See *United States v. Cuch*, 842 F.2d 1173, 1176 (10th Cir. 1988); *United States v. Joe*, 8 F.3d 1488, 1495 (10th Cir. 1993). Plaintiff has identified proper non-propensity purposes: witness bias, motive, credibility, impeachment, protected-activity communications, APS knowledge, notice, and direct observations of workplace treatment. Those uses are not barred by Rule 404.

The distinction is basic. Plaintiff does not need Romero-related or Moya-Herrera testimony to prove Romero is a bad person. Plaintiff may use this evidence to show how APS learned of Plaintiff's PED activity, hostility toward Plaintiff, motive to disparage Plaintiff, witness bias, credibility, notice, direct observations of maltreatment, retaliation chronology, pretext, and to rebut APS's factual narratives.

APS collapses distinct evidentiary concepts. It treats credibility evidence as character evidence, direct-observation testimony as gossip, protected-activity evidence as collateral, and impeachment evidence as prejudice. That is legally unsupported and strategically misleading. The Federal Rules do not permit APS to sanitize witnesses or erase direct evidence by labeling all unfavorable testimony "character" evidence.

## VI. APS CANNOT SANITIZE HOSTILE OR ADVERSE WITNESSES WHILE USING THEIR NARRATIVES AGAINST PLAINTIFF.

APS's argument that Romero was not Plaintiff's supervisor does not make the testimony irrelevant. Doc. 310 at 3. A witness does not have to be a supervisor for bias, hostility, motive, credibility, notice, protected-activity disclosure, and impeachment evidence to matter. If Romero supplied information, made statements about Plaintiff, communicated Plaintiff's protected activity to administration, or contributed to a narrative later used against Plaintiff, Plaintiff is entitled to test Romero's credibility and bias.

The same is true for Moya-Herrera. APS cannot use the fact that she was another social worker—not a supervisor—to diminish her testimony. Her direct knowledge of the social-work environment and her report that Plaintiff was being maltreated are relevant precisely because she observed conditions at the school from within the same professional environment.

APS's contrary position creates an evidentiary vacuum. APS wants to preserve the ability to use negative narratives about Plaintiff while excluding the context showing why those narratives may be unreliable, biased, hostile, exaggerated, or false. That is not trial management. It is witness sanitization.

If APS calls Romero, uses statements attributed to Romero, relies on Romero-related narratives, attacks Plaintiff through testimony connected to Romero, or disputes Plaintiff's account of

workplace treatment, Plaintiff must be permitted to examine the context, bias, hostility, motive, direct observations, and credibility issues that bear on the reliability of that evidence.

## VII. APS'S RULE 403 ARGUMENT IS OVERBROAD AND DOES NOT JUSTIFY BLANKET EXCLUSION.

APS asserts prejudice, but it does not do the Rule 403 work. It does not identify the specific testimony to be offered, the precise purpose for which Plaintiff would offer it, the sponsoring witness, the question, the expected answer, or any limiting instruction. APS simply declares the evidence prejudicial and asks for categorical exclusion.

Rule 403 does not authorize exclusion because evidence is damaging. It permits exclusion only where unfair prejudice substantially outweighs probative value. Fed. R. Evid. 403. Bias, motive, credibility, protected-activity disclosure, direct observations of maltreatment, and impeachment evidence are highly probative when the witness or witness-related narrative is used to attack Plaintiff or explain APS's conduct.

At most, the Court can address specific trial objections if Plaintiff attempts to use a specific line of testimony for an improper purpose. That is the proper safeguard. The improper remedy is what APS requests: a blanket pretrial order suppressing an entire category of potential credibility, bias, protected-activity, and direct-observation evidence before the Court knows the question, answer, witness, or purpose.

## VIII. APS'S REQUESTED RELIEF IS INTERNALLY INCOHERENT AND SHOULD BE DENIED FOR THAT REASON ALONE.

APS's conclusion does not match its motion. After briefing testimony concerning Romero and Moya-Herrera, APS asks the Court to prohibit Plaintiff from offering evidence, argument, or testimony "on the issue of any medical records or records necessary for damages not produced in

discovery." Doc. 310 at 3. That requested relief has nothing to do with the testimony the motion actually discusses.

This is not a minor drafting issue. APS is asking for trial exclusion. The requested relief must be precise. A party seeking to exclude evidence before trial must identify what evidence it seeks to exclude and why. APS's motion cannot keep straight whether it seeks exclusion of Romero/Moya-Herrera testimony, medical records, or damages records. That internal incoherence matters because the relief requested would suppress testimony central to protected activity, notice, bias, credibility, direct observations, and retaliation context.

This Court should require APS to do the evidentiary work. If APS objects to a particular deposition designation, APS must identify the page and line, the question and answer, the proposed use, and the specific rule of exclusion. If APS objects to a particular witness question, it can object at trial. It should not receive a categorical ruling based on an internally incoherent motion.

## IX. THE PROPER REMEDY IS SPECIFIC TRIAL OBJECTIONS, NOT CATEGORICAL EXCLUSION.

Plaintiff does not seek to try collateral gossip or invite the jury to decide whether Romero was a good employee. But APS is not entitled to a prophylactic order that blocks Plaintiff from using Romero-related or Moya-Herrera testimony for proper purposes. The proper line is straightforward: no improper propensity use, but admissible use for protected-activity context, APS knowledge, bias, motive, credibility, direct observations, notice, retaliation chronology, pretext, and impeachment.

A narrower ruling, if any, should preserve Plaintiff's ability to use this evidence for impeachment, bias, motive, credibility, witness hostility, inconsistent statements, effect on

listener, notice, direct-observation testimony, pretext, causation, and to rebut APS's factual narratives. If APS believes a specific question or answer crosses the line, APS can object specifically. What APS cannot do is preemptively remove a witness's protected-activity relevance and another witness's direct-observation testimony because the evidence is damaging.

**CONCLUSION**

APS's motion should be denied. It rests on false minimization, distorted characterization, and internal incoherence. Romero is not a collateral coworker; she is tied to the protected-activity timeline and APS's knowledge of Plaintiff's PED-related activity. Moya-Herrera is not a gossip witness; she was another social worker at the school, had direct knowledge of Plaintiff's treatment, and reported that Plaintiff was being maltreated. APS's claim that no complaints were made is false or materially misleading.

APS cannot use its own failure to investigate, document, or credit a complaint as a basis to exclude testimony from the witness who reported maltreatment. Nor can APS use Rule 404 or Rule 403 to sanitize witnesses, erase protected-activity context, and create an evidentiary vacuum.

Plaintiff respectfully requests that the Court deny APS's Motion in Limine to Prohibit and Exclude Testimony from Deposition and/or Witness [Doc. 310]. In the alternative, any ruling should be limited to specific page-and-line objections, specific witness testimony, and specific trial purposes, while preserving Plaintiff's ability to use Romero-related and Moya-Herrera testimony for protected-activity context, APS knowledge, direct observation, bias, motive, credibility, impeachment, notice, retaliation chronology, pretext, causation, and rebuttal.

Respectfully submitted,

FOGHI LAW FIRM, LLC

*/s/ Boglarka A. Foghi*
Boglarka A. Foghi
Attorney for Plaintiff Tatia Lipe
P.O. Box 944
Corrales, NM 87048
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka A. Foghi*
Boglarka A. Foghi