IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS,

Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT APS'S MOTION IN LIMINE TO PROHIBIT AND EXCLUDE PLAINTIFF'S MEDICAL DISABILITY OR MAXIMUM MEDICAL IMPROVEMENT [DOC. 311]**

Plaintiff Tatia Lipe opposes Defendant Albuquerque Public Schools' Motion in Limine to Prohibit and Exclude Plaintiff's Medical Disability or Maximum Medical Improvement [Doc. 311]. APS's motion should be denied.

APS's motion is not merely overbroad. It is built on a false factual premise and attempts to revive a medical-discovery dispute that APS already lost. APS asks the Court to exclude disability and medical evidence in an ADA/FMLA case while claiming that Plaintiff failed to provide medical records. The record says otherwise. Plaintiff provided signed releases and provider information; defense counsel acknowledged receiving some of Plaintiff's medical records; and the Court already denied APS's motion to compel the same medical discovery as untimely, holding that APS's challenge was more than a year overdue and waived under D.N.M.LR-Civ. 26.6. See Docs. 179-1, 179-2, 182. APS also misstates the disability evidence by reducing Plaintiff's medical conditions and functional limitations to "heat and cold," when temperature sensitivity was an environmental trigger, not the disability itself.

That should end the matter. APS cannot receive releases, receive records, fail to timely challenge Plaintiff's discovery objections, lose its motion to compel, and then repackage the same waived discovery dispute as a motion in limine. A motion in limine is not a second chance to obtain the discovery sanction APS failed to obtain under Rule 37. It is not a substitute for a timely motion to compel. And it is not a vehicle to exclude core evidence central to Plaintiff's ADA, FMLA, accommodation, leave, causation, damages, mitigation, and APS-knowledge theories.

Plaintiff does not dispute a narrow evidentiary boundary: lay witnesses may not offer undisclosed expert opinions on diagnosis, medical causation, prognosis, or maximum medical improvement under Rules 701 and 702. But APS's motion goes far beyond that narrow issue. It asks the Court to prohibit "any issue, claim, or evidence" of Plaintiff's medical disability and maximum medical improvement. Doc. 311 at 1. That request is legally unsupported and strategically misleading. It would strip Plaintiff's surviving claims of essential factual context while allowing APS to argue lack of causation, lack of damages, lack of mitigation, and voluntary non-return.

**I. APS'S MOTION IS OVERBROAD AND NOT A PROPER MOTION IN LIMINE.**

APS frames its motion as a request to prevent non-experts from acting as doctors. Plaintiff does not object to that narrow principle. But APS's requested relief is far broader. APS asks the Court to exclude "any issue, claim, or evidence of Plaintiff's medical disability or Maximum Medical Improvement." Doc. 311 at 1. That is not a specific evidentiary objection. It is an attempt to remove an entire factual category from a case in which disability, accommodation requests, FMLA/leave issues, damages, and APS's knowledge are central.

APS's own motion confirms the relevance it tries to deny. APS acknowledges that Plaintiff submitted an ADA request to work remotely due to medical flareups from low or high

temperatures, and that APS responded with a proposed temperature-controlled room, fans, or heaters. Doc. 311 at 1. APS cannot admit that Plaintiff's medical limitations were the basis of the ADA accommodation process and then ask the Court to exclude disability evidence as irrelevant history.

APS also misstates the nature of Plaintiff's disability and accommodation evidence. APS frames Plaintiff's disability as though it were merely sensitivity to “low or high temperatures” and as though the accommodation dispute concerned nothing more than fans, heaters, or a temperature-controlled room. That is not accurate. Plaintiff's disability was not “heat and cold.” Plaintiff had underlying medical conditions and disability-related limitations that caused flareups and functional impairment. Temperature sensitivity was one environmental trigger or aggravating factor relevant to those limitations and to the accommodation analysis. APS cannot reduce Plaintiff's disability to a caricature of temperature preference and then argue that disability evidence is irrelevant.

This distinction matters. The ADA issue is not whether Plaintiff preferred a warmer or cooler room. The issue is what APS knew about Plaintiff's disability-related limitations, what accommodations Plaintiff requested, whether APS engaged in the required interactive process, whether APS's proposed response reasonably addressed the limitations, and whether APS's handling of the request contributed to the broader retaliation, leave, causation, damages, and mitigation issues in this case.

