**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TATIA LIPE,

Plaintiff,

v. Case No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS,

Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO APS'S MOTION IN LIMINE TO EXCLUDE EMPLOYEE DISCIPLINARY INFORMATION [DOC. 312]**

Plaintiff Tatia Lipe opposes APS's Motion in Limine to Prohibit and Exclude Irrelevant Employee Disciplinary Information. Doc. 312. APS's motion is overbroad and strategically misleading. It asks the Court to exclude employee-disciplinary and investigation evidence in the abstract, while admitting that such evidence may be admissible to show bias or discriminatory intent if sufficiently connected. Doc. 312 at 3. That concession defeats categorical exclusion. Plaintiff does not seek to introduce unrelated discipline for propensity. But APS is not entitled to sanitize its decisionmakers, supervisors, witnesses, or institutional knowledge by labeling all unfavorable disciplinary, grievance, complaint, or investigation evidence "irrelevant." Evidence connected to the same actors, same school, same administrators, same retaliation timeline, notice, motive, credibility, bias, impeachment, pretext, or APS's response to complaints may be admissible for proper purposes.

**I. APS'S MOTION IS OVERBROAD BECAUSE IT SEEKS EXCLUSION BEFORE IDENTIFYING THE SPECIFIC EVIDENCE AND PURPOSE.**

APS asks the Court to prohibit Plaintiff from offering "any evidence, argument or testimony" concerning disciplinary action or investigation unrelated to Plaintiff. Doc. 312 at 4. But APS does not identify every item it seeks to exclude, the witness through whom it may arise, the precise purpose for which Plaintiff may offer it, or the specific prejudice. APS instead asks for a broad pretrial ruling based on categories.

That is not enough. The admissibility of disciplinary, grievance, complaint, or investigation evidence depends on the specific evidence, actor, timeframe, similarity, purpose, and connection to the issues being tried. The Court cannot perform a Rule 401, Rule 403, Rule 404(b), Rule 608, or impeachment analysis in the abstract.

## II. APS ADMITS THE KEY POINT: CONNECTED DISCIPLINARY OR INVESTIGATION EVIDENCE MAY BE ADMISSIBLE.

APS acknowledges that past disciplinary records may be admissible to show bias or discriminatory intent if sufficiently connected. Doc. 312 at 3. That is the correct starting point, and it is why APS's categorical request fails.

Plaintiff is entitled to use connected evidence for proper purposes, including notice, motive, intent, bias, credibility, impeachment, pretext, discriminatory or retaliatory intent, institutional knowledge, and APS's response or failure to respond to complaints. This is especially true where the evidence involves the same administrators, same decisionmakers, same school, same department, same witnesses, or the same kinds of conduct APS now asks the jury to accept as benign. APS cannot hide behind Rule 404 to exclude all damaging evidence about its witnesses or administrators. Rule 404 bars propensity reasoning; it does not bar evidence offered for non-propensity purposes such as motive, bias, knowledge, intent, notice, credibility, or impeachment. Nor does Rule 403 authorize APS to remove relevant context merely because it is unfavorable.

**III. APS'S RULE 404(B) AUTHORITIES REQUIRE PURPOSE-SPECIFIC ANALYSIS, NOT BLANKET EXCLUSION.**

APS's Rule 404 authorities do not support the categorical order APS seeks. United States v. Cuch required the proponent of other-acts evidence to articulate the evidentiary hypothesis connecting the evidence to a fact of consequence; United States v. Joe applied the familiar Rule 404(b) framework requiring a proper purpose, relevance, Rule 403 balancing, and a limiting instruction if requested. See *United States v. Cuch*, 842 F.2d 1173, 1176 (10th Cir. 1988); *United States v. Joe,* 8 F.3d 1488, 1495 (10th Cir. 1993). Plaintiff has articulated the proper purposes here: notice, motive, intent, bias, credibility, impeachment, pretext, retaliatory intent, institutional knowledge, and APS's response to complaints. That is not propensity.

Nor does Merritt assist APS. Rule 404(b) is purpose-driven and illustrative, not a blanket exclusion device. See *United States v. Merritt*, 961 F.3d 1105, 1111 (10th Cir. 2020). If APS disputes a specific item, it may challenge that item's logical connection, purpose, foundation, or Rule 403 balance. But APS cannot cite Rule 404(b) authorities that require evidence-specific analysis and then ask the Court to exclude an entire category before the evidence, purpose, actor, timeframe, and connection are identified.

