**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TATIA LIPE,

Plaintiff,

v. No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS,

Defendant.

**PLAINTIFF'S OBJECTIONS AND COUNTER-DESIGNATIONS TO DEFENDANT APS'S DEPOSITION DESIGNATIONS [DOC. 318]**

Plaintiff Tatia Lipe submits these objections and counter-designations to Defendant Albuquerque Public Schools' deposition designations filed at Doc. 318. Plaintiff objects to APS's designations to the extent they are irrelevant, incomplete, misleading, unfairly prejudicial, cumulative, hearsay, lacking foundation, violative of privacy protections, or offered through deposition testimony when the witness is available live and Rule 32 does not permit substitute use.

**I. General Objections**

1. Plaintiff preserves all objections under Fed. R. Civ. P. 32 and the Federal Rules of Evidence, including but not limited to Rules 401, 402, 403, 404, 602, 701, 702, 801, 802, 805, 901, 105, and 106.
2. Plaintiff objects to any deposition designation offered in lieu of live testimony unless APS establishes that the testimony is admissible under Fed. R. Civ. P. 32 or another proper evidentiary basis. Plaintiff does not waive any objection to the use of deposition testimony where the witness is available to testify live.
3. Plaintiff objects to single-line, fragmentary, or selectively excerpted designations to the extent they omit necessary context. If any such designation is admitted, Plaintiff requests admission of the identified counter-designations under Fed. R. Evid. 106 and applicable completeness principles.

4. Plaintiff objects to student-identifying, FERPA-sensitive, medical, family, private-practice/client, or other privacy-sensitive testimony unless the Court first determines admissibility outside the presence of the jury and imposes appropriate redactions, initials, sealing, or limiting instructions.
5. Plaintiff objects to embedded hearsay, investigation-report content, third-party accusations, counsel colloquy, and questions or argument by counsel offered as substantive evidence.
6. Plaintiff's failure to object to a particular designation in this filing is not a waiver of objections to foundation, form, relevance, unfair prejudice, hearsay, completeness, privacy protections, or admissibility at trial.

**II. Conditional Nature of Counter-Designations**

Plaintiff's counter-designations are conditional and are offered to cure misleading excerpts, preserve context, and satisfy completeness if APS's corresponding designations are admitted or used. Plaintiff does not concede that APS may use deposition testimony in lieu of live testimony without satisfying Rule 32, and Plaintiff does not waive objections to specific testimony merely by identifying counter-designations.

**III. Witness-Specific Objections and Conditional Counter-Designations**

Plaintiff states the witness-specific objections and conditional counter-designations below in regular paragraph form for ease of review. Each entry identifies the APS designation, Plaintiff's objection or position, the basis for the objection, and any counter-designation or limiting request.

**A. Tatia Lipe**

**1. APS Designation:** 3:9-15 APS employment dates / position.

**Plaintiff's objection/position:** No objection to limited background; reserve completeness.

**Basis:** Relevant background; avoid misleading implication that employment formally ended in 2023 if resignation/leave timeline is disputed.

**Counter-designation / limiting request:** Plaintiff requests counter-designation as necessary to clarify unpaid leave/resignation timeline.

**2. APS Designation:** 5:9-12 Military-service dates.

**Plaintiff's objection/position:** Object if offered beyond neutral background.

**Basis:** Rules 401/403; collateral military history; risk of confusing disability/VA issues.

**Counter-designation / limiting request:** If admitted, limit to background or disability context only.

**3. APS Designation:** 8:7-24 Military job duties, chemical operations, live-agent exposure, recon/field work.

**Plaintiff's objection/position:** Object to unnecessary military details unless tied to a specific admissible issue.

**Basis:** Rules 401/403; collateral; risk of mini-trial on military exposure/medical causation; medical causation requires proper foundation.

**Counter-designation / limiting request:** If APS uses military history to challenge disability/damages, counter-designate disability/functional-limitation testimony.

**4. APS Designation:** 9:3-10 Private practice in Roswell; daughter in APS; volunteering led to APS employment.

**Plaintiff's objection/position:** Object to hearsay portion if offered for truth; otherwise limited background only.

**Basis:** Rules 801/802 as to unidentified "somebody said"; Rules 401/403 as to daughter-school details if used for bias/animus.

**Counter-designation / limiting request:** Limit to non-hearsay background; redact/omit unidentified statement if necessary.

**5. APS Designation:** 9:18 Private practice since 2008.

**Plaintiff's objection/position:** No objection to limited damages/mitigation background.

**Basis:** Relevant to income/mitigation if properly limited.

**Counter-designation / limiting request:** None now.

**6. APS Designation:** 10:10-20 Therapy/LADAC/private-practice background.

**Plaintiff's objection/position:** No objection to professional-background portion; object to collateral expansion.

**Basis:** Relevant credentials/employment history; Rule 403 if used to open unrelated practice history.

**Counter-designation / limiting request:** Limit to credentials/background.

**7. APS Designation:** 12:25; 13:1-2 Divorce date.

**Plaintiff's objection/position:** Object.

**Basis:** Rules 401/402/403; collateral personal-family information; privacy; no probative value to claims/defenses.

**Counter-designation / limiting request:** Exclude.

**8. APS Designation:** 13:8-11 Separation/divorce timeline; ex-spouse remarriage.

**Plaintiff's objection/position:** Object.

**Basis:** Rules 401/402/403; collateral; unfair prejudice/embarrassment; no claim/defense relevance.

**Counter-designation / limiting request:** Exclude.

**9. APS Designation:** 14:23-25; 15:1-12 Daughter's APS school history; bullying at James Monroe; Plaintiff reported to APS.

**Plaintiff's objection/position:** Object unless APS identifies a proper non-propensity purpose.

**Basis:** Rules 401/402/403; collateral family-history evidence; risk APS uses unrelated APS experience to suggest bias/animus.

**Counter-designation / limiting request:** If admitted, limiting instruction: not evidence regarding merits of this case; no propensity or bias inference unless foundation established.

**10. APS Designation:** 16:7-15 Daughter at Volcano Vista; lunches/driving.

**Plaintiff's objection/position:** Object to collateral family details.

**Basis:** Rules 401/402/403; privacy; no material issue unless APS claims bias/access.

**Counter-designation / limiting request:** Exclude or limit to narrow foundation if necessary.

**11. APS Designation:** 18:18-20 Daughter at lunch with Plaintiff and Antoinette.

**Plaintiff's objection/position:** Object unless used for a specific foundation/impeachment purpose.

**Basis:** Rules 401/403; collateral; privacy.

**Counter-designation / limiting request:** If APS claims this impeaches Romero/relationship, require specific proffer.

**12. APS Designation:** 21:20-24 School social workers work with special-education students with social-work service on IEP.

**Plaintiff's objection/position:** No objection; this supports relevant issues.

**Basis:** Relevant to role, protected advocacy, student-service context.

**Counter-designation / limiting request:** Consider counter-designating surrounding testimony on ethics/IEP service obligations.

13. **APS Designation:** 22:11-19 Social-work goals and IEP service purpose.

**Plaintiff's objection/position:** No objection; this supports relevant issues.

**Basis:** Relevant to Plaintiff's role, advocacy, service-minute/PTG context.

**Counter-designation / limiting request:** Plaintiff requests adjacent counter-designation as necessary to complete explanation.

14. **APS Designation:** 25:22-25; 26:1-19 Higher-needs students; "blow out"; aggressive behaviors; social worker role.

**Plaintiff's objection/position:** Object to student-identifying/confidential or inflammatory presentation unless redacted/limited.

**Basis:** FERPA/privacy; Rules 401/403; risk of unfair prejudice and confusion; student-behavior details should be anonymized and tied to advocacy context.

**Counter-designation / limiting request:** Use initials/redactions; limit to service-context/protected-activity purpose.

15. **APS Designation:** 35:6-10; 35:19-22 Student disliked/trouble; conversations re Justin; Delano named.

**Plaintiff's objection/position:** Object to improper characterization and student privacy unless witness/adult status and protective measures are established.

**Basis:** Rules 401/403; FERPA/privacy; hearsay if offered for truth; risk of prejudice to student and Plaintiff.

**Counter-designation / limiting request:** If admitted, counter-designate protected-advocacy context and testimony that Delano is on witness list/adult/former student if applicable.

16. **APS Designation:** 54:16-23; 55:2-9 Volcano Vista tenure; positive experience with Dr. Bannerman.

**Plaintiff's objection/position:** No objection; relevant context.

**Basis:** Relevant to pre-retaliation performance/context.

**Counter-designation / limiting request:** May counter-designate performance/no prior-problem testimony if available.

17. **APS Designation:** 58:17-25; 59:1-2 Advocacy to Bernadette/Justin/Melissa; supervisory structure.

**Plaintiff's objection/position:** No objection; core liability context.

**Basis:** Relevant to protected activity, notice, decisionmaking.

**Counter-designation / limiting request:** Counter-designate surrounding testimony on student concerns and administrative responses.

