IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

vs. Case No. 1:23-cv-00899 GBW/JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

Defendants.

**PLAINTIFF'S NOTICE OF CORRECTED AND AMENDED FINAL WITNESS LIST AND, TO THE EXTENT REQUIRED, MOTION FOR LEAVE TO AMEND WITNESS LIST FOR GOOD CAUSE**

Plaintiff Tatia Lipe respectfully submits this Notice of Corrected and Amended Final Witness List and, to the extent leave is required, moves for leave to file the attached Corrected and Amended Final Witness List for good cause shown.

Pursuant to D.N.M.LR-Civ. 7.1(a), Plaintiff sought APS's position by email on May 30, 2026 regarding Plaintiff's intended Notice of Corrected and Amended Final Witness List and, to the extent required, Motion for Leave to Amend Witness List for Good Cause, Defendants did not oppose the requested relief.

**II. Good Cause for Corrected and Amended Witness List**

Plaintiff timely filed her Final Witness List on May 28, 2026. After further review, Plaintiff discovered that certain witnesses were inadvertently omitted and that certain will-call/may-call designations should be clarified. Plaintiff acted promptly to correct the issue and now submits the attached Corrected and Amended Final Witness List before the thirty-day pretrial witness cutoff referenced in the Court's Order Resetting Pretrial Conference and Associated Deadlines. Good cause exists because the amendment is corrective, limited, and does not inject a new claim, theory, or trial issue. The corrected list identifies witnesses whose testimony relates to issues

already present in this litigation, including foundation, authentication, records, production history, adverse testimony, impeachment, completeness, damages, and matters already placed at issue by the pleadings, discovery, depositions, filings, and pretrial submissions.

The correction also does not create unfair surprise or trial disruption. Several of the added or clarified witnesses are already known to APS, were identified in discovery or deposition materials, are records/foundation witnesses, are treating-provider or damages witnesses tied to records already produced or available to APS, or appear on APS's own witness list. Plaintiff is not seeking to reopen discovery or add new claims. Plaintiff seeks only to correct inadvertent omissions, clarify witness designations, and preserve witnesses necessary for trial presentation, foundation, rebuttal, impeachment, and evidentiary completeness.

**III. Requested Relief**

Plaintiff respectfully requests that the Court accept Plaintiff's Corrected and Amended Final Witness List and, to the extent leave is required, grant leave for Plaintiff to file the corrected list for good cause shown. Plaintiff further requests that the witnesses identified in the corrected list be deemed timely disclosed for purposes of trial, subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, the Court's orders, and any specific evidentiary rulings.

Respectfully submitted,

/s/ Boglarka A. Foghi

Boglarka A. Foghi
FOGHI LAW FIRM, LLC
4313 Corrales Road
P.O. Box 944
Corrales, NM 87048
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com
*Attorney for Plaintiff Tatia Lipe*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means.

