**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TATIA LIPE,

Plaintiff,

v. No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

Defendant.

**PLAINTIFF'S FINAL PROPOSED JURY INSTRUCTIONS**

Plaintiff submits the following final proposed jury instructions. Reserved instructions are included only to preserve Plaintiff's position if APS raises the issue and the Court determines the issue should be submitted to the jury.

Respectfully Submitted,

FOGHI LAW FIRM, LLC

By: /s/ Boglarka Foghi, Esq.

Boglarka Foghi
*Attorney for Plaintiff*
P.O. Box 944
Corrales, NM 87048
(505) 220-6591
foghilaw@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka A. Foghi*
Boglarka A. Foghi

# I. GENERAL CIVIL INSTRUCTIONS

## Instruction No. 1

## Duties of the Court and Jury

Members of the jury, you have heard the evidence and the arguments of counsel. It is now my duty to instruct you on the law that applies to this case. You must follow the law as I explain it to you, whether you agree with it or not. You must consider all of these instructions together. You must not single out one instruction alone as stating the law, but must consider the instructions as a whole. It is your duty to decide the facts from the evidence. You, and you alone, are the judges of the facts. You must apply the law as I give it to you to the facts as you find them from the evidence. Nothing I have said or done during the trial is intended to suggest what I think your verdict should be. If you believe I have expressed or suggested any opinion about the facts, you must disregard it.

*Authority: D.N.M. stock civil instruction principles; see also Tenth Circuit pattern general civil instructions.*

**Instruction No. 2**

**Evidence in the Case**

The evidence in this case consists of: the sworn testimony of witnesses, whether given in court or by deposition; exhibits admitted into evidence; any facts the parties have agreed to or stipulated; and any facts the Court has instructed you to accept as proven. You must consider only the evidence admitted in this case. You may draw reasonable inferences from the evidence, but you must not guess or speculate.

*Authority: D.N.M. stock civil instruction principles.*

## Instruction No. 3

## What Is Not Evidence

The following are not evidence: statements, arguments, objections, and questions by lawyers; testimony I ordered stricken or instructed you to disregard; anything you may have seen or heard outside the courtroom; exhibits that were not admitted into evidence; and objections or rulings on objections. The lawyers' arguments are intended to help you understand the evidence and the parties' positions, but their arguments are not evidence.

*Authority: D.N.M. stock civil instruction principles.*

**Instruction No. 4**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is proof of facts or circumstances from which you may reasonably infer another fact. The law makes no distinction between the weight to be given to direct or circumstantial evidence. You should give all evidence the weight and value you believe it deserves.

*Authority: D.N.M. stock civil instruction principles.*

**Instruction No. 5**

**Credibility of Witnesses**

You are the sole judges of the credibility of the witnesses and the weight to give their testimony. In deciding whether to believe a witness and how much weight to give the witness's testimony, you may consider: • the witness's ability to see, hear, know, or remember the facts; • the witness's manner while testifying; • the witness's interest in the outcome of the case, if any; • the witness's bias or prejudice, if any; • whether the witness's testimony was reasonable and consistent with other evidence; • whether the witness's testimony was contradicted by other evidence; • whether the witness made earlier statements that are consistent or inconsistent with the witness's testimony; and • all other facts and circumstances shown by the evidence that bear on credibility. • You may believe all, part, or none of any witness's testimony.

*Authority: D.N.M. stock civil instruction principles.*

## Instruction No. 6

## Impeachment

A witness may be discredited or impeached by evidence that the witness previously made a statement inconsistent with the witness's testimony at trial, by evidence showing bias or motive, or by other evidence bearing on credibility. If you find that a witness has been impeached, you may consider that fact in deciding whether to believe the witness and how much weight to give the witness's testimony. A prior inconsistent statement may be considered only for the purpose allowed by the Court. If the Court admits a prior statement for a limited purpose, you must consider it only for that limited purpose.

*Authority: Fed. R. Evid. 607, 613; D.N.M. stock civil instruction principles.*

**Instruction No. 7**

**Deposition Testimony**

Some testimony may be presented by deposition. A deposition is sworn testimony taken before trial. You should consider deposition testimony in the same way you consider testimony given in the courtroom. You should not give deposition testimony more or less weight simply because it was presented by transcript or video rather than live in court.

*Authority: Fed. R. Civ. P. 32; D.N.M. stock civil instruction principles.*

**Instruction No. 8**

**Stipulated Facts**

The parties may agree that certain facts are true. Those agreed facts are called stipulated facts.

You must treat any stipulated fact as proven.

*Authority: D.N.M. stock civil instruction principles.*

## Instruction No. 9

## Burden of Proof - Preponderance of the Evidence

Plaintiff has the burden to prove her claims by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. Another way to say this is that the evidence must persuade you that the fact is more probably true than not true. In deciding whether a party has met this burden, you should consider all the evidence, regardless of which party presented it.

*Authority: D.N.M. stock civil instruction principles.*

**Instruction No. 10**

**Separate Consideration of Claims**

Plaintiff asserts multiple claims. Each claim is separate. You must consider each claim separately and decide each claim based on the law that applies to that claim and the evidence relevant to that claim. Your decision on one claim should not control your decision on any other claim, unless I specifically instruct you otherwise.

