# EXHIBIT 3

May 4, 2026 APS Response and Related Affidavits/Search Materials Regarding Missing or Unclear RCI/EOS Recordings and Transcripts and Affidavits

| | |
|---|---|
| **From:** | Carol Cochran |
| **To:** | Boglarka Foghi; Patti Williams; Audrey Griego; Kimberly Kraft; Natasha Wesenberg; Tatia Lipe |
| **Subject:** | Incomplete RCI/EOS Audio and Transcript Production |
| **Date:** | Monday, May 4, 2026 9:58:21 AM |

Good morning,

We submitted all recordings and transcripts that had been provided, but just reached out to APS to determine if the additional information that you've referenced is available. We'll keep you apprised of what we find out.

Thank you,

Carol Cochran

Carol Mayo Cochran, CPA, MBA
Attorney at Law
Wiggins, Williams & Wesenberg
A Professional Corporation
1803 Rio Grande NW (87104)
P. O. Box 1308
Albuquerque, NM 87103-1308
Phone: (505) 764-8400
Fax: (505) 764-8585
Email: ccochran@wwwlaw.us

CONFIDENTIALITY NOTICE: This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material that is protected by the attorney-client privilege. If you are not the intended recipient or the person responsible or delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail or by telephone at (505) 764-8400 and delete the e-mail on your computer.

---

**From:** Boglarka Foghi <foghilaw@yahoo.com>
**Sent:** Sunday, May 3, 2026 6:11 PM
**To:** Patti Williams <pwilliams@wwwlaw.us>; Audrey Griego <agriego@wwwlaw.us>; Carol Cochran <ccochran@wwwlaw.us>; Kimberly Kraft <kkraft@wwwlaw.us>; Natasha Wesenberg <nwesenberg@wwwlaw.us>; Tatia Lipe <tatialipe@gmail.com>
**Subject:** Incomplete RCI/EOS Audio and Transcript Production

Dear Counsel,

We have reviewed APS's recent RCI/EOS audio and transcript production. The production is incomplete.

APS produced transcripts for certain Barreras interviews, including Antoinette Romero, Jessica/Jessie McFarland, Melissa Sedillo, Rosita Moya-Herrera, and Plaintiff's October 19 and October 27, 2022 interviews. APS also produced audio files Bates-labeled APS Supp. #000011 through #000021.

However, several required audio recordings and/or transcripts are missing or require clarification:

1. **Socorro Rodriguez — Barreras Investigation**
   The Barreras report identifies Socorro Rodriguez as a witness/interviewee, but APS did not produce a corresponding Socorro Rodriguez audio recording or transcript. Please produce the Socorro Rodriguez Barreras audio and transcript.
2. **Justin Griego — Barreras Investigation**
   The Barreras report identifies Justin Griego as a target/interviewee. APS produced one Justin Griego audio file, APS Supp. #000019, but that appears to correspond to the Gonterman investigation. Please produce the Justin Griego Barreras audio and transcript.
3. **Bernadette Lucero-Turner — January 20, 2023 Barreras Interview**
   APS produced the audio as APS Supp. #000021, but did not produce a corresponding transcript. Please produce the transcript.
4. **Gonterman Investigation Transcripts**
   APS produced audio files for the Gonterman interviews but did not produce corresponding transcripts for:

   - APS Supp. #000017 — Tatia Harris-Lipe;
   - APS Supp. #000018 — Bernadette Lucero-Turner;
   - APS Supp. #000019 — Justin Griego; and
   - APS Supp. #000020 — Annittra Atler.

   Please produce all corresponding transcripts.

5. **Mislabeled / Duplicate Transcript**
   APS Supp. 014514–014560 is labeled as a Jessica/Jessie McFarland transcript, but the file internally identifies Rosita Moya-Herrera's December 6, 2022 audio and appears to contain Rosita Moya-Herrera transcript content. Please clarify whether this file was mislabeled and provide any missing McFarland transcript portion.

These omissions are material. The Barreras and Gonterman reports rely on interview summaries, and Plaintiff must be able to compare the actual recorded statements and transcripts against the investigators' summaries, deposition testimony, and APS's litigation positions.

Exhibit B

Please produce the missing materials. If APS does not complete the production as previously ordered by the Court, Plaintiff will seek relief from the Court, including filing a fourth motion to compel and requesting any appropriate sanctions, fees, or curative relief.

Sincerely,

Boglarka Foghi, JD, MBA
Foghi Law Firm, LLC
www.Familyandcriminallawfirm.com
www.Scottsdaleduiatty.com
CEO/Founder of Envie Skin
envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

Defendants.

