IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

Defendants.

**ORDER DENYING MOTION TO COMPEL DISCOVERY**

THIS MATTER comes before the Court on Plaintiff's Fourth Motion to Compel APS's Production of Outstanding Discovery Including RCI/EOS Audio Recording and Transcripts and for Rule 37 Sanctions, filed May 11, 2026. Doc. 279. Defendant Albuquerque Public Schools ("APS") filed a response on May 22, 2026. Doc. 292. Plaintiff filed a reply on May 28, 2026. Doc. 296. Having reviewed the briefing and the relevant law, the Court hereby DENIES the motion.

**I. RCI Interview Recordings**

Plaintiff requests that the Court compel APS to produce "audio recordings, transcripts, and related materials" from an investigation conducted by Robert Caswell Investigations ("RCI") involving Plaintiff. Doc. 279 at 1. Plaintiff's motion does not describe which recordings have not been provided. However, Plaintiff attaches an email exchange explaining that APS has not provided the recordings of Socorro Rodriguez's and Justin Griego's respective interviews. Doc. 279-1 at 2–3. The email also requests the transcripts of several other interviews for which APS has already provided the recordings. *Id.*

APS requests that the Court deny Plaintiff's motion. Doc. 292. APS explains that the

requested transcripts never existed, *id.* at 3, and that Plaintiff mistakenly has assumed that the interviews were transcribed. *Id.* APS also explains that it does not have the recordings of Socorro Rodriguez's and Justin Griego's interviews. *Id.* APS provided affidavits demonstrating that it conducted a thorough search for the recordings, but it does not have them. *See id.* at 16–19 (Exh. D), 22–24 (Exh. E). APS also provided an affidavit from RCI. The RCI office manager also conducted a thorough search and stated that RCI also does not have the two missing records. *Id.* at 27–30 (Exh. F).

"[N]o court can compel production of evidence that doesn't exist." *Whitmore v. Parker*, 525 F. App'x 865, 866 (10th Cir. 2013) (unpublished). Further, "[t]he Court cannot compel a party to produce documents he does not have." *Garza v. Bray Fast Freight, LLC*, No. CV 23-761 MLG/SCY, 2024 WL 3822866, at *3 (D.N.M. Aug. 14, 2024).

Because the transcripts Plaintiff seeks do not exist, the Court cannot compel production. *See Whitmore*, 525 F. App'x at 866. If recordings of Socorro Rodriguez's and Justin Griego's interviews do exist, they are not reasonably within APS's "possession, custody, or control." *See* FED. R. CIV. P. 34(a)(1). Thus, APS is not required to produce them. *See Garza*, 2024 WL 3822866, at *3.

**II. Comparator Accommodation Records**

Plaintiff also complains that APS has failed to provide "comparator accommodation records that go directly to the heart of Plaintiff's ADA claim." Doc. 279 at 3. Presumably, Plaintiff is referring to the Court's order that APS supplement its response to Plaintiff's Interrogatory 8. *See* Doc. 246. The Court ordered APS to "cross-reference a list of the 103 social worker equivalent employees with APS's paper files with its Americans with Disability Act accommodation requests to search for and provide the information, to the extent that it exists,

that is responsive to Interrogatory 8." *Id.* at 2. If APS was unable to do so, it was ordered to provide the Court with an affidavit explaining why it was unable to complete the search. *Id.*

Plaintiff does not provide sufficient context for APS's alleged "refusal to produce those comparator records." Doc. 279 at 4. On April 10, 2026, APS filed a certificate of service indicating that it supplemented its discovery responses. Doc. 261. Plaintiff does not describe this supplement or explain why it was insufficient. Plaintiff's reply briefing implies that APS submitted an "affidavit, verification, or declaration" explaining that the supplementation was too burdensome. Doc. 296 at 8–9. However, the Court does not have a copy of this affidavit. Furthermore, the Court has no indication that Plaintiff brought this alleged deficiency to Defendant's attention before seeking Court intervention. *See* FED. R. CIV. P. 37(a)(1). The Court does not have sufficient information to determine whether or not APS complied with its order to supplement Interrogatory 8. *See Lindsey v. Albuquerque Pub. Schs. Bd. of Educ.*, No. CV 24-393 GBW/JFR, 2025 WL 357741, at *1 (D.N.M. Jan. 31, 2025) ("The party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete.") (citations omitted). As such, the Court must deny Plaintiff's request.

**III. Requested Relief**

As a remedy for the alleged failure to comply with Court orders, Plaintiff requests that the Court impose substantial sanctions against APS. Because the Court does not find that APS failed to comply with Court orders, the Court will not impose sanctions.

Finally, both parties request that the Court impose fees. Because Plaintiff's motion is denied, Plaintiff is not entitled to fees. The Court also finds that it would be unjust to award APS fees. *See* FED. R. CIV. P. 37(a)(5)(B). As discussed in previous orders, APS has been compelled to provide these recordings three separate times. *See, e.g.*, Doc. 291. Despite these orders, APS

has only recently investigated sufficiently to determine that these recordings do not exist. As such, the Court declines to award fees to either party.

Plaintiff's Fourth Motion to Compel APS's Production of Outstanding Discovery Including RCI/EOS Audio Recording and Transcripts and for Rule 37 Sanctions (Doc. 279) is hereby DENIED.

JENNIFER M. ROZZONI
United States Magistrate Judge