IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

Defendants.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED UNIFORM JURY INSTRUCTIONS**

Defendant Albuquerque Public Schools ("APS") hereby provides the following objections to Plaintiff's Proposed Uniform Jury Instructions [ECF No. 361] ("Plaintiff's UJIs"). APS objects to the specific Uniform Jury Instructions ("UJIs") included in this pleading, and for each UJI objected to has noted the matter objected to, and the grounds for the objection.

## I. BACKGROUND

In Plaintiff's Motion for Leave to File Proposed Jury Instructions Out of Time [ECF No. 360] ("Motion for Leave"), Plaintiff asked for leave to file Plaintiff's Proposed Jury Instructions out of time. APS recognizes that the Court has granted such leave, but also wishes to highlight for the Court the impact the late filing of Plaintiff's UJIs had on APS's case management and the high quantity of objections required in this pleading for Plaintiff's UJIs. In her Motion for Leave [ECF No. 360, ¶6], Plaintiff notes that "Defendant will not be prejudiced by the short delay," which is not the case. Because of this delay, APS had one fewer day to prepare its objections to Plaintiff's UJIs. Additionally, as a result of the issues noted in Plaintiff's Motion for Leave [ECF No. 360, ¶4], namely "counsel's international travel, the volume of pretrial filings, and need to complete a final authority and formatting audit…," Plaintiff's counsel had limited time available to confer

with APS regarding the UJIs. As a result, APS and Plaintiff were unable to agree on Stipulated Jury Instructions, resulting in both parties' UJIs being completely unagreed. This in turn caused APS to object to a significant number of Plaintiff's proposed UJIs, since time was not available to propose modifications to either party's UJIs.

As a clarification of the timeline pertaining to Plaintiff and APS's development of proposed UJI's, Plaintiff provided APS with her draft proposed UJIs on May 28, 2026, and APS responded with redlined edits to the UJIs pertaining to the remaining claims, and stock instructions for Plaintiff's consideration on June 1, 2026. APS never received commentary from Plaintiff on these proposed modifications, APS's UJIs, or whether any UJIs could be stipulated. After numerous communications with Plaintiff's counsel on June 4, 2026 (waiting until 7:34 pm, on the due date for the UJIs), APS ultimately provided the Court with APS's UJIs without agreement, modification, or stipulation from the Plaintiff. At 12:11 pm on June 5, 2026, 12 hours after the mutual deadline for the proposed UJIs, Plaintiff asked for leave to file a motion for leave to file Plaintiff's proposed jury instructions out of time.[1] APS took no position on this request.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 51(c)(1), "a party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." The party objecting to a UJI must state the grounds for the objection, and explain the objections with sufficient clarity to render them obvious, plain, or unmistakable. *Id.* Jury objections must also be sufficiently specific to identify the precise nature of the alleged error, for the trial court's review. "An objection to an instruction should be sufficiently specific to call to the trial court's attention the[e] precise nature of the alleged error." *United States v. Perea,* No.

[1] Note that Plaintiff's legal counsel frequently sends e-mail communications to APS's legal counsel after business hours, with the expectation that she receive a response on behalf of APS the next day (even over the weekend).

CR 09-1034 JB, ¶6 WL 2292937 (D.N.M. 2010).

For parties developing UJIs for federal court in the District of New Mexico, the Court's own approved set of stock instructions that are maintained on individual judges' chambers web pages are considered primary authority. *United States v. Smith,* No. CR14-1136 WJ, ¶5 2014 WL 11430908 (D.N.M. 2014). Because the Tenth Circuit does not publish pattern jury instructions for civil cases, if stock instructions are not available on an individual judge's web page, parties are then directed to consider pattern jury instructions used by other Courts of Appeal. *Walton v. New Mexico State Land Office,* No. CV 13-0343 JB/KBM, ¶ 11, 2016 WL 9021835 (D.N.M. 2016). If stock instructions are not available from either the judge in a New Mexico District Court matter, or from another District Court, the parties are free to base their proposed UJIs on the applicable statute and supporting case law.

