IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT YELLOW-HIGHLIGHTED CHAMBERS COPIES CORRESPONDING TO ALREADY-FILED DEPOSITION DESIGNATIONS, TO SUBMIT CORRESPONDING MATERIALS AS AN APPENDIX, AND FOR LIMITED CORRECTIVE RELIEF**

Plaintiff Tatia Lipe, through counsel, respectfully moves for leave to submit Plaintiff's yellow-highlighted chambers copies corresponding to Plaintiff's already-filed deposition designations, and for limited corrective relief necessary to ensure that chambers has a complete set of the deposition materials contemplated by the Court's pretrial order.

Pursuant to D.N.M. LR-Civ. 7.1(a), Plaintiff conferred with Defendants regarding the relief requested in this motion. On June 11, 2026, Plaintiff advised Defendants that Plaintiff intended to seek leave to submit Plaintiff's yellow-highlighted chambers copies directly to chambers and to request limited corrective relief. Defendants responded that they did receive Plaintiff's materials, but contend they were received after business hours and after 7:00 p.m. on May 28, 2026. Defendants further stated that they take no position as to Plaintiff's request for leave to submit the highlighted chambers copies and to have them accepted, but oppose Plaintiff's requested waiver-clarification relief on the ground that such issues are for the Court to decide. Ex. 2 at 1–3. Gmail - RE_ Conferral.pdf (pp. 1-3)

This motion is narrow. Plaintiff does not seek to file new deposition designations, expand the designations already filed on the docket, or alter the parties' substantive positions regarding admissibility. Plaintiff seeks only to submit the yellow-highlighted chambers copies corresponding to Plaintiff's already-filed deposition designations because Defendants

submitted the chambers packet without Plaintiff's highlighted transcript copies. Without corrective relief, chambers will not have a complete highlighted set corresponding to the designations already on file.

Plaintiff filed her deposition-designation tables on May 28, 2026. Doc. 315. Plaintiff also provided Defendants access to Dropbox materials and later expressly advised Defendants that the highlighted deposition transcripts were contained in the Dropbox. Ex. 1 at 1–4. On June 11, 2026, Defendants responded that they did not submit Plaintiff's highlighted portion and that Plaintiff would need to submit it directly to the Court. Ex. 1 at 7–9. Plaintiff therefore seeks leave to make that corrective submission and asks the Court to clarify that doing so will not create waiver or other prejudice. Exhibit 1.pdf (pp. 1-4, 7-9)

**I. RELEVANT BACKGROUND**

1. Plaintiff understands Doc. 256 to require counsel to coordinate submission of one physical copy of each designated deposition to chambers, with the parties' respective designated portions highlighted for the Court's review.
2. Plaintiff filed her deposition-designation tables on the docket on May 28, 2026. Doc. 315. The yellow-highlighted transcript copies at issue here are chambers courtesy copies corresponding to those already-filed designations. They are not new designations and do not expand Plaintiff's filed designations.
3. On May 26, 2026, Plaintiff provided a Dropbox link containing proposed pretrial materials and advised that additional trial-preparation materials, including deposition designations, witness and exhibit matters, and related items, were continuing to be finalized. Ex. 1 at 1. On June 5, 2026, Plaintiff further advised Defendants that the highlighted deposition transcripts were also contained in the Dropbox. Ex. 1 at 4. Exhibit 1.pdf (pp. 1, 4)

4. Defendants' office requested access to the Dropbox materials. On May 27, 2026, Kimberly Kraft emailed that no one in Defendants' office had access to the link and asked Plaintiff to approve the request. Ex. 1 at 2. Exhibit 1.pdf (pp. 2)
5. The Dropbox records attached as Exhibit 1 reflect defense-side access to shared folders. Ex. 1 at 3. Exhibit 1.pdf (pp. 3)
6. On June 10, 2026, Plaintiff asked Defendants to confirm whether Defendants had submitted the joint physical chambers copy of the deposition transcripts with the parties' designations and counter-designations highlighted. On June 11, 2026, Defendants responded that they "did not receive Plaintiff's portion of the highlighted deposition designations until well after close of business on the day they were due," that Defendants were "unable to submit" Plaintiff's portion, and that Plaintiff would "need to submit to the Court." Ex. 1 at 7–9. Exhibit 1.pdf (pp. 7-9)
7. Later that same day, during conferral regarding the present motion, Defendants clarified that they did receive Plaintiff's materials, but contend they received them after business hours and after 7:00 p.m. on May 28, 2026. Defendants further stated that they take no position as to Plaintiff's request for leave to submit the highlighted chambers copies and to have them accepted, but oppose Plaintiff's requested waiver-clarification relief on the ground that those are legal determinations for the Court. Ex. 2 at 1–3. Gmail - RE_ Conferral.pdf (pp. 1-3)
8. Plaintiff disputes that Defendants' asserted internal close-of-business cutoff justified omitting Plaintiff's yellow-highlighted chambers copies from the submission. Doc. 256 set the governing deadline, and Plaintiff has not located any 4:30 p.m. cutoff in that Order.

