# RE: Conferral

1 message

**Natasha Wesenberg** <nwesenberg@wwwlaw.us> Thu, Jun 11, 2026 at 5:24 PM

To: Boglarka Foghi <foghilaw@yahoo.com>, Audrey Griego <agriego@wwwlaw.us>, Carol Cochran <ccochran@wwwlaw.us>, Karen Kilgore <kkilgore@cmc.law>, Kimberly Kraft <kkraft@wwwlaw.us>, Patti Williams <pwilliams@wwwlaw.us>, Tatia Lipe <tatialipe@gmail.com>

Ms. Foghi,

As my email indicated, we did receive the materials, but we received them well after business hours. It is not our practice to keep our staff essentially on-call awaiting documentation/production from Plaintiff's counsel, on the final day its due, risking missing the deadline for our own ready submissions. I will tell you, though, that we explicitly made clear to the Court in our cover letter that this was *not a joint* submission, as we had not received Plaintiff's by 4:30p.m. on May 28, 2026. Again, we received the deposition designations, uploaded to the dropbox link after 7:00p.m. on the day they were due.

We take no position as to requested relief 1 & 2.

We cannot agree to item 3: "clarification that Plaintiff did not waive any deposition designations, counter-designations, objections, evidentiary positions, or rights under Doc. 256, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence. We cannot make those legal determinations." Those are issues exclusively for the Court to decide. It is also wholly unclear to me as to what you mean by "evidentiary positions or rights", or "the Federal Rules of Civil Procedure or the Federal Rules of Evidence" and how that applies to the late submission of documents. We will oppose the third request for relief.

*Natasha Martinez-Wesenberg*

*Wiggins, Williams & Wesenberg*

*A Professional Corporation*

*1803 Rio Grande NW (87104)*

*P. O. Box 1308*

*Albuquerque, NM 87103-1308*

*Phone: (505) 764-8400*

*Fax: (505) 764-8585*

*Email: nwesenberg@wwwlaw.us*

CONFIDENTIALITY NOTICE: This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material that is protected by the attorney-client privilege. If you are not the intended recipient or the person responsible or delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail or by telephone at (505) 764-8400 and delete the e-mail on your computer.

---

**From:** Boglarka Foghi <foghilaw@yahoo.com>
**Sent:** Thursday, June 11, 2026 4:03 PM
**To:** Natasha Wesenberg <nwesenberg@wwwlaw.us>; Audrey Griego <agriego@wwwlaw.us>; Carol Cochran <ccochran@wwwlaw.us>; Karen Kilgore <kkilgore@cmc.law>; Kimberly Kraft <kkraft@wwwlaw.us>; Patti Williams <pwilliams@wwwlaw.us>; Tatia Lipe <tatialipe@gmail.com>
**Subject:** Conferral

Counsel,

We are writing to confer regarding Defendants' chambers submission of highlighted deposition designations.

Defendants advised this morning that Defendants submitted deposition materials without Plaintiff's highlighted deposition designations and that Plaintiff "will need to submit" Plaintiff's portion to the Court. Plaintiff disputes any suggestion that Defendants lacked access to Plaintiff's materials. Plaintiff provided the deposition-designation materials through Dropbox on May 28, 2026, and Dropbox records show that Defendants' office requested access to the shared folder titled "Deposition Designations." Access was provided.

Plaintiff intends to submit Plaintiff's yellow-highlighted deposition designations directly to Judge Wormuth's chambers, copying all counsel, so that the Court has a complete

chambers set and is not left with a one-sided submission. Plaintiff also intends to file a notice and, to the extent required, a motion for leave/corrective relief explaining why Plaintiff is separately submitting her highlighted designations.

The relief Plaintiff intends to seek includes:

1. leave to submit Plaintiff's yellow-highlighted deposition designations directly to chambers;
2. an order deeming Plaintiff's submission timely and accepted;
3. clarification that Plaintiff did not waive any deposition designations, counter-designations, objections, evidentiary positions, or rights under Doc. 256, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence

Please advise whether Defendants oppose, do not oppose, or take no position on Plaintiff's motion/notice and direct chambers submission.

Boglarka Foghi, JD, MBA

Foghi Law Firm, LLC

www.Familyandcriminallawfirm.com

www.Scottsdaleduiatty.com

CEO/Founder of Envie Skin

envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar