IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

Defendants.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S RENEWED APPLICATION FOR ATTORNEY'S FEES AND EXPENSES PURSUANT TO DOC. 291 (DOC. 275)**

Defendant Albuquerque Public Schools ("APS") hereby responds to Plaintiff's Renewed Application for Attorney's Fees and Expenses Pursuant to Doc. 291 ("Application"). [Doc. 322]. For the following reasons, this Court should decrease Plaintiff's counsel's requested fees from $25,458.16 to $16,238.99.

## I. LEGAL STANDARD

To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount" of a fee, which is the product of the number of attorney hours reasonably expended and a reasonable hourly rate. *Fallen*, 247 F.Supp.3d at 1189. "The rates are deemed reasonable when they reflect what lawyers with reasonably comparable skill, experience and reputation in the community, practicing in the area in which the litigation occurs, would charge for their time." *Pruess v. Presbyterian Health Plan, Inc.*, No. 19-629 DHU/JFR, 2022 WL 796370, at *8 (D.N.M. Mar. 16, 2022). Claimants bear the burden of establishing the above factors, usually by providing a court with their own affidavits and timekeeping records, as well as affidavits of local attorneys who practice in the same field. *Id.* at * 9.

"Plaintiffs' burden in an application for attorneys [*sic*] fees is to prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). In determining whether a request is reasonable, the factors for a court to consider are: (1) whether the tasks being billed would normally be billed to a paying client; (2) the number of hours spent on each task; (3) the complexity of the case; (4) the number of reasonable strategies pursued; (5) the responses necessitated by the maneuvering of the other side; and (6) potential duplication of services by multiple lawyers. *Robinson*, 160 F.3d at 1281. To meet that burden, lawyers are required to keep meticulous time records that "reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The object of this inquiry is to "simulate the market where a direct market is infeasible." *Robinson*, 160 F.3d at 1281 (quoting *Steinlauf v. Continental Illinois Corp.*, 962 F.2d 566, 572 (7th Cir. 1992)) (cleaned up). "Once the district court has adequate time records before it, it must then ensure that the winning attorneys have exercised billing judgment." *Pruess*, 2022 WL 796370, at *8.

## II. POINTS AND AUTHORITIES

Much of the Application is either unsupported or argued without the requisite specificity, and the Application must be denied on those grounds. Additionally, Plaintiff's counsel has not exercised adequate billing judgment, and the legal claims in the Third Motion to Compel were not complex, such that an award of $25,458.16 is not justified.

### A. Plaintiff's counsel has not demonstrated that her requested hourly fee is reasonable.

In *Pruess*, this Court considered whether the plaintiffs' attorney's requested rates for wage and hour work performed in the Albuquerque community were reasonable, and it held that they

were not. *Pruess*, 2022 WL 796370, at *10. There, the plaintiff's attorneys submitted declarations setting forth their respective experience and current hourly rates. *Id.* at *9. Specifically, although the plaintiffs submitted declarations with information concerning their experience and cited cases in which their requested rates were approved, they did not submit affidavits or other evidence to show that the requested rates were reasonable in Albuquerque, specifically. *Id.*

Here, Plaintiff's counsel submitted only her own declaration with the Application. *See* [Doc. 322-1, p. 2]. The declaration simply states that Plaintiff's counsel's "hourly rate . . . is consistent with, or below, rates customarily charged in the Albuquerque and Santa Fe legal market for comparable federal litigation services." *Id.* Plaintiff's counsel did not provide in the Application or the declaration any supporting evidence for this claim, whether in the form of additional declarations, case law or a statement that she has seen similar hourly rates for similar quality of work. This is too vague to support a finding that the rates she charged are reflective of the market rate in Albuquerque for federal Americans with Disabilities Act ("ADA") cases. Thus, other than Plaintiff's counsel's own, self-serving opinion that her hourly rate is in-line with the market writ large, there is no evidence to support such a finding. This cannot, and does not, support Plaintiff's counsel's requested rate because it does not "reflect what lawyers with reasonably comparable skill, experience and reputation in the community, practicing in the area in which the litigation occurs, would charge for their time." *Id.*, ¶ 15; *Pruess*, 2022 WL 796370, at *8.

It is the requesting party's burden to prove the reasonableness of the requested hourly rate, and Plaintiff's counsel has failed to provide any evidence that may tend to do so. *Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). As such, Plaintiff's counsel's requested rate must be rejected and a reasonable rate imposed.

**B. The time records submitted with the Application do not display billing judgment and the issues were not complex.**

In the time records submitted with the Application, Plaintiff's counsel claims 4 hours for "Conferenc[ing]" with her client regarding discovery deficiencies. [Doc. 322-1, Exhibit A thereto, p. 1.]. Such extensive conferencing time is not reasonable, and the requested time should be reduced by 2 hours.[1]

Additionally, on November 7, 2025, Plaintiff's counsel billed 2.5 hours for "Finaliz[ing] deficiency analysis of APS supplemental discovery responses." *Id.* It is unclear what Plaintiff's counsel means by a "deficiency analysis," and how that might be distinct from the other 9.5 hours billed on between November 3 and November 6, 2025. *Id.* Thus, this claimed time should be stricken, and the requested hours reduced by 2.5.

Moreover, "attempting to charge an adversary with time spent conducting background research is presumptively unreasonable." *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F. 3d 1243, 1253 (10th Cir. 1998). Such tasks should not be billed to the client. *Id.* Thus, the hours billed on November 6, 2025, for "Research Rule 37 discovery obligations . . ." should also be stricken, and the hours reduced by 1.5.

Finally, billing 67.6 hours for a routine, and fairly simple, discovery dispute is not reasonable. "Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable." *Case*, 157 F.3d at 1250. It is unlikely that Plaintiff's counsel would bill her client $23,660.00 for a routine discovery dispute. Thus, APS requests that this Court apply an additional thirty (30) percent

[1] It may be worth noting that Plaintiff also works with and for her counsel. Thus, it is unclear whether the time spent conferencing with Plaintiff was with her in her role as Plaintiff or as her counsel's employee, contractor or co-worker.

across-the-board reduction to the now-adjusted total of $21,560. Taken together, the requested reductions result in a total of $15,092.00.

## III. CONCLUSION

For the foregoing reasons, APS respectfully requests that this Court reject Plaintiff's Application and reduce the requested fees to $16,238.99, which reflects the above-proposed reduction and includes gross receipts tax at a rate of 7.6 percent.

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically Filed*

By: */s/Natasha A. Martinez-Wesenberg*
Natasha A. Martinez-Wesenberg
Carol M. Cochran
Patricia G. Williams
*Attorneys for APS*
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
nwesenberg@wwwlaw.us
ccochran@wwwlaw.us
pwilliams@wwwlaw.us

We hereby certify that on this 12th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

WIGGINS, WILLIAMS & WESENBERG, P.C.

By */s/ Natasha A. Martinez-Wesenberg*
Natasha A. Martinez-Wesenberg