**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**TATIA LIPE,**

Plaintiff,

vs. Cause No. 1:23-cv-899 GBW/JMR

**ALBUQUERQUE PUBLIC SCHOOLS,**

Defendant.

**PLAINTIFF'S RESPONSE TO APS'S OBJECTIONS TO PLAINTIFF'S CORRECTED AND AMENDED FINAL WITNESS LIST AS TO MS. GERRY RICHARDSON**

Plaintiff responds to APS's Objections to Plaintiff's Corrected and Amended Final Witness List, Doc. 368. APS objects to Gerry Richardson because APS wants to keep making nonproduction, defective-production, audio-link, undisclosed-evidence, and trial-by-ambush accusations without allowing Plaintiff to call the witness who has personal knowledge to rebut those accusations. That objection should be denied.

APS's objection rests on a false premise. Ms. Richardson is not listed as a merits witness to prove Plaintiff's ADA or NMWPA elements. She is listed as a limited rebuttal and foundation witness because APS has repeatedly placed Plaintiff's production history at issue. APS cannot put the production history at issue and then pretend the witness with personal knowledge of that production history is irrelevant.

Ms. Richardson worked for Plaintiff's counsel, Boglarka Foghi, as her paralegal since 2013. She was counsel's longtime paralegal until her retirement in August 2025. During the relevant production period, Ms. Richardson therefore has direct personal knowledge concerning counsel's production practices and the specific production history APS now attacks, including production

logs, Bates-labeled materials, Google Drive and email transmissions, embedded audio-link documents, releases, certificates of service, and materials transmitted or made available to APS.

APS says Ms. Richardson "first surfaced" less than two weeks ago. That argument is backwards. The relevant late arrival is not Ms. Richardson. The relevant late arrival is APS's new exclusion strategy and the additional defense counsel now advancing it.

Ms. Richardson did not appear because Plaintiff invented a new merits witness. She became necessary because APS, through late-stage filings, chose to attack Plaintiff's production history and accuse Plaintiff of nonproduction, defective production, undisclosed evidence, defective audio-link production, and trial by ambush. Those accusations placed production history directly at issue.

APS's objection reflects an incomplete understanding of the record and the litigation history. Ms. Richardson's role is not new to the production history; APS's attempt to make production history a trial-exclusion issue is what made her testimony necessary. APS cannot add late-stage counsel, launch accusations about productions handled before that counsel entered the case, and then claim surprise when Plaintiff identifies the witness with personal knowledge of what was transmitted, served, linked, logged, and made available.

APS also claims Ms. Richardson has no personal knowledge relevant to the claims or defenses. Again, APS frames the issue incorrectly. Ms. Richardson is not being offered to testify about the underlying ADA accommodation meeting, the PED complaint, the NMWPA elements, or Plaintiff's damages. She is offered only if APS disputes receipt, transmission, disclosure, availability, or production of materials Plaintiff contends were produced or made available. That is rebuttal and foundation testimony. If APS opens the door by claiming materials were not

produced, were not received, were not available, were defective, or constitute trial by ambush, Ms. Richardson has relevant personal knowledge to rebut that claim.

APS further argues that Ms. Richardson's affidavit concerns production methods, materials transmitted, and whether records, exhibits, audio links, and releases were provided or made available to opposing counsel. Exactly. Those are the very issues APS has placed before the Court through its exclusion motions and trial-by-ambush accusations. APS cannot characterize the production history as important enough to exclude Plaintiff's evidence, but irrelevant when Plaintiff identifies the witness who can rebut APS's accusation.

APS created the issue. APS has accused Plaintiff of nonproduction, nondisclosure, defective production, defective audio-link transmission, and trial by ambush. Those accusations make the production history relevant. If APS does not intend to argue nonproduction, nondisclosure, defective production, defective audio-link production, or trial by ambush, Plaintiff may not need Ms. Richardson. But if APS intends to keep making those accusations, Plaintiff is entitled to rebut them with the witness who actually knows what was transmitted, made available, logged, linked, and served.

APS's objection follows the same pattern that runs through its pretrial filings: APS reframes Plaintiff's evidence into something Plaintiff is not offering, attacks that distorted version, and then asks the Court to exclude the actual evidence Plaintiff needs to rebut APS's own accusations. That is what APS does here. APS reframes Ms. Richardson as a late-added merits witness, when she is actually a rebuttal/foundation witness made necessary by APS's own production-history accusations.

APS also repeatedly misidentifies Ms. Richardson as "Mr. Richardson." That error is not a merits issue, but it underscores the lack of care in APS's objection. APS objects to a witness it

does not accurately identify while asking the Court to accept APS's characterization of her role and knowledge.

Plaintiff will withdraw Ms. Richardson only if APS stipulates that it received the disputed productions, exhibits, audio-link materials, releases, and related transmissions identified in Ms. Richardson's affidavit, and further agrees not to argue nonproduction, nondisclosure, defective production, defective audio-link production, or trial by ambush as to those materials. If APS will not make that stipulation, APS has no legitimate basis to exclude her.

APS is not entitled to both sides of this issue. It cannot accuse Plaintiff of withholding, ambushing, or failing to produce materials, and then block Plaintiff from calling the former paralegal with personal knowledge of the production record. APS created the relevance. The Federal Rules do not permit APS to manufacture a production-history dispute and then block the witness identified to rebut it.

For these reasons, Plaintiff requests that the Court deny APS's objection to Gerry Richardson, with Ms. Richardson permitted as a limited rebuttal and foundation witness if APS opens the door by disputing receipt, transmission, disclosure, availability, or production of Plaintiff's materials.

Respectfully submitted,

*Boglarka Foghi, Esq.*

Boglarka Foghi
Attorney for Plaintiff
FOGHI LAW FIRM, LLC.
P.O. Box 944
Corrales, NM 87048
(505) 220-6591
foghilaw@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2026, the foregoing was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka Foghi*
Boglarka Foghi