# EXHIBIT A
# CONFERRAL EMAIL

**Source:**

Email conferral concerning Plaintiff's Motion for Reconsideration or Clarification of Doc. 363.

**Purpose:**

Included to show compliance with D.N.M.LR-Civ. 7.1(a) and that APS opposes the requested relief.

Lipe v. Albuquerque Public Schools, et al.
No. 1:23-cv-00899-GBW-JMR

 Gmail

**Tatia Lipe <tatialipe@gmail.com>**

# RE: Conferral re Motion for Reconsideration or Clarification of Doc. 363

1 message

**Carol Cochran** <ccochran@wwwlaw.us>                Fri, Jun 12, 2026 at 8:59 AM
To: Boglarka Foghi <Foghilaw@yahoo.com>, Natasha Wesenberg
<nwesenberg@wwwlaw.us>, Audrey Griego <agriego@wwwlaw.us>, Karen Kilgore
<kkilgore@cmc.law>, Kimberly Kraft <kkraft@wwwlaw.us>, Patti Williams
<pwilliams@wwwlaw.us>, Tatia Lipe <tatialipe@gmail.com>

We oppose.


Carol


Carol Mayo Cochran, CPA, MBA

Attorney at Law

Wiggins, Williams & Wesenberg

A Professional Corporation

1803 Rio Grande NW (87104)

P. O. Box 1308

Albuquerque, NM 87103-1308

Phone: (505) 764-8400

Fax: (505) 764-8585

Email: ccochran@wwwlaw.us


CONFIDENTIALITY NOTICE: This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain

material that is protected by the attorney-client privilege. If you are not the intended recipient or the person responsible or delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail or by telephone at (505) 764-8400 and delete the e-mail on your computer.

---

**From:** Boglarka Foghi <Foghilaw@yahoo.com>
**Sent:** Friday, June 12, 2026 8:47 AM
**To:** Natasha Wesenberg <nwesenberg@wwwlaw.us>; Audrey Griego <agriego@wwwlaw.us>; Carol Cochran <ccochran@wwwlaw.us>; Karen Kilgore <kkilgore@cmc.law>; Kimberly Kraft <kkraft@wwwlaw.us>; Patti Williams <pwilliams@wwwlaw.us>; Tatia Lipe <tatialipe@gmail.com>
**Subject:** Conferral re Motion for Reconsideration or Clarification of Doc. 363

Good morning,

Plaintiff intends to file a motion for reconsideration or, in the alternative, clarification of Doc. 363.

The motion will seek reconsideration of the ruling granting APS partial summary judgment on Count IV or, at minimum, clarification regarding the scope and effect of that ruling.

Please advise whether APS opposes.

Sincerely,

Boglarka Foghi, JD, MBA

Foghi Law Firm, LLC

www.Familyandcriminallawfirm.com

www.Scottsdaleduiatty.com

CEO/Founder of Envie Skin

envieskin.com

Tel: 505-220-5691
Fax: 505-213-0122
Licensed : Arizona, New Mexico and Pennsylvania Bar

# EXHIBIT B
# BARRERAS/OEO REFERRAL EMAIL

**Source:**

Email chain involving MG Barreras, Plaintiff, and OEO regarding Plaintiff's internal request for guidance.

**Purpose:**

Included to show Plaintiff was seeking internal relief through APS's actual channels and was routed back to OEO for guidance.

Lipe v. Albuquerque Public Schools, et al.
No. 1:23-cv-00899-GBW-JMR

 Albuquerque Public Schools

**Tatia Harris Lipe <tatia.harris-lipe@aps.edu>**

# [External Sender] Re: Contact OEO
6 messages

**MG Barreras** <mbarreras59@gmail.com>                               Fri, Nov 4, 2022 at 1:04 PM
To: Tatia Harris Lipe <tatia.harris-lipe@aps.edu>, Jennifer Oconnell <jennifer.oconnell@aps.edu>

I'm am forwarding your information to Jennifer with OEO since you feel it is now becoming unbearable to do your job.  Jennifer may have suggestions on what you can do from here

On Fri, Nov 4, 2022, 7:12 AM Tatia Harris Lipe <tatia.harris-lipe@aps.edu> wrote:

