IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

     Plaintiff,

vs.                                   Case No. 1:23-cv-00899 GBW/JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

     Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF RENEWED APPLICATION FOR ATTORNEY'S FEES AND EXPENSES AND REQUEST FOR ORDER FIXING AMOUNT AND DIRECTING PAYMENT**

Plaintiff Tatia Lipe, through undersigned counsel, files this Reply in support of Plaintiff's Renewed Application for Attorney's Fees and Expenses, **Doc. 322**, and in response to Defendant Albuquerque Public Schools' response/objections, **Doc. 372**. Plaintiff respectfully requests that the Court grant the renewed application, overrule APS's objections, fix the amount of the award, and direct APS to pay within fourteen days of the Court's order.

**I. RELEVANT PROCEDURAL POSTURE**

On December 12, 2025, the Court granted Plaintiff's Third Motion to Compel. **Doc. 175**. Plaintiff thereafter filed an affidavit of attorney's fees related to **Doc. 175** and the December 10, 2025 motion hearing. **Doc. 233**.

On May 22, 2026, the Court granted Plaintiff leave to re-file her application for attorney's fees and ordered Plaintiff to re-file the application within seven days. **Doc. 291**. The Court further ordered that APS's objections were due fourteen days after Plaintiff's application was filed. **Doc. 291**.

Plaintiff complied with the Court's Order by filing Plaintiff's Renewed Application for Attorney's Fees and Expenses on May 29, 2026. **Doc. 322**. APS filed its response/objections on June 12, 2026. **Doc. 372**.

APS does not and cannot relitigate the Court's order granting Plaintiff's Third Motion to Compel. APS instead seeks to reduce the requested award through objections to reasonableness. Those objections should be rejected.

## II. APS'S OBJECTIONS DO NOT JUSTIFY REDUCING PLAINTIFF'S FEE REQUEST

### A. Plaintiff's counsel's hourly rate is reasonable.

APS argues that Plaintiff's counsel failed to support her hourly rate because counsel submitted her own declaration and did not submit additional declarations from other local attorneys. **Doc. 372**. That objection overstates the issue and ignores the Court's ability to evaluate the reasonableness of counsel's rate based on counsel's declaration, the Court's own knowledge of prevailing rates in this District, the nature of this federal employment-discovery litigation, counsel's work performed, and the result obtained.

The fee request arises from a discovery dispute that required review of APS's supplemental discovery responses, identification of continuing deficiencies, preparation of a Third Motion to Compel, reply work, hearing preparation, attendance at the Court's hearing, and participation in the discovery process ordered by the Court. The Court granted the Third Motion to Compel. **Doc. 175**. Plaintiff's counsel's rate is reasonable for federal civil-rights and employment litigation in this District and is supported by the declaration submitted with the renewed application.

APS asks the Court to treat the absence of additional market declarations as dispositive. It is not. The Court may determine a reasonable hourly rate using the evidence submitted, the nature of

the work, counsel's experience, the litigation context, and the Court's knowledge of prevailing rates.

**B. The client-conference time was reasonable and necessary.**

APS objects to four hours of time spent conferring with Plaintiff regarding discovery deficiencies and asks the Court to reduce that time by two hours. **Doc. 372**. The objection should be overruled.

The Third Motion to Compel required counsel to identify what APS had still not produced, determine which deficiencies remained after repeated supplemental responses, and explain why those deficiencies mattered. Plaintiff was the party with direct knowledge of the underlying employment records, APS's disclosures, the missing information, and the prejudice caused by APS's delay. Counsel's conferences with Plaintiff were therefore necessary to prepare an accurate, targeted Rule 37 motion.

APS offers no evidence that the time was unrelated, duplicative, inflated, or unnecessary. The challenged conference time was reasonably incurred in litigating the Third Motion to Compel, which the Court granted.

**C. APS's footnote about Plaintiff's "role" is baseless and improper.**

APS's footnote about whether counsel's conferences with Plaintiff were supposedly with Plaintiff "as Plaintiff" or in some other "role" is baseless and should be rejected outright. APS cites no evidence that any of the challenged conference time involved anything other than attorney-client communications concerning APS's deficient discovery responses and preparation of the motion the Court ultimately granted. APS offers no affidavit, no contrary record evidence, and no authority permitting a fee reduction based on insinuation alone.

3

The argument is improper for a second reason: it attempts to manufacture suspicion where none is warranted. Plaintiff was the client. Plaintiff was also the person with firsthand knowledge of the discovery history, the deficiencies in APS's supplemental responses, the categories of information still missing, and the practical significance of those omissions. Counsel's conferences with Plaintiff about those matters were not collateral or suspect; they were necessary to prepare an accurate and supported motion to compel. APS's suggestion otherwise is not a reasonableness objection. It is conjecture dressed up as one.

Plaintiff did not perform counsel's legal work in this case. Plaintiff did not draft the Third Motion to Compel, prepare the fee application, conduct counsel's legal analysis, or bill time for attorney work. The challenged time is counsel's time, and APS offers no evidence to the contrary.

The Court should give APS's footnote no weight. A fee reduction cannot rest on unsupported insinuation about attorney-client communications, especially where APS identifies no evidence of non-compensable work, and no evidence that the conferences were unrelated to the Rule 37 motion practice that APS's own discovery conduct made necessary.

**D. The deficiency-analysis time was not duplicative.**

APS objects to 2.5 hours billed on November 7, 2025 for finalizing the deficiency analysis of APS's supplemental discovery responses. **Doc. 372**. APS claims it is unclear how that work differed from the prior review and analysis performed between November 3 and November 6. That objection should be rejected.

