IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC
EDUCATION,

Defendants.

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NOTICE OF WITHDRAWAL OF MOTION TO DISMISS COUNT II OF AMENDED COMPLAINT FOR DAMAGES**

Defendant Albuquerque Public Schools ("Defendant") respectfully moves to Strike Plaintiff's Notice of Withdrawal of Motion to Dismiss Count II of Amended Complaint for Damages ("Notice of Withdrawal") [ECF 388] filed on August 11, 2026 ("Motion"). This Motion should be granted for the following reasons: (1) The parties reached a binding settlement in mediation; (2) pursuant to the terms of that settlement, Plaintiff filed an Amended Motion to Dismiss Count II of Amended Complaint for Damages ("Motion to Dismiss Count II"), [ECF 382] on June 17, 2026; (3) while the parties are in agreement on material terms of the settlement, they disagree on ancillary details such as the release of individuals acting on behalf of the Albuquerque Public Schools and Internal Revenue Service ("IRS") tax indemnification; and (4) Plaintiff impermissibly filed the Notice of Withdrawal, which alters the terms of the settlement before participating in Court ordered mediation on August 31, 2026. In support of this Motion, Defendant states as follows:

1. Prior to the Pretrial Hearing Scheduled for June 16, 2026, Defendant and Plaintiff engaged in settlement negotiations through mediation with Judge Linda Vanzi, and reached

agreement on a binding settlement on June 15, 2026. *See* Exhibit A for the general terms of that agreement.

2. Following the close of mediation, the parties have negotiated the material aspects of the settlement agreement, but have been unable to finalize a settlement agreement and release in two ancillary areas: the release of individuals acting on behalf of Defendant with respect to the claims in this matter, and IRS tax indemnification.

3. Defendant requested a status conference with the Court that was held on July 27, 2026, to discuss the remaining obstacles to a final settlement of claims.

4. As a result of the status conference, Honorable Judge Rozzoni ordered the parties to return to Judge Vanzi for continued settlement negotiations.

5. Defendant contacted Judge Vanzi the day of the status conference, and mediation on the settlement agreement is scheduled for August 31, 2026.

6. On August 11, 2026, Plaintiff filed the Motion to Dismiss Count II, claiming that "ECF No. 381 was filed solely as a contingent step in connection with a potential resolution of certain issues in this action." [ECF 388].

7. Plaintiff assertion in the Motion to Dismiss Count II directly contradicts her statement in the Notice of Withdrawal, namely that "The parties have reached an agreement and stipulate to dismissal of Count II of Plaintiff's Amended Complaint."

8. Plaintiff's stipulation to dismissal of Count II filed under Fed. R. Civ. P. 41(a)(1)A)(ii) in the Motion to Dismiss Count II is self-executing and immediately effective upon filing. *See Smith v. Phillips,* 881 F.2d 902, 904 (10th Cir. 1989) where "once the stipulation is filed, the action on the merits is at an end."

9. Judge Vanzi's summary of the terms reached in settlement through mediation (Exhibit A) demonstrates the parties' mutual assent to enter into a binding settlement agreement that is treated as a contract under New Mexico law, and describes Defendant's offer, Plaintiff's acceptance, and the consideration provided.

10. In the Tenth Circuit, state contract law is applied to determine whether a purported settlement agreement constitutes a contract. *United States v. McCall,* 235 F.3d 1211, 1215 (10th Cir. 2000). Under New Mexico law, "a contract must be factually supported by an offer, acceptance, consideration, and mutual assent." *Myers v. Papa Texas, LLC*, 749 F. Supp. 3d 1165, 1174 (D.N.M. 2024).

11. Further, Plaintiff's own act of filing a dismissal of the WPA claim is compelling evidence that she understood that mediation resulted in a binding settlement. *See Borsody v. Fed. Express Corp.,* No. 2:24-CV-02073-HLT-ADM, 2025 WL 465913 (D. Kan. Jan 28, 2025), where the court found that the parties entered into an enforceable settlement through mediation, the defendant filed an Alternative Dispute Resolution report confirming that the case had settled, and the court entered an administrative closing order. "A party who knowingly and voluntarily authorizes the settlement of her claims cannot avoid the terms of the settlement simply because she changes her mind." *Id.*

12. The Court Order for the parties to return to Judge Vanzi for continued settlement negotiations is strong evidence that the parties already agreed on the material terms of the settlement.

