**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TATIA LIPE,
Plaintiff,
v.
ALBUQUERQUE PUBLIC SCHOOLS and
NEW MEXICO DEPARTMENT OF PUBLIC EDUCATION,
Defendants.

No. 1:23-cv-00899-GBW-JMR

# EXHIBIT A

## Plaintiff's June 23, 2026 Email Responding to the Mediator's June 15 Settlement Summary

TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NOTICE OF WITHDRAWAL

Gmail [redacted]

# Re: Lipe v. APS & NMDPE, No. 1:23-cv-GBW-JMR - CONFIDENTIAL

1 message

**Tatia Lipe** <t[redacted]> Tue, Jun 23, 2026 at 8:32 AM
To: Linda Vanzi <LVanzi@rodey.com>, Boglarka Foghi <Foghilaw@yahoo.com>

I wanted to clarify my understanding of the settlement terms discussed during mediation. From my understanding, the claims actually on the table and resolved at mediation were claims against APS under the NM Whistleblower Protection Act and the Americans with Disabilities Act.

My understanding was not that I agreed to release every possible claim against every possible person, including claims or issues that were not part of the mediation discussion. Specifically, defamation was not negotiated as part of the mediation. The defamation claim against APS had already been dismissed on immunity grounds, and any remaining defamation issue concerned potential individual-capacity claims, not APS. For that reason, I did not understand the mediation to include or resolve any separate defamation claim against individual actors.

To the extent individual actors were mentioned during mediation, my understanding is that they were mentioned only in the context of case history, procedural background, and explaining what issues remained in the broader litigation history. They were not discussed as parties whose individual liability was being negotiated or released. No separate consideration, release term, or agreement was negotiated regarding individual-capacity defamation claims.

My understanding of the settlement was as follows:

1. APS would pay Plaintiff $200,000.00 to resolve the claims against APS that were being mediated, specifically the NM Whistleblower Protection Act claim and the ADA claim.

2. APS would not oppose Plaintiff's dismissal of Count II, the NM Whistleblower Protection Act claim.

3. After dismissal of Count II, the remaining claim against APS would be the ADA claim, and the settlement payment would be documented in relation to that remaining claim, including the parties' discussion regarding Section 104(a)(2) of the Internal Revenue Code and damages received on account of personal physical injuries or physical sickness.

4. APS would pay the full mediator fee.

5. The parties would bear their own costs and attorney fees.

6. Plaintiff's counsel would provide defense counsel with a W-9.

7. The parties would cooperate in executing formal settlement documents and appropriate dismissal papers consistent with the settlement terms actually discussed.

I am raising this because the settlement should accurately reflect what was negotiated at mediation. I did not understand the agreement to include a broader release of separate individual-capacity defamation claims or other claims that were not discussed, negotiated, or resolved at mediation.

This was my understanding of the terms discussed at mediation.

Respectfully,

Tatia

On Mon, Jun 15, 2026 at 5:23 PM Linda Vanzi <LVanzi@rodey.com> wrote:

> Dear Counsel,
>
> Thank you again to you and your clients for getting this difficult case to resolution. I appreciate everyone's hard work today. Please review the below terms of the settlement and let me know if I have missed or mischaracterized something.
>
> -Defendant Albuquerque Public Schools ("APS") agrees to pay Plaintiff Tatia Lipe ("Plaintiff") $200,000.00 in full settlement of all claims that have or could have been brought in this matter.
>
> -The parties agree that APS will not oppose a motion to dismiss filed by Plaintiff as to Count II of the Complaint brought pursuant to the NM Whistleblower Protection Act.

-Once Count II is dismissed, the only remaining claim will be Count I for violations of the Americans with Disabilities Act. Assuming this is the only remaining count, the parties agree that the settlement payment will be made pursuant to Section 104(a)(2) of the I.R.S. Code.

-APS will pay the full amount of the mediator fee.

-The parties will bear their own costs and attorney fees.

-Plaintiff's counsel will provide defense counsel with a W-9.

-The parties will cooperate in executing formal settlement agreements and filing the appropriate dismissal papers.

Thank you again and please let me know if you need my assistance with formalizing any of the papers. Have a nice rest of your afternoon.

**Linda M. Vanzi | Attorney**

LVanzi@rodey.com
505.768.7262

RODEY | Law

201 Third Street NW, Suite 2200
Albuquerque, New Mexico 87102
fax: 505.768.7395

Rodey, Dickason, Sloan, Akin & Robb, P.A.
www.rodey.com

---

This message is confidential and may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, please reply to the sender that you received the message in error and then delete it. Thank you.

---

--
**Warmly,**

**Tatia Lipe, LCSW, ACCTS**
**Licensed Clinical Social Worker**
**[redacted]cialist**
**Phone:** [redacted]

We never stand taller than when we stoop down to help someone who has fallen.
-- David L. Weatherford

**Confidentiality Notice: This email, including all attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution prohibited unless specifically provided for under the New Mexico Inspection of Public Records Act. If you are not the intended recipient, please contact the sender and destroy all copies of this message.**