IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. No. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS et al.,

Defendants.

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANT'S AMENDED MOTION TO STRIKE PLAINTIFF'S NOTICE OF WITHDRAWAL**

Pursuant to D.N.M.LR-Civ. 7.8, Plaintiff submits authority relevant to APS's Amended Motion [Doc. 390], discovered after her Response [Doc. 391].

APS'S RULE 41(a)(1)(A)(ii) THEORY FAILS AT THE THRESHOLD

APS—not Plaintiff—invokes Rule 41(a)(1)(A)(ii), characterizing Doc. 382 as a self-executing stipulation. See Doc. 390 at 2. Rule 41(a)(1)(A) permits dismissal without a court order by (i) a plaintiff's notice filed before the opposing party serves either an answer or a summary-judgment motion, or (ii) a stipulation signed by all appearing parties. Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). A qualifying filing is self-executing and divests the court of merits jurisdiction. *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011).

Self-execution follows only for an instrument Rule 41 authorizes. In *Gobbo Farms & Orchards v. Poole Chemical Co.*, the Tenth Circuit held that Rule 41(a) "speaks to dismissal of an action, not just a claim within an action," and rejected its application to the "dismissal of less than all claims in an action." 81 F.3d 122, 123 (10th Cir. 1996).

Doc. 382 was neither type of Rule 41(a)(1) instrument. It was captioned as Plaintiff's Amended Motion to Dismiss Count II and asked the Court to "enter an Order dismissing Count II"; it

therefore was not a subsection (i) notice. APS did not sign it, so it was not a subsection (ii) stipulation; APS's non-opposition supplied no signature. Doc. 382 concerned only Count II while Plaintiff's other claims against APS continued. Thus, even an all-party signature could not transform that partial-claim motion into a Rule 41(a)(1)(A)(ii) dismissal of the action under *Gobbo Farms*.

Plaintiff's Notice of Withdrawal was not a Rule 41(a)(1)(A)(i) notice of dismissal. It invoked D.N.M.LR-Civ. 7.7 to seek withdrawal of Doc. 382 before any ruling. No amended complaint omitted Count II, and no order dismissed it. See Doc. 391 at 3–6.

APS asks the Court to strike Plaintiff's Notice seeking withdrawal of a motion that never effected a Rule 41 dismissal. Striking the Notice cannot retroactively convert Doc. 382 into a self-executing stipulation that neither Rule 41 nor controlling Tenth Circuit authority permits. APS's motion should be denied.

Respectfully submitted,

By: */s/ Boglarka A. Foghi, Esq.*

Boglarka A. Foghi, Esq.
FOGHI LAW FIRM, LLC
4263 Montgomery Blvd NE, Suite 110
Albuquerque, NM 87109
Telephone: (505) 220-5691
Email: foghilaw@yahoo.com
*Counsel for Plaintiff Tatia Lipe*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26th day of August 2026, I filed the foregoing electronically through the Court's CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Boglarka A. Foghi, Esq.*
Boglarka A. Foghi, Esq.