IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and NEW MEXICO DEPARTMENT OF PUBLIC EDUCATION,

Defendants.

**ORDER GRANTING IN PART APS'S APPLICATION FOR ATTORNEY'S FEES**

THIS MATTER is before the Court on Defendant Albuquerque Public Schools' ("APS") affidavit requesting attorney's fees, filed May 1, 2026. Doc. 275. Plaintiff filed objections. Doc. 287. APS filed a response. Doc. 294. Having reviewed the filings and the relevant law, the Court approves a fee award of $7,738.00. Plaintiff is ordered to complete payment by **December 14, 2026**, absent a written motion showing good cause for an extension.

## I. Fee Order

On April 3, 2026, the Court granted APS's Motion for Sanctions (Doc. 218). Doc. 255. Pursuant to Federal Rule of Civil Procedure 30(g), the Court ordered Plaintiff to pay APS's "reasonable expenses for attending" five depositions that Plaintiff noticed but failed to attend. *Id.* at 3. The deponents were Andy Gutierrez, Margaret Crist, Bernadette Lucero-Turner, Manuel Alzaga, and Jerry Thorn. All five depositions were scheduled to take place on the same day. The Court also awarded APS "reasonable expenses" for preparing the sanctions motion. *Id.*

## II. Analysis

APS requests to be paid $7,826.50. Doc. 275 at 4. Specifically, attorney Patricia Williams billed for 22.7 hours of work at $295 per hour. *Id.* Ms. Williams's paralegal Audrey Griego billed for 11.3 hours of work at $100 per hour. *Id.*

In arriving at a particular award, the court must independently analyze the reasonableness of requested attorney's fees. *See King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018) (reviewing an award of fees as a Rule 11 sanction); *see also Miller v. Paschall Trucklines, LLC*, No. 20cv303 GBW-SCY, 2021 WL 919868 at *1 (D.N.M. March 10, 2021) (reviewing Rule 37(a)(5)(A) fee award for reasonableness); *Roadbuilders Mach. & Supply Co. v. Sandvik Mining & Constr. USA, LLC*, No. 2:22-CV-2331-HLT-TJJ, 2024 WL 757154, at *2 (D. Kan. Feb. 23, 2024) (same); *Carraro v. Allstate Ins. Co.*, No. 1:21-CV-00646-JCH-LF, 2022 WL 19927884, at *2 (D.N.M. June 21, 2022) (same). To determine whether requested fees are reasonable in this context, the court relies on the lodestar method—multiplying the hours counsel reasonably spent working on the motion to compel by a reasonable hourly rate. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quotation and citation omitted).

The burden is on the applicant to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quotation and citation omitted). "To meet that burden, we require that lawyers keep meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (quoting *Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir. 1983)). "The

prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* (quotation and citation omitted).

The Court finds that Ms. Williams reasonably billed for 22.4 hours of work at $295 per hour. The Court further finds that Ms. Griego reasonably billed for 11.3 hours of work at $100 per hour.

**A. Hourly Rate**

APS requests to be paid at a reasonable hourly rate for New Mexico. Ms. Williams's hourly rate of $295 is quite reasonable. *See Mack Energy Corp. v. Summit Casing Servs., LLC*, No. 2:24-CV-00492-JHR-DLM, 2025 WL 2987549, at *4 (D.N.M. Oct. 23, 2025) (finding that $400/hour is reasonable for an attorney with extensive experience); *Disability Rts. New Mexico v. Lucero*, No. 22-CV-954-WJ-JFR, 2025 WL 623493, at *3 (D.N.M. Feb. 25, 2025) (finding that $300/hour is a reasonable rate for an attorney when opposing counsel failed to object to the rate). Ms. Williams has extensive experience having practiced law for thirty-nine years. Doc. 275 at 1. She has been a partner at her law firm Wiggins, Williams, and Wesenberg, P.C. since 2000. *Id. Ms*. Griego's hourly rate of $100 is also reasonable for a skilled paralegal in New Mexico. *See Rael v. Aldridge, Hammar & Wexler, P.A.*, No. CV 22-446 GJF/KK, 2023 WL 3648986, at *2 (D.N.M. May 25, 2023) (find that $150 per hour is reasonable for a paralegal); *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1088 (D.N.M. 2018) (finding that $150 per hour and $125 per hour are reasonable rates for respective paralegals). Notably, Plaintiff does not contest that APS's rates are reasonable.

