IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATIA LIPE,

Plaintiff,

v. 1:23-cv-00899-GBW-JMR

ALBUQUERQUE PUBLIC SCHOOLS and NEW MEXICO DEPARTMENT OF PUBLIC EDUCATION,

Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES**

THIS MATTER is before the Court on Plaintiff's Renewed Application for Attorney's Fees and Expenses Pursuant to Doc. 291, filed May 29, 2026. Doc. 322. Defendant Albuquerque Public Schools ("APS") filed objections. Doc. 372. Plaintiff filed a reply. Doc. 379. Having reviewed the filing and the relevant law, the Court approves a fee award of $12,938.90. APS is ordered to complete payment by December 14, 2026, absent a written motion showing good cause for an extension.

**I. Fee Order**

On December 12, 2025, the Court granted Plaintiff's Third Motion to Compel Discovery Responses, for Sanctions under Rule 37(b) due to Defendant's Noncompliance with Court Order, and for Extension of Discovery Deadlines (Doc. 159). Doc. 175. Because the motion was granted, the Court ordered APS "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). More specifically, the Court ordered APS to pay Plaintiff's attorney's fees for "the costs associated with filing" the motion to

compel (Doc. 159), "the time spent preparing for the" court-ordered discovery meeting, and "the time spent at the discovery meeting." Doc. 175 at 3.

## II. Analysis

Plaintiff's counsel, Boglarka Foghi, requests a total award of $25,458.16. Doc. 322 at 1. Counsel requests to be paid $350 per hour for 67.6 hours of work. *Id.* She also requests that the 7.6% New Mexico gross receipts tax be added to the total award. *Id.* APS requests that the Court decrease the fees to $16,238.99. Doc. 372 at 1. Defendant argues that Plaintiff's counsel's hourly rate is not reasonable for "market rate in Albuquerque for federal Americans with Disabilities Act ('ADA') cases." *Id.* at 2–3. Defendant further argues that the Court should reduce the time Plaintiff billed. *Id.* at 4–5.

The Court finds that it was reasonable for Plaintiff's counsel to have spent 48.1 hours on the motion and the associated discovery meeting. *Infra* § II(A). The Court further finds that $250 is a more reasonable hourly rate. *Infra* § II(B). The Court will add the New Mexico gross receipts tax to the total award. *Infra* § II(C). In total, the Court awards Plaintiff $12,938.90 in fees.

In arriving at a particular award, the court must independently analyze the reasonableness of requested attorney's fees. *See King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018) (reviewing an award of fees as a Rule 11 sanction); *see also Miller v. Paschall Trucklines, LLC*, No. 20cv303 GBW-SCY, 2021 WL 919868, at *1 (D.N.M. March 10, 2021) (reviewing Rule 37(a)(5)(A) fee award for reasonableness); *Roadbuilders Mach. & Supply Co. v. Sandvik Mining & Constr. USA, LLC*, No. 2:22-CV-2331-HLT-TJJ, 2024 WL 757154, at *2 (D. Kan. Feb. 23, 2024) (same); *Carraro v. Allstate Ins. Co.*, No. 1:21-CV-00646-JCH-LF, 2022 WL 19927884, at *2 (D.N.M. June 21, 2022) (same). To determine whether requested fees are reasonable, the

court relies on the lodestar method—multiplying the hours counsel reasonably spent working on the motion to compel by a reasonable hourly rate. *Praseuth v. Rubbermaid, Inc*., 406 F.3d 1245, 1257 (10th Cir. 2005).

"To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quotation and citation omitted). "Plaintiffs must provide evidence of the prevailing market rate for similar services by 'lawyers of reasonably comparable skill, experience, and reputation' in the relevant community." *Id.* at 1224–25. However, the Court "may consider his or her own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." *Id.* at 1225. A court may reduce an attorney's hourly rate if it finds that the attorney "performed below the level of expertise that would command those rates." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007); *see also Garcia v. State Farm Mut. Auto. Ins. Co.*, No. 1:24-CV-1286 KK/KRS, 2026 WL 1283259, at *2 (D.N.M. May 11, 2026) ("To determine the appropriate hourly rate, the court considers (i) the attorney's level of experience; and (ii) the work the attorney performed.").