The motion is not a proper motion in limine because it does not identify a specific record, witness, opinion, statement, exhibit, or item of testimony for exclusion. Instead, APS uses broad labels--“medical disability” and “MMI”--to seek categorical exclusion. That approach bypasses

the rule-specific analysis required by the Federal Rules of Evidence and would improperly narrow the factual record before trial begins.

## II. PLAINTIFF'S DISABILITY, LIMITATIONS, ACCOMMODATION REQUESTS, AND SYMPTOMS ARE RELEVANT TO THE SURVIVING CLAIMS.

APS's relevance argument rests on an artificially narrow view of the case. The jury cannot evaluate Plaintiff's ADA accommodation claim without understanding what Plaintiff requested, why she requested it, what limitations APS knew about, how APS responded, whether APS's response was reasonable, and whether APS's explanations are credible.

Nor is the evidence limited to the ADA claim. Plaintiff's disability evidence, symptoms, medical limitations, leave needs, communications with APS, and APS's knowledge are also relevant to FMLA/leave issues, causation, damages, mitigation, constructive-discharge context, pretext, motive, and the reasonableness of Plaintiff's conduct. Fed. R. Evid. 401; Fed. R. Evid. 402.

APS's reliance on *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008), does not help APS. Caraway confirms that relevance turns on the relationship between the evidence and the issues actually being tried. Here, Plaintiff's disability, symptoms, accommodation communications, leave needs, and APS's knowledge are not collateral history; they are part of the facts of consequence for Plaintiff's ADA, FMLA, causation, mitigation, and damages theories.

APS cannot defend this case by arguing that Plaintiff did not need the accommodation, could have returned to work, failed to mitigate, caused her own damages, or lacks medical support while simultaneously asking the Court to exclude the medical and disability context needed to evaluate those arguments. The Rules of Evidence do not permit APS to create that one-sided evidentiary vacuum.

**III. PLAINTIFF DOES NOT SEEK TO OFFER LAY WITNESSES AS MEDICAL EXPERTS, BUT RULE 701 DOES NOT BAR PERSONAL-KNOWLEDGE TESTIMONY.**

APS's Rule 701 argument attacks a strawman. Plaintiff does not seek an order permitting lay witnesses to diagnose medical conditions, assign expert medical causation, offer prognosis opinions, or testify about maximum medical improvement. But Rule 701 does not bar Plaintiff from testifying about what she personally experienced and personally communicated.

Plaintiff may testify about her symptoms, pain, flareups, temperature sensitivity, fatigue, limitations, leave needs, and what she told APS. Plaintiff may testify about the effect of APS's conduct on her own functioning, work capacity, emotional distress, and decision-making. Witnesses with personal knowledge may testify about what they observed, what was communicated, and how APS responded. Fed. R. Evid. 602; Fed. R. Evid. 701.

The cases APS cites regarding improper lay medical opinions do not support the relief APS requests. They do not authorize exclusion of disability evidence, accommodation evidence, FMLA/leave evidence, damages evidence, or personal-knowledge testimony. A narrow Rule 701 limitation is not a license for APS to erase the factual basis of Plaintiff's claims.

*Murry* and *James River* support the narrow boundary Plaintiff already accepts: lay witnesses may not offer opinions requiring scientific, technical, or specialized medical knowledge. See *United States v. Murry*, 31 F.4th 1274, 1294 (10th Cir. 2022); *James River Ins. Co. v. Rapid Funding*, LLC, 648 F.3d 1134, 1141 (10th Cir. 2011). They do not bar Plaintiff from testifying to her own symptoms and limitations, nor do they bar witnesses from testifying to what they observed, what Plaintiff communicated, what APS knew, or how APS responded.

**IV. APS ALREADY LOST THIS MEDICAL-DISCOVERY ARGUMENT, AND IT CANNOT REVIVE IT THROUGH A MOTION IN LIMINE.**

APS's motion should be denied because it asks this Court to do indirectly what the Court already refused to do directly. APS previously moved to compel Plaintiff to supplement the same medical-discovery categories, including Interrogatories 10, 11, 12, 14, and 18, and Requests for Production 5 and 6. The Court denied APS's motion as untimely. Doc. 182 at 1-2.

The Court's ruling was not ambiguous. Plaintiff served her discovery responses on November 20, 2024. APS did not formally request supplementation until December 29, 2025. APS did not file its motion to compel until January 9, 2026--more than a year after Plaintiff served her responses. Doc. 182 at 2. The Court held that APS's motion was "inexcusably late," "more than a year overdue," and that APS "waived any right to challenge Plaintiff's objections" under D.N.M.LR-Civ. 26.6. Id.