APS's Rule 403 authorities likewise do not justify blanket exclusion. The Tenth Circuit has repeatedly recognized that Rule 403 exclusion is an extraordinary remedy to be used sparingly, and that damaging evidence is not unfairly prejudicial merely because it hurts a party's position. See *United States v. Summers*, 147 F.4th 1135, 1145 (10th Cir. 2025); *United States v. Silva*, 889 F.3d 704, 712 (10th Cir. 2018). At most, Rule 403 supports targeted rulings, redactions, limiting instructions, and specific objections; it does not support APS's request to suppress connected evidence in the abstract.

**IV. RULE 608 DOES NOT BAR BIAS, NOTICE, MOTIVE, OR NON-PROPENSITY EVIDENCE.**

APS also invokes Rule 608, but that rule does not do the work APS assigns to it. Rule 608(b) limits extrinsic evidence when a party offers specific instances solely to attack or support a witness's character for truthfulness. Fed. R. Evid. 608(b). It does not bar evidence offered for other proper purposes such as bias, motive, notice, retaliatory intent, institutional knowledge, pretext, or impeachment on grounds other than character for truthfulness.

Bias is a separate and fundamental impeachment theory. The Supreme Court has recognized that proof of bias is almost always relevant because the jury is entitled to evaluate evidence bearing on the accuracy and credibility of a witness's testimony. United States v. Abel, 469 U.S. 45, 51-52 (1984). Thus, if connected disciplinary, grievance, complaint, or investigation evidence shows witness bias, motive, hostility, APS notice, or a decisionmaker's response to complaints, Rule 608 does not require categorical exclusion. Any legitimate concern can be addressed by a specific objection, Rule 403 balancing, and, if appropriate, a limiting instruction under Rule 105.

**V. APS CANNOT USE "UNSUBSTANTIATED" LABELS AS A TRIAL SHIELD.**

APS emphasizes that some complaints or investigations were found "unsubstantiated." Doc. 312 at 1-2. That label does not automatically make the evidence irrelevant or inadmissible. An investigation result may be excluded or limited if offered as a verdict-like conclusion, but the existence of a complaint, the fact that APS had notice, the manner in which APS investigated or failed to investigate, witness statements, inconsistent explanations, and the conduct of decisionmakers may remain relevant for proper purposes.

APS's argument again seeks a sanitized record. APS wants the benefit of presenting its witnesses and administrators as neutral, credible, and uninvolved, while excluding connected evidence that

may show notice, bias, motive, credibility problems, or pretext. The Court should not permit APS to convert "unsubstantiated" into "invisible."

**VI. CURTIS DOES NOT SUPPORT THE BLANKET RELIEF APS REQUESTS.**

APS relies on *Curtis v. Oklahoma City Public Schools Board of Education*, 147 F.3d 1200, 1217 (10th Cir. 1998), but Curtis does not impose a categorical bar on other-employee or complaint evidence. It reinforces the need for a logical connection between the evidence and the issues being litigated. Plaintiff accepts that standard. What Plaintiff opposes is APS's attempt to preclude connected evidence before the Court knows what the evidence is, who it concerns, why it is offered, and how it relates to notice, motive, bias, credibility, pretext, or retaliation.

If APS believes a specific disciplinary record or investigation lacks a sufficient connection, APS may object to that specific exhibit or testimony. But APS is not entitled to an advance ruling excluding an entire category of evidence merely because some items may be unrelated.

**VII. THE PROPER REMEDY IS A SPECIFIC OBJECTION OR PROFFER, NOT CATEGORICAL EXCLUSION.**

Plaintiff does not oppose a narrow ruling that unrelated employee discipline may not be offered solely to prove bad character or propensity. But any order must preserve Plaintiff's right to use connected complaints, investigations, disciplinary history, grievances, witness statements, and APS responses for permissible purposes, including notice, motive, intent, bias, credibility, impeachment, pretext, retaliation chronology, and damages.

The proper procedure is specific trial objections, proffer outside the jury's presence if necessary, redaction, limiting instruction, or a targeted ruling on a specific item. It is not the categorical exclusion APS seeks.

**VIII. CONCLUSION**

APS's motion should be denied. APS admits that connected disciplinary or investigation evidence may be admissible for bias or discriminatory intent, yet asks for a broad exclusion order anyway. Plaintiff does not seek to introduce unrelated discipline for propensity. But APS is not entitled to sanitize its witnesses, decisionmakers, or institutional knowledge by excluding connected evidence relevant to notice, motive, pretext, bias, credibility, impeachment, retaliation, or APS's response to complaints. Any order should be limited to unrelated evidence offered solely for improper propensity purposes and should preserve Plaintiff's right to use connected evidence for proper purposes under the Federal Rules.

Respectfully submitted,

**FOGHI LAW FIRM, LLC**

By: /s/ Boglarka A. Foghi
Boglarka A. Foghi
Attorney for Plaintiff Tatia Lipe
P.O. Box 944
Corrales, NM 87048
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka A. Foghi*
Boglarka A. Foghi