18. **APS Designation:** 60:22-25; 61:1-7 Private practice start and continued operation while at APS.

**Plaintiff's objection/position:** No objection to limited damages/mitigation use; object to insinuation of misconduct absent foundation.

**Basis:** Relevant to income/mitigation; Rule 403 if used to imply improper outside work.

**Counter-designation / limiting request:** Limiting instruction/no insinuation that lawful private practice was misconduct.

19. **APS Designation:** 62:3-4 Approximate number of current clients.

**Plaintiff's objection/position:** Object to unnecessary client-volume detail unless tied to damages/mitigation.

**Basis:** Rules 401/403; client confidentiality/privacy; limited probative value.

**Counter-designation / limiting request:** If admitted, restrict to damages/mitigation; no client identities.

**20. APS Designation:** 62:17-24 Practice was supplemental 2018-2023.

**Plaintiff's objection/position:** No objection to limited damages/mitigation purpose.

**Basis:** Relevant to lost income and mitigation.

**Counter-designation / limiting request:** Counter-designate income/expense context if needed.

**21. APS Designation:** 64:10-14 Unpaid leave before leaving APS.

**Plaintiff's objection/position:** No objection; core context.

**Basis:** Relevant to leave/resignation/damages.

**Counter-designation / limiting request:** Counter-designate leave-interference/hold context.

**22. APS Designation:** 65:6-9; 67:5-12; 68:15-17 Work for Foghi / legal-fee arrangement / pleadings in own case.

**Plaintiff's objection/position:** Object to collateral attorney-employment and fee-arrangement testimony except narrowly for bias if proper.

**Basis:** Rules 401/403; attorney-client/work-product risk; collateral; danger of unfair prejudice and distracting mini-trial.

**Counter-designation / limiting request:** If admitted, limit to nonprivileged fact of employment; prohibit inquiry into legal strategy/pleadings.

**23. APS Designation:** 70:5-11; 70:25; 71:1-9; 71:17-18; 72:1-2 Current clients, payment sources, EAP rates, highest rates.

**Plaintiff's objection/position:** Object to client/confidential practice details beyond damages/mitigation.

**Basis:** Rules 401/403; privacy/confidentiality; collateral; no client identities.

**Counter-designation / limiting request:** If admitted, limit to aggregate income/rates only; no APS-student identities.

**24. APS Designation:** 80:10-25; 81:23-25; 82:1-6; 82:13-20 ALD/admin-license program and Atler refusal/signature issue.

**Plaintiff's objection/position:** No objection; core damages/career-blocking context.

**Basis:** Relevant to lost earning capacity, retaliation, pretext, professional harm.

**Counter-designation / limiting request:** Counter-designate all surrounding ALD context, including requirements and comparators if available.

**25. APS Designation:** 92:19-25; 93:1-8 Students in the Center / training cadre.

**Plaintiff's objection/position:** No objection; relevant professional-advocacy context.

**Basis:** Relevant to work performance, advocacy, qualifications.

**Counter-designation / limiting request:** Counter-designate Ellen Bernstein/ATF context if needed.

**26. APS Designation:** 99:19-22 Parent complaint about missed hours / technology issue.

**Plaintiff's objection/position:** Object if offered to prove Plaintiff failed to serve student without full context.

**Basis:** Rules 401/403/805; hearsay within parent complaint; misleading without technology/coverage context.

**Counter-designation / limiting request:** Counter-designate explanation and service records/MaxCapture/PTG context.

**27. APS Designation:** 101:3-6; 101:11-24; 102:1-8; 102:24-25; 103:1-14; 104:4-20; 104:21-25 ADA/FMLA request; medical issues; VA disability; migraines/fibromyalgia/stress; surgery planning.

**Plaintiff's objection/position:** Object to any use for expert medical causation; otherwise allow limited personal-knowledge testimony.

**Basis:** Rules 602/701/702; medical/privacy; Rule 403; Plaintiff may testify to symptoms/limitations but not expert causation beyond personal knowledge.

**Counter-designation / limiting request:** Counter-designate accommodation-request context and APS knowledge.

**28. APS Designation:** 105:2-15; 105:17-19 Motor vehicle accidents and overlap with physical issues.

**Plaintiff's objection/position:** Object to collateral accident details unless APS identifies a specific damages/causation purpose.

**Basis:** Rules 401/403; collateral medical-causation mini-trial; expert foundation required for apportionment.

**Counter-designation / limiting request:** If admitted, limit to personal history; no medical apportionment without expert.

**29. APS Designation:** 106:3-12 VA care, bills, chiropractor out-of-pocket.

**Plaintiff's objection/position:** No objection to limited damages/medical-expense context; object to broader medical conclusions.

**Basis:** Relevant to damages and mitigation; Rule 701/702 limits apply.

**Counter-designation / limiting request:** Counter-designate expenses/insurance/VA-care context if needed.

**30. APS Designation:** 107:4-9 Heat/cold trigger inflammation; accommodation was intermittent, not full-time remote.

**Plaintiff's objection/position:** No objection, subject to limitation against mischaracterization.

**Basis:** Relevant to ADA accommodation; counters APS's caricature of disability.

**Counter-designation / limiting request:** Counter-designate to clarify underlying disability vs environmental triggers.

**31. APS Designation:** 108:18-20 FMLA to cover appointments and avoid penalty.

**Plaintiff's objection/position:** No objection.

**Basis:** Relevant FMLA/leave context.

**Counter-designation / limiting request:** Counter-designate interference/pressure context.

**32. APS Designation:** 115:1-9; 116:15-25; 117:1-5 Surgery, PTGs, accusations, migraines/ER, stress triggering symptoms.

**Plaintiff's objection/position:** No objection to core context; object to expert medical causation beyond personal knowledge.

**Basis:** Relevant to FMLA, PTG accusations, damages, pretext; Rule 701/702 limits.

**Counter-designation / limiting request:** Counter-designate full PTG/coverage context.

**33. APS Designation:** 118:11-14 Plaintiff kept every note written during APS employment.

**Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

**Basis:** Relevant to records, professionalism, foundation, production.

**Counter-designation / limiting request:** Counter-designate recordkeeping/professional-duty context if needed.

**34. APS Designation:** 127:20-24 Returned to work and no students on caseload; not leaving yet.

**Plaintiff's objection/position:** No objection; core context.

**Basis:** Relevant to caseload removal/adverse action/constructive discharge.

**Counter-designation / limiting request:** Counter-designate related caseload-removal context.

**35. APS Designation:** 134:9-15; 135:3-4 Pain, no migraines after leave, no choice but not to return; quit at end of leave.

**Plaintiff's objection/position:** No objection to limited use; counter-designate to avoid misleading "quit" narrative.

**Basis:** Relevant to constructive-discharge/damages; Rule 106 completeness needed.

**Counter-designation / limiting request:** Counter-designate hostile conditions, medical restrictions, leave pressure, and resignation context.

**36. APS Designation:** 136:23-25; 137:1-4; 139:5-23 Tax/income, expenses, physical office/rent.

**Plaintiff's objection/position:** No objection to damages/mitigation context; object to unnecessary detail/privacy beyond damages.

**Basis:** Relevant to damages/mitigation; Rule 403/611 limits.

**Counter-designation / limiting request:** Counter-designate refinance/insurance/lost income context if needed.

**37. APS Designation:** 142:21-22 Plan to go to other school districts; did not plan to leave.

**Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

**Basis:** Relevant to mitigation/constructive discharge.

**Counter-designation / limiting request:** Counter-designate context.

**38. APS Designation:** 145:15-20; 146:2-7; 149:2-10 "Outing" accusation, student self-harm/gender dysphoria, mandated reporting.

**Plaintiff's objection/position:** Strong objection unless Court permits tightly controlled, anonymized, sealed presentation.

**Basis:** FERPA/privacy; medical/mental-health privacy; Rule 403; undue prejudice/confusion; collateral; sensitive gender-identity/self-harm details; pending MIL/privacy issues.

**Counter-designation / limiting request:** If admitted, require initials, redaction, sealed/proffer procedure, and counter-designate mandated-reporting/code-of-ethics context.

**39. APS Designation:** 159:6-12 Snapchat / student communication.

**Plaintiff's objection/position:** Object absent specific foundation and nonpropensity purpose.

**Basis:** Rules 401/403/404; collateral; FERPA/privacy; incomplete and uncertain testimony.

**Counter-designation / limiting request:** If admitted, counter-designate policy/context and absence of improper conduct if available.

**40. APS Designation:** 163:16-23 Groups/multiple students; Antoinette piggybacked/online groups.

**Plaintiff's objection/position:** Object only to student-identifying/confidential details; otherwise relevant to practice/context.

**Basis:** FERPA/privacy; Rule 403; also relevant to social-work service practices and Romero context.

**Counter-designation / limiting request:** Counter-designate full group/service-practice explanation.

**41. APS Designation:** 166:15-20 Post-APS private practice with APS students.

**Plaintiff's objection/position:** Object absent narrow damages/mitigation purpose and strict privacy limits.

**Basis:** Rules 401/403/404; client confidentiality; FERPA/privacy; unfair insinuation of improper solicitation; pending MIL/nonproduction themes.