*/s/ Boglarka A. Foghi*
Boglarka A. Foghi

# PLAINTIFF'S CORRECTED AMENDED WITNESS LIST

## A. Plaintiff's Will-Call Witnesses

| No. | Witness | General Subject Matter |
|---|---|---|
| 1 | Tatia Lipe | Plaintiff's employment history; protected student advocacy; PED complaint; ADA accommodation request; FMLA leave; APS's treatment of Plaintiff; caseload/access removal; reputational, emotional, professional, and economic damages. |
| 2 | Manuel Alzaga | Supervision of Plaintiff; Plaintiff's work performance; support for Plaintiff's administrative licensure/ALD program; APS knowledge and context. |
| 3 | Gail Stewart | Special-education advocacy; Plaintiff's history of student advocacy; communications concerning student-service concerns. |
| 4 | Justin Griego | Volcano Vista administration; Plaintiff's assigned duties and caseload; PTG/student-service issues; January 2023 meeting; statements and communications concerning Plaintiff's performance; APS knowledge and decision-making. |
| 5 | Stephanie Avila | PTG/IEP responsibilities; student-service documentation; MaxCapture/service-minute practices; communications during Plaintiff's leave or absence; related school-social-work records. |
| 6 | Angelique Torres | Assignment to Volcano Vista; assigned duties/caseload; what she was told regarding the position or caseload; services provided; staffing/caseload records; communications concerning her assignment. |
| 7 | Linda Elliott | Plaintiff's pre-PED student-advocacy complaints; requests for help regarding PED-related student concerns; APS knowledge of student-service and special-education compliance issues before Plaintiff filed the PED complaint. |
| 8 | Socorro Rodriguez | ADA accommodation process; interactive-process issues; remote-work accommodation issues; APS accommodation practices; comparator accommodation evidence; APS knowledge. |
| 9 | Yvonne Garcia | Supervision of Angelique Torres; MaxCapture review/sign-off; social-work records and documentation practices; grievance history; union/administrative-license context; impeachment or rebuttal as appropriate. |
| 10 | Lisa Oliphant | Administrative knowledge; communications; decision-making; related-services records and practices. |
| 11 | Anitra Atler | APS administrative knowledge; investigation/decision-making issues; knowledge of allegations concerning Plaintiff; statements concerning Plaintiff; APS's administrative response; adverse/impeachment testimony as appropriate. |
| 12 | Michael Gromsky | PED attorney/investigator who investigated Plaintiff's PED complaint and subsequent audits; PED complaint process; corrective-action/audit issues; APS notice and knowledge of special-education/student-service compliance concerns. |
| 13 | Amari Lipe | Lay damages testimony; observations concerning Plaintiff's emotional distress, functioning, professional impact, reputational harm, and damages; rebuttal or impeachment testimony concerning statements or testimony by Antoinette Romero. |

## B. Plaintiff's May-Call / If Necessary Witnesses

### 1. APS Administrative / HR / Institutional / Adverse Witnesses

| No. | Witness | General Subject Matter |
|---|---|---|
| 1 | Bernadette Lucero-Turner | APS knowledge; grievance history; communications concerning Plaintiff; adverse/impeachment testimony; relevant APS special-education/social-work context. |
| 2 | Antoinette Romero | Adverse/impeachment testimony; statements or communications concerning Plaintiff; alleged defamatory statements; communications to administration concerning Plaintiff's PED complaint activity; history of conflict involving Plaintiff's student advocacy. |
| 3 | Rosita Moya-Herrera | Direct-knowledge testimony concerning the school social-work environment, Plaintiff's treatment, reports that Plaintiff was being maltreated, workplace context, bias, credibility, retaliation, pretext, and rebuttal as appropriate. |
| 4 | Bonnie Anderson | APS records, HR, leave, personnel, student-service-system, Synergy/MaxCapture, or administrative records and communications, as applicable. |
| 5 | Jessica Rivera | HR/FMLA/leave processing; leave communications; hold/delay issues; FMLA and extended-leave administration. |
| 6 | Meg Crist | Extended leave; return/extension communications; letter of intent to return; employment-status issues. |
| 7 | Melissa Sedillo | Volcano Vista administration; remote-work practices; leave/attendance statements; school-level decision-making; statements or communications concerning Plaintiff's work, leave, or performance. |
| 8 | Todd Torgensen | APS Human Resources leadership; HR policies and practices; leave, accommodation, employment-status, personnel, and HR decision-making issues. |
| 9 | Gabriella Blakely | APS administrative knowledge; policy; supervisory authority; district-level decision-making. |

### 2. Union / Advocacy / Student-Advocacy / Impeachment Witnesses

| No. | Witness | General Subject Matter |
|---|---|---|
| 10 | Jerry Thorn | Union communications; leave/meeting issues; APS contact or noncontact issues; relevant witness statement/declaration issues. |
| 11 | Delano Encinias | Student-advocacy issues; protected-disclosure context; school-level context; public-interest/student-service concerns. |
| 12 | Ms. Delainey | Student-advocacy issues; student-service concerns; protected-disclosure context. |
| 13 | Michael Webster | Student-advocacy and protected-disclosure issues; interactions involving Plaintiff, Delano, and Justin Griego. |
| 14 | Mario Guillen | Student-advocacy and protected-disclosure issues; interactions involving Plaintiff, Delano, and Justin Griego. |
| 15 | Dr. Vicki Bannerman | Former Volcano Vista principal; Plaintiff's work performance; Plaintiff's student advocacy; Plaintiff's ALD/admin-license mentor support; absence of prior performance concerns before the current administration. |