*Authority: D.N.M. stock civil instruction principles.*

**Instruction No. 11**

**Defendant Albuquerque Public Schools Acts Through Employees and Agents**

Defendant Albuquerque Public Schools is a public entity. A public entity acts through its employees, officials, administrators, agents, and representatives. When an APS employee, official, administrator, agent, or representative acts within the scope of their duties, their acts and omissions may be considered acts and omissions of APS.

*Authority: Agency principles; Fed. R. Evid. 801(d)(2)(D).*

**Instruction No. 12**

**No Bias, Sympathy, or Prejudice**

You must decide this case fairly and impartially. You must not be influenced by sympathy, prejudice, bias, public opinion, or any personal likes or dislikes. You must decide the case solely on the evidence admitted in court and the law as I instruct you.

*Authority: D.N.M. stock civil instruction principles.*

**Instruction No. 13**

**Deliberations and Verdict**

When you retire to deliberate, you must select one juror to act as presiding juror. The presiding juror will guide your discussions and sign the verdict form when you have reached a verdict. Your verdict must represent the considered judgment of each juror. You must consult with one another and deliberate with a view toward reaching agreement, if you can do so without surrendering your honest judgment. Do not give up your honest beliefs about the weight or effect of the evidence simply because other jurors disagree or simply to reach a verdict. When you have completed the verdict form, notify the courtroom deputy.

*Authority: D.N.M. stock civil instruction principles.*

### *II. ADA FAILURE TO ACCOMMODATE / INTERACTIVE PROCESS*

## II. ADA FAILURE TO ACCOMMODATE / INTERACTIVE PROCESS

### Instruction No. 14

### ADA Failure to Accommodate - Elements

Plaintiff claims that APS violated the Americans with Disabilities Act by failing to provide her a reasonable accommodation. To prove this claim, Plaintiff must prove each of the following by a preponderance of the evidence: Plaintiff had a disability within the meaning of the ADA; Plaintiff was a qualified individual, meaning she could perform the essential functions of her job with or without reasonable accommodation; and APS failed to provide Plaintiff a reasonable accommodation. Plaintiff does not have to prove that APS took a separate adverse employment action to prove a failure-to-accommodate claim.

*Authority: 42 U.S.C. § 12112(a), (b)(5)(A); Exby-Stolley v. Bd. of Cnty. Comm'rs, 979 F.3d 784, 789, 797-99 (10th Cir. 2020) (en banc); Smith v. Midland Brake, Inc., 180 F.3d 1154, 1167-72 (10th Cir. 1999) (en banc).*

**Instruction No. 15**

**Disability**

Plaintiff had a disability under the ADA if she had a physical or mental impairment that substantially limited one or more major life activities. An impairment substantially limits a major life activity if it substantially limits the ability of an individual to perform that activity as compared to most people in the general population. The term 'substantially limits' is to be construed broadly in favor of coverage. Major life activities include, but are not limited to, caring for oneself, performing manual tasks, sleeping, walking, standing, lifting, bending, concentrating, thinking, communicating, and working. Major life activities also include the operation of major bodily functions. Plaintiff does not need to show that her impairment prevented or severely restricted her from performing a major life activity. The question is whether the impairment substantially limited one or more major life activities.

*Authority: 42 U.S.C. § 12102(1)-(2), (4); 29 C.F.R. § 1630.2(j); Carter v. Pathfinder Energy Servs., Inc., 662 F.3d 1134, 1142-43 (10th Cir. 2011).*

**Instruction No. 16**

**Qualified Individual**

Plaintiff was a qualified individual if she had the required skill, experience, education, and other job-related requirements for the school-social-worker position and could perform the essential functions of that position, with or without reasonable accommodation. The fact that Plaintiff may have needed a reasonable accommodation does not mean she was unqualified. The ADA protects qualified individuals who can perform the essential functions of their job with reasonable accommodation.

*Authority: 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m); Smith v. Midland Brake, Inc., 180 F.3d 1154, 1160-62 (10th Cir. 1999) (en banc).*

**Instruction No. 17**

**Essential Functions**

Essential functions are the fundamental job duties of the employment position. Essential functions do not include marginal or minor duties. In deciding whether a job function was essential, you may consider: APS's judgment about which functions were essential; written job descriptions prepared before the accommodation dispute; the amount of time spent performing the function; the consequences of not requiring Plaintiff to perform the function; the work experience of employees who held the same or similar positions; and any other evidence showing whether the function was fundamental to the position. No single factor is controlling. You must decide the essential functions of Plaintiff's position based on the evidence.

*Authority: 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(n); Davidson v. Am. Online, Inc., 337 F.3d 1179, 1191-92 (10th Cir. 2003).*

**Instruction No. 18**

**Reasonable Accommodation**

A reasonable accommodation is a change or adjustment to the work environment or to the way a job is customarily performed that enables a qualified individual with a disability to perform the essential functions of the position. A reasonable accommodation may include, depending on the circumstances, job restructuring, part-time or modified work schedules, modified workplace policies, remote work, reassignment of nonessential duties, or other appropriate adjustments. Plaintiff contends she requested intermittent remote work during disability-related flareups. You must decide whether that requested accommodation, or another accommodation that should have resulted from a good-faith interactive process, was reasonable under the circumstances. An accommodation is not unreasonable merely because it differs from APS's preferred way of performing the job. The question is whether the accommodation would have enabled Plaintiff to perform the essential functions of her position.