**AFFIDAVIT OF JENNIFER O'CONNELL**

STATE OF NEW MEXICO )
) ss.
COUNTY OF BERNALILLO )

I, Jennifer O'Connell, state that:

1. I am currently employed as Equal Opportunity Services Coordinator for Albuquerque Public Schools ("APS"), and my job duties include: monitor APS compliance with federal, state, and local laws and regulations; serve as the primary point of contact for handling equal opportunity complaints; collect and maintain compliance data; gather and analyze data for compliance reporting; address complaints and compliance issues; and respond to compliance reviews.

2. I was employed as Equal Opportunity Services Coordinator for APS during the 2022 – 2023 and 2023 – 2024 school years.

3. An Investigative Report was issued by Robert Caswell Investigations ("RCI") on February 7, 2023 (the "2/7/2023 RCI Report") in response to allegations of disability discrimination and retaliation made by Tatia Harris-Lipe in a Complaint filed by Ms. Lipe with the Office of Equal Employment Opportunity Services (the "EOS Office") on September 25, 2022.

Exhibit D

4. Following the conclusion of the investigation referenced above (the "RCI Investigation"), and issuance of the 2/7/2023 RCI Report, RCI provided me and the EOS Office with audio recordings that they retained from the investigation.

5. RCI provided APS with the following audio recordings relating to the 2/7/2023 RCI Report and RCI Investigation, which were all provided in supplemental Discovery on April 10, 2026: Antoinette Romero (1/19/2023); Bernadette Lucero-Turner (1/20/2023); Jessica McFarland (1/17/2023); Melissa Sedillo (12/6/2022); Rosita Moya-Herrera (12/6/2022); Tatia Lipe (10/27/2022); and Tatia Lipe (10/19/2022).

6. The EOS Office and APS retained these audio recordings in the EOS files relating to the RCI Investigation and 2/7/2023 RCI report.

7. On May 5, 2026, I was asked by the law firm handling the Lipe v. APS matter ("Lipe Litigation"), Wiggins, Williams & Wesenberg, P.C. ("WWW"), to review the APS / EOS Office files for the audio recordings and transcripts requested as supplemental discovery for the Lipe Litigation, as indicated on attached Exhibit A.

8. On May 6, 2026, I requested that RCI investigate their files relating to the RCI Investigation, and provide WWW with the items requested.

9. On May 6, 2026, Matt McWethy at RCI confirmed that RCI had no additional transcripts relating to the RCI recordings, and audio recordings for the RCI interviews conducted with Justin Griego (1/20/2023) and Socorro Rodriguez (1/24/2023) were not contained in the APS files.

10. On May 8, 2026, Matt McWethy at RCI also confirmed that former RCI Investigator, M.G. Barreras, no longer had any recordings or transcripts in her personal possession.

11. On May 8, 2026, I reviewed all APS / EOS files relating to the RCI Investigation and 2/7/2023 RCI Report and confirmed that APS and the EOS Office had no transcripts in their possession relating to this matter. I also sent WWW all audio recordings relating to this matter on May 8, 2026.

12. On May 8, 2026, WWW confirmed that all audio recordings that I provided them were the same audio recordings previously provided to Plaintiff on April 10, 2026 in supplemental discovery.

13. I then reviewed all EOS physical files and databases from 2022 to 2023 for outstanding audio recordings using the terms "Justin Griego", "Lipe", and "Socorro Rodriguez" to ensure that the audio recordings requested in Exhibit A had not been overlooked.

14. I did not locate the requested audio recordings for Justin Griego (1/20/2023) and Socorro Rodriguez (1/24/2023), and confirmed that APS and the EOS Office did not have transcripts for any of the audio recordings relating to the RCI Investigation and 2/7/2023 RCI Report.

15. No responsive materials for the supplemental discovery requested in Exhibit A were in APS and the EOS Office's possession, custody, or control.

16. I have personal knowledge of all statements in this Affidavit, and confirm to the best of my knowledge, information and belief formed after a reasonable inquiry that the information disclosed in this Affidavit is complete and correct as of the time it is made.

17. I can testify to these statements if called.

FURTHER AFFIANT SAYETH NAUGHT.

JENNIFER O'CONNELL

This instrument was acknowledged before me on this 22nd day of May, 2026, by Jennifer O'Connell.