## III. MATTER OBJECTED TO AND GROUNDS FOR THE OBJECTIONS

As noted below, APS objections to each of the identified UJIs generally falls into the following categories: non-use of stock UJIs; misrepresentation of the case law and statutes; UJIs that are not based on the Authority cited by Plaintiff; omission of key elements required for the referenced UJI; discussion of Plaintiff's claims from the vantage point of the respective UJI without inclusion of Defendant APS's defenses or position; the UJI(s) are incomplete and would likely confuse or misinform a jury; and reliance on case law solely pertaining to New Mexico state courts. The matter objected to and grounds for the objection for each of the identified UJIs is noted below.

| UJI # | Plaintiff's UJI | Matter Objected To | Grounds for the Objection |
|---|---|---|---|
| 6 | Impeachment | UJI misrepresents the case law and statute, and does not use the stock instructions for Judge Wormouth, Federal Court. | The discussion of "how much weight to give the witness's testimony" is inconsistent with both the stock instructions, and FRE 607 and 613 cited in UJI #6. |
| 9 | Burden of Proof – Preponderance of the Evidence | UJI does not use the stock instructions for Judge Wormouth, Federal Court. | Unlike the stock instructions and relevant case law and statutes cited as Authority in the UJI, UJI #9 does not note that "evenly balanced evidence is not sufficient." |
| 11 | Defendant APS Acts Through Employees and Agents | UJI misrepresents the case law and statute, and misstates the agency relationship for a governmental employer, and fails to reference its status as a governmental employer. | UJI #11 improperly misrepresents the ability of "officials, administrators, agents, and representatives" to act on behalf of APS, as required under the relevant statute as a defined governmental entity. Further, the reference to "acts and omissions" pertains to APS's status as a governmental entity as defined under statute, not a public entity. |
| 14 | ADA Failure to Accommodate – Elements | UJI misrepresents the case law and statute, and does not use the stock instructions available for the 5th Circuit Federal Court. | The 5th Circuit Stock Instruction 11.10 (Modified) provides the specific elements required, by a preponderance of evidence, that demonstrate that APS made reasonable accommodations for Plaintiff's disability. UJI #14 fails to include key requirements of the statute and relevant case law, such as Defendant's knowledge of the disability and limitations on major life activities. |
| 15 | Disability | UJI misrepresents the case law and statute, and does not use the stock instructions available for the 5th Circuit Federal Court. | The UJI misrepresents how substantial limitation of life activities is determined for the average person under the ADA, as required by the statutes and case law cited as Authority in the UJI. The UJI also does not address key |

| | | | |
|---|---|---|---|
| | | | requirements under the ADA, including nature and severity of the impairment, time constraints, and expected impact. |
| 16 | Qualified Individual | The UJI misrepresents the case law and statute. | Under the statute for the ADA, essential functions of a job position are determined irrespective of reasonable accommodation. The UJI implies that qualified individuals, essential functions, and reasonable accommodations require the same elements, which is incorrect. |
| 17 | Essential Functions | UJI misrepresents the case law and statute, and does not use the stock instructions available for the 5th Circuit Federal Court. | The UJI misuses the terms "fundamental to the position," as defined under the ADA, and fails to clarify that a temporary accommodation does not demonstrate that job functions are not essential. |
| 18 | Reasonable Accommodations | UJI misrepresents the case law and statute, and does not use the stock instructions available for the 5th Circuit Federal Court. | The UJI does not reflect reasonable accommodations under the ADA that APS made for Plaintiff, specifically "making existing facilities readily accessible to and usable by individuals with disabilities." "Reassignment to a vacant position" has also been reframed as "reassignment of non-essential duties." Further, no discussion is included regarding what is considered to be unreasonable accommodations, including imposing an undue hardship on the business operations. The UJI also misrepresents that "an accommodation is not unreasonable merely because it differs from APS's preferred way of performing the job," which is incorrect. Pursuant to case law and statute, the ADA does not require an employer to provide an employee's preferred accommodation. |