9. Defendants' own pretrial conduct also undercuts their position that after-hours transmission was unacceptable. On June 4, 2026, Defendants submitted proposed pretrial materials to Judge Wormuth's proposed-text inbox at 8:13 p.m. Ex. 1 at 5–6. Exhibit 1.pdf (pp. 5-6)
10. Plaintiff also expressly advised Defendants that the highlighted deposition transcripts were contained in the Dropbox. Ex. 1 at 4. Exhibit 1.pdf (pp. 4)
11. Plaintiff therefore seeks leave to submit Plaintiff's yellow-highlighted chambers copies corresponding to Plaintiff's already-filed deposition designations directly to chambers and requests limited corrective relief so Plaintiff is not prejudiced by Defendants' incomplete chambers submission.

## II. ARGUMENT

### A. Leave should be granted so chambers has a complete highlighted deposition set.

The Court should grant leave for Plaintiff to submit Plaintiff's yellow-highlighted chambers copies corresponding to Plaintiff's already-filed deposition designations. Defendants have confirmed that the chambers materials they submitted did not include Plaintiff's highlighted deposition materials. Ex. 1 at 7–9. Without corrective action, chambers will have a one-sided highlighted deposition submission that does not include Plaintiff's yellow-highlighted portions. Exhibit 1.pdf (pp. 7-9)

Plaintiff's requested relief is narrow. Plaintiff does not seek to file new deposition designations. Plaintiff does not seek to expand the designations already filed on the docket. Plaintiff seeks only to ensure that the Court has the yellow-highlighted chambers copies corresponding to Plaintiff's already-filed deposition designations.

### B. Limited corrective relief is necessary to prevent prejudice and avoid any claim of waiver arising from Defendants' incomplete submission.

Defendants should not be permitted to benefit from an incomplete chambers submission. Plaintiff filed her deposition-designation tables on the docket on May 28, 2026, Doc. 315, and provided Dropbox materials that included the highlighted transcript set. Ex. 1 at 1–4. Defendants' office requested access to those materials. Ex. 1 at 2–3. Defendants nevertheless submitted deposition materials without Plaintiff's yellow-highlighted chambers copies and then stated that Plaintiff would need to submit her portion separately. Ex. 1 at 7–9. During conferral, Defendants further confirmed that they did receive Plaintiff's materials, but contend they received them after business hours and after 7:00 p.m. on May 28, 2026. Ex. 2 at 1–3. Exhibit 1.pdf (pp. 1-4, 7-9) Gmail - RE_ Conferral.pdf (pp. 1-3)

The issue is not whether Plaintiff filed deposition designations. Plaintiff did. The issue is whether the chambers courtesy copy should be complete. It should. Defendants' incomplete submission should not create prejudice, waiver, or confusion concerning Plaintiff's already-filed designations.

Corrective relief is warranted under the Court's pretrial authority, Fed. R. Civ. P. 16, and the Court's inherent authority to manage its proceedings and ensure compliance with pretrial orders. Plaintiff does not ask the Court to decide every dispute about deposition-designation admissibility in this motion. Plaintiff requests only the relief necessary to ensure that chambers has the highlighted copies it should have had and that Defendants cannot later argue that Plaintiff failed to provide, preserve, or submit the highlighted copies corresponding to Plaintiff's already-filed designations.

**III. RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

1. grant Plaintiff leave to submit Plaintiff's yellow-highlighted chambers copies corresponding to Plaintiff's already-filed deposition designations;

2. deem those chambers copies accepted for purposes of the Court's pretrial and trial review;

3. clarify that Plaintiff's separate corrective chambers submission shall not, by itself, constitute waiver of Plaintiff's already-filed deposition designations, counter-designations, or objections;

4. prohibit Defendants from arguing that Plaintiff failed to provide the highlighted chambers-copy materials where Defendants' office requested access to the Dropbox materials and Defendants later acknowledged that Plaintiff would need to submit her portion separately, Ex. 1 at 2–3, 7–9; Ex. 2 at 1–3; and

5. grant any other corrective relief the Court deems appropriate.

**CONCLUSION**

Plaintiff's deposition designations were filed on the docket. Doc. 315. This motion concerns only the yellow-highlighted chambers copies corresponding to those already-filed designations. Because Defendants submitted an incomplete chambers packet without Plaintiff's yellow-highlighted portions, Plaintiff respectfully requests leave to submit those highlighted chambers copies and limited corrective relief preventing prejudice from Defendants' incomplete chambers submission.

Respectfully submitted,

/s/ Boglarka A. Foghi, Esq.

Boglarka A. Foghi
FOGHI LAW FIRM, LLC
4313 Corrales Rd., P.O. Box 944
Corrales, NM 87048
(505) 220-5691
foghilaw@yahoo.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of June, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka Foghi*
Boglarka Foghi