---------- Forwarded message ---------
From: **Tatia Harris Lipe** <tatia.harris-lipe@aps.edu>
Date: Thu, Nov 3, 2022 at 10:43 AM
Subject: Re: Concerns
To: Jessie Macfarland <macfarland@aps.edu>
CC: Jerry Thorn <jerry@atfunion.org>, Bernadette Lucero <turner_b@aps.edu>, Melissa Sedillo <sedillo_mel@aps.edu>, Justin Griego <justin.griego@aps.edu>, Stephanie Avila <stephanie.avila@aps.edu>

Again, your attempt to gaslight by stating there was confusion in our interaction is further offensive.   Since when are social workers not allowed to collaborate with another colleague? Especially when I have been working with these students for years and these are assigned to me. As you know, there are issues and conversations we have with our students and families that are not written into our maxcapture notes.   Both you and Stephanie Avila are only "filling in" to help with my assigned students and there are conversations that others are not privy to which can assist whomever is "filling-in" to better understand my students needs. This is unheard of, in fact we (social workers) have been provided the opportunity in our monthly PD to collaborate with our fellow social workers on students that are transitioning, why would this be any different?

It is true that there was a student present; however, I was not asking to talk about one specific student.  I was approaching you both to collaborate on a time when we could get together to staff the cases.  I mentioned no names at all and was shunned, Stephanie said nothing at all.  As a union rep, Stephanie of all people should know that this is not the manner in which we as social workers do our jobs or support one another as colleagues or in working with our students.

On Thu, Nov 3, 2022 at 10:15 AM Jessie Macfarland <macfarland@aps.edu> wrote:
> That was not my intended message, so I apologize for the confusion.  We were with a student, which is also why it was not the appropriate timing to discuss other students at that time.
>
> Thanks.
>
> Jessie

On Thu, Nov 3, 2022 at 10:04 AM Tatia Harris Lipe <tatia.harris-lipe@aps.edu> wrote:
There was no confusion.  You told me directly that you two cannot collaborate with me.  That you were told that everything is to go through Mr. Griego.  I specifically asked if I then need to talk to Mr. Griego about my students and not with you two, you told me that was correct and you shut the door.

On Thu, Nov 3, 2022 at 9:55 AM Jessie Macfarland <macfarland@aps.edu> wrote:
Good morning~

What was conferred was that Justin, Tatia, and Stephanie would meet to go over coverage and staff the cases that Stephanie will cover for the remainder of the semester.  I've included Stephanie Avila in this email so hopefully Justin, Stephanie, and Tatia can find a time either today or tomorrow to discuss the caseload.

In general, school social workers use MaxCapture documentation for student updates as well if the other social worker is unavailable.

I'm sorry there was confusion but trust we can move forward with a plan.

Thank you.

Jessie

Jessie

On Thu, Nov 3, 2022 at 9:38 AM Tatia Harris Lipe <tatia.harris-lipe@aps.edu> wrote:
Good morning,

I wanted to notify you that I am still being subjected to a hostile work environment and being alienated.  This morning I was informed that a social worker Stephanie Avila will be helping with my students during the time I am out on FMLA intermittent leave.  As a result, I attempted to go speak with her to discuss some of my students as I have been working with them for years and was shunned, and my communication attempts were thwarted, I was told they could not talk to me.  I was informed by Jessie McFarland that I am not allowed to collaborate with other Social Workers that are filling in and working with my assigned students.  She stated that everything is to go through Justin Griego.

--
*Kindest Regards,*

*Tatia Lipe, LCSW, ACCTS*
*Licensed Clinical & School Social Worker*
*Advanced Certified Clinical Trauma Specialist*
*Volcano Vista High School*
**8100 Rainbow Blvd NW**
**Albuquerque, NM 87114**

*authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail and it's attachments, if any, or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by return e-mail and delete this e-mail from your system.*

--

*Kindest Regards,*

*Tatia Lipe, LCSW, ACCTS*
*Licensed Clinical & School Social Worker*
*Advanced Certified Clinical Trauma Specialist*
*Volcano Vista High School*
**8100 Rainbow Blvd NW**
**Albuquerque, NM 87114**
*Google Voice # (505) 278-0428*
*Office (505) 890-0343 x 37371*
*Room # H-122*
*Tatia.Harris-Lipe@aps.edu*



**"If you have 800 students in Tier 2, you don't have an intervention problem.  You have a Tier 1 problem"**
**~Mike Mattos**

*The information in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail and it's attachments, if any, or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by return e-mail and delete this e-mail from your system.*

--

Tatia Lipe, LCSW, ACCTS
Licensed Clinical Social Worker
Advanced Certified Clinical Trauma Specialist
Volcano Vista High School

---

**Tatia Harris Lipe** <tatia.harris-lipe@aps.edu>                    Fri, Nov 4, 2022 at 1:47 PM
To: MG Barreras <mbarreras59@gmail.com>

I believe I spoke with Jennifer yesterday and she said she would get back to me but I have not heard back yet.  Do you have any idea how long before your report is completed?