Finalizing a deficiency analysis is distinct from the initial review of supplemental discovery responses. A discovery motion requires counsel to synthesize the record, isolate the remaining deficiencies, determine what relief is warranted, and present the dispute in a manner the Court

can resolve. That work is especially necessary where a party has served multiple rounds of supplemental responses and the moving party must distinguish what has been cured from what remains deficient.

The Court granted Plaintiff's Third Motion to Compel. **Doc. 175**. That result confirms that the deficiency work was not unnecessary make-work. It was the work required to present the discovery dispute to the Court.

**E. The Rule 37 research time was reasonable.**

APS asks the Court to strike 1.5 hours for research regarding Rule 37 discovery obligations. **Doc. 372**. APS relies on *Case v. Unified School District No. 233*, 157 F.3d 1243 (10th Cir. 1998), for the proposition that background research may be presumptively unreasonable. That authority does not support striking this time.

The time at issue was not generic background research divorced from the litigation. It was Rule 37 research tied to a live discovery dispute, APS's supplemental discovery responses, the Third Motion to Compel, and the relief Plaintiff sought. Counsel was required to ensure the motion complied with the governing discovery standards and requested appropriate relief. That is ordinary, necessary litigation work and would properly be billed to a paying client.

**F. APS should not receive a discount for discovery conduct that forced Plaintiff to seek court intervention.**

APS characterizes the Third Motion to Compel as "routine" and "fairly simple." **Doc. 372** at 4. But APS does not get to force Plaintiff to review multiple rounds of supplemental responses, identify unresolved deficiencies, prepare a motion to compel, prepare a reply, attend a hearing, and participate in a court-ordered discovery conference, then dismiss the resulting work as

"routine" once it loses. Rule 37 fee shifting exists so that the moving party is not forced to absorb the expense of obtaining discovery through court intervention.

This was not a one-off technicality or a minor scheduling disagreement. Plaintiff incurred these fees because APS's repeated supplemental responses left material deficiencies unresolved and required motion practice, reply briefing, hearing preparation, hearing attendance, and participation in the discovery process ordered by the Court. The Court granted the motion. **Doc. 175**. That is the opposite of a showing that Plaintiff's time was unreasonable on its face.

APS's request for an additional thirty-percent reduction is also improper because it stacks a broad percentage cut on top of APS's specific line-item objections. APS identifies no principled basis for that additional reduction. It is not tied to any specific entry, any actual duplication, or any finding that the work was unnecessary. It is simply an after-the-fact attempt to reduce the financial consequence of discovery conduct that required court intervention.

The Court should reject APS's thirty-percent reduction in full.

**G. APS's speculation about what counsel would bill Plaintiff is improper and irrelevant.**

APS argues that it is "unlikely" counsel would bill Plaintiff for a "routine discovery dispute." **Doc. 372** at 4. That argument is improper, speculative, and irrelevant.

APS is not entitled to speculate about Plaintiff's private attorney-client relationship, Plaintiff's fee arrangement, or what APS assumes counsel would or would not bill Plaintiff. APS cites no evidence supporting its assertion, and it identifies no rule that permits a losing discovery opponent to reduce a Rule 37 fee award based on speculation about private billing matters between a party and her counsel.

Nor is Plaintiff required to defend the private structure of her attorney-client relationship in order to recover fees APS forced her to incur. The relevant question is whether counsel's time was

reasonably incurred because APS's discovery conduct required Plaintiff to file and litigate the Third Motion to Compel.

Rule 37 fee shifting is not limited to fees APS believes a plaintiff should personally have to pay. It shifts the reasonable expenses caused by the opposing party's discovery conduct. APS lost the Third Motion to Compel. APS should not now receive a discount by speculating about Plaintiff's private billing relationship or by implying impropriety without evidence.

The Court should disregard APS's speculation and award the reasonable fees and expenses incurred in obtaining the discovery relief Plaintiff was forced to seek.

## III. APS'S PROPOSED REDUCTION IS ARBITRARY AND INTERNALLY INCONSISTENT

APS's own proposed reduction is not even presented consistently. Its response offers competing calculations rather than a coherent, reliable basis to reduce the requested award. That inconsistency underscores the arbitrary nature of APS's approach. [372].pdf (pp. 5)

The Court should reject APS's proposed reduction and award the full amount requested in Plaintiff's renewed application. At minimum, the Court should reject APS's arbitrary thirty-percent reduction, APS's unsupported challenge to counsel's rate, and APS's speculation about Plaintiff's attorney-client relationship.

## IV. THE COURT SHOULD FIX THE AMOUNT AND ORDER APS TO PAY.

APS has already had the process the Court ordered. Plaintiff re-filed the fee application. APS objected. Plaintiff now replies. The issue is ready for ruling.

The Court should fix the amount of fees and expenses awarded to Plaintiff and order APS to pay within fourteen days. There is no reason for the discovery-fee award to remain unresolved while

7

the parties complete closing documents. Nothing about the parties' closing-document process alters the Court's authority to resolve this collateral Rule 37 fee issue.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order:

1. granting Plaintiff's Renewed Application for Attorney's Fees and Expenses, **Doc. 322**;

2. overruling APS's objections, **Doc. 372**;

3. fixing the amount of fees and expenses awarded to Plaintiff;

4. directing APS to pay the awarded amount within fourteen days of the Court's order; and

5. granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

FOGHI LAW FIRM, LLC

By: */s/ Boglarka Foghi, Esq.*
Boglarka Foghi
4313 Corrales Rd., P.O. Box 944
Corrales, NM 87048
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com

*Attorney for Plaintiff Tatia Lipe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of June, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing, including counsel for Defendant Albuquerque Public Schools.

*/s/ Boglarka Foghi, Esq.*
Boglarka Foghi