13. The remaining issues that have not been agreed to, concerning release of parties acting on behalf of Defendant regarding Plaintiff's claims and IRS tax indemnification are

ancillary items, and not material terms of the settlement agreement. In the Tenth Circuit, standard release terms are not considered material terms of a binding settlement agreement. *Towers v. Wyandotte Cnty., Sherrif's Off.,* No. 17-2615-HAR-TJJ, 2018 WL 6324867 (D. Kan. Dec. 4, 2018).

14. Plaintiff's attempt to withdraw the WPA claim through the Notice of Withdrawal is not supported by any showing of bad faith, fraud, duress, or mutual mistake that would render the settlement agreement invalid. The Merit Systems Protection Board ("MPB") confirms that the withdrawal of an WPA appeal pursuant to a settlement agreement will stand absent a showing that the agreement is invalid. *Garnica, David L. v. Dep't of Veterans Affs.*, No. SF-0714-18-0329-B-1, 2024 WL 2818733 (May 2, 2024).

For the foregoing reasons, Defendant requests the Court strike Plaintiff's Notice of Withdrawal of Motion to Dismiss Count II of Amended Complaint for Damages [ECF 388].

Respectfully submitted,

WIGGINS, WILLIAMS & WESENBERG
A Professional Corporation

*Electronically Filed*

By /s/ *Carol M. Cochran*
Carol M. Cochran
Natasha A. Martinez-Wesenberg
Patricia G. Williams
*Attorneys for Defendant*
1803 Rio Grande Blvd., N.W. (87104)
P. O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
ccochran@wwwlaw.us
nwesenberg@wwwlaw.us
pwilliams@wwwlaw.us

I HEREBY CERTIFY that on the 18th day of August 2026,
I filed the foregoing electronically through the CM/ECF system,
which caused all parties or counsel of record to be served by electronic
means, as more fully reflected on the Notice of Electronic Filing:

WIGGINS, WILLIAMS & WESENBERG, P.C.

By *_/s/ Carol M. Cochran_*
Carol M. Cochran

**From:** Linda Vanzi
**To:** Boglarka Foghi; Natasha Wesenberg; Carol Cochran; Patti Williams
**Cc:** Tatia Lipe; Jill Medford
**Subject:** Lipe v. APS & NMDPE, No. 1:23-cv-GBW-JMR - CONFIDENTIAL
**Date:** Monday, June 15, 2026 5:23:07 PM
**Attachments:** image001.png

Dear Counsel,

Thank you again to you and your clients for getting this difficult case to resolution. I appreciate everyone's hard work today. Please review the below terms of the settlement and let me know if I have missed or mischaracterized something.

-Defendant Albuquerque Public Schools ("APS") agrees to pay Plaintiff Tatia Lipe ("Plaintiff") $200,000.00 in full settlement of all claims that have or could have been brought in this matter.

-The parties agree that APS will not oppose a motion to dismiss filed by Plaintiff as to Count II of the Complaint brought pursuant to the NM Whistleblower Protection Act.

-Once Count II is dismissed, the only remaining claim will be Count I for violations of the Americans with Disabilities Act. Assuming this is the only remaining count, the parties agree that the settlement payment will be made pursuant to Section 104(a)(2) of the I.R.S. Code.

-APS will pay the full amount of the mediator fee.

-The parties will bear their own costs and attorney fees.

-Plaintiff's counsel will provide defense counsel with a W-9.

-The parties will cooperate in executing formal settlement agreements and filing the appropriate dismissal papers.

Thank you again and please let me know if you need my assistance with formalizing any of the papers. Have a nice rest of your afternoon.

RODEY | Law

**Linda M. Vanzi | Attorney**
LVanzi@rodey.com
505.768.7262
201 Third Street NW, Suite 2200
Albuquerque, New Mexico 87102
fax: 505.768.7395
Rodey, Dickason, Sloan, Akin & Robb, P.A.

Exhibit A

www.rodey.com

This message is confidential and may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, please reply to the sender that you received the message in error and then delete it. Thank you.