**B. Hours Billed**

The Court finds that Ms. Williams spent a reasonable amount of time preparing to attend and attending the five depositions except for one time entry. Specifically, Ms. Williams spent 14

hours preparing for five depositions. APS provided “meticulous time records that ‘reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.’” *Jane L.*, 61 F.3d at 1510.

| | | | |
|---|---|---|---|
| 2/24/2026 | Review all documents to prepare Margaret Crist for her deposition | PW | .6 |
| 2/26/2026 | Prepare Margaret Crist for her deposition | PW | 1.1 |
| 2/26/2026 | Review all documents to prepare Manuel Alzaga for his deposition | PW | .9 |
| 2/27/2026 | Prepare Manuel Alzaga for his deposition | PW | 1.2 |
| 2/26/2026 | Review all documents to prepare Bernadette Lucero-Turner for his deposition | PW | .6 |
| 2/26/2026 | Prepare Bernadette Lucero-Turner for deposition. | PW | .8 |
| 2/27/2026 | Review all documents to prepare for Jerry Thorn’s deposition. | PW | .5 |
| 3/3/2026 | Clear calendar to attend five noticed depositions; email opposing counsel regarding status of depositions she scheduled. | PW | 8.0 |
| 3/3/2026 | Telephone call with Jerry Thorn regarding canceled deposition. | PW | .3 |

Doc. 275 at 2–3. Plaintiff complains that APS “seeks 8.0 hours for ‘Clear calendar to attend five noticed depositions; email opposing counsel regarding status.’” Doc. 287 at 6. Plaintiff argues that APS is not entitled to “an automatic full-day charge merely because counsel reserved the day.” *Id.* The Court disagrees that APS cannot bill for the full day. Defense counsel explains that she “did not schedule any additional meetings or billable tasks for March 3, 2026, as a result of the scheduled depositions.” Doc. 294 at 5. As such, clearing the calendar for the day was an expense. However, the Court notes that on the same date that APS billed 8 hours for clearing the calendar it also billed .3 for calling one the witnesses regarding the canceled deposition. This appears to be an instance of billing twice for the same time, which is not reasonable. As such, the

Court finds that Ms. Williams reasonably spent 13.7 hours preparing to attend and attending the five noticed depositions.

The Court finds that Ms. Griego also spent a reasonable amount of time preparing for Ms. Williams to attend the five depositions. Ms. Griego spent 6.4 hours preparing for the depositions as detailed below.

| | | | |
|---|---|---|---|
| 2/23/2026 | Draft deposition chart, telephone calls and email correspondence with deponents Margaret Crist, Manuel Alzaga, and Bernadette Lucero-Turner | AG | 2.0 |
| 2/24/2026 | Examine and evaluate all documents from discovery regarding Margaret Crist for deposition preparation. | AG | 1.0 |
| 2/26/2026 | Examine and evaluate all documents from discovery regarding Manuel Alzaga and ADA documents for deposition. | AG | 1.0 |
| 2/26/2026 | Examine and evaluate docs from discovery regarding Jerry Thorn for Deposition folder | AG | 1.0 |
| 2/24/2026 | Examine and evaluate all documents from discovery regarding Bernadette Lucero-Turner for deposition preparation. | AG | 1.0 |
| 3/3/2026 | Telephone calls and email correspondence to clients regarding their depositions being cancelled. | AG | 0.4 |

These time entries are also facially reasonable.