The burden is on the applicant to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)). "To meet that burden, we require that lawyers keep meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The prevailing party

must exercise "billing judgment" by "winnowing the hours actually expended down to the hours reasonably expended." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (citation omitted). "Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable." *Id.*

"A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares*, 801 F.2d at 1210.

**A. Hourly Rate**

Plaintiff's counsel requests to be paid $350 per hour. Doc. 322-1 at 1. APS argues that Plaintiff has not shown that such a rate is reasonable. Doc. 372 at 2–3. The Court finds that $250 per hour is a reasonable rate for Plaintiff's counsel's work on this case.

The Court will rely on its preexisting knowledge of the reasonable market rates for similar work. *See Lippoldt*, 468 F.3d at 1225. Plaintiff's counsel alleges that her hourly rate "is consistent with [her] experience and is consistent with, or below, rates customarily charged in the Albuquerque and Santa Fe legal market for comparable federal litigation services." Doc. 322-1 at 2. APS complains that Plaintiff "did not provide . . . any supporting evidence for this claim, whether in the form of additional declarations, case law or a statement that she has seen similar hourly rates for similar quality of work." Doc. 372 at 3. The Court agrees with APS that counsel did not demonstrate that her rates are "reflective of the market rate in Albuquerque for federal Americans with Disabilities Act ('ADA') cases." *Id.* However, because the Court has preexisting knowledge of the reasonable market rates, the Court declines to penalize Plaintiff's counsel for failing to "provide evidence of the prevailing market rate." *Lippoldt*, 468 F.3d at 1224–25.

The Court will reduce Plaintiff counsel's rate to $250 per hour. *See Welch*, 480 F.3d at 948. The Court acknowledges that Plaintiff's counsel has extensive legal experience having practiced law for twenty-five years. Doc. 322-1 at 1. Yet, it appears that counsel has limited experience practicing in federal court. In the District of New Mexico—the district where counsel's law firm is based—counsel has only appeared in three other cases. *See Foghi, et al. v. State Farm Fire and Casualty Company*, 2:24-cv-00103-MLG-KRS (filed Feb. 1, 2024); *Flammang v. Portillo, et al.*, 1:24-cv-00263-DHU-JHR (filed March 18, 2024); *Horace Mann Insurance Company v. Flammang, et al.*, 1:25-cv-00196-KK-JFR (filed Feb. 25, 2025).

Throughout this case, counsel has shown a lack of familiarity with the Federal Rules of Civil Procedure and the District of New Mexico Local Rules. *See, e.g.*, Doc. 48 (striking Plaintiff's amended complaint for failing to file a motion to amend, as required by Rule 15(a)); Doc. 78 (denying Plaintiff's motion to compel for failure to attach the relevant discovery requests, as required by Local Rule 37.1, and failure to meet and confer); Doc. 94 (denying Plaintiff's motion to strike, in part, for failure to determine whether the motion was opposed, as required by Local Rule 7.1(a)); Doc. 114 (striking Plaintiff's briefing for failure to follow court order); Doc. 149 (sanctioning Plaintiff for using hallucinated citations in her briefing, in violation of Rule 11); Doc. 153 (explaining that Plaintiff's response brief, which was filed after the Court issued its ruling, does preserve her objections); Doc. 185 (ordering Plaintiff to show cause because she filed a document under seal without permission, in violation of the public's right to access judicial records); Doc. 227 (reminding Plaintiff for the third time that "a response to Defendant's motion is not the appropriate mechanism by which to request sanctions") (quoting Doc. 182 at 3 (quoting Doc. 153 at 4)); Doc. 255 (ordering Plaintiff to pay costs for failing to attend deposition that she noticed); Doc. 291 (ordering Plaintiff to re-file this petition

for fees because the original petition did not include an accounting of her time). Counsel's inexperience has cost the Court and the Defendant significant resources. In the Albuquerque market, $350 is a reasonable rate for an attorney with over twenty years of experience practicing in both federal and state court. *See, e.g.*, *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-1021 JB/SCY, 2016 WL 5376322, at *14 (D.N.M. Aug. 22, 2016) (finding that $350 was a reasonable rate for a "very experienced partner" in a complex insurance action); *Florence-Chavez v. Nationwide Ins. Co. of Am.*, No. 1:25-CV-00465-DHU-JMR, 2026 WL 1329708, at *2 (D.N.M. May 13, 2026) (finding that $350 was a reasonable rate for an attorney with "twenty-eight years of legal experience"). However, based on counsel's performance in this case, the Court finds that $250 per hour is a more reasonable rate.