That waiver ruling is consistent with Tenth Circuit authority enforcing D.N.M. local discovery deadlines. See *Miller v. Auto. Club of N.M., Inc*., 420 F.3d 1098, 1119-20 (10th Cir. 2005).

APS cannot now pretend that ruling does not exist. APS did not obtain an order compelling Plaintiff to produce additional medical records. APS did not obtain a finding that Plaintiff violated Rule 26. APS did not obtain a Rule 37 sanction. APS obtained denial. Its present motion is an improper attempt to convert that loss into a trial-exclusion order.

A motion in limine is not an appeal from a denied motion to compel. It is not a substitute for a timely discovery motion. And it is not a vehicle to resurrect objections the Court has already held were waived. APS's request should be rejected for that reason alone.

**V. APS'S MEDICAL-RECORDS NARRATIVE IS ALSO FALSE.**

APS's motion also rests on a false factual premise. APS tells the Court that, outside the ADA accommodation request, "no other medical records were given to APS or counsel despite asking for them." Doc. 311 at 2. That is false.

Plaintiff provided signed releases and provider information. On August 21, 2024, Plaintiff's counsel sent defense counsel a list of providers and signed-release information. Doc. 179-1. Defense counsel later acknowledged on October 24, 2024 that APS had "just received some of Ms. Lipe's medical records" and planned to depose Plaintiff. Doc. 179-2. APS cannot now tell the Court that no medical records were provided to APS or counsel.

APS's references to mediation discussions and counsel transition do not create a trial-exclusion remedy. If APS believed records were missing because of a counsel handoff, document-management problem, or mediation-related misunderstanding, the remedy was timely conferral and timely discovery motion practice, not categorical exclusion after APS waived its discovery challenge.

This is not a harmless wording problem. APS is asking the Court to exclude central ADA, FMLA, accommodation, causation, damages, mitigation, and leave-related evidence based on a factual premise contradicted by the record. APS raised this issue before. Plaintiff rebutted it before. The Court denied APS's motion before. APS should not be allowed to recycle the same false narrative as a trial-exclusion weapon.

If APS contends a specific medical record was not produced, APS must identify the specific record, the discovery request at issue, the disclosure obligation allegedly violated, the prejudice caused, and why exclusion is warranted under the governing Rule 37 standard. APS does none of that. It instead asks for categorical exclusion based on a narrative the record disproves.

The Court should not reward that tactic. APS cannot receive medical records, fail to timely challenge Plaintiff's objections, lose its motion to compel as untimely, and then ask the Court to punish Plaintiff by excluding disability and damages evidence.

**VI. APS CANNOT TURN A WAIVED DISCOVERY DISPUTE INTO A RULE 37 EXCLUSION SANCTION.**

APS's motion also fails because exclusion based on alleged nondisclosure is a Rule 37 issue, not a generic motion-in-limine shortcut. The party seeking exclusion must identify the specific disclosure obligation, the specific evidence allegedly withheld, the prejudice or surprise caused, the ability or inability to cure, the impact on trial, and any alleged bad faith or willfulness. See *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co*., 170 F.3d 985, 993 (10th Cir. 1999). The Tenth Circuit also requires meaningful, circumstance-specific analysis when exclusion is sought under Rule 37(c)(1), particularly where exclusion would substantially impair a party's proof. See HCG Platinum, LLC v. Preferred Prod. Placement Corp., 873 F.3d 1191, 1200 (10th Cir. 2017).

APS does not do that. It does not identify a specific medical record that Plaintiff failed to disclose. It does not identify a timely, preserved objection to Plaintiff's responses. It does not identify a discovery order Plaintiff violated. It does not identify a specific trial exhibit that should be excluded. It does not show prejudice that cannot be cured. Instead, APS offers a broad accusation the Court has already rejected as untimely and asks for the sanction first.

That is procedurally improper. Rule 37(c)(1) is not an escape hatch for a party that waived its discovery objections under Local Rule 26.6 and lost its motion to compel. APS cannot use Rule 37 language to obtain a categorical evidence bar without satisfying the rule-specific burden for the specific evidence it seeks to exclude.