**Counter-designation / limiting request:** If admitted, prohibit identities and improper-solicitation inference absent foundation.

**B. Amari Janae Lipe**

**1. APS Designation:** 9:9-14 Mother/father divorce and timing.

**Plaintiff's objection/position:** Object. Collateral family-history testimony has no material connection to any claim or defense and risks unnecessary invasion of family privacy.

**Basis:** Fed. R. Evid. 401, 402, 403; privacy/collateral matter.

**Counter-designation / limiting request:** No counter-designation needed unless APS argues family support/household context; if so, use narrow damages testimony from later lines instead.

**2. APS Designation:** 12:15-25; 13:1-2 Amari describes Plaintiff's role as a school social worker and seeing students seek help.

**Plaintiff's objection/position:** No blanket objection if limited to general role/context and no student identities are disclosed. Object to any use to imply Amari knew confidential student specifics or to elicit private student information.

**Basis:** Rules 401, 402; FERPA/privacy; Rule 403 if expanded into student-specific matters.

**Counter-designation / limiting request:** Limiting instruction/redaction: no student names or personally identifying student information; use only for general role/context and personal observations.

**3. APS Designation:** 13:3-4 Amari saw students come in to ask Plaintiff for help.

**Plaintiff's objection/position:** No objection to narrow foundation/personal-observation testimony, subject to privacy limits.

**Basis:** Rules 401, 602; FERPA/privacy.

**Counter-designation / limiting request:** If APS uses this to suggest improper student contact or confidentiality issues, counter-designate surrounding context showing students sought school-social-work help and Amari left the office.

**4. APS Designation:** 13:8-11 Amari confirms she was a student at the same school where Plaintiff worked.

**Plaintiff's objection/position:** No objection in principle. This is background/foundation for Amari's observations.

**Basis:** Rules 401, 602.

**Counter-designation / limiting request:** None presently, but preserve objection if APS uses it to imply impropriety without foundation.

**5. APS Designation:** 13:16-18 Plaintiff and Amari drove to school together / arrived early.

**Plaintiff's objection/position:** Object in part. Routine commuting is marginal and risks collateral insinuation unless tied to Amari's ability to observe work habits or Plaintiff's early arrival/work ethic.

**Basis:** Rules 401, 402, 403.

**Counter-designation / limiting request:** If admitted, limit to foundation for Amari's observations and counter-designate lines 13:18-23 as needed to show Plaintiff arrived early to do paperwork and start work.

6. **APS Designation:** 14:1-7 Plaintiff worked at middle school/volunteered/PTA involvement when Amari was younger.

   **Plaintiff's objection/position:** Object. This predates the relevant events and is collateral family/school-history evidence. Any probative value is minimal and outweighed by waste/confusion.

   **Basis:** Rules 401, 402, 403.

   **Counter-designation / limiting request:** No counter-designation needed.

7. **APS Designation:** 15:6-10 Amari states Plaintiff has long had a private practice.

   **Plaintiff's objection/position:** Object in part / limit. Private-practice existence may be relevant to mitigation or income, but broad testimony from Amari about timing and operation lacks foundation and risks collateral confusion.

   **Basis:** Rules 401, 403, 602; foundation/personal knowledge.

   **Counter-designation / limiting request:** Limit to the fact that Amari was generally aware Plaintiff had a private practice; no financial, client, solicitation, or operational inferences without foundation.

8. **APS Designation:** 15:17-20 Plaintiff may have worked at Tony Hillerman when Amari was in seventh/eighth grade.

   **Plaintiff's objection/position:** Object. Collateral school-history testimony predates the key events and has little probative value.

   **Basis:** Rules 401, 402, 403.

**Counter-designation / limiting request:** No counter-designation needed.

**9. APS Designation:** 23:21-23 Amari attended Volcano Vista from approximately 2019 to 2023.

**Plaintiff's objection/position:** No objection. This provides foundation for Amari's observations at Volcano Vista.

**Basis:** Rules 401, 602.

**Counter-designation / limiting request:** None presently.

**10. APS Designation:** 23:25; 24:1-2 Plaintiff worked at Volcano Vista while Amari attended there.

**Plaintiff's objection/position:** No objection to this foundation.

**Basis:** Rules 401, 602.

**Counter-designation / limiting request:** None presently.

**11. APS Designation:** 24:1 Duplicative partial line from same exchange.

**Plaintiff's objection/position:** Object as duplicative/cumulative to the extent separately offered after 23:25-24:2.

**Basis:** Rule 403; cumulative presentation.

**Counter-designation / limiting request:** Use complete exchange if admitted.

**12. APS Designation:** 28:11-15 Amari confirms Plaintiff worked there and Amari had lunch with her basically every day.

**Plaintiff's objection/position:** Object in part. Daily lunch testimony is marginal and invites collateral insinuation unless tied to Amari's ability to personally observe workplace interactions.

**Basis:** Rules 401, 402, 403.

**Counter-designation / limiting request:** If admitted, counter-designate 28:18-25 and related following lines as needed to show this was the basis for Amari's observations of employee conduct, not improper conduct by Plaintiff.

13. **APS Designation:** 28:18-22 Amari describes going to Plaintiff's office during lunch and witnessing employee-related issues.

    **Plaintiff's objection/position:** No blanket objection. This lays foundation for personal observations, but should be limited to matters Amari personally observed.

    **Basis:** Rules 401, 602; Rule 403.

    **Counter-designation / limiting request:** Counter-designate following lines if APS cuts off before identifying the observed conduct or if the excerpt is misleading.

14. **APS Designation:** 60:21-24 Amari personally observed changes in Plaintiff's health, stress, overwork, flareups, and functioning.

    **Plaintiff's objection/position:** No objection. This is proper lay damages testimony based on personal observations. APS opened this by designating it; Plaintiff requests preservation of the full context.

    **Basis:** Rules 401, 602, 701; damages; emotional distress/functional observation.

    **Counter-designation / limiting request:** Counter-designate/ensure inclusion of 60:24-25 and 61:1-13 so the testimony is complete and not artificially cut off.

15. **APS Designation:** 60:24-25 Continuation of Amari's personal observations of Plaintiff's health/stress.

    **Plaintiff's objection/position:** No objection. Completes the damages testimony.

    **Basis:** Rules 401, 602, 701; Rule 106 completeness.

    **Counter-designation / limiting request:** Include through 61:1-13.

**16. APS Designation:** 61:11-13 Amari explains Plaintiff had prior health issues but they worsened during the events/litigation.

**Plaintiff's objection/position:** No objection. Proper lay observation; not offered as medical diagnosis or expert causation.

**Basis:** Rules 401, 602, 701; damages.

**Counter-designation / limiting request:** Limit as lay observation only: Amari may testify what she observed, not medical causation or diagnosis.

**C. Annittra Atler**

**1. APS Designation:** 4:19-22 Atler served as associate superintendent for special education beginning July 1, 2022.

**Plaintiff's objection/position:** No objection / foundation.

**Basis:** Relevant background and role foundation.

**Counter-designation / limiting request:** No counter needed unless APS uses this to imply she personally supervised Plaintiff. If so, counter with 6:17-22 and 8:18-24 showing no direct supervision/observation.

**2. APS Designation:** 5:11-16 Oversaw 17,000 students, 200 employees, and executive directors over compliance, related services, and curriculum.

**Plaintiff's objection/position:** No objection; consider limiting if APS overstates personal knowledge.

**Basis:** Foundation as to role. Rule 602 limitation: position title does not establish personal knowledge of specific events.

**Counter-designation / limiting request:** Counter-designate as needed with 6:17-22 and 8:18-24 to show responsibilities were delegated and she did not personally supervise or observe Plaintiff.

3. **APS Designation:** 6:7-10 Bernadette Lucero-Turner was ultimate authority on caseload assignment.

   **Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

   **Basis:** Relevant to decision-making chain and who had authority over caseload assignment.

   **Counter-designation / limiting request:** No counter needed; consider using as Plaintiff counter-designation if APS omits surrounding context.

4. **APS Designation:** 6:20-22 Atler did not do general personnel supervision but could provide support/direction to employees.

   **Plaintiff's objection/position:** No objection if admitted with the stated limitation.

   **Basis:** Relevant to scope of her personal knowledge and limits of her role.

   **Counter-designation / limiting request:** No counter needed.

5. **APS Designation:** 7:1-3 Atler provided Justin Griego guidance regarding caseload management and parent concerns for Volcano Vista.

   **Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

   **Basis:** Relevant to APS knowledge, Griego communications, caseload, parent concerns, and decision-making chain.

   **Counter-designation / limiting request:** Counter-designate 7:9-13 if APS uses only 7:1-3, because context shows guidance involved Plaintiff being out and parent concerns.