| | | |
|---|---|---|
| 16 | Ellen Bernstein | ATF leadership; ATF Negotiated Agreement; union/contract issues; Plaintiff's professional work, student advocacy, and participation in student-centered special projects. |
| 17 | Dominique Candelaria | Records, statements, communications, student-advocacy context, foundation, impeachment, rebuttal, or matters referenced in disclosures, affidavits, discovery, or trial evidence, subject to foundation and Court rulings. |
| 18 | Sarah Smith | Student-advocacy issues; parent/student-rights advocacy; communications concerning student-related concerns or accusations, subject to foundation and evidentiary rulings. |
| 19 | Heather Cowan | Relevant records, communications, witness statements, foundation, impeachment, rebuttal, or matters referenced in discovery or trial evidence, subject to foundation and Court rulings. |
| 20 | Christine Archibeque | Relevant records, communications, witness statements, foundation, impeachment, rebuttal, or matters referenced in discovery or trial evidence, subject to foundation and Court rulings. |
| 21 | Jessie MacFarland | Email communications, student-service or remote-service issues, records, foundation, impeachment, rebuttal, or matters referenced in discovery, deposition exhibits, or trial evidence. |
| 22 | Marion Haworth | Relevant records, communications, witness statements, foundation, impeachment, rebuttal, or matters referenced in discovery or trial evidence, subject to foundation and Court rulings. |
| 23 | Kelly Marvin | Relevant records, communications, witness statements, foundation, impeachment, rebuttal, or matters referenced in discovery or trial evidence, subject to foundation and Court rulings. |
| 24 | Vicki Price | Relevant records, communications, witness statements, foundation, impeachment, rebuttal, or matters referenced in discovery or trial evidence, subject to foundation and Court rulings. |

### 3. Records, Systems, Production, Discovery, and Foundation Witnesses

| No. | Witness | General Subject Matter |
|---|---|---|
| 25 | Gerry Richardson | Former longtime paralegal to Boglarka Foghi; Plaintiff's discovery productions, production logs, Bates-labeled materials, Google Drive/email transmissions, embedded audio-link documents, signed releases/provider information, certificates of service, and rebuttal to APS's nonproduction, undisclosed-evidence, audio-link, and trial-by-ambush accusations. |
| 26 | APS Records Custodian | Authentication and foundation for APS records, including emails, attachments, correspondence, personnel-related records, and records produced in discovery or public-records responses. |
| 27 | APS HR Records Custodian | Authentication and explanation of HR, leave, accommodation, personnel, and employment-status records. |
| 28 | APS Payroll/Benefits Custodian | Authentication and damages foundation for pay, benefits, insurance, payroll, and related employment records. |
| 29 | APS Policy / Negotiated Agreement Custodian | Authentication and explanation of APS policies, procedures, and ATF Negotiated Agreement materials. |

| | | |
|---|---|---|
| 30 | Synergy/MaxCapture Custodian | Authentication and explanation of student-service, caseload, PTG, access, entry, audit, and system records. |
| 31 | RCI/EOS Custodian or Investigation-Records Custodian | Authentication, foundation, completeness, maintenance, search, retrieval, production, and transmission of RCI/EOS investigation records, recordings, transcripts, correspondence, appeal documents, and related materials. |
| 32 | Tim Gonterman / RCI Investigator | Internal investigation issues; investigation process; statements; recordings/transcripts; publication or republication of statements concerning Plaintiff. |
| 33 | MG Barreras / RCI Investigator | Internal investigation issues; investigation process; statements; recordings/transcripts; publication or republication of statements concerning Plaintiff. |
| 34 | Christina Thomas / CT | IPRA/public-records responses; document searches; records production; authenticity, completeness, transmission, and foundation for records produced through APS public-records processes. |
| 35 | Kathy Davis | IPRA/public-records responses; document searches; records production; authenticity, completeness, transmission, and foundation for records produced through APS public-records processes. |
| 36 | AA, full name presently unknown | IPRA/public-records responses; document searches; records production; authenticity, completeness, transmission, and foundation for records produced through APS public-records processes. |
| 37 | Isaiah Gonzales | IPRA/public-records requester and records-production witness; records requested from and/or produced by APS; receipt, authenticity, completeness, transmission, and chain of custody of records produced in response to public-records requests. |
| 38 | Kyle Chavez | IPRA/public-records requester and records-production witness; records requested from and/or produced by APS; receipt, authenticity, completeness, transmission, and chain of custody of records produced in response to public-records requests. |
| 39 | Ruth Romero | IPRA/public-records requester and records-production witness; records requested from and/or produced by APS; receipt, authenticity, completeness, transmission, and chain of custody of records produced in response to public-records requests. |
| 40 | Jason Rullo | IPRA/public-records requester and records-production witness; records requested from and/or produced by APS; receipt, authenticity, completeness, transmission, and chain of custody of records produced in response to public-records requests. |
| 41 | Any APS, PED, RCI/EOS, or public-agency records custodian involved in discovery, investigation, or IPRA/public-records production | Authentication, foundation, completeness, maintenance, search, retrieval, transmission, and production of public records, investigation records, discovery records, IPRA responses, emails, attachments, logs, and agency records relevant to Plaintiff's claims, defenses, damages, or impeachment. |