*Authority: 42 U.S.C. §§ 12111(9), 12112(b)(5)(A); Smith v. Midland Brake, Inc., 180 F.3d 1154, 1171-72 (10th Cir. 1999) (en banc); Punt v. Kelly Servs., 862 F.3d 1040, 1050-51 (10th Cir. 2017).*

**Instruction No. 19**

**Interactive Process**

When an employee requests an accommodation, the employer and employee must engage in an interactive process to identify the employee's limitations and possible reasonable accommodations. The interactive process requires good-faith participation by both sides. APS was required to engage in an individualized assessment based on Plaintiff's job, limitations, requested accommodation, and available alternatives. Plaintiff contends APS failed to engage in a good-faith interactive process by denying or resisting intermittent remote work without an adequate individualized assessment and by failing to identify a reasonable accommodation that would allow her to perform her job during disability-related flareups. A failure to engage in the interactive process violates the ADA if a reasonable accommodation was possible and the failure to engage in the process prevented identification or implementation of that accommodation.

*Authority: 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.2(o)(3); Smith v. Midland Brake, Inc., 180 F.3d 1154, 1171-74 (10th Cir. 1999) (en banc); Bartee v. Michelin N. Am., Inc., 374 F.3d 906, 916 (10th Cir. 2004).*

## *III. ADA RETALIATION / INTERFERENCE*

## III. ADA RETALIATION / INTERFERENCE

### Instruction No. 20

### ADA Retaliation - Elements

Plaintiff claims APS retaliated against her because she requested accommodation, asserted rights under the ADA, or opposed conduct she reasonably believed violated the ADA. To prove ADA retaliation, Plaintiff must prove each of the following by a preponderance of the evidence: Plaintiff engaged in protected ADA activity; APS took an action that was materially adverse to Plaintiff; and there was a causal connection between Plaintiff's protected ADA activity and APS's materially adverse action. A materially adverse action is an action that might have dissuaded a reasonable employee from requesting accommodation, opposing discrimination, or asserting ADA rights. Plaintiff does not have to prove that APS's action was an ultimate employment action, such as termination. Actions short of termination may be materially adverse if they would likely deter a reasonable employee from asserting ADA rights.

*Authority: 42 U.S.C. § 12203(a); Foster v. Mountain Coal Co., 830 F.3d 1178, 1186-88 (10th Cir. 2016); Proctor v. United Parcel Serv., 502 F.3d 1200, 1208-09 (10th Cir. 2007); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).*

**Instruction No. 21**

**Protected ADA Activity**

Protected ADA activity includes requesting a reasonable accommodation, participating in an ADA accommodation process, opposing conduct the employee reasonably believes violates the ADA, or asserting rights protected by the ADA. Plaintiff contends she engaged in protected ADA activity by requesting disability-related accommodation, participating in the accommodation process, and asserting rights connected to her disability and accommodation needs. You must decide whether Plaintiff engaged in protected ADA activity based on the evidence.

*Authority: 42 U.S.C. § 12203(a); Foster v. Mountain Coal Co., 830 F.3d 1178, 1187-88 (10th Cir. 2016); Selenke v. Med. Imaging of Colo., 248 F.3d 1249, 1264-65 (10th Cir. 2001).*

**Instruction No. 22**

**Materially Adverse Action**

For an ADA retaliation claim, a materially adverse action is one that might have dissuaded a reasonable employee from engaging in protected ADA activity. In deciding whether APS took materially adverse action, you may consider the totality of the circumstances. A materially adverse action may include actions that affect the terms, conditions, or circumstances of employment, or actions that would reasonably deter an employee from requesting accommodation or asserting ADA rights. Plaintiff contends APS's materially adverse actions included denial or resistance to accommodation, heightened scrutiny, professional isolation, damaging accusations, caseload/access removal, lack of clear work direction, and other conduct following her protected ADA activity. You must decide whether APS took materially adverse action based on the evidence.

*Authority: 42 U.S.C. § 12203(a); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68-70 (2006); Proctor v. United Parcel Serv., 502 F.3d 1200, 1208-09 (10th Cir. 2007).*

**Instruction No. 23**

**Causation - ADA Retaliation**

Plaintiff must prove a causal connection between her protected ADA activity and APS's materially adverse action. Plaintiff may prove causation by direct or circumstantial evidence. In deciding causation, you may consider all the evidence, including timing, knowledge, changes in treatment, inconsistent explanations, hostility, shifting expectations, departures from usual practices, and whether APS's stated reasons are contradicted by other evidence.

*Authority: 42 U.S.C. § 12203(a); Foster v. Mountain Coal Co., 830 F.3d 1178, 1186-88 (10th Cir. 2016); Proctor v. United Parcel Serv., 502 F.3d 1200, 1208-09 (10th Cir. 2007).*

**Instruction No. 24**

**ADA Interference - Elements**

The ADA also prohibits interference with the exercise or enjoyment of rights protected by the ADA. Plaintiff claims APS interfered with her ADA rights. To prove ADA interference, Plaintiff must prove each of the following by a preponderance of the evidence: Plaintiff exercised, attempted to exercise, or enjoyed rights protected by the ADA; APS coerced, intimidated, threatened, interfered with, or otherwise restrained Plaintiff in the exercise or enjoyment of those rights; and APS's conduct was connected to Plaintiff's exercise, attempted exercise, or enjoyment of ADA rights. The ADA's interference provision is intended to protect employees from conduct that interferes with, restrains, or discourages the exercise of ADA rights, including the right to request and pursue reasonable accommodation. Plaintiff contends APS interfered with her ADA rights by denying or resisting accommodation, failing to engage in a good-faith accommodation process, using leave or accommodation-related circumstances against her, and engaging in conduct that discouraged or burdened her exercise of ADA rights.