STATE OF NEW MEXICO
NOTARY PUBLIC
CHRISTIE GRIEGO
Commission # 1101603
My Comm. Exp. 04-07-2029

Notary Public

## Carol Cochran

**From:** Boglarka Foghi <foghilaw@yahoo.com>
**Sent:** Sunday, May 3, 2026 6:11 PM
**To:** Patti Williams; Audrey Griego; Carol Cochran; Kimberly Kraft; Natasha Wesenberg; Tatia Lipe
**Subject:** Incomplete RCI/EOS Audio and Transcript Production

Dear Counsel,

We have reviewed APS's recent RCI/EOS audio and transcript production. The production is incomplete.

APS produced transcripts for certain Barreras interviews, including Antoinette Romero, Jessica/Jessie McFarland, Melissa Sedillo, Rosita Moya-Herrera, and Plaintiff's October 19 and October 27, 2022 interviews. APS also produced audio files Bates-labeled APS Supp. #000011 through #000021.

However, several required audio recordings and/or transcripts are missing or require clarification:

1. **Socorro Rodriguez — Barreras Investigation**
   The Barreras report identifies Socorro Rodriguez as a witness/interviewee, but APS did not produce a corresponding Socorro Rodriguez audio recording or transcript. Please produce the Socorro Rodriguez Barreras audio and transcript.
2. **Justin Griego — Barreras Investigation**
   The Barreras report identifies Justin Griego as a target/interviewee. APS produced one Justin Griego audio file, APS Supp. #000019, but that appears to correspond to the Gonterman investigation. Please produce the Justin Griego Barreras audio and transcript.
3. **Bernadette Lucero-Turner — January 20, 2023 Barreras Interview**
   APS produced the audio as APS Supp. #000021, but did not produce a corresponding transcript. Please produce the transcript.
4. **Gonterman Investigation Transcripts**
   APS produced audio files for the Gonterman interviews but did not produce corresponding transcripts for:
   - APS Supp. #000017 — Tatia Harris-Lipe;
   - APS Supp. #000018 — Bernadette Lucero-Turner;
   - APS Supp. #000019 — Justin Griego; and
   - APS Supp. #000020 — Annittra Atler.

   Please produce all corresponding transcripts.

5. **Mislabeled / Duplicate Transcript**
   APS Supp. 014514–014560 is labeled as a Jessica/Jessie McFarland transcript, but the file internally identifies Rosita Moya-Herrera's December 6, 2022 audio and appears to contain Rosita Moya-Herrera transcript content. Please clarify whether this file was mislabeled and provide any missing McFarland transcript portion.



Exhibit D

These omissions are material. The Barreras and Gonterman reports rely on interview summaries, and Plaintiff must be able to compare the actual recorded statements and transcripts against the investigators' summaries, deposition testimony, and APS's litigation positions.

Please produce the missing materials. If APS does not complete the production as previously ordered by the Court, Plaintiff will seek relief from the Court, including filing a fourth motion to compel and requesting any appropriate sanctions, fees, or curative relief.

Sincerely,

Boglarka Foghi, JD, MBA
Foghi Law Firm, LLC
www.Familyandcriminallawfirm.com
www.Scottsdaleduiatty.com
CEO/Founder of Envie Skin
envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS, and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION

Defendants.

**AFFIDAVIT OF IDALY SOTO**

STATE OF NEW MEXICO )
) ss.
COUNTY OF BERNALILLO )

I, Idaly Soto, state that:

1. I am currently employed as a Law Clerk for Cuddy McCarthy, LLP (the "Cuddy Firm"), and my job duties include: compile legal research to assist with cases; manage case files; draft legal documents; and ensure that all necessary materials are prepared and available for court proceedings.

2. I have been involved in managing the case files maintained by the Cuddy Firm for the Lipe v. Albuquerque Public Schools ("APS") litigation (the "Lipe Litigation").

3. The case files for the Lipe Litigation include audio recordings relating to an investigation conducted by Robert Caswell Investigations (the "RCI Investigation") in response to allegations of disability discrimination and retaliation made by Tatia Harris-Lipe in a Complaint filed by Ms. Lipe with the APS Office of Equal Employment Opportunity Services ("EOS Office") on September 25, 2022.

Exhibit E

4. Robert Caswell Investigations ("RCI") issued an Investigative Report in response to the RCI Investigation on February 7, 2023 (the "2/7/2023 RCI Report").

5. On May 12, 2026, in response to the supplemental discovery request for the Lipe Litigation, as included in Exhibit A, I confirmed that all transcripts internally created by the Cuddy Firm from audio recordings were previously provided as supplemental discovery on April 10, 2026. The Cuddy Firm did not create transcripts for the additional transcripts requested in Exhibit A.