| | | | |
|---|---|---|---|
| 19 | Interactive Process | UJI misrepresents and misconstrues the case law and statute to improperly advantage Plaintiff, and does not use the stock instructions available for the 5th Circuit Federal Court. | The interactive process for the ADA referenced in the UJI requires good-faith communications between APS and Plaintiff regarding what other jobs existed within APS that were vacant, or identification of the precise limitations resulting from the disability, and potential reasonable accommodations that could overcome those limitations. The UJI incorrectly misrepresents this process as requiring participation in good faith communication, and development of an "individualized assessment." The stock instructions available for the 5th Circuit Federal Court provide UJIs that appropriately address the interactive process. |
| 20 | ADA Retaliation / Interference | UJI does not appropriately represent both Plaintiff and Defendant's positions, but exclusively focuses on Plaintiff's claims. The UJI also misrepresents the case law and statutes, and does not use the stock instructions available for the 5th Circuit Federal Court. | The UJI includes Plaintiff's claims against APS regarding retaliation, but does not correspondingly include discussion of APS's claims or defenses under the ADA. The UJI discussion of "materially adverse action" is incorrect and misrepresents materially adverse actions under the ADA, which focus on making or supporting a charge of discrimination. The stock instructions for the 5th Circuit Federal Court provide accurate and appropriate instructions for retaliation. |
| 21 | Protected ADA Activity | UJI contains material omissions that inadequately describe protected activity and fail to address major life activities, which are critical to defining Protected ADA Activity. | The UJI incorrectly indicates that protected ADA activity includes activity "conduct the employee believes violates the ADA," which is inconsistent with case law and statutes. Further the UJI does not address "major life activities," as addressed in relevant case law. The UJI also does not indicate that an inadequate request for |

| | | | |
|---|---|---|---|
| | | | accommodation that does not trigger an employer's duty to provide a reasonable accommodation will never be protected activity under the ADA. These omissions are substantial. |
| 22 | Materially Adverse Action | UJI does not appropriately represent both Plaintiff and Defendant's positions, but exclusively focuses on Plaintiff's claims. The UJI also misrepresents the case law and statutes, and does not include the 5th Circuit Federal Court stock instructions. | The UJI does not include the 5th Circuit Federal Court stock instructions. Additionally, while Plaintiff's contentions are included in the UJI, Defendant's defenses and positions are not. |
| 23 | Causation – ADA Retaliation | The UJI misrepresents the case law and statute, and does not use the stock instructions available for the 5th Circuit Federal Court. | The UJI does not address temporal proximity which is a critical element for Plaintiff's New Mexico Whistleblower Protection Act ("WPA") claim and an adverse employment action. The language in the UJI pertaining to "all the evidence" considered in determining causation is inconsistent with the case law and statute. The UJI further fails to include the stock 5th Circuit Federal Court instructions, which appropriately address these items. |
| 24, 26 | ADA Interference – Elements; ADA Interference, Coercion, Intimidation, or Threats Under the ADA | UJI does not appropriately represent both Plaintiff and Defendant's positions, but exclusively focuses on Plaintiff's claims. The UJI also misrepresents the case law and statutes. | The elements interference reflected in both UJIs does not exist in either the statutes cited as Authority for the UJI (42 U.S.C. § 12203(b) and 29 C.F.R. § 1630.12(b)) or the case cited (Foster v. Mountain Coal Co., 830 F.3d 1178, 1188 n.6 (10th Cir. 2016). Further, Plaintiff's contentions are described in detail in the UJIs, but APS's defenses and positions are not included at all. The UJIs are additionally redundant. |