[Quoted text hidden]

---

**Tatia Harris Lipe** <tatia.harris-lipe@aps.edu>                    Fri, Nov 4, 2022 at 2:02 PM
To: MG Barreras <mbarreras59@gmail.com>
Cc: Jennifer Oconnell <jennifer.oconnell@aps.edu>

The stress of yesterday's events exasperated my medical condition and triggered a
horrendous migraine making me very sick last night and unable to sleep.  I had to use FMLA
intermittent leave today.

On Fri, Nov 4, 2022 at 2:05 PM MG Barreras <mbarreras59@gmail.com> wrote:
[Quoted text hidden]
[Quoted text hidden]

---

**MG Barreras** <mbarreras59@gmail.com>                    Fri, Nov 4, 2022 at 2:10 PM
To: Tatia Harris Lipe <tatia.harris-lipe@aps.edu>

It's going to be a while with all of the documents, recordings, plus witnesses and targets to get
through.
[Quoted text hidden]

---

**Tatia Harris Lipe** <tatia.harris-lipe@aps.edu>                    Sun, Nov 6, 2022 at 7:38 AM
To: MG Barreras <mbarreras59@gmail.com>

As far as witnesses can we just focus on Rosita Moya-Herrera first and foremost?

I know I threw a lot of information at you and I'm ok with not interviewing all the witness names I
provided to you if it's going to draw things out even further because I really need some resolution at
work because things are not getting any better.  I suffered 2 migraines last week alone.
[Quoted text hidden]

---

**MG Barreras** <mbarreras59@gmail.com>                    Mon, Nov 7, 2022 at 10:42 AM
To: Tatia Harris Lipe <tatia.harris-lipe@aps.edu>

I'm very sorry. I hope you feel better.  It's best to be thorough
[Quoted text hidden]

**EXHIBIT C - ARTICLE 25**

**Conflict Resolution**

2022-2023 ATF Negotiated Agreement                                                                    Source page 92

Lipe v. Albuquerque Public Schools, et al. | No. 1:23-cv-00899-GBW-JMR

## *Article 25, CONFLICT RESOLUTION*

A.  The District and the Federation recognize that there are workplace issues that may not constitute a violation of the Negotiated Agreement and therefore do not fit into a "grievable" or actionable category under Article 25 herein. The District and the Federation believe that such workplace issues are best addressed by an interest-based process, such as mediation or direct negotiation that utilizes problem-solving techniques to address the perceived needs of the complainant or other parties. To that end, the parties have established an interest-based program for resolving such disputes.
*Refer to Appendix I—Conflict Resolution Procedure on page 110.*

Exhibit C - Page 1 of 6

**EXHIBIT C - ARTICLE 26**

**Grievance Procedures**

2022-2023 ATF Negotiated Agreement                                                          Source page 92

Lipe v. Albuquerque Public Schools, et al. | No. 1:23-cv-00899-GBW-JMR

## *Article 26, GRIEVANCE PROCEDURES*

A.  The purpose of this procedure is to secure, at the lowest possible administrative level, equitable solutions to problems which may arise. All grievances shall be processed as provided herein.

B.  A grievance shall mean an allegation by an educator, a group of educators with the same grievance or the Federation that there has been a violation of any provision(s) of this Agreement.

   1.  The term "workday" when used in this Article shall mean working school days. During the summer months, "workday" shall be defined as Monday through Friday excluding Independence Day.

   2.  The "aggrieved party" shall mean an educator or a group of educators in the bargaining unit or the Federation.

C.  No grievance shall be initiated at Level One unless it has been discussed by the aggrieved party with the immediate supervisor prior to filing. No grievance shall be initiated at Level Two unless it has been discussed by the aggrieved party and/or the aggrieved party's Federation representative with the Office of Labor Relations.

D.  A grievance shall be filed at Level One if the remedy sought is within the authority of the principal. If it is a remedy on which the principal has no authority, it shall be filed at Level Two.

E.  The District and the Federation agree that these proceedings and all information relating to a grievance will be kept informal and confidential.