The Court finds that Ms. Williams spent a reasonable amount of time preparing the sanctions motion (Doc. 218) and this fee affidavit. Ms. Williams spent 8.7 hours on the motion and the fee affidavit.

| | | | |
|---|---|---|---|
| 3/5/2026 | Draft declarations for Manuel Alzaga, Jerry Thorn, Kimberly Kraft and Edelmira Granillo. | PW | 4.2 |
| 3/23/2026 | Legal research to draft motion for sanctions. | PW | .8 |
| 3/23/2026 | Draft motion for sanctions. | PW | 3.0 |

| | | | |
|---|---|---|---|
| 5/1/2026 | Revise and Finalize Affidavit for Order Granting APS's Motion for Sanctions and Granting in Part Plaintiff's Motion | P[W] | .7 |

These time entries are facially reasonable.

The Court finds that Ms. Griego spent a reasonable amount of time preparing the sanctions motion (Doc. 218) and the fee affidavit. Ms. Griego spent 4.9 hours preparing the motion and affidavit.

| | | | |
|---|---|---|---|
| 3/5/26 | Finalize and transmit declarations for Manuel Alzaga, Jerry Thorn, Kimberly Kraft and Edelmira Granillo, correspondence and telephone calls confirming the contents of the declarations and declarants' approval of content | AG | 2.5 |
| 3/6/2026 | Telephone call with Manuel Alzaga to confirm declaration revisions made by him and steps on getting notarized | AG | 0.2 |
| 3/23/2026 | Finalize motion for sanctions for filing. | AG | 0.2 |
| 4/30/2026 | Draft Affidavit for Order Granting APS's Motion for Sanctions and Granting in Part Plaintiff's Motion | AG | 1.0 |
| 5/1/2026 | Draft and include chart of expenses | AG | 1.0 |

These time entries are also facially reasonable.

Plaintiff complains that APS "does not provide contemporaneous proof showing" when it contacted the deponents. Doc. 287 at 1–3. Plaintiff does not cite any authority for why proof beyond Ms. Williams's signed affidavit would be required to support the time entries. The Court has no reason to question Ms. Williams's credibility. Ms. Williams's affidavit is sufficient proof that the actions she billed for occurred.

Plaintiff complains that APS billed for "preparing" witness Jerry Thorn "to appear" at his deposition. Doc. 287 at 4–5. However, APS did not bill for preparing Mr. Thorn for his deposition. Defense counsel only billed for preparing herself for his deposition.

Plaintiff argues that if "former/nonparty witnesses" such as Mr. Alzaga and Ms. Lucero-Turner "learned of the depositions only because APS contacted them, then APS must prove when APS made that contact and what was confirmed before APS can recover 'witness preparation' or 'witness contact' time." Doc. 287 at 5. Once again, Plaintiff provides no legal authority for her argument.

Finally, Plaintiff complains that APS's entries are too broad. Doc. 287 at 6–7. Specifically, Plaintiff complains about the entries "review all documents" and "examine and evaluate all documents from discovery." *Id.* at 7. Plaintiff states: "They do not identify what documents were reviewed, why the review was necessary, whether the work related to one of the five named depositions, or whether the work related to preparing the sanctions motion." *Id.* The Court disagrees that APS is required to identify which specific documents it reviewed when preparing for the various depositions. Furthermore, APS's time entries do make clear "whether the work related to one of the five named depositions, or whether the work related to preparing the sanctions motion." *Id.* The Court agrees with APS that its time entries "are sufficiently detailed such that this Court can determine how the hours were allotted to specific tasks, and the entries largely speak for themselves . . . ." Doc. 294 at 3.

**III. Total Award**

The Court finds that Ms. Williams reasonably billed for 22.4 hours of work at $295 per hour. The Court further finds that Ms. Griego reasonably billed for 11.3 hours of work at $100

per hour. Therefore, the Court approves a fee award of $7,738. Plaintiff is ordered to complete payment by **December 14, 2026**, absent a written motion showing good cause for an extension.

JENNIFER M. ROZZONI
United States Magistrate Judge