**B. Hours Billed**

Plaintiff's counsel requests to be paid for 67.6 hours of work. Doc. 322-1 at 5. APS requests that the Court reduce the billed hours to 43.12. *See* Doc. 372 at 4–5 (requesting the Court strike 2 hours, 2.5 hours, 1.5 hours, and then apply a 30% "across-the-board reduction" to counsel's time). The Court finds that 48.6 hours was a reasonable time for Plaintiff to have spent prosecuting the motion to compel discovery and attending the court-ordered discovery meeting.

The time Plaintiff's counsel spent preparing the motion to compel was not reasonable. *See Jane L.*, 61 F.3d at 1510. Counsel spent 35 hours preparing the motion, including time spent reviewing the discovery responses, legal research, and drafting. Doc. 322-1 at 4. Counsel did not winnow "the hours actually expended down to the hours reasonably expended," when submitting her fee request. *Case*, 157 F.3d at 1250. Plaintiff's motion to compel was twenty-seven pages long. However, the length of the motion was unnecessary. *See Jane L.*, 61 F.3d at 1510 (prevailing party must exclude hours that are "excessive, redundant, or otherwise unnecessary").

The majority of Plaintiff's motion paraphrased her discovery requests and APS's responses. *See generally* Doc. 159. The motion only contained one-and-half pages of legal analysis, which was not tailored to the individual discovery requests. *Id.* at 24–25. Following traditional legal writing conventions—such as using the Issue-Rule-Application-Conclusion ("IRAC") framework—would have made the motion shorter and easier for the Court to follow. The legal analysis that counsel did provide also contained several misstatements of law. For example, Plaintiff stated:

> APS's boilerplate verifications, which omit identification of custodians, repositories, or search methodologies, constitute clear violations of Rule 26(g) and Rule 33(b). The Tenth Circuit has explicitly held that such generic certifications are legally insufficient. *See Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621–25 (D. Colo. 2007).

Doc. 159 at 24. Setting aside Plaintiff misattributing a quote from the District of Colorado to the Tenth Circuit, *Cache La Poudre Feeds* does not "explicitly," or implicitly, stand for the stated proposition. *See* 244 F.R.D. at 621–25 (discussing sanctions for destruction of documents and describing the parties' arguments regarding another dispute). That said, Plaintiff's counsel spent considerable time analyzing APS's discovery responses and evaluating how they were deficient. Given the breadth of the discovery dispute, the Court finds that it was reasonable for counsel to have spent considerable time preparing the motion. The Court finds that 20 hours is a more reasonable amount of time to have spent preparing the motion to compel.[1]

[1] Defendant argues that the Court should strike the 2.5 hours Plaintiff spent "[f]inaliz[ing] deficiency analysis of APS supplemental discovery responses," and 1.5 hours Plaintiff spent on researching "Rule 37 discovery obligations." Doc. 372 at 4. Because the Court generally reduced the amount of time Plaintiff's counsel may bill for preparing the motion to compel, it is not necessary to do a line-by-line analysis of counsel's time entries for preparing the motion to compel. *See Mares*, 801 F.2d at 1203 (authorizing a court to generally reduce the claimed hours when there was a sufficient reason to do so).

It was reasonable for counsel to spend two hours conferring with her client regarding the motion, and not the full four hours Plaintiff's counsel claims. Doc. 322-1 at 4. APS argues, and the Court agrees, that "[s]uch extensive conferencing time is not reasonable, and the requested time should be reduced by 2 hours." Doc. 372 at 4. Counsel argues that conferring with her client was necessary because she, "was the party with direct knowledge of the underlying employment records, APS's disclosures, the missing information, and the prejudice caused by APS's delay." Doc. 379 at 3. While the Court sees merit in discussing the dispute with Plaintiff, counsel has not shown why it was necessary to confer with her client for so long. *See Jane L.*, 61 F.3d at 1510.