**VII. APS'S "MMI" ARGUMENT IS A RED HERRING AND CANNOT BE USED TO EXCLUDE DISABILITY OR DAMAGES EVIDENCE.**

APS's reference to Maximum Medical Improvement does not justify the exclusion it seeks. Plaintiff is not asking the jury to decide a workers' compensation-style MMI issue as an independent claim. If APS's concern is that Plaintiff may offer an undisclosed expert MMI opinion, the remedy is a narrow ruling barring undisclosed expert testimony.

Instead, APS uses "MMI" as a label to request exclusion of "Plaintiff's medical disability" generally. Doc. 311 at 1. That conflates distinct issues. Evidence that Plaintiff had disabilities, experienced symptoms, requested accommodation, needed leave, incurred damages, or communicated limitations to APS is not MMI evidence. APS cannot use an MMI label to exclude admissible disability and damages evidence.

**VIII. APS'S MOTION WOULD CREATE THE SAME FALSE EVIDENTIARY VACUUM PLAINTIFF HAS ALREADY MOVED TO PREVENT.**

APS's motion must also be evaluated in the context of APS's broader trial strategy. APS seeks to exclude medical/disability evidence while preserving its ability to argue that Plaintiff did not return to work, failed to mitigate, caused her own damages, or lacks proof of harm.

APS should not be allowed to strip out the disability and medical-context evidence that explains Plaintiff's accommodation requests, leave, damages, mitigation, and inability to return, and then argue that Plaintiff has no explanation or proof. That is precisely the false evidentiary vacuum Plaintiff has moved to prevent.

If APS argues Plaintiff could have returned, did not need leave, suffered no relevant medical impact, failed to mitigate, or lacks damages, Plaintiff must be allowed to present the disability,

medical, accommodation, leave, and damages evidence that gives the jury the full context. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 105.

**IX. THE PROPER REMEDY IS A NARROW LIMITATION, NOT CATEGORICAL EXCLUSION.**

Plaintiff does not seek a free-standing trial about unrelated medical history. Plaintiff does not seek to introduce undisclosed expert opinions through lay witnesses. Plaintiff does not seek to turn lay witnesses into medical experts. Plaintiff seeks to preserve evidence relevant to disability, accommodation, leave, causation, damages, mitigation, APS's knowledge, and the reasonableness of the parties' actions.

The appropriate ruling is narrow: lay witnesses may not provide undisclosed expert opinions outside Rules 701 and 702; any specific medical record or opinion must satisfy the applicable foundation and disclosure requirements; and objections to specific records, opinions, or testimony may be raised outside the jury's presence. What APS requests--categorical exclusion of Plaintiff's medical disability and related evidence--is not warranted.

**CONCLUSION**

APS's motion should be denied. APS already lost its attempt to compel this medical discovery. The Court held the motion was untimely, more than a year overdue, and waived under D.N.M.LR-Civ. 26.6. APS cannot repackage that loss as a motion in limine and obtain a trial-exclusion sanction the Court never awarded.

The motion also rests on a false factual premise. APS says no medical records were provided outside the ADA accommodation request. The record shows Plaintiff provided signed releases and provider information, and defense counsel acknowledged receiving some of Plaintiff's medical records. APS should not be allowed to manufacture prejudice from records it received or

had the ability to obtain directly. APS also mischaracterizes the disability evidence by reducing Plaintiff's underlying medical conditions and functional limitations to a caricature of temperature preference, when temperature sensitivity was an environmental trigger relevant to the accommodation analysis, not the disability itself.

Plaintiff does not oppose a narrow ruling that lay witnesses may not offer undisclosed expert medical opinions, diagnosis opinions, prognosis opinions, medical-causation opinions, or MMI opinions outside Rules 701 and 702. But APS is not entitled to categorical exclusion of disability, accommodation, leave, causation, damages, mitigation, and APS-knowledge evidence based on a waived and false discovery narrative.

Plaintiff respectfully requests that the Court deny APS's Motion in Limine to Prohibit and Exclude Plaintiff's Medical Disability or Maximum Medical Improvement [Doc. 311]. In the alternative, Plaintiff requests that any ruling be limited to specific evidence, specific objections, and specific trial purposes, with any disputed issue addressed outside the presence of the jury.

Respectfully submitted,

By: /s/ Boglarka A. Foghi, Esq.

Boglarka A. Foghi
FOGHI LAW FIRM, LLC
P.O. Box 944
Corrales, NM 87048
(505) 220-5691
foghilaw@yahoo.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of June, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka A. Foghi*
Boglarka A. Foghi