6. **APS Designation:** 7:15-18 Atler states this was the first time meeting Plaintiff in person.

   **Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

**Basis:** Relevant to lack of personal relationship and limited direct knowledge.

**Counter-designation / limiting request:** Counter-designate 8:18-24 and 28:20-22 to show she never supervised or observed Plaintiff working with students.

**7. APS Designation:** 8:2-9 Atler says she responded to ALD hours request but did not assist because she lacked documentation; says Plaintiff did not provide it.

**Plaintiff's objection/position:** Object/limit; Rule 106 counter-designation needed.

**Basis:** Risk of misleading incompleteness and unfair prejudice if used to imply Plaintiff failed to support ALD hours without surrounding facts. Rules 401, 403, 106, 602.

**Counter-designation / limiting request:** Counter-designate 36:18-25 and 37:1-6 regarding Atler signing off for other interns and lack of awareness that Plaintiff had been denied internship opportunity.

**8. APS Designation:** 10:17-23 Atler states she was not final decision-maker on accommodation and did not sit in ADA meetings; not her role.

**Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

**Basis:** Relevant to ADA decision-maker chain and limits of her knowledge.

**Counter-designation / limiting request:** No counter needed; consider pairing with other ADA witnesses/designations to show who did make decisions.

**9. APS Designation:** 14:17-20 Atler confirms she discussed concerns about number of days Plaintiff was absent that she felt were inconsistent.

**Plaintiff's objection/position:** Object/limit unless completed by 15:1-4, 15:13-24, 26:18-24.

**Basis:** Potentially prejudicial and incomplete if used to imply abuse of leave. Requires context that FMLA was lawful, intermittent leave need existed, and Atler lacked direct HR/medical role. Rules 403, 106, 602.

**Counter-designation / limiting request:** Counter-designate 15:1-4, 15:5-12, 15:13-24, and 28:2-6.

**10. APS Designation:** 15:1-4 Atler says meeting discussion included that intermittent FMLA was not intermittent and there were 10-11 days at a time.

**Plaintiff's objection/position:** Object/limit; require non-hearsay purpose and context.

**Basis:** This is an embedded statement from a meeting and risks improper inference that protected leave was abusive. Hearsay/Rule 805 if offered for truth; Rule 403; Rule 106.

**Counter-designation / limiting request:** Counter-designate 15:5-12 that Plaintiff had a right to take FMLA and it did not have to be taken all at once; also 15:13-24 that Atler was not privy to leave/ADA and did not meet with HR directly.

**11. APS Designation:** 22:19-25 Atler says she would have major concerns as a parent if a student was not receiving services, tied to consistency seeing students.

**Plaintiff's objection/position:** Object/limit; strong Rule 403/602/701 concern.

**Basis:** Speculative parent-perspective opinion; risks unfair prejudice and improper quasi-expert/service-failure conclusion without specific documents or personal knowledge. Rules 401, 403, 602, 701; FERPA/privacy if tied to student IEPs.

**Counter-designation / limiting request:** Counter-designate 24:3-14, 24:15-19, 25:5-6, 26:1-7, 28:20-22 to show documents were not produced/accessed by her, relied on others, and she never observed Plaintiff with students.

**12. APS Designation:** 24:3-6 Counsel asks what document Atler relied on for serious statements; Atler says two different issues.

**Plaintiff's objection/position:** No objection, but Plaintiff requests completion under Fed. R. Evid. 106.

**Basis:** Relevant to foundation and lack of record basis.

**Counter-designation / limiting request:** Counter-designate 24:7-14 and 24:15-19 for the actual answer and APS possession of documents.

**13. APS Designation:** 24:7-14 Atler says first basis was meeting interaction; second was IEPs, parent concerns, and IEP minutes not met.

**Plaintiff's objection/position:** Object/limit; Rule 106 and foundation required.

**Basis:** Contains embedded hearsay/secondhand information about parent concerns and IEP minutes; lacks specific exhibit foundation. Rules 602, 701, 801/802/805, 403; FERPA/privacy.

**Counter-designation / limiting request:** Counter-designate 24:15-19, 25:5-6, 26:1-7, and 28:20-22 to show APS had the documents, Atler did not have access, and Turner/social-work liaison did the review.

**14. APS Designation:** 25:19-21 Social workers are required to do progress toward goals every grading period.

**Plaintiff's objection/position:** No objection if used as general foundation; object if used to prove Plaintiff failed to do PTGs.

**Basis:** General procedural background is relevant. But it does not establish Plaintiff failed to complete PTGs. Rule 602/403 limitation.

**Counter-designation / limiting request:** Counter-designate Stephanie Avila/PTG designations and/or Atler 26:1-7 if APS uses this to imply noncompliance by Plaintiff.

15. **APS Designation:** 26:18-20 Atler clarifies "stability" meant ability to be at work/maintain schedule to meet student needs.

**Plaintiff's objection/position:** No objection if admitted with limiting context.

**Basis:** Relevant to rebut insinuation that "stability" meant mental/emotional instability.

**Counter-designation / limiting request:** Counter-designate 26:21-24 with it.

16. **APS Designation:** 26:21-24 Atler agrees she did not mean emotional/mental state and says she does not know/interact with Plaintiff.

**Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

**Basis:** Relevant to limit improper mental-health insinuation and to show lack of personal knowledge.

**Counter-designation / limiting request:** No counter needed; include if APS designates any "stability" language.

17. **APS Designation:** 29:5-10 Atler participated in removal/reassignment of students by email and instructed Griego/Lucero-Turner to remove students.

**Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

**Basis:** Relevant to adverse action, causation, caseload removal, and decision-making.

**Counter-designation / limiting request:** Counter-designate 29:11-25 and 30:1-12 if needed to show reason and timeline; and preserves Plaintiff's position that reassignment was not meaningfully communicated and was retaliatory/pretextual.

18. **APS Designation:** 29:20-25 Atler says reassignment was to support Plaintiff while out on leave and because Plaintiff mentioned in fall she could not get PTGs in.

**Plaintiff's objection/position:** Object/limit; Rule 106 and foundation.

**Basis:** Self-serving reason; may be admissible as party/agent statement but needs context. Risk of unfair prejudice if used without Plaintiff's evidence that PTGs were covered/completed and Plaintiff was on leave. Rules 403, 106; potential hearsay if offered for truth of what Plaintiff "mentioned."

**Counter-designation / limiting request:** Counter-designate 29:5-10, 29:11-18, and Plaintiff/Avila/Torres designations showing coverage, lack of notice, and actual PTG handling.

**19. APS Designation:** 36:6-8 Atler says PED regulations do not require associate superintendents to sign off on intern hours.

**Plaintiff's objection/position:** No objection, but limit.

**Basis:** Relevant to ALD issue. Does not resolve whether APS blocked or failed to support internship hours.

**Counter-designation / limiting request:** Counter-designate 36:18-25 and 37:1-6 to show she signed for other interns and was unaware Plaintiff had attempted to get internship and was denied.

**20. APS Designation:** 36:18-20 Atler confirms she signed off on intern hours for other interns not necessarily working under her.

**Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

**Basis:** Relevant to comparator/ALD blocking.

**Counter-designation / limiting request:** Counter-designate 36:21-25 and 37:1-3 for full context.

**21. APS Designation:** 36:21-25 Atler says she verified hours for two others in Plaintiff's cohort and question asks what distinguished Plaintiff.

**Plaintiff's objection/position:** No objection, but Plaintiff requests completion under Fed. R. Evid. 106.

**Basis:** Relevant to disparate treatment and ALD/career-blocking theory.

**Counter-designation / limiting request:** Counter-designate 37:1-6: she says she lacked verification and was unaware Plaintiff had been denied internship opportunity.

**22. APS Designation:** 37:1-3 Atler says she lacked verification that Plaintiff's intern hours were completed.

**Plaintiff's objection/position:** Object/limit; counter-designate required.

**Basis:** Incomplete if used to suggest Plaintiff failed to complete ALD obligations. Rules 403, 106.

**Counter-designation / limiting request:** Counter-designate 37:4-6 that Atler was unaware Plaintiff had attempted to seek internship and was denied; add ALD documents/Tara Summers/Alzaga/Bannerman testimony if available.

**D. Justin Griego**

**1. APS Designation:** p. 5:24-25; p. 6:1 Deposition instructions: counsel explains court reporter/transcriptionist will take everything down.

**Plaintiff's objection/position:** Object if offered as substantive evidence. No objection if used only to orient the transcript.

**Basis:** Rules 401/402; cumulative; not substantive testimony. These lines are deposition mechanics, not facts of consequence.

**Counter-designation / limiting request:** No counter-designation needed unless APS includes this to pad the designation.

**2. APS Designation:** p. 7:3-5 Griego's prior school before Volcano Vista: Jimmy Carter.

**Plaintiff's objection/position:** No objection if limited to the stated purpose, but relevance is limited.

**Basis:** Rules 401/402. Background only; should not be used to imply qualifications or credibility beyond role foundation.