### 4. Defendant-Identified Witnesses / Adverse / Foundation / Completeness Witnesses

| No. | Witness | General Subject Matter |
|---|---|---|
| 42 | Michelle Candelaria | Witness identified by APS; may be called for cross-examination, adverse testimony, impeachment, rebuttal, foundation, completeness, or matters APS places at issue. |
| 43 | Andy Gutierrez | Witness identified by APS; may be called for cross-examination, adverse testimony, impeachment, rebuttal, foundation, completeness, or matters APS places at issue. |
| 44 | Valerie Atencio | Witness identified by APS; may be called for cross-examination, adverse testimony, impeachment, rebuttal, foundation, completeness, or matters APS places at issue. |
| 45 | Teise Reiser | Witness identified by APS; may be called for cross-examination, adverse testimony, impeachment, rebuttal, foundation, completeness, or matters APS places at issue. |
| 46 | Dorothy Chavez | Witness identified by APS; may be called for cross-examination, adverse testimony, impeachment, rebuttal, foundation, completeness, or matters APS places at issue. |
| 47 | Valerie Hoose | Witness identified by APS; may be called for cross-examination, adverse testimony, impeachment, rebuttal, foundation, completeness, damages, or matters APS places at issue. |
| 48 | Kathryn Reed | Witness identified by APS; may be called for cross-examination, adverse testimony, impeachment, rebuttal, foundation, completeness, or matters APS places at issue. |
| 49 | Michelle Tregembo-Allen | Witness identified by APS; may be called for cross-examination, adverse testimony, impeachment, rebuttal, foundation, completeness, or matters APS places at issue. |
| 50 | Jennifer O'Connell | Witness identified by APS; may be called for cross-examination, adverse testimony, impeachment, rebuttal, foundation, completeness, or matters APS places at issue. |
| 51 | Jennifer Mackay | Witness identified by APS and/or referenced in records; may be called for cross-examination, adverse testimony, impeachment, rebuttal, foundation, completeness, HR/FMLA-related communications, or matters APS places at issue. |

### 5. Damages / Medical / Economic / Lay Witnesses

| No. | Witness | General Subject Matter |
|---|---|---|
| 52 | Treating Provider(s), including any provider identified in Plaintiff's releases, medical records, or treatment records | Treatment history, disability-related symptoms, functional limitations, accommodation support, FMLA/leave-related medical issues, emotional distress, damages, and foundation for treatment records, including any provider identified in Plaintiff's releases, medical records, or treatment records, subject to the Federal Rules of Evidence and Court rulings. |
| 53 | Vocational/economic damages witness | Back pay, front pay, lost benefits, mitigation, earning capacity, and economic damages. |
| 54 | Family/lay damages witness(es) | Observations concerning Plaintiff's emotional distress, functioning, professional impact, reputational harm, and damages. |

**6. Rebuttal / Impeachment / Completeness Witnesses**

| No. | Witness | General Subject Matter |
|---|---|---|
| 55 | Any declarant or affiant whose statement APS affirmatively offers at trial | Impeachment, rebuttal, completeness, foundation, or examination concerning any statement, declaration, affidavit, report, or testimony APS affirmatively offers at trial. |
| 56 | Any truly unanticipated rebuttal witness permitted by the Court | Testimony that could not reasonably be anticipated before trial and is permitted by the Court under the applicable rules and scheduling order. |

Respectfully submitted,

FOGHI LAW FIRM, LLC

/s/ Boglarka A. Foghi

Boglarka A. Foghi
Attorney for Plaintiff Tatia Lipe
4313 Corrales Road P.O. Box 944
Corrales, NM 87048
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com