*Authority: 42 U.S.C. § 12203(b); 29 C.F.R. § 1630.12(b); Foster v. Mountain Coal Co., 830 F.3d 1178, 1188 n.6 (10th Cir. 2016).*

**Instruction No. 25**

**Exercise or Enjoyment of ADA Rights**

Rights protected by the ADA include the right to request reasonable accommodation, the right to participate in the interactive process, the right to oppose disability discrimination, and the right to be free from coercion, intimidation, threats, or interference because of the exercise or attempted exercise of ADA rights. Plaintiff contends she exercised or attempted to exercise ADA rights by requesting accommodation and participating in the accommodation process. You must decide whether Plaintiff exercised or attempted to exercise ADA rights based on the evidence.

*Authority: 42 U.S.C. §§ 12112(b)(5)(A), 12203(a)-(b); 29 C.F.R. §§ 1630.2(o)(3), 1630.12.*

**Instruction No. 26**

**Interference, Coercion, Intimidation, or Threats Under the ADA**

Interference under the ADA includes conduct that reasonably tends to interfere with, restrain, burden, or discourage an employee's exercise or enjoyment of ADA rights. To prove ADA interference, Plaintiff is not required to prove that APS succeeded in preventing her from exercising ADA rights. It is enough if Plaintiff proves that APS's conduct interfered with, burdened, restrained, or discouraged her exercise or enjoyment of ADA rights. Plaintiff contends APS interfered with her ADA rights through denial or resistance to accommodation, leave-related pressure, scrutiny, accusations, caseload displacement, lack of work direction, and use of accommodation-related or disability-related circumstances against her.

*Authority: 42 U.S.C. § 12203(b); 29 C.F.R. § 1630.12(b).*

*IV. FMLA INSTRUCTIONS*

## IV. FMLA INSTRUCTIONS

### Instruction No. 27

### FMLA Interference - Elements

Plaintiff claims APS interfered with her rights under the Family and Medical Leave Act. To prove FMLA interference, Plaintiff must prove each of the following by a preponderance of the evidence: Plaintiff was entitled to FMLA protection; Plaintiff gave APS notice of her need for FMLA leave or otherwise invoked FMLA rights; APS interfered with, restrained, denied, burdened, or discouraged Plaintiff's exercise or attempted exercise of FMLA rights; and Plaintiff was harmed or prejudiced by APS's conduct. Interference may include more than denying leave outright. It may include conduct that discourages, burdens, restrains, or interferes with an employee's use of protected leave. Plaintiff contends APS interfered with her protected leave by pressuring or requiring her to participate in work-related matters while on leave, by treating leave-related circumstances as alleged nonperformance or misconduct, and by using leave-related circumstances, documentation issues, caseload issues, or work-status issues against her.

*Authority: 29 U.S.C. §§ 2612, 2615(a)(1); Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002); Metzler v. Fed. Home Loan Bank of Topeka, 464 F.3d 1164, 1180 (10th Cir. 2006); Brown v. ScriptPro, LLC, 700 F.3d 1222, 1226-27 (10th Cir. 2012).*

**Instruction No. 28**

**FMLA Protected Leave**

The FMLA protects eligible employees who take, request, attempt to take, or use leave for reasons protected by the statute. Plaintiff contends she requested and used FMLA leave and that APS knew she was invoking protected leave rights. You must decide, based on the evidence, whether Plaintiff was entitled to FMLA protection and whether APS had notice that Plaintiff was using or attempting to use protected leave.

*Authority: 29 U.S.C. §§ 2611, 2612, 2615; 29 C.F.R. §§ 825.112, 825.302, 825.303.*

**Instruction No. 29**

**Interference, Restraint, Burdening, or Discouragement**

The FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, FMLA rights. An employer interferes with FMLA rights if its conduct would tend to restrain, burden, discourage, or interfere with an employee's use of protected leave. Interference may occur if an employer pressures or requires an employee to participate in work-related matters during protected leave, treats protected leave as a performance problem, uses leave-related circumstances against the employee, or otherwise discourages or burdens the employee's exercise of FMLA rights. Plaintiff does not have to prove that APS acted with retaliatory intent to prove FMLA interference.

*Authority: 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220(b)-(c); Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 960-61 (10th Cir. 2002); Metzler v. Fed. Home Loan Bank of Topeka, 464 F.3d 1164, 1180 (10th Cir. 2006); Brown v. ScriptPro, LLC, 700 F.3d 1222, 1226-27 (10th Cir. 2012).*

**Instruction No. 30**

**Prejudice or Harm from FMLA Interference**

To recover on an FMLA interference claim, Plaintiff must prove that APS's interference caused her harm or prejudice. Harm or prejudice may include lost compensation, lost benefits, loss of employment opportunities, interference with protected leave, harm to employment status, or other losses caused by the interference. Plaintiff contends APS's interference harmed her by burdening her protected leave, using leave- related circumstances against her, contributing to damaging performance accusations, contributing to caseload displacement or lack of work direction, and causing economic, emotional, professional, or reputational harm.