6. On May 12, 2026, I also reviewed audio recordings involving the Lipe Litigation sent to the Cuddy Firm by RCI at my request via Dropbox, and confirmed that none of the audio recordings provided included the two additional audio recordings identified in Exhibit A, namely the audio recordings for Justin Griego (1/20/2023) and Socorro Rodriguez (1/24/2023).

7. I searched the Lipe Litigation files retained by the Cuddy Firm, for the outstanding audio recordings requested in Exhibit A, by using the terms "Justin Griego", "Lipe", and "Socorro Rodriguez," and did not locate the requested audio recordings for Justin Griego (1/20/2023) and Socorro Rodriguez (1/24/2023).

8. On May 12, 2026, after reviewing the audio recordings sent to the Cuddy Firm by RCI, I requested that Makayla Dee, Office Manager for RCI, search the RCI files again for the audio recordings requested for Justin Griego (1/20/2023) and Socorro Rodriguez (1/24/2023) in Exhibit A.

9. On May 13, 2026, Makayla Dee confirmed that the RCI files for the Lipe Litigation did not contain the two outstanding audio recordings for Justin Griego (1/20/2023) and Socorro Rodriguez (1/24/2023) reflected in Exhibit A, nor did the investigator involved in the RCI

Investigation who interviewed Justin Griego and Socorro Rodriguez, and also prepared the 2/7/2023 RCI Report have those audio recordings.

10. No responsive materials for the supplemental discovery requested in Exhibit A were in the Cuddy Firm's possession, custody, or control.

11. I have personal knowledge of all statements in this Affidavit, and confirm to the best of my knowledge that the information set forth in this Affidavit is complete and correct.

FURTHER AFFIANT SAYETH NAUGHT.

IDALY SOTO

STATE OF NEW MEXICO )
) ss.
COUNTY OF BERNALILLO )

This instrument was acknowledged before me on this 21 day of May, 2026, by Idaly Soto.

[seal]

Notary Public

STATE OF NEW MEXICO
NOTARIAL OFFICER
CARLOS J. PADILLA
NEW MEXICO
STATE BAR #151125



Exhibit E

## Carol Cochran

**From:** Boglarka Foghi <foghilaw@yahoo.com>
**Sent:** Sunday, May 3, 2026 6:11 PM
**To:** Patti Williams; Audrey Griego; Carol Cochran; Kimberly Kraft; Natasha Wesenberg; Tatia Lipe
**Subject:** Incomplete RCI/EOS Audio and Transcript Production

Dear Counsel,

We have reviewed APS's recent RCI/EOS audio and transcript production. The production is incomplete.

APS produced transcripts for certain Barreras interviews, including Antoinette Romero, Jessica/Jessie McFarland, Melissa Sedillo, Rosita Moya-Herrera, and Plaintiff's October 19 and October 27, 2022 interviews. APS also produced audio files Bates-labeled APS Supp. #000011 through #000021.

However, several required audio recordings and/or transcripts are missing or require clarification:

1. **Socorro Rodriguez — Barreras Investigation**
   The Barreras report identifies Socorro Rodriguez as a witness/interviewee, but APS did not produce a corresponding Socorro Rodriguez audio recording or transcript. Please produce the Socorro Rodriguez Barreras audio and transcript.
2. **Justin Griego — Barreras Investigation**
   The Barreras report identifies Justin Griego as a target/interviewee. APS produced one Justin Griego audio file, APS Supp. #000019, but that appears to correspond to the Gonterman investigation. Please produce the Justin Griego Barreras audio and transcript.
3. **Bernadette Lucero-Turner — January 20, 2023 Barreras Interview**
   APS produced the audio as APS Supp. #000021, but did not produce a corresponding transcript. Please produce the transcript.
4. **Gonterman Investigation Transcripts**
   APS produced audio files for the Gonterman interviews but did not produce corresponding transcripts for:
   - APS Supp. #000017 — Tatia Harris-Lipe;
   - APS Supp. #000018 — Bernadette Lucero-Turner;
   - APS Supp. #000019 — Justin Griego; and
   - APS Supp. #000020 — Annittra Atler.

   Please produce all corresponding transcripts.

5. **Mislabeled / Duplicate Transcript**
   APS Supp. 014514–014560 is labeled as a Jessica/Jessie McFarland transcript, but the file internally identifies Rosita Moya-Herrera's December 6, 2022 audio and appears to contain Rosita Moya-Herrera transcript content. Please clarify whether this file was mislabeled and provide any missing McFarland transcript portion.