| | | | |
|---|---|---|---|
| 25 | Exercise or Enjoyment of ADA Rights | The UJI does not appropriately represent both Plaintiff and Defendant's positions, but exclusively focuses on Plaintiff's claims. The UJI also misrepresents the case law and statutes, and misconstrues the elements of an ADA claim as "rights". | The elements of the ADA referenced in the UJI have already been addressed in detail in previous UJI's. Further, none of the statutes shown as authority for the UJI reference these elements as constituting "rights" for the Plaintiff, and suggestions that they are "rights protected by the ADA" is prejudicial to APS. Plaintiff's contentions regarding the ADA claim are included in the UJI, but APS's defenses and positions are not. |
| 27 - 34 | UJIs Pertaining to Unasserted FMLA Claim | These UJIs relate to an FMLA claim never asserted by the Plaintiff | Plaintiff's Complaint for Damages (ECF No. 1) asserts four claims, none of which pertain to the FMLA. The Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment and in the Alternative, for Rule 56(G) Findings (ECF No. 329) confirms that "Plaintiff did not plead an FMLA interference claim, *see generally doc. 1,* so the Court will not address it." |
| 35, 36 | New Mexico Whistleblower Protection Act – Elements | The UJI does not appropriately represent both Plaintiff and Defendant's positions, but exclusively focuses on Plaintiff's claims. The UJI also misrepresents the case law and statutes. | The UJI does not accurately state the case law or statutes relating to WPA claims (including those cited as Authority), and additionally does not include critical elements such as: adverse employment action, a causal connection that exists between the protected activity and the adverse employment claim, and Plaintiff's suffering damages as a result of retaliatory action. Plaintiff's linkage in point #5 that "Plaintiff's protected activity was a cause of APS's retaliatory action" is not supported by either the WPA statute nor the three cases referenced in the UJI. Further, Plaintiff's contentions regarding the |

| | | | |
|---|---|---|---|
| | | | WPA claim are included in the UJI, but APS's defenses and positions are not. UJI 35 is redundant with UJI 36. |
| 37 | Protected Activity Under the WPA | The UJI does not appropriately represent both Plaintiff and Defendant's positions, but exclusively focuses on Plaintiff's claims. The UJI also misrepresents the case law and statutes. | The narrative contained in the UJI pertaining to protected communication and the Plaintiff's burden of proof is not supported by the New Mexico State Court cases referenced as Authority for the UJI. Further, the UJI contains Plaintiff's contentions regarding numerous claims of protected activity, which are in direct conflict with her own admission in Supplemental Discovery on March 9, 2025 that "all references to a 'whistleblower complaint' refer specifically to the PED complaint filed on February 7, 2022." *See* Exhibit A. Additionally, only Plaintiff's contentions regarding protected activity are referenced, with no inclusion of APS's defenses or positions. |
| 38 | Good Faith Belief | The UJI materially misrepresents case law and statutes pertaining to "good faith belief" for WPA claims. | The narrative discussion of "good faith belief" does not contain actual language or elements from either the statute referenced in the UJI (NMSA §§ 10-16C-2(A), 10-16C-3(A)), or the New Mexico state (not federal) case referenced. This materially misrepresents the legal foundation for "good faith belief," and is prejudicial to APS. |
| 39 | Unlawful or Improper Act | The UJI does not appropriately represent both Plaintiff and Defendant's positions, but exclusively focuses on Plaintiff's claims. The UJI also materially misrepresents the case law | The narrative contained in the UJI materially misrepresents the case law and statute by claiming that the criteria to determine whether an unlawful or improper act under the WPA has occurred is Plaintiff's "good faith" belief (which prohibits retaliatory actions under NMSA §§ |