F.  Since it is important that grievances be processed as rapidly as possible, the number of days indicated at each level shall be maximums, and every effort shall be made to proceed as quickly as possible.

92

Exhibit C - Page 2 of 6

# EXHIBIT C - ARTICLE 26

## Grievance Procedures

2022-2023 ATF Negotiated Agreement                                                    Source page 93

Lipe v. Albuquerque Public Schools, et al. | No. 1:23-cv-00899-GBW-JMR

1. The time limits specified will be extended or shortened if mutually agreed to in writing by the parties to the grievance.
2. The aggrieved party must file a written grievance within fifteen (15) workdays of the act or discovery of the act that caused the grievance.
3. Failure to file the grievance within time limits specified shall result in the dismissal of the issues.
4. Failure to submit the decision in writing within fifteen (15) workdays will cause the grievance to proceed automatically to the next level.

G. If a grievance affects a group of educators at two (2) or more work locations, the Federation must file a written grievance within fifteen (15) workdays on behalf of the educators affected directly to the Office of Labor Relations. The Federation shall identify the educators and work locations and submit the names of educators where feasible.

H. All written and printed matter dealing with the processing of a grievance will be filed separately from the official personnel file of the participants in a file maintained by the Office of Labor Relations. No reprisal shall be taken by the Board or any member of the administration against any educator participating in the processing of a grievance.

I. The parties shall develop all forms to be used in grievance processing. All grievances and appeals of such must be filed on appropriate forms as provided by the Office of Labor Relations.

J. The District agrees to make available to the aggrieved party and representative all pertinent information, not privileged, in its possession or control which is relevant to the issues raised by the grievance.

K. Leave with pay will be granted to an educator whose absence from duty is required by the parties to the grievance as part of a grievance meeting. The Office of Labor Relations shall notify the principal(s) of the educator(s) designated to appear at such meeting.

L. Nothing contained herein shall limit the right of any educator to process a grievance as an individual.

M. The interpretation of conflict, as provided in Article l, B.2., shall be subject to the grievance process at Level Two.

N. Any grievance decision shall be provided to the Federation at the time of the decision.

O. Level One
   1. The aggrieved party shall submit the grievance in writing to the educator's immediate supervisor. The immediate supervisor shall, within fifteen (15) workdays after presentation of the grievance in writing by the aggrieved, submit to the aggrieved party the immediate supervisor's decision in writing.
   2. If the aggrieved party is not satisfied with the disposition of the grievance, the aggrieved party may appeal the decision to Level Two within fifteen (15) workdays of receipt of the decision by filing said appeal with the Office of Labor Relations.
   3. Failure to appeal the grievance within fifteen (15) workdays after receipt of the response shall result in dismissal of the grievance.
   4. In the event an educator believes it to be necessary to have a Federation representative present at a Level One grievance meeting, such request shall be made in advance and through the Office of Labor Relations. The request will be honored upon notification to the immediate supervisor.

P. Level Two
   1. The Superintendent or designee shall meet with the aggrieved party and/or representative of the Federation within fifteen (15) workdays after receipt of the appeal of the Level One decision by the Office of Labor Relations to resolve said grievance. Parties to the grievance or their representatives shall have the right to submit evidence, give testimony, and call witnesses.
   2. The Superintendent or designee shall, within fifteen (15) workdays after such meeting provided above, render the decision in writing setting forth the decision and reason(s) therefore and shall transmit same to all parties.

93

Exhibit C - Page 3 of 6

**EXHIBIT C - ARTICLE 26**

**Grievance Procedures**

2022-2023 ATF Negotiated Agreement                                                                     Source page 94

Lipe v. Albuquerque Public Schools, et al. | No. 1:23-cv-00899-GBW-JMR

---

3.   If the Federation and the aggrieved party are not satisfied with the disposition of the grievance, the aggrieved party may appeal the grievance to Level Three. Failure to appeal the grievance within fifteen (15) workdays after receipt of the response to Level Two shall result in dismissal of the grievance.

Q.   Level Three

1.   A grievance appealed to this level shall be heard by an Arbitrator for contractual disputes. Grievances based upon a proposed discharge or termination requiring a hearing before the School Board will be first heard by the members of the APS Labor Board, who will sit as "the Panel" described in the MOU Regarding the Appeal of Discharge and Termination Hearings. To the extent the Panel will not or cannot hold a hearing, APS and ATF will choose an arbitrator pursuant to Section 2 of this Article. This process does not preclude an employee from requesting a subsequent arbitration pursuant to the New Mexico State Personnel Act.

   a.   The Panel hearings, to the extent practicable, will be conducted pursuant to the rules governing appeal hearings for terminations and discharges as set forth in New Mexico Statutes Annotated (NMSA) § 22-10A-27 for discharges or NMSA § 22-10A-24 for terminations.