Seven-and-a-half hours is a reasonable amount of time for Plaintiff's counsel to have spent on the reply briefing (Doc. 173). Plaintiff's counsel billed for ten hours to prepare the twelve-page reply brief. Doc. 322-1 at 4. Counsel billed two hours for "[r]eview[ing] APS opposition to Third Motion to Compel; identifying issues requiring reply." Doc. 322-1 at 4. Then, counsel billed another two hours for "[a]nalyz[ing] APS opposition against motion record and discovery deficiencies; prepare reply outline." *Id.* Based on these two entries, counsel alleges that she spent four hours reading the twelve-page response brief and creating an outline of which arguments to respond to in her reply. This time is separate from the time counsel spent drafting the reply. Considering the amount of time counsel spent reviewing discovery before filing the original motion and the straightforward nature of APS's response brief, four hours is an excessive amount of time for these two tasks. *See Jane L.*, 61 F.3d at 1510. The Court finds that one-and-a-half hours is more reasonable. As such, the Court reduces the total billing time for preparing the reply brief to seven-and-a-half hours.

Counsel spent a reasonable amount of time preparing for and attending the hearing on the motion. Counsel billed five hours and thirty-six minutes for these tasks. Doc. 322-1 at 4. The

hearing was held on December 10, 2025. Doc. 174. Plaintiff's counsel was largely prepared and knowledgeable during the hearing, which supports her claim that she spent three hours preparing. The Court finds that five hours and thirty-six minutes was a reasonable amount of time to have spent preparing for and attending the hearing.

Counsel spent a reasonable amount of time preparing for and attending the court-ordered discovery meeting. Counsel spent five hours preparing for the meeting, and eight hours at the meeting. Doc. 322-1 at 4–5. Given the numerous discovery deficiencies that needed to be discussed at the hearing, it was reasonable for Plaintiff to have spent thirteen hours preparing for and attending the meeting.

In total, it was reasonable to spend 48.1 hours on the motion to compel discovery. The Court notes that 48.1 hours is an atypically long time to spend on a motion to compel discovery. *Compare Long v. E. New Mexico Univ. Bd. of Regents*, No. 13-CV-0380 RB/SMV, 2014 WL 12787911, at *3 (D.N.M. Sept. 17, 2014) (finding 20.75 hours reasonable for one motion to compel); *Barker v. GR Inv. Grp. LLC*, No. 1:23-CV-0332 SCY/DLM, 2024 WL 5381499, at *3 (D.N.M. July 10, 2024) (finding 29.1 hours reasonable for one motion to compel). However, the underlying discovery conflict was protracted and made more difficult by APS's counsel's lack of familiarity with the universe of information in her client's custody—even after APS was compelled to produce that information. Therefore, the Court finds that 48.1 hours is reasonable.

**C. New Mexico Gross Receipts Tax**

Plaintiff requests that the Court add the New Mexico gross receipts tax, which she states is 7.6%, to the total fee award. Doc. 322-1 at 2. APS does not oppose the request. *See* Doc. 372 at 5. The Court will add the New Mexico gross receipts tax to the total fee award.

"[G]ross receipts tax payments are not attorney's fees. Instead, they are a tax on a fee."

*Shaw v. United States*, No. CIV 17-0147 JB/LF, 2018 WL 3598513, at *7 (D.N.M. July 26, 2018). Nonetheless, "[t]he New Mexico Gross Receipts Tax is required by state law and may be included as part of plaintiffs' attorney's fee award." *Olivo v. Crawford Chevrolet Inc.*, 526 F. App'x 852, 856 (10th Cir. 2013) (citation omitted) (regarding a fee award under 29 U.S.C. § 216(b)). As such, the Court will award the New Mexico gross receipts tax as an expense incurred in making the motion to compel. *See* FED. R. CIV. P. 37(a)(5)(A); *Barker v. GR Inv. Grp. LLC*, No. 1:23-CV-0332 SCY/DLM, 2024 WL 5381499, at *4 (D.N.M. July 10, 2024) (also awarding New Mexico gross receipts tax on a Rule 37(a)(5)(A) fee award).

## III. Total Award

The Court finds that $250 per hour is a reasonable rate for Plaintiff's counsel to charge in this case. *Supra* § II(A). Further, 48.1 hours was a reasonable amount of time to have spent on the motion to compel discovery. *Supra* § II(B). The Court will add the New Mexico gross receipts tax, which Plaintiff states is 7.6%, to the total award. *Supra* § II(C). Applying the lodestar method and adding the gross receipts tax, the total fee award is $12,938.90. *See Praseuth*, 406 F.3d at 1257. APS is ordered to complete payment by **December 14, 2026**, absent a written motion showing good cause for an extension.

JENNIFER M. ROZZONI
United States Magistrate Judge