**Counter-designation / limiting request:** No counter-designation needed unless APS uses surrounding employment history selectively.

**3. APS Designation:** p. 10:22-25; p. 11:1-5 Griego reports/meetings with Mr. Cordova at Valley; student situations, services, parent interactions.

**Plaintiff's objection/position:** Object/limit if used to inject collateral Valley High issues or student matters unrelated to claims.

**Basis:** Rules 401/402, 403; FERPA/privacy if student details are elicited; scope/completeness.

**Counter-designation / limiting request:** If allowed, limit to background about Griego's relationship to SESS/student-service context. Exclude student identifiers and collateral student details.

**4. APS Designation:** p. 14:2-9 Identity of administrator after Cordova; Griego does not know why Cordova left.

**Plaintiff's objection/position:** Object as irrelevant/collateral unless APS identifies a concrete relevance theory.

**Basis:** Rules 401/402, 403. Collateral administrative personnel issue from Valley High and remote from Volcano Vista events.

**Counter-designation / limiting request:** No counter-designation needed unless APS uses this to minimize prior-history issues; then add surrounding context of Griego's limited memory.

5. **APS Designation:** p. 20:4-10 Griego does not recall when Plaintiff left Valley; later worked with Plaintiff again at Volcano Vista.

   **Plaintiff's objection/position:** No objection if limited to the stated purpose; transition/foundation.

   **Basis:** Relevant only as timeline/background. Rule 403 if cumulative.

   **Counter-designation / limiting request:** Could counter-designate p. 20:11-15 if APS omits that he was involved in conversations about caseload adjustments at Volcano Vista.

6. **APS Designation:** p. 22:6-25; p. 23:1-4 Plaintiff's caseload; Griego estimates 20-30 students; says VVHS social workers likely carried higher numbers; says Jessie MacFarland balanced service minutes and student numbers.

   **Plaintiff's objection/position:** Generally allow, but require completeness. Object to speculation where Griego guesses districtwide comparison without data.

   **Basis:** Rules 602, 701, 401/402, 403, 106. Griego lacks personal/systemwide basis for districtwide caseload comparison; testimony may need MaxCapture/Synergy custodian context.

   **Counter-designation / limiting request:** Counter-designate surrounding lines showing he did not remember all students and was not 100% sure. Preserve use to show caseload burden and APS's lack of precise knowledge.

**7. APS Designation:** p. 29:20-25 Participants in ADA accommodation meeting; Griego cannot recall everyone, knows Socorro ran meeting and Bernadette may have attended.

**Plaintiff's objection/position:** No objection if limited to the stated purpose. No objection to limited use.

**Basis:** Relevant to ADA interactive-process participants and APS knowledge.

**Counter-designation / limiting request:** Counter-designate p. 29:7-18 if APS omits context: Griego was aware of request to work remotely and ADA accommodation meeting occurred.

**8. APS Designation:** p. 30:1-12 Meeting attendance; question states a decision was made not to support Plaintiff's accommodation request.

**Plaintiff's objection/position:** No objection to attendance/foundation. Object if APS uses counsel's question as evidence that only district/Socorro made decision without full context.

**Basis:** Rule 106; questions are not evidence; completeness; Rules 401/403.

**Counter-designation / limiting request:** Counter-designate p. 30:13-25 and p. 31:1-12 showing Griego gave input/concerns about remote work and student supervision/crisis protocols.

**9. APS Designation:** p. 31:6-9 Griego's concern if a student in crisis was on Plaintiff's caseload; who would respond.

**Plaintiff's objection/position:** Object/limit to prevent speculative student-safety fear narrative.

**Basis:** Rules 602, 701, 403; foundation; FERPA/privacy. General crisis hypothetical may unfairly prejudice unless tied to actual ADA interactive process and not offered as proof remote work was unsafe.

**Counter-designation / limiting request:** Counter-designate p. 31:13-23: Griego did not know parameters, did not care either way, wanted plan in place.

**10. APS Designation:** p. 38:3-11 Counsel objection and Griego reads investigator statement that Plaintiff's absences increased Romero's workload and parents requested social-worker changes.

**Plaintiff's objection/position:** Strong objection if offered for truth; investigative report contains embedded hearsay and untested parent statements.

**Basis:** Rules 801, 802, 805; 403; 602; Rule 106. The investigator's summary and alleged parent reports are hearsay within hearsay. Also overlaps with Plaintiff's MIL on investigative reports and APS's hearsay positions.

**Counter-designation / limiting request:** If any portion allowed, require limiting instruction: not for truth of parent complaints, only for impeachment/notice/what Griego said to investigator. Counter-designate p. 38:16-21 showing basis was a leave log, not personal knowledge of parent complaints.

**11. APS Designation:** p. 46:16-25 Question about investigative paragraph; counsel objection that statement was not in quotations.

**Plaintiff's objection/position:** Object to counsel colloquy and question as non-evidence; require testimony only, not attorney argument.

**Basis:** Rules 401/402, 403; questions/objections are not evidence; hearsay/embedded report issue.

**Counter-designation / limiting request:** If APS uses this, counter-designate p. 47:1-15 where the paragraph is read so the Court sees the actual content, but only subject to hearsay limitations.

**12. APS Designation:** p. 47:1-5 Counsel asks Griego to read paragraph into record.

**Plaintiff's objection/position:** Object to counsel colloquy/question as non-substantive; if included only to frame reading, limit.

**Basis:** Rules 401/402; questions are not evidence; cumulative.

**Counter-designation / limiting request:** Pair only with p. 47:6-15 if the Court permits the report statement for a limited non-hearsay purpose.

**E. Antoinette Romero**

**1. APS Designation:** 6:13-14 Length of APS employment: Romero testified she has been at APS "about 23 years." APS appears to offer this as background/foundation.

**Plaintiff's objection/position:** No objection, subject to ordinary foundation and live-witness availability.

**Basis:** Relevant only as basic witness background. No substantive objection needed. If Romero testifies live, deposition use should be limited to permitted purposes under Fed. R. Civ. P. 32 and the Federal Rules of Evidence.

**Counter-designation / limiting request:** No counter-designation needed.

**2. APS Designation:** 58:7-8 Sensitive student-related testimony: Romero states that APS had been trained that a student should not be "outed" while working with them. APS may use this as part of the "outing" narrative or to imply Plaintiff violated student confidentiality/protocols.

**Plaintiff's objection/position:** Object / limit. This isolated excerpt is incomplete and risks unfair prejudice, confusion, and unnecessary disclosure of sensitive student-related issues. It should not be used as a free-standing accusation or character attack. If allowed, the Court

should require initials/redaction, no student identifiers, a specific non-propensity purpose, and a limiting instruction.

**Basis:** Fed. R. Evid. 401, 402, 403, 105, 602, 701, 801/802/805 as applicable; FERPA/privacy protections; Rule 106 completeness. The isolated designation concerns student privacy, gender-identity/self-harm context, and professional protocol. It is likely to mislead the jury if severed from the surrounding reporting-duty testimony.

**Counter-designation / limiting request:** Yes. If the Court allows 58:7-8, Plaintiff requests counter-designation of the surrounding testimony explaining reporting obligations and the distinction between confidentiality, self-harm protocol, parent notification, and professional/licensure duties. Recommended counter-designations: 57:11-17 and 58:12-24; consider 57:3-6 and 57:8-10 only if needed to frame the question, with privacy redactions.

**F. Bernadette Lucero-Turner**

**1. APS Designation:** 6:16-21 Witness states first memory of Plaintiff was a grievance against her and that this was her first indication Plaintiff was an APS social worker.

**Plaintiff's objection/position:** Object/limit only if used to imply grievance was baseless; otherwise allow with counter-designation.

**Basis:** Rules 401, 403, 602, 106. The excerpt is incomplete if APS uses it to imply Plaintiff's grievance was odd or unfounded without context.

**Counter-designation / limiting request:** Yes. Counter-designate 6:22-25 and 7:19-25 / 8:1-8 as needed to show counsel clarified the grievance concerned Plaintiff being moved from Valley High School, not mileage, and that witness's memory was uncertain.

**2. APS Designation:** 6:25; 7:1-5 Witness describes grievance as involving mileage to take Plaintiff's daughter to a charter school and bullying at school.

**Plaintiff's objection/position:** Object. If allowed, limit and require counter-designation.

**Basis:** Rules 401, 403, 602. Collateral family/student matter; unfair prejudice and privacy concerns; witness admits lack of memory/knowledge. Risk of injecting daughter's school/bullying issue into trial without probative value.

**Counter-designation / limiting request:** Yes. Counter-designate 7:19-25 and 8:1-8 showing counsel corrected the record that the grievance concerned Plaintiff being moved from the school, and witness conceded she was not Plaintiff's supervisor and had limited memory.

3. **APS Designation:** 12:8-15 Witness states Plaintiff wanted to work from home and that social-worker remote work was difficult because of crisis intervention at school.