*Authority: 29 U.S.C. § 2617(a); Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002); Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1277-78 (10th Cir. 2001).*

**Instruction No. 31**

**FMLA Retaliation - Elements**

Plaintiff also claims APS retaliated against her because she requested, used, or invoked FMLA leave. To prove FMLA retaliation, Plaintiff must prove each of the following by a preponderance of the evidence: Plaintiff engaged in protected FMLA activity; APS took an action that a reasonable employee would find materially adverse; and there was a causal connection between Plaintiff's protected FMLA activity and APS's materially adverse action. A materially adverse action is one that might have dissuaded a reasonable employee from requesting or using FMLA leave.

*Authority: 29 U.S.C. § 2615(a)(2); Metzler v. Fed. Home Loan Bank of Topeka, 464 F.3d 1164, 1170-72 (10th Cir. 2006); Brown v. ScriptPro, LLC, 700 F.3d 1222, 1228-29 (10th Cir. 2012); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).*

**Instruction No. 32**

**Protected FMLA Activity**

Protected FMLA activity includes requesting FMLA leave, taking FMLA leave, attempting to take FMLA leave, communicating a need for FMLA-protected leave, or opposing conduct that interferes with FMLA rights. Plaintiff contends she engaged in protected FMLA activity by requesting, using, and invoking FMLA leave. You must decide whether Plaintiff engaged in protected FMLA activity based on the evidence.

*Authority: 29 U.S.C. §§ 2612, 2615; Metzler v. Fed. Home Loan Bank of Topeka, 464 F.3d 1164, 1170-71 (10th Cir. 2006).*

**Instruction No. 33**

**Materially Adverse Action - FMLA Retaliation**

For an FMLA retaliation claim, a materially adverse action is an action that might have dissuaded a reasonable employee from requesting or using FMLA leave. A materially adverse action is not limited to termination. It may include actions that affect employment, working conditions, job duties, professional standing, caseload, work assignments, leave status, reputation, or other circumstances in a way that would likely deter a reasonable employee from exercising FMLA rights. Plaintiff contends APS's materially adverse actions included leave-related pressure, work-related demands during leave, damaging accusations, caseload displacement, lack of work direction, heightened scrutiny, and use of leave-related circumstances against her. You must decide whether APS took materially adverse action based on the evidence.

*Authority: 29 U.S.C. § 2615(a)(2); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68-70 (2006); Metzler v. Fed. Home Loan Bank of Topeka, 464 F.3d 1164, 1171-72 (10th Cir. 2006).*

**Instruction No. 34**

**Causation - FMLA Retaliation**

Plaintiff must prove a causal connection between her protected FMLA activity and APS's materially adverse action. Plaintiff may prove causation by direct or circumstantial evidence. In deciding causation, you may consider all the evidence, including timing, APS's knowledge of Plaintiff's protected leave, changes in treatment, inconsistent explanations, threats, accusations, shifting expectations, departures from ordinary practices, and whether APS's stated reasons are contradicted by other evidence.

*Authority: 29 U.S.C. § 2615(a)(2); Metzler v. Fed. Home Loan Bank of Topeka, 464 F.3d 1164, 1171-72 (10th Cir. 2006); Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1287-89 (10th Cir. 2007).*

***V. NEW MEXICO WHISTLEBLOWER PROTECTION ACT***

## V. NEW MEXICO WHISTLEBLOWER PROTECTION ACT

### Instruction No. 35

### New Mexico Whistleblower Protection Act - Elements

Plaintiff claims APS violated the New Mexico Whistleblower Protection Act. To prove this claim, Plaintiff must prove each of the following by a preponderance of the evidence: Plaintiff was a public employee; APS was a public employer; Plaintiff engaged in activity protected by the New Mexico Whistleblower Protection Act; APS took retaliatory action against Plaintiff; and Plaintiff's protected activity was a cause of APS's retaliatory action. Plaintiff contends APS retaliated against her because she communicated information about special-education, student-service, student-record, service-minute, progress-reporting, FBA/BIP, transition, disciplinary-procedure, and compliance concerns affecting students with disabilities.

*Authority: N.M. Stat. Ann. §§ 10-16C-2 to -4; Flores v. Herrera, 2016-NMSC-033, ¶¶ 9-10, 384 P.3d 1070; Wills v. Bd. of Regents of Univ. of N.M., 2015-NMCA-105, ¶¶ 19-20, 357 P.3d 453.*

**Instruction No. 36**

**New Mexico Whistleblower Protection Act - Elements**

Plaintiff claims APS violated the New Mexico Whistleblower Protection Act.

To prove this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

1. Plaintiff was a public employee;

2. APS was a public employer;

3. Plaintiff engaged in activity protected by the New Mexico Whistleblower Protection Act;

4. APS took retaliatory action against Plaintiff; and

5. Plaintiff's protected activity was a cause of APS's retaliatory action.

For purposes of this matter, it is undisputed that Plaintiff was a public employee and APS was a public employer.

Plaintiff contends APS retaliated against her because she communicated information about special-education, student-service, student-record, service-minute, progress-reporting, FBA/BIP, transition, disciplinary-procedure, and compliance concerns affecting students with disabilities.