Exhibit E

These omissions are material. The Barreras and Gonterman reports rely on interview summaries, and Plaintiff must be able to compare the actual recorded statements and transcripts against the investigators' summaries, deposition testimony, and APS's litigation positions.

Please produce the missing materials. If APS does not complete the production as previously ordered by the Court, Plaintiff will seek relief from the Court, including filing a fourth motion to compel and requesting any appropriate sanctions, fees, or curative relief.

Sincerely,

Boglarka Foghi, JD, MBA
Foghi Law Firm, LLC
www.Familyandcriminallawfirm.com
www.Scottsdaleduiatty.com
CEO/Founder of Envie Skin
envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS, and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION

Defendants.

**AFFIDAVIT OF MAKAYLA DEE**

STATE OF NEW MEXICO )
) ss.
COUNTY OF BERNALILLO )

I, Makayla Dee, state that:

1. I am currently employed as the Office Manager for Robert Caswell Investigations ("RCI"), and my job duties include: ensure the smooth running of the office; manage administrative systems, supplies, and equipment; develop operational systems to maximize efficiency; coordinate company communications; and assist with financial and human resources support as requested.

2. I have worked as Office Manager for RCI since February, 2024. The previous Office Manager for RCI was Tamara Staley, who left RCI in November, 2023.

3. I am responsible for overseeing the investigation files for all RCI investigations involving the Albuquerque Public Schools ("APS"), including the investigation files involving the Lipe v. Albuquerque Public Schools ("APS") litigation (the "Lipe Litigation").

4. The RCI investigation files for the Lipe Litigation include audio recordings relating to an investigation into allegations of disability discrimination and retaliation made by Tatia

Exhibit F

Harris-Lipe in a Complaint filed by Ms. Lipe with the APS Office of Equal Employment Opportunity Services ("EOS Office") on September 25, 2022 (the "RCI Investigation").

5. RCI issued an Investigative Report in response to the RCI Investigation on February 7, 2023 (the "2/7/2023 RCI Report").

6. Based on my review of the RCI Investigation files, M.G. Barreras was the investigator responsible for interviewing APS employees while conducting the RCI Investigation.

7. At the time the RCI Investigation took place, Tamara Staley was the Office Manager for RCI, and she handled the filing and management of all RCI documents and recordings relating to this investigation.

8. Based on my review of the existing RCI investigation files and discussions with management, at the time that the RCI Investigation took place, the investigation documents and recordings were placed into the appropriate electronic folders and files as follows:

a. The investigator transmitted the investigation documents and recordings to the RCI office using a USB flash drive;

b. The Office Manager copied all PDF documents, files, and recordings from the USB flash drive to the appropriate directory, subdirectory (APS), and case folder (Case #22233021).

c. The Office Manager forwarded the recorded interviews to the Equal Opportunity Services Coordinator (Jennifer O'Connell) along with the 2/7/2023 RCI Report following completion of the RCI Investigation.

9. On May 12, 2026, Idaly Soto from Cuddy McCarthy, LLP (the "Cuddy firm") contacted me and asked that I search the RCI digital records for the audio recordings for Justin

Griego (1/20/2023) and Socorro Rodriguez (1/24/2023), as they pertained to Case #22233021, the RCI Investigation, and the RCI 2/7/2023 Report.

10. On May 12, 2026 and May 13, 2026, I searched the folder and subfolders for Case #22233021, and did not locate the two audio recordings requested for Justin Griego and Socorro Rodriguez.

11. On May 12, 2026 and May 13, 2026, I also searched the APS subfolder and all investigation files and folders by using the terms "Justin Griego", "Lipe", "Socorro Rodriguez", and "22233021" (the Case number for the RCI Investigation). I did not locate the requested audio recordings for Justin Griego (1/20/2023) and Socorro Rodriguez (1/24/2023).

12. On May 12, 2026 and May 13, 2026, I also reviewed all investigative files containing audio recordings made during October, 2022 – February, 2023, as this was the period during which the interviews with APS employees for the RCI Investigation took place. I did not find the requested audio recordings for Justin Griego (1/20/2023) and Socorro Rodriguez (1/24/2023).

13. On May 13, 2026, I sent an e mail to Idaly Soto and confirmed that the RCI files for the Lipe Litigation did not contain the two outstanding audio recordings for Justin Griego (1/20/2023) and Socorro Rodriguez (1/24/2023) reflected in Exhibit A.