| | | | |
|---|---|---|---|
| | | and statute pertaining to what constitutes an "unlawful or improper act". | 10-16C-3(A)), not the statutory criteria in NMSA §§ 10-16C-2(E). |
| 40 | Retaliatory Action | The UJI does not include critical criteria for adverse employment actions constituting a retaliatory action. | The UJI fails to include important background against which an adverse employment action (resulting in a retaliatory action) under the WPA is considered. Specifically, an adverse employment action under the WPA is determined based on an employee's terms and conditions of employment in the existing employment relationship with the employer. Since Plaintiff was an inactive employee during the 2023-2024 school year, this is a critical distinction. |
| 41 | Causation | The UJI materially misrepresents the criteria for causation through a narrative that in no way is based on the cases and statutes cited as authority, and fails to reference the requirement of temporal proximity required for a WPA claim. | The UJI narrative included with UJI No. 41 is not reflective of the statute and cases cited as Authority for the UJI. In fact, the statute and cases referenced do not describe the requirements for causation at all. Further, there must be close temporal proximity between WPA protected activity and the adverse employment action, and this critical requirement is not included at all in this UJI. |
| 42 – 47; 54 | UJIs Pertaining to Breach of Contract Claim for Which APS's Motion for Summary Judgment ("MSJ") was Granted | Plaintiff's Claim for Breach of Contract was dismissed through the Court's order granting APS's partial MSJ for this claim | On June 5, 2026, through Court Order, the Court granted Defendant's Motion for Partial Summary Judgment on Breach of Contract Claim. Plaintiff's UJIs pertaining to this claim are therefore no longer relevant and should not be considered. |
| 48 | Damages – General | Reference to specific damages not referenced in either the statute or case | The UJI notes that "damages may include professional-development, career-advancement, and |

| | | | |
|---|---|---|---|
| | | law is improper, and prejudicial to APS. | leadership-opportunity harm." None of these specific examples are referenced in the statute or case law pertaining to damages, nor are they included in the cases and statute cited as Authority by Plaintiff. These statements are therefore are prejudicial to APS as they improperly imply that damages are recoverable for these specific items. |
| 49 | Economic Damages | Inclusion of "lost employment opportunities" as economic damages misrepresents the case law and statutory authority. | "Lost economic opportunities" is not referenced in either the applicable statutes relating to damages or the stock UJI NMRA jury instructions. This terminology is prejudicial to APS and inappropriate for uniform jury instructions. |
| 52 | Emotional Distress Damages | UJI misrepresents the case law and statutory authority. | For purposes of the calculation of damages, the UJI does not include the provision that pain and suffering must be reasonably certain to be experienced in the future, as included in UJI 13-1807 NMRA. Also, the UJI does not mention credible evidence, the use of competent evidence, or the preclusion of damages based on speculation or sympathy. The 5th Circuit Pattern Uniform Jury Instructions (Civil Cases) 10.13 provides a good example of acceptable terminology. |
| 53 | Reputational and Professional Harm | UJI misrepresents the case law and statutory authority. | No District of New Mexico federal court has directly addressed whether reputational or professional harm constitutes recoverable damages for purposes of the two remaining claims (ADA and WPA). The UJI is therefore misleading by implying both the existence of these damages and specific elements required to award damages for reputational and professional harm. Further, UJI No. 53 references UJI |

| | | | |
|---|---|---|---|
| | | | 13-1802 NMRA as Authority, but the UJI does not reflect the stock language. |
| 55 | Mitigation of Damages | UJI misrepresents the case law and statutory authority. | Key provisions of the UJI 13-1811 NMRA stock language pertaining to Damages is not included in UJI No. 55, to include the requirements to exercise ordinary care and non-recovery of damages that are caused by the Plaintiff. The 5th Circuit Pattern Uniform Jury Instructions (Civil Cases) Section 11.14 includes sample UJI language that reflects these requirements, as well as Defendant's requirements to succeed on this defense. |
| 57 | No Punitive Damages Against APS | The UJI is incomplete, and relies on an additional UJI that is not provided, to determine the relief determined by the Court. | The additional instructions referencing "any other relief the Court may determine is allowed by law" in the UJI are incomplete, confusing, and require an additional UJI and instructions which have not been provided. |
| 58 | Court Remedies Reserved | The UJI is unnecessary. | The UJI is unnecessary and may be confusing to the jury. Remedies made by the Court do not require the jury to be a finder of fact on what remedies are available to be decided by the Court. |

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically Filed*

By: */s/Carol M. Cochran*
Carol M. Cochran
Natasha A. Martinez-Wesenberg
Patricia G. Williams
*Attorneys for APS*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
ccochran@wwwlaw.us
nwesenberg@wwwlaw.us
pwilliams@wwwlaw.us

We hereby certify that on this 11th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

WIGGINS, WILLIAMS & WESENBERG, P.C.

By */s/ Carol M. Cochran*
Carol M. Cochran