2.   The Arbitrator shall schedule the hearing as soon as possible following acceptance of the appointment. The parties agree to make available all pertinent non-privileged information in their possession or control which is relevant to the issues raised by the grievance.

3.   The Arbitrator may establish the rules of procedure and, at the Arbitrator's discretion, may require the parties or witnesses to testify under oath or, upon demand of either party, shall require the parties or witnesses to testify under oath.

4.   The Arbitrator's report shall be prepared and submitted in writing only to the District and aggrieved party, within thirty (30) calendar days after the first meeting, and shall set forth the findings of the fact, rationale, conclusions, and the determination on the issues submitted. The determination shall be consistent with law and with the terms of this Agreement.

5.   The Arbitrator shall have no power to alter, amend, add to, or subtract from the terms of this Agreement.

6.   The determination of the Arbitrator on matters set forth in this Agreement shall be final and binding.

7.   The determination of the Arbitrator shall be acted upon within thirty (30) calendar days.

8.   The cost for the service of the Arbitrator shall be shared equally by the District and the aggrieved party. Unless the aggrieved party is represented by the Federation, the District may require that the aggrieved party post their share of the expenses in advance of the hearing.

Exhibit C - Page 4 of 6

**EXHIBIT C - APPENDIX I**

**Conflict Resolution Procedure**

2022-2023 ATF Negotiated Agreement                                                          Source page 116

Lipe v. Albuquerque Public Schools, et al. | No. 1:23-cv-00899-GBW-JMR

---

## APPENDIX I – ATF/APS CONFLICT RESOLUTION PROCEDURE

*Refer to Article 25 of the Negotiated Agreement*

The following process is an available option that may be used when a conflict exists between a supervisor and employee which the two parties have not been able to resolve on their own and the issue:

1. does not rise to the level of a grievable matter, but does warrant resolution; or
2. is grievable, but the employee does not wish to begin resolution efforts through the formal grievance procedure. If the grievance procedure would normally be available, any applicable timelines involved in the formal grievance procedure would be frozen or held in abeyance until such time as one or both parties voluntarily withdraw from the conflict resolution procedure.

It is understood that the conflict resolution procedure is voluntary and that both parties would have to agree to enter into the process to seek a remedy in the manner outlined below.

Stage 1.  Face to face meeting between the parties occurs at a location offsite if requested by one or both parties. At this meeting, each party is given the opportunity to state the problem as they see it and respond to the other individual's issue and or perspective. At this point, the parties involved in the conflict may each ask for the assistance of a representative to assist in attempting to resolve the matter.

Either party or both parties may ask to have a third-party ombudsman (trained in conflict resolution strategies) accompany them at this time—not as an advocate—but as a facilitator, with the purpose being to find a resolution to the conflict. The ombudsman would be selected from a cadre of trained facilitators.

Process: Allow for adequate time to resolve the matter. This could be limited to a set number of days or end with a notice from one party to another that they want to move on to mediation.

> If resolution occurs—matter closed.
> If problem is not resolved, then both parties agree to move to the second stage.

Stage 2.  Mediation between the parties occurs with one or more trained mediators from EAP with the goal of reaching a resolution to the conflict.

116

Exhibit C - Page 5 of 6

**EXHIBIT C - APPENDIX I**

**Conflict Resolution Procedure**

2022-2023 ATF Negotiated Agreement                                     Source page 117

Lipe v. Albuquerque Public Schools, et al. | No. 1:23-cv-00899-GBW-JMR

Process: To activate the mediation process, indicate in writing on a form, developed for this purpose, that there is a dispute needing resolution through mediation. Submit copy of form to Employee Assistance Program to request the mediation process formally begin.

Protocol: Mediate in good faith

- This includes a requirement of confidentiality
- Open sharing of information
- Promptness and observation of timelines
- No steps are taken toward grievance or arbitration until the whole mediation process is completed.

If resolution is reached through mediation, a written agreement is signed by both parties with both parties agreeing to abide by the resolution. If no resolution is reached, a written statement to that effect is signed by both parties. Other avenues for resolution may be pursued if available.

Exhibit C - Page 6 of 6