   **Plaintiff's objection/position:** Allow only with completeness counter-designation and privacy limits.

   **Basis:** Rules 106, 403. Excerpt may be relevant to ADA/remote-work issues, but incomplete if used to suggest remote work was categorically impossible or Plaintiff's request was unreasonable.

   **Counter-designation / limiting request:** Yes. Counter-designate 13:20-25 and 14:1-19 to show everyone, including social workers and students, had previously been remote and that witness did not remember whether other social workers worked remotely during Plaintiff's accommodation period.

4. **APS Designation:** 12:16-25; 13:1-3 Witness claims APS worked "very hard" to accommodate Plaintiff, that Plaintiff "moved the rules," and that APS had to balance helping Plaintiff with providing child services at Volcano Vista.

   **Plaintiff's objection/position:** Object/limit; counter-designate strongly.

**Basis:** Rules 403, 602, 701, 802/805, 106. This is conclusory, subjective, and potentially based on unspecified emails/communications not identified in the excerpt. Risk of unfairly presenting APS's narrative without foundation or supporting records.

**Counter-designation / limiting request:** Yes. Counter-designate 20:13-16 and 21:11-21 showing witness needed documentation, was generalizing, did not have the emails, and could not identify documentation of the alleged efforts when asked.

5. **APS Designation:** 13:15-19 Witness says after COVID many people requested remote work but social workers needed to be at school for crises.

   **Plaintiff's objection/position:** Allow only with counter-designation; object to categorical/overbroad implication.

   **Basis:** Rules 106, 403, 602. Relevant to ADA, but incomplete and potentially misleading if used as categorical justification. Witness later lacked memory/document access regarding whether other social workers worked remotely during the relevant period.

   **Counter-designation / limiting request:** Yes. Counter-designate 13:20-25 and 14:1-19 regarding prior remote work and witness's lack of recollection/document access concerning other social workers working remotely.

6. **APS Designation:** 20:19-25; 21:1-7 Witness states Plaintiff changed rules, went home without telling them, students were not getting services, APS sent social workers to help, and Plaintiff objected because they were not part of the caseload; witness says APS allowed FMLA when needed.

   **Plaintiff's objection/position:** Object to unsupported/conclusory portions; allow only with counter-designations and limiting instruction.

**Basis:** Rules 602, 701, 802/805, 403, 106. Serious accusations about Plaintiff's conduct and student services require foundation and documentation. Witness admits she is being general and needs documents. Student-service details also require FERPA/privacy safeguards.

**Counter-designation / limiting request:** Yes. Counter-designate 20:13-16, 21:11-21, and any surrounding testimony showing she lacked the documents, did not have emails, and could not identify documentation when asked. Also counter-designate Plaintiff's evidence that service records/PTGs/caseload records contradict APS's narrative.

7. **APS Designation:** 21:8-10 Witness says every time APS tried to help, it changed into a different issue.

**Plaintiff's objection/position:** Object/limit; counter-designate.

**Basis:** Rules 403, 602, 701, 106. Conclusory characterization; risk of unfair prejudice and argumentative APS narrative without foundation.

**Counter-designation / limiting request:** Yes. Counter-designate 21:11-21, where counsel asks for documentation and witness says she does not have emails and is no longer with APS.

8. **APS Designation:** 21:2-6 Witness says APS sent social workers to help Plaintiff and Plaintiff said they should not help because they were not part of the caseloads.

**Plaintiff's objection/position:** Object/limit unless APS lays foundation and identifies documents; require FERPA/privacy protections.

**Basis:** Rules 602, 701, 802/805, 403, 106. The testimony concerns student-service/caseload matters and Plaintiff's alleged statement; foundation and completeness required.

**Counter-designation / limiting request:** Yes. Counter-designate 21:11-21 and any records/counter-testimony regarding caseload assignment, service minutes, and why non-caseload providers could not simply provide IEP services.

**9. APS Designation:** 21:7 Witness says APS allowed Plaintiff to take FMLA when needed.

**Plaintiff's objection/position:** Object/limit as incomplete.

**Basis:** Rules 106, 403. A single-line designation is misleading without leave-pressure/hold/context and without testimony on what the witness knew versus HR/leave personnel knew.

**Counter-designation / limiting request:** Yes. Counter-designate testimony/records regarding FMLA pressure, leave hold, HR communications, and witness's limited role/knowledge in leave administration.

**10. APS Designation:** 21:1 Continuation line: "their services are being given."

**Plaintiff's objection/position:** Object as fragmentary/incomplete.

**Basis:** Rules 106, 403. A single continuation line cannot be fairly evaluated or admitted alone.

**Counter-designation / limiting request:** Yes, if APS insists on using it, require the complete question/answer context or exclusion as fragmentary.

**G. Rosita Moya-Herrera**

**1. APS Designation:** 18:9-16 Day-to-day IEP meetings: social workers prepared for IEP meetings, attended physically before the pandemic, and meetings included teachers, parents, and students.

**Plaintiff's objection/position:** No substantive objection if used for limited background and social-work duties. Preserve privacy limits: no student names or identifying details. Do not

allow APS to use this excerpt to suggest Plaintiff had lesser duties or failed to attend meetings without surrounding context.

**Basis:** Fed. R. Evid. 401, 402, 403, 105; FERPA/privacy protections as applicable.

**Counter-designation / limiting request:** If APS uses this excerpt, Plaintiff requests preservation of 18:17-23 and 19:10-18/20:16-22 to show Plaintiff scheduled and met with students, helped set up virtual access, and participated during remote/pandemic conditions.

2. **APS Designation:** 18:17-23 Weekly student scheduling: Moya-Herrera scheduled students weekly and testified that Ms. Lipe did the same.

   **Plaintiff's objection/position:** No objection. This is direct-observation testimony relevant to Plaintiff's claims. It rebuts APS narratives that Plaintiff was not providing services or was unavailable.

   **Basis:** Relevant to work performance, service provision, protected student advocacy, credibility, pretext, and damages. Fed. R. Evid. 401, 402.

   **Counter-designation / limiting request:** Counter-designate 19:10-18 and 20:16-22 if APS attempts to use remote-work or attendance snippets without the context that Plaintiff assisted others and continued participating.

3. **APS Designation:** 20:16-22 Pandemic/virtual work: Plaintiff helped set up access, attended virtual meetings/classes, and Moya-Herrera testified Plaintiff was not late.

   **Plaintiff's objection/position:** No objection. This is relevant testimony. If APS tries to use only the narrow "not late" excerpt while excluding the setup/support context, request Rule 106 completeness.

   **Basis:** Fed. R. Evid. 401, 402, 106, 403. Relevant to remote-work feasibility, work performance, credibility, and pretext.

**Counter-designation / limiting request:** Add counter-designation 19:10-18, 20:24-25, and any continuing lines on page 21 showing Plaintiff preplanned and worked consistently, if APS uses this topic to attack attendance, remote work, or service performance.

4. **APS Designation:** 37:9-12 MaxCapture: witness explains MaxCapture as the system used to document IEP/service notes and timely entries.

   **Plaintiff's objection/position:** No objection to system/background foundation. Limit to witness's personal understanding and practice; do not allow APS to convert this into expert/system-administrator testimony or a blanket foundation for all MaxCapture/Synergy records.

   **Basis:** Fed. R. Evid. 401, 402, 602, 701, 403.

   **Counter-designation / limiting request:** Counter-designate 37:13-23 if APS uses this excerpt, because the next lines explain Synergy workload visibility and caseload allocation context involving Plaintiff, Romero, and Moya-Herrera.

5. **APS Designation:** 41:14-17 Plaintiff as student advocate/social worker: designated fragment states social workers meet with parents and teachers.

   **Plaintiff's objection/position:** No objection to the substance, but object to the fragment as incomplete if APS offers only 41:14-17. The designation cuts out the question and the broader answer praising Plaintiff's advocacy and explaining team-based IEP/legal obligations.

   **Basis:** Fed. R. Evid. 106, 401, 402, 403.

   **Counter-designation / limiting request:** Counter-designate 41:7-13 and 41:18-25. The complete answer states Plaintiff knew community resources very well, advocacy required team-based work, professionalism, availability, and parent participation.

**6. APS Designation:** 42:1-7 Parent complaints/assignments reassigned because parents did not want to deal with Antoinette.

**Plaintiff's objection/position:** Do not object if offered for notice, context, work-environment evidence, service reassignment history, or credibility/bias, with privacy protections. Object to any use for the truth of unidentified parent statements unless an admissible hearsay route is established. Require no student/parent identifiers.

**Basis:** Fed. R. Evid. 401, 402, 403, 801, 802, 805, 105; FERPA/privacy protections.

**Counter-designation / limiting request:** If allowed, counter-designate 42:9-23 to complete the parent-complaint and reassignment testimony. Plaintiff preserves Doc. 310 theory: Moya-Herrera is a direct-knowledge witness, not a gossip witness, and APS cannot use its own failure to investigate/document complaints to erase her testimony.

**H. Socorro Rodriguez**

**1. APS Designation:** 5:4-10 Rodriguez's ADA training/experience; APS appears to offer this to establish ADA coordinator role and training.

**Plaintiff's objection/position:** No substantive objection; preserve foundation/limits.

**Basis:** Relevant background and foundation under Rules 401/402. Plaintiff requests preservation of that APS's ADA coordinator was trained on ADA policies/procedures and had ongoing responsibility for accommodation matters.

**Counter-designation / limiting request:** No counter-designation necessary unless APS uses this to argue reasonable process without the later accommodation-response context. If so, counter-designate interactive-process testimony regarding Plaintiff's request and APS's response.

**2. APS Designation:** 8:6-16 Plaintiff requested remote work; Rodriguez told Plaintiff to explore other accommodations in case remote work was not facilitated, so Plaintiff would not be blindsided.

**Plaintiff's objection/position:** Limited Rule 106/completeness objection if APS uses only this fragment to suggest Plaintiff refused alternatives or that APS engaged in a complete interactive process.

**Basis:** This excerpt is admissible but incomplete if used to imply that the interactive process was adequate or that Plaintiff was unreasonable. Rule 106 and Rule 403 require context.

**Counter-designation / limiting request:** Counter-designate 8:17-22, where Rodriguez states she asked Plaintiff what other accommodations she would consider if remote work was not an option, and Plaintiff said she really wanted to explore remote work. Consider additional counter-designations from the ADA-meeting/decision sequence if available.

**3. APS Designation:** 21:14-16 Rodriguez confirms she must continue training for her job.

**Plaintiff's objection/position:** No substantive objection.

**Basis:** Relevant background; supports that APS had trained personnel and institutional knowledge regarding ADA obligations.

**Counter-designation / limiting request:** No counter-designation needed.

**4. APS Designation:** 21:17-22 Rodriguez testifies trainings occur a couple times a year and involve understanding updates/changes to ADA.

**Plaintiff's objection/position:** No substantive objection.

**Basis:** Relevant background; supports ADA knowledge, notice, training, and reasonableness/pretext analysis.

**Counter-designation / limiting request:** No counter-designation needed unless APS argues lack of knowledge or uncertainty about ADA duties.

**I. Lisa Oliphant**

**1. APS Designation:** 4:23-25 Oliphant's current employment as Executive Director over Child Find and related services.

**Plaintiff's objection/position:** No objection / foundation.

**Basis:** Background foundation. Relevant to role and scope.

**Counter-designation / limiting request:** None needed.

**2. APS Designation:** 5:21-23 Prior role as specialist supporting schools, including Volcano Vista.

**Plaintiff's objection/position:** No objection; preserve context.

**Basis:** Relevant foundation. If APS uses without surrounding context, request Rule 106 completion with 5:24-6:12.

**Counter-designation / limiting request:** Counter-designate 5:24-6:12 to show she attended IEP/school meetings with Plaintiff and believed Plaintiff was a great advocate for kids.

**3. APS Designation:** 5:21-23 (duplicate) Duplicate designation.

**Plaintiff's objection/position:** Object as duplicative/cumulative.

**Basis:** Fed. R. Evid. 403; cumulative presentation.

**Counter-designation / limiting request:** No separate counter-designation.

**4. APS Designation:** 6:8-12 Oliphant states Plaintiff was a great advocate for kids and they discussed individual students and service decisions.

**Plaintiff's objection/position:** No objection, subject to FERPA/privacy protections.

**Basis:** Relevant. Use initials/redaction and avoid student identifiers.

**Counter-designation / limiting request:** No additional needed; preserve 6:13-18 if APS tries to imply complaints or negative performance.

5. **APS Designation:** 7:6-12 Oliphant references concerns raised by principals about parent complaints and a student issue, with uncertain memory.

   **Plaintiff's objection/position:** Object/limit.

   **Basis:** Rules 602, 403, 801/802/805, FERPA/privacy. Witness states this is several years old, based on what principals told her, and she cannot remember details. If admitted, limit to notice/context, not truth of parent or administrator accusations.

   **Counter-designation / limiting request:** Counter-designate 6:13-18; 7:13-21; 12:16-24; 13:1-12; 27:8-24 to show no personal negative issues, foggy memory, parent concerns do not dictate provider, and no negative reputation.

6. **APS Designation:** 7:23-25; 8:1-2 Oliphant refers to concerns that students came to Plaintiff's office outside scheduled times and teachers complained.

   **Plaintiff's objection/position:** Object/limit.

   **Basis:** Rules 602, 403, 801/802/805, FERPA/privacy. Embedded hearsay from administrators/teachers; vague; uncertain; potentially unfairly prejudicial if used as truth of performance accusation.

   **Counter-designation / limiting request:** Counter-designate 6:7-12; 27:11-21; 33:12-21 to show advocacy, no negative reputation, and positive interactions.

7. **APS Designation:** 11:24-25 Beginning of response about parent complaint; fragment beginning 'in this case I believe a parent was upset...'

   **Plaintiff's objection/position:** Object as incomplete fragment.

**Basis:** Rule 106; Rule 403. Single fragment is misleading without the full answer and context.

**Counter-designation / limiting request:** Require completion through 12:1-24 and 13:1-12 if any portion is used.

**8. APS Designation:** 12:4-6 References attendance/cheerleader issue and parent upset.

**Plaintiff's objection/position:** Object/limit.

**Basis:** Rules 602, 403, 801/802/805, FERPA/privacy. Vague recollection, embedded parent complaint, student-related privacy concerns, not admissible for truth.

**Counter-designation / limiting request:** Counter-designate 12:16-24 and 13:1-12 to show uncertainty and that parents do not dictate provider/caseload/services.

**9. APS Designation:** 12:8-12 School team/principals asked whether caseload could be changed because parent was upset with social worker/Plaintiff.

**Plaintiff's objection/position:** Object/limit.

**Basis:** Rules 602, 403, 801/802/805, FERPA/privacy. Embedded hearsay from principals/parent; collateral student-service accusation; potentially unfairly prejudicial. If allowed, only for notice/context, not truth.

**Counter-designation / limiting request:** Counter-designate 12:13-24 and 13:1-12; also 27:11-21.

**10. APS Designation:** 13:1-6 Oliphant states administrators meet with parents, but parents do not mandate who manages caseload or services.

**Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

**Basis:** Relevant to rebut parent-complaint/caseload narrative.

**Counter-designation / limiting request:** Use as counter-designation if APS offers any parent-complaint excerpts.

**11. APS Designation:** 13:8-12 Oliphant says IEPs determine services, not who delivers services.

**Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

**Basis:** Relevant to student-service/caseload issues and rebutting APS parent-complaint narrative.

**Counter-designation / limiting request:** Use as counter-designation with 11:24-12:12.

**12. APS Designation:** 15:8-10 APS remote-work time frame around March 2020.

**Plaintiff's objection/position:** No objection, but incomplete if used alone.

**Basis:** Relevant to remote-work practices, but should be completed with how remote work was performed.

**Counter-designation / limiting request:** Counter-designate 15:12-18 and 15:19-16:13 to show remote work was districtwide and IEP/support work was done by Google Meets/paperwork.

**13. APS Designation:** 20:14-16 Synergy as student information/IEP/data system.

**Plaintiff's objection/position:** No objection.

**Basis:** Relevant foundation for APS records/systems.

**Counter-designation / limiting request:** Counter-designate 20:20-25 and 21:1-7 if APS uses Synergy/MaxCapture distinction.

**14. APS Designation:** 20:16-17 Synergy used for IEPs.

**Plaintiff's objection/position:** No objection.

**Basis:** Relevant foundation.

**Counter-designation / limiting request:** Same as above.

**15. APS Designation:** 20:17-18 Synergy used for reevaluation information/MATS.

**Plaintiff's objection/position:** No objection.

**Basis:** Relevant foundation.

**Counter-designation / limiting request:** Same as above.

**16. APS Designation:** 20:20-25; 21:1-4 MaxCapture notes, student contacts, progress, activities, and documentation of services.

**Plaintiff's objection/position:** No objection; favorable foundation.

**Basis:** Relevant to MaxCapture/service-documentation issues and authenticity/foundation.

**Counter-designation / limiting request:** Counter-designate 21:5-7 to include contractor/billing/service-provision purpose.

**17. APS Designation:** 21:21-25 Synergy can go back years and allows lookup of specific students.

**Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

**Basis:** Relevant to APS ability to retrieve records and specificity of records searches.

**Counter-designation / limiting request:** Counter-designate 21:14-20 to show she can access Synergy and modify/search fields for dates, providers, and students.

**18. APS Designation:** 27:8-21 Oliphant remembers Plaintiff's reputation: no negative information; administrator questions were process-based, not about Plaintiff.

**Plaintiff's objection/position:** No objection; relevant to Plaintiff's claims and defenses.

**Basis:** Relevant to reputation, pretext, credibility, and rebutting performance-negative-performance evidence.

**Counter-designation / limiting request:** No additional needed, but preserve 27:22-24 and 33:12-21 for positive interactions.

**19. APS Designation:** 27:16 (single line) Fragment within larger positive/process answer.

**Plaintiff's objection/position:** Object as fragment if offered alone.

**Basis:** Rule 106; Rule 403. Line cannot be used out of context to imply performance concern.

**Counter-designation / limiting request:** Require full context 27:8-21.

**20. APS Designation:** 33:19-25 Administrative-intern discussion; Oliphant could not take Plaintiff as intern because job did not lend itself to competencies.

**Plaintiff's objection/position:** No objection if completed; limit if APS implies performance issue.

**Basis:** Relevant to ALD/admin licensure context. Must not be used to imply Plaintiff was rejected for performance reasons.

**Counter-designation / limiting request:** Counter-designate 33:12-21 and 34:1-16, if available, to show positive relationship and that reason was Oliphant's job structure, not Plaintiff's ability.

**J. Bonnie Anderson**

**1. APS Designation:** 4:17-21 Employment role: APS special education department director for data and budget.

**Plaintiff's objection/position:** No objection. This is proper foundation for her role, authority, and knowledge limits.

**Basis:** Fed. R. Evid. 401, 602.

**Counter-designation / limiting request:** None needed, except preserve ability to question scope of her personal knowledge and what others actually generated.

**2. APS Designation:** 4:22-24 Length of APS employment, approximately 20 years.

**Plaintiff's objection/position:** No objection unless cumulative. Background/foundation only.

**Basis:** Rules 401, 403.

**Counter-designation / limiting request:** None.

3. **APS Designation:** 6:8-9 Bonnie has never met Plaintiff.

   **Plaintiff's objection/position:** No objection; relevant to show lack of personal knowledge regarding Plaintiff, her work, disability, leave, advocacy, or damages.

   **Basis:** Rules 401, 602.

   **Counter-designation / limiting request:** Counter-designate 6:10-13 if APS offers only 6:8-9, to show her role was limited to assisting APS with data production in this litigation.

4. **APS Designation:** 7:2-16 Explains data APS provided: STARS, Synergy query, year templates, MaxCapture notes, and related-services data.

   **Plaintiff's objection/position:** No blanket objection. Limit to data-foundation testimony and require completeness. Do not permit APS to use this excerpt to suggest all responsive data was complete, accurate, or sufficient without the surrounding testimony about system limits and her role.

   **Basis:** Rules 401, 602, 403, 106.

   **Counter-designation / limiting request:** Counter-designate 7:17-23 and 10:15-23 to show she was a conduit, did not run queries herself, relied on team members, and could not speak to exact technical details.

5. **APS Designation:** 7:17-20 MaxCapture notes were provided without student names.

**Plaintiff's objection/position:** No objection in principle. Relevant to privacy/redaction and shows APS had produced MaxCapture/service records. Limit any student-specific use under FERPA/privacy protections.

**Basis:** Rules 401, 403; FERPA/privacy; Rule 106.

**Counter-designation / limiting request:** Counter-designate 7:21-23 to complete the thought that those were among the main categories of data provided.

6. **APS Designation:** 10:15-21 Her role is guiding data/budget; she does not perform queries herself; team members do it; she is the legal-facing person.

**Plaintiff's objection/position:** No objection; admissible if offered for a proper purpose because it limits her personal knowledge and shows APS relied on unnamed technical staff. Object only to any attempt to overstate her testimony as personal technical certainty.

**Basis:** Rules 602, 701, 403, 106.

**Counter-designation / limiting request:** Counter-designate 10:22-25 and 11:1-8 if APS uses this testimony to claim certainty about search completeness; those lines show she cannot provide exact details and can only discuss Synergy historically.

7. **APS Designation:** 12:7-13 Counsel transitions back to Synergy manual / question about what Synergy stores.

**Plaintiff's objection/position:** Object or limit. These lines are incomplete and mostly counsel setup rather than substantive testimony. If APS seeks to offer the Synergy-storage issue, the complete answer must be included.

**Basis:** Rules 403, 611(a), 106; counsel statements are not evidence.

**Counter-designation / limiting request:** Require APS to include the answer beginning at 12:22-25 and continuing at 13:1-? if it wants to use this topic. Otherwise, Plaintiff requests exclusion as incomplete setup.

**8. APS Designation:** 17:20-23 Counsel colloquy after defense objection and counsel asks witness to correct any mischaracterization.

**Plaintiff's objection/position:** Object. This is attorney argument/colloquy, not evidence. It risks confusing the jury and should not be read as deposition testimony.

**Basis:** Rules 401, 403, 611(a); counsel statements are not evidence.

**Counter-designation / limiting request:** If Court allows this topic, counter-designate 17:1-10, where Anderson states she verified accuracy, did not personally generate/print the data, directed the work, and reviewed the work.

**9. APS Designation:** 21:8-18 Synergy user guide / report button / whether reports can be generated from Synergy.

**Plaintiff's objection/position:** Object to line 8-9 if framed as counsel assertion rather than witness testimony. Otherwise, admit only with full answer. The witness disagreed that a button could generate the requested report and explained the reports discussed in the guide were for current/live data, not historical reports.

**Basis:** Rules 403, 106, 611(a); counsel statements not evidence.

**Counter-designation / limiting request:** Counter-designate 21:10-18 to avoid misleading use of counsel's question; Anderson states she does not agree a button can give the requested report and that the available reports work for current/live data.

**K. Yvonne Garcia**

**1. APS Designation:** 4:16-17 Garcia identifies herself as a clinical social worker with APS.

**Plaintiff's objection/position:** No substantive objection.

**Basis:** Relevant foundation; personal knowledge.

**Counter-designation / limiting request:** If APS uses only this excerpt, no counter-designation necessary, although 4:18-25 and 5:1 may be relevant to show 23 years of service, collaboration with Plaintiff, Instructional Council role, and union-rep context.

2. **APS Designation:** 9:5-8 Garcia describes relationship with Plaintiff as professional, positive, and friendly.

**Plaintiff's objection/position:** No objection; relevant testimony.

**Basis:** Relevant to Plaintiff's professionalism, reputation, and workplace context.

**Counter-designation / limiting request:** Counter-designate 9:9-15 if APS later tries to overstate Garcia's knowledge of Plaintiff's work performance; Garcia clarifies she did not work at the same school and did not share specific work information.

3. **APS Designation:** 9:21-23 Garcia states she had no negative encounters with Justin Griego that she could recall were addressed.

**Plaintiff's objection/position:** Limited objection if APS uses it to imply Griego had no issues with Plaintiff or that Garcia had no relevant Griego knowledge.

**Basis:** Rules 401/403/602; limited personal knowledge; incomplete if offered beyond the narrow question asked.

**Counter-designation / limiting request:** Counter-designate 9:16-20 to show she knew Griego because he was a teacher at Valley High School. If APS uses this as character evidence for Griego, object under Rules 404/608 and require purpose-specific limitation.

**4. APS Designation:** 11:11-25 Garcia confirms familiarity with Synergy/MaxCapture, explains service schedules in MaxCapture, Synergy as repository for student information, and MaxCapture as program used to ensure services are captured correctly.

**Plaintiff's objection/position:** No objection; this is relevant system/practice foundation.

**Basis:** Relevant to MaxCapture/Synergy access, service scheduling, service capture, and APS records/system issues.

**Counter-designation / limiting request:** Counter-designate 12:1-3 for Medicaid/direct-services completion and 12:8-17 for scope of Synergy access/historical records. This prevents APS from truncating the system explanation.

**5. APS Designation:** 12:1-2 Continuation: MaxCapture supports billing Medicaid for individual/direct services.

**Plaintiff's objection/position:** No objection unless APS tries to make this about improper billing or collateral Medicaid issues.

**Basis:** Relevant foundation; potential Rule 403 if misused for collateral billing insinuations.

**Counter-designation / limiting request:** If used, require limitation to system purpose and service-documentation foundation only. Counter-designate 11:15-25 and 12:3-17 to show full context of MaxCapture/Synergy access and service records.

**IV. Requested Relief**

Plaintiff respectfully requests that the Court sustain the objections identified above, require APS to establish a proper Rule 32 or evidentiary basis before using deposition testimony in lieu of live testimony, require any sensitive testimony to be handled through appropriate redaction, initials, sealing, limiting instructions, or proffer outside the presence of the jury, and allow Plaintiff's conditional counter-designations where necessary for context and completeness. Plaintiff further requests any other relief the Court deems appropriate to prevent misleading,

incomplete, unfairly prejudicial, or privacy-invasive deposition testimony from being presented to the jury.

Respectfully submitted,

FOGHI LAW FIRM, LLC

*/s/ Boglarka A. Foghi*

Boglarka A. Foghi
Attorney for Plaintiff Tatia Lipe
4313 Corrales Road
P.O. Box 944
Corrales, NM 87048
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means.

*/s/ Boglarka A. Foghi*
Boglarka A. Foghi