*Authority: N.M. Stat. Ann. §§ 10-16C-2 to -4; Flores v. Herrera, 2016-NMSC-033, ¶¶ 9-10, 384 P.3d 1070; Wills v. Bd. of Regents of Univ. of N.M., 2015-NMCA-105, ¶¶ 19-20, 357 P.3d 453; Lerma v. State, 2025-NMSC-033, ¶¶ 1, 21-23, 578 P.3d 1111.*

**Instruction No. 37**

**Protected Activity Under the New Mexico Whistleblower Protection Act**

Plaintiff engaged in protected activity under the New Mexico Whistleblower Protection Act if she proved that she did one or more of the following:

1. communicated to APS or to a third party information about an action or failure to act that Plaintiff believed in good faith constituted an unlawful or improper act;

2. provided information to, or testified before, a public body as part of an investigation, hearing, or inquiry into an unlawful or improper act; or

3. objected to or refused to participate in an activity, policy, or practice that constituted an unlawful or improper act.

The protected communication must concern illegality, wrongdoing, or improper public-employer conduct that benefits the public. A purely personal personnel grievance is not enough. A communication may still be protected if it also affects Plaintiff personally, so long as the communication exposes or reports unlawful or improper conduct that benefits the public.

Plaintiff does not need to prove that the reported conduct was ultimately determined to be unlawful or improper. Plaintiff must prove that she had a good-faith basis for the protected communication, information, objection, or refusal.

Plaintiff contends her protected activity included student advocacy, internal communications seeking help for special-education and student-service concerns, and filing or participating in the PED complaint process.

*Authority: N.M. Stat. Ann. § 10-16C-3(A)-(C); Wills v. Bd. of Regents of Univ. of N.M., 2015-NMCA-105, ¶¶ 19-20, 357 P.3d 453; Lerma v. State, 2025-NMSC-033, ¶¶ 1, 21-23, 578 P.3d 1111.*

**Instruction No. 38**

**Good-Faith Belief**

Under the New Mexico Whistleblower Protection Act, good faith means that a reasonable basis exists in fact as shown by the facts available to the public employee. Plaintiff does not have to prove that APS actually violated the law in every respect she reported. Plaintiff must prove that, based on the facts available to her at the time, she had a reasonable factual basis to believe that the action or failure to act she communicated, opposed, or reported constituted an unlawful or improper act. You may consider the circumstances known to Plaintiff at the time, including the nature of the student-service and special-education concerns, the information available to her, her professional role, and the context in which she raised or reported those concerns.

*Authority: N.M. Stat. Ann. §§ 10-16C-2(A), 10-16C-3(A); Lerma v. State, 2025-NMSC-033,* ¶¶ *1, 21-23, 578 P.3d 1111.*

**Instruction No. 39**

**Unlawful or Improper Act**

An "unlawful or improper act" means a practice, procedure, action, or failure to act on the part of a public employer that:

1. violates a federal law, federal regulation, state law, state administrative rule, or law of any political subdivision of the state;

2. constitutes malfeasance in public office; or

3. constitutes gross mismanagement, a waste of funds, an abuse of authority, or a substantial and specific danger to the public.

Plaintiff contends the concerns she raised involved special-education compliance, student-service obligations, student records, IEP implementation, FBAs, BIPs, progress reporting, transition planning, disciplinary procedures, and students' rights under special-education law.

You must decide whether Plaintiff communicated, provided information about, objected to, or refused to participate in conduct she believed in good faith constituted an unlawful or improper act.

*Authority: N.M. Stat. Ann. §§ 10-16C-2(E), 10-16C-3; Flores v. Herrera, 2016-NMSC-033, ¶¶ 9-10, 384 P.3d 1070; Wills v. Bd. of Regents of Univ. of N.M., 2015-NMCA-105, ¶¶ 19-20, 357 P.3d 453; Lerma v. State, 2025-NMSC-033, ¶¶ 1, 21-23, 578 P.3d 1111.*

**Instruction No. 40**

**Retaliatory Action**

A retaliatory action is an action that adversely affects a public employee's employment rights, benefits, pay, terms, conditions, location, job duties, responsibilities, or employment opportunities. Retaliatory action may include discharge, suspension, demotion, reassignment, reduction in pay, denial of benefits, changes in job duties, changes in work location, restrictions on work activity, or other action that would reasonably deter a public employee from engaging in protected activity. Plaintiff contends APS took retaliatory action against her through heightened scrutiny, damaging accusations, investigations, caseload displacement, lack of clear work direction, professional isolation, leave-related pressure, and actions affecting her employment status, professional standing, and continued employment.

*Authority: N.M. Stat. Ann. §§ 10-16C-2(D), 10-16C-3; Flores v. Herrera, 2016-NMSC-033, ¶¶ 9-10, 384 P.3d 1070; Lerma v. State, 2025-NMSC-033, ¶¶ 17-20, 578 P.3d 1111.*

**Instruction No. 41**

**Causation - New Mexico Whistleblower Protection Act**

Plaintiff must prove that her protected activity was a cause of APS's retaliatory action. Plaintiff may prove causation by direct or circumstantial evidence. In deciding causation, you may consider all the evidence, including APS's knowledge of Plaintiff's protected activity, timing, changes in treatment, hostility, shifting expectations, caseload changes, leave-related conduct, accusations, investigations, and whether APS's stated reasons are contradicted by other evidence. Plaintiff does not have to prove that protected activity was the only cause of APS's conduct. It is enough if Plaintiff proves that her protected activity played a part in APS's retaliatory action.

*Authority: N.M. Stat. Ann. § 10-16C-3; Flores v. Herrera, 2016-NMSC-033, ¶¶ 9-10, 384 P.3d 1070; Lerma v. State, 2025-NMSC-033, ¶¶ 17-20, 578 P.3d 1111.*

## VI. BREACH OF CONTRACT

### Instruction No. 42

### Breach of Contract - Elements

Plaintiff claims APS breached a contract.

To prove breach of contract, Plaintiff must prove each of the following by a preponderance of the evidence:

1. a contract existed between Plaintiff and APS, including the ATF Negotiated Agreement and/or related employment obligations;

2. Plaintiff performed her obligations under the contract, or her performance was excused;

3. APS breached the contract; and

4. APS's breach caused Plaintiff damages.

Plaintiff contends the ATF Negotiated Agreement and related employment obligations governed terms and conditions of her employment, including leave status, continuous service, reemployment, return/reassignment rights, and employment status.

*Authority: UJI 13-801, 13-822 NMRA; Collado v. City of Albuquerque, 2002-NMCA-048, ¶ 15, 132 N.M. 133, 45 P.3d 73.*

**Instruction No. 43**

**Existence of a Contract**

A contract is a legally enforceable promise or set of promises. To decide whether a contract existed, you may consider whether there was an offer, acceptance, consideration, and mutual assent, and whether the agreement was sufficiently definite to be enforced. Plaintiff contends the ATF Negotiated Agreement and related employment obligations formed part of the contractual terms governing her employment with APS. You must decide whether Plaintiff has proven the existence of a contract or enforceable contractual obligation based on the evidence.

*Authority: UJI 13-801 NMRA; Pope v. Gap, Inc., 1998-NMCA-103, ¶ 11, 125 N.M. 376, 961 P.2d 1283; Hartbarger v. Frank Paxton Co., 1993-NMSC-029, ¶¶ 7-10, 115 N.M. 665, 857 P.2d 776.*

**Instruction No. 44**

**Plaintiff's Performance or Excuse**

Plaintiff must prove that she performed her obligations under the contract or that her performance was excused. Performance may be excused if APS's own conduct prevented, interfered with, or made Plaintiff's performance impracticable, or if APS failed to perform obligations that were material to Plaintiff's performance. Plaintiff contends she satisfied the applicable contractual requirements or that any alleged nonperformance was excused by APS's conduct, including leave-related conduct, caseload displacement, lack of work direction, and failure to honor contractual leave, return, reassignment, reemployment, or employment-status obligations. You must decide whether Plaintiff performed or whether performance was excused based on the evidence.

*Authority: UJI 13-822, 13-823 NMRA; KidsKare, P.C. v. Mann, 2015-NMCA-064, ¶ 20, 350 P.3d 1228.*

**Instruction No. 45**

**Breach**

A breach of contract occurs when a party fails to perform a contractual obligation when performance is required, unless that performance is excused. Plaintiff contends APS breached contractual obligations concerning extended leave, continuous service, return, reassignment, reemployment, employment status, and related terms and conditions of employment. You must decide whether APS breached the contract based on the evidence and the contract terms you find apply.

*Authority: UJI 13-822, 13-823 NMRA.*

**Instruction No. 46**

**Causation - Breach of Contract**

Plaintiff must prove that APS's breach caused Plaintiff damages. A breach causes damages if the damages were caused by APS's breach and were recoverable under the contract claim. Plaintiff contends APS's breach caused loss of wages, benefits, employment status, return/reassignment rights, professional opportunities, and other losses. You must decide whether APS's breach caused damages based on the evidence.

*Authority: UJI 13-843 NMRA.*

**Instruction No. 47**

**Contract Damages**

If you find that APS breached a contract and that the breach caused Plaintiff damages, you must determine the amount of money that will reasonably and fairly compensate Plaintiff for damages caused by the breach. Contract damages are intended to place the injured party in the position she would have been in if the contract had been performed, to the extent the damages are proven with reasonable certainty and are recoverable under the contract claim. Plaintiff contends APS's breach caused lost wages, lost benefits, loss of employment status, loss of return or reassignment rights, loss of professional opportunities, and other losses. You may not award speculative damages. Plaintiff must prove contract damages with reasonable certainty.

*Authority: UJI 13-843, 13-846 NMRA.*

## VII. DAMAGES AND REMEDIES

### Instruction No. 48

### Damages - General

If you find in favor of Plaintiff on one or more claims, you must determine the amount of damages, if any, that Plaintiff proved were caused by APS's unlawful conduct. The purpose of damages is to fairly compensate Plaintiff for losses caused by APS's conduct. Damages must be based on the evidence and must not be based on speculation, guesswork, sympathy, bias, or prejudice. Plaintiff has the burden to prove damages by a preponderance of the evidence. You may award only those damages that Plaintiff proves were caused by APS's conduct and are recoverable under the particular claim on which you find in Plaintiff's favor. Damages may include professional-development, career-advancement, and leadership-opportunity harm if Plaintiff proves those harms were caused by APS's conduct and are recoverable under the applicable claim.

*Authority: UJI 13-1802 NMRA; UJI 13-843 NMRA; 29 U.S.C. § 2617; 42 U.S.C. § 1981a; N.M. Stat. Ann. § 10-16C-4.*

**Instruction No. 49**

**Economic Damages**

Economic damages are financial losses caused by APS's conduct. If you find for Plaintiff on a claim that allows economic damages, you may award economic damages that Plaintiff proved were caused by APS's conduct. Economic damages may include lost wages, lost salary, lost benefits, lost employment opportunities, out-of-pocket losses, and other financial losses proved by the evidence and recoverable under the claim.

*Authority: 29 U.S.C. § 2617(a); 42 U.S.C. § 1981a(b)(2); N.M. Stat. Ann. § 10-16C-4(A); UJI 13-1802 NMRA.*

**Instruction No. 50**

**Back Pay / Lost Wages**

If you find that APS's conduct caused Plaintiff to lose wages, salary, or other compensation, you may award the amount of lost wages or compensation proved by the evidence. You should consider the wages, salary, and compensation Plaintiff would have earned absent APS's unlawful conduct, minus any earnings or amounts that must be deducted under the law as instructed by the Court. You must base any award on the evidence and not speculation.

*Authority: 29 U.S.C. § 2617(a); 42 U.S.C. § 1981a; N.M. Stat. Ann. § 10-16C-4(A); UJI 13-1802 NMRA.*

**Instruction No. 51**

**Lost Benefits**

If you find that APS's conduct caused Plaintiff to lose employment benefits, you may award the value of lost benefits proven by the evidence. Lost benefits may include health-insurance benefits, retirement-related benefits, leave-related benefits, or other employment benefits if Plaintiff proves those losses were caused by APS's conduct and are recoverable under the applicable claim.

*Authority: 29 U.S.C. § 2617(a); 42 U.S.C. § 1981a; N.M. Stat. Ann. § 10-16C-4(A); UJI 13-1802 NMRA.*

**Instruction No. 52**

**Emotional Distress Damages**

If you find that APS's conduct caused Plaintiff emotional distress, you may award damages for that emotional distress where allowed by law. Emotional distress may include mental anguish, humiliation, anxiety, stress, loss of enjoyment of life, or other emotional harm proven by the evidence. The amount of emotional distress damages is for you to decide based on the evidence. There is no exact standard for measuring this type of harm. However, the award must be fair, reasonable, and based on the evidence. You may not award emotional-distress damages on Plaintiff's FMLA claims. Emotional-distress damages may be awarded only on claims for which the Court instructs that such damages are legally recoverable.

*Authority: 42 U.S.C. § 1981a(b)(3); UJI 13-1807 NMRA; UJI 13-1010 NMRA; N.M. Stat. Ann. § 10-16C-4(A).*

**Instruction No. 53**

**Reputational and Professional Harm**

If you find that APS's conduct caused Plaintiff harm to her reputation, professional standing, professional opportunities, or career advancement, you may award damages for that harm only if such damages are allowed under the claim on which you find in Plaintiff's favor and only if the harm was caused by APS's conduct. You may not award damages based on speculation. Plaintiff must prove the existence and amount of damages with reasonable certainty.

*Authority: 42 U.S.C. § 1981a(b)(3); N.M. Stat. Ann. § 10-16C-4(A); UJI 13-1802 NMRA.*

**Instruction No. 54**

**Contract Damages**

If you find APS breached a contract and that the breach caused Plaintiff damages, you may award the amount of money that will reasonably and fairly compensate Plaintiff for damages caused by the breach. Contract damages must be proved with reasonable certainty. You may not award damages that are speculative.

*Authority: UJI 13-843, 13-846 NMRA.*

**Instruction No. 55 - RESERVED**

**Mitigation of Damages - Only If Raised by APS and Submitted by the Court**

A person who has been injured by unlawful conduct must use reasonable efforts to reduce or mitigate damages.

APS has the burden to prove that Plaintiff failed to mitigate damages. To prove failure to mitigate, APS must prove:

1. there were reasonable steps Plaintiff could have taken to reduce her damages; and

2. Plaintiff failed to take those reasonable steps.

Plaintiff is not required to take actions that are unreasonable, impractical, harmful, unsafe, or inconsistent with her circumstances.

*Authority: UJI 13-1811 NMRA; EEOC v. Sandia Corp., 639 F.2d 600, 627 (10th Cir. 1980).*

**Instruction No. 56**

**No Duplicate Recovery**

Plaintiff may assert more than one claim and may recover damages on more than one claim. However, Plaintiff may not recover the same damages twice. If the same injury is caused by more than one legal violation, you may award damages for that injury only once. You should answer the questions on the verdict form carefully so that the Court can determine the proper judgment.

*Authority: General damages principles.*

**Instruction No. 57**

**No Punitive Damages Against APS**

Plaintiff does not seek punitive damages against APS. You must not award punitive damages against APS. This instruction does not limit Plaintiff's claim for compensatory damages, statutory damages, equitable relief, liquidated damages, interest, attorney fees, costs, or any other relief the Court may determine is allowed by law.

*Authority: City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).*

**Instruction No. 58**

**Court-Determined Remedies Reserved**

Some remedies, if available, may be decided by the Court rather than the jury. You should decide the factual issues and damages questions submitted to you in the verdict form. The Court will determine any remedies that are reserved for the Court, including any statutory enhancements, liquidated damages, interest, attorney fees, costs, or equitable relief, if applicable. You should not speculate about what the Court may do after your verdict.

*Authority: 29 U.S.C. § 2617(a)(1)(A)(iii); N.M. Stat. Ann. § 10-16C-4(A); Fed. R. Civ. P. 54(d).*