14. On May 13, 2026, based on information provided me by Matthew McWethy of RCI, I also confirmed in my e mail to Idaly Soto that M.G. Barreras (the investigator involved in the RCI Investigation who interviewed Justin Griego and Socorro Rodriguez) did not have those audio recordings. Mr. McWethy spoke directly with M.G. Barreras.

15. No responsive materials for the supplemental discovery requested in Exhibit A were in RCI's possession, custody, or control.



Exhibit F

16. I have personal knowledge of all statements in this Affidavit, and confirm to the best of my knowledge, information and belief formed after a reasonable inquiry that the information disclosed in this Affidavit is complete and correct as of the time it is made.

17. I can testify to these statements if called.

FURTHER AFFIANT SAYETH NAUGHT.

MAKAYLA DEE

STATE OF NEW MEXICO )
) ss.
COUNTY OF BERNALILLO )

This instrument was acknowledged before me on this 21st day of MAY, 2026, by MAKAYLA DEE.

[seal]

BEN WYNE
Notary Public

BENJAMIN WYNE
Notary Public
State of New Mexico
Comm. # 1129002
My Comm. Exp. Jun 29, 2028



Exhibit F

Case 1:23-cv-00899-GBW-JMR Document 324-3 Filed 05/20/26 Page 3 of 3

**Carol Cochran**

---

**From:** Boglarka Foghi <foghilaw@yahoo.com>
**Sent:** Sunday, May 3, 2026 6:11 PM
**To:** Patti Williams; Audrey Griego; Carol Cochran; Kimberly Kraft; Natasha Wesenberg; Tatia Lipe
**Subject:** Incomplete RCI/EOS Audio and Transcript Production

Dear Counsel,

We have reviewed APS's recent RCI/EOS audio and transcript production. The production is incomplete.

APS produced transcripts for certain Barreras interviews, including Antoinette Romero, Jessica/Jessie McFarland, Melissa Sedillo, Rosita Moya-Herrera, and Plaintiff's October 19 and October 27, 2022 interviews. APS also produced audio files Bates-labeled APS Supp. #000011 through #000021.

However, several required audio recordings and/or transcripts are missing or require clarification:

1. **Socorro Rodriguez — Barreras Investigation**
The Barreras report identifies Socorro Rodriguez as a witness/interviewee, but APS did <u>not</u> produce a corresponding Socorro Rodriguez <u>audio recording or transcript.</u> Please produce the Socorro Rodriguez Barreras audio and transcript.
2. **Justin Griego — Barreras Investigation**
The Barreras report identifies Justin Griego as a target/interviewee. APS produced one Justin Griego audio file, APS Supp. #000019, but that appears to correspond to the Gonterman investigation. Please produce the Justin Griego Barreras audio and transcript.
3. **Bernadette Lucero-Turner — January 20, 2023 Barreras Interview**
APS produced the audio as APS Supp. #000021, but did not produce a corresponding transcript. Please produce the transcript.
4. **Gonterman Investigation Transcripts**
APS produced audio files for the Gonterman interviews but did not produce corresponding transcripts for:
    - APS Supp. #000017 — Tatia Harris-Lipe;
    - APS Supp. #000018 — Bernadette Lucero-Turner;
    - APS Supp. #000019 — Justin Griego; and
    - APS Supp. #000020 — Annittra Atler.

    Please produce all corresponding transcripts.

5. **Mislabeled / Duplicate Transcript**
APS Supp. 014514–014560 is labeled as a Jessica/Jessie McFarland transcript, but the file internally identifies Rosita Moya-Herrera's December 6, 2022 audio and appears to contain Rosita Moya-Herrera transcript content. Please clarify whether this file was mislabeled and provide any missing McFarland transcript portion.



Exhibit F

Exhibit A- Affidavit of Makayla Dee

These omissions are material. The Barreras and Gonterman reports rely on interview summaries, and Plaintiff must be able to compare the actual recorded statements and transcripts against the investigators' summaries, deposition testimony, and APS's litigation positions.

Please produce the missing materials. If APS does not complete the production as previously ordered by the Court, Plaintiff will seek relief from the Court, including filing a fourth motion to compel and requesting any appropriate sanctions, fees, or curative relief.

Sincerely,

Boglarka Foghi, JD, MBA
Foghi Law Firm, LLC
www.Familyandcriminallawfirm.com
www.Scottsdaleduiatty.com
CEO/Founder of Envie Skin
envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar